# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, AND GERMAN KHAN, c/o CARTER LEDYARD & MILBURN LLP 2 Wall Street New York, NY 10005, <br><br>    Plaintiffs, <br><br>    -v- <br><br> BEAN LLC (A/K/A FUSION GPS) AND GLENN SIMPSON, 1700 Connecticut Avenue, Suite 400 Washington, D.C. 20009, <br><br> and <br><br> 4115 Military Road, Washington, DC  20015, <br><br>    Defendants. | Case 1:17-CV-02041 (RJL) |

## DEFENDANTS RESPONSE TO PLAINTIFFS MOTION ON THE ORDER TO SHOW CAUSE

Defendants file this Response to address the multiple misleading and inappropriate representations in Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs' Motion in Response to the October 30, 2017 Order to Show Cause of The Hon. Richard J. Leon ("Memorandum").

   1.  First, plaintiffs claim that ". . . their names were not well known in the United States . . . before the publication of the document that lies at the heart of this case." Memorandum at 2.  They repeat this misrepresentation and further claim that the publication of

CIR 112 led them to "unfairly become persons of international notoriety." Memorandum at 4. Yet, as Judge Bates previously found in an exhaustive evaluation of Fridman and Aven's public figure status in connection with an earlier case in which they similarly alleged they were defamed by reports of their ties to corruption in Russia, Fridman and Aven are and have been public figures in both the United States and Russia with regard to Russian corruption. *OAO Alfa Bank v. Ctr. for Pub. Integrity*, 387 F. Supp. 2d 20, 47 (D.D.C. 2005). As that case established, Fridman and Aven have been operating on a world stage and the press has published allegations about their criminal activity for decades. *Id.* at 28. ("Russian newspapers have published repeated claims that Aven and Fridman have rigged the auction of state assets through government connections, threatened the lives of government officials, ordered the assassination of a mobster and engaged in narcotics trafficking and money laundering.")

2.  Second, the plaintiffs fill their memorandum with arguments about their defamation claim that have no bearing on the relief they seek in response to the Order to Show Cause. For instance, they state that CIR 112 maligned them "as persons who purportedly helped the Kremlin to interfere in the 2016 U.S. Presidential election," Memorandum at 2-3, and thereby damaged their reputations. Memorandum at 5. Assuming that plaintiffs had reputations capable of being damaged, there is nothing in the content of CIR 112 that in any way suggests that any of the plaintiffs had anything to do with the 2016 U.S. Presidential election. This "claim" for defamation is based on a fanciful and twisted reading of the title of CIR 112, which we are confident the Court will dismiss at the appropriate time.

3.  Plaintiffs further claim that "by implicating plaintiffs as purported conspirators in a matter of such widespread concern and interest [referring to Kremlin interference in the 2016 U.S. Presidential election], Defendants have made plaintiffs the targets of potential retaliation."

Memorandum at 3.  *See also* Memorandum at 5 (linking purported fear for their safety to the publication of CIR 112).  We wholeheartedly agree that Kremlin interference in the 2016 U.S. Presidential election was and remains a matter of significant public interest and concern.  But plaintiffs include no facts to support the "potential retaliation" claim and/or that the Defendants were at fault.  Furthermore, plaintiffs ignore the fact that the Defendants, who are not Russian billionaires, have been subjected to actual threats to their safety since the publication of the Dossier and, notwithstanding, include their addresses in accordance with LCvR 5.1(c).

      Defendants do not consent to the relief requested by the plaintiffs.

Dated: November 10, 2017                                    Respectfully submitted,

/s/ *Steven M. Salky*
Steven M. Salky (D.C. Bar No. 360175)
William W. Taylor, III (D.C. Bar No. 84194)
Rachel F. Cotton (D.C. Bar No. 997132)
**ZUCKERMAN SPAEDER LLP**
1800 M Street, NW, Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
wtaylor@zuckerman.com
ssalky@zuckerman.com
rcotton@zuckerman.com

*Counsel for Defendants BEAN LLC, a/k/a Fusion GPS and Glenn Simpson*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on November 10, 2017, the foregoing was filed with the Court's CM/ECF Service, and provided by email to counsel of record:

Kim Hoyt Sperduto, Esquire
SPERDUTO THOMPSON PLC
1133 Twentieth Street, NW
Second Floor
Washington, D.C. 20036
Tel: (202) 408-8900
ksperduto@sperdutothompson.com

Alan S. Lewis, Esquire
John J. Walsh, Esquire
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel: (212) 238-8647
Lewis@clm.com
walsh@clm.com

                                    */s/ Steven M. Salky*
                                    Steven M. Salky