UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-----------------------------------------------------------------X
MIKHAIL FRIDMAN, PETR AVEN, AND
GERMAN KHAN,

                Plaintiffs,

    -v-

BEAN LLC (A/K/A FUSION GPS) AND
GLENN SIMPSON,

                Defendants.
-----------------------------------------------------------------X

Case 1:17-CV-02041 (RJL)

**REPLY IN FURTHER SUPPORT OF PLAINTIFFS'
MOTION IN RESPONSE TO THE OCTOBER 30, 2017 ORDER TO
SHOW CAUSE OF THE HON. RICHARD J. LEON**

1. Plaintiffs have sought relief from the local rule requiring the inclusion of a party's home address in the caption of his first filed document. Plaintiffs argue primarily that the repeated characterization of Plaintiffs as "billionaires" in the press, by itself, and particularly when combined with the negative statements about Plaintiffs in the so-called "Dossier" that is at the heart of this case make the invasion of Plaintiffs' privacy and/or threats to their safety reasonably foreseeable consequences if they are required to make their home addresses known to the world. Plaintiffs have also observed that the granting of their motion would not infringe any of the core policy concerns that the local rule is designed to protect and that Plaintiffs' application would not prejudice the Defendants.

2.      Defendants, in their opposition to Plaintiffs' application, have not challenged the essence of Plaintiffs' argument, except insofar as Defendants claim that "nothing" in the Dossier "suggests that any of the plaintiffs had anything to do with [interence in] the 2016 U.S. presidential election." Defendants' Response to Plaintiffs' Motion on the Order to Show Cause ("Defs' Response") at ¶ 2. To the contrary, the Dossier most certainly does suggest that. The Dossier makes statements about the Alfa group of companies, and the Plaintiffs are the only persons associated with Alfa that are mentioned as such in the Dossier. In that context, the headline of one of the reports in the Dossier (CIR 112) – "RUSSIA/US PRESIDENTIAL ELECTION: KREMLIN-ALPHA GROUP CO-OPERATION" – plainly suggests that Plaintiffs were involved in "cooperation" with the "Kremlin" affecting the recent presidential election. Defendants have no answer as to why that suggestion is not capable of exacerbating the risks to Plaintiffs' privacy and security – as it plainly is. Indeed, Defendants agree that "Kremlin interference in the 2016 U.S. Presidential election was and remains a matter of significant public interest and concern." Defs' Response at ¶ 3.

3.      The thrust of Defendants' submission is that Plaintiffs had "public figure status" before the publication of the Dossier. Defs' Response at ¶ 1. In this regard, Defendants do not even attempt to explain how the public's purported interest in Plaintiffs *undermines* Plaintiffs' position that they should not have to

make their home addresses public. Obviously to the extent that the Plaintiffs have been written about in the press, especially to the extent some of the things said in the media have been harshly critical of Plaintiffs, that supports Plaintiffs' motion, not Defendants' opposition to it.

    4.    The reason why Defendants emphasize facts and factual allegations that are *supportive* of Plaintiffs' motion is that Defendants are trying to use their opposition to Plaintiffs' motion as a first salvo in a battle to come. As Defendants are aware, a heightened burden of proof applies to a defamation plaintiff's claim, if he is a limited purpose public figure – someone who "voluntarily thrust or inject[ed] himself" into "the forefront" of a pre-existing public controversy "in order to influence [its] resolution." *See Gertz v. Welch*, 418 U.S. 323, 345 (1974). Because the determination whether a person is a limited purpose public figure is made by reference to a particular "pre-existing public controversy," a person's status as limited purpose public figure in relation to one particular public controversy does not necessarily make him a limited purpose public figure in connection with a different controversy. Hence, while Judge Bates found that Plaintiffs were *limited purpose* public figures in connection with the transition, in Russia, to a post-Soviet economy, *see OAO Alfa Bank v. Center for Public Integrity*, 387 F. Supp. 2d 20, 43 (D.D.C. 2005), that does not mean that Plaintiffs should be considered limited purpose public figures in connection with the very

different controversy that is the subject of this case – alleged interference in the 2016 U.S. Presidential election. In any event, Plaintiffs' position that they are not well known "in the United States" is not, as Defendants claim, a "misrepresenttation," nor is it inconsistent with Judge Bates' legal determination in 2005 that Plaintiffs should be deemed limited purpose public figures in connection with Russia's transition 25 plus years ago to a post-Soviet economy.

5. Moreover, to the extent Defendants suggest that Judge Bates adopted the viewpoint of particular media publications critical of the Plaintiffs, that is not so. Judge Bates' finding was that Plaintiffs Aven and Fridman were limited purpose public figures. His quotation of some unverified allegations in various media outlets were hardly his "findings." To the contrary, Judge Bates noted that "Alfa Bank has developed a reputation in the international community as one of the most respected Russian financial institutions," and to the extent "Aven and Fridman have [nevertheless] been dogged by allegations of corruption and illegal conduct . . . *Plaintiffs deny the allegations, and none of the allegations has been prosecuted, let alone proven true.*" *Id.* at 28-29 (emphasis added).

6. In sum, Defendants have failed to undermine the essence of Plaintiffs' argument – they are at risk both because of previous media reports about them and because of the content of the Dossier, and that granting their motion for an exception to the local rule will not prejudice Defendants nor would

it be inconsistent with the purpose of the local rule.  Accordingly, Plaintiffs respectfully ask the Court to exercise its discretion to grant the Motion.

Dated: New York, New York
       November 15, 2017

By:     */s/ Alan S. Lewis*
Alan S. Lewis (#NY0252)
John J. Walsh
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Telephone: 212-238-8647
*New York Counsel for Plaintiffs
 Mikhail Fridman, et al.*

By:     */s/ Kim H. Sperduto*
Kim H. Sperduto (# 416127)
SPERDUTO THOMPSON PLC
1133 Twentieth Street, NW
Second Floor
Washington, DC 20036
Telephone: 202-408-8900
*Local Counsel for Plaintiffs
 Mikhail Fridman, et al.*

## **CERTIFICATE OF SERVICE**

This is to certify that I have on November 15, 2017, served all the parties in this case with this REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION IN RESPONSE TO THE OCTOBER 30, 2017 ORDER TO SHOW CAUSE OF THE HON. RICHARD J. LEON, including (1) the Reply; and (2) this Certificate of Service, in accordance with the notice of electronic filing ("ECF"), which was generated as a result of electronic filing in this court.

                                                  */s/ Kim S. Sperduto*
                                                Kim S. Sperduto, Esq.