```
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-----------------------------------------------------------------X
                                                                 :
MIKHAIL FRIDMAN, PETR AVEN, AND GERMAN                           :
KHAN,                                                            :
c/o CARTER LEDYARD & MILBURN LLP                                 :   Case 1:17-CV-02041 (RJL)
2 Wall Street                                                    :
New York, NY 10005,                                              :
                                                                 :
                            Plaintiffs,                          :
                                                                 :
              -v-                                                :
                                                                 :
BEAN LLC (A/K/A FUSION GPS) AND                                  :
GLENN SIMPSON,                                                   :
1700 Connecticut Avenue, Suite 400                               :
Washington, D.C. 20009,                                          :
                                                                 :
                            Defendants.                          :
-----------------------------------------------------------------X
```

## LOCAL RULE 7(F) MOTION FOR ORAL ARGUMENT

Plaintiffs respectfully request oral argument of Defendants' two pending motions to dismiss.  *See* ECF Nos. 19, 20.

Plaintiffs seek oral argument of Defendants' Anti-Slapp Motion to address arguments first advanced by Defendants in Reply.  For example, Defendants argue in Reply that their Anti-Slapp motion, filed *outside* the statutory 45-day limitations period, was *not* untimely because Defendants had previously moved to dismiss Plaintiffs' *original complaint* on a timely basis.  Thus, Defendants argue that they were not subject to any limitations deadline to make an Anti-Slapp motion addressed to the Amended Complaint.  *See* Defendants' Reply to Plaintiff's Opposition to Defendants' Special Motion to Dismiss, filed Apr. 16, 2018 [Dkt. 28] at 1 (disputing that "the filing of an Amended Complaint started the running of a new [Anti-Slapp] deadline").  Because Defendants saved this argument for Reply, Plaintiffs have not had an

opportunity to address it.  Similarly, Defendants first argue in Reply that under the *Erie* doctrine, the 45-day Anti-Slapp statute of limitations may not be enforced because it would purportedly conflict with an [unidentified] federal procedural rule.  *See id.* at 1-2.  If permitted, Plaintiffs would explain at oral argument why, respectfully, this argument is wrong.

Defendants' Reply in Support of their Motion to Dismiss for Failure to State a Claim ("motion to dismiss") also contains new argument and factual allegations that Plaintiffs seek to rebut at oral argument.  For example, Defendants contend that "Plaintiffs' public figure status is readily apparent based on the face of the complaint" (Defendants' Reply in Support of Their Motion to Dismiss the Amended Complaint for Failure to State a Claim, filed Apr. 16, 2018 [Dkt. 27] ("Motion to Dismiss Reply") at 7).  Plaintiffs seek an opportunity to respond to this contention, made by Defendants for the first time in Reply, given that: (a) a defamation plaintiff's public figure status is an affirmative defense (*see* Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants Motion to Dimiss, filed March 26, 2018 [Dkt. 25] at 14-16); and (b) an "affirmative defense may be raised by pre-answer motion under Rule 12(b) when the facts that give rise to the defense are *clear from the face of the complaint*."  *Smith-Haynie v. D.C.*, 155 F.3d 575, 578 (D.C. Cir. 1998)(emphasis added).  The factual allegations that Defendants have made in their Rule 12(b) motion – upon which Defendants base their argument that Plaintiffs are purportedly limited purpose public figures – are *not* clear *from the face of the complaint*, as Plaintiffs would elaborate at an oral hearing. Similarly, Plaintiffs seek oral argument to challenge Defendants' suggestion, made throughout their Reply, that the Supreme Court's decisions in *Iqbal* and *Twombly* overrule this longstanding principle (a plaintiff has no oligation to plead facts necessary to overcome affirmative defenses) when the affirmative

defense is a defamation plaintiff's alleged public figure status.  *See* Motion to Dismiss Reply [Dkt. 27].

Respectfully, Defendants' proposed use of numerous media articles - to attempt to establish their affirmative defense that plaintiffs are limited public figures -  also merits argument.  *See id.* at p. 10-12 n.8-9.  As Plaintiffs would explain, the flaw in Defendants' proffered use of the articles is not that articles can never be judicially noted (*see* Motion to Dismiss Reply [Dkt. 27] at 10, n.7), but rather, that Defendants cannot, by attaching articles not mentioned *in the Complaint*, subject Plaintiffs to a burden to refute, pre-discovery and pre-Answer, an affirmative defense that, according to Defendants, is arguably supported by the articles but which is not "clear from the face of the complaint."

Defendants' contention in Reply that the controversies raised: (1) in the publication at issue in *OAO Alfa Bank v. Center for Public Integrity*, 387 F. Supp. 2d 20 (D.D.C. 2005) and (2) by the publication that defamed Plaintiffs at issue in this case, are one in the same, also respectfully merits oral argument.  *See* Motion to Dismiss Reply [Dkt. 27] at 8-12.  Defendants press this argument vigorously, without ever discussing the content of the publication at issue in *OAO* – an Article dated *August 2, 2000* titled "*Cheney led Halliburton to feast at federal trough/ State department questions deal with firm linked to Russian mob*" – or comparing its content to the publication at issue here, a report dated *September 14, 2016* titled  "**"RUSSIA/US PRESIDENTIAL ELECTION: KREMLIN-ALPHA GROUP COOPERATION."**  At oral argument, Plaintiffs would compare and contrast both the titles and the content of the two publications at issue, *e.g*., the latter focuses extensively on Plaintiffs' alleged relationship with Vladimir Putin, whereas the earlier article never mentions Putin in relation to the Plaintiffs (or otherwise).

Plaintiffs also seek oral argument to challenge Defendants' Reply discussion of the Sanctions Act of 2017 – a topic not addressed in Defendants' original motion. For example, Defendants' Reply states that Plaintiffs were included on a list published by the Department of Treasury, *without* mentioning that that list was *identical* to a list published by Forbes magazine, compiled based on wealth alone, and without mentioning that *none* of the Plaintiffs were among those subsequently sanctioned by the Department of Treasury based on alleged close relationships to the Putin regime. *See* Motion to Dismiss Reply [Dkt. 27] at 3, n.3.

In sum, Plaintiffs respectfully submit that oral argument may be of aid to the Court and will permit Plaintiffs an opportunity to respnd to contentions made for the first time in Reply. Defendants take no position with respect to this request.

Dated: New York, New York
         May 15, 2018

                                        By:      */s/ Alan S. Lewis*
                                              Alan S. Lewis (#NY0252)
                                              John J. Walsh
                                              CARTER LEDYARD & MILBURN LLP
                                              2 Wall Street
                                              New York, NY 10005
                                              Telephone:  212-238-8647

                                              *New York Counsel for Plaintiffs*
                                              *Mikhail Fridman, et al.*