UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
------------------------------------------------------------X

MIKHAIL FRIDMAN, PETR AVEN, AND
GERMAN KHAN,

                  Plaintiffs,

-v-

BEAN LLC (A/K/A FUSION GPS) AND
GLENN SIMPSON,

                  Defendants.
------------------------------------------------------------X

Case 1:17-CV-02041 (RJL)

## RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

On August 21, 2018, Defendants filed a notice of supplemental authority (the "Notice") attaching an order of the D.C. Superior Court rendered on August 20, 2018 in *Fridman et al v. Orbis Business Intelligence Ltd. And Christopher Steele*, Case No. 2018 CA 18-0002667B (the "Order").

Defendants characterize four aspects of the Order (labled (a) through (d) in the Notice) as "particularly relevant supplemental authority." Respectfully, as explained below, Defendants' description of the Order is flawed in two respects. First, the Notice is materially incomplete in that it selectively describes the Order - omitting mention of a portion that *rejects* one of Defendants' principal arguments for dismissal. Second, the Notice exaggerates the relevance to this case of the portions of the Order that it identifies.

Among the aspects of the Order *not* mentioned in the Notice are the following:

(a) The Order describes CIR 112 as "suggest[ing] that the Plaintiffs cooperated in Russian interference with the U.S. presidential election." Order at 19;

(b) In the same vein, the Order states that a "reader could reasonably infer that inclusion of CIR 112 in a collection of reports relating to Russian interference in the 2016 U.S. presidential election was not gratuitous, and CIR 112 is capable of bearing the meaning that that [stet] the nature of the overall relationship between Plaintiffs and the Russian government creates a reasonable possibility that they were involved, as advisors or participants, in any Russian interference in the U.S. election." Order at 19-20.

In these ways, the Order reaches a conclusion, contrary to Defendants' argument in their pending 12(b)(6) motion that CIR 112 is purportedly not capable of defamatory meaning because "the cooperation referenced in the title [of CIR 112] does not relate to the U.S. presidential election." *See* Dkt. # 27 at 5.

The Notice also exaggerates the significance of the Order [e.g., as "particularly relevant supplemental authority"]. Instead, apart from the Order's finding that the headline of CIR 112 *does* suggest election interference by Plaintiffs, it is likely to be inconsequential to the pending motions. As the Court is aware, Plaintiffs argue that: (a) Defendants filed their Anti-Slapp motion after the expiration of the strict 45 day statutory deadline for making such a motion; and (b) the D.C. Anti-Slapp statute may not be invoked in federal district court because it conflicts with procedures mandated by the Federal Rules of Civil Procedure. Indeed, since Plaintiffs filed their opposition to

Defendants' Anti-Slapp motion, two Judges in this District have held that *Abbas* continues to preclude the use of the D.C. Anti-Slapp statute in federal court. Plaintiffs are providing those decisions in a separate notice of supplemental authority.

To the extent that Judge Epstein's Order addresses issues that this Court may theoretically reach, Plaintiffs respectfully submit that the Order – which Plaintiffs intend to appeal – is seriously flawed in multiple respects. Plaintiffs are separately moving for permission to be heard [either in a written submission, at oral argument, or both] so that Plaintiffs can explain in detail how the Order overlooks specific evidence and governing legal principles in a way that undermines its conclusion.

Dated: New York, New York
August 23, 2018

Respectfully submitted,

*/s/ Alan S. Lewis*
Alan S. Lewis (#NY0252)
John J. Walsh
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Telephone:  212-238-8647

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of August 2018, I electronically filed and served the foregoing Response to Notice of Supplemental Authority using the CM/ECF system.

/s/ Alan S. Lewis
Alan S. Lewis