UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-----------------------------------------------------------------X
MIKHAIL FRIDMAN, PETR AVEN, AND GERMAN KHAN,

                Plaintiffs,

            -v-

BEAN LLC (A/K/A FUSION GPS) AND GLENN SIMPSON,

                Defendants.

-----------------------------------------------------------------X

Case 1:17-CV-02041 (RJL)

## MOTION FOR PERMISSION TO ADDRESS SUPPLEMENTAL SUBMISSIONS

After briefing on Defendants' two motions to dismiss was completed, Plaintiffs moved for oral argument, so as to be able to respond to arguments made for the first time in Defendants' reply papers. *See* ECF No. 29. That motion for oral argument is pending. As explained below, subsequent filings by the Defendants have, respectfully, reinforced the conclusion that Plaintiffs should be granted some further opportunity to address the pending motions, either at oral argument and/or in a supplemental submission.

Since Plaintiffs sought oral argument, Defendants have made two additional submissions: a notice of relevant pleadings (ECF No. 33) and a notice of supplemental authority (ECF No. 34). Both notices relate to the lawsuit brought by Plaintiffs in D.C. Superior Court against Orbis Business Intelligence Ltd. and Christopher Steele (the "Superior Court Defendants") arising from the publication of the same alleged defamatory statements at issue in this case (the "Superior Court Case"). The first notice attached all of the memoranda submitted by the parties in

connection with two motions to dismiss filed by the Superior Court Defendants (the "Superior Court papers") and the second notice attached Judge Epstein's order (the "Order"), granting the Superior Court Defendants' motion to dismiss based on the D.C. Anti-Slapp Act (the "Act").

Plaintiffs have filed a response, pointing out omissions in Defendants' description of the Order (ECF No. 35), and by this submission respectfully seek permission to more fully address both (a) the correctness of Judge Epstein's ruling on issues potentially relevant to this case; and (b) arguments made in the Superior Court papers whose application to this case Plaintiffs have never had an opportunity to address. Plaintiffs request that they be permitted to do so by filing a supplemental memorandum of no more than 12 pages and/or be granted oral argument.

As our proposed supplemental submission would explain, Plaintiffs believe that Judge Epstein's order is fundamentally flawed in several respects which have potential relevance to this case. For example, Judge Epstein relied on a 2005 decision, *OAO Alfa Bank v. Center for Public Integrity*, 387 F. Supp. 2d 20 (D.D.C. 2005) for his conclusion that the Plaintiffs are limited purpose public figures in the context of the alleged defamatory statements made by Defendants in this case. Judge Epstein agreed that the headline of the alleged defamatory report in this case, known as CIR 112, *can* be read to suggest the Plaintiffs' improper involvement in alleged Russian efforts to interfere with the outcome of the 2016 U.S. presidential election. If granted permission to do so, Plaintiffs would argue that Judge Epstein failed to satisfactorily demonstrate that the specific controversy at issue well more than a decade ago in *OAO* (where Plaintiffs Fridman and Aven were held to be limited purpose public figures during the transition to a post-Soviet economy) encompassed the 2016 election interference controversy that Judge Epstein recognized to be at issue in this case. Respectfully, as we would more fully explain, once the distinct controversies are properly defined, it is abundantly clear that the finding in *OAO* that

Plaintiffs were limited purpose public figures in that case (concerning relationships between Russian individuals and the Russian state) does not require or even support a finding in the instant case that Plaintiffs are limited public purpose figures regarding such controversies as the 2016 election interference controversy.

Plaintiffs' proposed submission would also explain why, in the context of the Act's requirement that Plaintiffs make an evidentiary proffer and the Act's explicit authorization of limited discovery as part of that process, Judge Epstein's denial of permission to Plaintiffs to conduct such discovery was: (a) erroneous; (b) a violation of due process; and (c) an incorrect application of the Supreme Court's holding in *Herbert v. Lando, et al.*, 441 U.S. 153 (1979).  As Plaintiffs would further explain, Judge Epstein's denial of that request for limited discovery was particularly erroneous in light of the three sworn declarations filed by Plaintiffs in the Superior Court Case [which have subsequently been submitted by Defendants in this case].

Similarly, Plaintiffs seek an opportunity to address arguments made for the first time by the Superior Court Defendants in their Superior Court reply papers.  Some of the arguments made there are arguably relevant to the determination of the motions pending in this Court, but because those arguments were made in reply papers, in another court, in another case, Plaintiffs have not had an opportunity to address them.  For example the Superior Court Defendants raised in their reply papers the idea that simply being associated with Vladimir Putin could not be defamatory because he is not on trial for genocide, as was the case in the *Jankovic v. Int'l Crisis Grp.*, 494 F.3d 1080 (D.C. Cir. 2007).  *See* Defendants' Reply in Support of Contested Motion to Dismiss Under Rule 12(B)(6) dated July 24, 2018 (attached as Ex. C to ECF No. 33) at 6.  If permitted to respond, Plaintiffs would base their argument on the fact that President Putin, while not accused of genocide, has nevertheless been widely accused in the media of different charges

that are nevertheless quite serious.  Plaintiffs seek to elaborate on that argument to rebut the Superior Court Defendants' reply argument that CIR 112's description of the alleged relationship between Plaintiffs and Vladimir Putin is purportedly not defamatory.  As another example, the Superior Court Defendants argued that Plaintiffs have allegedly inserted themselves into the controversy surrounding President Trump's presidential campaign and election.  *See id.* at 10-11.  These arguments are relevant to Plaintiffs' status as private vs. public figures in the instant action.  If Defendants are to be permitted to rely on this argument by the Superior Court Defendants, Plaintiffs should, respectfully, be permitted to respond to it.

In sum, Plaintiffs respectfully request permission to address Judge Epstein's order and arguments made in the Superior Court papers, either through the submission of a supplemental memorandum of law and/or at oral argument.

Dated: New York, New York
August 24, 2018

By:    */s/ Alan S. Lewis*
Alan S. Lewis (#NY0252)
John J. Walsh
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Telephone:  212-238-8647
*New York Counsel for Plaintiffs*
 *Mikhail Fridman, et al.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of August 2018, I electronically filed and served the foregoing using the CM/ECF system.

                                          /s/ Alan S. Lewis
                                          Alan S. Lewis

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN , | ) ) ) ) | |
| *Plaintiffs,* | ) ) | Case No. 1:17-cv-02041 (RJL) |
| v. | ) ) | |
| BEAN LLC (a/k/a FUSION GPS) and GLENN SIMPSON , | ) ) ) ) | |
| *Defendants*. | ) | |

**PROPOSED ORDER**

Upon consideration of Plaintiffs' Motion for Permission to Address Supplemental Submissions (the "Motion"), it is hereby ORDERED that the Motion is granted, and it is further:

ORDERED that Plaintiffs' shall file their supplemental submission by September 12, 2018; and/or

ORDERED that oral argument address these issues shall be held on _____, 2018.

**SO ORDERED** this ____ day of _____, 2018.

_____
Richard J. Leon
United States District Judge