# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KAHN<br><br>             Plaintiffs,<br><br>     v.<br><br>BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON,<br><br>             Defendants. | Civil Case No. 17-2041 (RJL) |

## RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs have filed a notice bringing three items to the Court's attention: (1) Plaintiffs' own brief to the D.C. Court of Appeals challenging Judge Epstein's dismissal of their materially identical claims; (2) a filing in the British High Court that Plaintiffs relied upon in their brief to the D.C. Court of Appeals; and (3) a recent opinion by Judge Bates in *MiMedx Group, Inc. v. DBA Partners, LLC*, 2018 WL 4681005 (D.D.C. Sept. 28, 2018).  *See* Notice, ECF No. 46. Regarding the first two items, rather than collaterally litigate Plaintiffs' appeal of Judge Epstein's order here, Defendants simply encourage the Court to review the appellee's brief, which is due to be filed shortly, at such time as it becomes available.  As for Plaintiff's mischaracterization of Judge Bates's opinion in *MiMedx*, however, a response is needed.

Judge Bates did not hold in *MiMedx*, as Plaintiffs suggest, that the complaint is the only place a court should look to determine public-figure status at the pleadings stage.  *See* Notice at 2 (representing that "Judge Bates held that *unless* a plaintiff alleges facts in his defamation complaint that 'establish' that it 'is a public or limited purpose public figure, that there is otherwise 'no basis'" to deem the Plaintiff a public figure and require him to plead actual malice

(emphasis in original)).  To the contrary, Judge Bates recognized that public-figure status can *also* be established at the pleading stage when it is supported by facts in the public record that are "so clear as to [be subject to] judicial notice."  *MiMedx*, 2018 WL 4681005, at *6.

Judge Bates is far from the first to state or apply that proposition.  *See Deripaska v. Associated Press*, 282 F. Supp. 3d 133, 142 (D.D.C. 2017) (relying on articles subject to judicial notice to resolve public-figure status at the pleadings stage); *Hourani v. Psybersolutions LLC*, 164 F. Supp. 3d 128, 132 n.1, 143 (D.D.C. 2016) (same, and stating that "[t]he Court takes judicial notice of the articles not for their truth but merely for the fact that they were published"); *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 271 n.9 (S.D.N.Y. 2013) ("Courts in this Circuit have employed judicial notice in making determinations about whether plaintiffs are public figures at the motion to dismiss stage."); *see also Farah v. Esquire Magazine*, 736 F.3d 528, 533–34 (D.C. Cir. 2013) (taking judicial notice at the pleadings stage of articles showing the satirical context of the allegedly defamatory article at issue and stating that "[j]udicial notice is properly taken of publicly available historical articles such as were attached to [the defendant's] motion to dismiss").

The public record is replete with news coverage regarding Plaintiffs, the existence of which this Court can judicially notice, that amply establishes Plaintiffs' status as limited-purpose public figures.  *See, e.g.*, Pl.'s Mem. in Supp. of Mot. to Dismiss, ECF No. 20-1 at 3–14, 26–28.

Dated:  December 18, 2018                                      Respectfully submitted,

                                                      */s/ Steven M. Salky*
William W. Taylor, III (DC Bar No. 84194)
Steven M. Salky (DC Bar No. 360175)
Rachel F. Cotton (DC Bar No. 997132)
**ZUCKERMAN SPAEDER LLP**
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Tel:  (202) 778-1800

Fax:  (202) 822-8106
wtaylor@zuckerman.com
ssalky@zuckerman.com
rcotton@zuckerman.com

*Attorneys for Defendants Fusion GPS and Glenn Simpson*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 18th day of December 2018, I caused the foregoing to be electronically filed and served using the CM/ECF system.

              Respectfully submitted,

              */s/ Steven M. Salky*
              Steven M. Salky