**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN,<br><br>       Plaintiffs,<br><br>  v.<br><br>BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON,<br><br>       Defendants. | Civil Case No. 1:17-cv-2041-RJL |

**DEFENDANTS' MOTION TO STAY PENDING**
**28 U.S.C. § 1292(b) MOTION AND APPEAL**

Having separately moved for permission to appeal under 28 U.S.C. § 1292(b), *see* Defs.' Mot. to Amend Order Denying Defs.' Mot. to Dismiss (Feb. 12, 2012) (hereinafter "Section 1292(b) Motion"), Defendants hereby move to stay all proceedings in this case pending resolution by this Court and the D.C. Circuit of Defendants' Section 1292(b) Motion, and, if Section 1292(b) appeal is granted, resolution of the interlocutory appeal. In support, they state as follows:

      1.      On January 15, 2019, the Court denied Defendants' Rule 12(b)(6) motion to dismiss and their special motion to dismiss pursuant to the D.C. Anti-SLAPP Act, D.C. Code § 16-5501 *et seq.*, holding, among other things, that (1) the Court was barred from deciding at the pleadings stage whether Plaintiffs are public figures who had plausibly pled actual malice, because whether Plaintiffs are public figures is an "affirmative defense," and (2) it was bound by *Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328 (D.C. Cir. 2015), which the Court considered to be controlling on the question whether the D.C. Anti-SLAPP Act, is applicable in federal diversity cases. ECF Nos. 48 (Order) and 49 (Memorandum Opinion). Because it

considered itself precluded from deciding whether Plaintiffs are public figures and from applying the Anti-SLAPP Act, the Court did not decide whether Plaintiffs had plausibly alleged that Defendants acted with actual malice.

2. Defendants have moved this Court to certify two questions of law for interlocutory appeal:

> Question 1: Can and should a district court determine at the pleadings stage whether a plaintiff is a limited-purpose public figure such that the plaintiff must have plausibly pled actual malice to survive a motion to dismiss?
>
> Question 2: After *Competitive Enterprise Institute v. Mann*, 150 A.3d 1213 (D.C. 2016), is *Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328 (D.C. Cir. 2015), no longer controlling on the question whether the District of Columbia's Anti-SLAPP Act, D.C. Code § 16-5502 *et seq.*, is applicable in federal court?

3. Because an immediate appeal of each of these questions may materially advance the ultimate termination of the litigation, the Court should stay all proceedings pending resolution of the Section 1292(b) Motion by this Court and the D.C. Circuit, and, if interlocutory review is granted, should stay all proceedings pending resolution of the appeal.

4. "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866 n.6, 880 (1998) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* Section 1292(b) specifically authorizes the district courts to exercise their discretion to stay proceedings over which they have continuing jurisdiction during the pendency of an interlocutory appeal. *See* 28 U.S.C. § 1292(b).

5. Whether a stay pending appeal is appropriate requires considering four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). Here, each of those factors militates strongly in favor of a stay.

6. **First**, Defendants are likely to succeed on the merits of their appeal. A stay is particularly appropriate in a case where, as here, a party has pursued interlocutory appeal under 28 U.S.C. § 1292(b) on issues that could prove dispositive. *Philipp v. Fed. Republic of Germany*, 253 F. Supp. 3d 84, 89 (D.D.C. 2017). As Defendants have demonstrated, district courts can and should determine at the pleadings stage whether a plaintiff is a limited-purpose public figure who has plausibly pled actual malice. Defs.' Mem. in Supp. of Mot. to Amend Order Denying Defs.' Mots. To Dismiss ("Defendants' Memorandum" or "Defs.' Mem.") at § I.A. And because Plaintiffs' public figures status is established by judicially noticeable news articles, upon determination by the D.C. Circuit that this Court can and should determine that status at the pleadings stage, this Court will be able to determine that Plaintiffs are in fact public figures who have failed to plausibly plead that Defendants acted with actual malice. That, in turn, would require dismissal, because Plaintiffs' current allegations of actual malice are threadbare and conclusory, and plainly do not constitute plausible allegations that Defendants "in fact harbored subjective doubt" about the truth of the statements in CIR 112 or believed it was "highly probable that [CIR 112] was (1) fabricated; (2) so inherently improbable that only a reckless person would have put [it] in circulation; or (3) based wholly on an unverified anonymous

telephone call or some other source that [Defendants] had obvious reason to doubt." *Jankovic v. Int'l Crisis Grp.*, 822 F.3d 576, 589 (D.C. Cir. 2016).

7. The same goes for the merits of Defendants' appeal on the applicability of the D.C. Anti-SLAPP Act in federal court. As explained in Defendants' Memorandum, the case that this Court concluded "control[s]" and bars application of the Act in this Court, *Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328 (D.C. Cir. 2015), has been fundamentally upended by the intervening decision of the D.C. Court of Appeals, *Competitive Enterprise Institute v. Mann*, 150 A.3d 1213 (D.C. 2016). *See* Defs.' Mem. at § I.B. Upon determination by the D.C. Circuit that *Abbas* no longer controls, this Court will be free to apply the Anti-SLAPP Act. That too will likely require dismissal, just as it did Plaintiffs brought substantively identical claims in the Superior Court against different parties. *See Khan v. Orbis Business Intel. Ltd.*, Case No. 2018 C 002667 B (D.C. Super. Ct. Aug 20, 2018) (filed in this Court as ECF No. 34-1), at 16-19.

8. **Second**, Defendants will be irreparably injured if the Court does not grant a stay. The D.C. Anti-SLAPP Act confers significant, substantive protections on parties like Defendants, who have been sued for their acts in furtherance of the right of advocacy on issues of public interest. *See* D.C. Code § 16-5502(a). Those protections include not only the Act's special motion to dismiss procedure, but also a stay of all discovery pending resolution of the anti-SLAPP motion. *Id.* §§ 16-5502(a), 5504(a). Defendants seek to appeal this Court's ruling that the Anti-SLAPP Act is not applicable in federal court. Without a stay, Defendants will be forced to bear the burdens of litigation from which the Act was intended to protect them.

9. Further, Defendants seek to appeal this Court's ruling that it cannot decide whether Plaintiffs are public figures on a Rule 12(b)(6) motion. Without a stay, Defendants will effectively be deprived of the protection that the applicable First Amendment jurisprudence

provides to defendants sued by public figures. "Various doctrinal protections" – including the requirement that public figures have plausibly pled actual malice, and the requirement that public figure status be determined as a threshold question of law – preserve 'the breathing space which freedoms of expression require in order to survive.'" *Farah v. Esquire Magazine*, 736 F.3d 528, 534 (D.C. Cir. 2013) (quoting *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19 (1990)). It is not only the "actual imposition of pecuniary liability" but also the "threat" of liability and the burdens of long and expensive litigation that "may impair the unfettered exercise of First Amendment freedoms." *Id.* (citation and alteration omitted). As reflected in the D.C. Circuit's discussion in *Farah*, those First Amendment protections would be irreparably lost if Defendants were required to undergo burdensome litigation before a court determines whether Plaintiffs are public figures who have plausibly pled actual malice. *See id.*

10.   **Third**, issuance of the stay will not substantially injure Plaintiffs. Plaintiffs seek only monetary damages. ECF No. 17 at 18. Plaintiffs would not and cannot be "substantially injure[d]" by a stay because "economic loss does not, in and of itself, constitute irreparable harm." *Wis. Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985). Further, a stay, while this Court and the D.C. Circuit decide whether an immediate appeal is warranted, will save all parties, including the Plaintiffs, substantial resources that would be expended in wide-ranging discovery that may not be necessary.

11.   **Fourth**, the "public interest" lies squarely in favor of a stay. The First Amendment bars public figures from suing for defamation unless the defendant acted with "actual malice" within the meaning of *New York Times v. Sullivan*, 376 U.S. at 279-80. The public interest is strongly served by clarification by the D.C. Circuit that courts can and should determine at the pleadings stage whether a plaintiff is a limited-purpose public figure such that the plaintiff must have

plausibly pled actual malice to survive a motion to dismiss. The public interest is also strongly served by an immediate appeal on the question whether the protections conferred by the D.C. Anti-SLAPP Act are applicable in federal court. As the *Mann* court explained, the purpose of the Act is to "protect targets" of "meritless lawsuits" that are "filed by one side of a political or public policy debate aimed to punish or prevent the expression of opposing points of view." 150 A.3d at 1226. It does so by "creating 'substantive rights with regard to a defendant's ability to fend off' a SLAPP," *id.*, rights that would be essentially meaningless if the Act were applicable only if plaintiffs elect to sue in state court. Finally, the public interest in a stay is particularly strong in this case, where the Superior Court found that *these Plaintiffs* violated the Anti-SLAPP Act by filing a lawsuit substantively identical to this one. Thus, this case, more than any other such case, vividly illustrates the public interest of D.C. residents in a determination of whether the D.C. Act applies to actions that happen to be filed in the federal court of the District of Columbia.

      WHEREFORE, the Court should stay all proceedings in this case pending resolution by this Court and the D.C. Circuit of Defendants' Section 1292(b) motion, and, if the Section 1292(b) appeal is granted, resolution of the interlocutory appeal.

Dated:   February 12, 2019                    ZUCKERMAN SPAEDER LLP

                                                      By:   */s/ Steven M. Salky*
                                                      Steven M. Salky (D.C. Bar No. 360175)
                                                      William W. Taylor, III (D.C. Bar No. 84194)
                                                      Rachel F. Cotton (D.C. Bar No. 997132)
                                                      Adam B. Abelson (D.C. Bar No. 1011291)

**ZUCKERMAN SPAEDER LLP**
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
wtaylor@zuckerman.com
ssalky@zuckerman.com
rcotton@zuckerman.com
aabelson@zuckerman.com

*Counsel for Defendants*

## LOCAL RULE 7(M) STATEMENT

Pursuant to Local Rule 7(m), I have conferred with counsel for Plaintiffs. I am authorized to state that Plaintiffs oppose the relief sought in this motion.

/s/ Steven M. Salky
Steven M. Salky

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 12, 2019, the foregoing Defendants' Motion to Stay Pending 28 U.S.C. § 1292(B) Motion and Appeal was filed with the Court's CM/ECF Service, and thereby provided to the following counsel of record:

Alan S. Lewis, Esquire
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel: (212) 238-8647
Lewis@clm.com

Kim Hoyt Sperduto, Esquire
SPERDUTO THOMPSON PLC
1133 Twentieth Street, NW
Second Floor
Washington, D.C. 20036
Tel: (202) 408-8900
ksperduto@sperdutothompson.com

/s/ Adam B. Abelson
Adam B. Abelson