UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-------------------------------------------------------------X
MIKHAIL FRIDMAN, PETR AVEN, AND
GERMAN KHAN,

Case No. 1:17-cv-2041 (RJL)

Plaintiffs,

-v-

BEAN LLC (A/K/A FUSION GPS) AND
GLENN SIMPSON,

Defendants.
-------------------------------------------------------------X

## PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIM

Plaintiffs, by their undersigned attorneys, answer Defendants' counterclaim as follows, using the same headings and paragraph numbering as that counterclaim:

### Parties and Background

1. Except to admit that Plaintiffs are: (a) investors in and the ultimate beneficial owners of the Alfa consortium as alleged in Paragraphs 1 and 11 of the Amended Complaint in this action; and (b) are citizens of Russia, Plaintiffs deny the allegations of Paragraph 1 of Defendants' counterclaim.

2. Plaintiffs deny the allegations of Paragraph 2 of Defendants' counterclaim.

3. Plaintiffs deny the allegations of Paragraph 3 of Defendants' counterclaim and refer to CIR 112 for its true content and meaning.

4. Plaintiffs admit the allegations of Paragraph 4 of Defendants' counterclaim.

5. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of Defendants' counterclaim, except to note that Plaintiffs have a reasonable basis in fact to support the allegations concerning Fusion, Orbis, and Steele as set forth in the Amended Complaint.

6. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of Defendants' counterclaim, except to note that Plaintiffs have a reasonable basis in fact for their allegations concerning the roles of Defendants in the creation and dissemination of CIR 112 as set forth in the Amended Complaint.

7. Plaintiffs admit that BuzzFeed published the Dossier, including CIR 112 on January 10, 2017 and deny the remaining allegations of Paragraph 7 of Defendants' counterclaim, except to note that Plaintiffs have a reasonable basis in fact for their allegations concerning the roles of Defendants in the creation and dissemination of CIR 112 as set forth in the Amended Complaint.

8. Plaintiffs refer to their Amended Complaint for its true content and meaning. To the extent a response it required, Plaintiffs deny the allegations of Paragraph 8 of Defendants' counterclaim.

9. Paragraph 9 of Defendants' counterclaim calls for a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs deny the allegations of Paragraph 9 of Defendants' counterclaim.

10. Plaintiffs admit that they sued Orbis and Christopher Steele in the Superior Court of the District of Columbia, and refer to their complaint in that proceeding for its true content and meaning. Plaintiffs refer to the Order referenced in Paragraph 10

of Defendants' counterclaims for its true content and meaning. Plaintiffs otherwise deny the allegations of Paragraph 10 of Defendants' counterclaims.

11. Plaintiffs deny the allegations of Paragraph 11 of Defendants' counterclaims.

### Cause of Action

12. Plaintiffs repeat and reallege Paragraphs 1-11 above.

13. Paragraph 13 of Defendants' counterclaim calls for a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs deny the allegations of Paragraph 13 of Defendants' counterclaim.

14. Paragraph 14 of Defendants' counterclaim is a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs deny the allegations of Paragraph 14 of Defendants' counterclaim and refer to *Competitive Enterprise Institute v. Mann*, 150 A.3d 1213, 1226 (D.C. 2016) for its true content and meaning.

15. Plaintiffs deny the allegations of Paragraph 15 of Defendants' counterclaim.

To the extent a response to the WHEREFORE clause is required, Defendants deny each and every allegation contained therein, and deny that Defendants are entitled to any of the relief requested.

### FIRST AFFIRMATIVE DEFENSE

The relief requested by Defendants is precluded by the Court's Order (Doc. 49) and accompanying Memorandum Opinion (Doc. 48), both filed January 15, 2019, denying Defendants' motions to dismiss under the D.C. Anti-SLAPP Act.

**SECOND AFFIRMATIVE DEFENSE**

Defendants' conduct as described in the Complaint is not protected by the D.C. Anti-SLAPP Act because it does not constitute "advocacy" as defined by the D.C. Anti-SLAPP Act, because, among other things, Defendants' defamatory statements were not made in a "public forum" or "place open to the public" and because Defendants' conduct does not consist of "communicating views" but instead includes making defamatory statements of purported fact.

**THIRD AFFIRMATIVE DEFENSE**

Defendants' conduct as set forth in the Complaint is not protected by the D.C. Anti-SLAPP Act because this is not a case filed by one side of a political or public policy debate aimed to punish or prevent the expression of opposing points of view, but instead is an action for damages for the dissemination of unverified and defamatory factual statements by paid consultants.

Dated: New York, New York
       March 21, 2019

By:   */s/ Alan S. Lewis*
      Alan S. Lewis (#NY0252)
      John J. Walsh
      CARTER LEDYARD & MILBURN LLP
      2 Wall Street
      New York, NY 10005
      Telephone:  212-238-8647

      *Counsel for Plaintiffs*
      *Mikhail Fridman, et al.*