UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
MIKHAIL FRIDMAN, PETR AVEN,    )
and GERMAN KHAN,    )
    )
    *Plaintiffs,*    )
    )    Case No. 1:17-cv-02041 (RJL)
    v.    )
    )
BEAN LLC (a/k/a FUSION GPS) and    )
GLENN SIMPSON,    )
    )
    *Defendants.*_____
_____

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN OPPOSITION TO DEFENDANTS' MOTION TO AMEND
## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel.:    212-732-3200
Fax:    212-732-3232
Email:  lewis@clm.com

*Attorneys for Plaintiffs*
 *Mikhail Fridman, et al.*

*Of Counsel:*

 Alan S. Lewis (#NY0252)
 John J. Walsh
 Judith Wallace
 Karen E. Meara

# **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ................................................................. iii

INTRODUCTION ............................................................................. 1

STANDARD OF REVIEW ................................................................. 2

POINT I
DEFENDANTS DO NOT SET FORTH CONTROLLING ISSUES OF
LAW ............................................................................................ 3

    1.    Defendants' Question 1 Incorrectly Suggests That the Question
         Before the Court Was Whether District Courts Generally "Can" or
         "Should" Resolve the Factual Issue of a Defamation Plaintiff's
         Limited-Purpose Public Figure Status in Response to a Motion to
         Dismiss ................................................................................. 4

    2.    Defendants' Question 2, Seeking Review on Whether the D.C. Anti-
         SLAPP Act Is Enforceable In Federal Court, Fails to Set Forth a
         Controlling Question of Law ..................................................... 6

POINT II
THE COURT'S OPINION IS CONSISTENT WITH  BINDING
APPELLATE AUTHORITY AND THERE IS  NO SPLIT OF
AUTHORITY WITHIN THE DISTRICT............................................ 8

    1.    The Court's Holding That a Plaintiff Is Not Required to Plead
         Around Potential Affirmative Defenses Is Squarely Governed by
         Binding Appellate Authority from the D.C. Circuit, and There Is No
         Split Among the Courts in the District ......................................... 8

    2.    The Court's Holding That the D.C. Anti-SLAPP Act Does Not
         Displace Federal Rule of Civil Procedure 12(b)(6) Is Squarely
         Governed by Binding Appellate Authority from the D.C. Circuit,
         and There Is No Split Among the Courts in the District .............. 11

POINT III
CERTIFICATION WOULD NOT  MATERIALLY ADVANCE THE
LITIGATION................................................................................. 13

1.   A Determination in the Affirmative on Defendants' First Proposed
     Question Would Not Materially Advance the Litigation Because the
     Amended Complaint Adequately Alleges Facts Consistent With
     Malice by Defendants ...................................................................................... 14

2.   A Determination on Defendants' Second Proposed Question Would
     Not Materially Advance the Litigation ........................................................... 15

CONCLUSION ....................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Abbas v. Foreign Policy Group, LLC,*
783 F.3d 1328 (D.C. Cir. 2015)...................................................................*passim*

*Air Transp. Ass'n v. U.S. Dep't of Agric.,*
317 F. Supp. 3d 385 (D.D.C. 2018)...................................................................2

*APCC Servs., Inc. v. Sprint Commc'ns Co.,*
297 F. Supp. 2d 90 (D.D.C. 2003)...........................................................2, 8, 11

*Cockrum v. Donald J. Trump for President, Inc.,*
319 F. Supp. 3d 158 (D.D.C. 2018)...................................................................12

*Competitive Enterprise Institute v. Mann,*
150 A.3d 1213 (D.C. 2016) ...............................................................11, 12, 13

*de Csepel v. Republic of Hungary,*
714 F.3d 591 (D.C. Cir. 2013)...........................................................................8

*Elkins v. District of Columbia,*
685 F. Supp. 2d 1 (D.D.C. 2001)..............................................................3, 5, 7

*Fairbanks v. Roller,*
314 F. Supp. 3d 85 (D.D.C. 2018)..............................................................12, 13

*Farah v. Esquire Magazine,*
736 F.3d 528 (D.C. Cir. 2013).........................................................................15

*Footbridge Ltd. Trust v.Zhang,*
2005 U.S. Dist. LEXIS 48639 at *20 (D.D.C. May 2, 2005).............................9

*Gov't of Guam v. United States,*
2019 U.S. Dist. LEXIS 31923 at *26 (D.D.C. Feb. 28, 2019)...........................3

*Henry v. Lake Charles American Press, LLC,*
566 F.3d 164 (5th Cir. 2009) .....................................................................15, 16

*Herbert v. Lando,*
441 U.S. 153 (1979)..........................................................................................15

*In re Vitamins Antitrust Litig.*,
  2000 U.S. Dist. LEXIS 11405 at *21 (D.D.C. Jan. 27, 2000)..............................2

*Judicial Watch, Inc. v. Nat. Energy Policy Dev. Group*,
  233 F. Supp. 2d 16 (D.D.C. 2002) ....................................................................2, 6

*Keystone Tobacco Co., Inc. v. U.S. Tobacco Co.*,
  217 F.R.D. 235 (D.D.C. 2003) ............................................................................9

*Libre by Nexus v. Buzzfeed, Inc.*,
  311 F. Supp. 3d 149 (D.D.C. 2018)....................................................................12

*McFarlin v. Conseco Servs.*,
  381 F.3d 1251 (11th Cir. 2004) ..........................................................................3

*MiMedx Grp., Inc. v. DBWPartners, LLC*,
  2018 WL 4681005 at *6 (D.D.C. Sept. 28, 2018)...............................................8

*Molock v. Whole Foods Mkt. Grp., Inc.*,
  317 F. Supp. 3d 1 (D.D.C. 2018)............................................................3, 10, 14

*Nat'l Veterans Legal Servs. Program v. United States*,
  321 F. Supp. 3d 150 (D.D.C. 2018)....................................................................13

*Singh v. George Wash. Univ.*,
  383 F. Supp. 2d 99 (D.D.C. 2005)........................................................................8

*Sweeney v. Am. Registry of Pathology*,
  2002 U.S. Dist. LEXIS 26715 at *3 (D.D.C. Oct. 31, 2002) .............................10

*Waldbaum v. Fairchild Publications, Inc.*,
  627 F.2d 1287 (D.C. Cir. 1980)...........................................................................5

*Whiting v. AARP*,
  637 F.3d 355 (D.C. Cir. 2011).............................................................................6

**STATUTES**

28 U.S.C. § 1292(b) ...........................................................................*passim*

**RULES**

Fed. R. Civ. P. 12 ..............................................................................11, 12, 13, 16

Fed. R. Civ. P. 52(b) ..................................................................................1

Fed. R. Civ. P. 54(b) ..................................................................................1

Fed. R. Civ. P. 56 ..........................................................................12, 13, 16

Fed. R. Civ. P. 59(e) ...................................................................................1

Fed. R. Evid. 201 ........................................................................................5

## OTHER AUTHORITIES

16 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER,
    FEDERAL PRACTICE AND PROCEDURE § 3930 (2d ed. 1992) ...............................10

Plaintiffs Mikhail Fridman, Petr Aven, and German Khan submit this memorandum of points and authorities in opposition to Defendants' motion, made pursuant to Fed. R. Civ. P. 52(b), 54(b) and 59(e), and 28 U.S.C. § 1292(b), to amend the order denying Defendants' motions to dismiss [Dkt. 19, 20] to certify proposed questions for interlocutory appeal ("Motion to Amend").

## INTRODUCTION

Defendants' Motion to Amend  proposes two purportedly "controlling questions of law," which are nothing of the sort.  The Court's careful and thorough analysis in the January 15, 2019 Order [Dkt. 48] denying Defendants' motions to dismiss was squarely within binding appellate authority and consistent with decisions of other district courts in the District of Columbia.  In construing the allegations set forth in the pleadings, the Court acted well within the discretion afforded by applicable authority.  Finally, the questions presented for interlocutory appeal are meritless, and do not state questions of law that would require reversal of the Order or otherwise materially advance the litigation.  Accordingly, Defendants have failed to meet the standard for showing interlocutory appeal is warranted on the questions proposed for certification, and the Motion to Amend should be denied.

## STANDARD OF REVIEW

Defendants fail to meet their burden under Section 1292(b) of Title 28 of the United States Code, which provides that a district court may, in its discretion, certify an order for interlocutory appeal if: "(1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion concerning the ruling exists; and (3) an immediate appeal would materially advance the litigation." *APCC Servs.*, *Inc. v. Sprint Commc'ns Co.*, 297 F. Supp. 2d 90, 95 (D.D.C. 2003). "The party requesting certification has the burden of establishing all three elements under section 1292(b)." *Air Transp. Ass'n v. U.S. Dep't of Agric.*, 317 F. Supp. 3d 385, 393 (D.D.C. 2018).

It is well-established that proponents of an interlocutory appeal must meet a "high" threshold that is "reserved for truly exceptional cases" if they wish to overcome the "strong congressional policy against piecemeal reviews." *See, e.g.*, *id.* (quoting *Judicial Watch, Inc. v. Nat. Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 20 (D.D.C. 2002)); *In re Vitamins Antitrust Litig.*, 2000 U.S. Dist. LEXIS 11405 at *21-22 (D.D.C. Jan. 27, 2000) ("[T]he law is clear that certification under § 1292(b) is reserved for truly exceptional cases.").

In addition to satisfying the elements of Section 1292(b) in a technical sense, the party who seeks an interlocutory appeal also "has the burden of persuading the Court that the circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Sprint*, 297

F. Supp. 2d at 90, 95 (internal quotation marks and citation omitted).  "Because

interlocutory appeals are generally disfavored, given the strong congressional

policy against piecemeal reviews, and against obstructing or impeding an ongoing

judicial proceeding by interlocutory appeals, . . . a court must conclude not only

that the moving party has satisfied all of the elements of section 1292(b), but also

that certification is appropriate as a discretionary matter."  *Gov't of Guam v.

United States*, 2019 U.S. Dist. LEXIS 31923 at *26 (D.D.C. Feb. 28, 2019) (citing

*Molock v. Whole Foods Mkt. Grp.*, *Inc.*, 317 F. Supp. 3d 1, 4 (D.D.C. 2018)).

**POINT I**

**DEFENDANTS DO NOT SET FORTH
CONTROLLING ISSUES OF LAW**

Defendants fail to satisfy their burden to meet the first prong of the test,

which is to set forth a "controlling question of law."  Defendants' two proposed

questions do not set forth any "abstract legal issue or what might be called one of

'pure' law, matters the court of appeals 'can decide quickly and cleanly without

having to study the record.'"  *Elkins v. District of Columbia*, 685 F. Supp. 2d 1, 8

n. 2 (D.D.C. 2001) (*quoting McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1258

(11th Cir. 2004)).  Defendants' brief makes it clear that Defendants actually take

issue with the application of binding appellate authority to the record in this case.

**1.      Defendants' Question 1 Incorrectly Suggests That the Question Before the Court Was Whether District Courts Generally "Can" or "Should" Resolve the Factual Issue of a Defamation Plaintiff's Limited-Purpose Public Figure Status in Response to a Motion to Dismiss**

Defendants first propose an interlocutory appeal on the question of whether a district court "can and should" determine a defamation plaintiff's limited-purpose public figure status "at the pleading stage." This question suggests the extreme, and unprecedented, proposition that courts generally "should" be engaged in factual determinations on affirmative defenses at the motion to dismiss stage. It also fails to set forth a question that would necessarily change the result in this case.

As the Court noted in its thorough and well-reasoned opinion, there is no dispute that courts *can* determine that a defamation plaintiff is a limited-purpose public figure *under either of two limited circumstances,* i.e., (1) if the plaintiff concedes that it is a public figure or (2) if the facts required to establish the limited-purpose public figure defense are apparent from the face of the complaint. *See* Memorandum Opinion at 10-11 (the "Opinion") [Dkt. 48]. If a motion to dismiss argued and demonstrated that the allegations in a defamation complaint, accepted as true, would render the plaintiff a public figure, a court could dismiss the complaint if it did not plausibly plead actual malice. In short, the Court correctly held that it can determine whether a plaintiff is a limited purpose public figure at the pleading stage—but also correctly held that it may do so only based

on the allegations in the Amended Complaint and admissions in the motion to dismiss.  Accordingly, review to answer the question proposed by Defendants would not necessarily change the result in this case.

What Defendants suggest in the body of their brief, but do not actually propose as the controlling question of law for an appeal, is that the Court should have engaged in fact-finding on a disputed point of fact in a pre-answer motion to dismiss, and that it was reversible error not to have taken judicial notice of the particular news articles cited by Defendants in their motions for the purposes set forth therein.  *See* Motion to Amend at 9 n.5 [Dkt. 52-1].

That is likely because the question of whether a court has acted within its discretion under Federal Rule of Evidence 201 to determine whether to take judicial notice of an adjudicative fact is not a controlling question of law appropriate for certification under 28 U.S.C. § 1292(b).  As explained by Judge Collyer, a question of law is an "abstract legal issue or what might be called one of pure law, matters the court of appeals can decide quickly and cleanly without having to study the record."  *Elkins*, 685 F. Supp. 2d at 8 n.2 (internal quotation marks and citation omitted).  The extent to which the Court should have considered the news articles and whether the record at the pleading stage was sufficient to apply the *Waldbaum* factors is not a question of "pure law" answerable in the abstract, *Waldbaum v. Fairchild Publications, Inc.*, 627 F.2d 1287 (D.C. Cir.

1980), rather these factors represent determinations subject to review on a deferential abuse of discretion standard, and Defendants fail to cite any authority for the proposition that interlocutory appeal is appropriate to review the Court's determinations on that deferential standard for reversible error at this point in the case. *See Whiting v. AARP*, 637 F.3d 355, 364 (D.C. Cir. 2011) (reviewing a denial of a motion for judicial notice for abuse of discretion).

**2.    Defendants' Question 2, Seeking Review on Whether the D.C. Anti-SLAPP Act Is Enforceable In Federal Court, Fails to Set Forth a Controlling Question of Law**

Defendants' second proposed question also fails to set forth a "controlling question of law" as defined by Section 1292(b) for similar reasons.  A "controlling question of law is one that would require reversal if decided incorrectly or that could materially affect the course of litigation with resulting savings of the court's or the parties' resources." *Judicial Watch*, 233 F. Supp. 2d at 16, 19 (internal quotation marks and citation omitted).

Defendants' motion requests certification on the question of whether the D.C. Anti-SLAPP Act is enforceable in federal court.  As discussed in Point II below, the Court correctly determined that *Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328 (D.C. Cir. 2015), is still binding and that there are no reasonable grounds for a difference of opinion on that point.  The Federal Rules of Civil Procedure displace the D.C. Anti-SLAPP Act wherever they conflict.

Defendants' motion for certification effectively asks for an interlocutory appeal on the question of whether *any* portion of the D.C. Anti-SLAPP Act survives *Abbas.*  As set forth in *Abbas*, the D.C. Anti-SLAPP Act set up a procedural mechanism for early dismissal that differs from that set forth in the Federal Rules, and for an award of fees for prevailing defendants that successfully move pursuant to that procedural mechanism. *See Abbas*, 783 F.3d at 1334-35. There are no substantive provisions that remain.  As stated in *Abbas,* if the D.C. Council had only wished to create an attorneys' fees remedy for prevailing defendants in defamation cases, it could have done so, but it did not.  *See id.*  This Court correctly determined that *Abbas* remains the law in this Circuit.

To the extent that Defendants would like to re-visit *Abbas* because they think it was wrongly decided, they are not entitled to interlocutory appeal for the reasons set forth in Point II below. If Defendants would like the D.C. Circuit to examine whether there are any hypothetical circumstances under which the D.C. Anti-SLAPP Act could apply to any of the facts and circumstances that might arise in this case, that would invite an advisory opinion, and is in no way appropriate for interlocutory review. Such a request is in no way a question of "pure law" which the D.C. Circuit could "decide quickly and cleanly without having to study the record." *See Elkins*, 685 F. Supp. 2d at 1, 8 n.2.

-7-

Accordingly, Defendants' fail to set forth any "controlling issues of law" as defined by the courts of this district.

## POINT II

### THE COURT'S OPINION IS CONSISTENT WITH BINDING APPELLATE AUTHORITY AND THERE IS NO SPLIT OF AUTHORITY WITHIN THE DISTRICT

With respect to the second element, "[a] mere claim that the district court's ruling was incorrect," will not suffice to establish that "a substantial ground for difference of opinion" exists.  *Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 104 (D.D.C. 2005) (internal quotation marks and citation omitted).  Rather, the requisite grounds for difference of opinion are "often established by a dearth of precedent within the controlling jurisdiction and conflicting decisions in other circuits[,] . . . [or] where a court's challenged decision conflicts with decisions of several other courts."  *Sprint*, 297 F. Supp. 2d at 90, 97-98 (D.D.C. 2003).

1.  **The Court's Holding That a Plaintiff Is Not Required to Plead Around Potential Affirmative Defenses Is Squarely Governed by Binding Appellate Authority from the D.C. Circuit and There Is No Split Among the Courts in the District**

The Court cited to and relied upon unimpeachable authority holding that the plaintiff does not bear the burden to plead sufficient facts in a complaint to overcome an affirmative defense.  *See* Opinion at 10-11 (citing *de Csepel v. Republic of Hungary*, 714 F.3d 591, 607-08 (D.C. Cir. 2013); *MiMedx Grp., Inc. v. DBWPartners, LLC*, 2018 WL 4681005 at \*6 (D.D.C. Sept. 28, 2018)).

-8-

Defendants do not seek to reverse this well-established principle on interlocutory appeal.

Rather, Defendants seek to require the Court to improperly consider material outside the four corners of a complaint on a motion to dismiss.  This amounts to a disagreement with the Court's decision not to take judicial notice of specific news articles cited in Defendants' motion to dismiss for the purposes set forth in that motion.  Defendants fail to set forth "substantial ground for a difference of opinion" as defined in the context of requests for interlocutory appeal.

The cases cited by Defendants indicate that courts have come out differently on the issue of judicial notice on different facts, but fail to establish or even assert that the Court's ruling constitutes abuse of discretion, much less an issue of pure law appropriate for interlocutory appeal.  As Judge Kollar-Kotelly held in *Footbridge Ltd. Trust v. Zhang*, certification is unwarranted where the proponent "does not dispute the standards applied by this Court in reaching its decision; [but] rather, . . . asserts that the Court applied those standards incorrectly."  2005 U.S. Dist. LEXIS 48639 at *20 (D.D.C. May 2, 2005).  Similarly, Judge Friedman has held that such a disagreement with the Court's application of a standard is insufficient to meet the requirements of 28 U.S.C. § 1292(b).  *See Keystone Tobacco Co., Inc. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 239 (D.D.C. 2003).  How the Court applied the applicable standard to the Amended Complaint, and the

articles cited by Defendants, is a mere difference of opinion, at most, and not a pure legal question on which there is a circuit split or lack of authority within the district that would warrant certification.

Moreover, the Court properly declined to consider facts outside the four corners of the Amended Complaint. The appellate courts are not well-suited to serve as factfinders in such circumstances. *See Sweeney v. Am. Registry of Pathology*, 2002 U.S. Dist. LEXIS 26715 at * 3 (D.D.C. Oct. 31, 2002). In *Sweeney,* the court refused to certify a question where the court characterized the issue as: "[b]y its nature, this is a question of fact, not one of law, and the United States therefore has failed to meet the first prong of Section 1292(b). *Id.* at 3 (citing 16 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3930 at 427 (2d ed. 1992) ("There is indeed no reason to suppose that interlocutory appeals are to be certified for the purpose of inflicting upon courts of appeals an unaccustomed and ill-suited role as factfinders.")).

Defendants rely on *Molock v. Whole Foods Market Group, Inc.*, 317 F. Supp. 3d 1 (D.D.C. 2018). However, in *Molock*, the court found a "substantial ground for difference of opinion" about the legal issue (jurisdiction over a nationwide class action) based on the lack of precedent from within the jurisdiction, the lack of circuit authority elsewhere, and an "even split" among

district courts (with "not insubstantial" arguments on both sides).  *Id.* at 5-6.

Likewise, Defendants also cite to *Sprint*, 297 F. Supp. 2d at 98-99, where the court

found there was a substantial ground for difference of opinion on the law because

there was a notable split of authority.

Because Question 1 does not present a question where there is a dearth of

precedent or a split among the relevant authorities, but rather a mere disagreement

with the Court's reasonable decision to delay resolution of Defendants' affirmative

defense until there has been further factual development, interlocutory appeal is

not warranted

2.     **The Court's Holding That the D.C. Anti-SLAPP Act Does Not Displace Federal Rule of Civil Procedure 12(b)(6) Is Squarely Governed by Binding Appellate Authority from the D.C. Circuit, and There Is No Split Among the Courts in the District**

For the same reason, Defendants arguments on its second proposed point are

deficient.  The Opinion is consistent with *Abbas*—the controlling authority that is

squarely on point—and with other recent cases within the district applying *Abbas*.

*See* Opinion at 5; *Abbas*, 783 F.3d at 1328.  As the Court noted in the Opinion,

Defendants acknowledged at oral argument that they are "swimming uphill" on the

application of the D.C. Anti-SLAPP Act in this district.  *See* Opinion at 5

(collecting authorities).  As held by the Court in the Opinion, the decision of the

D.C. Court of Appeals in *Competitive Enterprise Institute v. Mann*, 150 A.D.3d

1213 (D.C. 2016) does not overrule *Abbas*, and "*Abbas* remains the controlling law in our Circuit."  *Id.*

There is not "substantial ground for difference of opinion" on whether the D.C. Circuit decision in *Abbas* remains good law after the D.C. Court of Appeals decision in *Mann*.  *Abbas* remains controlling after *Mann* and all the other judges in this district that have addressed the issue have reached the same conclusion. *Fairbanks v. Roller*, 314 F. Supp. 3d 85, 93-94 (D.D.C. 2018); *Libre by Nexus v. Buzzfeed, Inc.*, 311 F. Supp. 3d 149, 159-60 (D.D.C. 2018); *Cockrum v. Donald J. Trump for President, Inc.*, 319 F. Supp. 3d 158, 165 n.2 (D.D.C. 2018).

Beyond this unanimity, Defendants are "swimming uphill" to establish that there are substantial arguments on both sides of the issue, especially because this Court's Opinion and the other judges' opinions are well-reasoned and logical. Indeed, the *Mann* court itself recognized fundamental irreconcilable differences between the Act's requirements and the procedures set forth in Federal Rules 12 and 56. Namely, the Act places the burden on the plaintiff to overcome a motion to dismiss, rather than requiring the defendant to justify dismissal, and the Act requires the court to consider the legal sufficiency of the evidence presented before discovery is completed.  *Mann*, 150 A.D.3d at 1213, 1238 n. 32.  These aspects of the Anti-SLAPP Act, underscored in *Mann*, are anathema to the Federal Rules.  As one district court put, "*Mann* does not align the District's Anti-SLAPP statute with

the Federal Rules. Instead, it expressly states that the statute 'is not redundant relative to the rules of civil procedure.'" *Fairbanks*, 314 F. Supp. 3d at 95 (quoting *Mann*, 150 A.D.3d at 1238).  There is no case law or substantial argument supporting the view that *Mann* undermines the principal conclusion of *Abbas*. Because the Anti-SLAPP Act and the Federal Rules of Civil Procedure answer the same question in different ways, this Court must apply Federal Rules 12 and 56 instead of the D.C. Anti-SLAPP Act's special motion to dismiss provision.  *Abbas*, 783 F.3d at 1337.

Interlocutory appeal on this question is completely unwarranted and should be denied.

## POINT III

## CERTIFICATION WOULD NOT MATERIALLY ADVANCE THE LITIGATION

With respect to the third element, in order to show that an interlocutory appeal would "materially advance the ultimate termination of the litigation[,]" 28 U.S.C. § 1292(b), a movant must show that "reversal [of the court's order on appeal] would hasten or at least simplify the litigation in some material way, such as by significantly narrowing the issues, conserving judicial resources, or saving the parties from needless expense."  *Nat'l Veterans Legal Servs. Program v. United States*, 321 F. Supp. 3d 150, 155 (D.D.C. 2018) (internal quotation marks and citation omitted).

1.     **A Determination in the Affirmative on Defendants' First Proposed Question Would Not Materially Advance the Litigation Because the Amended Complaint Adequately Alleges Facts Consistent With Malice by Defendants**

As noted above, Defendants seem to argue that they meet the third prong of the test for interlocutory appeal because they seek to appeal from the denial of a motion to dismiss, and a successful appeal would terminate the action. That is incorrect because Defendants do not propose a pure question of law about the applicable standard for a court's decision about whether to take judicial notice of news articles.

In *Molock*, relied upon by Defendants, the court found interlocutory appeal would "materially advance the ultimate termination of the litigation," because, depending on the outcome of the appeal, the class action would cover five hundred Whole Foods stores nationwide versus just the five stores located in D.C.  317 F. Supp. 3d at 1, 6-7 (noting the "staggering" cost of such discovery).

No such profound impact on the litigation would result in this case.  Even if Defendants had proposed the question of whether the Court committed reversible error by failing to take judicial notice of material outside the pleading for the purposes sought by Defendants—which they did not—the Amended Complaint adequately alleges facts that would support a finding that Defendants' conduct was reckless and in total disregard of whether it was true or false, and Defendants do not (and could not) seek certification on that point.

-14-

Even if Defendants had proposed such a question, Defendants would have a heavy burden to overcome, because a court "must . . . assume . . . the requisite state of mind" by a defamation defendant. *Farah v. Esquire Magazine*, 736 F.3d 528, 534 (D.C. Cir. 2013), and the Amended Complaint would not be dismissed without affording Plaintiffs discovery from Defendants. *See Herbert v. Lando*, 441 U.S. 153, 176-77 (1979). Thus, certification for appeal on the question proposed by Defendants would not materially advance the litigation.

## 2.     A Determination on Defendants' Second Proposed Question Would Not Materially Advance the Litigation

Defendants argue that interlocutory appeal will materially advance the litigation because the D.C. Anti-SLAPP Act provides immunity from litigation, and that this issue is "unreviewable" at the end of the litigation. *See* Motion to Amend at 17 [Dkt. 52-1]. They cite *Henry v. Lake Charles American Press, LLC*, 566 F.3d 164, 177-78 (5th Cir. 2009), a case decided before *Abbas*, for this proposition.

The problem for Defendants is that the D.C. Circuit in *Abbas* expressly rejected the argument that the special motion to dismiss provision in the D.C. Anti-SLAPP Act provides a form of qualified immunity that "embodies a substantive D.C. right not found in the Federal Rules—a form of qualified immunity shielding participants in public debate from tort liability." *See Abbas*, 783 F.3d at 1335 ("Qualified immunity (on its own) does not tell a court what showing is necessary

-15-

at the motion to dismiss or summary judgment stages to dismiss a case before trial. Rather, Federal Rules 12 and 56 do that.").  The D.C. Circuit acknowledged the Fifth Circuit's *Henry* decision in *Abbas,* and rejected that decision (along with some of the other pre-*Abbas* decisions cited by Defendants, *see* Motion to Amend at 15 n.8 [Dkt. 52-1]) as "ultimately not persuasive." *Id.* at 1336.

## CONCLUSION

For the reasons set forth above, Defendants fail to meet their burden to overcome the congressional policy against interlocutory appeal, and Defendants' Motion to Amend Order Denying Defendants' Motion to Dismiss should be denied in its entirety.

Dated:  March 29, 2019                    Respectfully submitted,

_____/s/ *Alan S. Lewis*_____
Alan S. Lewis (#NY0252)
John J. Walsh
Judith Wallace
Karen E. Meara
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel.:    212-732-3200
Fax:    212-732-3232
Email:  lewis@clm.com

*Attorneys for Plaintiffs*
  *Mikhail Fridman, et al.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of March 2019, I electronically filed and served the foregoing using the CM/ECF system.

_____ /s/ *Alan S. Lewis* _____
Alan S. Lewis

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN, | ) ) ) |
| *Plaintiffs,* | ) ) |
| v. | ) ) |
| BEAN LLC (a/k/a FUSION GPS) and GLENN SIMPSON, | ) ) ) |
| *Defendants.* | ) ) |

Case No. 1:17-cv-02041 (RJL)

_____

## <u>PROPOSED ORDER</u>

Upon consideration of the motion to amend order denying Defendants' motion to dismiss to certify questions for interlocutory appeal ("Motion to Amend") by Defendants Bean LLC a/k/a Fusion GPS and Glenn Simpson, the opposition thereto by Plaintiffs Mikhail Fridman, Petr Aven and German Khan, and Defendants' reply in further support of the Motion to Amend it is hereby ORDERED that the Motion to Amend is denied.

**SO ORDERED** this _____ day of _____, 2019.


_____
RICHARD J. LEON
United States District Judge