UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

MIKHAIL FRIDMAN, PETR AVEN, )
and GERMAN KHAN, )
                                )
          *Plaintiffs*, )
                                ) Case No. 1:17-cv-02041 (RJL)
      v. )
                                )
BEAN LLC (a/k/a FUSION GPS) and )
GLENN SIMPSON, )
          *Defendants*. )

---

**MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANTS' MOTION TO STAY
PENDING 28 U.S.C. § 1292(B) MOTION AND APPEAL**


                                             CARTER LEDYARD & MILBURN LLP
                                             2 Wall Street
                                             New York, NY 10005
                                             Tel.:    212-732-3200
                                             Fax:    212-732-3232
                                             Email:  lewis@clm.com

                                             *Attorneys for Plaintiffs*
                                               *Mikhail Fridman, et al.*


*Of Counsel:*

  Alan S. Lewis (#NY0252)
  John J. Walsh
  Judith Wallace

# **TABLE OF CONTENTS**

**Pages(s)**

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION ............................................................................................................1

STANDARD FOR ISSUANCE OF A STAY .................................................................2

ARGUMENT ....................................................................................................................3

POINT I
A STAY OF ALL PROCEEDINGS IS UNNECESSARY BECAUSE
INTERLOCUTORY APPEAL IS UNWARRANTED........................................3

POINT II
IN THE ALTERNATIVE, EVEN IF THE COURT CERTIFIES
INTERLOCUTORY APPEAL, A STAY IS UNWARRANTED
BECAUSE IT WOULD NEEDLESSLY DELAY RESOLUTION OF
THIS MATTER .....................................................................................................3

POINT III
THERE IS NO IRREPARABLE INJURY TO DEFENDANTS FROM
DENIAL OF A STAY ............................................................................................6

CONCLUSION .................................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Abbas v. Foreign Policy Group, LLC*,
　783 F.3d 1328 (D.C. Cir. 2015) ................................................................................. 6, 7

*Belize Soc. Dev. Ltd. v. Gov't of Belize*,
　668 F.3d 724 (D.C. Cir. 2012) ....................................................................................... 2

*Farah v. Esquire Magazine*,
　736 F.3d 528 (D.C. Cir. 2013) ....................................................................................... 5

*Gov't of Guam v. United States*,
　2019 U.S. Dist. LEXIS 31923 at *27 (D.D.C. Feb. 28, 2019) .................................. 2, 4

*Herbert v. Lando*,
　441 U.S. 153 (1979) ....................................................................................................... 5

*In re Vitamins Antitrust Litig.*, 2000 U.S. Dist. LEXIS 17412 at *22
　(D.D.C. Nov. 22, 2000) ............................................................................................. 3, 4

*Landis v. N. Am. Co.*,
　299 U.S. 248 (1936) ....................................................................................................... 2

*Lewis v. Pension Ben. Guar. Corp.*,
　2017 U.S. Dist. LEXIS 221641 at *37 (D.D.C. Jan. 23, 2017) ..................................... 4

*Molock v. Whole Foods Mkt. Grp., Inc.*,
　317 F. Supp. 3d 1 (D.D.C. 2018) ............................................................................... 2, 4

*Nat'l Indus. for the Blind v. Dep't of Veterans Affairs*,
　296 F. Supp. 3d 131 (D.D.C. 2017) ............................................................................... 2

*Nken v. Holder*,
　556 U.S. 418 (2009) ....................................................................................................... 2

**STATUTES**

28 U.S.C. § 1292(b) .............................................................................................*passim*

**RULES**

Fed. R. Civ. P. 12 ...................................................................................................... 4, 5

Fed. R. Civ. P. 52(b) ................................................................................................... 1, 7

Fed. R. Civ. P. 54(b) ................................................................................................... 1, 7

Fed. R. Civ. P. 59(e) ........................................................................................................ 1

Plaintiffs Mikhail Fridman, Petr Aven, and German Khan submit this memorandum of points and authorities in opposition to Defendants' motion to stay pending 28 U.S.C. § 1292(b) motion and appeal ("Motion to Stay").

## INTRODUCTION

In a separate filing, Defendants move, pursuant to Fed. R. Civ. P. 52(b), 54(b) and 59(e), and 28 U.S.C. § 1292(b), to amend the Court's order denying Defendants' motions to dismiss [Dkt. 19, 20] so as to certify two proposed questions for interlocutory appeal ("Motion to Amend") [Dkt. 52]. In their Motion to Stay, Defendants seek to stay all proceedings pending resolution of their Motion to Amend and any interlocutory appeal certified by the Court.

A stay should be denied because interlocutory appeal is unwarranted on either of the two proposed questions. The Court's careful and thorough analysis in its January 15, 2019 Order [Dkt. 48] denying Defendants' motions to dismiss was squarely within binding appellate authority and consistent with decisions of other district courts in the District of Columbia. Neither appeal would have any merit.

Furthermore, even if the Court certifies for interlocutory appeal one or both of the questions Defendants present, a stay of all proceedings in this case is inappropriate because the two questions are not dispositive and do not obviate the need for discovery and further proceedings. Under the law of this Circuit, the procedures set forth in the D.C. Anti-SLAPP Act do not embody a substantive

right to qualified immunity, and a denial of a stay of discovery in this matter does not constitute irreparable harm to the Defendants. So as not to thwart the prompt resolution of the matter, the parties should be allowed to proceed with discovery irrespective of whether the Court allows interlocutory appeal.

## STANDARD FOR ISSUANCE OF A STAY

Under 28 U.S.C. § 1292(b), "[the] application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

"District courts have broad discretion to decide whether to stay all proceedings in an action pending the resolution of independent legal proceedings." *Nat'l Indus. for the Blind v. Dep't of Veterans Affairs*, 296 F. Supp. 3d 131, 137 (D.D.C. 2017) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "In considering a stay, courts must 'weigh competing interests and maintain an even balance between the court's interests in judicial economy and any possible hardship to the parties.'" *Id.* (quoting *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732-33 (D.C. Cir. 2012)).[1]

---

[1] Defendants rely on a four-factor test for whether a stay is appropriate, citing to *Nken v. Holder*, 556 U.S. 418 (2009). That case involved a request for a stay of an immigration removal order, not a stay pending interlocutory appeal. This standard is seldom applied by district courts in this circuit considering whether to issue a stay pending resolution of an interlocutory appeal. District courts in this circuit pragmatically consider whether a stay would cause unnecessary delay or benefit the parties by avoiding the potential for needless litigation. *See, e.g.*, *Gov't of Guam v. United States*, 2019 U.S. Dist. LEXIS 31923 at *27-30 (D.D.C. Feb. 28, 2019); *Molock v. Whole*

# ARGUMENT

## POINT I

### A STAY OF ALL PROCEEDINGS IS UNNECESSARY BECAUSE INTERLOCUTORY APPEAL IS UNWARRANTED

Plaintiffs' opposition to Defendants' Motion to Amend, incorporated herein by reference, demonstrates that interlocutory appeal is unwarranted. In sum, the Court's well-reasoned and thorough opinion presents no controlling question of law on which there is substantial grounds for difference of opinion. *See* U.S.C. § 1292(b). Defendants' mere disagreement with the Court, however vehement, should not thwart prompt and efficient resolution of this matter.

Accordingly, Defendants' request for a stay of all proceedings should be denied.

## POINT II

### IN THE ALTERNATIVE, EVEN IF THE COURT CERTIFIES INTERLOCUTORY APPEAL, A STAY IS UNWARRANTED BECAUSE IT WOULD NEEDLESSLY DELAY RESOLUTION OF THIS MATTER

A stay of all proceedings pending resolution of an interlocutory appeal is not justified in cases where, as here, the issues on appeal are non-dispositive, or where the issues on appeal would only be dispositive of certain claims in the case. To avoid unnecessary delay, district courts in these circumstances routinely allow entire cases, or parts of cases, to proceed while interlocutory appeal is pending.

---

*Foods Mkt. Grp., Inc.*, 317 F. Supp. 3d 1, 7 (D.D.C. 2018); *In re Vitamins Antitrust Litig*, 2000 U.S. Dist. LEXIS 17412 at *22-23 (D.D.C. Nov. 22, 2000).

*See, e.g., Molock*, 317 F. Supp. 3d at 1, 7 (D.D.C. 2018) (certifying for interlocutory appeal a question pertaining to jurisdiction over a nationwide class but allowing discovery to proceed over a geographically limited class); *Lewis v. Pension Ben. Guar. Corp.*, 2017 U.S. Dist. LEXIS 221641 at *37-38 (D.D.C. Jan. 23, 2017) (staying proceedings only with respect to claims affected by interlocutory appeal); *In re Vitamins*, 2000 U.S. Dist. LEXIS 17412 at *22-23 (allowing jurisdictional discovery to proceed). By contrast, where the interlocutory appeal could result in the end of the case, courts are more likely to stay proceedings to avoid the potential for unnecessary litigation. *Gov't of Guam*, 2019 U.S. Dist. LEXIS 31923 at *28-29 (distinguishing between dispositive and non-dispositive issues in considering whether a stay pending interlocutory appeal is warranted).

Here, the two questions Defendants present are not dispositive of the case. In the very unlikely event that an interlocutory appeal is certified and the D.C. Circuit thereafter answers either of the two questions presented for interlocutory appeal in Defendants favor, Plaintiffs' Amended Complaint would still survive a motion to dismiss pursuant to Rule 12(b)(6), or the Anti-SLAPP Act, and the case would proceed to discovery. Thus, a stay pending interlocutory appeal would needlessly delay discovery.

With respect to proposed Question 1, a ruling from the D.C. Circuit that a district court, "can and should . . . determine at the pleading stage whether a plaintiff is a limited-purpose public figure," is not dispositive of Plaintiffs' defamation claims [Dkt. 52 at 1]. A ruling that the district "should" make such a determination at the pleading stage would not *require* this Court to do so, especially when this Court has wisely declined to take judicial notice of news articles outside the pleadings and has already concluded that, on a "vigorously dispute[d]" and "limited record," it cannot resolve the factually intensive question of whether Plaintiffs are limited-purpose public figures [Dkt. 48 at 10].

Nevertheless, even if the Court decided to resolve this issue on the pleadings, and even if the Court ruled that Plaintiffs are limited-purpose public figures, that *still* would not end the case, because Plaintiffs have plausibly pled "actual malice." *See Farah v. Esquire Magazine*, 736 F.3d 528, 534 (D.C. Cir. 2013) (holding that a court "must . . . assume . . . the requisite state of mind" by a defamation defendant); *see also* Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss for Failure to State a Claim at 26-27 [Dkt 25]; Corrected Plaintiffs' Supplemental Submission in Further Opposition to Defendants' Rule 12(b)(6) and Anti-SLAPP Act Motions to Dismiss at 12-13 [Dkt 45-1] . Accordingly, the Amended Complaint would not be dismissed without affording Plaintiffs discovery from Defendants. *See Herbert v. Lando*, 441 U.S.

153, 176-77 (1979). Therefore, discovery should be allowed to proceed, regardless of Defendants' effort to certify Question 1 for interlocutory appeal. Similarly, an interlocutory appeal on Question 2 would not justify a stay of all proceedings.

Because the questions proposed for interlocutory appeal are not dispositive and would not entirely obviate the need for discovery, the Court should deny a stay of all proceedings and allow the parties to begin discovery.

## POINT III

### THERE IS NO IRREPARABLE INJURY TO DEFENDANTS FROM DENIAL OF A STAY

Defendants argue that they will be irreparably injured if the Court does not grant a stay, because the D.C. Anti-SLAPP Act confers substantive protections consisting of the special motion to dismiss procedure and a discovery stay pending resolution of their Anti-SLAPP motion. *See* Motion to Stay at 4, ¶ 8 [Dkt. 53].

However, as discussed in Plaintiffs' memorandum of points and authorities in opposition to Defendants' Motion to Amend, the D.C. Circuit in *Abbas* expressly rejected the argument that the procedures set forth in the D.C. Anti-SLAPP Act constitute a form of qualified immunity that "embodies a substantive D.C. right not found in the Federal Rules—a form of qualified immunity shielding participants in public debate from tort liability." *See Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328, 1335 (D.C. Cir. 2015).

It is the law in this Circuit pursuant to *Abbas* that the Federal Rules displace the procedures set forth in the D.C. Anti-SLAPP Act. Defendants have moved for a stay of discovery pursuant to Fed. R. Civ. P. 52(b), 54(b) and 59(e), and 28 U.S.C. § 1292(b). The standard set forth in the Federal Rules therefore governs, and not any discovery stay provisions set forth in the D.C. Anti-SLAPP Act.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Stay pending 28 U.S.C. § 1292(b) motion and appeal should be denied.

Dated:  March 29, 2019                                     Respectfully submitted,

                                     /s/ *Alan S. Lewis*
                                    Alan S. Lewis (#NY0252)
                                    John J. Walsh
                                    Judith Wallace
                                    CARTER LEDYARD & MILBURN LLP
                                    2 Wall Street
                                    New York, NY 10005
                                    Tel.:    212-732-3200
                                    Fax:    212-732-3232
                                    Email:  lewis@clm.com

                                    *Attorneys for Plaintiffs*
                                      *Mikhail Fridman, et al.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of March 2019, I electronically filed and served the foregoing using the CM/ECF system.

                                          /s/ *Alan S. Lewis*
                                          Alan S. Lewis

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
MIKHAIL FRIDMAN, PETR AVEN, and           )
GERMAN KHAN,                              )
                                          )  Case No. 1:17-cv-02041 (RJL)
                    *Plaintiffs,*         )
                                          )
           v.                             )
                                          )
BEAN LLC (a/k/a FUSION GPS) and           )
GLENN SIMPSON,                            )
                                          )
                    *Defendants*.         )
_____

## PROPOSED ORDER

Upon consideration of the motion to stay pending 28 U.S.C. § 1292(b) motion and appeal ("Motion to Stay) by Defendants Bean LLC a/k/a Fusion GPS and Glenn Simpson, the opposition thereto by Plaintiffs Mikhail Fridman, Petr Aven and German Khan, and Defendants' reply in further support of the Motion to Stay it is hereby ORDERED that the Motion to Stay is denied.

**SO ORDERED** this _____ day of _____, 2019.

_____
RICHARD J. LEON
United States District Judge