# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN,<br><br>   Plaintiffs,<br><br> v.<br><br>BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON,<br><br>   Defendants. | Civil Case No. 1:17-cv-2041-RJL |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY**

As set forth in Defendants' Motion to Stay, upon certifying the questions presented for interlocutory appeal 28 U.S.C. § 1292(b), the Court should stay further proceedings pending resolution of the appeal. By allowing a ruling by the Court of Appeals on the purely legal questions of (1) whether the Court can and should resolve Plaintiffs' public figure status at the pleadings stage, and (2) whether *Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328 (D.C. Cir. 2015), is not controlling on the applicability of the Anti-SLAPP Act's substantive protections in federal court, this Court will materially advance the potential termination of this litigation, making a stay appropriate. ECF No. 53 ("Mot.") at 3-5. After all, the very purpose of the "actual malice" requirement, and the protections of the Anti-SLAPP Act, is to "preserve 'the breathing space which freedoms of expression require in order to survive.'" *Farah v. Esquire Magazine*, 736 F.3d 528, 534 (D.C. Cir. 2013).

Most of Plaintiffs' arguments in opposition to a stay are wrong for the same reasons that their arguments in opposition to Defendants' Section 1292(b) motion are wrong. Plaintiffs offer no response to Defendants' arguments that issuance of a stay (1) will not substantially injure

Plaintiffs, (2) would serve interests in judicial economy, and (3) is in the public interest. Instead, Plaintiffs take issue with the legal standard for a stay, seemingly suggesting that a case should be stayed only if "delay" is "[]necessary" or would "benefit the parties." Pls.' Mem. in Opp. to Defs.' Mot. to Stay, ECF No. 58, at 2 n.1. That is assuredly not so. "Necess[ity]" and "benefit" are not prerequisites for a stay. To the contrary, the Court has broad discretion to grant a stay. Indeed, in one of the very cases Plaintiffs cite, the district court properly granted a stay pending resolution of a Section 1292(b) appeal: *Government of Guam v. United States*, 2019 WL 1003606, at *9, 2019 LEXIS 31923, at *27-30 (D.D.C. Feb. 28, 2019). As in that case, here there are pure questions of law presented that would have a significant effect on the nature of further litigation, and thus "staying the instant district court proceedings would serve judicial economy and would not subject either party to hardship." *Id.*, 2019 WL 1003606, at *9, 2019 LEXIS 31923, at *27.

Dated:   April 19, 2019                                ZUCKERMAN SPAEDER LLP

                                                       By:  */s/ Steven M. Salky*
                                                       Steven M. Salky (D.C. Bar No. 360175)
                                                       William W. Taylor, III (D.C. Bar No. 84194)
                                                       Rachel F. Cotton (D.C. Bar No. 997132)
                                                       Adam B. Abelson (D.C. Bar No. 1011291)
                                                       **ZUCKERMAN SPAEDER LLP**
                                                       1800 M Street, N.W., Suite 1000
                                                       Washington, D.C. 20036
                                                       Tel: (202) 778-1800
                                                       Fax: (202) 822-8106
                                                       wtaylor@zuckerman.com
                                                       ssalky@zuckerman.com
                                                       rcotton@zuckerman.com
                                                       aabelson@zuckerman.com

                                                       *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 19, 2019, the foregoing Reply Memorandum in Support of Defendants' Motion to Stay was filed with the Court's CM/ECF Service, and thereby provided to the following counsel of record:

Alan S. Lewis, Esquire
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel: (212) 238-8647
Lewis@clm.com

Kim Hoyt Sperduto, Esquire
SPERDUTO THOMPSON PLC
1133 Twentieth Street, NW
Second Floor
Washington, D.C. 20036
Tel: (202) 408-8900
ksperduto@sperdutothompson.com

                          */s/ Adam B. Abelson*
                          Adam B. Abelson