UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-----------------------------------------------------------------X

MIKHAIL FRIDMAN, PETR AVEN, AND
GERMAN KHAN,

                Plaintiffs,

       -v-

BEAN LLC (A/K/A FUSION GPS) AND
GLENN SIMPSON,

                Defendants.

-----------------------------------------------------------------X

Case 1:17-CV-02041 (RJL)

## JOINT CASE MANAGEMENT REPORT

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, as amended, and Local Civil Rule 16, as amended, the parties have conferred and submit the following Joint Case Management Report. The respective positions of the parties are set forth under each topic listed in Local Civil Rule 16.3 as to which the parties conferred or exchanged positions.

> *(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

Both Plaintiffs and Defendants anticipate filing dispositive motions and propose a schedule below.

***(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.***

The parties request that any joinder of other parties and amendments to the pleadings be required by 14 days after the filing of this report unless, through discovery, good cause is shown to join any necessary party. At this time, the parties do not believe that the factual and legal issues can be agreed upon or narrowed.

***(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.***

One or more parties oppose assignment of this case to a magistrate judge.

Defendants would consent to the referral of discovery matters to a magistrate judge.

Plaintiffs' position is that Local Civil Rule 16.3(c) does not make the issue of possible referral of discovery matters to a magistrate judge a subject of the parties' Joint Report. Plaintiffs further note that Local Civil Rule 72.2 permits the district judge to refer a number of matters, including discovery matters, to a magistrate judge without the parties' consent.

***(4) Whether there is a realistic possibility of settling the case.***

The parties are willing to engage in good faith attempts to settle this case but presently do not believe settlement is likely.

***(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR).***

While no party is opposed to considering ADR procedures, Plaintiffs do not believe that ADR procedures are likely, at this time, to enhance the parties' ability to reach a settlement.

> ***(6)   Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.***

Defendants' motion to dismiss was denied.

The parties believe that discovery must proceed before the filing of summary judgment motions and ask the Court to adopt the following schedule for summary judgment motions.

- Motions due: March 5, 2021;
- Oppositions due: April 9, 2021;
- Replies due: April 30, 2021.

> ***(7)   Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.***

The parties request that their initial disclosures be required by September 11, 2019.

> ***(8)   The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.***

Defendants believe that discovery will be more time consuming than typical domestic defamation cases because some witnesses and documents are located overseas,

and because over 25 individuals and 30(b)(6) witnesses have documents and testimony relevant to Defendants' defenses – e.g., that Plaintiffs are limited public figures, and the truth of the alleged defamatory material.

Plaintiffs' position is that discovery should not be significantly more time consuming than typical defamation cases and that the number of witnesses who will be deposed overseas, if any, is small.

In any event the parties have agreed on a proposed schedule, as set forth below.

Proposed Discovery Schedule:
- Service of initial document requests and interrogatories: September 18, 2019;

- Answers to interrogatories and Written Responses and Objections to document requests: October 14, 2019;

- Completion of document production: December 23, 2019;

- Service of requests for admission: February 7, 2020;

- Close of fact discovery: October 30, 2020;

- Exchange of expert reports: December 7, 2020;

- Expert depositions completed by January 22, 2021.

The parties believe a limited protective order is appropriate, and they will negotiate a limited protective order with the intent to file it by September 20, 2019.

*(9) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.*

The parties are not aware of any contentious issues regarding disclosure, discovery, or preservation of electronically stored information, and have and will continue to discuss the form or forms in which electronically stored information will be produced. The parties anticipate, however, that some documents (including but not limited to electronically stored information) potentially within the scope of discovery may be located outside the United States, which could require the parties to navigate foreign laws restricting discovery of documents and information located abroad.

*(10) Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.*

The parties presently are unaware of any issues concerning claims of privilege or of protection as trial-preparation materials. The parties do, however, believe that an order under Federal Rule of Evidence 502 will facilitate discovery, and will negotiate a proposed Order for the Court's consideration, and intend to file their proposed Order by September 20, 2019.

*(11) Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.*

The parties request that exchange of expert reports be required by December 7, 2020, and that depositions of experts be completed by January 22, 2021.

*(12) In class actions, appropriate procedures for dealing with Rule 23, Fed.R. Civ. P. proceedings, including the need for discovery and the timing*

> *thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

The parties agree that issues of class actions are not present in this case.

> **(13) *Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.***

Plaintiffs oppose bifurcation of discovery but propose that the trial be bifurcated as to liability and damages. Defendants propose that both discovery and trial be bifurcated as to liability and damages.

> **(14) *The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).***

The parties request that the court schedule a pre-trial conference on or about the week of May 24, 2021.

> **(15) *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.***

The parties request that the court set a trial date at the pretrial conference.

> **(16) *Such other matters that the parties believe may be appropriate for including in a scheduling order.***

The parties believe there are no other matters that should be included in the scheduling order.

> **(17) *Other Discovery Matters Unrelated to Scheduling.***

The parties believe that they will each seek to conduct more than 10 depositions but have not yet agreed on the number of depositions, in excess of 10, that should be permitted.

Defendants believe they need more than 7 hours for the depositions of each of the Plaintiffs provided by the Rules, and more than 25 interrogatories provided by the Rules, given the disputed issues, including whether Plaintiffs should be determined to be public figures and whether the alleged defamatory material is true.

Plaintiffs oppose Defendants' request for more than 7 hours for the depositions of each of the Plaintiffs, and more than 25 interrogatories, given that these limits are prescribed by the applicable Federal Rules and, in any event, believe the request to be premature.

Dated: New York, New York
August 8, 2019

| | |
|---|---|
| Alan S. Lewis (#NY0252) <br> John J. Walsh <br> CARTER LEDYARD & MILBURN LLP <br> 2 Wall Street <br> New York, NY 10005 <br> Tel: 212-238-8647 | Steven M. Salky <br> Zuckerman Spaeder LLP <br> 1800 M Street, N.W., Suite 1000 <br> Washington, D.C. 20036 <br> Tel: 202-778-1800 |
| Kim H. Sperduto (# 416127) <br> Sperduto Thompson PLC <br> 1133 Twentieth Street, NW <br> Second Floor <br> Washington, DC 20036 <br><br> 202-408-8900 <br><br> *Counsel for Plaintiffs* | Joshua A. Levy <br> Cunningham Levy Muse LLP <br> 1401 K Street, NW, Suite 600 <br> Washington, DC 20005 <br> Tel: 202-261-6564 <br><br> *Counsel for Defendants* |