**FILED**

**OCT 10 2019**

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
----------------------------------------------------X
MIKHAIL FRIDMAN, PETR AVEN,
and GERMAN KHAN,

    Plaintiffs,

    -v-

BEAN LLC (A/K/A FUSION GPS) and
GLENN SIMPSON,

    Defendants.
----------------------------------------------------X

Case 1:17-CV-02041 (RJL)

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

This Stipulation is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients in the above-captioned action (the "Action"): (a) Mikhail Fridman; (b) Petr Aven; (c) German Khan; (d) Bean LLC (a/k/a Fusion GPS); and (e) Glenn Simpson (each a "Party" and, collectively, the "Parties").

WHEREAS, the Parties request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26 to protect the confidentiality of nonpublic and sensitive information that they may need to disclose in connection with discovery in this Action;

WHEREAS, the Parties, through counsel, agree that this Order will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents, and any other information or material produced, given or exchanged, including any information contained therein or derived therefrom (the "Discovery Material") by or among any Party or non-party (the "Non-Party") providing Discovery Material (each a "Producing Party"); and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality agreement and protective order governing the pretrial phase of this Action;

IT IS HEREBY ORDERED that any person subject to this Order – including, without limitation, the Parties to this Action (including their respective corporate parents, successors, and assigns, their representatives, agents, experts and consultants), all Non-Parties providing discovery in this Action, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms, upon pain of contempt:

### 1. DURATION AND ENFORCEMENT

A. This Order shall survive the termination of this Action and will continue to be binding upon all persons to whom Protected Material (as defined below) is produced or disclosed. To the extent that Discovery Material becomes known to the public through no fault of the Party which received the Discovery Material (a "Receiving Party"), the Discovery Material shall no longer be subject to the terms of this Order.

B. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

### 2. TYPES OF DESIGNATIONS

A. A Producing Party may designate Discovery Material as "**Confidential**" pursuant to this Order if it in good faith believes that such Discovery Material contains non-public, confidential, proprietary or commercially sensitive information ("**Confidential Material**"), including only:

    i. Any information that is required to be treated as confidential pursuant to applicable law, regulation or court order; or

ii. Any other category of information the Court subsequently affords confidential status.

B. A Producing Party may designate Discovery Material as "**Highly Confidential - Attorneys' Eyes Only**" pursuant to this Order if it in good faith believes that disclosure of such Discovery Material is substantially likely to cause injury to the Producing Party ("**AEO Material**"). Highly Confidential – AEO Material includes only:

i. Any information that is required to be treated as highly confidential pursuant to applicable law, regulation, or court order; or

ii. Any other category of information the Court subsequently affords highly confidential status.

C. A Producing Party may designate Discovery Material as "**Highly Confidential – Personal Data**" pursuant to this Order if the Discovery Material contains personal data and is subject to restriction under applicable data protection or privacy laws or regulations, including the European Union General Data Protection Regulation ("GDPR"), such materials defined hereinafter as "**Personal Data Material.**"

D. To the extent marking material Confidential, Highly Confidential – AEO, or Highly Confidential – Personal Data, the Producing Party, upon request and in accordance with Paragraph 4 herein, shall identify the applicable law, regulation or court order requiring Confidential, Highly Confidential – AEO, or Highly Confidential – Personal Data treatment under this Order.

3. **MANNER AND TIMING OF DESIGNATIONS**

A. Each Party or Non-Party that designates information or items for protection (the "Protected Material") under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards identified herein.

B. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation shall be made in compliance with the following manner:

i. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "Confidential Legend"), "HIGHLY CONFIDENTIAL – PERSONAL DATA" (hereinafter "Personal Data Legend"), or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "AEO Legend") (each a "LEGEND" and, collectively, the "LEGENDS"), to each page that contains protected material. In the case of electronically stored information produced natively, the Producing Party shall include the appropriate LEGEND in the file or directory name, or by affix the LEGEND to the media containing the Protected Material (e.g., CD-ROM, DVD, Flash or Thumb Drive)

ii. For Protected Material obtained from testimony given in a deposition, the Producing Party shall identify such deposition testimony (or portions thereof) as Protected Material either on the record before the close of the deposition, or within thirty (30) days following the Producing Party's receipt of a transcript of the deposition testimony. The transcript shall be treated as Highly Confidential from the date of the deposition until the thirty (30) day period has expired.

iii. For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored, the appropriate LEGEND.

### 4. **CHALLENGING PROTECTED DESIGNATIONS**

A. If a Producing Party discovers that information that it designated for protection do not qualify for protection, that Producing Party must promptly notify all other Receiving Parties that it is withdrawing the inapplicable designation.

B. Any Party (the "challenging Party") may challenge a designation of confidentiality at any time that is consistent with the Local Rules and the Case Management Order.

C. The challenging Party shall promptly schedule a time to meet and confer with the Producing Party to attempt in good faith to resolve the dispute or to narrow the areas of disagreement before involving the Court.

D. If the Parties cannot resolve the dispute, the challenging Party may seek relief from the Court pursuant to the Local Rules and Case Management Order.

E. The Producing Party shall bear the burden of justifying the designation of material in any such challenge proceeding. Unless the Producing Party has waived or withdrawn the confidentiality designation, all Receiving Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court resolves the challenge.

### 5. **INADVERTENT FAILURES TO DESIGNATE**

A Producing Party does not waive its right to secure protection under this Order for failure to initially designate Protected Material, provided that the Producing Party notifies all other

-5-

Parties that such material is protected within ten (10) days from when the failure to designate first becomes known to the Producing Party. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the Discovery Material is treated in accordance with the provisions of this Order.

### 6. ACCESS TO AND USE OF PROTECTED MATERIAL

A. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. The Protected Material will not be used in connection with any other lawsuit, arbitration, claim, proceeding, or for any other purpose.

B. The Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

C. The Receiving Party shall take reasonable steps to prevent the unauthorized access, use or disclosure of the Protected Material. The Receiving Party shall ensure that Protected Material is maintained with the same duty of care with which the Receiving Party protects its own trade secrets or other confidential financial, research, development, communications, or commercial information which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices.

D. Pursuant to this Court's Civil Privacy Notice (https://www.dcd.uscourts.gov/civil-privacy-notice), the Parties shall refrain from filing (electronically or in paper), or shall partially redact where inclusion is necessary, social security numbers, names of minor children, dates of birth, and financial account information (except for the last four digits of the account), unless otherwise ordered by the Court.

E. <u>Additional Provisions For Personal Data Materials</u>: A Party receiving Personal Data Materials from a Producing Party shall take reasonable technical and operational measures to protect such Personal Data Materials against accidental loss and unauthorized use (unauthorized use being use for any purpose other than this Action). This shall include each Party: (i) retaining an inventory of all mobile devices on which such Personal Data Materials are stored and taking reasonable technical and operational measures to ensure that any such Personal Data Materials on such mobile devices are protected (at a minimum by way of password protection or encryption) from accidental loss and/or unauthorized use; and (ii) keeping a listing of all physical locations of computer servers or similar stationary storage equipment where the Personal Data Materials are held. Other than for the transfer, transportation or delivery of such Personal Data Materials to the country from which the documents originated or the region covered by the same law or regulation (such as European Economic Area for the GDPR), or, provided such transfer, transportation, or delivery is made in accordance with the applicable law or regulation, for transfer, transportation or delivery to such other places where information may be used or collected for purposes of the Action, such Personal Data Materials shall not be transferred or otherwise removed from the United States. A Party shall notify the disclosing party immediately if such Party becomes aware of any unauthorized or unlawful use, loss, or disclosure of the Personal Data Materials. Each Party shall ensure that anyone handling Personal Data Materials on such Party's behalf has been specifically apprised of the requirement of this paragraph. Nothing in this paragraph shall prevent a Producing Party from redacting Personal Data Materials from Discovery Materials.

### 7. **<u>DISCLOSURE OF "CONFIDENTIAL" INFORMATION OR ITEMS</u>**

Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information or item with a Confidential Legend only to:

A. The Receiving Party's outside counsel of record in this Action, as well as outside counsel's employees to whom it is reasonably necessary to disclose the information for this Action;

B. The Receiving Party's officers, directors, and employees to whom disclosure is reasonably necessary for this Action;

C. The Receiving Party's experts, retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action ("Experts), to whom disclosure is reasonably necessary for this Action and who have signed Non-Disclosure Agreement in Exhibit A ("Exhibit A");

D. The Court and its personnel;

E. Court reporters and their staff;

F. Professional jury or trial consultants, mock jurors, and persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors ("Professional Vendors"), to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A;

G. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

H. In connection with depositions or pre-trial proceedings in this Action, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided that: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any Confidential Material, unless otherwise agreed by the Producing Party or ordered by the Court.

I.  Any mediator or arbitrator, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

J.  Any person who the Parties agree in writing may receive Confidential Information and who have signed Exhibit A.

## 8. DISCLOSURE OF "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" OR "HIGHLY CONFIDENTIAL-PERSONAL DATA" INFORMATION OR ITEMS

Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information with a Personal Data Legend or AEO Legend only to:

A.  The Receiving Party's outside counsel of record in this Action, as well as outside counsel's employees to whom it is reasonably necessary to disclose the information for this Action;

B.  In-house counsel or additional outside counsel for a Party provided that the disclosure is for purposes of advising a party in connection with this Action;

C.  A Receiving Party's Expert to whom disclosure is reasonably necessary for this Action and who has signed Exhibit A, provided that such Expert is not a competitor or existing or potential customer, or a director, officer, employee or agent of a competitor or of a customer or potential customer of the Producing Party;

D.  The Court and its personnel;

E.  Court reporters and their staff;

F.  Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A;

G.  In connection with depositions or pre-trial proceedings in this Action, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided that: (1) the

-9-

deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any AOE Material or Personal Data Material, unless otherwise agreed by the Producing Party or ordered by the Court.

    H. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

    I. Any mediator or arbitrator, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

    A. If a Party or Non-Party is served with a subpoena or court order issued in another litigation or other legal process that compels disclosure of any information or items designated in this Action as Protected Material, that Party must:

        i. Promptly notify in writing the Producing Party. Such notification shall include a copy of the subpoena or court order;

        ii. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

        iii. Cooperate with respect to reasonable procedures sought to be pursued by the Producing Party whose Protected Material may be affected.

    B. If the Producing Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as Protected Material before a determination by the court from which the subpoena or order was issued, unless the Party has obtained the Producing Party's consent. The Producing Party shall bear the burden

and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

C. If, in the absence of a protective order or other remedy or the receipt of a waiver by the Producing Party, a Receiving Party is nonetheless, in the opinion of its counsel, legally compelled to disclose Protected Material or else stand liable for contempt or suffer other censure or penalty, the Receiving Party may, without liability under this Stipulation, disclose only that portion of the Protected Material which its counsel advises it is legally required to be disclosed, provided that the Receiving Party exercises its commercially reasonable efforts to preserve the confidentiality of the Protected Material, including, without limitation, by taking commercially reasonable measures to cooperate with the Producing Party to obtain an appropriate protective order or other reliable assurance that the Protected Material will be treated as confidential by the party to whom such material will be produced, and then only with as much prior written notice to the Producing Party as is practical under the circumstances.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If a Receiving Party receives any Discovery Material which the Producing Party deems to contain inadvertently disclosed information protected by the attorney-client privilege, the work product doctrine, or any other recognized privilege or protection ("Privileged Material"), such inadvertent disclosure by any person of any Privileged Material shall not waive any such privilege or protection for the Privileged Material or for the subject matter of that material in the Action or any other state or federal proceeding or other proceeding, pursuant to Federal Rule of Evidence 502(d) and (e) and Federal Rule of Civil Procedure 26(b)(5)(B). This Order shall not excuse a Producing Party from taking reasonable steps to identify, in advance of production, its documents and information which contain Privileged Material. It is expressly contemplated that computerized searches of data using keywords and search terms to identify Privileged Material shall be considered sufficient and reasonable measures to support the assertion of inadvertent production. In the event Privileged Material has been inadvertently disclosed, the following "claw back" procedures shall apply:

A. The Party seeking the claw back will send a letter identifying the Privileged Material to be returned and stating the grounds for privilege.

B. The recipient(s) thereof will either return the Privileged Material, without retaining any copies, or respond in writing within ten (10) days, with an explanation as to why the Privileged Material should not be protected. If there is a dispute as to the return of the Privileged Material, the Party seeking the claw back and the applicable recipient(s) will meet and confer within ten (10) days of the response required by this clause.

C. If the issue remains unresolved, the Party seeking the claw back will make an application to the Court within ten (10) days of the meet and confer.

D. Until the issue has been fully and finally resolved, such Privileged Material shall, for all purposes, be considered Privileged Material.

### 12. RIGHT TO FURTHER RELIEF OR OBJECTIONS

A. Nothing in this Order abridges the right of any Party to seek modification of this Order by the Court in the future.

B. The Parties do not waive any right they otherwise would have to object to the disclosure or production of information not addressed in this Order. Similarly, no Party waives any right to object to the use in evidence of any of the material covered by this Order.

### 13. OTHER ADDITIONAL PARTIES AND NON-PARTIES

A. In the event an additional party joins or has joined in the Action, it shall not have access to Protected Material until the newly-joined party has itself, or by its counsel, has executed and filed with the Court its agreement to be fully bound by this Stipulation.

B. Non-parties (third parties) that produce documents pursuant to a subpoena or otherwise respond to discovery requests in this Action are intended third-party beneficiaries of this Stipulation and have the right to enforce the terms of this Stipulation as necessary to, *inter alia*, protect the confidentiality of Discovery Materials they produce.

### 14. FILING PROTECTED MATERIAL UNDER SEAL

This Order does not entitle a Party to file Protected Material under seal and no Protected Material shall be filed in the public record or filed under seal absent an order of the Court. In the event that a Receiving Party wishes to file with the Court any Protected Material, it must provide notice to the Producing Party and confer in good faith to try to reach an agreement regarding the filing of such materials in the public record. If no agreement can be reached and the Producing Party does not consent to such material being filed in the public record, the Receiving Party shall

make an application to the Court for (i) and order permitting the filing of such material under seal in accordance with the Local Rules, the Case Management Order, and the Court's procedures for E-Filing Sealed Documents in Non-Sealed Civil Cases; or (ii) a determination that such material should not be treated as Protected Material. The Parties will use their best efforts to minimize such sealing.

### 15. FINAL DISPOSITION

Following the final disposition of this Action, including all appeals, within sixty (60) days of a written request by the Producing Party, each Receiving Party must return all Protected Materials to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the sixty-day deadline that (a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order.

SO ORDERED

Dated: 10/9/19

RICHARD J. LEON
United States District Judge

-14-

8817522.3

SO STIPULATED AND AGREED
Dated: October 4, 2019

_____
Alan S. Lewis (# NY0252)
John J. Walsh
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel: 212-238-8647

_____
Kim H Sperduto (# 416127)
Sperduto Thompson & Gassler PLC
1747 Pennsylvania Ave., NW, Suite 1250
Washington, DC 20006
Tel: (202) 408-8900

*Counsel for Plaintiffs*

_____
Joshua A. Levy
Rachel M. Clattenburg
CUNNINGHAM LEVY MUSE LLP
1401 K Street, NW, Suite 600
Washington, DC 20005
Tel: 202-261-6564

*Counsel for Defendants*

-15-

8817522 2

**Exhibit A**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MIKHAIL FRIDMAN, PETR AVEN,
and GERMAN KHAN,

                Plaintiffs,

-v-

BEAN LLC (A/K/A FUSION GPS) and
GLENN SIMPSON,

                Defendants.

Case 1:17-CV-02041 (RJL)

**NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order ("Stipulation") in this Action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree to comply with the terms of the Stipulation, not disclose such Discovery Material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it or destroy such information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the District of Columbia for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Stipulated Confidentiality Agreement and Protective Order could subject me to punishment for contempt of Court.

DATED: _____

88175222