**EXHIBIT 2**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
——————————————————————X
                                                    :
MIKHAIL FRIDMAN, PETR AVEN, AND        :        Case 1:17-CV-02041 (RJL)
GERMAN KHAN,                                         :
                                                    :
                    Plaintiffs,                     :
                                                    :
        -v-                                         :
                                                    :
BEAN LLC (A/K/A FUSION GPS) AND GLENN  :
SIMPSON,                                            :
                                                    :
                    Defendants.                     :
                                                    :
——————————————————————X

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO
## DEFENDANTS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 26 of the Federal Rules of Civil Procedure (the "Federal Rules") and the

Local Rules of the District Court for the District of Columbia (the "Local Rules"), Plaintiffs

Mikhail Fridman ("Fridman"), Petr Aven ("Aven"), and German Khan ("Khan" and, collectively

with Fridman and Aven, "Plaintiffs"), by and through their undersigned counsel, hereby respond

and object to Defendants' First Request for Production of Documents, dated October 11, 2019

(each a "Request," and together, the "Requests"), as follows:

## GENERAL OBJECTIONS AND RESPONSES

A.      These responses and objections (each a "Response" and together the

"Responses") are being provided based upon documents and information presently available and

known to Plaintiffs.  Plaintiffs reserve, and do not waive, (i) the right to rely on any information,

facts, documents, or other materials that may subsequently come to Plaintiffs' attention through

disclosure or otherwise; (ii) the right to assert additional objections should Plaintiffs determine a

basis for doing so; (iii) any and all objections as to the relevance, authenticity, or admissibility of

any general or specific information, facts, documents, or other materials provided pursuant to these Responses and/or in response to the Requests; (iv) the right to object, on any appropriate ground, to any demands or requests for additional discovery by any method, device, medium or format; and (v) the right to supplement, amend, modify, or clarify these Responses.

B.    Plaintiffs object to the Requests, including to each of the definitions and instructions set forth therein, to the extent that they seek or are intended to impose obligations that exceed those under the Federal Rules, the Local Rules, and/or applicable law. Plaintiffs' Responses are limited to their obligations under the Federal Rules, the Local Rules, and applicable law.

C.    Plaintiffs object to the Requests, including to each of the definitions and instructions set forth therein, to the extent that any Request prematurely seeks expert disclosure. Fact discovery is not scheduled to conclude until November 13, 2020, and expert discovery is not scheduled to conclude until February 5, 2021. Plaintiffs reserve the right to amend their Response to any Request at the conclusion of expert discovery.

D.    Plaintiffs object to the Requests, including to each of the definitions and instructions set forth therein, to the extent that they are vague, ambiguous, overly broad (whether in terms of time, scope and/or subject matter), unduly burdensome, or are formulated so as to seek documents and information that are not relevant to the issues in the above-captioned action (the "Action"), or not proportional to the needs of the case.

E.    Plaintiffs object to the Requests to the extent that they create unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice to Plaintiffs.

F.    Plaintiffs object to the Requests to the extent that they do not specify the information sought with reasonable particularity.

G.     Plaintiffs object to the Requests, including to each of the definitions and instructions set forth therein, to the extent they request information more appropriately supplied in response to a pretrial order.

H.     Plaintiffs object to the Requests to the extent they require Plaintiffs to make legal conclusions and/or presuppose legal conclusions that are disputed, concern matters of law, and/or call for opinions or interpretations.

I.     Plaintiffs object to the Requests, including to each of the definitions and instructions set forth therein, to the extent that any specific Request is duplicative, repetitive, or cumulative, in whole or in part, of any other specific Request.  Any objections set forth in a Response to any Request shall be deemed to be part of any Response to any other Request that is duplicative, repetitive, or cumulative of it, whether or not such objections are specifically set forth in the latter Response.

J.     Plaintiffs object to the Requests, including to each of the definitions and instructions set forth therein, to the extent that they seek or are intended to seek documents protected by the attorney-client privilege, the work-product doctrine, or any other privilege and/or protection or immunity from disclosure.  Plaintiffs' Responses do not include documents that are privileged, work-product, or otherwise protected or immune from disclosure.  The inadvertent inclusion of any such documents shall not constitute a general or specific waiver of any such privilege, protection, or immunity.

K.     Plaintiffs object to the Requests, including to each of the definitions and instructions set forth therein, to the extent that they seek or are intended to seek documents not within Plaintiffs' possession, custody, or control, and/or documents within the possession, custody, or control of non-parties over whom Plaintiffs have no authority and/or control.  In

responding to the Requests, Plaintiffs are responding on their behalf only and producing documents only within Plaintiffs' possession, custody, or control. For the avoidance of doubt, Plaintiffs are not responding on behalf of the Alfa conglomerate of entities, including Alfa-Bank JSC (also known as JSC Alfa-Bank and Alfa-Bank AO), ABH Holdings S.A., Alfa Capital, AlfaStrakhovanie, Alfa Asset Management (Europe) S.A., A1, X5 Retail Group, Rosvodokanal Group, and IDS Borjomi International Group ("Alfa"), or any of their subsidiaries or affiliates, Letterone Holdings S.A. and Letterone Investment Holdings S.A., or any of their subsidiaries or affiliates, or any other person or entity whose information and documents are not within Plaintiffs' possession, custody, or control.

L.     Plaintiffs object to the Requests, including to each of the definitions and instructions set forth therein, to the extent that they seek information that may be obtained from other sources or by other means that are more convenient, less burdensome, and/or less expensive, or that is already in the possession of the Defendants.  Plaintiffs reserve the right to not produce articles or other documents that are publicly available and would require Plaintiffs obtaining them from the public domain to which Defendants have equal access.

M.     Plaintiffs object to the Requests, including each of the definitions and instructions set forth therein, to the extent they seek or are intended to seek "all" documents.  Any such requests are overly broad, unduly burdensome, duplicative, repetitive, and cumulative. Nonetheless, Plaintiffs will make a good faith effort to locate and produce documents responsive to any such request, subject to Plaintiffs' objections.

N.     Plaintiffs object to the Requests, including each of the definitions and instructions set forth therein, to the extent they assume or characterize, or are intended to assume or characterize, facts or law.  These Responses shall not constitute an endorsement, admission,

concession, agreement with, or acceptance of any such assumptions or characterizations. Plaintiffs expressly reserve, and do not waive, any objections to any characterizations of fact or law set forth in the Requests.

O.     Plaintiffs object to the Requests to the extent they seek confidential and non-public information or information that is subject to data protection, privacy, secrecy or blocking laws, statutes or regulations (including the European Union General Data Protection Regulation), trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would be contrary to law or detrimental to the conduct of Plaintiffs' business interests or otherwise substantially likely to cause injury to Plaintiffs, and otherwise not protected under the limited Stipulated Confidentiality Agreement and Protective Order (Docket Doc. No. 67), and object to the production of such information unless and until appropriate protections are put into place.

P.     Plaintiffs object to the Requests to the extent that they may be read to call for the production of information generated in furtherance of or otherwise relating to attempts to compromise or settle any claim or dispute.

Q.     Plaintiffs intend to make an initial production of documents within thirty days from the date of these Responses, unless circumstances reasonably require additional time for production. Plaintiffs intend to complete their production by January 6, 2020, as set forth in the Local Rule 16.3 Scheduling Order (Doc. 65), unless otherwise agreed or circumstances reasonably require additional time for production. Plaintiffs' completion of their document production may depend on the parties' cooperating on an agreement concerning a reasonable search protocol for any electronically-stored documents and information, including search terms, date ranges and other parameters to be applied to such search. Plaintiffs reserve and do not

waive the right to, in lieu of production, make responsive documents available to Defendants at a reasonable time, place, and manner, and upon such other terms as may be determined by agreement of the parties or, failing that, order of the Court.

R. Plaintiffs reserve all objections at any hearing or trial or on any motion to the use or admissibility of any documents identified, made available, or produced. The disclosure of any documents does not constitute an admission by Plaintiffs that such documents are relevant to the action or admissible in evidence.

S. A representation that documents will be produced or made available for inspection in response to a particular Request shall not be construed as a representation that any such documents actually exist, but only that such documents shall be searched for and produced or made available to the extent that such documents exist, are available, and can be located and identified after reasonable efforts.

T. Any reference herein to any allegation or definition from Defendants' Requests, or any other document filed or served by Defendants, shall not constitute Plaintiffs' agreement with or acquiescence in any such allegation, description, or definition.

U. For any electronically-stored documents and information, Plaintiffs will conduct a reasonable search for responsive and accessible documents and information upon an agreement among the parties concerning a search protocol for such documents, including (without limitation) with respect to search terms, date ranges and other parameters to be applied to such search. In the absence of an agreement between the parties, Plaintiffs will conduct a reasonable search for responsive and accessible electronic documents and will make a good faith effort to locate and produce responsive documents.

V. Plaintiffs will produce copies of responsive documents in lieu of originals.

W.     Plaintiffs object to the definitions of "You" and "Your" as vague, ambiguous, and overly broad.  For purposes of these Responses, Plaintiffs construe all references to "You" and "Your" to mean Fridman, Aven, and Khan.   Where appropriate, for certain Requests, the Plaintiffs have provided separate responses.

X.     Plaintiffs object to the relevant time period as overly broad and burdensome.

Y.     Plaintiffs object to the definition of "Alfa" as overly broad, vague, and including entities that have no relevance to the issues in this Action.

Z.     Plaintiffs object to the definition of "Other Entities" as overly broad, vague, and including entities that have no relevance to the issues in this Action.

AA.     Plaintiffs object to the definition of "Trump Investigations" as overly broad, vague, and encompassing matters not at issue in the Action.

BB.     The "Dossier" means the compilation of 17 separate memoranda, totaling 35 pages, prepared by Christopher Steele and/or Orbis Business Intelligence Ltd., as described in Paragraphs 1 and 2 of the Complaint.  "CIR 112" means Company Intelligence Report ("CIR") 112 entitled "RUSSIA/US PRESIDENTIAL ELECTION: KREMLIN-ALPHA GROUP CO-OPERATION," which was part of the Dossier, and the contents therein.

CC.     The foregoing General Objections and Responses are incorporated by reference in each of the specific Responses appearing below.

## RESPONSES AND OBJECTIONS

Subject to and without waiver of the foregoing General Objections, Plaintiffs specifically object and respond to Defendants' Requests as follows:

**REQUEST NO. 1:**   Any and all documents you rely on in answering the Interrogatories and/or identified in your Answers to Interrogatories.

**RESPONSE:** Plaintiffs object to this Request to the extent that it requests production of publicly available documents to which Defendants have equal access. Subject to the foregoing objection, and to Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce documents on which they rely in answering the Interrogatories and/or identified in their Answers to Interrogatories.

**REQUEST NO. 2:** All documents relating to the truth or falsity of the statement quoted in paragraph 19 of the Complaint: "RUSSIA/US PRESIDENTIAL ELECTION: KREMLIN-ALPHA GROUP CO-OPERATION."

**RESPONSE:** Subject to the Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available documents relating to the truth or falsity of the statement suggesting that Plaintiffs or Alfa cooperated with the Kremlin regarding the 2016 U.S. presidential election.

**REQUEST NO. 3:** All documents relating to the truth or falsity of the statements quoted in paragraph 20 of the Complaint.

**RESPONSE:** Subject to the Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available documents relating to the truth or falsity of the statements quoted in paragraph 20 of the Complaint.

**REQUEST NO. 4:** All documents relating to the truth or falsity of the statements quoted in paragraph 21 of the Complaint.

**RESPONSE:** Subject to the Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available documents relating to the truth or falsity of the statements quoted in paragraph 21 of the Complaint.

**REQUEST NO. 5:** All documents relating to the truth or falsity of the statements quoted in paragraph 22 of the Complaint.

**RESPONSE:** Subject to the Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available documents relating to the truth or falsity of the statements quoted in paragraph 22 of the Complaint.

**REQUEST NO. 6:** All documents relating to the truth or falsity of the statements quoted in paragraph 24 of the Complaint.

**RESPONSE:** Subject to the Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available documents relating to the truth or falsity of the statements quoted in paragraph 24 of the Complaint.

**REQUEST NO. 7:** All documents relating to the truth or falsity of the statements quoted in paragraph 27 of the Complaint.

**RESPONSE:** Subject to the Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available documents relating to the truth or falsity of the statements quoted in paragraph 27 of the Complaint.

**REQUEST NO. 8:** All documents relating to the allegation in Paragraph 29 of the Complaint that the statements about the Plaintiffs in the Dossier are false.

**RESPONSE:** Subject to the Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available documents relating to the statements about Plaintiffs in CIR 112, alleged in Paragraph 29 of the Complaint to be false.

**REQUEST NO. 9:** All documents relating to the allegation in Paragraph 34 of the Complaint that the "statements published and republished by the Defendants . . . were made negligently or with reckless disregard of whether they were true or false."

**RESPONSE:** Plaintiffs object to this Request as responsive documents are more likely in the possession, custody, or control of Defendants (or third parties), which should produce such documents. Subject to the foregoing objection and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available

documents relating to the relating to the allegation in Paragraph 34 of the Complaint that the "statements published and republished by the Defendants . . . were made negligently or with reckless disregard of whether they were true or false."

**REQUEST NO. 10:** To the extent not produced in response to the foregoing requests, all documents that support Plaintiffs' allegation that the statements in CIR 112 are false.

**RESPONSE:** Subject to the Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available documents that support the conclusion that statements made about Plaintiffs in CIR 112 are false.

**REQUEST NO. 11:** All documents that reflect, refer to, substantiate, or support each and every allegation in the Plaintiffs' Complaint.

**RESPONSE:** Plaintiffs object to this Request as overly broad, duplicative of previous requests, and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this Request as seeking documents not relevant to the issues in the Action inasmuch as documents that "reflect" or "refer to" each and every allegation of Plaintiffs' Complaint are not necessarily relevant to the issues in the Action. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available documents that reflect, refer to, substantiate, or support the allegations in the Complaint that are relevant to the issues in the Action.

**REQUEST NO. 12:** All documents of your transactions made directly or indirectly with Vladimir Putin, members of his family, or his representatives.

**RESPONSE:** Plaintiffs object to this Request on the basis that the terms "transactions" and "indirectly" are vague and ambiguous, and on the basis that the Request's references to "members of [Vladimir Putin's] family" and "[Vladimir Putin's] representatives" are vague and ambiguous, which make the Request unsusceptible to a response. Plaintiffs object to this request

as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, and on the basis that it seeks documents which are not relevant to the issues in the Action, and as failing to describe the documents requested with sufficient particularity. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs state they are not aware of having any transactions with Putin or persons known or believed by them to be his family members or representatives, and thus have no responsive documents.

**REQUEST NO. 13:** All documents of Alfa's and/or Other Entities' transactions made directly or indirectly with Vladimir Putin, members of his family, or his representatives.

**RESPONSE:** Plaintiffs object to this Request on the basis that the terms "transactions" and "indirectly" are vague and ambiguous, and on the basis that the Request's references to "members of [Vladimir Putin's] family" and "[Vladimir Putin's] representatives" are vague and ambiguous, which make the Request unsusceptible to a response. Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, and on the basis that it seeks documents which are not relevant to the issues in the Action, and as failing to describe the documents requested with sufficient particularity. Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control, such as Alfa and Other Entities.

**REQUEST NO. 14:** All documents received by, produced by, or served upon you in connection with the Mueller Investigation.

**RESPONSE:** Plaintiffs object to this request as duplicative of Request No. 19, and to the extent it requests documents not relevant to the issues in this Action or materials presented to a grand jury.

Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Aven will make a good faith effort to locate and produce any available documents received by, produced by, or served upon him in connection with the Mueller Investigation.

Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Fridman and Khan respond that they do not have documents responsive to this Request.

**REQUEST NO. 15:** All documents received by, produced by, or served upon Alfa and/or Other Entities in connection with the Mueller Investigation.

**RESPONSE:** Plaintiffs object to this Request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control, such as Alfa and Other Entities.

**REQUEST NO. 16:** All documents received by or served upon you in connection with any of the Trump Investigations.

**RESPONSE:** Plaintiffs object to this Request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, and on the basis that it is vague, ambiguous, and duplicative of Request No. 14. Plaintiffs object to this Request as seeking documents which are not relevant to the issues in the Action, and as failing to describe the documents requested with sufficient particularity. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce available documents, if any, received by or served upon them in connection with any Trump-related investigations involving CIR 112 or the contents therein.

**REQUEST NO. 17:** All documents received by or served upon Alfa and/or Other Entities in connection with any of the Trump Investigations.

**RESPONSE:** Plaintiffs object to this Request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, and on the basis that it is vague, ambiguous, and seeks documents which are not relevant to the issues in the Action, and as failing to describe the documents requested with sufficient particularity. Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control, such as Alfa and Other Entities.

**REQUEST NO. 18:** To the extent not produced in response to the foregoing requests, all documents related to any Trump Investigation.

**RESPONSE:** Plaintiffs object to this Request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, and on the basis that it is vague, ambiguous, and seeks documents which are not relevant to the issues in the Action, and as failing to describe the documents requested with sufficient particularity. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available documents, if any, relating to any Trump-related investigations involving CIR 112 or the contents therein.

**REQUEST NO. 19:** To the extent not produced in response to the foregoing requests, all documents related to any Mueller Investigation.

**RESPONSE:** Plaintiffs object to this Request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, is duplicative of Request No. 14, and on the basis that it is vague, ambiguous, and confusing in seeking documents relating to "any" investigation by Mueller. Plaintiffs object to this Request as seeking documents which are not relevant to the issues in the Action, and as failing to describe the documents requested with sufficient particularity. Subject to the foregoing objections and Plaintiffs' General Objections

13

and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any

documents relating to any Mueller investigation involving CIR 112 or the contents therein.

**REQUEST NO. 20:**  All documents received by you, Alfa or the Other Entities or served upon you from or on behalf of prosecutor Jose Grinda or any other Spanish law enforcement or judicial official, or agency.

**RESPONSE:**  Plaintiffs object to this request as overly broad and unduly burdensome

insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this request as

seeking documents which are not relevant to the issues in the Action. Proceedings or

investigations involving Spanish law enforcement or governmental entities has no relevance to

the statements in CIR 112. Plaintiffs object to this request as seeking documents not within

Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom

Plaintiffs have no control, such as Alfa and Other Entities. Subject to the foregoing objections

and Plaintiffs' General Objections and Responses set forth above, Fridman states that he intends

to withhold any responsive documents on the basis of these objections.

Subject to the foregoing objections and Plaintiffs' General Objections and Responses set

forth above, Aven and Khan state they are not aware of receiving documents from Jose Grinda or

any other Spanish law enforcement or judicial official, or agency, and thus do not have

documents responsive to this Request.

**REQUEST NO. 21:**  All documents sent by, or on behalf of, you, Alfa or the Other Entities to prosecutor Jose Grinda or anyone acting on his behalf or any other Spanish law enforcement or judicial official, or agency.

**RESPONSE:**  Plaintiffs object to this request as overly broad and unduly burdensome

insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this request as

seeking documents which are not relevant to the issues in the Action. Proceedings or

investigations involving Spanish law enforcement or governmental entities has no relevance to

the statements in CIR 112 or other issues relevant in the Action. Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control, such as Alfa and Other Entities. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Fridman states that he intends to withhold any responsive documents on the basis of these objections.

Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Aven and Khan state they are not aware of sending documents to Jose Grinda or any other Spanish law enforcement or judicial official, or agency, and thus do not have documents responsive to this Request.

**REQUEST NO. 22:** Any and all communications between you, on the one hand, and any other person, on the other hand, concerning the Dossier (including the allegations contained therein), the Democratic Hack, and/or concerning any of the Defendants.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this Request as vague, ambiguous, and as seeking documents which are not relevant to the issues in the Action. Documents concerning the Democratic Hack are not relevant to the issues in the Action. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available Plaintiffs' communications concerning CIR 112 or the contents therein, and/or any of the Defendants.

**REQUEST NO. 23:** Any and all communications between Alfa and/or Other Entities, on the one hand, and any other person, on the other hand, concerning the Dossier (including the allegations contained therein), the Democratic Hack, and/or concerning any of the Defendants.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this Request as

vague, ambiguous, and as seeking documents which are not relevant to the issues in the Action. Documents concerning the Democratic Hack are not relevant to the issues in the Action. Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control, such as Alfa and Other Entities. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available Plaintiffs' communications concerning CIR 112 or the contents therein, and/or any of the Defendants, as indicated in response to Request No. 22.

**REQUEST NO. 24:** Any and all communications between you, on the one hand, and any of the following persons, on the other hand, between January 1, 1990 and the present:

(a)     Howard Ash

(b)     Anders Aslund

(c)     James A. Baker III

(d)     James Baker

(e)     Mike Baker

(f)     Haley Barbour

(g)     Ken Bensinger

(h)     Jeffrey Birnbaum

(i)     Sir Leonard Blavatnik

(j)     Nicholas Burgess

(k)     William J. Burns

(l)     Richard Burt

(m)     Fred Burton

(n)     Groslyn Burton

(o)     Charlie Carr

(p)     Chabad House at Harvard, or anyone known or suspected of being associated with it;

(q)     Jim Cobery

(r)     Jonathan Davis

(s)     Dimitry Dikman

(t)     Jill Dougherty

(u)     Robert Dudley

(v)     David Edwards

(w)     Umer Erginsoy

(x)     Maria Faasen

(y)     Jeffrey W. Ferguses

(z)     Oleg Firer

(aa)    Mark Galeotti

(bb)    Toby Gati

(cc)    Gennady Gazin

(dd)    Genesis Philanthropy Group or anyone known or suspected of being associated with it;

(ee)    Thomas W. Gilligan

(ff)    David Grenker

(gg)    The Guggenheim Foundation or Museum or anyone known or suspected of being associated with it;

(hh)     Steven Hall

(ii)     John Halsted

(jj)     Andrew Hayes

(kk)     Thomas Helsby

(ll)     Fred Hiatt

(mm)    David Higgins

(nn)     Hill+Knowlton Strategies, or anyone known or suspected of being associated with it;

(oo)     Daniel Hoffman

(pp)     Karl V. Hopkins

(qq)     Matthias Horbach

(rr)     Robert Hormats

(ss)     Hudson Sandler, or anyone known or suspected of being associated with it;

(tt)     David Ignatius

(uu)     Andrey Illiaronov

(vv)     Carl Jenkins

(ww)    Adrian Karatnycky

(xx)     Keenan Center or anyone known or suspected of being associated with it;

(yy)     Fred Kempe

(zz)     Konstantin Kilimnik

(aaa)    Alexa King

(bbb)    Denis Klimentchenko

| | |
|---|---|
| (ccc) | Alex Knaster |
| (ddd) | Yuri Koshkin |
| (eee) | Robert Kraft |
| (fff) | Kroll or anyone known or suspected of being associated with it; |
| (ggg) | Jeremy M. Kroll |
| (hhh) | Jules B. Kroll |
| (iii) | Simon Kukes |
| (jjj) | Jared Kushner |
| (kkk) | Josh Kushner |
| (lll) | James C. Langdon Jr. |
| (mmm) | Vladimir Lechtman |
| (nnn) | Eric Lichtblau |
| (ooo) | David Lipton |
| (ppp) | Mark MacDougall |
| (qqq) | Maria Mammina |
| (rrr) | Paul Manafort |
| (sss) | Kevin Mandia |
| (ttt) | Mandiant or anyone known or suspected of being associated with it; |
| (uuu) | Peter Martelli |
| (vvv) | Joy McGrath |
| (www) | McLarty Associates or anyone known or suspected of being associated with it; |

(xxx)      Ed Mermelstein

(yyy)      Clark R. Moore

(zzz)      Alejandro Moreno

(aaaa)      Michael Movsovich

(bbbb)      Myrmidon Group LLC or anyone known or suspected of being associated with it;

(cccc)      Neue Galerie or anyone known or suspected of being associated with it;

(dddd)      Eric Nitcher

(eeee)      Orbis Business Intelligence Limited, or anyone known or suspected of being associated with it;

(ffff)      Carter Page

(gggg)      U.S. Office of Foreign Assets Control or anyone known or suspected of being associated with it;

(hhhh)      Richard Palmer

(iiii)      Javier Perez Dolset

(jjjj)      The Peter G. Peterson Institute for International Economics or anyone known or suspected of being associated with it;

(kkkk)      Stan Polovets

(llll)      Adam Posen

(mmmm)      Bill Priestap

(nnnn)      Erik Prince

(oooo)      Public Investment Fund of Saudi Arabia or anyone known or suspected of being associated with it;

(pppp)      Stephen Rademaker

(qqqq)      Tom Reed

| | |
|---|---|
| (rrrr) | Alexey Reznikovich |
| (ssss) | Ed Rogers |
| (tttt) | Matthew Rojansky |
| (uuuu) | Jack Rosen |
| (vvvv) | David Rubenstein |
| (wwww) | Ilia Salita |
| (xxxx) | Peter Salovey |
| (yyyy) | Natan Sharansky |
| (zzzz) | Dimitri Simes |
| (aaaaa) | Scott V. Simpson |
| (bbbbb) | Ronald Paul Smith |
| (ccccc) | Christopher Steele |
| (ddddd) | Stroz Freidberg or anyone known or suspected of being associated with it; |
| (eeeee) | Bernard Sucher |
| (fffff) | Lawrence Summers |
| (ggggg) | Vladislav Surkov |
| (hhhhh) | Stanford University Hoover Institution, or anyone known or suspected of being associated with it; |
| (iiiii) | Peter Thiel |
| (jjjjj) | Trident Group, LLC or anyone known or suspected of being associated with it; |
| (kkkkk) | Pranav L. Trivedi |
| (lllll) | The Trump Campaign |

(mmmmm) Matthias Warnig

(nnnnn)     Andrew Weissman

(ooooo)     Eric J. Wendel

(ppppp)     Andrej Wolf

(qqqqq)     Curtis Wolfe

(rrrrr)     Sir Andrew Wood

(sssss)     Bob Wood

(ttttt)     Yale University's President Council on International Activities, or anyone known or suspected of being associated with it;

(uuuuu)     Rabbi Hirschy Zarchi

(vvvvv)     Ilya Zaslavsky

(wwwww) Mike Zoi

**RESPONSE:**  Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, and insofar as it contains 127 discrete subparts. Plaintiffs object to this request as vague, ambiguous, and confusing in that it requests communications between persons "known or suspected of being associated with" certain entities. Plaintiffs object to this Request as seeking documents which are not relevant to the issues in the Action. Plaintiffs are unaware of the relevance of communications with the individuals or entities named in the Request and are unaware of relevant subject matters on which they would have information, and for these reasons, as well as based on Plaintiffs' objections, consider this Request not susceptible to a response. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will

produce their communications relating to CIR 112 or the contents therein, or that are otherwise relevant to the issues in the Action.

**<u>REQUEST NO. 25:</u>** Any and all communications between you, on the one hand, and any of the following persons, on the other hand:

(a)  Oleg Govorun

(b)  Anton Vaino

(c)  Vladimir Putin

(d)  Viktor Vekselberg

(e)  Vladimir Bogdanov

(f)  Oleg Deripaska

(g)  Suleiman Kerimov

(h)  Igor Rotenberg

(i)  Kirill Shamalov

(j)  Andrei Skoch

(k)  Lev Parnas

(l)  Igor Fruman

(m)  David Correia

(n)  Andrey Kukushkin

(o)  Valeria Gontareva

(p)  Petro Poroshenko

(q)  The FSB, or anyone known or suspected of being associated with it;

(r)  The GRU, or anyone known or suspected of being associated with it.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, and insofar as it contains 18 discrete subparts. Plaintiffs object to this request as vague, ambiguous, and confusing in that it requests communications between persons "known or suspected of being associated with" certain entities. Plaintiffs object to this Request as seeking documents which are not relevant to the issues in the Action. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will produce their communications relating to CIR 112 or the contents therein, or that are otherwise relevant to the issues in the Action.

**REQUEST NO. 26:** All documents relating to any meetings between you, Alfa, or the Other Entities, on the one hand, and Vladimir Putin or anyone acting on his behalf or on behalf of the Russian government, on the other hand.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this request as vague, ambiguous, overly broad, and confusing in that seeks documents relating to meetings with "anyone" acting on Putin's or the Russian government's behalf. Plaintiffs object to this Request as seeking documents which are not relevant to the issues in the Action. Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control, such as Alfa and Other Entities. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available documents relating to any meetings between Plaintiffs and Putin, persons on behalf of Putin, and persons on behalf of the Russian government, that relate to CIR 112 or the contents therein, or that are otherwise relevant to the issues in the Action.

**REQUEST NO. 27:** All documents relating to any meetings between Anton Vaino and you, Alfa or Other Entities.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this request as seeking documents which are not relevant to the issues in the Action. Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control, such as Alfa and Other Entities. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available documents relating to meetings between Plaintiffs and Anton Vaino that relate to CIR 112 or the contents therein, or that are otherwise relevant to the issues in the Action.

**REQUEST NO. 28:** All documents relating to any business deals or financial transactions between you and the Russian government or anyone acting on its behalf.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this request as vague, ambiguous, and confusing in what is meant by business deals and financial transactions and as applicable to "anyone" acting on the Russian government's behalf. Plaintiffs object to this request as seeking documents which are not relevant to the issues in the Action. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs state that they are not aware of having any business deals or financial transactions with the Russian government, and thus have no documents responsive to this Request.

**REQUEST NO. 29:** All documents relating to any business deals or financial transactions between Alfa or Other Entities and the Russian government or anyone acting on its behalf.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this request as

vague, ambiguous, and confusing in what is meant by "business deals or financial transactions" and as applicable to "anyone" acting on the Russian government's behalf. Plaintiffs object to this request as seeking documents which are not relevant to the issues in the Action. Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control, such as Alfa and Other Entities. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs state that they have no documents responsive to this Request.

**REQUEST NO. 30:** Any and all communications between Oleg Govurun and Vladimir Putin.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "any and all" responsive documents. Plaintiffs object to this request as seeking documents which are not relevant to the issues in the Action. Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control, such as Oleg Govorun and Vladimir Putin. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce available communications, if any, between Govorun and Putin that relate to CIR 112 or the contents therein, or that are otherwise relevant to the issues in the Action.

**REQUEST NO. 31:** All documents relating to your relationship with Oleg Govorun, including, but not limited to, communications between you, on the one hand, and Oleg Govorun or anyone acting on his behalf, on the other hand.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this request as vague, ambiguous, and confusing to the extent that it requests documents relating to a

"relationship." Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available documents relating to Plaintiffs' relationship or communications with Oleg Govorun, or anyone known to be acting on his behalf, that relate to CIR 112 or the contents therein, or that are otherwise relevant to the issues in the Action.

**REQUEST NO. 32:** All documents relating to Alfa's or Other Entities' relationship with Oleg Govorun, including, but not limited to, communications between Alfa or Other Entities, on the one hand, and Oleg Govorun or anyone acting on his behalf, on the other hand.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this request as vague, ambiguous, and confusing to the extent that it requests documents relating to a "relationship." Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control, such as Alfa and Other Entities. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available documents relating to Alfa's or Other Entities' relationship or communications with Oleg Govorun, or anyone known to be acting on his behalf, that relate to CIR 112 or the contents therein, or that are otherwise relevant to the issues in the Action.

**REQUEST NO. 33:** All documents relating to any meetings between you, or anyone acting on your behalf, and Oleg Govorun, or anyone acting on his behalf.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available documents relating to any meetings

between Plaintiffs and Oleg Govorun, or anyone known to be acting on his behalf, that relate to CIR 112 or the contents therein, or that are otherwise relevant to the issues in the Action.

**REQUEST NO. 34:**   All documents relating to business deals or financial transactions between you and Oleg Govorun.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this request as seeking documents that are not relevant to the issues in the Action.  Plaintiffs object to this request as vague, ambiguous, and confusing in what is meant by "business deals or financial transactions."   Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs state they are not aware of having any business deals or financial transactions between them and Govorun, and thus have no documents responsive to this Request.

**REQUEST NO. 35:**   All documents relating to Oleg Govorun, including his entire personnel file and all records of business deals or financial transactions between Alfa or Other Entities, on the one hand, and Oleg Govorun, on the other hand.

**RESPONSE:**   Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this request as seeking documents that are not relevant to the issues in the Action. Plaintiffs object to this request on the basis that the terms "business deals" and "financial transactions" are vague and ambiguous.   Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control, such as Alfa and Other Entities.   Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will produce documents from Oleg Govorun's personnel file, to the extent available to Plaintiffs, that relate to CIR 112 or the contents therein, or that are otherwise relevant to the issues in the Action.

**REQUEST NO. 36:** Documents sufficient to show the responsibilities of the individuals who have held or currently hold the role or title "Head of Government Relations" at Alfa or the Other Entities.

**RESPONSE:** Plaintiffs object to this request as seeking documents that are not relevant to the issues in the Action. Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control, such as Alfa and Other Entities. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will produce documents, to the extent available to Plaintiffs, sufficient to show the responsibilities of the individuals who have held or currently hold the role or title "Head of Government Relations" at Alfa or the Other Entities.

**REQUEST NO. 37:** Any and all communications concerning Oleg Govorun's relationship with Vladimir Putin or anyone acting on his behalf.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this request as vague, ambiguous, and confusing to the extent that it requests documents relating to a "relationship" and a relationship with "anyone" acting on Putin's behalf. Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control, such as Govorun and Putin. Plaintiffs object to this request as seeking documents that are not relevant to the issues in the Action. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce available communications, if any, concerning Govorun's relationship with Putin or persons acting on Putin's behalf that relate to CIR 112 or the contents therein, or that are otherwise relevant to the issues in the Action.

**REQUEST NO. 38:**  All documents relating to each of your children's employment, including but not limited to any communications or effort of any kind made by you or Alfa or Other Entities to assist with such employment.

**RESPONSE:**  Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this request as seeking documents relating to non-parties which are not relevant to the issues in this Action. Plaintiffs' children's employment history is not relevant to the issues in the Action and constitute non-public and confidential information, and any inquiry into such matters is unreasonable, intrusive and an invasion of family privacy.

**REQUEST NO. 39:**  All documents relating to or reflecting your communications, dealings, meetings, or relationships with the Trump Campaign, the Trump Transition Team, the Trump Organization, the Republican Party, and the Trump Administration, including but not limited to electronic communications between servers associated with you and the Trump Campaign, the Trump Transition Team, or the Trump Organization.

**RESPONSE:**  Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this request as seeking documents that are not relevant to the issues in the Action.  Plaintiffs object to this Request as vague and ambiguous based on its use of the terms Trump Campaign, Trump Transition Team, Trump Organization, Republican Party, and Trump Administration.   Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs state that they are not aware of having communications or dealings with representatives of the Trump Campaign, Trump Transition Team, Trump Organization, Republican Party, and Trump Administration, relating to CIR 112 or the contents therein.

**REQUEST NO. 40:**   All documents relating to or reflecting Alfa's communications, dealings, meetings, or relationships with the Trump Campaign, the Trump Transition Team, the Trump Organization, the Republican Party, and the Trump Administration, including but not limited to electronic communications between servers associated with Alfa and the Trump Campaign, the Trump Transition Team, or the Trump Organization.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this request as seeking documents that are not relevant to the issues in the Action. Plaintiffs object to this Request as vague and ambiguous based on its use of the terms Trump Campaign, Trump Transition Team, Trump Organization, Republican Party, and Trump Administration. Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control, such as Alfa.

**REQUEST NO. 41:** All documents relating to or reflecting the Other Entities' communications, dealings, meetings, or relationships with the Trump Campaign, the Trump Transition Team, the Trump Organization, the Republican Party, and the Trump Administration, including but not limited to electronic communications between servers associated with the Other Entities and the Trump Campaign, the Trump Transition Team, or the Trump Organization.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this request as seeking documents that are not relevant to the issues in the Action. Plaintiffs object to this Request as vague and ambiguous based on its use of the terms Trump Campaign, Trump Transition Team, Trump Organization, Republican Party, and Trump Administration. Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control, such as the Other Entities.

**REQUEST NO. 42:** Any and all communications between you, on the one hand, and Donald J. Trump, on the other hand.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs state they

have had no communications with Donald J. Trump, and thus have no documents responsive to this Request.

**REQUEST NO. 43:** Any and all communications between Alfa or Other Entities, on the one hand, and Donald J. Trump, on the other hand.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control, such as Alfa and Other Entities.

**REQUEST NO. 44:** A copy of Plaintiffs' resumes, curriculum vitae, or any other document(s) sufficient to show Plaintiffs' education and work experience.

**RESPONSE:** Subject to the Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce available documents sufficient to show Plaintiffs' education and work experience.

**REQUEST NO. 45:** All documents relating to any occasion to which you have appeared, spoken, or been mentioned on television, radio, or in a podcast.

**RESPONSE:** Plaintiffs object to this Request as overly broad, vague, unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents and seeking information that is not relevant to the issues in the Action. Plaintiffs object to the Request to the extent it is not limited to subject matter that is relevant to the issues in the Action. Plaintiffs object to this Request to the extent it requests publicly available documents and documents which Defendants can obtain from the public domain.

**REQUEST NO. 46:** All documents relating to any occasion on which you have been mentioned, quoted, or otherwise appeared in a newspaper, magazine, book, website, or other print or electronic publication. You may exclude any website maintained by you from the request.

**RESPONSE:** Plaintiffs object to this Request as overly broad, and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, and as seeking information that is not relevant to the issues in the Action. Plaintiffs object to the Request to the extent it is not limited to subject matter that is relevant to the issues in the Action. Plaintiffs object to this Request to the extent it requests publicly available documents and documents which Defendants can obtain from the public domain. As to the undue burden and overbreadth of this Request, Defendants, in their 2018 motion to dismiss papers, indicate that over 10,000 articles mention Fridman, over 1,700 articles mention Aven, and over 5,000 articles mention Khan. Assuming these figures are generally correct, it would be entirely unreasonable and burdensome for all such articles, and "all documents relating" to such articles, to be produced in response to this Request. In addition, as reflected in Defendants' 2018 motion to dismiss papers, in which they cite over sixty such articles, this information has already been compiled by Defendants and/or Defendants can obtain such information from the public domain.

**REQUEST NO. 47:** All documents relating to any news articles, blog posts, letters to the editor, editorial opinion or commentary that you have written or that has been published in your names.

**RESPONSE:** Plaintiffs object to this Request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, vague, and seeking information that is not relevant to the issues in the Action. Plaintiffs object to the Request to the extent it is not limited to subject matter that is relevant to the issues in the Action. Plaintiffs object to this Request to the extent it requests publicly available documents and documents which Defendants can obtain from the public domain.

**REQUEST NO. 48:** All documents relating to communications between you and any reporter, journalist, news organization, television or radio broadcaster or producer, or podcast host or producer.

**RESPONSE:** Plaintiffs object to this Request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, vague, and seeking information that is not relevant to the issues in the Action. Plaintiffs object to the Request to the extent it is not limited to subject matter that is relevant to the issues in the Action. Plaintiffs object to this Request to the extent it requests publicly available documents and documents which Defendants can obtain from the public domain. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available communications with any reporter, journalist, news organization, television or radio broadcaster or producer, or podcast host or producer that relate to CIR 112 or the contents therein, or that are otherwise relevant to the issues in the Action.

**REQUEST NO. 49:** All documents relating to regulation or oversight of you by any federal, state, local, or international governmental entity.

**RESPONSE:** Plaintiffs object to this Request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, and as vague, ambiguous, and confusing as to the types of applicable regulation or oversight. Plaintiffs object to the Request as seeking information that is not relevant to the issues in the Action.

**REQUEST NO. 50:** All prospectuses or similar documents issued in connection with the sale of your shares in Alfa.

**RESPONSE:** Plaintiffs object to this Request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this Request to the extent it seeks non-public and confidential information relating to Plaintiffs' personal finances. Plaintiffs object to this Request as seeking information that is not relevant to the issues in the Action. Prospectuses and similar documents issued in connection with the sale of shares in Alfa are not relevant to the issues in the Action.

**REQUEST NO. 51:** To the extent not produced in response to the foregoing requests, all documents relating to any awards or citations you have received from civic, charitable, or professional organizations, whether given in recognition of achievement, contribution, or honor, or for any other reason.

**RESPONSE:** Plaintiffs object to this Request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this Request as seeking information that is not relevant to the issues in the Action. Plaintiffs object to the Request to the extent it seeks information that Defendants can obtain from the public domain. Plaintiffs have provided a list of awards and citations in response to Interrogatory 17 but will not seek to locate "all" documents relating to each award.

**REQUEST NO. 52:** To the extent not produced in response to the foregoing requests, all documents and things relating to any speeches, public statements, interview or other public appearance you have made, including but not limited to copies of your speeches or notes, programs or agenda, articles from newspapers or other media reporting on the event, and photographs of the event.

**RESPONSE:** Plaintiffs object to this Request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, vague, and seeking information that is not relevant to the issues in the Action. Plaintiffs object to this Request to the extent it requests publicly available documents and documents which Defendants can obtain from the public domain.

**REQUEST NO. 53:** All documents containing any communications between you, Alfa, and/or the Other Entities, on the one hand, and any press agent, publicist, public relations person, government relations person, or advertising person employed or contracted on behalf of you, Alfa and/or the Other Entities, on the other hand.

**RESPONSE:** Plaintiffs object to this Request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this Request as seeking information that is not relevant to the issues in the Action. Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as

seeking documents of non-parties over whom Plaintiffs have no control, such as Alfa and the Other Entities. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available documents containing communications between Plaintiffs and any press agent, publicist, public relations person, government relations person, or advertising person relating to CIR 112 or the contents therein, or that are otherwise relevant to the issues in the Action.

**REQUEST NO. 54:** All documents related to any lobbying performed at the direction of you, Alfa, and/or the Other Entities with any government to modify, amend or repeal either the Foreign Corrupt Practices Act, the UK Anti-Bribery Statute, or any other anti-bribery law or anti-money laundering law of any jurisdiction.

**RESPONSE:** Plaintiffs object to this Request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents and seeking information that is not relevant to the issues in the Action. Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control, such as Alfa and the Other Entities. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs state that they are not aware of any such lobbying performed, and thus have no responsive documents.

**REQUEST NO. 55:** All communications between either you, Alfa or the Other Entities, on the one hand, and anyone else, on the other hand, regarding U.S. policy or U.S.-Russian relations, including but not limited to sanctions and matters affecting U.S. policy within the countries of the former Soviet Union.

**RESPONSE:** Plaintiffs object to this Request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents and seeking information that is not relevant to the issues in the Action. Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control, such as Alfa and the Other Entities. Subject to the foregoing

36

objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available Plaintiffs' communications regarding U.S. policy or U.S.-Russian relations that relate to CIR 112 or the contents therein, or that are otherwise relevant to the issues in the Action.

**REQUEST NO. 56:** All documents reflecting any communications between you and any charity, foundation, museum, art gallery, auction house, or non-profit located in whole or in part within the United States of America related to any public appearance or to a contribution of anything of value from you or Alfa or Other Entities.

**RESPONSE:** Plaintiffs object to this Request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, and as seeking information that is not relevant to the issues in the Action. Documents reflecting communications between any Plaintiff and any charity, foundation, museum, art gallery, auction house, or non-profit located in whole or in part within the United States of America related to any public appearance or to a contribution of anything of value from any Plaintiff are not relevant to the issues in the Action. Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control, such as Alfa and the Other Entities. Plaintiffs object to the Request as creating unreasonable annoyance and prejudice to the Plaintiffs. Details regarding Plaintiffs' charitable contributions are not relevant to the issues in the Action and constitute non-public and confidential information, and any inquiry into such matters is an unreasonable invasion of privacy. Plaintiffs have identified charities that they support in response to Interrogatory 18 but will not seek to locate "all" communications relating to each charitable donation or appearance.

**REQUEST NO. 57:** All tax returns filed by you or on your behalf for the years 2013 to present.

**RESPONSE:** Plaintiffs object to this request as seeking documents that are not relevant to the issues in the Action. Plaintiffs object to this request as creating unreasonable annoyance

and prejudice to the Plaintiffs. Plaintiffs' tax returns or filings are not relevant to the issues in the Action and constitute non-public and confidential information, and any inquiry into such tax and personal financial matters is an unreasonable invasion of privacy.

**REQUEST NO. 58:** All tax returns filed by Alfa, the Other Entities, or a third party on their behalf for the years 2013 to present.

**RESPONSE:** Plaintiffs object to this request as vague, ambiguous, and seeking documents that are not relevant to the issues in the Action. Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control, such as Alfa and Other Entities. Alfa's and the Other Entities' tax returns or filings are not relevant to the issues in the Action.

**REQUEST NO. 59:** All documents relating to your earned income, including wages and investments, for the years 2013 to present.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, and documents that are not relevant to the issues in the Action. Plaintiffs object to this request as creating unreasonable annoyance and prejudice to the Plaintiffs. Documents reflecting Plaintiffs' income constitutes non-public and confidential information, and any inquiry into such personal financial matters is an unreasonable invasion of privacy.

**REQUEST NO. 60:** All documents, including but not limited to any and all financial records, indicating in any way that you lost money, revenue, business, financing, or customers as a result of the publication of the statements quoted in the Complaint that Plaintiffs claim are false and defamatory.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this request as creating unreasonable annoyance and prejudice to the Plaintiffs. Documents reflecting Plaintiffs'

financials and revenue constitute non-public and confidential information, and any inquiry into such personal financial matters is an unreasonable invasion of privacy.

**REQUEST NO. 61:**  All profit and loss statements and balance sheets for any business entity in which you held a financial stake or on which you held a board seat or managerial position between January 1, 1990, and the present.

**RESPONSE:**  Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, and as seeking documents that are not relevant to the issues in the Action.  Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control, such as entities in which Plaintiffs held a financial stake or held a board seat or managerial position.  Profit and loss statements and balance sheets for any business entity in which Plaintiffs held a financial stake or on which they held a board seat or managerial position between January 1, 1990, and the present are not relevant to the issues in the Action.

**REQUEST NO. 62:**  Any and all documents tending to show that no one affiliated in any way with Alfa made unlawful, illicit, or undisclosed payments to government officials for the company's benefit.

**RESPONSE:**  Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, and as seeking documents that are not relevant to the issues in the Action.  Documents tending to show that no one affiliated in any way with Alfa made unlawful, illicit, or undisclosed payments to government officials for the company's benefit are not relevant to the issues in the Action. Plaintiffs object to this Request as vague and ambiguous, and seeking documents that would somehow prove a negative.  Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control, such as Alfa.

**REQUEST NO. 63:** Documents sufficient to identify all instances in which you have sought to obtain government telecom licenses worldwide, including but not limited to Nepal, Cambodia, Malaysia, Uzbekistan, and Kazakhstan.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, and as seeking documents that are not relevant to the issues in the Action.

**REQUEST NO. 64:** Documents sufficient to identify all instances in which you have attempted to obtain government banking licenses worldwide, including but not limited to the Ukraine, the United Kingdom, and the United States.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, and as seeking documents that are not relevant to the issues in the Action.

**REQUEST NO. 65:** Documents sufficient to identify all public controversies for which you have engaged Kroll Associates or any other investigations firm, including but not limited to the Vimpelcom bribery investigations, the IPOC case, the Telenor disputes, and the dispute with Vladimir Yakunin.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, and as seeking documents that are not relevant to the issues in the Action. Plaintiffs object to the Request's use of the term "public controversies" as vague, ambiguous, confusing, subject to varying interpretations, and unintelligible. Plaintiffs' engagement of the services of investigation firms is not relevant to issues in this Action and involves non-public and confidential information. Plaintiffs further object to the Interrogatory as creating unreasonable annoyance and prejudice to the Plaintiffs.

**REQUEST NO. 66:** All communications between you and any representative of the government of Ukraine.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, and as seeking documents that are not relevant to the issues in the Action.

**REQUEST NO. 67:** All documents relating to any expense you incurred as a result of the publication of the statements quoted in the Complaint that Plaintiffs claim are false and defamatory.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this request as creating unreasonable annoyance and prejudice to the Plaintiffs. Documents reflecting Plaintiffs' financial expenses constitute non-public and confidential information, and any inquiry into such personal financial matters is an unreasonable invasion of privacy. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, to the extent that Plaintiffs claim damages based on expenses incurred as a result of the publication of the statements quoted in the Complaint that Plaintiffs claim are false and defamatory, Plaintiffs will produce sufficient documents showing such post-publication expenses.

**REQUEST NO. 68:** All documents relating to any loss of your clients resulting from the publication of the statements quoted in the Complaint that Plaintiffs claim are false and defamatory.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this request as creating unreasonable annoyance and prejudice to the Plaintiffs. Documents reflecting Plaintiffs' client relationships, if any, constitute non-public and confidential information, and any inquiry into such relationships is an unreasonable invasion of privacy. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs state that they are not aware of having any clients.

**REQUEST NO. 69:** All documents relating to your financial investments, including but not limited to entities in which you or Alfa own more than 5%, other entities, equity, stock, fixed debt, real property, art, or any other investment vehicle.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, as seeking documents that are not relevant to the issues in the Action. Plaintiffs object to this request as creating unreasonable annoyance and prejudice to the Plaintiffs. Documents relating to Plaintiffs' financial investments are not relevant to the issues in the Action and constitute non-public and confidential information, and any inquiry into such financial matters is an unreasonable invasion of privacy.

**REQUEST NO. 70:** All documents relating to attempts by you to borrow money or obtain outside financing.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, as seeking documents that are not relevant to the issues in the Action. Plaintiffs object to this request as creating unreasonable annoyance and prejudice to the Plaintiffs. Documents relating to Plaintiffs' attempt to borrow money or obtain outside financing are not relevant to the issues in the Action and constitute non-public and confidential information, and any inquiry into such financial matters is an unreasonable invasion of privacy.

**REQUEST NO. 71:** All documents relating to any remedial measures undertaken by you after publication of the of the statements quoted in the Complaint that Plaintiffs claim are false and defamatory.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Subject to the foregoing objection and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available documents relating to any remedial measures

undertaken by any Plaintiff after publication of the of the statements quoted in the Complaint that Plaintiffs claim are false and defamatory.

**REQUEST NO. 72:** All documents relating to the allegation in Paragraph 33 of the Complaint that the "statements by the Defendants referred to above defamed the Plaintiffs and Alfa, and have caused and will continue to cause serious injury to their personal, professional, and institutional reputations."

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Subject to the foregoing objection and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available documents relating to the allegation in Paragraph 33 of the Complaint recited in the Request.

**REQUEST NO. 73:** All documents not already requested relating to any damages you allege to have suffered as a result of publication of the statements quoted in the Complaint that Plaintiffs claim are false and defamatory.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Subject to the foregoing objection and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available documents not produced in response to any other Request relating to any damages Plaintiffs claim to have suffered as a result of publication of the statements quoted in the Complaint that Plaintiffs claim are false and defamatory.

**REQUEST NO. 74:** Documents sufficient to show all legal actions or suits to which you have been a party, whether criminal or civil in nature, including the caption of each suit or action, the court in which such suit or action was brought, the identity of all parties to each such suit or action, the general nature of each such suit or action, including both claims or charge and counterclaims, if any, and the outcome of each such suit or action.

**RESPONSE:** Plaintiffs object to this request as overly broad, unduly burdensome, creating unreasonable annoyance and prejudice to the Plaintiffs, and seeking information that is not relevant to the issues in the Action. Legal actions to which any Plaintiff has been a party

relating to any subject matter are not relevant to the issues in the Action. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will produce information or documents sufficient to identify all legal actions or suits relating to the defamatory statements in CIR 112 to which Plaintiffs have been parties.

**REQUEST NO. 75:** To the extent not produced in response to the foregoing requests, documents sufficient to show all legal actions or suits to which you have given evidence under oath, whether criminal or civil in nature, including the caption of each suit or action, the court in which such suit or action was brought, the identity of all parties to each such suit or action, the general nature of each such suit or action, including both claims or charge and counterclaims, if any, the nature of your evidence, and the outcome of each such suit or action.

**RESPONSE:** Plaintiffs object to this request as overly broad, unduly burdensome, creating unreasonable annoyance and prejudice to the Plaintiffs, and seeking information that is not relevant to the issues in the Action. Legal actions or suits in which any Plaintiff has given evidence under oath relating to any subject matter are not relevant to the issues in the Action. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will produce information or documents sufficient to show all legal actions or suits relating to the defamatory statements in CIR 112 in which Plaintiffs have given evidence under oath.

**REQUEST NO. 76:** All transcripts of deposition or trial testimony from *OAO Alfa Bank v. Center for Public Integrity*, Case No. 1:00-cv-2208 (JDB) (D.D.C.), as well as all other transcripts of deposition or trial testimony or any other testimony provided by you under oath in any fact-finding proceeding, investigation, or legal proceeding, including grand jury proceedings, and all affidavits, declarations and other form of statement under oath given by you or Alfa in any fact-finding proceeding, investigation, or legal proceeding, from 2000 to the present.

**RESPONSE:** Plaintiffs object to this request as overly broad, unduly burdensome, creating unreasonable annoyance and prejudice to the Plaintiffs, and seeking information that is not relevant to the issues in the Action. Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of Alfa over which

Plaintiffs have no control. Plaintiffs object to this Request to the extent it requests documents presented to a grand jury or not disclosable on some other legal basis. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce the transcripts of depositions of Fridman and Aven from *OAO Alfa Bank v. Center for Public* Integrity, Case No. 1:00-cv-2208 (JDB) (D.D.C.) or other available transcripts of Plaintiffs' testimony, if any, that relate to the contents of CIR 112 or is otherwise relevant to the issues in the Action.

**REQUEST NO. 77:** All documents relating to any investigation of the conduct of you, Alfa or Other Entities by any law enforcement agency, regardless of the outcome of such investigation, from 2000 to the present.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this request as seeking to create unreasonable annoyance, embarrassment, and prejudice to the Plaintiffs. Plaintiffs object to this request as seeking documents that are not relevant to the issues in the Action. Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control, such as Alfa and Other Entities. Investigations of the conduct of Plaintiffs, Alfa, or Other Entities by a law enforcement agency relating to any subject matter is not relevant to the issues in the Action. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs state that they are not aware of ever having been the target of investigation by any law enforcement agency relating to the defamatory statements in CIR 112, the conduct of Plaintiffs alleged in CIR 112, or otherwise relevant to the issues in this Action.

**REQUEST NO. 78:** All documents relating to any criminal charges brought anywhere against you, including but not limited to records of search warrants, arrest warrants, criminal indict-

ments, court papers of file, evidence, transcripts of testimony, criminal conviction, and/or probation-related documents from 2000 to the present.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this request as seeking to create unreasonable annoyance, embarrassment, and prejudice to the Plaintiffs. Plaintiffs object to this request as seeking documents that are not relevant to the issues in the Action. Documents relating to any criminal charges brought against any Plaintiff relating to any subject matter are not relevant to the issues in the Action. Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs state that criminal charges have never been brought against them, thus they have no documents responsive to this Request.

**REQUEST NO. 79:** All documents relating to any review, investigation, or audit conducted by any regulator in connection with any business in which you have held a financial interest, board seat, or managerial position.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, as seeking documents that are not relevant to the issues in the Action. Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control. Plaintiffs object to this request as seeking to create unreasonable annoyance, embarrassment, and prejudice to the Plaintiffs. Documents relating to any review, investigation, or audit conducted by a regulator in connection with any business in which a Plaintiff has held a financial interest, board seat, or managerial position are not relevant to the issues in the Action.

**REQUEST NO. 80:** All documents you have filed, served, or received in *Fridman v. BuzzFeed, Inc.*, No. 2018-4719 (N.Y. Sup. Ct.).

**RESPONSE:** Subject to the Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to produce all documents they have filed, served, or received in *Fridman v. BuzzFeed, Inc.*, No. 2018-4719 (N.Y. Sup. Ct.) that relate to CIR 112 or the contents therein, or that are otherwise relevant to the issues in this Action.

**REQUEST NO. 81:** All documents you have filed, served, or received in *Khan v. Orbis Business Intelligence Limited*, Case No. 2018 CA 002667 B (D.C. Sup. Ct.).

**RESPONSE:** Subject to the Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to produce all documents they have filed, served, or received in *Khan v. Orbis Business Intelligence Limited*, Case No. 2018 CA 002667 B (D.C. Sup. Ct.) that relate to CIR 112 or the contents therein, or that are otherwise relevant to the issues in this Action.

**REQUEST NO. 82:** All documents relating to any judgments or liens filed against you.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents, as seeking documents that are not relevant to the issues in the Action. Plaintiffs object to this request as seeking to create unreasonable annoyance, embarrassment, and prejudice to the Plaintiffs. Documents relating to liens or judgments against Plaintiffs, if any, are not relevant to the issues in this Action, and any inquiry into such personal financial matters is an unreasonable invasion of privacy.

**REQUEST NO. 83:** All documents relating to any statements of any witnesses regarding the subject matter of this action.

**RESPONSE:** Plaintiffs object to this request as overly broad and unduly burdensome insofar as it seeks from Plaintiffs "all" responsive documents. Plaintiffs object to this Request to the extent it requests documents or information presented to a grand jury or not disclosable on some other legal basis. Subject to the foregoing objections and Plaintiffs' General Objections

and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce all documents relating to any statements of any witnesses regarding the subject matter of this action.

**REQUEST NO. 84:**  All documents you receive in response to any subpoena you serve in this action.

**RESPONSE:**  Subject to the Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to produce all documents received in response to any subpoena they serve in this Action.

**REQUEST NO. 85:**  All documents you intend to rely on in a trial of this matter.

**RESPONSE**:  Subject to the Plaintiffs' General Objections and Responses set forth above, Plaintiffs will produce all documents upon which they intend to rely on in a trial of this Action at an appropriate time.


Dated: New York, New York
      November 11, 2019              CARTER LEDYARD & MILBURN LLP


By:    _Ala Lewis_____
         Alan S. Lewis
         John J. Walsh
         2 Wall Street
         New York, NY 10005
         Tel: (212) 732-3200

         Kim H. Sperduto
         SPERDUTO THOMPSON & GASSLER PLC
         1747 Pennsylvania Ave., NW, Suite 1250
         Washington, DC 20006
         Tel: (202) 408-8900

         *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
———————————————————————X
                                                    :
MIKHAIL FRIDMAN, PETR AVEN, AND      :          Case 1:17-CV-02041 (RJL)
GERMAN KHAN,                                    :
                                                    :
              Plaintiffs,             :
                                                    :
        -v-                             :
                                                    :
BEAN LLC (A/K/A FUSION GPS) AND GLENN  :
SIMPSON,                                         :
                                                    :
              Defendants.              :
                                                    :
———————————————————————X

## PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 26 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the District Court for the District of Columbia (the "Local Rules"), Plaintiffs Mikhail Fridman, Petr Aven, and German Khan hereby supplement their November 11, 2019 initial responses and objections ("Initial Responses") to Defendants' First Request for Production of Documents, dated October 11, 2019 (each a "Request," and together, the "Requests"), as follows:

## GENERAL STATEMENTS AND OBJECTIONS

A.     These supplemental responses and objections (each a "Response" and together the "Responses") are being provided based upon documents and information presently available and known to Plaintiffs.

B.      As agreed by the Parties, the May 4, 2020 production was for documents within the date range agreed to by the parties (subject to the Parties' reservation of rights) as outlined in

correspondence dated April 16 and April 24, 2020 and does not include publicly available documents (which the Parties agreed need not be separately produced). These Supplemental Responses are not intended to apply to documents that may exist but that fall outside the agreed upon date range, or which exist in the public domain.

C.    Plaintiffs object to requests that they produce documents dated or created (a) after the date of the initial Complaint, October 3, 2017, or (b) prior to 2016, except as to documents relating to the allegation of bribery in the 1990s involving Oleg Govorun.

D.    All objections, responses, reservations of rights, and definitions from Plaintiffs' Initial Responses are applicable to these Responses and incorporated by reference as though fully set forth.

E.    In supplementing their Responses, Plaintiffs are responding only based upon documents within Plaintiffs' possession, custody, or control. As indicated in Plaintiffs' Initial Responses, Plaintiffs object to Requests that seek or are intended to seek documents within the possession, custody, or control of non-parties.

F.    Plaintiffs continue to reserve all rights to further supplement, amend, modify, or clarify these Responses. If there is no supplemental response to specific Requests being provided at this time, such specific Requests are not reflected below.

G.    The foregoing General Statements and Objections are incorporated by reference in each of the specific Responses appearing below.

## SUPPLEMENTAL RESPONSES AND OBJECTIONS

**REQUEST NO. 49:** All documents relating to regulation or oversight of you by any federal, state, local, or international governmental entity.

**RESPONSE:**  Based upon a diligent, good faith search, Plaintiffs are not aware of having any responsive documents.

**REQUEST NO. 50:**  All prospectuses or similar documents issued in connection with the sale of your shares in Alfa.

**RESPONSE:**    Plaintiffs have no responsive documents.

**REQUEST NO. 57:**  All tax returns filed by you or on your behalf for the years 2013 to present.

**RESPONSE:**  Plaintiffs state that they are withholding responsive documents on the basis that they are not relevant to the issues in this Action, including but not limited to the truth or falsity of the defamatory statements asserted in CIR 112.  Moreover, Plaintiffs have already represented to Defendants that any documents used for the purpose of supporting Plaintiffs' damages claims will be produced prior to the deposition of any of the Plaintiffs.

**REQUEST NO. 59:**  All documents relating to your earned income, including wages and investments, for the years 2013 to present.

**RESPONSE:**  Plaintiffs state that they are withholding responsive documents on the basis that they are not relevant to the issues in this Action, including but not limited to the truth or falsity of the defamatory statements asserted in CIR 112.  Moreover, Plaintiffs have already represented to Defendants that any documents used for the purpose of supporting Plaintiffs' damages claims will be produced prior to the deposition of any of the Plaintiffs.

**REQUEST NO. 60:**  All documents, including but not limited to any and all financial records, indicating in any way that you lost money, revenue, business, financing, or customers as a result of the publication of the statements quoted in the Complaint that Plaintiffs claim are false and defamatory.

**RESPONSE:**   To the extent that Plaintiffs possess documents stemming from damages incurred as a result of the publication of the defamatory statements alleged in the Complaint,

Plaintiffs have already represented to Defendants that such documents will be produced prior to

the depositions of any of the Plaintiffs.

**REQUEST NO. 63:**  Documents sufficient to identify all instances in which you have sought to obtain government telecom licenses worldwide, including but not limited to Nepal, Cambodia, Malaysia, Uzbekistan, and Kazakhstan.

    **RESPONSE:**  Based upon a diligent, good faith search, Plaintiffs are not aware of

having any responsive documents.

**REQUEST NO. 64:**  Documents sufficient to identify all instances in which you have attempted to obtain government banking licenses worldwide, including but not limited to the Ukraine, the United Kingdom, and the United States.

    **RESPONSE:**  Based upon a diligent, good faith search, Plaintiffs are not aware of

having any responsive documents.

**REQUEST NO. 65:**  Documents sufficient to identify all public controversies for which you have engaged Kroll Associates or any other investigations firm, including but not limited to the Vimpelcom bribery investigations, the IPOC case, the Telenor disputes, and the dispute with Vladimir Yakunin.

    **RESPONSE:**  Based upon a diligent, good faith search, Plaintiffs are not aware of

having any responsive documents.

**REQUEST NO. 66:**  All communications between you and any representative of the government of Ukraine.

    **RESPONSE:**  Based upon a diligent, good faith search, Plaintiffs are not aware of

having any responsive documents.

**REQUEST NO. 69:**  All documents relating to your financial investments, including but not limited to entities in which you or Alfa own more than 5%, other entities, equity, stock, fixed debt, real property, art, or any other investment vehicle.

    **RESPONSE:**  Plaintiffs state that they are withholding responsive documents on the

basis that they are not relevant to the issues in this Action, including but not limited to the truth

or falsity of the defamatory statements asserted in CIR 112.  Moreover, Plaintiffs have already

represented to Defendants that any documents used for the purpose of supporting Plaintiffs'

damages claims will be produced prior to the deposition of any of the Plaintiffs.

**REQUEST NO. 70:**  All documents relating to attempts by you to borrow money or obtain
outside financing.

     **RESPONSE:**  Based upon a diligent, good faith search, Plaintiffs are not aware of

having any responsive documents.

**REQUEST NO. 71:**  All documents relating to any remedial measures undertaken by you after
publication of the of the statements quoted in the Complaint that Plaintiffs claim are false and
defamatory.

     **RESPONSE:**  To the extent Plaintiffs possess documents supporting damages claims

stemming from remedial measures undertaken as a result of the publication of the defamatory

statements alleged in the Complaint, Plaintiffs have already represented to Defendants that such

documents will be produced prior to the depositions of any of the Plaintiffs.

**REQUEST NO. 73:**  All documents not already requested relating to any damages you allege to
have suffered as a result of publication of the statements quoted in the Complaint that Plaintiffs
claim are false and defamatory.

     **RESPONSE:**  To the extent Plaintiffs possess documents supporting damages claims

stemming from damages incurred as a result of the publication of the defamatory statements

alleged in the Complaint, Plaintiffs have already represented to Defendants that such documents

will be produced prior to the depositions of any of the Plaintiffs.

**REQUEST NO. 74:**  Documents sufficient to show all legal actions or suits to which you have
been a party, whether criminal or civil in nature, including the caption of each suit or action, the
court in which such suit or action was brought, the identity of all parties to each such suit or
action, the general nature of each such suit or action, including both claims or charge and
counterclaims, if any, and the outcome of each such suit or action.

**RESPONSE:**  Plaintiffs state that they are withholding responsive documents that are not relevant to the issues in this Action, including but not limited to the truth or falsity of the defamatory statements asserted in CIR 112.

**REQUEST NO. 75:**  To the extent not produced in response to the foregoing requests, documents sufficient to show all legal actions or suits to which you have given evidence under oath, whether criminal or civil in nature, including the caption of each suit or action, the court in which such suit or action was brought, the identity of all parties to each such suit or action, the general nature of each such suit or action, including both claims or charge and counterclaims, if any, the nature of your evidence, and the outcome of each such suit or action.

**RESPONSE:**  Plaintiffs state that they are withholding responsive documents that are not relevant to the issues in this Action, including but not limited to the truth or falsity of the defamatory statements asserted in CIR 112.

**REQUEST NO. 76:**  All transcripts of deposition or trial testimony from *OAO Alfa Bank v. Center for Public Integrity*, Case No. l:00-cv-2208 (JDB) (D.D.C.), as well as all other transcripts of deposition or trial testimony or any other testimony provided by you under oath in any fact-finding proceeding, investigation, or legal proceeding, including grand jury proceedings, and all affidavits, declarations and other form of statement under oath given by you or Alfa in any fact-finding proceeding, investigation, or legal proceeding, from 2000 to the present.

**RESPONSE:**  Plaintiffs state that they are withholding portions of the deposition testimony from *OAO Alfa Bank v. Center for Public Integrity*, Case No. l:00-cv-2208 (JDB) (D.D.C.) that are not relevant to the issues in this Action, including but not limited to the truth or falsity of the defamatory statements asserted in CIR 112.  All portions of the deposition testimony from such case that are relevant to the issues in this Action have already been produced.

**REQUEST NO. 79:**  All documents relating to any review, investigation, or audit conducted by any regulator in connection with any business in which you have held a financial interest, board seat, or managerial position.

**RESPONSE:**  Based upon a diligent, good faith search, Plaintiffs are not aware of having any responsive documents.

6

Dated: New York, New York
      May 18, 2020

                CARTER LEDYARD & MILBURN LLP

By:    *Alan Lewis*
           Alan S. Lewis
           John J. Walsh
           2 Wall Street
           New York, NY 10005
           Tel: (212) 732-3200

           Kim H. Sperduto
           SPERDUTO THOMPSON & GASSLER PLC
           1747 Pennsylvania Avenue, NW, Suite 1250
           Washington, DC 20006
           Tel: (202) 408-8900

           *Attorneys for Plaintiffs*