**EXHIBIT 4**

# Levy | Firestone | Muse

Joshua A. Levy
Levy Firestone Muse LLP
1401 K Street, NW, Ste 600
Washington, DC  20005
T (202) 845-3215
F (202) 595-8253
levyfirestone.com

February 19, 2020

via Electronic Mail

Alan Lewis
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005
lewis@clm.com

Re:   *Fridman v. Bean LLC, 17-cv-2041 (D.D.C. 2017)*

Dear Alan:

We write in response to your letter dated January 31, 2020, sent via e-mail to us on February 3, 2020.

First, we address your letter, providing you with our initial responses to the specific issues you raised. Second, we set forth our concerns with Plaintiffs' responses to Defendants' document requests and interrogatories. We look forward to a forthcoming discussion where we hope the parties can resolve all concerns.

We are available for a phone call to discuss both parties' concerns when mutually convenient and propose we do so after you have had a chance to review and, if you wish, respond in writing to the concerns raised herein about Plaintiffs' responses to Defendants' documents requests and interrogatories.

I.      **Our responses to the issues raised in your letter:**

**A. Documents Withheld:**

Federal Rule of Civil Procedure 34 does not require identification of individual documents that a party is withholding based on objections; rather, the Rule only requires that the party state "whether any responsive materials are being withheld on the basis of that

Letter to Alan Lewis
February 19, 2020
Page **2** of **12**

objection," Rule 34(b)(2)(C), and Defendants have done so. As explained in the Advisory Committee Notes to the 2015 Amendment to Rule 34: "The producing party does not need to provide a detailed description or log of all documents withheld, but does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection. An objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been 'withheld.'" Defendants complied, specifically stating objections, the basis for those objections, and the limits that control the search for responsive and relevant materials.

The date for production of documents is April 6, 2020. We are still in the process of reviewing documents. At this point, it is premature for us to identify all responsive documents we will withhold based on privileges.  When appropriate, we will produce a privilege log.

**B. Common Objections**:

- *First Amendment*: Defendants' internal work product in support of their expressive and petitioning activities and expressive associations, and their communications with the news media or the government about matters of public importance, sometimes in furtherance of a client that was participating in a US political campaign, are shielded from compelled disclosure by the First Amendment protection for associational rights, petitioning rights, and political speech. Compelling production of documents created, sent or received in furtherance of the exercise of those rights could violate those rights, particularly when the requested documents are not highly relevant or do not go to the heart of this matter. *See, e.g., Rumsfeld v. Forum for Acad. & Institutional Rights, Inc.*, 547 U.S. 47, 68 (2006); *Boy Scouts of Am. v. Dale*, 530 U.S. 640, 648 (2000); *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462–63 (1958); *Am. Fed'n of Labor & Cong. of Indus. Organizations v. Fed. Election Comm'n*, 333 F.3d 168, 175 (D.C. Cir. 2003); *Wyoming v. U.S. Dep't of Agric.*, 208 F.R.D. 449, 454 (D.D.C. 2002).

To the extent we withhold responsive documents, not subject to other objections, as privileged under the First Amendment, we will so specify.

- *Possession, Custody and Control*: Defendants do not have the legal right to obtain the documents of Christopher Steele or Orbis.

- *Attorney-Client Privilege and Attorney Work Product*: We are still in the process of reviewing documents, and it is premature for us to identify responsive documents withheld under a claim of privilege. To the extent we withhold such documents, we will produce a privilege log that identifies the document withheld and the privilege claimed. Furthermore, and as explained in our discovery responses, Defendants' work was performed at the direction of Perkins Coie LLP in anticipation of litigation and for the purpose of providing Perkins Coie with information that was integral to Perkins Coie LLP providing legal advice to its clients. Such work

Letter to Alan Lewis
February 19, 2020
Page **3** of **12**

and communications related thereto were protected by the attorney work product doctrine and the attorney-client privilege. Perkins Coie has not waived those privileges.

- *Limiting Responses to CIR 112*: It does not appear that the Parties disagree about this limitation. Although your letter raises this as an issue, you have likewise limited your discovery responses to CIR 112. *See* Plaintiffs' Responses to Document Requests Nos. 8, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 30, 31, 32, 33, 35, 37, 39, 48, 53, 55, 74, 75, 76, 77, 80, 81; Plaintiffs' Answers to Interrogatories Nos. 10, 16, 21, 22.

Indeed, both parties agree that Plaintiffs' defamation claims—and thus this Action— relate solely to statements in CIR 112 and not to the other memoranda or reports in what is now known as "the Dossier." *See* Pls. Am. Compl. at ¶¶ 19, 20, 21, 22, 24, 27; Pls.' Answer to Interrogatory No. 2. Documents concerning other reports are therefore irrelevant to both the alleged defamatory statements in CIR 112 and Defendants' "knowledge or state of mind" about the statements made in CIR 112.

To be clear, Defendants are not withholding documents that are relevant to the statements in CIR 112, the substance of CIR 112, or Defendants' knowledge or state of mind about the truth or falsity of CIR 112.

Finally, contrary to what you suggest, Defendants have no obligation to identify documents that are not responsive.

- *Date Range*:  We will agree to meet and confer with you about date ranges for responses to interrogatories and requests for documents from both parties.

**C.  Specific Objections:**

- *Request Nos. 4, 6-8, 14, 22-25, 28-29*: See our response above concerning CIR 112. Also, it is not clear what "election reporting" means.

- *Request Nos. 26 & 27*: Defendants will supplement their response to Plaintiffs' Requests for Documents in order to respond to Plaintiffs' questions about Defendants' original response to these Requests.

**D.  Interrogatories:**

- *Interrogatory No. 2*: Plaintiffs' Interrogatory No. 2 requests that Defendants "describe the specific subjects on which such individuals are likely to have information relevant to the subject matter of this Action." Defendants have discharged their obligations, specifying the topics on which the identified individuals are likely to have information. You complain that the topics are not relevant to the claims and defenses in this Action. That is incorrect. The subjects are relevant to, among other claims and defenses: the public figure status of Plaintiffs;

the relevant public controversy; substantial truth; lack of actual malice; publication; and Defendants' affirmative defenses.

In addition to what is sought in Interrogatory 2, you now seek additional, more specific information not called for in the Interrogatory; however, we can meet and confer to discuss what Plaintiffs now seek.

- *Interrogatory No. 8*: Defendants' objections to this Interrogatory speak for themselves, and we reiterate them here. Nevertheless, in the interest of reaching a mutually agreeable solution, we will confer with you on the scope of this Interrogatory. As to the concerns you raise concerning privileged material, we refer you to our response *supra* at 2-3.

- *Interrogatory No. 15*: You say you are seeking the identity of individuals at "the Briefings" because such information "may be relevant to the truth or falsity of CIR 112 and the publication of CIR 112." But, as Defendant's response to Interrogatory 15 made plain, such information is not relevant to either. Defendants explained in their answer to Interrogatory No. 15 that the Briefings are not relevant to this Action because Defendants have no recollection of any discussion of the contents of CIR 112 at these Briefings. Nor do Defendants recall showing or transmitting CIR 112 to anyone at these Briefings. Furthermore, as you note in your letter, to the extent Mr. Simpson has discussed the Briefings in his prior testimony, you have access to that information. That said, and without waiving any objections, we will meet and confer with you about the scope of this Interrogatory and the information it seeks in an effort to reach an agreeable solution.

- *Interrogatory No. 21*: Without propounding a new Interrogatory, you ask that Defendants now "identify or describe (1) what documents or types of documents were returned or destroyed, and whether it included documents potentially relevant to this Action or responsive to Plaintiffs' Requests, (2) the dates, circumstances, and means of return or destruction of any responsive or relevant documents, (3) in the event such documents were returned, the persons or entities to whom they were returned, (4) in the event such documents were destroyed, whether such documents can be recovered (via computer back-up or otherwise), and (5) the identity of a representative of the Defendants who can testify as to these matters." However, Interrogatory No. 21 does not request that Defendants "provide Plaintiffs with information about what responsive or otherwise relevant documents Defendants once had …" The Interrogatory requests: "Identify and describe all document retention or destruction policies you have or had in place during the Relevant Period, including all electronic document, e-mail, and instant message back-up and deletion policies." Defendants answered this Interrogatory. Nevertheless, and without waiving any objections, we will meet and confer with you about the scope of this Interrogatory to try to reach an agreeable solution.

Letter to Alan Lewis
February 19, 2020
Page **5** of **12**

II. **Issues with Plaintiffs' responses to document requests and answers to interrogatories:**

Below are many of the issues with Plaintiffs' discovery responses that we would like to discuss with you on the call.

A.  **Improper Use of General Objections:**

Your responses to document requests and answers to interrogatories improperly rely on "general objections." Your answers to interrogatories are improperly prefaced with a long list of "General Objections" and the following limitation: "Subject to and without waiver of the foregoing General Objections...." Your responses to document requests also improperly contain a long list of "General Objections" and the same limitation, "Subject to and without waiver of the foregoing General Objections...." In addition, nearly all of your responses to document requests improperly state that they are "subject to" the "General Objections," *see* Nos. 1-12, 14, 16, 18-37, 39, 42, 44, 48, 53, 54, 67, 68, 71-75.

The Federal Rules require specific objections to requests for documents: "[F]or each item or category, the response must ... state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The same specificity is required for objections to interrogatories: "All grounds for an objection to an interrogatory shall be stated with specificity." Fed. R. Civ. P. 33(b)(4).  As explained in the Advisory Committee Notes to the 2015 Amendment to Rule 34, "Rule 34(b)(2)(B) is amended to require that objections to Rule 34 requests be stated with specificity. This provision adopts the language of Rule 33(b)(4), eliminating any doubt that less specific objections might be suitable under Rule 34." *See also* DL v. D.C., 251 F.R.D. 38, 43 (D.D.C. 2008) (overruling "boilerplate" general objections to discovery requests because they were not applied with sufficient specificity to satisfy the party's burdens under the Federal Rules of Civil Procedure).

The general objections and references to general objections in your responses and answers prevent Defendants from being able to evaluate the merits of the objections. For example, you do not explain how those general objections are applicable to each of the particular discovery requests. In addition, the answers and responses which cite to the general objections provide no indication as to the specific nature or amount of material being withheld on the basis of the general objections, or which general objections apply. Please supplement your discovery responses to state with specificity the grounds for each objection to a specific individual request for documents or interrogatory and the reasons therefor, and to identify whether you are withholding documents or information on the basis of each objection.

B.  **Plaintiffs' ability to get documents from Alfa and Other Entities:**

Letter to Alan Lewis
February 19, 2020
Page **6** of **12**

Please clarify whether any of the Plaintiffs have the legal right to obtain responsive documents from Alfa or any of the Other Entities, *see*, *e.g.*, Pls.' Response to Document Request Nos. 13, 15, 17, 26, 31, 40, 41, 43. Please also let us know if you are authorized to accept service on behalf of Alfa for a subpoena.

### C.  Response to Document Request No. 2:

Document Request No. 2 seeks "All documents relating to the truth or falsity of the statement quoted in paragraph 19 of the Complaint: "RUSSIA/US PRESIDENTIAL ELECTION: KREMLIN-ALPHA GROUP CO-OPERATION." In response, you state that Plaintiffs "would make a good faith effort to produce any available documents relating to the truth or falsity of the statement suggesting that Plaintiffs or Alfa cooperated with the Kremlin regarding the 2016 U.S. presidential election." Please confirm that Plaintiffs will instead make, as requested, a good faith effort to produce all available documents relating to the truth or falsity of the statement, "RUSSIA/US PRESIDENTIAL ELECTION: KREMLIN-ALPHA GROUP CO-OPERATION."

### D.  Response to Document Request No. 12:

You have objected to the terms "transactions" and "indirectly" and that "members of [Vladimir Putin's] family" and "[Vladimir Putin's] representatives" are "vague and ambiguous," stating that the request is "unsusceptible" to a response. However, you then state: "Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs state they are not aware of having any transactions with Putin or persons known or believed by them to be his family members or representatives, and thus have no responsive documents." Rule 34 requires you to identify whether you are withholding responsive documents on the basis of specific objections, but your response does not do so, because it is unclear how you have searched for and determined that you have "no responsive documents," when you have stated that the request is "unsusceptible to a response" and its terms are "vague and ambiguous."

Please revise your response to clarify how you interpreted the terms you object to for purposes of the search you conducted in determining that you have no responsive documents.

### E.  Responses to Document Request Nos. 16, 17, 18:

You object to these requests as seeking documents which are not relevant to the issues in the Action, and as failing to describe the documents requested with sufficient particularity. For Requests 16 and 18, you say you will produce documents related to "any Trump-related investigations." Given your objections on grounds of relevance and lack of sufficient particularity, please revise your response to identify the specific investigations you consider within the scope of your search for responsive documents, so that we may determine whether you are withholding relevant and responsive documents.

### F.   Responses to Document Request Nos. 20, 21:

Plaintiffs object to these Requests as seeking documents that are not relevant to the issues in this Action and object that "[p]roceedings or investigations involving Spanish law enforcement or governmental entities has no relevance to the statements in CIR 112." CIR 112 says in part: "However according to the top level Russian government official, during the 1990s GOVORUN had been Head of Government Relations at Alpha Group and in reality, the 'driver' and 'bag carrier' used by FRIDMAN and AVEN to deliver large amounts of illicit cash to the Russian president, at that time deputy Mayor of St Petersburg." CIR 112 also describes that "[s]ignificant favours continue to be done in both directions…." The Spanish proceedings include allegations that Fridman made illicit payments to the son of Russian Interior Minister Vladimir Kolokoltsev and sought to cover up the payments.[1] Therefore, the documents sought in response to these Requests are relevant to the substantial truth of the statements in CIR 112.

Please explain the basis for your objection that the documents sought are not relevant, in light of the information provided here.

### G.   Responses to Document Requests No. 24, 25:

In both of these responses, you state: "Plaintiffs will produce their communications relating to CIR 112 or the contents therein, or that are otherwise relevant to the issues in the Action." It is not clear from this response whether you are withholding documents or information and on what ground. Please identify whether you are withholding any responsive communications and the grounds for any such withholding.

### H.   Responses to Document Requests Nos. 26, 28, 37:

For each of your responses to these requests, you object to terms in the request and then state you will produce relevant documents, but do not explain how you are interpreting the terms for purposes of your response. Therefore, the scope of what you have determined as responsive and relevant is unclear from your response and thus it is impossible to tell whether you are withholding responsive documents based on your objections. Consistent with the requirements of Rule 34, please clarify how you are interpreting the terms you object to— relationship, anyone acting on Putin's behalf, and anyone acting on the Russian government's behalf—in searching for documents responsive to this request, so that we can ascertain whether you are withholding responsive documents and on what grounds.

The objections you raise in your responses to Requests 26, 28, 37 are as follows:

---

[1] *See* Complaint ¶ 2, *available at* https://www.tbcarchives.org/wp-content/uploads/complaint-against-Fridman-Spain-1.pdf

Letter to Alan Lewis
February 19, 2020
Page **8** of **12**

- In Request No. 26, you object to "'anyone' acting on Putin's or the Russian government's behalf" and then state: "Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce any available documents relating to any meetings between Plaintiffs and Putin, persons on behalf of Putin, and persons on behalf of the Russian government, that relate to CIR 112 or the contents therein, or that are otherwise relevant to the issues in the Action."

- In Request No. 28, you object to "anyone acting on the Russian government's behalf," and then state: "Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs state that they are not aware of having any business deals or financial transactions with the Russian government, and thus have no documents responsive to this Request. anyone acting on Putin's behalf or Russian government behalf."

- In Request No. 37, you object to "relationship" and "anyone acting on Putin's behalf," and then state: "Subject to the foregoing objections and Plaintiffs' General Objections and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce available communications, if any, concerning Govorun's relationship with Putin or persons acting on Putin' s behalf that relate to CIR 112 or the contents therein, or that are otherwise relevant to the issues in the Action."

I.  **Responses to Document Request Nos. 28, 29, 34, 35:**

You object to the terms "financial deals" and "business transactions" as vague, ambiguous and confusing, but you also state that you have no responsive documents. Consistent with the requirements of Rule 34, please clarify how you are interpreting those terms in searching for documents responsive to this request, so that we can ascertain whether you are withholding responsive documents and on what grounds.

J.  **Responses to Document Request Nos. 31, 32, 37:**

You object to the term "relationship," but also respond that you will search for responsive and relevant documents. Therefore, the scope of what you have determined as responsive and relevant is unclear from your response. Consistent with the requirements of Rule 34, please clarify how you are interpreting "relationship" in searching for documents responsive to this request, so that we can ascertain whether you are withholding responsive documents and on what grounds.

K.  **Response to Document Request No. 36:**

You object on the grounds that the documents sought – those sufficient to show the responsibilities of the individuals who have held or currently hold the role or title "Head of

Government Relations" at Alfa or the Other Entities are not relevant. Please revise your response to reflect whether you are withholding any responsive documents on this basis and explain this objection.

**L.  Response to Document Request No. 38:**

You state that documents concerning Plaintiffs' children's employment history are not relevant to this Action. However, any employment of Plaintiffs' children by the Russian Government could constitute "favours" as described in CIR 112, and thus such documents are relevant to this Action. Furthermore, claiming that the documents are "non-public and confidential information," and that disclosure is "unreasonable, intrusive and an invasion of family privacy" is not a sufficient basis for withholding responsive documents; you have not claimed that any statutory or common-law privilege applies to these documents. Furthermore, if the documents are required to be treated as confidential or highly confidential pursuant to applicable law, regulation, or court order, then you may designate them as such pursuant to the Stipulated Protective Order (Dkt. No. 67).

Please revise your response to reflect whether you are withholding any documents responsive to this request on the basis of relevance and explain this objection.

**M.  Responses to Document Requests Nos. 39, 40, 41:**

It is not clear from your response whether you are withholding documents responsive to the Requests on the ground that "communications, dealings, meetings, or relationships with the Trump Campaign, the Trump Transition Team, the Trump Organization, the Republican Party, and the Trump Administration, including but not limited to electronic communications between servers associated with the Other Entities and the Trump Campaign, the Trump Transition Team, or the Trump Organization" are "not relevant to the issues in the Action."

Please revise your response to reflect whether you are withholding any responsive documents on the basis that they are not relevant to CIR 112 or this Action and explain this objection.

**N.  Responses to Document Requests Nos. 44, 45, 46, 51, 52:**

You object that these requests seek "information that is not relevant to the issues in the Action." However, documents relating to Plaintiffs' public appearances; Plaintiffs' television, radio, or podcast appearances; Plaintiffs' mentions in news media; Plaintiffs' publications; Plaintiffs' awards or citations; and Plaintiffs' speeches and public statements are relevant to Defendants' defense that Plaintiffs are public figures. Please identify whether you are withholding documents in response to these requests on the basis that they are not relevant and explain this objection.

You also object to these requests to the extent that Defendants can obtain the information from the "public domain" or are "publicly available documents." First, please explain the difference between "public domain" and "publicly available." Second, please identify any documents that are not publicly available that you are withholding in response to any of these three requests, and the grounds for such withholding.

Finally, in Document Request No. 51 you state that you "will not seek to locate 'all' documents relating to each award." However, your Answer to Interrogatory No. 17 lists five awards for Fridman, six awards for Aven, and no awards of Khan. It is not overly burdensome to produce the documents related to these awards. Please explain the basis for your objection. Alternatively, we would accept documents authoritatively showing their receipt of the awards and any publicity efforts regarding these awards, including communications with the news media, speeches and public appearances. Such documentation is relevant to Defendants' defense that Plaintiffs are public figures.

### O.  Response to Document Request No. 56:

Documents related to any charitable contribution by Plaintiffs or Alfa (or Other Entities) or any publicity related thereto is relevant to Plaintiffs' status as public figures. Please clarify whether you are withholding all responsive documents in response to this request. Further, please set forth an explanation of the grounds for an objection to the production of these documents sufficient to permit Defendants to evaluate the merits of those grounds.

### P.  Responses to Document Requests Nos. 57, 58, 59, 60:

You have objected to producing tax returns of Plaintiffs, tax returns of Alfa and Other Entities, documents related to Plaintiffs' earned income, and documents indicating in any way that Plaintiffs lost money, revenue, business, financing, or customers as a result of the publication of the statements quoted in the Complaint that Plaintiffs claim are false and defamatory.

These documents are relevant to any claim by Plaintiffs for damages for lost income, investments, money, revenue, business, financing, or customers, or any other economic damages as a result of the publication of the statements quoted in the Complaint that Plaintiffs claim are false and defamatory. You have not stated a valid basis for withholding these responsive documents. You do not explain why producing documents relevant to damages creates an "unreasonable annoyance and prejudice" to Plaintiffs. Moreover, claiming that the documents are "non-public and confidential information," and that disclosure is "an unreasonable invasion of privacy" are not sufficient grounds for withholding responsive documents; you have not claimed that any statutory or common-law privilege applies to these documents. Furthermore, if the documents are required to be treated as confidential or highly

confidential pursuant to applicable law, regulation, or court order, then you may designate them as such pursuant to the Stipulated Protective Order (Dkt. No. 67).

Please state whether you are withholding documents responsive to these requests and explain the grounds for withholding, in light of the relevance of the documents just described and the failure of the other grounds you cite to justify withholding the documents.

### Q.  Answer to Interrogatory No. 10:

Please identify whether you are withholding information about communications between the Plaintiffs and any US government official; any representative of the Republican Party; any representative of the Trump Campaign; any representative of the Trump Transition Team on the basis of your objection that they do not "relat[e] to CIR 112 or the contents therein." If so, please explain this objection.

### R.  Answer to Interrogatory No. 11:

You state that information concerning Plaintiffs' estimated net worth, how they accrued their fortunes, and their significant assets and holdings is not relevant to this Action. However, Plaintiffs' wealth and career achievements are relevant to the Plaintiffs' public figure status. In light of this relevance, please describe the grounds for withholding this information.

### S.  Answer to Interrogatory No. 13:

Without explanation, you object to this Interrogatory because *inter alia* it is not relevant, provide no information in response to it, and state, "Details regarding Plaintiffs' bank accounts, loans or financings are not relevant to the issues in this Action." The information requested is relevant because Plaintiffs allege that statements made about their illicit financial transactions are false, and that the alleged publication of these statements financially harmed Plaintiffs. Please explain how the information requested in this Interrogatory is not relevant.

You also object, without explanation, to this Interrogatory because it is "overly broad, vague, unduly burdensome," and because it is "designed to create unreasonable annoyance, embarrassment, and prejudice to the Plaintiffs." Defendants simply and plainly request the name of a financial institution and its location, and nothing more. Please provide the basis for these objections.

### T.  Answers to Interrogatories Nos. 14 and 15:

Plaintiffs' press conferences, speeches, public statements, interviews, mentions in publications, blogs, among other statements, as listed in these interrogatories are relevant to establishing Plaintiffs' public figure status. Please explain the basis for your relevance objection. Please also explain what you mean by information obtainable from the "public domain." Please

identify the information you are withholding that is not available from the "public domain" and explain your objection to producing this information.

### U.  Answer to Interrogatory No. 17:

Please identify whether you are withholding information concerning any of Plaintiffs' awards, accolades, and recognitions, and if so, the basis for such withholding.

### V.  Answer to Interrogatory No. 18:

Please identify what categories of information you are withholding in response to this Interrogatory and the grounds for such withholding. You have provided some information, but it is not clear which categories you object to and why. The public events and charitable activities sponsored by Plaintiffs are relevant to Plaintiffs' status as public figures.

### W. Failure to Answer Interrogatories "Under Oath":

Plaintiffs have not complied with the requirement under Rule 33 that their Answers to Interrogatories "be answered . . . under oath." Fed. R. Civ. P. 33(b)(3). Plaintiffs must each sign the answers "under penalty of perjury," as specified in 28 U.S.C. § 1746, or have their verification sworn to before a notary public. *See also Duke Energy Field Servs. Assets, L.L.C. v. Fed. Energy Regulatory Comm'n*, 150 F. Supp. 2d 150, 154 (D.D.C. 2001) (explaining how documents can be placed "under oath" pursuant to a declaration as described in § 1746 or if the verifications are sworn to before a notary public); *Zanowic v. Reno*, No. 97CIV.5292(JGK)(HBP), 2000 WL 1376251, at *5 (S.D.N.Y. Sept. 25, 2000) (same).

Please supply a verification of Plaintiffs' answers under oath.

* * *

We will be in touch to schedule a time to confer about these issues.

Defendants expressly reserve all of their rights and remedies. This letter is without waiver of or prejudice to Defendants' rights, remedies, or objections to discovery requests.

Sincerely,

_____
Joshua A. Levy
Rachel Clattenburg