**EXHIBIT 7**

# Levy | Firestone | Muse

Joshua A. Levy
Levy Firestone Muse LLP
1401 K Street, NW, Ste 600
Washington, DC  20005
T (202) 845-3215
F (202) 595-8253
levyfirestone.com

April 16, 2020

<u>via Electronic Mail</u>

Alan S. Lewis
Matthew D. Dunn
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005
lewis@clm.com
mdunn@clm.com

  Re: *Fridman v. Bean LLC*, 17-cv-2041 (D.D.C. 2017)

Dear Alan and Matt:

  We write in furtherance of our meet-and-confer calls on March 20, 25 & 31, 2020, and April 7, 9 & 13, 2020.

  Without waiving any of the parties' rights, privileges or objections, below we have set forth the areas where we have reached agreement and the areas where we have not.

  For all of these issues, the parties agreed that their revising of discovery responses would be without prejudice to either party's right to challenge or question what has been produced or withheld, or either party's right to seek further reasonable supplemental party discovery. The parties also agreed that the numerous discussions the parties have had so far—summarized in this letter—do not satisfy the meet and confer requirement for a motion to compel (or other non-dispositive motion) on any issue discussed. Should either party decide to file such a motion, that party would still be required to meet and confer with the other party prior to filing the motion.

Letter to Alan Lewis
April 16, 2020
Page 2 of 15

1)  Documents to be searched:

Defendants' counsel are searching hundreds of thousands of documents, including, but not limited to, the emails on the Fusion GPS system; other electronic documents on the Fusion GPS system; text messages and other messaging apps; and the personal emails and other ESI of Defendant Glenn Simpson.

Plaintiffs' counsel represented that they have no documents for Plaintiff German Khan. Plaintiffs' counsel further represented that they have no hard copy or non-email ESI documents for Plaintiffs Mikhail Fridman and Petr Aven, and that they only have access to the personal email accounts for Plaintiffs Mikhail Fridman and Petr Aven, which date back to January 2010 and, combined for both custodians, number approximately 10,000 emails. As further described in Section II.B, *infra*, Plaintiffs' counsel represented that the bulk of Plaintiffs' electronic documents, any and all of their hard copy documents, any and all of their text messages or other communications on messaging apps, and any and all communications written on their behalf by their personal assistants are in the possession, custody, or control of Alfa/LetterOne, and that Plaintiffs, despite significant ownership and involvement with those entities, cannot access those documents. It is Defendants' position that these documents are within Plaintiffs' control, should be reviewed and, if responsive, produced. *See infra* at Section II.B.

2)  Document production date:

The parties agreed to produce documents on May 4, 2020.

3)  Privilege logs and revised responses to discovery:

We agreed that both parties would produce privilege logs and any revised responses to interrogatories and document requests on May 18, 2020.

4)  Requests for Admission:

We agreed that the parties would exchange requests for admission on June 24, 2020.

5)  Publicly Available Documents:

The parties agreed that neither party is required to produce responsive documents that are publicly available. As clarified by Plaintiffs' counsel in their letter of March 12,

Letter to Alan Lewis
April 16, 2020
Page 3 of 15

2020, the term "publicly available" has the same meaning as "public domain" and includes "documents that are freely available online or are available through a service such as Lexis or Westlaw."

6) **Scope of CIR 112 and the Alleged Defamatory Statements:**

The parties disagree on the scope of CIR 112 and the alleged defamatory statements.

Defendants contend that CIR 112 refers to events that took place not only in 2016, but also prior to 2016. Among other things, CIR 112 refers to "the history and current state of relations between President PUTIN and the Alpha Group of businesses led by oligarchs Mikhail FRIDMAN, Petr AVEN and German KHAN." CIR 112 also states that "[s]ignificant favours continue to be done in both directions," which refers to favors exchanged in and before 2016. Paragraph No. 3 of CIR 112 also makes no reference to a specific time period and certainly not the present (*i.e.*, 2016). Indeed, the year 2016 appears nowhere within CIR 112.

Plaintiffs disagree and contend that, with the exception of the events concerning Govorun, CIR 112 refers only to events that took place in 2016. Without waiving their position that CIR 112 and the alleged defamatory statements relate only to events that took place in 2016 (with the exception of events concerning Govorun), Plaintiffs have agreed to produce documents related to pre-2016 conduct.

7) **Date range for document searches:**

The parties agreed on the following date ranges for purposes of the party document productions due on May 4, 2020, without prejudice to either party's position on the relevance of documents created outside of the date ranges, and without prejudice to either party's right to pursue discovery outside of the date range through a court order.

The parties agreed that the default date range for reviewing documents due May 4, 2020 is January 1, 2016 through October 3, 2017, and that for certain issues, the parties would search for responsive documents outside of this default date range as follows:

Letter to Alan Lewis
April 16, 2020
Page 4 of 15

Defendants agreed to review pre-January 1, 2016 documents for any documents relevant to truth/falsity, limited-purpose public figure, or actual malice, and to produce any responsive, non-privileged documents.

For documents related to limited-purpose public figure, Plaintiffs will search for documents from January 1, 2010 through October 3, 2017, without prejudice to Defendants' position that documents pre-dating January 1, 2010 are relevant to whether Plaintiffs are limited-purpose public figures.

For documents related to the truth or falsity of the alleged defamatory statements, Plaintiffs will search for documents from January 1, 2010 through October 3, 2017, without prejudice to Defendants' position on the relevance of documents, outside of that date range. Plaintiffs will search for documents related to their conduct pre-January 1, 2016, without prejudice to their position that, with the exception of the events concerning Govorun, CIR 112 and the alleged defamatory statements relate only to events that took place in 2016. Defendants disagree and take the position that the conduct discussed in CIR 112 and the alleged defamatory statements are not limited to 2016.

Each Plaintiff shall produce any and all documents on which he is relying to support his claim of damages no later than 14 calendar days before the date of his deposition.

## 8) Search Terms

Plaintiffs asked Defendants for the search terms used to review documents. On March 23, 2020, Plaintiffs' counsel sent Defendants' counsel a list of proposed search terms. Most of the search terms were duplicative of the search terms Plaintiffs were already using. Plaintiffs adopted most of them; however, some of them are overbroad and unduly burdensome. Defendants agree to share their search terms with Plaintiffs.

Defendants asked Plaintiffs for the search terms used to review documents. Plaintiffs stated they are not using search terms, but rather are reviewing each of the Plaintiffs' documents in their possession, which, they stated, comprise only the personal emails of Plaintiffs Fridman and Aven, totaling roughly 10,000 e-mails combined, and none pre-date January 1, 2010. Plaintiffs' counsel said they have no documents for Plaintiff Khan.

Letter to Alan Lewis
April 16, 2020
Page 5 of 15

I. Plaintiffs' Requests and Interrogatories:

    A. Documents Withheld by Defendants:

As stated in your letter of March 12, 2020, and confirmed by both parties on the March 20, 2020 and March 25, 2020 calls, both parties agree to reserve, until after the production of documents, any issues regarding Defendants' or Plaintiffs' assertions of privileges, without waiving any arguments with respect to the applicability of such asserted privileges, either party's right to challenge what the other party has produced or withheld, or either party's right to seek further reasonable supplemental party discovery.

    B. Common Objections:

- **First Amendment**:  As discussed on the March 20, 2020 call, Defendants do not anticipate withholding any documents on the grounds of a First Amendment privilege.

- **Attorney-Client Privilege and Attorney Work Product**: Both parties will produce privilege logs on the date specified above.

- **Limiting Responses to CIR 112**:

As agreed on the March 20, 2020 call, Defendants will produce documents that generally relate to the "Dossier," or generally relate to Christopher Steele's reports or investigations, to the extent those documents are applicable to CIR 112 and relevant to issues in this Action.

    C.  Specific Objections:

- **Request Nos. 4, 6-8, 14, 22-25, 28-29**:

As agreed on the March 20, 2020 call, we will produce documents within the parameters set forth above: documents that generally relate to the "Dossier," or generally relate to Steele's reports or investigations, to the extent those documents are applicable to CIR 112 and relevant to issues in this Action.

Letter to Alan Lewis
April 16, 2020
Page 6 of 15

- **Request Nos. 26 & 27**:

As agreed, Defendants will serve revised responses to these requests on May 18, 2020.

**D. Interrogatories:**

- **Interrogatory No. 2**: Defendants agreed to revise their answer to Interrogatory No. 2 and will serve the revised answer on May 18, 2020.

- **Interrogatory No. 8**: Plaintiffs clarified that the information sought in Interrogatory 8 is limited to pre-publication communications, *i.e.* responsive communications made in 2016. Defendants agreed to revise their answer to Interrogatory No. 8 to provide the information sought and will serve the revised answers on May 18, 2020.

- **Interrogatory No. 9**: On the March 20, 2020 call, Plaintiffs raised a new issue – they requested that Defendants provide the names of the *New York Times* reporters with whom they shared CIR 112 or the Dossier. Defendants agreed that they will revise their answer to this Interrogatory to reflect this information to the extent Defendants recall the names. They will serve the revised answer on May 18, 2020.

- **Interrogatory No. 15**: Defendants will disclose the names of the people with whom Defendants recall meeting at the Briefings; however, Defendants do not recall discussing CIR 112 at the Briefings.

- **Interrogatory No. 17**: Plaintiffs' counsel requested production of the sealed portions of Peter Fritsch's deposition transcript in the Gubarev case. We advised that Plaintiffs could seek leave of the court to obtain the sealed portions of the transcript, and that Defendants would not object.

- **Interrogatory No. 21**: Without propounding a new Interrogatory, Plaintiffs asked in their January 31, 2020 letter that Defendants "identify or describe (1) what documents or types of documents were returned or destroyed, and whether it included documents potentially relevant to this Action or responsive to Plaintiffs' Requests, (2) the dates, circumstances, and means of return or destruction of any responsive or relevant documents, (3) in the event such documents were returned, the persons or entities to

Letter to Alan Lewis
April 16, 2020
Page 7 of 15

whom they were returned, (4) in the event such documents were destroyed, whether such documents can be recovered (via computer back-up or otherwise), and (5) the identity of a representative of the Defendants who can testify as to these matters." The parties agreed that Plaintiffs would propound those requests for information as new interrogatories, and they did so on April 15, 2020. Defendants will serve their answer to this interrogatory along with their revised answers to interrogatories on May 18, 2020.

II.    <u>Plaintiffs' responses to document requests and answers to interrogatories:</u>

   A.  Improper Use of General Objections:

      Plaintiffs stated in their March 12, 2020 letter: "At this point, it is premature for us to identify whether there are responsive documents that Plaintiffs will be withholding based on their objections." On the meet-and-confer calls since that time, Plaintiffs agreed to supplement their discovery responses to identify whether they are withholding documents or information and the basis for each objection, on May 18, 2020. Defendants agreed to do the same.

   B.  Plaintiffs' ability to get documents from Alfa and Other Entities:

      Plaintiff's counsel represented that they are reviewing the personal e-mails of Fridman and Aven, which begin in January 2010 and together number less than 10,000 total for that 10-year period. Plaintiffs' counsel represented it has no e-mails whatsoever for German Khan. Plaintiffs' counsel stated that Plaintiffs did not use personal e-mail as their predominant means of communication. Plaintiffs' counsel represented their clients have neither hard copy documents nor any electronic diaries or calendars on personal devices, and that they do not have any messaging apps on any personal phones or devices.

      Plaintiff's counsel further represented that most of Plaintiffs' potentially responsive electronic communications were conducted on their Alfa and LetterOne accounts, and that Plaintiffs' calendars and other electronic communications are in the possession of Alfa and LetterOne. Plaintiffs' counsel also represented that any of Plaintiffs' personal assistants or secretaries or other individuals authorized to communicate on Plaintiffs' behalf would have been employed by Alfa or LetterOne. Plaintiffs' counsel therefore stated that they will not be producing Plaintiffs' communications and other documents in the possession of Alfa and LetterOne.

Letter to Alan Lewis
April 16, 2020
Page 8 of 15

On several of our calls with Plaintiffs' counsel, we stated that shielding the lion's share of Plaintiffs' responsive documents within Alfa/LetterOne prejudices Defendants, particularly when, among other factors, Plaintiffs own a significant percentage of those third-party companies. It is Defendants' position that Plaintiffs control their Alfa and LetterOne communications and documents and must produce those documents to comply with their obligations under Fed. R. Civ. P. 34.

During the course of the meet and confer, we inquired about the communications between Plaintiffs' counsel and outside counsel for Alfa and LetterOne. Plaintiffs' counsel stated that they orally requested access to Plaintiffs' Alfa and LetterOne electronic communications through counsel for Alfa and LetterOne. Plaintiffs' counsel represented that counsel for Alfa and LetterOne orally stated that the companies will not give Plaintiffs access to their e-mails or any other communications on Alfa or LetterOne accounts. Nor, according to Plaintiffs' counsel, shall Plaintiffs have access to the communications of personal assistants or others employed by Alfa or LetterOne who are authorized by Plaintiffs to communicate on Plaintiffs' behalf.

On March 20, 2020, we asked Plaintiffs' counsel to make a direct request, in writing, to Alfa and LetterOne for Plaintiffs' communications and documents. On March 25, 2020, Plaintiffs' counsel said no such written request had been made to Alfa or LetterOne. In subsequent calls, we renewed our request that Plaintiffs or Plaintiffs' counsel make such a written request to Alfa and LetterOne. Neither Plaintiffs nor their counsel has done so.

Instead, Plaintiffs' counsel advised that we contact outside counsel for Alfa and LetterOne. Plaintiffs' counsel could not confirm whether outside counsel for Alfa and LetterOne would accept service of a subpoena.

We asked Plaintiffs' counsel to send us a letter memorializing their communications with outside counsel for Alfa and LetterOne, the date or dates on which those communications occurred, and the mode of communication. On April 2, 2020, we received an e-mail from Plaintiffs' counsel indicating that counsel for Alfa and LetterOne informed Plaintiffs' counsel that "ESI and other documents in the possession, custody, or control of Alfa and LetterOne would not be made available to Plaintiffs for production by Plaintiffs in this action." The e-mail did not include the dates or the mode of communication.

It is Defendants' position that Plaintiffs are failing to obtain, review and produce documents that are within their custody and control, thereby forcing Defendants to bear

Letter to Alan Lewis
April 16, 2020
Page 9 of 15

the costs of litigating requests for information to which they are entitled or seek the Court's judgment on whether Plaintiffs can continue their case without reviewing these documents and producing those documents responsive to Defendants' requests.

### C. Response to Document Request No. 2:

Defendants have no further issues with this document request at this time.

### D. Response to Document Request No. 12:

As clarified on the March 20, 2020 call, "things of value" include employment or job offers or charitable donations. As to "members of Putin's family," we clarified that this includes Putin's spouse, former spouse(s), and children, and, upon Plaintiffs' request, agreed to provide names, which we did via e-mail on March 27, 2020, along with transliterations. Beyond these clarifications, we have no further issues with this document request at this time.

### E. Responses to Document Request Nos. 16, 17, 18:

Plaintiffs stated that some of the documents sought from these requests may be protected by the attorney-client privilege, the attorney work product doctrine, and Federal Rule of Criminal Procedure 6(e), and that any responsive documents withheld on that basis will be included in a log to be produced on May 18, 2020.

In their responses to Defendants' Document Request Nos. 17 and 18, Plaintiffs stated that they "will make a good faith effort to locate and produce any available documents, if any, relating to" any Trump-related investigations or the Mueller investigation "involving CIR 112 or the contents therein." In the meet and confer, however, Plaintiffs are taking the position that they are not producing any documents created after October 3, 2017, including specifically requested documents such as these. We explained that any document related to the truth or falsity of CIR 112, regardless of when it was created, is relevant to this lawsuit. For example, we explained that the Mueller Report and the publicly available redacted 302 for Plaintiff Aven show, among other things, that Plaintiff Aven was meeting with Putin on a quarterly basis, including the last quarter of 2016, shortly before *Buzzfeed* published CIR 112 in January 2017. Plaintiffs' counsel stated they do not have possession of the unredacted 302 for Plaintiff Aven; however, inasmuch as Plaintiffs have other responsive documents, such as a proffer letter on behalf of Plaintiff Aven to the Department of Justice, Defendants take the position that those documents are relevant and should be produced without court

Letter to Alan Lewis
April 16, 2020
Page 10 of 15

intervention. Nevertheless, in an effort to resolve the issue for the time being, the parties agreed to search documents through October 3, 2017.

### F. Responses to Document Request Nos. 20, 21:

In their March 12, 2020 letter, Plaintiffs stated:

CIR 112 indicates that Fridman and Aven used Oleg Govorun to engage in bribery and illegal activities "during the 1990's" (e.g. thirty years ago). The recent Spanish proceedings have no relevance to the 1990s or Govorun, or to the truth of any of the defamatory statements in CIR 112. Plaintiffs stand on their objections to Requests Nos. 20 and 21.

We disagreed with this relevance objection and also explained that Plaintiffs' response does not address the alleged defamatory statement in CIR 112 that "[s]ignificant favours continue to be done in both directions," which statement is not limited to any time period in particular. Plaintiffs disagree and argue that CIR 112 is limited to events that took place in 2016 (with the exception of statements concerning Govorun). Plaintiffs further stated that they will not be producing documents created after October 3, 2017. We explained that the Spanish proceedings include allegations that Fridman made illicit payments to the son of Russian Interior Minister Vladimir Kolokoltsev and sought to cover up the payments, prior to *Buzzfeed*'s publication of CIR 112.[1] Therefore, the documents sought in response to these Requests are relevant to the truth or falsity of the statements in CIR 112 and should be produced.

### G. Responses to Document Requests No. 24, 25:

Plaintiffs' counsel stated that they did not intend to narrow their responses to document requests No. 24 and 25 in their letter of March 12, 2020. Plaintiffs' counsel clarified that the discrepancy between Plaintiffs' document responses and Plaintiffs' March 12, 2020 letter was inadvertent, and accordingly that Plaintiffs would search for documents responsive to Document Request Nos. 24 and 25 that related to CIR 112 or were otherwise relevant to this action, including but not limited to the question of whether Plaintiffs are limited-purpose public figures. Plaintiffs noted that the parties disagree about the definition of the public controversy in this matter.

---

[1] *See* Complaint ¶ 2, *available at* https://www.tbcarchives.org/wp-content/uploads/complaint-against-Fridman-Spain-1.pdf

Letter to Alan Lewis
April 16, 2020
Page 11 of 15

H. **Responses to Document Requests Nos. 26, 28, 37:**

Defendants have no further issues with the responses to these document requests at this time.

I. **Responses to Document Request Nos. 28, 29, 34, 35:**

As agreed on the March 20, 2020 call, "things of value" will be interpreted to include, but not be limited to, job offers and employment. Beyond that clarification, Defendants have no further issues with the responses to these document requests at this time.

J. **Responses to Document Request Nos. 31, 32, 37:**

Given the clarification of how Plaintiffs are interpreting the relevant terms in these requests, as set forth in the March 12, 2020, letter, Defendants have no further issues with these responses at this time.

K. **Response to Document Request No. 36:**

Given Plaintiffs' commitment in their March 12 letter to "make a good faith effort to locate and produce available responsive documents," Defendants have no further issues with the response to this request at this time.

L. **Response to Document Request No. 38:**

In their March 12, 2020 letter, Plaintiffs stated:

Plaintiffs are not willing to search for 'all documents relating to each of [Plaintiffs'] children's employment' as that request is unreasonable and is tantamount to a fishing expedition. Your stated justification—that employment of Plaintiffs' children by the Russian Government could constitute favors—is speculative and reveals the overbreadth of the request.

On March 20, 2020, Defendants reiterated their position that whether the Russian government has employed any of Plaintiff's children is relevant to the truth or falsity of the alleged defamatory statement in CIR 112 that Plaintiffs and Putin exchanged "[s]ignificant favours."

Letter to Alan Lewis
April 16, 2020
Page 12 of 15

Nevertheless, as an accommodation to Plaintiffs, Defendants proposed that Plaintiffs, in lieu of responding to Document Request No. 38, could disclose whether any of Plaintiffs' children worked for the Russian Government before January 10, 2017, or, in the alternative, produce documents sufficient to show the employment histories of Plaintiffs' children with the Russian Government.

On March 25, 2020, Plaintiffs' counsel represented that none of the Plaintiffs' children had been employed by the Russian government. Defendants have no further issues with the response to this request at this time.

### M. Responses to Document Requests Nos. 39, 40, 41:

In Plaintiffs' Responses to Document Request No. 39, Plaintiffs stated they have no "communications, dealings, meetings, or relationships with the Trump Campaign, the Trump Transition Team, the Trump Organization, the Republican Party, and the Trump Administration, including but not limited to electronic communications between servers associated with the Other Entities and the Trump Campaign, the Trump Transition Team, or the Trump Organization" that relate to CIR 112.

On the March 20, 2020 call, Defendants asked whether, if they exist, any of the communications requested in Document Request No. 39 would not relate to CIR 112, and why. Plaintiffs raised only one possible exception – communications between Plaintiffs and "the Republican Party," and stated that the term was too vague. Defendants' counsel said they would provide Plaintiffs with search terms for communications with the Republican Party. Plaintiffs agreed to receive the search terms and inform Defendants whether those search terms were reasonable and relevant, in Plaintiffs' view. Defendants' counsel provided the terms, and translations, via e-mail on March 27, 2020. Plaintiffs offered no other objection to these Document Requests on the grounds of relevance.

With regard to Document Request Nos. 40-41, Defendants explained on the March 20, 2020 call that they would expect Plaintiffs to search for Plaintiffs' documents mentioning or forwarding the communications of Alfa and the Other Entities requested in Document Request Nos. 40-41. Plaintiffs' counsel agreed.

To the extent the communications requested in Document Request Nos. 39-41 relate to the truth or falsity of CIR 112 and were created after October 3, 2017, Defendants take the position that they are relevant and should be produced. Plaintiffs disagree. In an effort to resolve this issue for purposes of facilitating document

Letter to Alan Lewis
April 16, 2020
Page 13 of 15

production, the parties agreed that either party can seek production of documents created after October 3, 2017 through a court order.

**N. Responses to Document Requests Nos. 44, 45, 46, 51, 52:**

In light of your response in the March 12, 2020 letter, Defendants have no further issues with these requests at this time. Furthermore, as discussed on the call, Defendants likewise agreed that they will not produce documents that are publicly available or available in the public domain.

**O. Response to Document Request No. 56:**

Defendants have no further issues with these requests at this time.

**P. Responses to Document Requests Nos. 57, 58, 59, 60:**

In light of Plaintiffs' position that "[t]o the extent that Plaintiffs seek damages for lost income or other financial losses incurred as a result of the publication of the defamatory statements alleged in the Complaint, Plaintiffs will produce documents sufficient to show such losses," as stated in Plaintiffs' March 12, 2020 letter, Defendants have no further issues with these requests at this time.  The parties agreed that Plaintiffs shall produce these documents no later than 14 days before the date of their depositions.

**Q. Answer to Interrogatory No. 10:**

Plaintiffs objected to the terms "the Republican Party" and "the government of Ukraine." Defendants agreed to provide them with search terms for "the Republican Party," which they did. Plaintiffs agreed to revise their response to Interrogatory No. 10 to clarify whether there were any responsive communications and whether they were withholding information as to any responsive communications on the grounds of relevance.

**R. Answer to Interrogatory No. 11:**

Defendants have no further issues with these requests at this time.

**S. Answer to Interrogatory No. 13:**

Defendants have no further issues with these requests at this time.

Letter to Alan Lewis
April 16, 2020
Page 14 of 15

T.  **Answers to Interrogatories Nos. 14 and 15:**

Defendants have no further issues with these requests at this time. Defendants likewise will not be searching for or assembling responsive documents that are publicly available as defined earlier in this letter.

U.  **Answer to Interrogatory No. 17:**

Defendants have no further issues with these requests at this time. As stated at the beginning of the letter, Defendants expect that once Plaintiffs have reviewed documents, they will revise Plaintiffs' discovery responses to reflect whether they are withholding any responsive documents in response to this or any other requests and the grounds for doing so.

V.  **Answer to Interrogatory No. 18:**

Defendants have no further issues with these requests at this time. As stated at the beginning of the letter, Defendants expect that once Plaintiffs have reviewed documents, they will revise Plaintiffs' discovery responses to reflect whether they are withholding any responsive documents in response to this or any other requests and the grounds for doing so.

W. **Failure to Answer Interrogatories "Under Oath":**

Plaintiffs have now provided revised verifications to their Answers to Interrogatories.

III.    **Third Party Subpoenas**

On the March 20, 2020 call, Defendants confirmed that any third-party depositions have been held in abeyance, and that Defendants would work with Plaintiffs on dates for such depositions. Defendants also agreed to produce documents received from third party subpoenas to Plaintiffs.

* * *

Defendants expressly reserve all of their rights and remedies. This letter is without waiver of or prejudice to Defendants' rights, remedies, or objections to discovery requests.

Letter to Alan Lewis
April 16, 2020
Page 15 of 15


Sincerely,


Joshua A. Levy
Rachel M. Clattenburg
Scott G. Brooks
*Counsel for Defendants*