**EXHIBIT 9**

# Levy | Firestone | Muse

Joshua A. Levy
Levy Firestone Muse LLP
1401 K Street, NW, Ste 600
Washington, DC  20005
T (202) 845-3215
F (202) 595-8253
levyfirestone.com

April 29, 2020

<u>via Electronic Mail</u>

Alan S. Lewis
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005
lewis@clm.com

  Re: *Fridman v. Bean LLC*, 17-cv-2041 (D.D.C. 2017)

Dear Alan:

  This letter responds to your April 24, 2020 letter that responded to our April 16, 2020 letter memorializing the parties' positions established during the meet-and-confer process. We are pleased to see that Plaintiffs, in the main, do not dispute the characterizations of these positions. Your April 24, 2020 letter included a handful of questions and statements that require a response, as follows. Our responses are organized in the order in which the issues appear in your April 24, 2020 letter.

  1. <u>Scope of CIR 112 and the Alleged Defamatory Statements</u>

  We understand that Plaintiffs' answer to Interrogatory No. 2 sets forth their characterization of the alleged defamatory statements that form the basis of their claims. Plaintiffs' answer to Interrogatory No. 2 includes:

Letter to Alan Lewis
April 29, 2020
Page 2 of 4

>Plaintiffs and Alfa "held 'kompromat' on Putin and his corrupt business activities from the 1990s," which suggests that Plaintiffs used their knowledge of past bribery or illegal business activities by Putin in order to obtain favorable business opportunities or interests from Putin or his government. CIR 112 also falsely states that Putin and senior Kremlin colleagues used Plaintiffs' or Alfa's "lack of investment in Russia" and "failure to reinvest the proceeds of the TNK oil company sale into the Russian economy" as pressure to make them do Putin's political bidding (and were "able to exploit as lever over Alfa[sic] interlocutors"). This suggests that Plaintiffs engaged in criminal extortion by using their knowledge of illegal activities by Putin to obtain favorable business opportunities, and that Plaintiffs were extorted by Putin because of their lack of investment in Russia and, to avoid retribution from Putin, were pressured to assist Putin in illegal or corrupt acts.

The foregoing, however, was not included in the April 24, 2020 letter. If the foregoing is no longer part of Plaintiffs' answer to Interrogatory No. 2, we will expect to see that modification to the answer, when revised answers to interrogatories are served on May 18, 2020.

2. <u>Search Terms</u>

During the meet-and-confer, Plaintiffs—for the first time—asked Defendants to share their search terms and also to take into consideration search terms drafted by Plaintiffs. Defendants agreed to do so; however, Defendants did not state that they would produce search terms by a date certain, as incorrectly indicated in Plaintiffs' April 24, 2020 letter. Defendants' search terms are enclosed.

Defendants, in kind, asked Plaintiffs for their search terms, and Plaintiffs said they were not going to use or produce search terms because they would review each document in the possession of their clients, as those documents number fewer than 10,000. However, if Plaintiffs either change their document review process and use search terms, come into the possession of additional documents, or are deemed to be in control of their documents at Alfa and LetterOne, Defendants reserve the right to request Plaintiffs' search terms and, if necessary, challenge them.

Letter to Alan Lewis
April 29, 2020
Page 3 of 4

3. <u>Fritsch Deposition Transcript</u>

In addition to this document being sealed and subject to a protective order, this document was created after October 3, 2017, the agreed-to end date for production of documents due on May 4, 2020. ("[T]he parties agreed on an end date of October 3, 2017 for the date range applicable to the May 4 production (without prejudice)." Letter from A. Lewis to J. Levy, April 24, 2020, at 6.)

As agreed during the meet-and-confer, the parties' document productions on May 4, 2020 are without prejudice to the ability of either party to seek additional documents (as to which no agreement was reached, such as documents created after October 3, 2017) at a later date.

4. <u>Plaintiffs' Documents at Alfa and Other Entities</u>

You have represented that the overwhelming majority of Plaintiffs' responsive documents are not in their control and, instead, are in the possession of companies that Plaintiffs founded and of which they continue to own a significant percentage. Rather than produce those documents, you have directed us to serve a subpoena on those companies, requiring Defendants to obtain party discovery from a third party, subject to third-party discovery rules. Defendants stand by their position that these documents are within Plaintiffs' control, and that it is prejudicial to Defendants to force them to resort to third-party discovery for documents that Plaintiffs are obligated to produce under the Federal Rules of Civil Procedure. The contention that Plaintiffs lack the power to direct Alfa and LetterOne, whose history with Plaintiffs is at the heart of this litigation, to produce information is not tenable.

Your April 24, 2020 letter does not confirm that these companies will produce documents. It makes representations that counsel for Alfa and LetterOne are "amenable to speaking with" us about service of the subpoena, and it makes representations about the "willingness" of Alfa and LetterOne's counsel to "work cooperatively" with us. Inasmuch as these representations concerning Plaintiffs' documents are memorialized in writing, we ask for all communications between Alfa and LetterOne (and their representatives) and Plaintiffs (and their representatives) about access to Plaintiffs' documents at Alfa and LetterOne.

Letter to Alan Lewis
April 29, 2020
Page 4 of 4

      Defendants expressly reserve all of their rights and remedies. This letter is without waiver of, or prejudice to, Defendants' rights, remedies, or objections to discovery requests.

                                           Sincerely,

                                           Joshua A. Levy

Enclosure