**EXHIBIT 10**

# CARTER LEDYARD & MILBURN LLP

*Counselors at Law*

**Alan S. Lewis**
**Partner**
•
*Direct Dial: 212-238-8647*
*Email: lewis@clm.com*

*2 Wall Street*
*New York, NY 10005-2072*
•
*Tel (212) 732-3200*
*Fax (212) 732-3232*

*570 Lexington Avenue*
*New York, NY 10022-6856*
*(212) 371-2720*

May 15, 2020

**VIA EMAIL**

Joshua A. Levy, Esq.
Levy Firestone Muse LLP
1401 K St. NW, Suite 600
Washington, DC 20005

Re:   <u>Fridman v. Bean LLC a/k/a Fusion GPS, et al.</u>, 17-cv-2041 (D.D.C. 2017)

Dear Josh:

This responds to your letter of April 29, 2020 relating to the discovery meet-and-confer process. Our responses are organized so as to correspond to the sections denominated in your letter.

**1. Scope of CIR 112 and the Alleged Defamatory Statement**

We will provide a revised Response to Interrogatory No. 2.

**2. Search Terms**

We acknowledge receipt of the search terms used by Defendants to locate potentially responsive documents. As you know, we had requested that these be provided weeks ago, while we were engaged in meet-and-confer discussions on the scope of such searches, and we provided you suggested search terms on March 23. We will review the terms as we review your May 4 production, and reserve the right to request that the terms be clarified or additional searches be conducted, and to challenge the adequacy of the search terms that Defendants used.

We have a few initial questions about Defendants' search terms:

(1) With regard to Item No. 12 on your list ("Fusion GPS custodians' and Glenn Simpsons' personal emails during the period 9/13/2016 – 9/16/2016")), does your letter represent that, for that 4-day period, you searched *all* Fusion custodians' emails *and all of* Mr. Simpson's personal emails without application of search terms? If not, please clarify the meaning of Item No. 12. In addition, please confirm whether or not

9568590.2

      the search terms in the other items were applied to these sources of ESI for the entire agreed upon date range.

(2) With regarding to Item No. 18, does your letter represent that you limited the search of the Bensinger email address to only the period September 1, 2016 through January 10, 2017? If yes, we request that you search for the agreed-upon default date range of January 1, 2016 through October 3, 2017. We understand, as referenced in Mr. Simpson's book, "Crime in Progress," that there were communications with Mr. Bensinger subsequent to BuzzFeed's publication of the Dossier on January 10, 2017. Therefore, if there are responsive written communications (email or otherwise) from the period January 10 to October 3, 2017, they should be produced.

(3) Because Item Nos. 12 and 18 reference specific sources of documents and specific narrow date ranges, we request that you confirm that for all other terms in your list, you searched (a) the emails of Fusion employees/custodians on the Fusion GPS system (i.e., Fusion emails), other electronic documents on the Fusion system, text messages and other messaging apps of the Fusion employees/custodians, and other ESI of Glenn Simpson—as stated in your April 16 letter; and (b) for the agreed-upon default date range of January 1, 2016 through October 3, 2017.

**3. Fritsch Deposition Transcript**

Thank you for the clarification. Plaintiffs reserve their rights regarding this request.

**4. Plaintiffs' Documents at Alfa and Other Entities**

      Contrary to the statement in your April 29 letter, we did *not* direct you "to serve a subpoena on [Alfa and LetterOne], requiring Defendants to obtain party discovery from a third party, subject to third-party discovery rules." It is also not correct that Plaintiffs are "forcing" Defendants to resort to third party discovery and that this is "prejudicial" to Defendants. As repeatedly explained, including in Plaintiffs' November 11, 2019 Responses and Objections to Defendants' First Request for the Production of Documents, Plaintiffs do not have possession, custody, or control of Alfa and LetterOne documents (including their corporate email accounts). To reiterate, the documents are owned and controlled by Alfa and LetterOne, not Plaintiffs, and Plaintiffs do not have the authority to produce those documents to another party in litigation without consent of the entities. There is nothing improper, burdensome, or prejudicial, about seeking documents from the entity that is the actual owner of the ESI, through identified counsel.

      As previously explained, we, on behalf of Plaintiffs, (a) made a request of counsel for Alfa and LetterOne that such corporate documents be made available to Plaintiffs for review and production in this action, (b) were advised that the entities' documents would not be made available to Plaintiffs for production by Plaintiffs in this action, and (c) that Skadden, as counsel for Alfa and LetterOne, would handle directly any specific discovery requests made by Defendants for Alfa or LetterOne ESI or documents. We provided you the names of the Skadden lawyers representing Alfa and LetterOne in connection with this litigation, conveyed to you that, as they conveyed to us, they would act in good faith regarding the production of Alfa

Joshua A. Levy, Esq.
May 15, 2020
Page 3

and LetterOne documents, and urged you to contact them. We understand that counsel for Alfa and LetterOne is willing to discuss Defendants' requests for documents, perhaps without requiring that Defendants serve a subpoena or follow foreign service formalities, thus your claim of prejudice is, at best, premature.

      This letter is without waiver of or prejudice to Plaintiffs' rights or remedies, all of which are expressly reserved.

      Sincerely,

      *Alan Lewis*

      Alan S. Lewis

ASL:bp

9568590.2