**EXHIBIT 12**

| | |
|---|---|
| **Subject:** | Re: Fridman v. Bean |
| **Date:** | Friday, 22 May 2020 at 18:41:10 British Summer Time |
| **From:** | Josh Levy |
| **To:** | Lewis, Alan S. |
| **CC:** | Rachel Clattenburg, Scott Brooks, Zach Blau, Dunn, Matthew D., McDonough, Theodore Y., Malyshev, Alexander G. |
| **Attachments:** | 2020.05.22 Letter to A. Lewis re Discovery.pdf |

Alan --

Please see the attached letter in response to your May 15, 2020 letter regarding discovery.  Thank you.

Kind regards,
Josh

**Joshua A. Levy**
Partner

**Levy** | **Firestone** | **Muse**
1401 K Street NW, Suite 600, Washington, DC 20005
T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
. . .

---

**From:** Lewis, Alan S. <Lewis@clm.com>
**Sent:** Friday, May 15, 2020 5:07 PM
**To:** Josh Levy <jal@levyfirestone.com>
**Cc:** Rachel Clattenburg <rmc@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Dunn, Matthew D. <MDunn@clm.com>; McDonough, Theodore Y. <McDonough@clm.com>; Malyshev, Alexander G. <Malyshev@clm.com>
**Subject:** Fridman v. Bean

Josh,

Please see the attached letters, responding to yours dated April 29 and May 8, 2020.

Best,

Alan

Alan S. Lewis, Esq.
**Carter Ledyard & Milburn LLP**
2 Wall Street | New York, NY  10005
Direct 212.238.8647 | Fax 212.732.3232
lewis@clm.com | www.clm.com


****************************************************
This e-mail message and its attachments are confidential, intended only for the addressee(s) named above and may contain information that is proprietary, privileged, attorney work product or otherwise exempt from disclosure. If you receive this message in error please notify us at postmaster@clm.com and immediately delete this message and its attachments from your system.
****************************************************

# Levy | Firestone | Muse

Joshua A. Levy
Levy Firestone Muse LLP
1401 K Street, NW, Ste 600
Washington, DC  20005
T (202) 845-3215
F (202) 595-8253
levyfirestone.com

April 14, 2020

via Electronic Mail

Alan S. Lewis
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005
lewis@clm.com

Re:   Fridman v. Bean LLC, 17-cv-2041 (D.D.C. 2017)

Dear Alan:

We write in response to your May 15, 2020 letter regarding discovery issues.

### A. Search Terms

On October 11, 2019, Plaintiffs served their Requests for Documents. On March 23, 2020, you first proposed search terms. As a courtesy to Plaintiffs, we agreed to review the search terms you proposed, applied the vast majority of them, and added additional ones.

With respect to your specific requests regarding Defendants' search terms:

1) You asked about Item No. 12 on our list of search terms (*i.e.*, "Fusion GPS custodians' and Glenn Simpson's personal emails during the period 9/13/2016 – 9/16/2016"). This search term was one of several we added, above and beyond the search terms you proposed. First, with regard to the e-mails

identified in Item No. 12 for that four-day period, you asked whether we searched all Fusion GPS custodians' emails and all of Mr. Simpson's personal emails without application of search terms. We did. Second, you asked whether "the search terms in the other items were applied to these sources of ESI for the entire agreed upon date range." They were.

2) Item No. 18: We have searched the Bensinger email address for the entire default date range and have produced the responsive documents. Again, this search term was another one we added, above and beyond the search terms you proposed.

3) Defendants confirm that for all search terms on the list, aside from Item Nos. 12 and 18, they searched the Fusion GPS emails of Fusion GPS custodians; other electronic documents on the Fusion GPS system; text messages; other message apps, if any; and other ESI of Glenn Simpson, as stated in our April 16 letter, for the agreed upon date range of January 1, 2016 through October 3, 2017.

B. Plaintiffs' Production

We continue to review Plaintiffs' production of documents and reserve the right to raise additional questions about Plaintiffs' production. Without waiving that right, we note that:

1) During our meet-and-confer calls, we agreed that "Plaintiffs would supplement their discovery responses to identify whether they are withholding documents or information and the basis for each objection, on May 18, 2020. Defendants agreed to do the same." Ltr. from J. Levy to A. Lewis (Apr. 16, 2020). You stated that this "accurately reflects the parties' agreement." Ltr. from A. Lewis to J. Levy (Apr. 24, 2020). Plaintiffs' First Supplemental Responses and Objections (dated May 18, 2020), includes only revised responses to Defendants' Document Requests Nos. 49, 50, 57, 59, 60, 63, 64, 65, 66, 69, 70, 71, 73, 74, 75, 76, and 79. Pursuant to the parties' agreement, please confirm that Plaintiffs are not withholding any documents responsive to any of

Letter to Alan Lewis
May 22, 2020
Page 3 of 6

    the remaining Document Requests (*i.e.*, Document Request Nos. 1-48, 51-56, 58, 61-62, 67-68, 72, 77-78, 80-85). If, in the event you are withholding documents responsive to any of the remaining Document Requests, please state the basis for withholding those documents.

2) Plaintiffs' First Supplemental Answers to Defendants' Interrogatories (dated May 18, 2020) address only Interrogatory No. 2. Please confirm that Plaintiffs are not withholding information responsive to any of the other Interrogatories.

3) In your letter dated April 24, 2016, you stated: "Our agreement to produce available pre-2016 documents, if any, related to communications with the media and the truth/falsity of the defamatory statements is an accommodation, made in a good-faith effort to resolve issues outside of court. It is not a concession that such documents are in any way relevant (or exist) and is without prejudice or waiver of our objection to their relevance." However, in your Supplemental Responses to Document Requests (dated May 18, 2020), you state:

> As agreed by the Parties, the May 4, 2020 production was for documents within the date range agreed to by the parties (subject to the Parties' reservation of rights) as outlined in correspondence dated April 16 and April 24, 2020 and does not include publicly available documents (which the Parties agreed need not be separately produced). These Supplemental Responses are not intended to apply to documents that may exist but that fall outside the agreed upon date range, or which exist in the public domain.

(emphasis added). Your statement that your Supplemental Responses do not apply to documents "that may exist but that fall outside the agreed upon date range" contradicts your agreement that you would review and produce documents created before January 1, 2016 that are related to either (a) the substantial truth or falsity of the alleged defamatory statements or (b) Plaintiffs'

or their representatives' communications with the media, without waiving your objections to their relevance.

For each of Defendants' document requests, please specify whether you are withholding responsive documents that pre-date January 1, 2016 and the grounds for any withholding.

4) You have stamped many of the documents Plaintiffs produced on May 4, 2020 as "Highly Confidential" or "Confidential." Pursuant to Section 2(D) of the Protective Order, please identify the applicable law, regulation or court order requiring such designations for each document you have so designated. To the extent you are claiming that this material is "subject to restriction under applicable data protection or privacy laws or regulations," see Protective Order Section 2(C), please explain how such law or regulation applies to discovery produced by Plaintiffs in litigation they elected to pursue in the United States.

5) Plaintiffs recently went to trial in *Khan v. Orbis*, Case No. QB-2018-006349, another lawsuit based on the contents of CIR 112. Defendants expected that Plaintiffs would collect and review any documents Plaintiffs produced in that lawsuit—whether as trial exhibits, to the opposing party, or to counsel—and produce responsive documents to Defendants. Because that lawsuit also concerned CIR 112 and likely involved documents from Plaintiffs that were created prior to October 3, 2017, it is surprising that no such documents have been produced. Plaintiffs have not claimed privilege as to any such documents. Please confirm that these documents were collected and reviewed. If it is your position that these documents are publicly available, please provide the website where the documents are located. In addition, documents in the possession of Plaintiffs' attorney are within Plaintiffs' control for purposes of Rule 34.

Letter to Alan Lewis
May 22, 2020
Page 5 of 6

C. Plaintiffs' Documents

During our meet-and-confer, you made clear that most of Plaintiffs' responsive documents are at Alfa and LetterOne, but claimed that Plaintiffs cannot review or produce them.

After you first told us that Plaintiffs could not gain access to their documents at Alfa and LetterOne, we asked for any written communication from Plaintiffs or their counsel to Alfa and LetterOne for access to their documents, if one had been made. We have still not received such a letter and renew our request for such a letter to Alfa and LetterOne, if one was ever sent.

We also asked for all of your communications with counsel for Alfa and LetterOne about Plaintiffs' ability to access their documents at the companies they own. We have not received those documents.

We are skeptical that Plaintiffs and Alfa and LetterOne have not coordinated this dynamic as a means to shield documents from discovery and to impose an undue burden on Defendants to negotiate the production of Plaintiffs' documents from a third-party and, if necessary, litigate any disputes against such third-party. If Plaintiffs are to proceed with their case, they must fulfill their own discovery obligations and cannot prejudice Defendants by requiring them to make requests of other parties for documents that Plaintiffs are obligated to produce. Contrary to your suggestion, Defendants' claim of prejudice is not premature. If these documents are indeed within Plaintiffs' control, as Defendants contend, then Defendants are and continue to be prejudiced by Plaintiffs' failure to timely produce them.

Fueling our skepticism is the eagerness demonstrated by your firm to have us pursue discovery with Alfa and LetterOne and, more bizarrely, the zeal exhibited by Skadden – former employer of Plaintiff Khan's son-in-law and longtime counsel to Alfa, LetterOne, Plaintiff Aven in the Special Counsel investigation, and, most recently, several other third parties in this case – to have Defendants demand documents from Alfa and LetterOne. We have received several such writings from Skadden and, even when we

Letter to Alan Lewis
May 22, 2020
Page 6 of 6

are scheduled to talk about a subpoena served on a completely different third party represented by Skadden, Skadden invites us to seek documents from Alfa and LetterOne and tries to steer the conversation in that direction, nearly without relent.

    We therefore renew our requests for the communications between you and Skadden concerning Plaintiffs' access to documents and continue to maintain our position that Plaintiffs' control their documents at Alfa and LetterOne.

    Sincerely,

    *[signature]*

    Joshua A. Levy