**EXHIBIT 14**

# CARTER LEDYARD & MILBURN LLP

*Counselors at Law*

**Alan S. Lewis**
**Partner**
•
*Direct Dial: 212-238-8647*
*Email: lewis@clm.com*

*2 Wall Street*
*New York, NY 10005-2072*
•
*Tel (212) 732-3200*
*Fax (212) 732-3232*

*570 Lexington Avenue*
*New York, NY 10022-6856*
*(212) 371-2720*

June 2, 2020

**VIA EMAIL**

Joshua A. Levy, Esq.
Levy Firestone Muse LLP
1401 K St. NW, Suite 600
Washington, DC 20005

Re:  *Fridman v. Bean LLC a/k/a Fusion GPS, et al.*, 17-cv-2041 (D.D.C. 2017)

Dear Josh:

This responds to your letter sent via email on May 22, 2020 (bearing the date April 14, 2020) relating to discovery issues. Our responses are organized so as to correspond to the sections denominated in your letter.

### A.    Search Terms

Thank you for answering our questions about the search terms Defendants used to locate potentially responsive documents. In Part (2) of your answer, you indicate that Defendants searched the Bensinger email address (Item No. 18 on your list) for "*the entire default date range*" but in Part (3) you indicate that all terms, "aside from Item Nos. 12 and 18," were applied for the agreed-upon date range of January 1, 2016 through October 3, 2017. Please clarify whether such term was applied to a different date range than all other terms (*i.e.*, 9/1/2016 to 1/10/17, as indicated on your search term list).

### B.    Plaintiffs' Production

1)    As indicated in General Statements F and D in Plaintiffs' Supplemental Responses and Objections to Defendants' First Requests for Production of Documents and First Set of Interrogatories (the "Supplemental Responses"), respectively, "if there is no supplemental response . . . being provided at this time, such specific Requests are not reflected." Thus, subject to the General Statements and Objections, Plaintiffs are not withholding documents responsive to the Requests and Interrogatories other than as indicated in the original Responses and Supplemental Responses.

9607359.2

Joshua A. Levy, Esq.
June 2, 2020
Page 2

     2)     Addressed in (1) above.

     3)     Contrary to your implication, Plaintiffs have not breached an agreement to produce certain pre-2016 documents. In the Supplemental Responses to the Document Requests, General Statement B, Plaintiffs indicated that the May 4 production was for documents "within the date range agreed to by the parties . . . as outlined in the correspondence dated April 16 and April 24, 2020." Those letters made clear that this includes any "pre-2016 communications with the media and the truth/falsity of the defamatory statements." Without prejudice or waiver to Plaintiffs' objections and position in their April 24, 2020 letter (which you refer to as dated 2016), Plaintiffs' production and Supplemental Responses included such pre-2016 documents—to the extent available and within their possession, custody, and control. No such documents were withheld.

     4)     The following documents produced by Plaintiffs were designated as Highly Confidential or Confidential pursuant to the Stipulated Confidentiality Agreement and Protective Order ("Protective Order"):

- Emails that include personal data such as email addresses of Plaintiffs or others in the UK. These emails are protected by the UK-GDPR (General Data Protection Regulation), and therefore have been designated as Highly Confidential – Personal Data. See PDDC00008230-8296; 8303-8316; 8319-8323; 8325; 8327-8331. Plaintiffs have consented to the production of such documents in the United States subject to the Protective Order. Their election to pursue litigation in the United States does not mean that they lose the protection against the unauthorized disclosure or misuse of their personal data. In addition, the personal data of Plaintiffs and other Russian citizens is protected by Russian Federal Law on Personal Data (No. 152-FZ).

- Some pages of the transcripts of depositions of Plaintiffs in *OAO Alfa-Bank v. Center for Public Integrity*, Case No. 1:00-cv-2208 (JDB) (D.D.C.), which were designated as "Confidential." We note that the pages of the depositions we so designated were filed under seal (*see* Doc. No. 134-15) pursuant to a confidentiality agreement. *See* PDDC00008359-60; 8370-72; 8431; 8439; 8464. The portions of the deposition transcripts that we produced which were not filed under seal in *OAO* were produced without designation.

     5)     With respect to the UK proceeding, *Khan v. Orbis*, Case No. QB-2018-006349, we understand that trial exhibits (which include documents produced by the parties) and witness statements are publicly available upon application to the UK High Court using form N244 (https://assets.publishing.service.gov.uk/government/uploads/system/uploads/attachment_data/file/732360/N244_web_0818.pdf), and other documents are publicly available upon an email request sent to qbenquiries@justice.gov.uk. Hence, that material is in the public domain and Plaintiffs need not produce it under the parties' agreement regarding publicly available documents.

9607359.2

Joshua A. Levy, Esq.
June 2, 2020
Page 3

### C. Plaintiffs' Documents

As we explained previously, Plaintiffs' request to Alfa and LetterOne for documents was made through counsel, *orally*. Likewise, counsel to the entities, Skadden, responded *orally* that the documents belong to the entities and that the entities denied *Plaintiffs'* request for access to the documents for purposes of Plaintiffs' production in connection with this litigation.

As you also know and as your letter acknowledges, the foreign entities have indicated that they would respond directly to any discovery requests made by Defendants for Alfa or LetterOne ESI or documents. Your contention that Plaintiffs are coordinating with the entities to shield entity documents from discovery is false. Quite to the contrary, Plaintiffs have made efforts to facilitate your communication with counsel for the entities.[1]

We are pleased to see in your letter that counsel for Alfa and LetterOne have done what they indicated they would do—that is, they have expressed a willingness to produce Alfa and LetterOne documents to Defendants and engage with you in good faith communications relating thereto. That you are nevertheless refusing to obtain the requested documents directly from the owners of the documents, or to have any conversation with counsel for the entities on this issue, is puzzling and unreasonable. Plaintiffs are not responsible for any prejudice you might suffer as a result of that affirmative choice.[2]

Defendants, while declining to seek the entity documents from the entities, persist in claiming "prejudice." However, Defendants have not even attempted to elaborate on that conclusory allegation. Indeed, Skadden's representation of the entities is hardly an inconvenience, given that you are already engaged in meet-and-confer dialogue with Skadden in connection with its representation of other third parties to whom you have issued subpoenas in this case. Nor, to our knowledge, has Skadden taken the position that Defendants must obtain the entity documents via the Hague Convention or other foreign service formalities, nor are we aware of any other hurdles you face in seeking the documents from the entities. In this light, Defendants' implicit threat to seek judicial relief rings hollow where Defendants have not even tried to obtain the entity documents from the entities.

We again encourage you to take the opportunity to communicate with counsel for Alfa and LetterOne to obtain discovery from the entities you believe necessary for your clients' defense.

---

[1] The same cannot be said for Defendants or for Orbis or Steele, who Defendants hired to produce various memos including CIR 112. Indeed, Defendants have evidently destroyed or returned documents and communications from Orbis and Steele, and U.S. counsel for Orbis and Steele has refused to accept subpoenas issued to its clients, instead insisting that Plaintiffs pursue discovery overseas through the Hague Convention.

[2] You indicate that "Defendants continue to be prejudiced by Plaintiffs' failure to timely produce" documents "if [they] are indeed within Plaintiffs' control, as Defendants contend." But Defendants' contention is incorrect. We explained *months ago* that Plaintiffs do not have possession, custody, or control of Alfa and LetterOne documents (including their corporate email accounts), which are owned and controlled by Alfa and LetterOne, therefore Plaintiffs do not have the authority to produce those documents to another party in litigation without consent of the entities. This issue was discussed repeatedly during our meet-and-confer process.

Joshua A. Levy, Esq.
June 2, 2020
Page 4

\* \* \* \* \*

      This letter is without waiver of or prejudice to Plaintiffs' rights or remedies, all of which are expressly reserved.

Sincerely,

*Alan Lewis*

Alan S. Lewis

ASL:bp

9607359.2