**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **MIKHAIL FRIDMAN,** *et al.***,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | Civil Case No. 1:17-cv-2041-RJL |
| ) | |
| **ORBIS BUSINESS INTELLIGENCE** ) | |
| **LIMITED,** *et al.* ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF THEIR MOTION FOR ALTERNATIVE SERVICE**

**Preliminary Statement**

Plaintiffs Mikhail Fridman, Petr Aven, and German Khan (collectively,

"Plaintiffs") submit this memorandum of points and authorities in support of their motion

pursuant to Rule 45 of the Federal Rules of Civil Procedure to permit alternative service of

subpoenas directed to Daniel Jones and The Democracy Integrity Project (or "TDIP").

Alternative service is necessary to obtain documents from Mr. Jones and TDIP and the

attendance of Mr. Jones for essential testimony to this action.  Rule 45 allows for such alternative

service.  Personal service has been attempted on both Mr. Jones and TDIP.  Those efforts,

including multiple stakeouts for some twenty-five hours at Mr. Jones' apartment building by the

process server, proved unsuccessful.  It is Plaintiffs' understanding and belief that Mr. Jones is

attempting to evade service of his subpoena.

Mr. Jones is a former Senate Intelligence Committee staff member and the

founder of TDIP.  It is Plaintiffs' understanding and belief that both Mr. Jones and TDIP have

engaged Fusion and Orbis to continue those entities' work in investigating Russian efforts to interfere in United States elections, and that Mr. Jones and TDIP possess information concerning the falsity of the allegations in Company Intelligence Report 112 ("CIR 112") and the lack of efforts to corroborate the defamatory allegations of CIR 112—which are relevant issues in this action.  Alternative service is necessary to obtain this essential evidence and testimony.

## ARGUMENT

### ALTERNATIVE SERVICE IS APPROPRIATE UNDER RULE 45 WHEN PERSONAL SERVICE HAS BEEN ATTEMPTED AND IS UNSUCCESSUFUL

The motion should be granted because Plaintiffs have made numerous and assiduous attempts to effect personal service on both Mr. Jones and TDIP and those efforts have proven unsuccessful.  Indeed, as enumerated in the accompanying Affidavit of Michael Molash from Same Day Process Service, beyond attempting personal delivery, Plaintiffs have conducted at least six stakeouts at Mr. Jones' last known address.  Despite surveillance of that residence for some twenty-five (25) hours on multiple days, personal delivery has proven impossible.

Rule 45 requires that service be effected by "delivering a copy to the named person . . . ."  Older cases, including cases in this Circuit, interpreted the "delivery" requirement to mean personal service.  *See F.T.C. v. Compagnie de Saint-Gobain-Pont-aMousson,* 636 F.2d 1300, 1312-13 (D.C. Cir. 1980) ("*Compagnie*").  The growing trend of modern cases addressing the issue find alternative service under Rule 45 not only permissible, but also the most practical interpretation of the Rule.  *See, e.g., Cardinali v. Plusfour, Inc.,* 2:16-cv-02046-JAD-NJK, 2019 WL 3456630, *5 (W.D. Nev. June 20, 2019) (noting courts are "trending" toward the conclusion that personal service is not required); *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 616 (S.D. Fla. 2019) ("substantial recent authority from federal courts in Florida support that Rule 45 does not require personal service; rather, it requires service reasonably

calculated to ensure receipt of the subpoena by the witness"); *In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.*, No. MDL 13-2419-FDS, 2013 WL 6058483, at *4–5 (D. Mass. Nov. 13, 2013) (agreeing with the growing trend and finding that service was proper "where it was effectuated by a means reasonably calculated to complete delivery and the respondents received actual notice of the subpoena"); *In re Falcon Air Exp., Inc.*, No. 06-11877-BKC-AJC, 2008 WL 2038799, at *1 (Bankr. S.D. Fla. May 8, 2008) (rejecting "as antiquated the so-called majority position interpreting Rule 45 as requiring personal service" and instead adopting "the better-reasoned, modern, emerging minority position, which holds that substitute service of a subpoena is effective on a nonparty witness under Rule 45").

Federal civil procedure treatises note "in recent years a growing number of cases have departed from the view that personal service is required and alternatively have found service of a subpoena under Rule 45 proper absent personal service."  9A Wright & Miller, *Federal Practice and Procedure,* § 2454 (3d ed. 2020).  *Cf. Bland v. Fairfax County, Va.,* 275 F.R.D. 466, 468-71 (E.D. Va. 2011) (Cacheris, J.) (extensively canvassing case law and concluding methods other than personal service are sufficient).  The Commentary to Rule 45 even notes that "more recently" courts have permitted service by means other than personal service: "More recently, a number of courts have upheld service by certified mail or other forms of service that are reasonably calculated to achieve actual notice."  Indeed, contemporary courts note that the cited language in *Compagnie* is dicta and courts in this District have not hesitated to join the modern trend.  *See, e.g., United States ex rel. El-Amin v. George Washington Univ.,* 1:95-cv-02000 (TAF)(FAK), 2000 U.S. Dist. LEXIS 15635, *2-3 (D.D.C. Oct. 23, 2000) (holding "there is sufficient authority to permit service of a subpoena by other than personal service" and permitting service by posting with a copy by certified mail).  In the face of this

ever-growing modern trend, including decisions by this Court, the D.C. Circuit has not "spoken" on the issue for the last 40 years.

Application of the modern rule here justifies service by alternative means. Plaintiffs' efforts at service on both Mr. Jones and TDIP have been numerous and extensive. (See a summary of those efforts in the accompanying Affidavit of Michael Molash sworn to July 30, 2020 ("Molash Aff.")).  For example, the original address where service was attempted came from TDIP's Internal Revenue Service tax Form 990 for tax year 2017, the most recent available. (Molash Aff. ¶ 3).  That address -- 1360 Beverley Road, McLean, Virginia -- turned out to be inaccurate.  When Same Day Process went to TDIP's listed office address at 1360 Beverley Road, McLean, they found it was not really TDIP's office but rather an accounting firm called Prager Metis.  An employee of Prager Metis reported to the process server that Mr. Jones was a client of Prager Metis but that Mr. Jones did not work there.  The employee declined to give Mr. Jones' home address even though that employee noted Mr. Jones was working from home. (Molash Aff. ¶ 4).

A "skip-trace" conducted by Same Day Process located an address for Mr. Jones at 801 P Street, N.W., # 1208, Washington, D.C. 20001.  (Molash Aff. ¶ 5).  When Same Day Process visited the building at 801 P Street, N.W., the concierge stated that there was no unit 1208.  Same Day Process also checked across the street at 800 P Street and was told that there was no unit 1208 nor any record of Mr. Jones in that building's directory.  (Molash Aff. ¶ 6).

On June 16, 2020, the employee at Prager Metis that talked to Same Day Process telephoned Same Day Process and provided yet another address for Mr. Jones, 915 F. Street, N.W. # 500, Washington, D.C.  20004.  (Molash Aff. ¶ 7).  When Same Day Process visited that building, it found the ground floor was occupied by the restaurant "Succotash."  Access through

the nearby McGill Alley, N.W. found the upper floors of the building were listed as being

occupied by small businesses.  Current tenants were listed for the third, sixth, and seventh floors

in the building directory.  There was also a listing for an entity called "Advance Democracy."[1]

No one answered the intercom at that office suite.  Moreover, when a google search was run on

the 915 F Street address, Same Day Process found that the fourth and fifth floors were listed as

"for rent."  Mr. Jones was not located at the 915 F Street address either.   (Molash Aff. ¶ 8).

A review of the skip-trace found yet another address for Mr. Jones at 801

Pennsylvania Avenue, N.W., #1208, Washington, D.C.  20004.  (Molash Aff. ¶ 9).  As the

Investigative Due Diligence Affidavits dated July 16, 2020, from three separate process servers

demonstrate, even a stakeout and repeated efforts to serve Mr. Jones at 801 Pennsylvania Avenue

proved unsuccessful.  (*See* Molash Aff. ¶ 10, Exs. 4-5).   On the first visit on June 16 at 5:23

p.m., the concierge at the building -- a "secured complex" -- "confirmed the subject resided at

the address and attempted to reach the subject . . . but was unable to reach the subject."   (*See*

Molash Aff. ¶ 10).  The entry for the June 24, 2020 evening stakeout indicates that "a Caucasian

male with black and gray hair and a full beard which was also black and gray" came "out the

main door to walk a dog."  The process server did not see that man return to the building by the

time the stakeout ended at 10:45 p.m.  But "five minutes after observing that individual" a

"Caucasian female" came out of 801 Pennsylvania Avenue, N.W. and stood behind the process

server's vehicle taking pictures.  (Molash Aff. ¶ 13, Exs. 4-5).  Although the concierge

confirmed that Mr. Jones lived at 801 Pennsylvania Avenue, N.W. stakeouts on six separate

---

[1] Advance Democracy, Inc. is a Delaware corporation to which Esquire Magazine has linked Mr. Jones.  *See* Jack Holmes, *The U.S. Has Never Held Anyone Accountable for Torture.  Daniel J. Jones Is Still Pissed Off About That*, ESQUIRE, Nov. 15, 2019, *available at* https://www.esquire.com/news-politics/a29796820/the-report-movie-senate-daniel-j-jones-cia-torture-true-story/.  A true and correct copy of the foregoing article is attached to the Molash Aff. as Exhibit 3.

dates (June 24, June 27, June 28, July 1, July 10 and July 12) did not observe Mr. Jones.

(Molash Aff. ¶¶ 10, 12-13).  Entries for those dates in the Due Diligence Affidavits variously

indicate the process server "did not observe the subject" or "no one matched the description of

the subject" "nor did anyone look like the person in the picture."  (Molash Aff. Exs. 4-5).

Finally, 801 Pennsylvania Ave., N.W. is listed as an address for Mr. Jones in

District of Columbia Department of Consumer and Regulatory Affairs ("DCRA") records.

(Molash Aff. ¶ 11).  The Penn Quarter Group[2] 2019 registration information lists Mr. Jones as its

agent for purposes of service of process and lists an email address for Mr. Jones as

daniel@thepqg.com.  (*See* Molash Aff. ¶ 11, Ex. 6).  As noted later below, Plaintiffs expressly

request that one means of alternative service of Mr. Jones, among others, be by email to that

email address.

DCRA records indicate that TDIP's status in the District of Columbia is

"revoked."  (Molash Aff. ¶ 15, Ex. 7).  Accordingly, Same Day Process effected service on TDIP

by certified mail, return receipt requested, by serving the District of Columbia Superintendent of

Corporations.  (Molash Aff. ¶ 16).  Such method of service is authorized by D.C. Code

§29.10412(d) in circumstances where a business entity has failed to maintain a registered agent

in the District of Columbia.  *See also* Mayor's Order 2009-65, dated April 24, 2009, ¶1.d.  Due

to current COVID-19 restrictions, the DCRA office of the District of Columbia Superintendent

of Corporations has been closed to the public; certified mail offered the only course of serving

the Superintendent of Corporations.  (Molash Aff. ¶ 16).  To date, TDIP has failed to respond to

Plaintiffs' subpoena.

---

[2] The Penn Quarter Group is led by Mr. Jones and advertises itself as offering "consulting, research, and global investigative services to businesses, law firms, public policy organizations, not-for-profits, and individuals."  *See* http://thepqg.com/; http://thepqg.com/leadership/.

One cannot help but conclude that Mr. Jones is attempting to evade service of the subpoena.

Accordingly, Plaintiffs request that their motion for effecting service on Daniel J. Jones and The Democracy Integrity Project by alternative means be granted.  As the accompanying proposed Order sets forth, Plaintiffs request that service by (1) posting a copy of the subpoena outside the lobby of Mr. Jones' place of residence and leaving a copy with the concierge; (2) delivering a copy by certified mail to Mr. Jones' place of residence; 3) email to the address info@advdem.org, which is the email address for Advance Democracy Inc., a Delaware corporation with which Mr. Jones is associated; 4) email to daniel@thepqg.com, the email address provided for Mr. Jones as registered agent for The Penn Quarter Group, a District of Columbia limited liability company; and 5) by certified mail to the Penn Quarter Group at "801 Pennsylvania Ave., c/o Daniel Jones, Washington, D.C. 20004," which is the registered business address and registered agent address for The Penn Quarter Group, be deemed good and sufficient service under Rule 45.   The concierge has confirmed that Mr. Jones resides in that building. The 801 Pennsylvania Ave., N.W. address -- without an apartment or suite number -- is the address at which Mr. Jones has consented to receive service on behalf of The Penn Quarter Group.  The "daniel@thepqg.com" email address is the email address for Mr. Jones as registered agent of The Penn Quarter Group currently on file with the District of Columbia.  The "info@advdem.org" is the email address for Advance Democracy, which is another organization with which Mr. Jones has publicly affiliated.  By implementing all five methods of service enumerated above, "actual notice" is bound to be achieved, the preferred result of the modern trend of cases pursuant to Rule 45.

Dated:          Washington, D.C.
                August 5, 2020                    Respectfully submitted,

/s/ Kim Sperduto
Alan S. Lewis (#NY0252)
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel: (212) 732-3200
Fax: (212) 732-3232
lewis@clm.com

-and-

Kim Sperduto (DC Bar No. 416127)
SERDUTO THOMPSON & GASSLER PLC
1747 Pennsylvania Avenue, NW, Suite 1250
Washington, D.C. 20006
Tel: (202) 408-8900
Fax: (202) 408-8910
ksperduto@stglawdc.com

*Attorneys for Plaintiffs*