**EXHIBIT 2**

# CARTER LEDYARD & MILBURN LLP

*Counselors at Law*

**Alan S. Lewis**
**Partner**
•
*Direct Dial: 212-238-8647*
*Email: lewis@clm.com*

*2 Wall Street*
*New York, NY 10005-2072*
•
*Tel (212) 732-3200*
*Fax (212) 732-3232*

*570 Lexington Avenue*
*New York, NY 10022-6856*
*(212) 371-2720*

August 4, 2020

**VIA EMAIL**

Joshua A. Levy, Esq.
Levy Firestone Muse LLP
1401 K St. NW, Suite 600
Washington, DC 20005

Re:   *Fridman v. Bean LLC a/k/a Fusion GPS, et al.*, 17-cv-2041 (D.D.C. 2017)

Dear Josh:

This letter responds to yours dated June 30, and uses the same topic headers.

Your letter threatens to move to compel if Plaintiffs are "unwilling to comply" with Defendants' requests. Plaintiffs have been transparent and will not be strong-armed into producing information that has nothing to do with the elements of or defenses to their defamation claims in this case. Should Defendants make such a motion, Plaintiffs will likely seek costs. Indeed, in various ways, Defendants' threat ignores the framework that the parties agreed upon after extensive meet and confer negotiations.

1. **Truth and Falsity Relevance Standard**

You again ask what relevance standard Plaintiffs used when producing documents. As previously indicated, documents are relevant to truth or falsity insofar as they are relevant to the truth or falsity of the specific defamatory statements challenged by Plaintiffs in this lawsuit. Aside from the Govorun-related defamatory statement, the defamatory allegations challenged by Plaintiffs in this lawsuit are about Plaintiffs' purported conduct *in 2016*. *See* Plaintiffs' Supplemental Response to Interrogatory No. 2.

Nevertheless, at your request, without conceding the relevance of the same, Plaintiffs agreed to review and produce pre-2016 documents in their possession, custoand or control. In this regard, Plaintiffs have not withheld pre-2016 documents. Accordingly, moving to compel on this issue is unwarranted.

Joshua A. Levy, Esq.
August 4, 2020
Page 2

### 2. Public Figure Relevance Standard

Similarly, as previously conveyed (including in our April 24 letter), Plaintiffs' position is that, for purposes of determining whether Plaintiffs are limited purpose public figures for the purposes of this litigation, the controversy that gave rise to the dissemination of the defamatory statements is the alleged collusion between the Trump campaign and the Russian government to influence the outcome of the 2016 U.S. presidential election.

Nevertheless, without conceding that such documents are relevant, Plaintiffs agreed to review and produce pre-2016 documents in their possession, custody, or control if they contain communications with the media—and did so.

As discussed during the meet-and-confer process, the only documents truly relevant to whether Plaintiffs attempted to shape the pertinent controversy (and responsive to Defendants' Document Requests 45, 46, 51, 52) are publicly available. The parties have agreed that neither is required to produce publicly available documents. Accordingly, moving to compel on this issue is unwarranted.

### 3. Revised RFP Responses

Plaintiffs have supplemented their responses to Defendants' Document Requests to indicate whether documents within the agreed upon date range were withheld. While Plaintiffs do not agree that they must specifically indicate whether documents were produced in response to requests, as a further effort to avoid wasting the Court's time on such a frivolous dispute, Plaintiffs indicate they have produced available documents responsive to Requests 2-11,[1] 22-23,[2] 48,[3] 53,[4] 55,[5] 80-81,[6] 83,[7] and 84.[8]

For Requests 14, 16, 18, 19 (relating to the Mueller investigation or Trump-related investigations), the only responsive documents would relate to Mr. Aven, as described in Response to Interrogatory No. 10, but, reserving all rights as to any and all applicable privileges, any such documents are from after October 3, 2017 (outside the agreed upon date range). Accordingly, consistent with Defendants' approach (in their Revised Responses to Plaintiffs' Document Requests), Plaintiffs did not identify responsive documents that may exist dated outside the date ranges, as set forth in the General Statements and Objections, as being withheld.

---

[1] *See, e.g.,* PDDC00000077-112, 152-60, 1037-48, 997-1031, 1057-75, 1224-44, 2347-64, 4770-4816, 4830-59, 5753-70, 5932-53, 6593, 6595-96, 6597-98, 6672-6741, 6805-29, 6871-6928, 7606-38, 7640-71 (various documents, including motion papers and briefs filed by Plaintiffs in other cases).
[2] *See, e.g.,* PDDC00008305-15.
[3] *See, e.g.,* PDDC00008305-15, 8317-22, 8324-31, 8323.
[4] *See, e.g.,* PDDC00008307-12, 8320-22, 8327-30.
[5] *See, e.g.,* PDDC00008303-04, 8316.
[6] *See, e.g.,* PDDC00000001-8229.
[7] *See, e.g.,* PDDC00008332-8794, 6593-98.
[8] Documents received by Plaintiffs in response to subpoenas in this action have been provided to Defendants.

Joshua A. Levy, Esq.
August 4, 2020
Page 3

Indeed, as per our extensive meet-and-confer negotiations, you agreed that documents that post-date October 3, 2017 need not be produced as part of the parties' initial production.

For Requests 26, 27, 30, Plaintiffs supplement their responses to indicate that they are not aware of having any responsive documents in their possession, custody, or control. However, Plaintiffs provided information relating to meetings or communications with Vladimir Putin in their Response to Interrogatory No. 6. Similarly, for Requests 31, 32, 33, 37, Plaintiffs supplement their responses to indicate that they are not aware of any responsive documents in their possession, custody, or control. Accordingly, there is no basis to move to compel.

4. **Kroll Report**

The so-called Kroll Report referenced in the book that Mr. Aven was asked about during the U.K. proceeding does not relate to the truth or falsity of the defamatory statements at issue in this case or to any other fact relevant to this lawsuit. Indeed, this issue relates to activities that occurred decades before the publication of CIR 112. The report was drafted almost thirty years ago and does not relate in any way to Vladimir Putin, to the Plaintiffs, or to any of the matters that are the subject of CIR 112. Specifically, it does not relate to the allegation that Govorun acted as a "bag carrier" for Plaintiffs' purported payments of illicit cash to Mr. Putin in the 1990s. Accordingly, to seek to compel such information would be to engage in a meritless fishing expedition, a clear example of a situation where seeking costs associated with any such motion to compel would be warranted.

5. **Spanish Proceeding**

As we have already represented, the Spanish proceedings have nothing to do with the defamatory allegations challenged in this lawsuit, including that Plaintiffs purportedly have a relationship with Putin involving corruption and bribery. Plaintiffs stand on their objections to Requests Nos. 20 and 21. Further, we note that Defendants appear to have an interest in the Spanish proceedings, independent of this litigation. As evidenced by DEFS0011790-92, documents produced by Defendants in this litigation, the Spanish proceeding appears to be listed as a current Fusion "project" of interest, with a potential budget assigned to the same. It would be highly improper for the Defendants to use this litigation to attempt to get information entirely divorced and irrelevant to the defamation action at hand.[9] We are hopeful that this is not the case and that the parties can amicably agree that such proceedings have nothing to do with the merits of this litigation. Accordingly, to seek to compel such information would also be abusive and without merit—another clear example of a situation where seeking costs associated with any such motion to compel would be warranted.

---

[9] We note that Defendants have previously stated that they view litigation discovery as a means to obtain information that furthers their business interests. Indeed, in the book *Crime in Progress*, Defendants expressed excitement about being sued by Michael Cohen because it would allow them to get information they had been after for years in discovery. We are hopeful that Defendants' repeated attempts to seek information that pertain to non-relevant matters is not such an attempt.

Joshua A. Levy, Esq.
August 4, 2020
Page 4

### 6. Mueller Investigation

Your contentions about production of Mueller Investigation documents once again ignore the fact that any such documents are outside the date range agreed to by the parties for the May 4 production. Moreover, reserving all rights, privileged information that is subject to, among other things, grand jury secrecy, is immune from production.[10] Defendants' attempt to retread agreements reached in good faith are simply disruptive to the litigation and serves as one of many examples of the Defendants attempting to punish Plaintiffs for pursuing this narrowly focused defamation action by seeking potentially sensitive information that has no relevance to the case. Again, Plaintiffs will not submit to such bullying tactics.

Moreover, we disagree with your characterization of the Mueller Report. Indeed, a U.K. High Court Judge recently awarded Judgment to Plaintiffs against Christopher Steele's company, Orbis Business Intelligence Limited, expressly finding that the allegations of CIR 112 about Plaintiffs are inaccurate or misleading as a matter of fact, and that "the idea of [the Plaintiffs] doing Mr. Putin's political bidding makes no sense." Moreover, the U.K. Court found that Mr. Aven did not attempt to contact the Trump Transition Team on behalf of the Russian government.[11]

Further, your inquiry as to a 2019 investigation by the United States Select Committee on Intelligence is irrelevant and outside the agreed upon date range. None of the Plaintiffs was required to produce any documents in regard to the same. Again, there is simply nothing for Defendants to compel.

### 7. U.K. Proceeding

The parties agreed that publicly available information need not be produced in this litigation. Plaintiffs have not changed or limited the meaning of "publicly" available, as you suggest. If U.K. court filings are obtainable by the general public, they are publicly available.[12] The documents you request (Plaintiffs' witness statements, the trial transcript, and trial exhibits)

---

[10] As we have indicated previously, documents related to the Mueller investigation will not be produced because they are subject to grand jury secrecy. *In re Grand Jury*, 490 F.3d 978, 988 (D.C. Cir. 2007) ("Preventing a *third party* from reviewing a witness's grand jury testimony is essential to guarantee secrecy to witnesses[.]"); *SEC v. Oakford Corp.*, 141 F. Supp. 2d 435, 437 (S.D.N.Y. 2001) (grand jury secrecy prevents a civil litigant from compelling a grand jury witness from testifying as to what occurred before the grand jury absent a strong showing of necessity). Grand jury secrecy covers the grand jury subpoena, documents produced in response, and other related communications and documents inasmuch as they may reveal statements made to the grand jury or the focus of the grand jury attention. *See In re Sealed Case*, 801 F.2d 1379, 1381 (D.C. Cir. 1986).

[11] *See* Judgment at 169-74, available at https://www.bailii.org/ew/cases/EWHC/QB/2020/1812.html#para123.

[12] It is well established that discovery need not be required of publicly available documents and records which are accessible to all parties." *Fitts v. Unum Life Ins. Co. of Am.*, 2007 U.S. Dist. LEXIS 33397, *54 (D.D.C. May 7, 2007) (medical records of party were available via an authorization); *Dushkin Pub. Grp., Inc. v. Kinko's Serv. Corp.*, 136 F.R.D. 334, 335 (D.D.C. 1991) (documents were available from court clerk). Again, the parties reached agreement that publicly available documents need not be produced.

Joshua A. Levy, Esq.
August 4, 2020
Page 5

are publicly available on the English Court's electronic filing system. We understand that all transcripts, orders, judgments, and statements of the case, are available by request using form EX107, and other documents (such as witness statements and exhibits) can be obtained by using form N244, which entails an application to the High Court.

      The dispute you have raised about this subject is particularly perplexing in view of the fact that you already have many of the documents you are now asking Plaintiffs to produce. Defendants clearly have the trial transcript and witness statements—such documents were included in Defendants' recently filed Motion to Compel. We can only assume that Defendants have already employed the U.K. court application process to obtain the documents included within the Motion to Compel, the same process that Defendants now apparently refuse to employ to obtain other documents. Respectfully, there is no reason why Defendants cannot also utilize the U.K. court document application process to obtain the other U.K. documents Defendants seek. Indeed, potentially filing a motion to compel over this issue puts into question Defendants' motive for threatening the same. In any event, the recent judgment in favor of Plaintiffs in that proceeding is available at https://www.bailii.org/ew/cases/EWHC/QB/2020/1812.html.

*    *    *    *    *

      This letter is without waiver of or prejudice to Plaintiffs' rights or remedies, all of which are expressly reserved.

                                        Sincerely,

                                        *Alan Lewis*

                                        Alan S. Lewis

ASL:bp