**EXHIBIT 13**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| Mikhail Fridman et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:17-CV-02041-RJL |
| Bean LLC et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Democratic National Comittee, 430 South Capitol Street SE, Washington, DC 20003

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: see Schedule A.

| Place: SPERDUTO THOMPSON & GASSLER PLC<br>1747 Pennsylvania Ave., NW, Suite 1250<br>Washington, DC 20006 | Date and Time:<br>06/16/2020 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/08/2020

| *CLERK OF COURT* | OR | /s/ Alan Lewis |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
, who issues or requests this subpoena, are:

Alan Lewis, Esq., Carter Ledyard & Milburn LLP, 2 Wall Street, New York, NY 10005, lewis@clm.com, (212) 732-3200

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-CV-02041-RJL

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | | |
|---|---|---|
| Mikhail Fridman et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:17-CV-02041-RJL |
| Bean LLC et al. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:  Democratic National Comittee, 430 South Capitol Street SE, Washington, DC 20003

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
Subject matter of the requests in Schedule A.

| Place: SPERDUTO THOMPSON & GASSLER PLC<br>1747 Pennsylvania Ave., NW, Suite 1250<br>Washington, DC 20006 | Date and Time:<br>08/13/2020 10:00 am |
|---|---|

The deposition will be recorded by this method: video and stenographic means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/08/2020

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Alan Lewis |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs , who issues or requests this subpoena, are:
Alan Lewis, Esq., Carter Ledyard & Milburn LLP, 2 Wall Street, New York, NY 10005, lewis@clm.com, (212) 732-3200

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:17-CV-02041-RJL

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## INSTRUCTIONS AND DEFINITIONS

1. The provisions and definitions contained in the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the District of Columbia are incorporated by reference as if fully set forth herein.

2. In producing documents and other things, you shall furnish all responsive documents or things in your possession, custody, or control.

3. Documents and things requested herein shall be produced as they are kept in the usual course of business, with information indicating their source (e.g., the person(s) from whom the documents were obtained).

4. A Request calling for the production of any document shall be deemed to include, in addition to the document itself, a request for any and all exhibits or attachments to the document and any enclosures sent or kept with the document. Documents attached to each other shall not be separated.

5. Documents maintained or stored electronically may be produced on CD, DVD, File Transfer Protocol site, portable hard or flash drive, or other reasonably accessible media format. All such documents shall be produced in Group IV, 300 DPI, single-page TIFF format with document-level extracted text files, and standard Concordance load files (.DAT, .OPT), and shall include all metadata (including, without limitation, document boundaries, custodian identification information, date and time, etc.). If the text cannot be extracted, Optical Character Recognition ("OCR") text must be provided. In addition to producing TIFF files with text, metadata, and standard load files, native files shall be produced for any PowerPoint presentations containing audio or video, any Excel documents, any Access databases, or documents created

9367231.3

under equivalent software packages.  Data files shall not be zipped, encrypted, or otherwise restricted or proprietarily protected for specific use.  If the native file format is derived from software not accessible with Microsoft Office applications (or other common applications), please state so in your response.

      6.      Documents maintained in hardcopy shall be produced in TIFF image format with corresponding OCR text, associated data identifying the beginning and ending Bates numbers and, to the extent applicable, information associating document families or attachment ranges.

      7.      The file or other container in which a document is kept is deemed to be an integral part of the document and shall be produced with the document.  Whenever a document or group of documents is maintained in the ordinary course of business in any file, folder, container, box or other document storage or organization device, each Request herein shall be deemed to call for the production of copies of, or the identification of, such file, folder, container, box or other document storage or organization device and any labels or other form of identification set forth thereon.

      8.      Unless otherwise indicated, the documents to be produced include all documents prepared, sent, dated, or received, or which otherwise existed or were possessed at any time subsequent to January 1, 2015.

      9.      Each document and thing requested herein shall be produced in its entirety and without deletion or excisions, regardless of whether you consider the entire document to be relevant or responsive to the Requests.  If you have redacted any portion of the document, you shall stamp the word "redacted" on each page of the document that you have redacted.  If any document covered by these Requests contains a redaction, you shall identify such document and all redactions on a log prepared in accordance with Federal Rule 26(b)(5), specifically identifying

the following: (i) the type of document; (ii) any addressor and addressee; (iii) any indicated or blind copies; (iv) the document's date; (v) the general subject matter of the document, number of pages, and a description of any attachments or appendices; (vi) all persons to whom the document was distributed, shown, or explained; and (vii) the nature and basis of the privilege or grounds for redaction being asserted.

10. If any document requested herein is withheld from production on the basis of any claim or privilege or other protection or immunity from disclosure, you shall furnish a log in accordance with Federal Rule 26(b)(5), specifically identifying the following: (i) the type of document; (ii) any addressor and addressee; (iii) any indicated or blind copies; (iv) the document's date; (v) the general subject matter of the document, number of pages, and a description of any attachments or appendices; (vi) all persons to whom the document was distributed, shown, or explained; and (vii) the nature and basis of the privilege or grounds for withholding being asserted.

11. Documents not otherwise responsive to the Requests shall be produced if such documents mention, discuss, refer to or explain the documents which are called for by these Requests or constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.

12. If any responsive documents were, but no longer are, in your possession, custody or control, state the disposition of such documents, including, but not limited to, the identity of the person(s) to whom the documents were forwarded, the state of such disposition and the identity, if known, of the person(s) currently in possession of such documents and the current or last known address of such person(s); and if the documents have been destroyed, the date and manner of their destruction, by whom they were destroyed, who authorized such destruction, and

3

for what purpose they were destroyed.

13.  Each Request should be interpreted broadly, so as to include all documents that could be responsive to each Request. Plaintiffs reserve the right to supplement these Requests and seek supplementary responses to these Requests.

14.  As a non-party who has received a subpoena in this Action, you are covered by the Stipulated Confidentiality Agreement and Protective Order entered in the Action and you have the right to protect the confidentiality of documents produced in accordance with such Agreement and Order. A copy of the Stipulated Confidentiality Agreement and Protective Order entered in the Action can be accessed on the docket at Document 67.

15.  The use of the singular form of any word includes the plural and vice versa.

16.  The masculine includes the feminine and neutral genders, and vice versa.

17.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all documents that might otherwise be construed to be outside of its scope.

18.  The use of the terms "any" and "all" shall be construed to mean "any and all" as necessary to bring within the scope of these Requests all documents that might otherwise be construed outside of its scope.

19.  The term "including" shall not be construed as a limiting phrase but, rather, shall be construed to mean "including, without limitation."

20.  Each of the words "discussing," "reflecting," "concerning," "relating," "involving," "evidencing," or "referring" shall have common meanings and shall include indirect as well as direct references to the subject matter of the Request.

21.  The use of a verb in any tense shall be construed as the use of the verb in all other

4

tenses as necessary to bring within the scope of these Requests all documents that might otherwise be construed to be outside of its scope.

22. "Requests" means, collectively, each numbered request which appear below under the heading DOCUMENTS REQUESTED.

23. The terms "DNC," "you," "your," and "yourself" refer to the Democratic National Committee and the DNC Services Corporation, their employees, and any persons or entities acting on behalf of or in concert with the DNC, including but not limited to Debbie Wasserman Schultz, Donna Brazile, and Thomas Perez.

24. The "Action" means the above-captioned litigation, including all pleadings and proceedings filed or had therein. A copy of the complaint in this Action (the "Complaint") is enclosed herewith as **ATTACHMENT A**.

25. "Plaintiffs" means, collectively, Mikhail Fridman, Petr Aven, and German Khan.

26. "Defendants" means, collectively, Fusion (as defined below) and Glenn Simpson, and any of their present or former agents, affiliates, predecessors, successors, assigns, parents, subsidiaries, officers, employees, directors, members, partners, shareholders, consultants, and representatives, or any one or more of the foregoing.

27. The "Dossier" means the compilation of 17 separate memoranda or reports, totaling 35 pages, prepared by Christopher Steele, as described in Paragraphs 1 and 2 of the Complaint in the Action, which was published on January 10, 2007 by BuzzFeed along with, and referenced in, an article entitled "These Reports Allege Trump Has Deep Ties to Russia." A copy of the BuzzFeed article and Dossier, including CIR 112 (as defined below), are enclosed herewith as **ATTACHMENT B**.

28. "CIR 112" means Company Intelligence Report ("CIR") 112 entitled

5

"RUSSIA/US PRESIDENTIAL ELECTION: KREMLIN-ALPHA GROUP CO-OPERATION," which was prepared by Christopher Steele and was included among the reports published by BuzzFeed that were referred to as the Dossier, and the contents therein.

29. "Alfa" means the conglomerate of entities including Alfa-Bank JSC (also known as JSC Alfa-Bank and Alfa-Bank AO), ABH Holdings S.A., Alfa Capital, AlfaStrakhovanie Group, Alfa Asset Management (Europe) S.A., A1, X5 Retail Group, Rosvodokanal Group, and IDS Borjomi International Group, or any of their subsidiaries or affiliates.

30. "Fusion" means Bean LLC, which does business as or is also known as Fusion GPS, and its and their subsidiaries, affiliates, founders (including Glenn Simpson and Peter Fritsch), employees, or representatives.

31. "Orbis" means Orbis Business Intelligence Ltd., the London-based firm founded by Christopher Steele, and any employees or representatives.

32. "Steele" means Christopher Steele, the former British intelligence officer and founder of Orbis who compiled the Dossier, as referenced in Paragraph 3 of the Complaint, and any representatives.

33. "Perkins Coie" means Perkins Coie LLP, its partners and employees, and any persons or entities acting on behalf of or in concert with it.

34. The terms "person" or "persons" mean natural persons as well as legal entities including, without limitation, firms, companies, proprietorships, corporations, partnerships, limited liability companies, associations, unincorporated associations, and governmental bodies, agencies, and officials and every other type of organization or entity.

35. The terms "representative" or "representatives" when used in reference to a person, mean any past or present officer, director, partner, associate, member, employee,

6

consultant, agent, subsidiary or affiliate of such persons, and any other person acting on behalf of, or in concert with, such person.

36. The terms "document" and "documents" have the same meaning and scope as the broadest usage given to these terms in or pursuant to the Federal Rules and applicable federal law, including (without limitation) the following: all writings and records of any kind; electronic or computerized data compilations; embedded data and metadata; originals, drafts, and all non-identical copies; written or electronic correspondence, e-mail, voice mail, instant messages, text messages, WhatsApp messages, Slack messages, Signal messages, communications, records, memoranda, notes, diaries, calendars, statistics, letters, telegrams, minutes, contracts, agreements, reports, price lists, agendas, manuals, studies, checks, statements, ledgers of account and work papers; inter-office and intra-office communications; notes and notations in any form; recordings of telephone calls or meetings; minutes of meetings or other communications; bulletins; printed matter (including newspapers, magazines and other communications and articles and clippings); press releases; printouts; teletypes and telecopies; ledgers; work sheets; graphic or oral records of representations or presentations of any kind (including without limitation photographs, charts, graphs, and PowerPoint presentations); microfiche, microfilm, and digital, video or film recordings; electronic, mechanical or electrical records; tapes, cassettes, disks, recordings or transcriptions thereof; any drafts, alterations, modifications, changes and amendments of any of the foregoing; and any other documents as defined in the Federal Rules and under applicable federal law. The terms "document" and "documents" specifically include electronic data or information contained in or on computer networks, mainframes, computer files, pocket organizers, personal digital assistants, personal computers, LAN's local workstations, computer disks, file servers, e-mail systems, CD-ROMs, e-mails, hard drives,

printer buffer or memories, fax memories, voice mail systems, or any related back-up or archived systems or tapes.

37. The terms "communication" or "communications" mean the transmittal of data or information (in the form of facts, images, ideas, inquiries or otherwise) by any means or methodology, including (without limitation) any meeting, conversation, discussion, document, correspondence, message, e-mail, note, text message, WhatsApp messages, Slack messages, Signal messages, or other means of transmittal.

38. The terms "concern" or "concerning" mean discussing, referring to, relating to, or mentioning in any way, whether explicitly or implicitly.

## DOCUMENTS REQUESTED

1. Documents evidencing the terms of the engagement of Perkins Coie by the Democratic National Committee or the DNC Services Corporation, the Hillary Clinton campaign, or some other person or entity which led to the compilation or preparation of the Dossier, including documents evidencing the purpose of the work that Perkins Coie and Fusion were to perform in connection with this engagement.

2. Documents evidencing the terms of Perkins Coie's engagement with or retention of Fusion in connection with the compilation or preparation of the Dossier, including documents evidencing the purpose of the work that Fusion was to perform.

3. All documents concerning any communications between you and Defendants relating to Plaintiffs, Alfa, CIR 112, the Dossier, or the contents of CIR 112 or the Dossier.

4. All documents concerning any communications between you or Perkins Coie, on the one hand, and Orbis or Steele, on the other, relating to Plaintiffs, Alfa, CIR 112, the Dossier, or the contents of CIR 112 or the Dossier, including communications relating to meetings between Steele

and Perkins Coie partners Michael Sussmann and Marc Elias in 2016.

5. All documents concerning any communications, interviews, or testimony to or with governmental entities or representatives (including the FBI, DOJ, State Department, or Congress) regarding Plaintiffs, Alfa, CIR 112, the Dossier, or the contents of CIR 112 or the Dossier, communications with members of Congress or Congressional committees, testimony before any governmental entity or body, and documents produced or provided to any governmental entity or body.

6. All documents you have filed, served, or received (as a party or non-party), or testimony given, in any litigation involving CIR 112, the Dossier, or the contents of CIR 112 or the Dossier, including in *Carter Page v. Democratic National Committee, et al.*, CIV-18-1019 (W.D. Oklahoma), *Carter Page v. Democratic National Committee, et al.*, 20-cv-667 (N.D. Illinois), and *Gubarev v. BuzzFeed*, No. 17-cv-60426 (S.D. Florida).

7. All documents relating to the truth or falsity of the statements and allegations set forth in CIR 112 and the Dossier.

8. All documents, to the extent not produced in response to Requests Nos. 1-7, concerning Plaintiffs, Alfa, CIR 112, the Dossier, the contents of CIR 112 or the Dossier, or Steele or Steele's source(s) for CIR 112.

9

9367231.3