UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MIKHAIL FRIDMAN, PETR AVEN, and
GERMAN KHAN,

           *Plaintiffs*,

v.

BEAN LLC (a/k/a FUSION GPS) and
GLENN SIMPSON,

           *Defendants*.

Civil Case No. 1:17-cv-2041-RJL

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO THE MOTION TO INTERVENE OF
NON-PARTIES CHRISTOPHER STEELE, CHRISTOPHER BURROWS
AND ORBIS BUSINESS INTELLIGENCE LTD.**

CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel: (917) 533-2524
Fax: (212) 732-3232
lewis@clm.com

SPERDUTO THOMPSON & GASSLER PLC
1747 Pennsylvania Avenue, NW, Suite 1250
Washington, DC 20006
Tel: (202) 408-8900
Fax: (202) 408-8910
ksperduto@stglawdc.com

*Attorneys for Plaintiffs*

*Of Counsel:*

   Alan S. Lewis
   Kim Sperduto

**TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................. 1

FACTS ............................................................................................................................................ 2

ARGUMENT ................................................................................................................................... 3

    THE PROPOSED INTERVENORS HAVE FAILED TO DEMONSTRATE THAT THEY HAVE A RIGHT TO INTERVENE OR THAT PERMISSIVE INTERVENTION SHOULD BE ALLOWED ............................................................................................................ 3

    A.    Proposed Intervenors Are Not Entitled to Intervene as of Right ........................................ 3

        1.    Because Plaintiffs' Hague Request Does Not Threaten to Impair any Legally Protected Interest, the Proposed Intervenors Fail to Qualify for Intervention as of Right and Relatedly, Lack Standing ................................................................. 4

        2.    Proposed Intervenors' Motion Is Untimely ................................................................. 6

            a.    No Legitimate Purpose Would Be Served by Intervention .............................. 7

            b.    The Proposed Intervention Is Unnecessary to Preserve any Rights ................ 7

            c.    The Proposed Intervention Is Significantly Likely to Prejudice the Plaintiffs ............................................................................................................. 8

    B.    Proposed Intervenors Are Not Entitled to Permissive Intervention .................................. 8

CONCLUSION ................................................................................................................................ 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amador County v. U.S. Dep't of Interior*,
    772 F.3d 901 (D.C. Cir. 2014) ................................................................................................6

*City of Cleveland v. Nuclear Regulatory Comm'n*,
    17 F.3d 1515 (D.C. Cir. 1994) ................................................................................................4

*DataQuill Ltd. v. High Tech Computer Corp.*,
    No. 08CV543-IEG(WVG), 2010 U.S. Dist. LEXIS 152289 (S.D. Cal.
    Oct. 28, 2010) ........................................................................................................................5

*Deutsche Bank Nat'l Tr. Co. v. FDIC*,
    717 F.3d 189 (D.C. Cir. 2013) ................................................................................................4

*Gubarev v. BuzzFeed, Inc.*,
    No. 1:17-cv-60426-UU, 2017 U.S. Dist. LEXIS 216713 (S.D. Fla.
    Aug. 15, 2017) ............................................................................................................3, 6, 8, 9

*INEOS USA LLC v. FERC*,
    940 F.3d 1326 (D.C. Cir. 2019) ..............................................................................................5

*Pronova BioPharma Norge AS v. Teva Pharm. USA, Inc.*,
    708 F. Supp. 2d 450 (D. Del. 2010) ........................................................................................5

*SEC v. Prudential Sec. Inc.*,
    136 F.3d 153 (D.C. Cir. 1998) ................................................................................................4

*Sierra Club v. McCarthy*,
    308 F.R.D. 9 (D.D.C. 2015) ....................................................................................................4

*Tulip Computers Int'l B.V. v. Dell Computer Corp.*,
    254 F. Supp. 2d 469 (D. Del. 2003) ........................................................................................5

*United States v. British Am. Tobacco Austl. Servs.*,
    437 F.3d 1235 (D.C. Cir. 2006) ..............................................................................................7

**Other Authorities**

Fed. R. Civ. P. 24 ............................................................................................................................3, 8

Plaintiffs Mikhail Fridman, Petr Aven, and German Khan make this submission in opposition to the motion to intervene of non-parties Christopher Steele ("Steele"), Christopher Burrows ("Burrows"), and Orbis Business Intelligence Ltd. ("Orbis," and collectively with Steele and Burrows, the "Proposed Intervenors") with respect to Plaintiffs' Motion for Issuance of Letter of Request for International Judicial Assistance (the "Hague Request") Dkt. 90.

## INTRODUCTION

It is undisputed that the Proposed Intervenors created the document at the heart of this lawsuit—a two-page memorandum that contains the statements alleged by Plaintiffs to be defamatory. Thus, it is hardly debatable that the Proposed Intervenors have relevant information. But the Proposed Intervenors have declined to accept service of subpoenas for documents or testimony. Instead, the Proposed Intervenors' U.S. based counsel communicated to Plaintiffs that they should deploy the Hague Convention procedures to obtain the requested discovery in the United Kingdom—the same procedures that the Proposed Intervenors now seek to oppose. In seeking to intervene, the Proposed Intervenors do not even hint at the argument they would make to oppose this Court's issuance of a request to the appropriate foreign court, whose issuance would allow Plaintiffs *and the Proposed Intervenors* to be heard by a United Kingdom court regarding the obtaining of evidence located there. Notably, one of the Proposed Intervenors—Steele—recently sought permission to intervene to oppose a Hague application in another case filed by another individual, Aleksej Gubarev, who also alleged that he was defamed by statements created by Steele and contained within the so called "Steele Dossier." In that matter, the District Court for the Southern District of Florida denied Steele's request to intervene. Respectfully, its reasoning was sound, and this Court should reach the same result. In any event and as detailed below, the Proposed Intervenors fail to satisfy the requirements for intervention.

1

## FACTS

Plaintiffs filed this defamation lawsuit on October 3, 2017, amending their original complaint on December 12, 2017 with the filing of an Amended Complaint. Dkt. 17. The defamatory statements accuse Plaintiffs of bribery and other misconduct involving Vladimir Putin. *See generally id*. ¶¶19-28. The defamatory statements are in a two-page document which bears the label "Company Intelligence Report 2016/112" ("CIR 112"). *Id*. ¶¶2, 19-28.

Defendants have identified each of the Proposed Intervenors as likely to have discoverable evidence relevant to this case given their role as the authors of CIR 112. Specifically, Defendants' subcontractors, Steele and Orbis, prepared CIR 112 at Defendants' behest, and Defendants published CIR 112 to members of the media and others. *Id.* ¶¶4, 16, 18. Burrows is a co-founder of Orbis and, according to Defendants' Initial Disclosures, played a role in shaping the content of the memoranda produced by Steele which have come to be known as the "Dossier." *See* Dkt. 90-2 (Declaration of Alan S. Lewis, dated August 4, 2020 ("Lewis Decl."), at Ex. C (Defendants' First Amended Rule 26(a)(1) Initial Disclosures) ("Defendants' Initial Disclosures"), Section 1); *see also* Dkt. 90-1 at 8 (¶11) (explaining Steele's relevance to this action); Dkt. 90-1 at 9 (¶12) (explaining Burrows' relevance to this action); Dkt. 90-1 at 9 (¶13) (explaining Orbis' relevance to this action).

Plaintiffs attempted to obtain discovery from Proposed Intervenors without resorting to Hague motion practice and burdening the Court, but the Proposed Intervenors have declined to engage in any discussion with Plaintiffs. Specifically, on May 8, 2020, Plaintiffs' counsel requested that counsel for Proposed Intervenors accept service of Plaintiffs' subpoenas to Orbis and Steele for documents and testimony. Dkt. 90-2 (Lewis Decl., Ex. J). On May 18, 2020,

Proposed Intervenors' counsel refused to accept service of Plaintiffs' subpoenas, stating that "[p]roper service can be effectuated through the Hague Convention following procedures used to obtain discovery from these same third parties in *Gubarev v. BuzzFeed*, No. 17-60426-CV, S.D. Fla."[1]  *Id.*  Similarly, on July 15, 2020, Plaintiffs' counsel asked Proposed Intervenors' counsel whether she would accept service of subpoenas for documents and testimony directed to Christopher Burrows.  Dkt. 90-2 (Lewis Decl., Ex. K).  Proposed Intervenors' counsel again refused to accept service of the subpoenas, stating as before that "[p]roper service [on Burrows] can be effectuated through the Hague Convention following procedures used to obtain discovery from these same third parties in" *Gubarev*.  *Id.*  Proposed Intervenors are now attempting to thwart the very same procedural path that they suggested that Plaintiffs follow.

## ARGUMENT

### THE PROPOSED INTERVENORS HAVE FAILED TO DEMONSTRATE THAT THEY HAVE A RIGHT TO INTERVENE OR THAT PERMISSIVE INTERVENTION SHOULD BE ALLOWED

The Hague request process, on which the Proposed Intervenors have insisted, does not allow them to participate in this stage of the proceeding as of right.  Nor is permissive intervention appropriate here.  Respectfully, the Proposed Intervenors should await the issuance of the Letter of Request and present any objections they may have to the proper authority in England.

### A.   Proposed Intervenors Are Not Entitled to Intervene as of Right

Federal Rule of Civil Procedure 24(a) allows a non-party to intervene as of right only when it satisfies *all* of the four requirements: "(1) the application to intervene must be timely; (2)

---

[1] In *Gubarev*, the plaintiffs similarly filed a Motion for Issuance of a Request for International Judicial Assistance seeking to compel Steele's testimony.  *See Gubarev v. BuzzFeed, Inc.*, No. 1:17-cv-60426-UU, 2017 U.S. Dist. LEXIS 216713 (S.D. Fla. Aug. 15, 2017).  And, as here, Steele moved to intervene for the purpose of opposing the plaintiffs' request.  *Id.*  The court denied Steele's motion.  *Id.*

3

the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *SEC v. Prudential Sec. Inc.*, 136 F.3d 153, 156 (D.C. Cir. 1998). Additionally, a non-party seeking to intervene as of right must demonstrate Article III standing, which requires the proposed intervenor to show (1) injury-in-fact, (2) causation, and (3) redressability. *Deutsche Bank Nat'l Tr. Co. v. FDIC*, 717 F.3d 189, 193 (D.C. Cir. 2013). Proposed Intervenors fail to satisfy several of the intervention requirements, and relatedly, lack standing because they do not have a legally protected interest which Plaintiffs' Hague application could impair.

        **1.    Because Plaintiffs' Hague Request Does Not Threaten to Impair any Legally Protected Interest, the Proposed Intervenors Fail to Qualify for Intervention as of Right and Relatedly, Lack Standing**

The most glaring deficiency of Proposed Intervenors' motion is its failure to even articulate a "legally protected interest," much less demonstrate how the Plaintiffs' pending motion would "impair" such interest. The kind of interest that a proposed intervenor is required to demonstrate "impliedly refers not to *any* interest the applicant can be put forward, but only to a legally protectable one." *City of Cleveland v. Nuclear Regulatory Comm'n*, 17 F.3d 1515, 1517 (D.C. Cir. 1994) (emphasis in original) (citation omitted). Further, "[t]he legally protectable interest … must be of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." *Sierra Club v. McCarthy*, 308 F.R.D. 9, 11 (D.D.C. 2015) (internal quotation marks omitted). The "legally protectible interest" requirement often is evaluated in conjunction with the requirement that a proposed intervenor possess standing, *see id.* at 12-13, which requires an injury that is "concrete

and particularized, and actual or imminent, as opposed to merely conjectural or hypothetical." *INEOS USA LLC v. FERC*, 940 F.3d 1326, 1329 (D.C. Cir. 2019).

Proposed Intervenors make no meaningful attempt to demonstrate that they satisfy these prongs of the intervention inquiry. Proposed Intervenors have no direct or immediate interest in the lawsuit itself. Moreover, even this Court's granting of Plaintiffs' Hague Request would not impair any legally protected interest of the Proposed Intervenors because such an order would not require the Proposed Intervenors to provide any discovery or to do anything else. Plaintiffs' Hague Request asks this Court only to *request* the assistance of the High Court (Queen's Bench Division) of England and Wales ("English High Court") in collecting relevant evidence for potential use in this case. If Proposed Intervenors believe that Plaintiffs' evidentiary requests are improper or overbroad, they may employ procedures available to them under British law and make their arguments in the United Kingdom, whose courts will determine whether Plaintiffs' evidentiary requests are consistent with English law. Thus, the English High Court will ultimately decide whether or not to direct Proposed Intervenors to respond to any requests from Plaintiffs. *See Pronova BioPharma Norge AS v. Teva Pharm. USA, Inc.*, 708 F. Supp. 2d 450, 453 (D. Del. 2010) ("If the defendants' requests suffer from such maladies under the laws of Norway or Sweden, then the requests will presumably be narrowed by the appropriate judicial authorities in those countries."); *DataQuill Ltd. v. High Tech Computer Corp.*, No. 08CV543-IEG(WVG), 2010 U.S. Dist. LEXIS 152289, at *4 (S.D. Cal. Oct. 28, 2010) ("If the requests are more broad than permitted under the laws of British Columbia or Jersey, then the appropriate judicial authorities in those jurisdictions will presumably narrow the requests."); *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 475 (D. Del. 2003) ("If Dell's document requests are overly broad under the law of the Netherlands, as Tulip maintains,

then the requests will presumably be narrowed by the appropriate judicial authorities in the Netherlands before any documents are produced.").

If the Proposed Intervenors had jurisdictional objections to the evidentiary requests grounded in American law, they could have moved to quash, after accepting service of the subpoena. But the Proposed Intervenors failed to do so, recognizing that they have no such legitimate objections. Indeed, Plaintiffs previously sued two of the Proposed Intervenors, Steele and Orbis, in the District of Columbia Superior Court, and Steele and Orbis appeared in the lawsuit *without* moving to dismiss on jurisdictional grounds. *See generally* docket in *Fridman v. Orbis Bus. Intelligence Ltd.*, 2018 CA002667 B (D.C. Super.). Moreover, the Proposed Intervenors explicitly directed Plaintiffs to the Hague Convention procedures, signaling their preference to litigate the scope of discovery in the English courts, under English law. Proposed Intervenors should not be permitted to have it both ways—by first suggesting that the Hague Convention procedures be used and then causing delay by objecting to their very own suggestion. Proposed Intervenors are not entitled to attempt such an end-run around the process established by international treaty, under which Proposed Intervenors will have the opportunity to object in the English High Court (just as Steele did in the *Gubarev* case).

### 2. Proposed Intervenors' Motion Is Untimely

Whether the motion to intervene is timely does not depend, as Proposed Intervenors contend, solely on the time that elapsed between the filing of Plaintiffs' Hague Request and the filing of Proposed Intervenors' motion. Rather, timeliness is to be determined from all the circumstances, and "the requirement of timeliness is aimed primarily at preventing potential intervenors from unduly disrupting litigation, to the unfair detriment of the existing parties." *Amador County v. U.S. Dep't of Interior*, 772 F.3d 901, 903, 905 (D.C. Cir. 2014) (quotations

6

and citations omitted).  Among the factors to be considered in evaluating the timeliness of an applicant's request to intervene are "the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case."  *United States v. British Am. Tobacco Austl. Servs.*, 437 F.3d 1235, 1238 (D.C. Cir. 2006) (citation omitted).  Here too, Proposed Intervenors make no attempt to address those factors in their motion and their application shows that intervention is not warranted.

          a.    **No Legitimate Purpose Would Be Served by Intervention**

The purpose of the motion is to hinder, through delay, Plaintiffs' efforts to obtain evidence that is relevant and material to their claims.  That this is the purpose is evidenced by counsel for Proposed Intervenors' explicit suggestion to Plaintiffs to employ the procedures established by the Hague Convention, followed almost immediately by a motion seeking permission to oppose those very same procedures.

          b.    **The Proposed Intervention Is Unnecessary to Preserve any Rights**

Proposed Intervenors fail even to assert how the motion is necessary to preserve their rights.  Proposed Intervenors do not dispute, for example, that Plaintiffs are entitled to avail themselves of the procedures of the Hague Convention.  And, in any event, the Proposed Intervention is unnecessary to afford the movants with a platform to raise English law objections to the scope of Plaintiffs' evidentiary requests, which the Proposed Intervenors will be afforded in the English High Court.

### c.   The Proposed Intervention Is Significantly Likely to Prejudice the Plaintiffs

Granting permission to intervene would lead to a delay in the resolution of Plaintiffs' Hague Request by this Court, and resultingly delay the ultimate adjudication by the English High Court. Such a delay could be devastating to Plaintiffs, as it could conceivably prevent Plaintiffs from obtaining the evidence sought from the Proposed Intervenors before the close of discovery in this case. The Proposed Intervenors do not dispute this potential prejudice, or even address it.

In sum, the motion to intervene was not made for a legitimate purpose, threatens to impair Plaintiffs' ability to obtain evidence prior to the close of fact discovery, and is unnecessary to preserve Proposed Intervenors' rights, and therefore intervention does not lie as of right.

### B.   Proposed Intervenors Are Not Entitled to Permissive Intervention

Permissive Intervention is governed by Federal Rule of Civil Procedure 24(b)(1), which gives the Court discretion to permit intervention by one who "(A) is given a conditional right to intervene by a federal statute," or "(B) has a claim or defense that shares with the main action a common question of law or fact." The Rule also requires the Court to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

No federal statute gives Proposed Intervenors a conditional right to intervene, and Proposed Intervenors make no argument that they have a claim or defense that shares a common question of law or fact with Plaintiffs' defamation action. Furthermore, as explained above, granting Proposed Intervenors' motion would delay resolution of Plaintiffs' Hague Request and its subsequent consideration by the English High Court, threatening to impair Plaintiffs' ability to collect highly relevant information for use in this action. In *Gubarev,* the District Court for

8

the Southern District of Florida denied Steele's motion to intervene to oppose another Hague application in that similar case, explaining that intervention was not appropriate because Steele's "rights under British law will be protected by the British Court." *See Gubarev*, 2017 U.S. Dist. LEXIS 216713, at *4. That is equally true here.

## CONCLUSION

For the foregoing reasons, Proposed Intervenors' motion should be denied.

Dated: New York, New York
August 19, 2020

Respectfully submitted,

           /s/ Alan S. Lewis
Alan S. Lewis (Bar No. NY0252)
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel: (917) 233-2524
Fax: (212) 732-3232
lewis@clm.com

-and-

Kim Sperduto (DC Bar No. 416127)
SERDUTO THOMPSON & GASSLER PLC
1747 Pennsylvania Avenue, NW, Suite 1250
Washington, DC 20006
Tel: (202) 408-8900
Fax: (202) 408-8910
ksperduto@stglawdc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August 2020, I electronically filed and served the foregoing using the CM/ECF system.


                                             */s/ Alan S. Lewis*
                                             Alan S. Lewis

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MIKHAIL FRIDMAN, PETR AVEN, and
GERMAN KHAN,

        *Plaintiffs*,

v.

BEAN LLC (a/k/a FUSION GPS) and
GLENN SIMPSON,

        *Defendants*.

Civil Case No. 1:17-cv-2041-RJL

**PROPOSED ORDER**

Upon consideration of the Motion to Intervene for the Limited Purpose of Opposing Plaintiffs' Motion for Issuance of Letter of Request for International Judicial Assistance, filed by Non-Parties Christopher Steele, Christopher Burrows, and Orbis Business Intelligence Ltd. (the "Motion"), the Court ORDERS that:

The Motion is DENIED.

Dated: _____

        _____
        Richard J. Leon
        Senior United States District Judge