# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN, | ) ) ) ) |
| Plaintiffs, | ) Case No. ) |
| v. | ) 1:17-cv-02041 (RJL) ) |
| BEAN LLC (a/k/a FUSION GPS) and GLENN SIMPSON, | ) ) ) ) |
| Defendants. | ) ) |

## NON-PARTIES CHRISTOPHER STEELE, CHRISTOPHER BURROWS AND ORBIS BUSINESS INTELLIGENCE LTD.'S REPLY IN SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING PLAINTIFFS' MOTION FOR ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

In their opposition to Non-Parties Christopher Steele, Christopher Burrows, and Orbis Business Intelligence Ltd.'s Motion to Intervene for the Limited Purpose of Opposing Plaintiffs' Motion for Issuance of Letter of Request for International Judicial Assistance (the "Motion") (Dkt. 91), Plaintiffs primarily advance two hollow and unconvincing arguments against the Non-Parties' rightful intervention:  (1) that the Non-Parties have no "legally protected interest" in the discovery Plaintiffs seek from the Non-Parties directly, and (2) that the motion to intervene— filed the *next day* after Plaintiffs' motion seeking the discovery—was "untimely."  They urge this Court to blindly grant their Motion for Issuance of Letter of Request for International Judicial Assistance (the "Hague Request") (Dkt. 90) and to ignore any objections by the foreign targets of their discovery pursuits.  Plaintiffs are wrong.  The Court should grant the Non-Parties' Motion and allow them the opportunity to be heard prior to ruling on the Hague Request.

1

**ARGUMENT**

**I.     The Non-Parties Have a Legally Protected Interest in the Discovery Sought and Standing to Intervene.**

The Non-Parties are entitled to intervene as a matter of right under Fed. R. Civ. P. 24(a). The Non-Parties are the very target of the proposed discovery Plaintiffs seek, which encompasses both documentary and oral testimony. There is no question that such discovery would burden the Non-Parties. As stated in the Non-Parties' Motion, the requested discovery would force the Non-Parties to undergo the "time, burden, and expense of the discovery sought by Plaintiffs . . . including discovery related to sensitive and confidential information." (Dkt. 91 at 2). Plaintiffs' requests are expansive, incorporating the "broad meaning and scope" of "documents" as provided under the Federal Rules of Civil Procedure, and itemizing multiple subjects for oral examination and documentary production for Messrs. Steele and Burrows and Orbis Business Intelligence Ltd.

Contrary to Plaintiffs' arguments, the Non-Parties have a direct legal interest in this proposed discovery and standing to object to it. D.C. federal courts take a broad view of the "interest relating to the property or transaction" under Rule 24(a). Intervention as a matter of right is appropriate where a party has any *interest* in the discovery at issue, such as a claim of privilege or work product. *See United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1291-92 (D.C. Cir. 1980) (holding that "rule 24(a) should be interpreted to allow intervention as of right on collateral discovery" and finding intervenor "has an interest in the property or transaction represented by the database documents, which are the subject of the limited discovery action in which MCI seeks to intervene"); *see also Alexander v. FBI*, 186 F.R.D. 21, 30 (D.D.C. 1998) (highlighting that "[t]he court premises its analysis of this issue by noting that courts typically permit parties to intervene to preserve claims of privilege").

The Court need look no further than the intervention arguments made by Plaintiffs' staunch allies ("Alfa Intervenors") in their recent successful motion to intervene (Dkt. 80, 88).  There, the Alfa Intervenors urged this Court to reject "an unduly formalistic and restrictive interpretation of Rule 24" because "the rules governing intervention have been construed liberally and are guided by pragmatic considerations."  Dkt. 88 at 2; *see also id.* at 3 ("[I]ntervention is intended to provide interested parties an opportunity to air their views so that a court may reach a just resolution *before* making an adverse decision."). This Court granted Alfa Intervenors' motion to intervene. *See* August 20, 2020 Minute Order.

As the Alfa Intervenors noted, demonstrating a legally protected interest goes hand in hand with demonstrating standing.  Dkt. 80 at 11; *see also Waterkeeper All., Inc. v. Wheeler*, 330 F.R.D. 1, 6 (D.D.C. 2019) ("'In most instances,' however, 'the standing inquiry will fold into the underlying inquiry under Rule 24(a): generally speaking, when a putative intervenor has a 'legally protected' interest under Rule 24(a), it will also meet constitutional standing requirements, and vice versa.'") (quoting *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 13 n.5 (D.D.C. 2010)); *Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 233 (D.C. Cir. 2003) ("With respect to intervention as of right in the district court, the matter of standing may be purely academic.  One court has rightly pointed out that any person who satisfies Rule 24(a) will also meet Article III's standing requirement.").  If Plaintiffs' Hague Request is granted, unopposed, it would be the first step towards potentially compelling the Non-Parties to give of their time, effort, and protected information at Plaintiffs' behest.  The Non-Parties have an interest and standing to lodge their objections in this Court.

Moreover, the Non-Parties' interest is not currently represented by the direct parties already in the case, none of whom opposed the Hague Request.  Plaintiffs have not suggested that any

party in the action can be an adequate representative of the Non-Parties' interests, therefore that point is conceded. *Cf. Am. Tel. & Tel. Co.*, 642 F.2d at 1293 (holding that "the burden is on those opposing intervention to show that representation for the absentee will be adequate.").

## II.     The Non-Parties' Motion to Intervene was Timely.

Plaintiffs' assertion that the Foreign Non-Parties' intervention motion is untimely is facially absurd. The Non-Parties' Motion to intervene was filed the ***day after*** the Plaintiffs' Hague Request. *See Hague Request*, Dkt. 90 (Aug. 4, 2020); *Non-Parties' Motion*, Dkt. 91 (Aug. 5, 2020). The Non-Parties have a right to be heard on the Hague Request, and they could hardly have acted any faster to seek to protect their interests.

Plaintiffs contort their untimeliness argument into a notion that intervention would cause delay, which they claim would prejudice Plaintiffs. But any delay in the process of seeking to obtain foreign discovery falls on Plaintiffs, not on the Non-Parties. Plaintiffs emailed counsel for the Non-Parties requesting voluntarily acceptance of service of discovery requests for Orbis and Mr. Steele, who declined that request, ***in May***—more than three months ago. Dkt. 90-2 (Lewis Decl., Ex. J). Plaintiffs did not request discovery from Mr. Burrows until July 15, 2020. Dkt. 90-2 (Lewis Decl., Ex. K).

Moreover, as Plaintiffs and the Court know, discovery in this case has not advanced to final stages. The docket reflects that a significant discovery dispute is pending arising from Plaintiffs' meager document production—in which Plaintiffs' allies the Alfa Intervenors only very recently intervened. Service of discovery requests on other third parties has not yet been accomplished. (*See* Dkt. 93 and August 21, 2020 Minute Order).

Under D.C. law, timeliness "is to be judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's

rights, and the probability of prejudice to those already parties in the case." *Karsner v. Lothian*, 532 F.3d 876, 886 (D.C. Cir. 2008) (quoting *United States v. British Am. Tobacco Australia. Servs., Ltd.,* 437 F.3d 1235, 1238 (D.C. Cir. 2006)).  Here, the initial complaint was filed in October 2017, the operative complaint was filed two months later, and the Defendants filed an answer in January 2019 following denial of their motions to dismiss.  Discovery is ongoing, with fact discovery continuing into 2021 and the completion of summary judgment nearly a year out. Within one day of the filing of the Hague Request, the Non-Parties sought intervention for the limited purpose of moving to quash or modify it.  The Non-Parties have a legally protectible interest that no other party will protect.  Finally, there will be no prejudice to the parties or Plaintiffs, as the Non-Parties have proposed to submit its motion quickly—within fourteen (14) days to allow for a swift resolution.  Plaintiffs' "untimeliness" argument falls flat under the consideration of the circumstances of this case.

**III.    Plaintiffs Are Not Entitled to a "Rubberstamp" of Their Hague Request.**

Plaintiffs essentially demand that this Court send the Hague Request to the British High Court without consideration or review, as if this Court must blindly grant Plaintiffs' request and relegate to the would-be recipient foreign tribunal any objections to their discovery pursuits.  But Plaintiffs present a false dichotomy that objections to discovery can be considered ***only*** by ***either*** the U.S. District Court *or* the foreign tribunal, but not by both.  U.S. Supreme Court precludes such flawed binary logic.  In *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522 (1987), the Supreme Court rejected binary constructs for the adjudication of discovery from foreign parties, in favor of a more comprehensive, case-specific analysis by the U.S. District Court. *Id.* at 545-46.  There, the Court considered whether a District Court must utilize the procedures of the Hague Convention over the Federal Rules of Civil

Procedure.  Although that precise issue is not before this Court, the Supreme Court's reasoning is pertinent here.  The Supreme Court noted, "[t]he exact line between reasonableness and unreasonableness in each case must be drawn by the trial court, based on its knowledge of the case and of the claims and interests of the parties and the governments whose statutes and policies they invoke." *Id.* at 546.  The Court also cautioned

> American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position.  Judicial supervision of discovery should always seek to minimize its costs and inconvenience and to prevent improper uses of discovery requests.  When it is necessary to seek evidence abroad, however, the district court must supervise pretrial proceedings particularly closely to prevent discovery abuses. …  Objections to "abusive" discovery that foreign litigants advance should therefore receive the most careful consideration.

*Id.*  Therefore, this Court must closely supervise and carefully consider Plaintiffs' discovery pursuit against foreign parties—which in this case, are not even litigants.

By exercising their right to insist that Plaintiffs serve and pursue discovery through proper channels for foreign third parties, the Non-Parties did not concede the propriety of the discovery efforts nor agree that the District Court should grant Plaintiffs' motion to issue a request for it.  Plaintiffs' Hague Request is a ***motion*** for this Court to impose on a foreign tribunal a "Request for Judicial Assistance."  The Court has the authority to grant or deny the motion and assess the contents of that request.  *See Purdue Pharma Prods. L.P. v. Par Pharms., Inc.*, No. 07-255-JJF, 2008 U.S. Dist. LEXIS 65944, at *8 (D. Del. Aug. 26, 2008) (denying application for issuance of letter of request); *Westernbank P.R. v. Kachkar*, No. 07-1606 (ADC/BJM), 2009 U.S. Dist. LEXIS 149405, at *10 (D.P.R. May 12, 2009) (striking overly broad requests); *Brown v. State St. Corp.*, No. 05-11178-NG, 2006 U.S. Dist. LEXIS 106235, at *1 (D. Mass. Mar. 20, 2006) (granting motion for letter of request but ordering defendants to redraft portions); *Dataquill Ltd. v. High*

6

*Tech Computer Corp.*, No. 08cv543-IEG(WVG), 2010 U.S. Dist. LEXIS 152289, at *2 (S.D. Cal. Oct. 28, 2010) (same).

### IV. In the Alternative, the Court Should Allow the Non-Parties to Intervene Under Rule 24(b)

In the alternative, the Court should use its discretion to allow the Non-Parties to intervene in accordance with Rule 24(b).  Under Fed. R. Civ. P. 24(b), the Court may allow permissive intervention to anyone who "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact."  Courts have not strictly construed this rule and have "considerable discretion" when considering such motions.  *See EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1045-46, 48 (D.C. Cir. 1998) (noting that "[i]n our prior cases, we have expressed a willingness to adopt flexible interpretations of Rule 24 in special circumstances" and that courts "have eschewed strict readings of the phrase 'claim or defense,' allowing intervention even in 'situations where the existence of any nominate 'claim' or 'defense' is difficult to find.'") (citations omitted).  Given the heavy burden involved in responding to the Hague Request as written, this Court should allow the Non-Parties to have an opportunity to be heard in this Court.

### CONCLUSION

For these reasons, the Non-Parties respectfully request that the Court GRANT their Motion to Intervene and allow the Non-Parties to file a motion to quash or modify the Hague Request within fourteen (14) days of the date of this Court's granting of the Motion to Intervene.

Respectfully submitted this 26th day of August, 2020.

                                                   /s/ Kelley C. Barnaby
                                                   Kelley C. Barnaby

D.C. Bar No. 998757
ALSTON & BIRD LLP
950 F Street, NW
Washington, D.C. 20004
Phone: (202) 239-3687
Fax: (202) 654-4887
kelley.barnaby@alston.com

*OF COUNSEL:*

CHRISTINA HULL EIKHOFF (LEAD ATTORNEY)
Georgia Bar No. 242539
christy.eikhoff@alston.com
KRISTIN RAMSAY
Georgia Bar No. 964749
kristi.ramsay@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA  30309-3424
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)

*Attorneys for Non-Parties Christopher Steele, Christopher Burrows, and Orbis Business Intelligence Ltd.*

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed the foregoing REPLY IN SUPPORT OF MOTION TO INTERVENE with the Court's CM/ECF Service, which will provide electronic notice to counsel of record this 26th day of August, 2020.

/s/ Kelley C. Barnaby
KELLEY C. BARNABY