**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN,** | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. 17-2041-RJL** |
| **BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON,** | |
| **Defendants.** | |

## MOTION BY NONPARTY RICHARD BURT TO MODIFY SUBPOENA FOR DEPOSITION TESTIMONY OR FOR A PROTECTIVE ORDER

Nonparty Richard Burt, by and through undersigned counsel, moves under Federal Rule of Civil Procedure 45(d)(3)(A) to modify a subpoena for deposition testimony served by Bean LLC and Glenn Simpson (collectively, "Defendants") in connection with this action, and under Federal Rule of Civil Procedure 26(c)(1) for a protective order. To be clear, Ambassador Burt does not object to sitting for a deposition generally. Ambassador Burt seeks only to limit the scope of his deposition testimony to match the scope of his agreed-on document production. Matters outside the bounds of the document production are not relevant to this action and are not proportional to the needs of the case, especially given that Ambassador Burt is a nonparty. For these reasons, and for the reasons set forth in the attached memorandum of points and authorities, Ambassador Burt respectfully requests that the Court grant his motion to modify the subpoena for deposition testimony or for a protective order.[1]

---

[1] Ambassador Burt also moves to stay his deposition, currently scheduled for November 6, 2020, pending resolution of this Motion.

Pursuant to Local Rule 7(m), counsel for Ambassador Burt has conferred with counsel for Defendants, who stated that Defendants oppose the relief requested in this motion.

Dated:  October 23, 2020

Respectfully submitted,

/s/ Margaret E. Krawiec
Margaret E. Krawiec (DC Bar No. 490066)
Michael A. McIntosh (DC Bar No. 1012439)
SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
1440 New York Avenue NW
Washington, DC 20005
T: (202) 371-7303
F: (202) 661-9123
margaret.krawiec@skadden.com
michael.mcintosh@skadden,com

*Attorneys for Richard Burt*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing Motion to Modify Subpoena for Deposition Testimony or for a Protective Order was filed electronically by the Clerk of Court on October 23, 2020, using the CM/ECF system, which will send notification of such filing to all counsel of record.

<span style="float:right;">/s/ Margaret E. Krawiec     <br>Margaret E. Krawiec</span>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MIKHAIL FRIDMAN, PETR AVEN, AND GERMAN KHAN,**<br><br>            **Plaintiffs,**<br><br>**v.**<br><br>**BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON,**<br><br>            **Defendants.** | **Civil Action No. 17-2041-RJL** |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION BY NONPARTY RICHARD BURT TO MODIFY
SUBPOENA FOR DEPOSITION TESTIMONY OR FOR A PROTECTIVE ORDER**

## <u>INTRODUCTION</u>

Defendants seek to force nonparty Richard Burt—a former U.S. Ambassador to Germany and current managing partner of a strategic advisory firm—to prepare and sit for a deposition covering virtually every aspect of his relationship with Plaintiffs and Alfa over the past three decades.  Ambassador Burt already has agreed to produce documents and provide testimony related to the truth or falsity of the statements in Company Intelligence Report 112 ("CIR 112") that Plaintiffs claim are defamatory.  But Defendants refuse to limit Ambassador Burt's deposition testimony consistent with the scope of his document production.  Instead, Defendants seek to use Ambassador Burt's deposition as a means to probe for information bearing not the faintest connection to this litigation.  The Court should reject these efforts and preclude Defendants from examining Ambassador Burt about matters that exceed the scope of his agreed-on document production.

*First*, the Court should modify the deposition subpoena or grant Ambassador Burt a protective order because the topics outside the scope of his document production call for information that is not relevant to this action.  As the record makes clear, Plaintiffs' defamation claims arise out of statements in CIR 112 and, with one exception not relevant here, are based on accusations of misconduct allegedly perpetrated in 2016.  Ambassador Burt has agreed to provide testimony concerning the truth or falsity of those statements.  Despite that agreement and the temporally limited nature of Plaintiffs' defamation claims, Defendants insist that Ambassador Burt prepare and sit for a deposition covering events that occurred as long as thirty years ago and have no connection to the truth or falsity of CIR 112—or, indeed, to anything at issue in this litigation. The Court should enforce well-worn relevance limitations on deposition testimony and preclude

1

Defendants from straying far afield from questions reasonably related to the claims and defenses in this action.

***Second***, even if the additional deposition topics are relevant (and they are not), the Court still should modify the subpoena or issue a protective order because the scope of the testimony that Defendants seek would unduly burden Ambassador Burt. The additional topics—which, significantly, are posed to a nonparty—seek a vast amount of information stretching back thirty years and concerning the entire history of Ambassador Burt's relationship with and knowledge of Plaintiffs and Alfa. And the minuscule—indeed, nonexistent—probative value of the information sought cannot come close to outweighing the huge burden that would be imposed on Ambassador Burt, a nonparty to the litigation. What is more, Defendants can obtain most or all of the information that they are seeking from Plaintiffs, who are parties to the litigation and whose depositions have been noticed for dates in November 2020, obviating the need to burden a nonparty with expansive and intrusive questioning. Defendants' attempts to obtain information untethered from the claims or defenses in this action is an impermissible fishing expedition intended for purposes other than litigating this case.

For all these reasons and as explained further below, the Court should modify the deposition subpoena to Ambassador Burt or grant him a protective order to preclude inquiry into matters outside the scope of his document production.[1]

---

[1]      Ambassador Burt also respectfully requests that the Court stay his deposition, currently scheduled for November 6, 2020, pending resolution of this Motion.

## BACKGROUND

### A.    Ambassador Burt's Relationship with Plaintiffs

Ambassador Burt currently serves as Managing Partner at McLarty Associates, a strategic advisory firm in Washington, DC.  His relationship with Plaintiffs began in the late 1990s or early 2000s, when he became an advisor to Alfa.  Since that time, Ambassador Burt has consulted for Alfa on Western governance and developing ties in the United States and Europe, fostering a close working relationship with Mr. Aven and Mr. Fridman in the process.  This advisory work has involved helping Alfa adapt to U.S. business practices and introducing Alfa to business contacts in the United States.  Ambassador Burt more recently became affiliated with LetterOne, first serving as an advisor to the Board of Directors starting approximately five years ago and then joining the Board of Directors in July 2017 as a non-executive director.

### B.    Service of Subpoena on Ambassador Burt and Initial Negotiations

On November 6, 2019, Defendants obtained a subpoena for documents and deposition testimony to Ambassador Burt.  (Ex. A, Subpoena to Richard Burt (Nov. 6, 2019).)  The subpoena required Ambassador Burt to produce responsive documents by December 6, 2019 and to sit for a deposition on January 15, 2020.  (*Id.*)  Counsel for Ambassador Burt subsequently agreed to accept service of the subpoena and to waive any procedural objections.  (Ex. B, Email from Margaret E. Krawiec to Joshua A. Levy at 2 (Nov. 18, 2019).)

This original subpoena—which included eleven document requests and did not delineate the scope of the requested deposition testimony—was incredibly broad in scope.  It requested nearly three decades' worth of documents, directing Ambassador Burt to produce information from January 1, 1990 through the present.  (Ex. A, Instruction No. 2.)  The substantive scope of the document requests was similarly vast.  To take two examples, the subpoena directed Ambassador

3

Burt to produce "*[a]ll* communications between" himself and Plaintiffs, Alfa, or "anyone acting on their behalf or suspected by [him] of acting on their behalf," along with "*all* documents *concerning*" Plaintiffs, Alfa, or "anyone acting on their behalf or suspected by [him] of acting on their behalf."  (*Id.*, Request Nos. 1–2 (emphasis added).)  Notably, moreover, the requests incorporated a definition of "Alfa" that purported to be non-exclusive and included at least thirty-six separate entities and their subsidiaries.  (*Id.*, Definition No. 1.)  Particularly in light of the expansive thirty-year time period, the capaciousness of the requests, and Ambassador Burt's long-standing relationships with Plaintiffs, compliance with the subpoena as written would have been unduly burdensome and involved the production of a huge volume of information not remotely relevant to this action.

Following a phone conversation during which counsel for Ambassador Burt relayed concerns about the breadth of the subpoena, Defendants served Ambassador Burt with a "modified" set of document requests.  (Ex. C, Email from Joshua A. Levy to Margaret E. Krawiec at 1 (Dec. 5, 2019).)  The modified subpoena carried a new production deadline of January 31, 2020.  (Ex. D, Modified Subpoena to Richard Burt.)  Although Defendants claimed that the modified subpoena would "lessen[] any burden on" Ambassador Burt, it in fact did the opposite. (Ex. C at 1.)  The modified subpoena—which included eleven requests and a total of nine separate subparts—broadened the topics from the original subpoena and injected an array of new persons, issues, and events with no connection to this litigation.

Explaining that "compliance with the Subpoena would impose an undue burden on" him, particularly as a nonparty to the litigation, Ambassador Burt served Defendants with his responses and objections on December 13, 2019.  (Ex. E, Responses and Objections at 1 (Dec. 13, 2019).) Ambassador Burt noted that the subpoena "seeks discovery that is not relevant to the litigation or

proportional, that can be obtained from the parties to the litigation or other sources, that is cumulative, and that is privileged." (*Id.*) He emphasized that "a significant number of the enumerated requests are entirely divorced from the alleged defamatory statements contained in [CIR 112]" and that the subpoena "seeks documents related to individuals, issues, and events that have nothing to do with the litigation." (*Id.*) While Ambassador Burt stated that he would "not comply with the Subpoena as currently drafted," he stressed that he "hope[d] to work with [Defendants] to narrow the scope of the Subpoena to address" his concerns and that he was "hopeful that court intervention can be avoided." (*Id.* at 2.)

On January 9, 2020, nearly a month after Ambassador Burt served his responses and objections, counsel for Defendants confirmed that Defendants "agree[d] to hold in abeyance the dates for testimony and production." (Ex. F, Email from Joshua A. Levy to Margaret E. Krawiec at 1 (Jan. 9, 2020).) Counsel for Defendants further stated that he would "get back to [counsel for Ambassador Burt] with proposed dates and times to discuss the subpoena and the rescheduling of production deadlines and the deposition." (*Id.*) Ambassador Burt heard nothing further for almost six months. Then, on July 6, 2020, counsel for Defendants emailed counsel for Ambassador Burt to arrange a call to "discuss the subpoena for documents" and to "schedule [Ambassador Burt's] deposition." (Ex. G, Email from Joshua A. Levy to Margaret E. Krawiec at 1 (July 6, 2020).)

## C.    Agreement on Document Production

Following Defendants' re-initiation of the meet-and-confer process, Ambassador Burt and Defendants were able to work together to reach an agreement on the scope of Ambassador Burt's document production pursuant to the subpoena. They agreed that Ambassador Burt would discharge his obligations under the subpoena by producing two categories of documents: (i) "documents dated from January 1, 2016 through October 3, 2017 that relate to the truth or

falsity of the allegedly defamatory statements in CIR 112"; and (ii) "documents from June 1, 2015 through January 20, 2017 that reflect, describe, and/or relate to communications with, and/or attempts to establish a line of communication with, the Trump Campaign or Trump Transition, and that mention/refer/relate to Plaintiffs, AO Alfa-Bank, ABH Holdings S.A., LetterOne Investment Holdings S.A., and/or LetterOne Holdings S.A."  (Ex. H, Email from Margaret E. Krawiec to Joshua A. Levy at 1 (Sept. 28, 2020); *see also* Ex. I, Email from Joshua A. Levy to Margaret E. Krawiec at 1 (Sept. 30, 2020) (noting Defendants' agreement to the proposal).) Defendants and Ambassador Burt agreed to a production deadline of November 30, 2020.  (Ex. J, Email from Joshua A. Levy to Margaret E. Krawiec at 1 (Oct. 5, 2020).)

Ambassador Burt and Defendants also agreed to an enhanced confidentiality protocol to apply to documents produced by Ambassador Burt as well as the transcript of Ambassador Burt's deposition testimony.  That agreement provides as follows:

> Ambassador Burt may designate a document as confidential if the document constitutes, reflects, or contains (i) information protected from disclosure by statute; (ii) sensitive personal information; (iii) trade secrets; (iv) proprietary or confidential research, development, or commercial information; (iv) other business-sensitive information; or (v) other nonpublic information that Ambassador Burt believes in good faith would create a risk of harm if disclosed.  Documents designated confidential shall not be used or disclosed by Defendants or counsel for Defendants for any purposes whatsoever other than preparing for or conducting the litigation in which the documents were disclosed.

(Ex. H at 1–2; *see also* Ex. I at 1 (noting Defendants' agreement as to documents produced); Ex. J at 1 (noting Defendants' agreement as to transcript of deposition testimony).)

## D.     Dispute Over Deposition Testimony

At the same time that Ambassador Burt and Defendants were negotiating the scope of Ambassador Burt's document production, they continued to meet and confer regarding his deposition testimony.  Following up on recent communications regarding the subpoena, counsel for Ambassador Burt emailed counsel for Defendants on July 20, 2020 to notify Defendants that

Ambassador Burt would agree to sit for a deposition only if it is "limited in a manner consistent with the limitations of the document subpoena."  (Ex. K, Email from Margaret E. Krawiec to Joshua A. Levy at 1 (July 24, 2020).)

Defendants again went silent after receiving the July 24 email, waiting nearly two months to respond.  On September 18, 2020, counsel for Defendants emailed counsel for Ambassador Burt and stated that Defendants "will not limit the scope of Amb. Burt's deposition to the compromised scope of his document review and production."  (Ex. L, Email from Joshua A. Levy to Margaret E. Krawiec at 2 (Sept. 18, 2020).)  Counsel for Defendants provided a non-exclusive list of eight deposition topics purportedly related to "the substantial truth or falsity of the three alleged defamatory statements" and "the public figure status of Plaintiffs":

> (1) Ambassador Burt's "relationship with Plaintiffs and Alfa";
>
> (2) "[H]is involvement and communications with the Trump Campaign and the Trump Transition";
>
> (3) His knowledge about "Plaintiffs' and Alfa's relationship with the Kremlin";
>
> (4) His knowledge about "any favors that Plaintiffs and/or Alfa provided to Putin and/or the Kremlin";
>
> (5) His knowledge about "any favors that Putin and/or the Kremlin provided to Plaintiffs and/or Alfa";
>
> (6) His knowledge about "any payments to government officials by Plaintiffs and/or Alfa";
>
> (7) "[G]overnment meetings and interviews that he has arranged for Plaintiffs to invite attention and comment"; and
>
> (8) "[H]is involvement in providing [Plaintiffs] access to channels of communication."

 (*Id.*)  Counsel for Defendants further specified that "the scope of these questions will include and predate 2016."  (*Id.*)

Counsel for Ambassador Burt responded to Defendants' proposal in a September 28, 2020 email. Counsel explained that "Ambassador Burt, as a nonparty, will testify only as to matters that are relevant to the claims and defenses in the litigation and proportional to the needs of the case." (Ex. H at 2.) For this reason, counsel stated that "Ambassador Burt will not testify about matters outside the scope of his document production." (*Id.*) Consistent with the scope of the agreed-on document production, Ambassador Burt agreed to provide deposition testimony about four topics:

     (1) "The truth or falsity of the statement in CIR 112, 'RUSSIA/US PRESIDENTIAL ELECTION: KREMLIN-ALPHA GROUP COOPERATION,' as relates to the time period of January 1, 2016 through October 3, 2017";

     (2) "The truth or falsity of the statement in CIR 112, 'Significant favours continued to be done in both directions, primarily political ones for PUTIN and business/legal ones for Alpha,' as relates to the time period of January 1, 2016 through October 3, 2017";

     (3) "The truth or falsity of the statement in CIR 112, 'during the 1990s GOVORUN had been Head of Government Relations at Alpha Group and in reality, the "driver" and "bag carrier" used by FRIDMAN and AVEN to deliver large amounts of illicit cash to the Russian president, at that time deputy Mayor of St. Petersburg,' as relates to the time period of January 1, 2016 through October 3, 2017"; and

     (4) "Communications or attempts to establish a line of communication with the Trump Campaign or Trump Transition, as relates to Plaintiffs, AO Alfa-Bank, ABH Holdings S.A., LetterOne Investment Holdings S.A., or LetterOne Holdings S.A., and as relates to the time period of June 1, 2015 through January 20, 2017."

(*Id.*) Counsel further clarified that "Ambassador Burt will not testify about topics that are outside the scope of his document production or otherwise irrelevant, including 'the public figure status

8

of Plaintiffs.'"  (*Id.*)  Finally, counsel noted that Ambassador Burt was available on November 6, 2020 for a remotely held deposition.  (*Id.*)[2]

Counsel for Defendants responded to Ambassador Burt's email on September 30, 2020.  Counsel noted that Defendants "disagree with [Ambassador Burt's] proposed scope of the deposition."  (Ex. I at 1.)  Counsel stated that, "[u]nless otherwise directed by the Court, Amb. Burt should be prepared to answer questions" related to Defendants' previously proposed list of deposition topics.  (*Id.*)

With Defendants and Ambassador Burt at an impasse, Ambassador Burt seeks relief from this Court.

## ARGUMENT

A party seeking to compel the deposition testimony of a nonparty must comply with Federal Rules of Civil Procedure 26 and 45.  As a threshold matter, "Rule 45 subpoenas may only be used to compel production of information that is discoverable under Rule 26."  *Breiterman v. U.S. Capitol Police*, 323 F.R.D. 36, 42 (D.D.C. 2017).  Thus, a subpoena is not enforceable to the extent that it seeks deposition testimony regarding matters that are not "relevant to any party's claim or defense and proportional to the needs of the case."  *Id.*  Notably, moreover, courts should not "'tolerate fishing expeditions, discovery abuse, and an inordinate expense involved in overbroad and far-ranging discovery requests.'"  *Buie v. District of Columbia*, 327 F.R.D. 1, 10 (D.D.C. 2018).  "When presented with discovery that imposes a burden that 'outweighs its likely benefit,' courts should exercise their broad discretion to narrowly tailor discovery."  *Id.*

---

[2]      As explained in more detail below, *see infra* p. 12, Ambassador Burt's proposed topics for deposition testimony encompass the subject matter and time frame of Plaintiffs' defamation claims, as Plaintiffs have articulated in recent filings.

Courts have two bases to modify a subpoena that does not comply with Rule 26 or Rule 45. First, under Rule 45, a court "must quash or modify a subpoena that," among other things, "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A); *accord Breiterman*, 323 F.R.D. at 42; *see also* Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."); *Watts v. SEC*, 482 F.3d 501, 508 (D.C. Cir. 2007) (explaining that the undue-burden standard under Rule 45 "applies to both document and testimonial subpoenas"). Courts conducting the Rule 45 analysis "generally employ a balancing test, weighing the burdensomeness to the moving party against the deponent's need for, and the relevance of, the information being sought." *Breiterman*, 323 F.R.D. at 53. "[C]ourts balance several factors," including the relevance of the information sought, the need for that information, the breadth of the topics, the time period covered by the topics, and the burden imposed. *Educ. Fin. Council v. Oberg*, No. 10-mc-0079 (JDB), 2010 WL 3719921, at *2 (D.D.C. Mar. 8, 2010). Modification of a subpoena is warranted when "the discovery is unreasonably cumulative or duplicative"; when the "discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive"; and when "the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Significantly, moreover, "[t]he 'undue burden' analysis 'requires district courts supervising discovery to be generally sensitive to the costs imposed on third parties.'" *Id.* "Therefore, courts must 'safeguard non-party subpoena recipients from significant expense resulting from compliance." *Id.*; *accord*, *e.g.*, *Phillips & Cohen, LLP v. Thorpe*, 300 F.R.D. 16, 18 (D.D.C. 2013) ("[A] court, in accordance with Rule 45, 'has the discretion to limit discovery to prevent undue expense to third parties, even if the discovery is within the permissible scope' of the Federal Rules of Civil Procedure.").

Second, pursuant to Rule 26, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1). When evaluating a request for a protective order under Rule 26, a court must "consider a number of factors potentially relevant to the question of undue burden, including: whether the discovery is unreasonably cumulative or duplicative; whether the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive; and whether the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Breiterman*, 323 F.R.D. at 53–54; *accord, e.g.*, *Watts*, 482 F.3d at 509.

As explained further below, the Court should modify the subpoena to Ambassador Burt under Rule 45, or grant a protective order under Rule 26, to ensure that the scope of Ambassador Burt's deposition is consistent with the scope of his document production.

## I.    THE COURT SHOULD BAR DEFENDANTS FROM SEEKING DEPOSITION TESTIMONY ON MATTERS NOT RELEVANT TO THIS ACTION.

A subpoena is enforceable only to the extent that it seeks information that is "relevant to any party's claim or defense." *Breiterman*, 323 F.R.D. at 42; *accord, e.g.*, *MetroPCS v. Thomas*, 327 F.R.D. 600, 609 (N.D. Tex. 2018) (explaining that a subpoena "may only properly seek testimony and documents that are relevant to any party's claim or defense in that case"). Applying this straightforward principle, courts routinely strike down subpoenas requesting documents or testimony related to matters that are irrelevant to the underlying litigation. *See, e.g.*, *Breiterman*, 323 F.R.D. at 52 (quashing deposition subpoena insofar as subpoena sought testimony related to "information that is no longer relevant" and where "the progression of discovery has rendered this

11

information virtually useless"); *Phillips & Cohen*, 300 F.R.D. at 18 (granting motion to quash subpoena that sought "documents which are of no conceivable relevance in the context of the [underlying] action"); *Flatow v. The Islamic Republic of Iran*, 202 F.R.D. 35, 38 (D.D.C. 2001) (granting protective order where "it is not likely that [requested documents] would ultimately be useful to the plaintiffs"); *see also*, *e.g.*, *MetroPCS*, 327 F.R.D. at 627–28 (quashing subpoena where "the record does not support a determination that [witness] is likely to be able to provide deposition testimony that would be relevant to—and needed by [plaintiff] to prove or support— the claims in the [underlying] action alleged against the defendants named there"); *Anwar v. Fairfield Greenwich Ltd.*, 297 F.R.D. 223, 227 (S.D.N.Y. 2013) (denying motion to compel deposition testimony where "the testimony that the Defendants seek to obtain . . . would, at best, be of marginal relevance" and "Defendants have failed to show any respect in which the testimony of [witnesses] would enable them to prove any fact that they cannot already prove").

The Court should apply this standard here and limit the scope of nonparty Ambassador Burt's deposition testimony to topics relevant to this action.  As communicated to Defendants, Ambassador Burt stands ready and willing to provide testimony about nonprivileged information related to the truth or falsity of the statements in CIR 112 that Plaintiffs allege are defamatory. Plaintiffs' defamation claims are limited to three statements in CIR 112:  (i) that Plaintiffs and Alfa "cooperated with a Kremlin-orchestrated illegal campaign to interfere with the 2016 U.S. presidential election"; (ii) that Plaintiffs and Russian President Vladimir Putin exchanged "[s]ignificant favours" during 2016; and (iii) that Plaintiffs used an intermediary to "deliver large amounts of illicit cash" to Putin "during the 1990s."  (Dkt. 78-6, at 3–4.)  Ambassador Burt has agreed to provide deposition testimony (and produce documents) related to the truth or falsity of these three statements.  (Ex. H at 1–2.)  Ambassador Burt also has agreed to provide testimony

(and produce documents) related to "[c]ommunications or attempts to establish a line of communication with the Trump Campaign or Trump Transition, as relates to Plaintiffs, AO Alfa-Bank, ABH Holdings S.A., LetterOne Investment Holdings S.A., or LetterOne Holdings S.A., and as relates to the time period of June 1, 2015 through January 20, 2017." (*Id.*)

Although Defendants have agreed that the production of documents on those subjects satisfies Ambassador Burt's obligations under the subpoena, they refuse similarly to cabin his deposition testimony. Instead, Defendants seek to examine Ambassador Burt about topics that are sweeping both in substance (covering events that have nothing to do with the underlying litigation) and in time (dating from January 1, 1990 through the present day). Defendants' requests are all the more overreaching in light of Ambassador Burt's close relationships with Mr. Aven, Mr. Fridman, and Alfa that have spanned the last two decades. Defendants claim the right to examine Ambassador Burt about virtually any aspect of those relationships, no matter how distant in time or how far removed from this litigation in substance. And they intend to burden Ambassador Burt, a nonparty, with preparing and sitting for a deposition covering such overbroad topics when they just as easily could obtain the information from Plaintiffs, whom they plan to depose next month.

Defendants' feigned need to question Ambassador Burt about anything and everything related to the last two decades of his advisory work is an unfortunate extension of their practice of using litigation to extract information to harass and embarrass their enemies. Defendants frankly acknowledge that they hunt for material about their opponents "to expose an opponent's vulnerabilities, provide source material for the media, and feed attack ads." Glenn Simpson & Peter Fritsch, *Crime in Progress* 31 (2019). And Defendants use this information to drive media narratives and thereby foster public scorn against those opponents. *See id.* (admitting that Fusion makes "many of its findings available to interested reporters as background material that could be

confirmed with their own reporting"). The vast breadth of Defendants' deposition topics, when coupled with their ability to obtain that information from Plaintiffs themselves, strongly suggests that Defendants seek to depose Ambassador Burt not for purposes of defending themselves in this litigation, but rather to further their campaign of intimidation and retaliation against their opponents in this litigation and elsewhere.

A more detailed analysis of each of Defendants' eight proposed deposition topics highlights their overbreadth and the lack of any toehold between them and the claims or defenses in this litigation. Defendants seek to question Ambassador Burt about six topics that they claim are relevant to "the substantial truth or falsity of the three alleged defamatory statements" outlined above. (Ex. L at 2.) Each of these topics, however, strays far from matters relevant to the underlying litigation and should be judicially curtailed:

(1) Ambassador Burt's "relationship with Plaintiffs and Alfa." (*Id.*)

Response: Ambassador Burt will provide testimony related to his "relationship with Plaintiffs and Alfa" to the extent that such relationship relates to the truth or falsity of the allegedly defamatory statements at issue in this case and relates to the time period of January 1, 2016 through October 3, 2017. The Court should not permit a free-flowing inquiry into Ambassador Burt's "relationship with Plaintiffs and Alfa" unmoored from the truth or falsity of the allegedly defamatory statements at issue in this case, especially given that this "relationship" spans roughly twenty years and primarily involves Ambassador Burt's consulting work for Alfa—a matter having nothing to do with the present litigation. The Court likewise should not permit examination of Ambassador Burt regarding events outside the time period of January 1, 2016 through October 3, 2017, given that Plaintiffs' defamation claims are limited in relevant part to conduct and events occurring during 2016.

(2) Ambassador Burt's "involvement and communications with the Trump Campaign and the Trump Transition." (*Id.*)

Response: Ambassador Burt will provide testimony related to communications or communication attempts with the Trump Campaign and the Trump Transition, as relates to Plaintiffs, AO Alfa-Bank, ABH Holdings S.A., LetterOne Investment Holdings S.A., or LetterOne Holdings S.A. and as relates to the time period of June 1, 2015 through January 20,

14

2017.  The Court should preclude questioning regarding Ambassador Burt's interactions with the Trump Campaign and Trump Transition *unrelated* to Plaintiffs or those four entities, which have nothing to do with the truth or falsity of the allegedly defamatory statements at issue in this case.  The Court likewise should not permit examination of Ambassador Burt regarding involvement and communications outside the time period of June 1, 2015 through January 20, 2017, given that Plaintiffs' defamation claims are limited in relevant part to conduct and events occurring during 2016 and this proposed time period covers the duration of President Trump's campaign through his inauguration.

(3)  Ambassador Burt's knowledge of "Plaintiffs' and Alfa's relationship with the Kremlin."  (*Id.*)

Response:  Ambassador Burt will provide testimony related to his knowledge of "Plaintiffs' and Alfa's relationship with the Kremlin" to the extent that such relationship relates to the truth or falsity of the allegedly defamatory statements at issue in this case and relates to the time period of January 1, 2016 through October 3, 2017.  The Court should not permit an open-ended inquiry into Ambassador Burt's knowledge of Plaintiffs' and Alfa's relationship with the Kremlin, which would encompass matters bearing no relation to the truth or falsity of the allegedly defamatory statements at issue in this case.  The Court likewise should not permit examination of Ambassador Burt regarding events outside the time period of January 1, 2016 through October 3, 2017, given that Plaintiffs' defamation claims are limited in relevant part to conduct and events occurring during 2016.

(4)  Ambassador Burt's knowledge of "any favors that Plaintiffs and/or Alfa provided to Putin and/or the Kremlin."  (*Id.*)

Response:  Ambassador Burt will provide testimony related to his knowledge of "any favors that Plaintiffs and/or Alfa provided to Putin and/or the Kremlin" to the extent that such "favors" were provided from January 1, 2016 through October 3, 2017.  The Court should not permit examination of Ambassador Burt regarding events outside the time period of January 1, 2016 through October 3, 2017, given that Plaintiffs' defamation claims are limited in relevant part to conduct and events occurring during 2016.

(5)  Ambassador Burt's knowledge of "any favors that Putin and/or the Kremlin provided to Plaintiffs and/or Alfa."  (*Id.*)

Response:  Ambassador Burt will provide testimony related to his knowledge of "any favors that Plaintiffs and/or Alfa provided to Putin and/or the Kremlin" to the extent that such "favors" were provided from January 1, 2016 through October 3, 2017.  The Court should not permit

examination of Ambassador Burt regarding events outside the time period of January 1, 2016 through October 3, 2017, given that Plaintiffs' defamation claims are limited in relevant part to conduct and events occurring during 2016.

(6) Ambassador Burt's knowledge of "any payments to government officials by Plaintiffs and/or Alfa." (*Id.*)

Response:   Ambassador Burt will provide testimony related to his knowledge of "any payments to government officials by Plaintiffs and/or Alfa" to the extent that such "payments" relate to the truth or falsity of the allegedly defamatory statements at issue in this case and relate to the time period of January 1, 2016 through October 3, 2017.  The Court should not permit a fishing expedition into any "payments" over the last thirty years that have nothing to do with the allegedly defamatory statements.  The Court likewise should not permit examination of Ambassador Burt regarding events outside the time period of January 1, 2016 through October 3, 2017, given that Plaintiffs' defamation claims are limited in relevant part to conduct and events occurring during 2016.

Because Defendants' requests for deposition testimony seek information that is not "relevant to any party's claim or defense," the Court should modify the deposition topics so that they are consistent with scope of Ambassador Burt's agreed-on document production. *See Breiterman*, 323 F.R.D. at 42; *accord*, *e.g.*, *MetroPCS*, 327 F.R.D. at 627–28.

In addition to the overbroad set of topics purportedly relating to the truth or falsity of the allegedly defamatory statements at issue in this case, Defendants seek to question Ambassador Burt regarding "the public figure status of Plaintiffs." (Ex. L at 2.)   Specifically, Defendants propose to examine Ambassador Burt regarding "the government meetings and interviews that he has arranged for Plaintiffs to invite attention and comment, and his involvement in providing them access to channels of communication." (*Id.*)  But information related to alleged efforts in the shadows has no bearing on the question whether Plaintiffs are *public* figures.  What matters, instead, is the public-facing results of such efforts—which, of course, necessarily are publicly available and readily accessible to Defendants.  Indeed, the D.C. Circuit has made clear that "[p]ublic figures are those who have '*thrust themselves to the forefront* of particular public

16

controversies in order to influence the resolution of the issues involved.'" *Kahl v. Bureau of Nat'l Affairs, Inc.*, 856 F.3d 106, 114 (D.C. Cir. 2017) (emphasis added); *accord, e.g.*, *Jankovic v. Int'l Crisis Grp.*, 822 F.3d 576, 586 (D.C. Cir. 2016); *see also Kahl*, 856 F.3d at 115 ("To resolve that question, the Court considers 'the plaintiff's past conduct, the extent of press coverage, and the public reaction to his conduct or statements.'").   The determinative question is whether a defamation plaintiff "has worked to maintain his place in the spotlight," *Kahl*, 856 F.3d at 115, or "attained 'a position in the limelight' through 'purposeful action[s] of his own,'" *Jankovic*, 822 F.3d at 587.

Measured against this standard, it is clear that any behind-the-scenes work by Ambassador Burt simply has nothing to do with Plaintiffs' actions at the "forefront," in the "spotlight," or in the "limelight."   Accordingly, because the requested information is "virtually useless," *Breiterman*, 323 F.R.D. at 52, and "of no conceivable relevance in the context of the [underlying] action," *Phillips & Cohen, LLP*, 300 F.R.D. at 18, the Court should bar this line of questioning.

## II.   THE COURT SHOULD PRECLUDE DEFENDANTS FROM EXAMINING AMBASSADOR BURT REGARDING TOPICS THAT ARE UNDULY BURDENSOME.

Even assuming that portions of Defendants' proposed deposition topics that exceed the scope of Ambassador Burt's document production are relevant (and they are not), the Court still should narrow the subpoena and strike those topics because the burden imposed on Ambassador Burt, as a nonparty, far outweighs the marginal relevance of and limited need for that additional information.

To determine whether a subpoena unduly burdens a nonparty and justifies the granting of relief, "'courts generally employ a balancing test, weighing the burdensomeness to the moving party against the deponent's need for, and the relevance of, the information being sought.'" *Breiterman*, 323 F.R.D. at 53.   In addition to evaluation of the need for and probative value of the

17

information sought, factors relevant to the undue-burden inquiry include "whether the discovery is 'unreasonably cumulative or duplicative'" and "whether the discovery sought is 'obtainable from another source that is more convenient, less burdensome, or less expensive.'" *Id.* at 53–54. Courts consistently have applied these common-sense principles to quash or modify subpoenas. *See, e.g.*, *id.* at 54 (quashing subpoena for testimony and concluding that request "imposes an undue burden" because it "seeks to retread topics that have been explored at depth" with other witnesses and "there is no reason to believe that . . . the proposed testimony would add anything of benefit to the record"); *Noble Roman's, Inc. v. Hattenhauer Distrib. Co.*, 314 F.R.D. 304, 312 (S.D. Ind. 2016) (granting motion for protective order and concluding that subpoenas "fail the proportionality test under Rule 26(b)" where the requests for documents and testimony were overbroad and "constitute discovery run amok"); *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409, 411–12 (C.D. Cal. 2014) (quashing deposition subpoena and holding that requiring compliance would lead to an "undue burden" where "[t]he value of [witness's] testimony . . . appears to be low or at best unknown and the information that [defendant] seeks is obtainable . . . from [plaintiff] and its officers").

This Court should do the same here. Under the applicable balancing test, Defendants' requests for deposition testimony that fall outside the bounds of the agreed-on document production constitute an undue burden on Ambassador Burt. Requiring Ambassador Burt—a nonparty who has been affiliated with Plaintiffs and Alfa for nearly two decades—to prepare for and answer questions at a deposition covering virtually the entirety of his history with and knowledge of Plaintiffs would be highly burdensome. Indeed, "[p]reparing and sitting for a deposition is always a burden, . . . particularly for a non-party." *Amini*, 300 F.R.D. at 412. Courts thus must carefully scrutinize subpoenas to nonparties to "'safeguard'" them "'from significant

18

expense resulting from compliance.'" *Oberg*, 2010 WL 3719921, at *2; *accord, e.g.*, *Phillips & Cohen*, 300 F.R.D. at 18. Defendants themselves have repeatedly trumpeted this principle when they believed doing so worked to their advantage. (*See, e.g.*, Dkt. 78, at 16 ("Courts afford non-parties more protection than parties in discovery disputes."); Dkt. 89, at 24 ("[I]t is more difficult to obtain documents from third parties because courts afford more protection to third parties than to parties in discovery disputes."); Dkt. 102, at 24 ("[C]ourts afford greater discovery protections to non-parties in discovery disputes than the parties.").)

The severe burden that the additional deposition topics impose on Ambassador Burt far outstrips their probative value. As outlined above, *see supra* pp. 11–17, Defendants' deposition topics that exceed the scope of Ambassador Burt's document production seek information that is not relevant to this litigation. These capacious lines of questioning—which go way beyond the truth or falsity of the allegedly defamatory statements at issue and seek to cover two decades of Ambassador Burt's work and relationships—simply are "too far afield from the contested issues in this case" and, therefore, "fail the proportionality test." *Noble Roman's*, 314 F.R.D. at 312. "[T]here is," in short, "no reason to believe that . . . the proposed testimony would add anything of benefit to the record"—let alone information so valuable that it justifies imposing such an unreasonable burden on Ambassador Burt. *Breiterman*, 323 F.R.D. at 54.

Not only that, the additional deposition topics seek information that can be obtained from "some other source that is more convenient, less burdensome, or less expensive"—namely, Plaintiffs themselves. *See id.* at 53–54. Defendants already have noticed Plaintiffs' depositions. They can probe each of the Plaintiffs about the matters outside the scope of Ambassador Burt's document production such that examining Ambassador Burt about the same topics would constitute an impermissible "retread" of "topics that have been" (or will be) "explored at depth"

in other depositions.  *Id.* at 54; *accord*, *e.g.*, *Amini*, 300 F.R.D. at 412 (quashing deposition subpoena where information sought was "obtainable" from the plaintiff); *Oberg*, 2010 WL 3719921, at *3 ("[T]he Court will not require [nonparty] to produce cumulative information that is more conveniently obtained from defendants to the underlying litigation.").

Defendants' additional deposition topics raise the specter of forbidden "fishing expeditions, discovery abuse, and . . . inordinate expense involved in overbroad and far-ranging discovery requests."  *Buie*, 327 F.R.D. at 10 (citation omitted).  Indeed, "the sheer breadth of the deposition topics" strongly suggests that Defendants' "motive may not have been to obtain actual discovery, but some sort of strategic advantage."  *Amini*, 300 F.R.D. at 412.  Thus "presented with discovery that imposes a burden that outweighs its likely benefit," this Court "should exercise [its] broad discretion to narrowly tailor discovery."  *Buie*, 327 F.R.D. at 10 (citation omitted).

## **CONCLUSION**

For the foregoing reasons, the Court should grant Ambassador Burt's Motion to Modify Subpoena for Deposition Testimony or for a Protective Order.  Ambassador Burt also requests that the Court stay his deposition pending resolution of this Motion.


Dated:  October 23, 2020                              Respectfully submitted,

   /s/ Margaret E. Krawiec
Margaret E. Krawiec (DC Bar No. 490066)
Michael A. McIntosh (DC Bar No. 1012439)
SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
1440 New York Avenue NW
Washington, DC 20005
T: (202) 371-7303
F: (202) 661-9123
margaret.krawiec@skadden.com
michael.mcintosh@skadden,com

*Attorneys for Richard Burt*

21

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Memorandum of Points and Authorities in Support of Nonparty Richard Burt's Motion to Modify Subpoena for Deposition Testimony or for a Protective Order was filed electronically by the Clerk of Court on October 23, 2020, using the CM/ECF system, which will send notification of such filing to all counsel of record.

 /s/ Margaret E. Krawiec
Margaret E. Krawiec

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN,<br><br>          Plaintiffs,<br><br>v.<br><br>BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON,<br><br>          Defendants. | Civil Action No. 17-2041-RJL |

**[PROPOSED] ORDER GRANTING MOTION BY NONPARTY RICHARD BURT TO MODIFY SUBPOENA FOR DEPOSITION TESTIMONY OR FOR A PROTECTIVE ORDER**

Upon consideration of nonparty Richard Burt's Motion to Modify Subpoena for Deposition Testimony or for a Protective Order ("Motion"), it is hereby **ORDERED** that the Motion is **GRANTED**. The deposition of Richard Burt shall be limited to the following topics:

(1) The truth or falsity of the statement in CIR 112, "RUSSIA/US PRESIDENTIAL ELECTION: KREMLIN-ALPHA GROUP COOPERATION," as relates to the time period of January 1, 2016 through October 3, 2017;

(2) The truth or falsity of the statement in CIR 112, "Significant favours continued to be done in both directions, primarily political ones for PUTIN and business/legal ones for Alpha," as relates to the time period of January 1, 2016 through October 3, 2017;

(3) The truth or falsity of the statement in CIR 112, "during the 1990s GOVORUN had been Head of Government Relations at Alpha Group and in reality, the 'driver' and 'bag carrier' used by FRIDMAN and AVEN to deliver large amounts of illicit cash to the Russian president, at that time deputy Mayor of St. Petersburg," as relates to the time period of January 1, 2016 through October 3, 2017; and

(4) Communications or attempts to establish a line of communication with the Trump Campaign or Trump Transition, as relates to Plaintiffs, AO Alfa-Bank, ABH Holdings S.A., LetterOne Investment Holdings S.A., or LetterOne

Holdings S.A., and as relates to the time period of June 1, 2015 through January 20, 2017.

So ordered this _____ day of _____, 2020.

_____
The Honorable Richard J. Leon
Senior United States District Judge

# Exhibit A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| Mikhail Fridman et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | Civil Action No.  1:17-cv-02041 |
| v. | ) | |
| Bean LLC et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Richard Burt

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Cunningham Levy Muse<br>1401 K Street NW, Suite 600<br>Washington, D.C. 20005 | Date and Time:<br>12/06/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/6/19

CLERK OF COURT

OR _____

_____            _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Bean LLC and Glenn Simpson ____, who issues or requests this subpoena, are:

Joshua Levy, 1401 K Street NW, Suite 600, Washington, D.C. 20005, jal@cunninghamlevy.com, 202-261-6564

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:17-cv-02041

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   Richard Burt

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | | |
|---|---|---|
| Mikhail Fridman et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:17-cv-02041 |
| Bean LLC et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                        Richard Burt

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Subject matter of requests in Exhibit A

| Place: | Cunningham Levy Muse<br>1401 K Street NW, Suite 600<br>Washington, D.C. 20005 | Date and Time:<br>01/15/2020 9:00 am |
|---|---|---|

The deposition will be recorded by this method:   video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11|6|19

CLERK OF COURT

                                                        OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendants
Bean LLC and Glenn Simpson                              , who issues or requests this subpoena, are:

Joshua Levy, 1401 K Street NW, Suite 600, Washington, D.C. 20005, jal@cunninghamlevy.com, 202-261-6564

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:17-cv-02041

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   Richard Burt

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

Pursuant to Federal Rules of Civil Procedure 34 and 45, Defendants Bean LLC d/b/a Fusion

GPS and Glenn Simpson request that, no later than December 6, 2019, You produce the documents

specified below for inspection and copying at the address designated on the attached subpoena.

## INSTRUCTIONS

These Instructions are to be read in conjunction with the Definitions included below:

1.      If, in reviewing this subpoena and accompanying exhibit, You or your lawyer(s)

have any questions or would like to request any clarifications, please call Joshua Levy at (202)

261-6564. We may be able to resolve any concerns over the phone.

2.      Unless otherwise specified, the relevant time period covered by these requests is

January 1, 1990 through the present.

3.      The basis for any objection to all or part of a Request shall be stated in detail. If an

objection pertains only to a portion of a Request, then You are to state the objection and respond

to the remainder of the Request.

4.      All produced Documents shall be organized either to correspond to the categories

in these Requests, or as they are kept in the ordinary course of business. All Documents shall be

produced: (a) as is, in their entirety; (b) with all associated file labels, file headings, and file folders

together with the responsive Documents from each file, and each file shall be identified as to its

owner or custodian; (c) with all metadata intact, including the file name, path, and directory

information for each, and if the storage location was a file share or work group folder, that is to be

specified; (d) with all pages stapled or fastened together as they were maintained, including all

attachments currently or previously appended to each Document; (e) with all attachments currently

or previously appended to an electronic file intact; and (f) Documents that cannot be legibly copied shall be produced in original form.

5.      All electronic production shall be produced in accordance with Fed. R. Civ. P. 34(b)(2)(E).

6.      If any document is withheld on the basis of a claim of privilege, identify the nature of the privilege asserted, including the specific facts upon which You rely to establish the asserted privilege, and specify: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the author(s) of the document including their name and title or position; (e) the addressee(s) and recipient(s) of the document, including their name and title or position; and (f) the specific Request(s) to which the Document is responsive.

## DEFINITIONS

1.      "Alfa" is an umbrella term used to describe a number of entities owned or controlled by Mikhail Fridman, German Khan, and/or Petr Aven, or in which Mikhail Fridman, German Khan, and/or Petr Aven hold significant beneficial interests, directly or indirectly, individually or collectively, and any agents, attorneys, representatives, employees, or other persons or entities acting for or on behalf of such entities, or in concert with them. These entities include but are not limited to: Alfa Group, Alfa Bank, Alfa Echo, Alfa Eko, Alfa Eco, Alfa Finance, ABH Holdings S.A., ABC Holdings, Alfa Capital, Alfa Capital Markets, Alfa Asset Management, Alfa Development, Alfa Telecom International Mobile, AlfaStrakhovanie Group, Altimo, Altimo Holdings & Investments, Altimo Foundation, Amsterdam Trade Bank, ATB Holdings, A1, Crown Finance Foundation, Crown Resources, Crown Trade & Finance, CTF Holdings, IDS Borjomi International Group, Rosvodokanal Group, Vimpel Communications, Vimpelcom, Veon

2

Holdings, Veon Limited, LetterOne Holdings, LetterOne Holdings SA, L1 Energy, L1 Technology, L1 Health, L1 Investment Holdings, and X5 Retail Group, and any of their subsidiaries. For purposes of this definition, "controlled" does not require the investor to be a majority shareholder, as an investor need not own a majority of shares in a company to be considered a controlling shareholder.

As used in this subpoena, the term "Alfa" also includes any and all other entities in which You know Mikhail Fridman, German Khan, and/or Petr Aven hold an economic interest of at least 5 percent, directly or indirectly, individually or collectively, and any agents, attorneys, representatives, employees, or other persons or entities acting for or on behalf of such entities, or in concert with them.

2.      The term "document" means:

(a)      all writings of any kind and in electronic or paper form (including the original and non-identical copies, whether different from the originals by reason of any notations made on such copies or otherwise), including, without limitation, communications, correspondence, e-mail, WhatsApp messages, Slack messages, Signal messages, or other instant or text messages, social media communications, notes, invoices, statements, checks, check stubs, forms, applications, records, returns, summaries, books, diaries, intraoffice communications, telegrams, studies, analyses, reports, results of investigations, contracts, ledgers, books of account, settlement sheets, working papers, cost-sheets, estimates, telephone records, stenographer's notebooks, desk calendars, appointment books, time sheets or logs, maps, computer data, job or transaction files, daily job reports, field reports, meeting notes, papers similar to any of the foregoing, notations constituting or reflecting oral, written and electronic communications and all drafts, alterations, modifications, changes and/or amendments of any of the foregoing;

(b)      all graphic or oral records or representations of any kind including, without limitation, photographs, charts, plans, drawings, microfiche, microfilm, videotape, recordings and motion pictures; and

(c)      all electronic, mechanical or electrical records or representation, whether transcribed or not, including, without limitation, emails and any and all other forms of electronic messages, tapes, cassettes, discs, compact discs, computer diskettes and tape recordings.

3.      The term "all documents" means every document, as above defined in Paragraph 2 of these Definitions, which can be located or discovered by reasonably diligent efforts.  If more than one version or copy of a document exists and any such version or copy bears markings or notations which are not on other versions or copies of the document, each such version or copy is included within the meaning of the term "document."

4.      The term "communications" means any verbal or written transmittal of information (in the form of facts, ideas, inquiries, or otherwise) between two or more persons including, without limitation, correspondence, email communication, messages, social media messaging and chats, social media postings, encrypted app communications (*e.g.*, WhatsApp, Signal), telephone conversations, other conversations, discussions, meetings, conferences and other such activities or occurrences whereby thoughts, opinions, or data are transmitted between two or more persons.

5.      The term "concern" or "concerning" means comprising, indicating, concerning, describing, evidencing, discussing, constituting, involving, reflecting, referring to, relating to or otherwise having anything to do with the subject material of the request in any way whatsoever.

6.      The term "possession, custody, or control" includes documents You have the legal right to obtain on demand, regardless of whether the document is presently in your possession or custody.

4

7.     The term "person" means any natural person or any corporation, association or other legal or governmental entity.

8.     The term "CIR 112" means Company Intelligence Report 2016/112, dated September 14, 2016, as prepared by Christopher Steele. A copy of CIR 112 is attached hereto as Exhibit B.

9.     The term "Kremlin" means Vladimir Putin, the government of Russia, or any person or entity known or suspected by You to be acting on behalf of or in concert with them, including Russian or Ukrainian businessmen, oligarchs, agents, attorneys, employees, contractors and representatives.

10.    The term "the Litigation" means *Fridman v. Bean LLC*, Civil Case No. 1:17-cv-02041 (RJL) (D.D.C.).

11.    The term "Project A" means the effort to help establish a communications channel between Russia and the Trump Transition Team, mentioned in the report entitled, "Report on the Investigation into Russian Interference in the 2016 Presidential Election," by Special Counsel Robert S. Mueller, III, and comprising two volumes. A copy is located here: https://www.justice.gov/storage/report.pdf.

12.    The term "Special Counsel's Office" means Special Counsel Robert S. Mueller III and employees assisting him in the investigation of the Russian government's efforts to interfere in the 2016 presidential election and any links and/or coordination between the Russian government and individuals associated with the campaign of Donald J. Trump.

13.    The term "2016 Trump Campaign" means Donald J. Trump's 2016 presidential campaign and anyone or any entity known or suspected by You to be acting for or on behalf of it,

or in concert with it, including any of their agents, attorneys, employees, contractors and representatives.

14.    The term "Trump Organization" means the group of business entities for which Donald J. Trump is the sole, principal or majority owner.

15.    The term "Trump Transition Team" means Donald J. Trump's presidential transition team for 2016 through January 20, 2017, and anyone or any entity known or suspected by You to be acting for or on behalf of it, or in concert with it, including any of their agents, attorneys, employees, contractors and representatives.

16.    "You" or "Your" refers to the Person named on the attached subpoena and all persons acting or purporting to act on behalf of that Person.

17.    Use of the singular includes the plural. The use of the plural includes the singular.

18.    As used herein, the term "and" shall mean "and" as well as "or."

19.    As used herein, the term "or" shall mean "or" as well as "and."


## DOCUMENTS TO BE PRODUCED

You are required to produce the following documents within your possession, custody or control:

1.  All communications between You and (a) Mikhail Fridman; (b) Petr Aven; (c) German Khan; and/or (d) Alfa, or anyone acting on their behalf or suspected by You of acting on their behalf.

2.  To the extent not produced in response to Request No. 1, all documents concerning (a) Mikhail Fridman; (b) Petr Aven; (c) German Khan; and/or (d) Alfa, or anyone acting on their behalf or suspected by You of acting on their behalf.

3. All communications between You and the Trump Organization concerning (a) Mikhail Fridman, (b) Petr Aven, (c) German Khan, (d) Alfa; (e) the Kremlin; and/or (f) U.S.-Russian relations.

4. All communications between You and the 2016 Trump Campaign concerning (a) Mikhail Fridman, (b) Petr Aven, (c) German Khan, (d) Alfa; (e) the Kremlin; and/or (f) U.S.-Russian relations.

5. All communications between You and the Trump Transition Team concerning (a) Mikhail Fridman, (b) Petr Aven, (c) German Khan, (d) Alfa; (e) the Kremlin; and/or (f) U.S.-Russian relations.

6. All documents concerning "Project A."

7. All communications between You and the Center for the National Interest or Dimitri Simes, or anyone acting on their behalf or suspected by You of acting on their behalf.

8. All documents – other than news stories – concerning the alleged communications between a Trump Tower server and an Alfa server.

9. All documents concerning CIR 112 and its content.

10. All documents concerning the Litigation.

11. All communications between You and the Special Counsel's Office, including but not limited to its attorneys and agents.

**Exhibit B**

COMPANY INTELLIGENCE REPORT 2016/112

RUSSIA/US PRESIDENTIAL ELECTION: KREMLIN-ALPHA GROUP CO-OPERATION

Summary

- Top level Russian official confirms current closeness of Alpha Group-PUTIN relationship. Significant favours continue to be done in both directions and FRIDMAN and AVEN still giving informal advice to PUTIN, especially on the US

- Key intermediary in PUTIN-Alpha relationship identified as Oleg GOVORUN, currently Head of a Presidential Administration department but throughout the 1990s, the Alpha executive who delivered illicit cash directly to PUTIN

- PUTIN personally unbothered about Alpha's current lack of investment in Russia but under pressure from colleagues over this and able to exploit it as lever over Alpha interlocutors

Detail

1. Speaking to a trusted compatriot in mid-September 2016, a top level Russian government official commented on the history and current state of relations between President PUTIN and the Alpha Group of businesses led by oligarchs Mikhail FRIDMAN, Petr AVEN and German KHAN. The Russian government figure reported that although they had had their ups and downs, the leading figures in Alpha currently were on very good terms with PUTIN. Significant favours continued to be done in both directions, primarily political ones for PUTIN and business/legal ones for Alpha. Also, FRIDMAN and AVEN continued to give informal advice to PUTIN on foreign policy, and especially about the US where he distrusted advice being given to him by officials.

2. Although FRIDMAN recently had met directly with PUTIN in Russia, much of the dialogue and business between them was mediated through a senior Presidential Administration official, Oleg GOVORUN, who currently headed the department therein responsible for Social Co-operation With the CIS. GOVORUN was trusted by PUTIN and recently had accompanied him to Uzbekistan to pay respects at the tomb of former president KARIMOV. However according to the top level Russian government official, during the 1990s GOVORUN had been Head of Government Relations at Alpha Group and in reality, the "driver" and "bag carrier"

25

used by FRIDMAN and AVEN to deliver large amounts of illicit cash to the Russian president, at that time deputy Mayor of St Petersburg. Given that and the continuing sensitivity of the PUTIN-Alpha relationship, and need for plausible deniability, much of the contact between them was now indirect and entrusted to the relatively low profile GOVORUN.

3. The top level Russian government official described the PUTIN-Alpha relationship as both carrot and stick. Alpha held 'kompromat' on PUTIN and his corrupt business activities from the 1990s whilst although not personally overly bothered by Alpha's failure to reinvest the proceeds of its TNK oil company sale into the Russian economy since, the Russian president was able to use pressure on this count from senior Kremlin colleagues as a lever on FRIDMAN and AVEN to make them do his political bidding.

**14 September 2016**

26

# Exhibit B

**From:**      Josh Levy
**To:**        Krawiec, Margaret E (WAS)
**Subject:**   [Ext] Re: Ambassador Burt Subpoena
**Date:**      11/19/2019 7:11:00 PM
**CC:**        McIntosh, Michael A (WAS); Rideout, Patrick G (NYC)
**BCC:**

**Message:**

Margaret --

Thank you for your email.

I confirm points (i) and (ii) stated below in your email.

I look forward to speaking with you tomorrow about the subpoenas.

Best,
Josh

**Joshua A. Levy**
**Cunningham Levy Muse LLP**
1401 K Street, NW, Suite 600
Washington, DC  20005
202.261.6564 (w)
202.360.0677 (m)
jal@cunninghamlevy.com
cunninghamlevy.com

***
The information contained in this communication is confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for the use of the addressee.  It is the property of
Cunningham Levy Muse LLP.  If the reader of this message is not the intended recipient or the employee or
agent responsible for delivering this message to the intended recipient, you are hereby notified that any
dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If
you have received this communication in error, please notify us immediately by reply or by telephone at
(202) 261-6564, and immediately destroy this communication and all copies thereof, including all
attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you
that any tax advice contained in this communication (including any attachments) was not intended or
written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties
under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any
tax-related matters addressed herein.
***

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Monday, November 18, 2019 11:20 AM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G <Patrick.Rideout@skadden.com>
**Subject:** Ambassador Burt Subpoena

Josh,

Following up on our conversation Friday afternoon, we agree to accept service of the subpoena on Ambassador Burt and to waive any procedural objections.  We also confirm that Ambassador Burt will preserve all documents potentially responsive to the subpoena.  Please confirm that you agree to (i) extend the deadline for objections to the subpoena until December 4, 2019; and (ii) extend the deadline to produce documents responsive to the subpoena until January 24, 2020.

As discussed, we hope to work with you to develop an agreed-on set of search terms that will guide our process of collecting documents from Ambassador Burt.  Please note that, regardless of which search terms we use for collection purposes, all documents potentially responsive to the subpoena will be preserved.

We look forward to our call on Wednesday at 1:30 p.m.

Thank you,

Margaret

**Margaret E. Krawiec**
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W. | Washington | D.C. | 20005-2111
T: 202.371.7303 | F: 202.661.9123
margaret.krawiec@skadden.com

Skadden

-------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

2

================================================================
=========

# Exhibit C

**From:** Josh Levy
**To:** Krawiec, Margaret E (WAS)
**Subject:** [Ext] Re: Ambassador Burt Subpoena
**Date:** 12/5/2019 11:16:00 AM
**CC:** McIntosh, Michael A (WAS); Rideout, Patrick G (NYC); Rachel Clattenburg
**BCC:**

**Message:**

Margaret:

In the interest of lessening any burden on your client, please find attached a modified Exhibit A to the original subpoena ("Modified Exhibit A").  Among other things, we have extended the deadline to January 31, 2019.

In furtherance of our objective to lighten any burden on your client: If you agree to produce all non-privileged, responsive documents to Requests Nos. 1 and 2 in Modified Exhibit A and, if applicable, a privilege log by January 31, 2019, then we will hold in abeyance the other Requests in Modified Exhibit A, while preserving our right to demand those documents from your client at a later date.  The documents responsive to Requests Nos. 1 and 2 in Modified Exhibit A are relevant to the truth of the alleged defamatory statements and CIR 112.

Please advise.  Thank you.

Kind regards,
Josh

**Joshua A. Levy**
**Cunningham Levy Muse LLP**
1401 K Street, NW, Suite 600
Washington, DC  20005
202.261.6564 (w)
202.360.0677 (m)
jal@cunninghamlevy.com
cunninghamlevy.com

***
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Cunningham Levy Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6564, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
***

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Tuesday, November 26, 2019 10:14 AM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** Re: Ambassador Burt Subpoena

Thank you very much for your email, Josh. We look forward to continuing to work with you in a constructive manner. Happy holidays.

Best regards,

Margaret


On Nov 26, 2019, at 10:11 AM, Josh Levy <jal@cunninghamlevy.com> wrote:

Margaret & co:

Thank you for the productive call last week. We continue to take seriously the points you raised in it, and we are working on a modified request for your consideration.  We plan on communicating that to you next week.

In the meantime, enjoy the holiday.  As we continue to work through these matters, we will extend the date for the service of objections another week to December 11, 2019, and we will extend the date of production another week to January 31, 2019.

Kind regards,
Josh

**Joshua A. Levy**

**Cunningham Levy Muse LLP**
1401 K Street, NW, Suite 600
Washington, DC  20005
202.261.6564 (w)
202.360.0677 (m)
jal@cunninghamlevy.com
cunninghamlevy.com

\*\*\*

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Cunningham Levy Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6564, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
\*\*\*

---

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Monday, November 18, 2019 11:20 AM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G <Patrick.Rideout@skadden.com>
**Subject:** Ambassador Burt Subpoena

Josh,

Following up on our conversation Friday afternoon, we agree to accept service of the subpoena on Ambassador Burt and to waive any procedural objections.  We also confirm that Ambassador Burt will preserve all documents potentially responsive to the subpoena.  Please confirm that you agree to (i) extend the deadline for objections to the subpoena until December 4, 2019; and (ii) extend the deadline to produce documents responsive to the subpoena until January 24, 2020.

As discussed, we hope to work with you to develop an agreed-on set of search terms that will guide our process of collecting documents from Ambassador Burt. Please note that, regardless of which search terms we use for collection purposes, all documents potentially responsive to the subpoena will be preserved.

We look forward to our call on Wednesday at 1:30 p.m.

Thank you,

Margaret

**Margaret E. Krawiec**
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W. | Washington | D.C. | 20005-2111
T: 202.371.7303 | F: 202.661.9123
margaret.krawiec@skadden.com

Skadden

---------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

=========================================================
====================
---------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==================================================================================
=========

**Attachments:**
    Burt - Modified Exhibit A 12.05.2019.pdf

# Exhibit D

**Modified EXHIBIT A**

Pursuant to Federal Rules of Civil Procedure 34 and 45, Defendants Bean LLC d/b/a Fusion

GPS and Glenn Simpson request that, no later than January 31, 2019, You produce the documents

specified below for inspection and copying at the address designated on the attached subpoena.

**INSTRUCTIONS**

These Instructions are to be read in conjunction with the Definitions included below:

1.      If, in reviewing this subpoena and accompanying exhibit, You or Your lawyer(s)

have any questions or would like to request any clarifications, please call Joshua Levy at (202)

261-6564. We may be able to resolve any concerns over the phone.

2.      Unless otherwise specified, the relevant time period covered by these requests is

January 1, 1990 through the present.

3.      The basis for any objection to all or part of a Request shall be stated in detail. If an

objection pertains only to a portion of a Request, then You are to state the objection and respond

to the remainder of the Request.

4.      All produced Documents shall be organized either to correspond to the categories

in these Requests, or as they are kept in the ordinary course of business. All Documents shall be

produced: (a) as is, in their entirety; (b) with all associated file labels, file headings, and file folders

together with the responsive Documents from each file, and each file shall be identified as to its

owner or custodian; (c) with all metadata intact, including the file name, path, and directory

information for each, and if the storage location was a file share or work group folder, that is to be

specified; (d) with all pages stapled or fastened together as they were maintained, including all

attachments currently or previously appended to each Document; (e) with all attachments currently

or previously appended to an electronic file intact; and (f) Documents that cannot be legibly copied shall be produced in original form.

5.      All electronic production shall be produced in accordance with Fed. R. Civ. P. 34(b)(2)(E).

6.      If any document is withheld on the basis of a claim of privilege, identify the nature of the privilege asserted, including the specific facts upon which You rely to establish the asserted privilege, and specify: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the author(s) of the document including their name and title or position; (e) the addressee(s) and recipient(s) of the document, including their name and title or position; and (f) the specific Request(s) to which the Document is responsive.

## **DEFINITIONS**

1.      "Alfa" is an umbrella term used to describe a number of entities owned or controlled by Mikhail Fridman, German Khan, and/or Petr Aven, or in which Mikhail Fridman, German Khan, and/or Petr Aven hold significant beneficial interests, directly or indirectly, individually or collectively, and any agents, attorneys, representatives, employees, or other persons or entities acting for or on behalf of such entities, or in concert with them. These entities include but are not limited to: Alfa Group, Alfa Bank, Alfa Echo, Alfa Eko, Alfa Eco, Alfa Finance, ABH Holdings S.A., ABC Holdings, Alfa Capital, Alfa Capital Markets, Alfa Asset Management, Alfa Development, Alfa Telecom International Mobile, AlfaStrakhovanie Group, Altimo, Altimo Holdings & Investments, Altimo Foundation, Amsterdam Trade Bank, ATB Holdings, A1, Crown Finance Foundation, Crown Resources, Crown Trade & Finance, CTF Holdings, IDS Borjomi International Group, Rosvodokanal Group, Vimpel Communications, Vimpelcom, Veon

Holdings, Veon Limited, LetterOne Holdings, LetterOne Holdings SA, L1 Energy, L1 Technology, L1 Health, L1 Investment Holdings, and X5 Retail Group, and any of their subsidiaries. For purposes of this definition, "controlled" does not require the investor to be a majority shareholder, as an investor need not own a majority of shares in a company to be considered a controlling shareholder.

As used in this subpoena, the term "Alfa" also includes any and all other entities in which You know Mikhail Fridman, German Khan, and/or Petr Aven hold an economic interest of at least 5 percent, directly or indirectly, individually or collectively, and any agents, attorneys, representatives, employees, or other persons or entities acting for or on behalf of such entities, or in concert with them.

2.      The term "document" means:

(a)      all writings of any kind and in electronic or paper form (including the original and non-identical copies, whether different from the originals by reason of any notations made on such copies or otherwise), including, without limitation, communications, correspondence, e-mail, WhatsApp messages, Slack messages, Signal messages, or other instant or text messages, social media communications, notes, invoices, statements, checks, check stubs, forms, applications, records, returns, summaries, books, diaries, intraoffice communications, telegrams, studies, analyses, reports, results of investigations, contracts, ledgers, books of account, settlement sheets, working papers, cost-sheets, estimates, telephone records, stenographer's notebooks, desk calendars, appointment books, time sheets or logs, maps, computer data, job or transaction files, daily job reports, field reports, meeting notes, papers similar to any of the foregoing, notations constituting or reflecting oral, written and electronic communications and all drafts, alterations, modifications, changes and/or amendments of any of the foregoing;

(b)     all graphic or oral records or representations of any kind including, without limitation, photographs, charts, plans, drawings, microfiche, microfilm, videotape, recordings and motion pictures; and

(c)     all electronic, mechanical or electrical records or representation, whether transcribed or not, including, without limitation, emails and any and all other forms of electronic messages, tapes, cassettes, discs, compact discs, computer diskettes and tape recordings.

3.      The term "all documents" means every document, as above defined in Paragraph 2 of these Definitions, which can be located or discovered by reasonably diligent efforts.  If more than one version or copy of a document exists and any such version or copy bears markings or notations which are not on other versions or copies of the document, each such version or copy is included within the meaning of the term "document."

4.      The term "communications" means any verbal or written transmittal of information (in the form of facts, ideas, inquiries, or otherwise) between two or more persons including, without limitation, correspondence, email communication, messages, social media messaging and chats, social media postings, encrypted app communications (*e.g.*, WhatsApp, Signal), telephone conversations, other conversations, discussions, meetings, conferences and other such activities or occurrences whereby thoughts, opinions, or data are transmitted between two or more persons.

5.      The term "concern" or "concerning" means comprising, indicating, concerning, describing, evidencing, discussing, constituting, involving, reflecting, referring to, relating to or otherwise having anything to do with the subject material of the request in any way whatsoever.

6.      The term "possession, custody, or control" includes documents You have the legal right to obtain on demand, regardless of whether the document is presently in Your possession or custody.

4

7. The term "person" means any natural person or any corporation, association or other legal or governmental entity.

8. The term "CIR 112" means Company Intelligence Report 2016/112, dated September 14, 2016, as prepared by Christopher Steele. A copy of CIR 112 is attached hereto as Exhibit B.

9. The term "Kremlin" means Vladimir Putin, the government of Russia, or any person or entity known or suspected by You to be acting on behalf of or in concert with them, including Russian or Ukrainian businessmen, oligarchs, agents, attorneys, employees, contractors and representatives.

10. The term "the Litigation" means *Fridman v. Bean LLC*, Civil Case No. 1:17-cv-02041 (RJL) (D.D.C.).

11. The term "Project A" means the effort to help establish a communications channel between Russia and the Trump Transition Team, mentioned in the report entitled, "Report on the Investigation into Russian Interference in the 2016 Presidential Election," by Special Counsel Robert S. Mueller, III, and comprising two volumes. A copy is located here: https://www.justice.gov/storage/report.pdf.

12. The term "Special Counsel's Office" means Special Counsel Robert S. Mueller III and employees assisting him in the investigation of the Russian government's efforts to interfere in the 2016 presidential election and any links and/or coordination between the Russian government and individuals associated with the campaign of Donald J. Trump.

13. The term "2016 Trump Campaign" means Donald J. Trump's 2016 presidential campaign and anyone or any entity known or suspected by You to be acting for or on behalf of it,

or in concert with it, including any of their agents, attorneys, employees, contractors and representatives.

14.     The term "Trump Organization" means the group of business entities for which Donald J. Trump is the sole, principal or majority owner.

15.     The term "Trump Transition Team" means Donald J. Trump's presidential transition team for 2016 through January 20, 2017, and anyone or any entity known or suspected by You to be acting for or on behalf of it, or in concert with it, including any of their agents, attorneys, employees, contractors and representatives.

16.     "You" or "Your" refers to the Person named on the attached subpoena and all persons acting or purporting to act on behalf of that Person.

17.     Use of the singular includes the plural. The use of the plural includes the singular.

18.     As used herein, the term "and" shall mean "and" as well as "or."

19.     As used herein, the term "or" shall mean "or" as well as "and."

**<u>DOCUMENTS TO BE PRODUCED</u>**

You are required to produce the following documents within your possession, custody or control:

1.  All documents (excluding news stories), from January 1, 2015 through the present, while You have been serving as a director of LetterOne, an Alfa entity owned by Mikhail Fridman, Petr Aven, and German Khan, concerning:

    a.  The possibility of Your being nominated by Donald J. Trump to serve as the US Ambassador to Russia;

    b.  Your role organizing, arranging, or drafting, in whole or in part, Donald J. Trump's foreign policy speech at the Mayflower Hotel, on April 27, 2016;

    c.  Your meetings with anyone from the Trump Campaign or Trump Transition Team, including but not limited to the two dinners You reportedly claimed to have attended in 2016 with "former Republican foreign policy officials and Senator [Jeff] Sessions," as quoted in Stephanie Kirchgaessner, *Lobbyist for Russian interests says he attended dinners hosted by Sessions*, THE GUARDIAN (Jun. 15, 2017), https://www.theguardian.com/us-news/2017/jun/15/lobbyist-russian-interests-jeff-sessions-testimony;

    d.  The alleged communications between a Trump Tower server and an Alfa server;

    e.  Project A; and

    f.  All communications with Sam Clovis, Rick Dearborn, Lt. Gen. Joseph "Keith" Kellogg (ret.), Carter Page, George Papadopoulos, Walid Phares, Jeff Sessions, and Joseph Schmitz (individually or collectively).

2.  All documents (excluding news stories), while You have been serving as a director of LetterOne, an Alfa entity owned by Mikhail Fridman, Petr Aven, and German Khan, concerning:

    a.  Meetings that Mikhail Fridman, Petr Aven, or German Khan attended in Washington, DC, in May 2010, May 2011, or May 2012, including but not limited to their meetings with David Lipton in Washington, DC, and their May 8, 2012 meeting with John W. Robert, Alice Wells, and You, in Washington, DC.

b.   Your role advising or otherwise assisting US Senator Rand Paul, including but not limited to (a) any advice or assistance You provided to Senator Paul, or (b) knowledge on the part of Mikhail Fridman, Petr Aven, German Khan, or the Kremlin of such advice or assistance that You provided to Senator Paul.

c.   Any of the statements made in CIR 112

3.   To the extent they are not duplicative of Request No. 1 or 2, all communications, for the time period while You were a director for LetterOne, with the Kremlin concerning Mikhail Fridman, Petr Aven, German Khan, the Trump Campaign, the Trump Transition, the Trump Organization, Nord Stream II, the 2016 US presidential election, or US-Russian foreign policy.

4.   To the extent they are not duplicative of Request No. 1 or 2, all communications, during the time You were serving as a director of LetterOne, with Dimitri Simes or anyone else from the Center for National Interest (including officers, directors, employees and representatives) concerning Mikhail Fridman, Petr Aven, German Khan, the Trump Campaign, the Trump Transition, the Trump Organization, Your possibly obtaining a position in the Trump Administration, Nord Stream II, US elections, US-Russia policy, or US-Russia relations.

5.   To the extent they are not duplicative of Request No. 1 or 2, all communications, during the time You were serving as a director of LetterOne, with David Keene regarding Mikhail Fridman, Petr Aven, German Khan, the Trump Campaign, the Trump Transition, the Trump Organization, Your possibly obtaining a position in the Trump Administration, Nord Stream II, US elections, US-Russia policy, or US-Russia relations.

6.  To the extent they are not duplicative of Request No. 1 or 2, all communications, from Jan. 1, 2015 through the present, with Alfa concerning the Trump Campaign; the Trump Organization; the Trump Transition; the retention of You and/or McLarty & Associates to lobby on behalf of the New European Pipeline AG, owned by Gazprom (a Russian state entity); the possibility of Your obtaining a position in the Trump Administration; US-Russian relations; US policy on Russia; or US sanctions on Russia.

7.  To the extent they are not duplicative of Request No. 1 or 2, all communications, from Jan. 1, 2015 through the present, with Ed Verona concerning the Trump Campaign, the Trump Organization, the possibility of Your obtaining a position in the Trump Administration, US Senator Rand Paul, Mikhail Fridman, Petr Aven, or German Khan.

8.  To the extent they are not duplicative of Request No. 1 or 2, all communications between You and the Special Counsel's Office, including but not limited to its attorneys and agents.

9.  To the extent they are not duplicative of Request No. 1 or 2, all communications between You and (a) Mikhail Fridman; (b) Petr Aven; (c) German Khan; and/or (d) Alfa, or anyone acting on their behalf or suspected by You of acting on their behalf, from 2007 to the present.

10. To the extent they are not duplicative of Request No. 1 or 2, all communications with the Trump Organization from 2007 to the present.

11. To the extent they are not duplicative of Request No. 1 or 2, all communications with the Trump Campaign and the Trump Transition from Sept. 1, 2015 through Jan. 20, 2017.

# Exhibit E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

1440 NEW YORK AVENUE, N.W.

WASHINGTON, D.C.  20005-2111

TEL: (202) 371-7000

FAX: (202) 393-5760

www.skadden.com

DIRECT DIAL
(202) 371-7303
DIRECT FAX
(202) 661-9123

FIRM/AFFILIATE OFFICES

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

December 13, 2019

**VIA EMAIL**

Mr. Joshua A. Levy
Cunningham Levy Muse LLP
1401 K Street NW, Ste. 600
Washington, DC 20005

RE:     *Fridman et al. v. Bean LLC (a/k/a Fusion GPS) et al.*,
        No. 1:17-cv-02041 (RJL) (D.D.C.)

Dear Mr. Levy:

We write in response to the November 6, 2019 subpoena served on Ambassador Richard Burt in connection with the above-referenced litigation, as well as the December 5, 2019 "modified" Exhibit A to the original subpoena (collectively, "Subpoena"). As explained in detail below, compliance with the Subpoena would impose an undue burden on Ambassador Burt, a nonparty to the litigation. Among other things, the Subpoena seeks discovery that is not relevant to the litigation or proportional, that can be obtained from the parties to the litigation or other sources, that is cumulative, and that is privileged. Of particular note is that a significant number of the enumerated requests are entirely divorced from the alleged defamatory statements contained in Company Intelligence Report 112 ("CIR 112"). In this regard, the Subpoena seeks documents related to individuals, issues, and events that have nothing to do with the litigation.

Mr. Joshua A. Levy
December 13, 2019
Page 2

For these reasons and as detailed below, Ambassador Burt will not comply with the Subpoena as currently drafted. While we hope to work with you to narrow the scope of the Subpoena to address the concerns outlined below, we will not hesitate to seek relief before the court should negotiations fail to result in a mutually agreeable resolution. We are hopeful that court intervention can be avoided.

## I.     Litigation Background

Mikhail Fridman, Petr Aven, and German Khan (collectively, "Plaintiffs") initiated a defamation lawsuit against Bean LLC and Glenn Simpson (collectively, "Defendants") on October 3, 2017. Plaintiffs subsequently filed an amended complaint ("Complaint"), which is the operative complaint, on December 12, 2017.

The Complaint raises a single claim of defamation based on CIR 112, a two-page publication dated September 14, 2016. CIR 112 was one of the reports included in the compilation of political opposition research related to President Donald Trump. CIR 112 includes a heading alleging cooperation between Alfa and the Kremlin in the 2016 U.S. presidential election. Apart from the heading, CIR 112 has a narrow focus on allegations of bribery and the illicit exchange of favors between Plaintiffs and Russian President Vladimir Putin. Specifically, CIR 112 alleges that "[s]ignificant favours continued to be done in both directions" between Plaintiffs and President Putin, that Mr. Fridman and Mr. Aven had "deliver[ed] large amounts of illicit cash" to President Putin at the time that he was the deputy mayor of St. Petersburg, that Alfa "held 'kompromat'" on President Putin "and his corrupt business activities from the 1990s," and that President Putin "was able to use pressure" related to Alfa's "failure to reinvest the proceeds of its TNK oil company sale into the Russian economy . . . as a lever" on Mr. Fridman and Mr. Aven "to make them do his political bidding."

Focusing solely on CIR 112, Plaintiffs challenge six allegedly false and defamatory statements:

- Plaintiffs are "implicated in the scandalous allegations involving Russia and President Trump" (Compl. ¶ 31(a));

- Plaintiffs "'cooperated' with an alleged Kremlin campaign to interfere in the U.S. presidential election" (*id.* ¶ 31(b));

- Plaintiffs have a "highly inappropriate, and even criminal, relationship" with President Putin (*id.* ¶ 31(c));

Mr. Joshua A. Levy
December 13, 2019
Page 3

- Plaintiffs "engaged in acts of criminal bribery of Vladimir Putin . . . in the 1990s to secure favorable business treatment" when he was the deputy mayor of St. Petersburg (*id.* ¶ 31(d));

- Plaintiffs "continue to use their knowledge of past bribery of Putin as a means of criminally extorting continuing favorable treatment for their business interests from the Putin government" (*id.* ¶ 31(e)); and

- Plaintiffs "were and are required to do [President] Putin's bidding" (*id.* ¶ 32).

Thus, CIR 112 and Plaintiffs' defamation action focus narrowly on the relationship between Plaintiffs and President Putin or the Kremlin with respect to the limited matters of bribery and interference in the 2016 U.S. presidential election.

## II.    Service of the Subpoena and Negotiations to Date

On November 6, 2019, Defendants issued the Subpoena to Ambassador Burt. Exhibit A to the original subpoena requested documents related to nine separate topics, all of which were extremely broad and many of which included a number of sub-topics.    The Subpoena required Ambassador Burt to produce responsive documents by December 8, 2019 and to appear for a deposition on January 15, 2020. Under Federal Rule of Civil Procedure 45, moreover, Ambassador Burt's objections to the Subpoena were due November 20, 2019.

On November 15, 2019, we had our first substantive discussion with you regarding the Subpoena.  We expressed our position that the Subpoena as drafted was overly broad and unduly burdensome, and that we hoped to work with you to narrow the scope and avoid litigation.  During that call, we also agreed to accept service of the Subpoena, agreed to waive all technical objections, and confirmed that we would preserve all potentially responsive documents.  You agreed to extend the deadline for objections until December 4, 2019 and the date of document production until January 24, 2020.[1]

We had a follow-up call on November 20, 2019.  During that call, we had an extensive discussion regarding the propriety of the document requests in the Subpoena and arrived at tentative agreements to narrow the scope of many of the

---

[1]    During this call, we also explained the difficulties that we had encountered with collecting documents from Ambassador Burt's work email account and related work sources.  You agreed that we would develop mutually agreeable search terms to guide the collection before beginning the collection process.

Mr. Joshua A. Levy
December 13, 2019
Page 4

requests, subject to further deliberation and client approval. At the end of the call, you stated that you would work with Defendants to develop ways to circumscribe the requests in the Subpoena. In a November 26, 2019 email, you stated that you and Defendants continued to work on drafting a modified set of document requests. You also extended the deadline for objections to December 11, 2019 and the date of production to January 31, 2020.

On December 5, 2019, you emailed us a "modified" Exhibit A to the original Subpoena. We subsequently agreed to extend the deadline for objections to December 13, 2019. The "modified" document requests are anything but modified and far from narrowed. To the contrary, the revised Exhibit A is an entirely new set of document requests. And despite representations that the new requests would be more carefully tailored and would reduce the burden imposed on Ambassador Burt, the revised subpoena in fact broadens the topics and injects a host of new persons, issues, and events with no connection to the litigation.

## III.    Objections

Reserving all rights and subject to further negotiation and modification, Ambassador Burt raises the following objections to the Subpoena:

### *Instruction No. 2*

**"Unless otherwise specified, the relevant time period covered by these requests is January 1, 1990 through the present."**

Ambassador Burt objects to Instruction No. 2 as overly broad and unduly burdensome. The Instruction requests the production of responsive documents from January 1, 1990 through the present—a period of time spanning almost thirty years and before Ambassador Burt even knew Plaintiffs. Such a sweeping request conflicts with the duty of Defendants to minimize the burdens on nonparties to the litigation, such as Ambassador Burt. *See, e.g.*, *Millennium TGA, Inc. v. Comcast Cable Comms. LLC*, 286 F.R.D. 8, 11 (D.D.C. 2012) ("The text of Rule 45 makes quite clear that parties and attorneys who issue subpoenas have an affirmative duty to prevent undue burden or expense to the persons subject to the subpoena. . . . Accordingly, our circuit court has admonished district courts to be generally sensitive to the costs imposed on third parties when considering a motion to compel (or quash) pursuant to Rule 45 . . . .") (citation omitted). Furthermore, any documents from October 4, 2017 or later are irrelevant because they post-date the initiation of this lawsuit. *See, e.g.*, *Buie v. District of Columbia*, 327 F.R.D. 1, 11

Mr. Joshua A. Levy
December 13, 2019
Page 5

(D.D.C. 2018) ("Generally, discovery that is too far removed from allegations in the operative Complaint is disallowed.") (citation omitted).

***Instruction No. 4***

**"All produced Documents shall be organized either to correspond to the categories in these Requests, or as they are kept in the ordinary course of business. All Documents shall be produced: (a) as is, in their entirety; (b) with all associated file labels, file headings, and file folders together with the responsive Documents from each file, and each file shall be identified as to its owner or custodian; (c) with all metadata intact, including the file name, path, and directory information for each, and if the storage location was a file share or work group folder, that is to be specified; (d) with all pages stapled or fastened together as they were maintained, including all attachments currently or previously appended to each Document; (e) with all attachments currently or previously appended to an electronic file intact; and (f) Documents that cannot be legibly copied shall be produced in original form."**

Ambassador Burt objects to Instruction No. 4 as overly broad, unduly burdensome, and calling for the disclosure of privileged information. The Instruction requests the production of all documents "with all metadata intact, including the file name, path, and directory information for each, and if the storage location was a file share or work group folder, that is to be specified." The Instruction is not "proportional to the needs of the case" and would "impose[] a burden that outweighs its likely benefit." *Buie*, 327 F.R.D. at 6–7, 10, 11 (citation omitted).

***Instruction No. 6***

**"If any document is withheld on the basis of a claim of privilege, identify the nature of the privilege asserted, including the specific facts upon which You rely to establish the asserted privilege, and specify: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the author(s) of the document including their name and title or position; (e) the addressee(s) and recipient(s) of the document, including their name and title or position; and (f) the specific Request(s) to which the Document is responsive."**

Ambassador Burt objects to Instruction No. 6 as overly broad and unduly burdensome. Ambassador Burt expressly reserves the right to refuse to produce a privilege log when doing so would impose an undue burden, including when providing a privilege log would reveal privileged or confidential information, would not provide any relevant information, would not be proportional, or would require

Mr. Joshua A. Levy
December 13, 2019
Page 6

the identification and description of voluminous documents. *See, e.g.*, *Buie*, 327 F.R.D. at 6–7, 10, 11; *Millennium*, 286 F.R.D. at 11.

### *Definition No. 1*

**"'Alfa' is an umbrella term used to describe a number of entities owned or controlled by Mikhail Fridman, German Khan, and/or Petr Aven, or in which Mikhail Fridman, German Khan, and/or Petr Aven hold significant beneficial interests, directly or indirectly, individually or collectively, and any agents, attorneys, representatives, employees, or other persons or entities acting for or on behalf of such entities, or in concert with them. These entities include but are not limited to: Alfa Group, Alfa Bank, Alfa Echo, Alfa Eko, Alfa Eco, Alfa Finance, ABH Holdings S.A., ABC Holdings, Alfa Capital, Alfa Capital Markets, Alfa Asset Management, Alfa Development, Alfa Telecom International Mobile, AlfaStrakhovanie Group, Altimo, Altimo Holdings & Investments, Altimo Foundation, Amsterdam Trade Bank, ATB Holdings, A1, Crown Finance Foundation, Crown Resources, Crown Trade & Finance, CTF Holdings, IDS Borjomi International Group, Rosvodokanal Group, Vimpel Communications, Vimpelcom, Veon Holdings, Veon Limited, LetterOne Holdings, LetterOne Holdings SA, L1 Energy, L1 Technology, L1 Health, L1 Investment Holdings, and X5 Retail Group, and any of their subsidiaries. For purposes of this definition, 'controlled' does not require the investor to be a majority shareholder, as an investor need not own a majority of shares in a company to be considered a controlling shareholder.**

**As used in this subpoena, the term 'Alfa' also includes any and all other entities in which You know Mikhail Fridman, German Khan, and/or Petr Aven hold an economic interest of at least 5 percent, directly or indirectly, individually or collectively, and any agents, attorneys, representatives, employees, or other persons or entities acting for or on behalf of such entities, or in concert with them."**

Ambassador Burt objects to Definition No. 1 as overly broad and unduly burdensome. The Definition identifies 36 separate entities and their subsidiaries, while at the same time asserting that the list is non-exclusive. The Definition also includes all other entities in which Ambassador Burt "know[s]" that at least one of the Plaintiffs "hold[s] an economic interest of at least 5 percent, directly or indirectly, individually or collectively, and any agents, attorneys, representatives, employees, or other persons or entities acting for or on behalf of such entities, or in concert with them." Such a sweeping request conflicts with the duty of Defendants to minimize the burdens on nonparties to the litigation. *See, e.g.*, *Millennium*, 286

Mr. Joshua A. Levy
December 13, 2019
Page 7

F.R.D. at 11. The haphazard inclusion of entities also means that the document requests that incorporate this definition seek the production of documents that are not relevant or proportional. *See id.*; *accord Buie*, 327 F.R.D. at 6–7, 10. Ambassador Burt does not have control over any "Alfa" documents, nor is he authorized to waive any privileges or legal prohibitions imposed by U.S. or foreign laws with regard to any such documents.

### Definition No. 4

**"The term 'communications' means any verbal or written transmittal of information (in the form of facts, ideas, inquiries, or otherwise) between two or more persons including, without limitation, correspondence, email communication, messages, social media messaging and chats, social media postings, encrypted app communications (*e.g.*, WhatsApp, Signal), telephone conversations, other conversations, discussions, meetings, conferences and other such activities or occurrences whereby thoughts, opinions, or data are transmitted between two or more persons."**

Ambassador Burt objects to Definition No. 4 as overly broad and unduly burdensome. The expansive definition of "communications" is not "proportional to the needs of the case" and would "impose[] a burden that outweighs its likely benefit." *Buie*, 327 F.R.D. at 6–7, 10, 11 (citation omitted).

### Definition No. 6

**"The term 'possession, custody, or control' includes documents You have the legal right to obtain on demand, regardless of whether the document is presently in Your possession or custody."**

Ambassador Burt objects to Definition No. 6 as overly broad and unduly burdensome. The expansive definition of "possession, custody, or control" is not "proportional to the needs of the case" and would "impose[] a burden that outweighs its likely benefit." *Buie*, 327 F.R.D. at 6–7, 10, 11 (citation omitted). In addition, the definition of "possession, custody, or control" assumes a legal conclusion that is disputed.

### Definition No. 9

**"The term 'Kremlin' means Vladimir Putin, the government of Russia, or any person or entity known or suspected by You to be acting on behalf of or in**

Mr. Joshua A. Levy
December 13, 2019
Page 8

**concert with them, including Russian or Ukrainian businessmen, oligarchs, agents, attorneys, employees, contractors and representatives."**

Ambassador Burt objects to Definition No. 9 as overly broad and unduly burdensome. The expansive definition of "Kremlin" is not "proportional to the needs of the case" and would "impose[] a burden that outweighs its likely benefit." *Buie*, 327 F.R.D. at 6–7, 10, 11 (citation omitted).

*Definition No. 11*

**"The term 'Project A' means the effort to help establish a communications channel between Russia and the Trump Transition Team, mentioned in the report entitled 'Report on the Investigation into Russian Interference in the 2016 Presidential Election," by Special Counsel Robert S. Mueller, III, and comprising two volumes. A copy is located here: https://www.justice.gov/storage/report.pdf."**

Ambassador Burt objects to Definition No. 11 as assuming facts that are in dispute. Ambassador Burt does not agree with the characterization of a purported "effort to help establish a communications channel between Russia and the Trump Transition Team," which the Special Counsel's report allegedly "mentioned."

*Request No. 1(a)*

**"All documents (excluding news stories), from January 1, 2015 through the present, while You have been serving as a director of LetterOne, an Alfa entity owned by Mikhail Fridman, Petr Aven, and German Khan, concerning: a. The possibility of Your being nominated by Donald J. Trump to serve as the US Ambassador to Russia;"**

Ambassador Burt objects to Request No. 1(a) as overly broad, unduly burdensome, and calling for the disclosure of privileged information. The information requested does not "bear[] on" and will not "reasonably . . . lead to other matter that could bear on any party's claim or defense." *Sourgoutsis v. U.S. Capitol Police*, 323 F.R.D. 100, 107 (D.D.C. 2017) (citation omitted). Rather, the Request is an impermissibly "overbroad and far-ranging" "fishing expedition" that will "impose[] a burden that outweighs its likely benefit." *Buie*, 327 F.R.D. at 10 (citation omitted).

Specifically, the "possibility" of Ambassador Burt's "being nominated by Donald J. Trump to serve as the US Ambassador to Russia" has nothing to do with CIR 112 or the litigation. The requested discovery is not relevant and proportional. The

Mr. Joshua A. Levy
December 13, 2019
Page 9

requested documents do not involve Plaintiffs' alleged cooperation with the Russian government to interfere in the 2016 U.S. presidential election or the purportedly illicit exchange of favors between Plaintiffs and President Putin or the Kremlin. The documents are not automatically relevant simply because Ambassador Burt was serving as a director or adviser of LetterOne during some or all of this time. The Request "is too far removed from allegations in the operative Complaint" and hence impermissible. *See id.* at 11 (citation omitted).

And "[e]ven if the discovery sought" were "within the permissible scope of Rule 45 and Rule 26"—which it is not—the Request still is impermissible because of the "undue burden or expense" to nonparty Ambassador Burt. *See Millennium*, 286 F.R.D. at 11.

Ambassador Burt objects to Request No. 1(a) for the additional reason that it requests documents through the present. Any documents from October 4, 2017 or later are irrelevant because they post-date the initiation of this lawsuit. *See, e.g.*, *Buie*, 327 F.R.D. at 11.

*Request No. 1(b)*

**"All documents (excluding news stories), from January 1, 2015 through the present, while You have been serving as a director of LetterOne, an Alfa entity owned by Mikhail Fridman, Petr Aven, and German Khan, concerning: b. Your role organizing, arranging, or drafting, in whole or in part, Donald J. Trump's foreign policy speech at the Mayflower Hotel, on April 27, 2016;"**

Ambassador Burt objects to Request No. 1(b) as overly broad, unduly burdensome, and calling for the disclosure of privileged information. The Request is an impermissibly "overbroad and far-ranging" "fishing expedition" that will "impose[]" a burden that outweighs its likely benefit." *Buie*, 327 F.R.D. at 10 (citation omitted).

Specifically, Ambassador Burt's purported "role organizing, arranging, or drafting, in whole or in part, Donald J. Trump's foreign policy speech at the Mayflower Hotel, on April 27, 2016" encompasses matters having nothing to do with CIR 112 or the litigation. The requested discovery is not relevant and proportional. It is not tailored to request only documents related to Plaintiffs' alleged cooperation with the Russian government to interfere in the 2016 U.S. presidential election or the purportedly illicit exchange of favors between Plaintiffs and President Putin or the Kremlin. The documents are not automatically relevant simply because Ambassador Burt was serving as a director or adviser of LetterOne during some or all of this time. The Request "is too far removed from allegations in the operative Complaint" and hence

Mr. Joshua A. Levy
December 13, 2019
Page 10

impermissible. *See id.* at 11 (citation omitted). To the extent that "the discovery sought" is "within the permissible scope of Rule 45 and Rule 26," moreover, the Request still is impermissible because of the "undue burden or expense" to nonparty Ambassador Burt. *See Millennium*, 286 F.R.D. at 11.

Ambassador Burt objects to Request No. 1(b) for the additional reason that it requests documents through the present. Any documents from October 4, 2017 or later are irrelevant because they post-date the initiation of this lawsuit. *See, e.g.*, *Buie*, 327 F.R.D. at 11.

*Request No. 1(c)*

**"All documents (excluding news stories), from January 1, 2015 through the present, while You have been serving as a director of LetterOne, an Alfa entity owned by Mikhail Fridman, Petr Aven, and German Khan, concerning: c. Your meetings with anyone from the Trump Campaign or Trump Transition Team, including but not limited to the two dinners You reportedly claimed to have attended in 2016 with 'former Republican foreign policy officials and Senator [Jeff] Sessions,' as quoted in Stephanie Kirchgaessner,** *Lobbyist for Russian interests says he attended dinners hosted by Sessions*, **THE GUARDIAN (Jun. 15, 2017), https://www.theguardian.com/us-news/2017/jun/15/lobbyist-russian-interests-jeff-sessions-testimony;"**

Ambassador Burt objects to Request No. 1(c) as overly broad, unduly burdensome, and calling for the disclosure of privileged information. The Request is an impermissibly "overbroad and far-ranging" "fishing expedition" that will "impose[] a burden that outweighs its likely benefit." *Buie*, 327 F.R.D. at 10 (citation omitted).

Specifically, Ambassador Burt's purported "meetings with anyone from the Trump Campaign or Trump Transition Team" encompass matters having nothing to do with CIR 112 or the litigation. The requested discovery is not relevant and proportional. It is not tailored to request only documents related to Plaintiffs' alleged cooperation with the Russian government to interfere in the 2016 U.S. presidential election or the purportedly illicit exchange of favors between Plaintiffs and President Putin or the Kremlin. The documents are not automatically relevant simply because Ambassador Burt was serving as a director or adviser of LetterOne during some or all of this time. The Request "is too far removed from allegations in the operative Complaint" and hence impermissible. *See id.* at 11 (citation omitted). To the extent that "the discovery sought" is "within the permissible scope of Rule 45 and Rule 26," moreover, the Request still is impermissible because of the "undue burden or expense" to nonparty Ambassador Burt. *See Millennium*, 286 F.R.D. at 11.

Mr. Joshua A. Levy
December 13, 2019
Page 11

Ambassador Burt objects to Request No. 1(c) for the additional reason that it requests documents through the present. Any documents from October 4, 2017 or later are irrelevant because they post-date the initiation of this lawsuit. *See, e.g.*, *Buie*, 327 F.R.D. at 11.

### *Request No. 1(d)*

**"All documents (excluding news stories), from January 1, 2015 through the present, while You have been serving as a director of LetterOne, an Alfa entity owned by Mikhail Fridman, Petr Aven, and German Khan, concerning: d. The alleged communications between a Trump Tower server and an Alfa server;"**

Ambassador Burt objects to Request No. 1(d) as overly broad, unduly burdensome, and calling for the disclosure of privileged information. The request for all documents concerning "alleged communications between a Trump Tower server and an Alfa server" is not relevant and proportional. It is not tailored to request only documents related to Plaintiffs' alleged cooperation with the Russian government to interfere in the 2016 U.S. presidential election or the purportedly illicit exchange of favors between Plaintiffs and President Putin or the Kremlin. The documents are not automatically relevant simply because Ambassador Burt was serving as a director or adviser of LetterOne during some or all of this time. The Request "is too far removed from allegations in the operative Complaint" and hence impermissible. *See Buie*, 327 F.R.D. at 11 (citation omitted). To the extent that "the discovery sought" is "within the permissible scope of Rule 45 and Rule 26," the Request is impermissible because of the "undue burden or expense" to nonparty Ambassador Burt. *See Millennium*, 286 F.R.D. at 11.

Ambassador Burt objects to Request No. 1(d) for the additional reason that the discovery is obtainable from Plaintiffs. *See Buie*, 327 F.R.D. at 7 (explaining that a court "must limit the extent of discovery if," among other things, "the discovery is . . . obtainable from another source that is more convenient, less burdensome, or less expensive").

Furthermore, Ambassador Burt objects to Request No. 1(d) because it requests communications through the present. Any documents from October 4, 2017 or later are irrelevant because they post-date the initiation of this lawsuit. *See, e.g.*, *id.* at 11.

Mr. Joshua A. Levy
December 13, 2019
Page 12

*Request No. 1(e)*

**"All documents (excluding news stories), from January 1, 2015 through the present, while You have been serving as a director of LetterOne, an Alfa entity owned by Mikhail Fridman, Petr Aven, and German Khan, concerning: e. Project A;"**

Ambassador Burt objects to Request No. 1(e) as overly broad, unduly burdensome, and calling for the disclosure of privileged information. The request for all documents concerning "Project A" is not relevant and proportional. It is not tailored to request only documents related to Plaintiffs' alleged cooperation with the Russian government to interfere in the 2016 U.S. presidential election or the purportedly illicit exchange of favors between Plaintiffs and President Putin or the Kremlin. The documents are not automatically relevant simply because Ambassador Burt was serving as a director or adviser of LetterOne during some or all of this time. The Request "is too far removed from allegations in the operative Complaint" and hence impermissible. *See Buie*, 327 F.R.D. at 11 (citation omitted). To the extent that the request for all documents related to "Project A" is "within the permissible scope of Rule 45 and Rule 26," the Request is impermissible because of the "undue burden or expense" to nonparty Ambassador Burt. *See Millennium*, 286 F.R.D. at 11.

Ambassador Burt objects to Request No. 1(e) for the additional reason that the discovery is obtainable from Plaintiffs. *See Buie*, 327 F.R.D. at 7.

Furthermore, Ambassador Burt objects to Request No. 1(e) because it requests communications through the present. Any documents from October 4, 2017 or later are irrelevant because they post-date the initiation of this lawsuit. *See, e.g., id.* at 11.

*Request No. 1(f)*

**"All documents (excluding news stories), from January 1, 2015 through the present, while You have been serving as a director of LetterOne, an Alfa entity owned by Mikhail Fridman, Petr Aven, and German Khan, concerning: f. All communications with Sam Clovis, Rick Dearborn, Lt. Gen. Joseph 'Keith' Kellogg (ret.), Carter Page, George Papadopoulos, Walid Phares, Jeff Sessions, and Joseph Schmitz (individually or collectively)."**

Ambassador Burt objects to Request No. 1(f) as overly broad, unduly burdensome, and calling for the disclosure of privileged information. The Request is an impermissibly "overbroad and far-ranging" "fishing expedition" that will "impose[] a burden that outweighs its likely benefit." *Buie*, 327 F.R.D. at 10 (citation omitted).

Mr. Joshua A. Levy
December 13, 2019
Page 13

Specifically, the request for "*[a]ll* communications with Sam Clovis, Rick Dearborn, Lt. Gen. Joseph 'Keith' Kellogg (ret.), Carter Page, George Papadopoulos, Walid Phares, Jeff Sessions, and Joseph Schmitz (individually or collectively)" encompasses matters having nothing to do with CIR 112 or the litigation. The requested discovery is not relevant and proportional. It is not tailored to request only documents related to Plaintiffs' alleged cooperation with the Russian government to interfere in the 2016 U.S. presidential election or the purportedly illicit exchange of favors between Plaintiffs and President Putin or the Kremlin. The documents are not automatically relevant simply because Ambassador Burt was serving as a director or adviser of LetterOne during some or all of this time. The Request "is too far removed from allegations in the operative Complaint" and hence impermissible. *See Id.* at 11 (citation omitted). To the extent that "the discovery sought" is "within the permissible scope of Rule 45 and Rule 26," moreover, the Request still is impermissible because of the "undue burden or expense" to nonparty Ambassador Burt. *See Millennium*, 286 F.R.D. at 11.

Ambassador Burt objects to Request No. 1(f) for the additional reason that it requests communications through the present. Any documents from October 4, 2017 or later are irrelevant because they post-date the initiation of this lawsuit. *See, e.g., Buie*, 327 F.R.D. at 11.

### *Request No. 2(a)*

**"All documents (excluding news stories), while You have been serving as a director of LetterOne, an Alfa entity owned by Mikhail Fridman, Petr Aven, and German Khan, concerning: a. Meetings that Mikhail Fridman, Petr Aven, or German Khan attended in Washington, DC, in May 2010, May 2011, or May 2012, including but not limited to their meetings with David Lipton in Washington, DC, and their May 8, 2012 meeting with John W. Robert, Alice Wells, and You, in Washington, DC."**

Ambassador Burt objects to Request No. 2(a) as overly broad, unduly burdensome, and calling for the disclosure of privileged information. The Request is an impermissibly "overbroad and far-ranging" "fishing expedition" that will "impose[] a burden that outweighs its likely benefit." *Buie*, 327 F.R.D. at 10 (citation omitted).

Specifically, documents concerning purported meetings that Plaintiffs "attended in Washington, DC, in May 2010, May 2011, or May 2012" encompass matters having nothing to do with CIR 112 or the litigation. The requested discovery is not relevant and proportional. It is not tailored to request only documents related to Plaintiffs' alleged cooperation with the Russian government to interfere in the 2016 U.S.

Mr. Joshua A. Levy
December 13, 2019
Page 14

presidential election or the purportedly illicit exchange of favors between Plaintiffs and President Putin or the Kremlin. The Request "is too far removed from allegations in the operative Complaint" and hence impermissible. *See id.* at 11 (citation omitted). To the extent that "the discovery sought" is "within the permissible scope of Rule 45 and Rule 26," moreover, the Request still is impermissible because of the "undue burden or expense" to nonparty Ambassador Burt. *See Millennium*, 286 F.R.D. at 11.

Ambassador Burt objects to Request No. 2(a) for the additional reason that the discovery is obtainable from Plaintiffs. *See Buie*, 327 F.R.D. at 7.

Furthermore, Ambassador Burt objects to Request No. 2(a) because it requests documents through the present. Any documents from October 4, 2017 or later are irrelevant because they post-date the initiation of this lawsuit. *See, e.g., id.* at 11.

### Request No. 2(b)

**"All documents (excluding news stories), while You have been serving as a director of LetterOne, an Alfa entity owned by Mikhail Fridman, Petr Aven, and German Khan, concerning: b. Your role advising or otherwise assisting US Senator Rand Paul, including but not limited to (a) any advice or assistance You provided to Senator Paul, or (b) knowledge on the part of Mikhail Fridman, Petr Aven, German Khan, or the Kremlin of such advice or assistance that You provided to Senator Paul."**

Ambassador Burt objects to Request No. 2(b) as overly broad, unduly burdensome, and calling for the disclosure of privileged information. The information requested does not "bear[] on" and will not "reasonably . . . lead to other matter that could bear on any party's claim or defense." *Sourgoutsis*, 323 F.R.D. at 107 (citation omitted). Rather, the Request is an impermissibly "overbroad and far-ranging" "fishing expedition" that will "impose[] a burden that outweighs its likely benefit." *Buie*, 327 F.R.D. at 10 (citation omitted).

Specifically, Ambassador Burt's purported "role advising or otherwise assisting US Senator Rand Paul" has nothing to do with CIR 112 or the litigation. The requested discovery is not relevant and proportional. The requested documents do not involve Plaintiffs' alleged cooperation with the Russian government to interfere in the 2016 U.S. presidential election or the purportedly illicit exchange of favors between Plaintiffs and President Putin or the Kremlin. The documents are not automatically relevant simply because Ambassador Burt was serving as a director or adviser of LetterOne during some or all of this time. The Request "is too far removed from

Mr. Joshua A. Levy
December 13, 2019
Page 15

allegations in the operative Complaint" and hence impermissible. *See id.* at 11 (citation omitted).

And "[e]ven if the discovery sought" were "within the permissible scope of Rule 45 and Rule 26"—which it is not—the Request still is impermissible because of the "undue burden or expense" to nonparty Ambassador Burt. *See Millennium*, 286 F.R.D. at 11.

Ambassador Burt objects to Request No. 2(b) for the additional reason that it requests documents through the present. Any documents from October 4, 2017 or later are irrelevant because they post-date the initiation of this lawsuit. *See, e.g.*, *Buie*, 327 F.R.D. at 11.

### Request No. 2(c)

**"All documents (excluding news stories), while You have been serving as a director of LetterOne, an Alfa entity owned by Mikhail Fridman, Petr Aven, and German Khan, concerning:  c. Any of the statements made in CIR 112."**

Ambassador Burt objects to Request No. 2(c) as overly broad, unduly burdensome, and calling for the disclosure of privileged information. To the extent documents responsive to the Request are discoverable, they are subsumed within other requests in the Subpoena. Accordingly, Request No. 2(c) is impermissibly cumulative or duplicative. *See Buie*, 327 F.R.D. at 7 (explaining that a court "must limit the extent of discovery if," among other things, "the discovery is unreasonably cumulative or duplicative").

Ambassador Burt objects to Request No. 2(c) for the additional reason that responsive documents are obtainable from Plaintiffs. *See, e.g.*, *id.* at 7.

Furthermore, Ambassador Burt objects to Request No. 2(c) because it requests documents through the present. Any documents from October 4, 2017 or later are irrelevant because they post-date the initiation of this lawsuit. *See, e.g.*, *id.* at 11.

### Request No. 3

**"To the extent they are not duplicative of Request No. 1 or 2, all communications, for the time period while You were a director for LetterOne, with the Kremlin concerning Mikhail Fridman, Petr Aven, German Khan, the Trump Campaign, the Trump Transition, the Trump Organization, Nord Stream II, the 2016 US presidential election, or US-Russian foreign policy."**

Mr. Joshua A. Levy
December 13, 2019
Page 16

Ambassador Burt objects to Request No. 3 as overly broad, unduly burdensome, and calling for the disclosure of privileged information. The Request is an impermissibly "overbroad and far-ranging" "fishing expedition" that will "impose[] a burden that outweighs its likely benefit." *Buie*, 327 F.R.D. at 10 (citation omitted).

Specifically, the request for "*all* communications . . . with the Kremlin concerning [Plaintiffs], the Trump Campaign, the Trump Transition, the Trump Organization, Nord Stream II, the 2016 US presidential election, or US-Russian foreign policy" encompasses matters having nothing to do with CIR 112 or the litigation. The requested discovery is not relevant and proportional. It is not tailored to request only documents related to Plaintiffs' alleged cooperation with the Russian government to interfere in the 2016 U.S. presidential election or the purportedly illicit exchange of favors between Plaintiffs and President Putin or the Kremlin. The documents are not automatically relevant simply because Ambassador Burt was serving as a director or adviser of LetterOne during some or all of this time. The Request "is too far removed from allegations in the operative Complaint" and hence impermissible. *See id.* at 11 (citation omitted). To the extent that "the discovery sought" is "within the permissible scope of Rule 45 and Rule 26," moreover, the Request still is impermissible because of the "undue burden or expense" to nonparty Ambassador Burt. *See Millennium*, 286 F.R.D. at 11.

Ambassador Burt objects to Request No. 3 for the additional reason that it requests documents through the present. Any documents from October 4, 2017 or later are irrelevant because they post-date the initiation of this lawsuit. *See, e.g.*, *Buie*, 327 F.R.D. at 11.

***Request No. 4***

**"To the extent they are not duplicative of Request No. 1 or 2, all communications, during the time You were serving as a director of LetterOne, with Dimitri Simes or anyone else from the Center for National Interest (including officers, directors, employees and representatives) concerning Mikhail Fridman, Petr Aven, German Khan, the Trump Campaign, the Trump Transition, the Trump Organization, Your possibly obtaining a position in the Trump Administration, Nord Stream II, US elections, US-Russia policy, or US-Russia relations."**

Ambassador Burt objects to Request No. 4 as overly broad, unduly burdensome, and calling for the disclosure of privileged information. The Request is an impermissibly

Mr. Joshua A. Levy
December 13, 2019
Page 17

"overbroad and far-ranging" "fishing expedition" that will "impose[] a burden that outweighs its likely benefit." *Buie*, 327 F.R.D. at 10 (citation omitted).

Specifically, the request for "*all* communications . . . with Dimitri Simes or anyone else from the Center for National Interest . . . concerning [Plaintiffs], the Trump Campaign, the Trump Transition, the Trump Organization, Your possibly obtaining a position in the Trump Administration, Nord Stream II, US elections, US-Russia policy, or US-Russia relations" encompasses matters having nothing to do with CIR 112 or the litigation. The requested discovery is not relevant and proportional. It is not tailored to request only documents related to Plaintiffs' alleged cooperation with the Russian government to interfere in the 2016 U.S. presidential election or the purportedly illicit exchange of favors between Plaintiffs and President Putin or the Kremlin. The documents are not automatically relevant simply because Ambassador Burt was serving as a director or adviser of LetterOne during some or all of this time. The Request "is too far removed from allegations in the operative Complaint" and hence impermissible. *See id.* at 11 (citation omitted). To the extent that "the discovery sought" is "within the permissible scope of Rule 45 and Rule 26," moreover, the Request still is impermissible because of the "undue burden or expense" to nonparty Ambassador Burt. *See Millennium*, 286 F.R.D. at 11.

Ambassador Burt objects to Request No. 4 for the additional reason that it requests documents through the present. Any documents from October 4, 2017 or later are irrelevant because they post-date the initiation of this lawsuit. *See, e.g.*, *Buie*, 327 F.R.D. at 11.

### Request No. 5

**"To the extent they are not duplicative of Request No. 1 or 2, all communications, during the time You were serving as a director of LetterOne, with David Keene regarding Mikhail Fridman, Petr Aven, German Khan, the Trump Campaign, the Trump Transition, the Trump Organization, Your possibly obtaining a position in the Trump Administration, Nord Stream II, US elections, US-Russia policy, or US-Russia relations."**

Ambassador Burt objects to Request No. 5 as overly broad, unduly burdensome, and calling for the disclosure of privileged information. The Request is an impermissibly "overbroad and far-ranging" "fishing expedition" that will "impose[] a burden that outweighs its likely benefit." *Buie*, 327 F.R.D. at 10 (citation omitted).

Specifically, the request for "*all* communications . . . with David Keene regarding [Plaintiffs], the Trump Campaign, the Trump Transition, the Trump Organization,

Mr. Joshua A. Levy
December 13, 2019
Page 18

Your possibly obtaining a position in the Trump Administration, Nord Stream II, US elections, US-Russia policy, or US-Russia relations" encompasses matters having nothing to do with CIR 112 or the litigation. The requested discovery is not relevant and proportional. It is not tailored to request only documents related to Plaintiffs' alleged cooperation with the Russian government to interfere in the 2016 U.S. presidential election or the purportedly illicit exchange of favors between Plaintiffs and President Putin or the Kremlin. The documents are not automatically relevant simply because Ambassador Burt was serving as a director or adviser of LetterOne during some or all of this time. The Request "is too far removed from allegations in the operative Complaint" and hence impermissible. *See id.* at 11 (citation omitted). To the extent that "the discovery sought" is "within the permissible scope of Rule 45 and Rule 26," moreover, the Request still is impermissible because of the "undue burden or expense" to nonparty Ambassador Burt. *See Millennium*, 286 F.R.D. at 11.

Ambassador Burt objects to Request No. 5 for the additional reason that it requests documents through the present. Any documents from October 4, 2017 or later are irrelevant because they post-date the initiation of this lawsuit. *See, e.g.*, *Buie*, 327 F.R.D. at 11.

### Request No. 6

**"To the extent they are not duplicative of Request No. 1 or 2, all communications, from Jan. 1, 2015 through the present, with Alfa concerning the Trump Campaign; the Trump Organization; the Trump Transition; the retention of You and/or McLarty & Associates to lobby on behalf of the New European Pipeline AG, owned by Gazprom (a Russian state entity); the possibility of Your obtaining a position in the Trump Administration; US-Russian relations; US policy on Russia; or US sanctions on Russia."**

Ambassador Burt objects to Request No. 6 as overly broad, unduly burdensome, and calling for the disclosure of privileged information. The Request is an impermissibly "overbroad and far-ranging" "fishing expedition" that will "impose[] a burden that outweighs its likely benefit." *Buie*, 327 F.R.D. at 10 (citation omitted).

Specifically, the request for "*all* communications . . . with Alfa concerning the Trump Campaign; the Trump Organization; the Trump Transition; the retention of You and/or McLarty & Associates to lobby on behalf of the New European Pipeline AG . . . ; the possibility of Your obtaining a position in the Trump Administration; US-Russian relations; US policy on Russia; or US sanctions on Russia" encompasses matters having nothing to do with CIR 112 or the litigation. The requested discovery

Mr. Joshua A. Levy
December 13, 2019
Page 19

is not relevant and proportional. It is not tailored to request only documents related to Plaintiffs' alleged cooperation with the Russian government to interfere in the 2016 U.S. presidential election or the purportedly illicit exchange of favors between Plaintiffs and President Putin or the Kremlin. The Request "is too far removed from allegations in the operative Complaint" and hence impermissible. *See id.* at 11 (citation omitted). To the extent that "the discovery sought" is "within the permissible scope of Rule 45 and Rule 26," moreover, the Request still is impermissible because of the "undue burden or expense" to nonparty Ambassador Burt. *See Millennium*, 286 F.R.D. at 11.

Ambassador Burt objects to Request No. 6 for the additional reason that the definition of "Alfa" is overly broad, unduly burdensome, and not relevant or proportional. *See Buie*, 327 F.R.D. at 6–7, 10.

Furthermore, Ambassador Burt objects to Request No. 6 because it requests documents through the present. Any documents from October 4, 2017 or later are irrelevant because they post-date the initiation of this lawsuit. *See, e.g., id.* at 11.

### Request No. 7

**"To the extent they are not duplicative of Request No. 1 or 2, all communications, from Jan. 1, 2015 through the present, with Ed Verona concerning the Trump Campaign, the Trump Organization, the possibility of Your obtaining a position in the Trump Administration, US Senator Rand Paul, Mikhail Fridman, Petr Aven, or German Khan."**

Ambassador Burt objects to Request No. 7 as overly broad, unduly burdensome, and calling for the disclosure of privileged information. The Request is an impermissibly "overbroad and far-ranging" "fishing expedition" that will "impose[] a burden that outweighs its likely benefit." *Buie*, 327 F.R.D. at 10 (citation omitted).

Specifically, the request for "*all* communications . . . with Ed Verona concerning the Trump Campaign, the Trump Organization, the possibility of Your obtaining a position in the Trump Administration, US Senator Rand Paul, [or Plaintiffs]" encompasses matters having nothing to do with CIR 112 or the litigation. The requested discovery is not relevant and proportional. It is not tailored to request only documents related to Plaintiffs' alleged cooperation with the Russian government to interfere in the 2016 U.S. presidential election or the purportedly illicit exchange of favors between Plaintiffs and President Putin or the Kremlin. The Request "is too far removed from allegations in the operative Complaint" and hence impermissible. *See id.* at 11 (citation omitted). To the extent that "the discovery sought" is "within the

Mr. Joshua A. Levy
December 13, 2019
Page 20

permissible scope of Rule 45 and Rule 26," moreover, the Request still is impermissible because of the "undue burden or expense" to nonparty Ambassador Burt. *See Millennium*, 286 F.R.D. at 11.

Ambassador Burt objects to Request No. 7 for the additional reason that it requests documents through the present. Any documents from October 4, 2017 or later are irrelevant because they post-date the initiation of this lawsuit. *See, e.g.*, *Buie*, 327 F.R.D. at 11.

### Request No. 8

**"To the extent they are not duplicative of Request No. 1 or 2, all communications between You and the Special Counsel's Office, including but not limited to its attorneys and agents."**

Ambassador Burt objects to Request No. 8 as overly broad, unduly burdensome, and calling for the disclosure of privileged information. The Request is an impermissibly "overbroad and far-ranging" "fishing expedition" that will "impose[] a burden that outweighs its likely benefit." *Buie*, 327 F.R.D. at 10 (citation omitted).

Specifically, the request for "*all* communications between You and the Special Counsel's Office, including but not limited to its attorneys and agents" encompasses matters having nothing to do with CIR 112 or the litigation. The requested discovery is not relevant and proportional. It is not tailored to request only documents related to Plaintiffs' alleged cooperation with the Russian government to interfere in the 2016 U.S. presidential election or the purportedly illicit exchange of favors between Plaintiffs and President Putin or the Kremlin. The Request "is too far removed from allegations in the operative Complaint" and hence impermissible. *See id.* at 11 (citation omitted). To the extent that "the discovery sought" is "within the permissible scope of Rule 45 and Rule 26," moreover, the Request still is impermissible because of the "undue burden or expense" to nonparty Ambassador Burt. *See Millennium*, 286 F.R.D. at 11.

Ambassador Burt objects to Request No. 8 for the additional reason that it seeks information shielded from disclosure by Federal Rule of Criminal Procedure 6(e) and the informers' privilege. *See, e.g.*, *McKeever v. Barr*, 920 F.3d 842, 844 (D.C. Cir. 2019) (explaining that the "secrecy of grand jury proceedings . . . . safeguards vital interests in (1) preserving the willingness and candor of witnesses called before the grand jury; (2) not alerting the target of an investigation who might otherwise flee or interfere with the grand jury; and (3) preserving the rights of a suspect who might later be exonerated") (citation omitted), *pet. for cert. filed*, No. 19-307 (U.S.); *United*

Mr. Joshua A. Levy
December 13, 2019
Page 21

*States v. Bigesby*, 685 F.3d 1060, 1069 (D.C. Cir. 2012) (outlining the scope of the informers' privilege).

Furthermore, Ambassador Burt objects to Request No. 8 because it requests documents through the present. Any documents from October 4, 2017 or later are irrelevant because they post-date the initiation of this lawsuit. *See, e.g.*, *Buie*, 327 F.R.D. at 11.

### Request No. 9

**"To the extent they are not duplicative of Request No. 1 or 2, all communications between You and (a) Mikhail Fridman; (b) Petr Aven; (c) German Khan; and/or (d) Alfa, or anyone acting on their behalf or suspected by You of acting on their behalf, from 2007 to the present."**

Ambassador Burt objects to Request No. 9 as overly broad, unduly burdensome, and calling for the disclosure of privileged information. The Request is an impermissibly "overbroad and far-ranging" "fishing expedition" that will "impose[] a burden that outweighs its likely benefit." *Buie*, 327 F.R.D. at 10 (citation omitted).

Specifically, the request for "*all* communications between You and [Plaintiffs] and/or . . . Alfa, or anyone acting on their behalf or suspected by You of acting on their behalf" encompasses matters having nothing to do with CIR 112 or the litigation. The requested discovery is not relevant and proportional. It is not tailored to request only documents related to Plaintiffs' alleged cooperation with the Russian government to interfere in the 2016 U.S. presidential election or the purportedly illicit exchange of favors between Plaintiffs and President Putin or the Kremlin. The Request "is too far removed from allegations in the operative Complaint" and hence impermissible. *See id.* at 11 (citation omitted). To the extent that "the discovery sought" is "within the permissible scope of Rule 45 and Rule 26," moreover, the Request still is impermissible because of the "undue burden or expense" to nonparty Ambassador Burt. *See Millennium*, 286 F.R.D. at 11.

Ambassador Burt objects to Request No. 9 for the additional reason that the definition of "Alfa" is overly broad, unduly burdensome, and not relevant or proportional. *See Buie*, 327 F.R.D. at 6–7, 10.

Ambassador Burt also objects to Request No. 9 on the ground that the discovery is obtainable from Plaintiffs. *See id.* at 7.

Mr. Joshua A. Levy
December 13, 2019
Page 22

Furthermore, Ambassador Burt objects to Request No. 9 because it requests documents from 2007 through the present.  Such a sweeping request conflicts with the duty of Defendants to minimize the burdens on nonparties to the litigation.  *See, e.g.*, *Millennium*, 286 F.R.D. at 11.  Furthermore, any documents from October 4, 2017 or later are irrelevant because they post-date the initiation of this lawsuit.  *See, e.g.*, *Buie*, 327 F.R.D. at 11.

### *Request No. 10*

**"To the extent they are not duplicative of Request No. 1 or 2, all communications with the Trump Organization from 2007 to the present."**

Ambassador Burt objects to Request No. 10 as overly broad, unduly burdensome, and calling for the disclosure of privileged information.  The Request is an impermissibly "overbroad and far-ranging" "fishing expedition" that will "impose[] a burden that outweighs its likely benefit."  *Buie*, 327 F.R.D. at 10 (citation omitted).

Specifically, the request for "*all* communications with the Trump Organization from 2007 to the present" encompasses matters having nothing to do with CIR 112 or the litigation.  The requested discovery is not relevant and proportional.  It is not tailored to request only documents related to Plaintiffs' alleged cooperation with the Russian government to interfere in the 2016 U.S. presidential election or the purportedly illicit exchange of favors between Plaintiffs and President Putin or the Kremlin.  The Request "is too far removed from allegations in the operative Complaint" and hence impermissible.  *See id.* at 11 (citation omitted).  To the extent that "the discovery sought" is "within the permissible scope of Rule 45 and Rule 26," moreover, the Request still is impermissible because of the "undue burden or expense" to nonparty Ambassador Burt.  *See Millennium*, 286 F.R.D. at 11.

Ambassador Burt objects to Request No. 10 for the additional reason that responsive documents are obtainable from Plaintiffs.  *See Buie*, 327 F.R.D. at 7.

Furthermore, Ambassador Burt objects to Request No. 10 because it requests documents from 2007 through the present.  Such a sweeping request conflicts with the duty of Defendants to minimize the burdens on nonparties to the litigation.  *See, e.g.*, *Millennium*, 286 F.R.D. at 11.  Furthermore, any documents from October 4, 2017 or later are irrelevant because they post-date the initiation of this lawsuit.  *See, e.g.*, *Buie*, 327 F.R.D. at 11.

Mr. Joshua A. Levy
December 13, 2019
Page 23

*Request No. 11*

**"To the extent they are not duplicative of Request No. 1 or 2, all communications with the Trump Campaign and the Trump Transition from Sept. 1, 2015 through Jan. 20, 2017."**

Ambassador Burt objects to Request No. 11 as overly broad, unduly burdensome, and calling for the disclosure of privileged information. The Request is an impermissibly "overbroad and far-ranging" "fishing expedition" that will "impose[] a burden that outweighs its likely benefit." *Buie*, 327 F.R.D. at 10 (citation omitted).

Specifically, the request for "*all* communications with the Trump Campaign and the Trump Transition" encompasses matters having nothing to do with CIR 112 or the litigation. The requested discovery is not relevant and proportional. It is not tailored to request only documents related to Plaintiffs' alleged cooperation with the Russian government to interfere in the 2016 U.S. presidential election or the purportedly illicit exchange of favors between Plaintiffs and President Putin or the Kremlin. The Request "is too far removed from allegations in the operative Complaint" and hence impermissible. *See id.* at 11 (citation omitted). To the extent that "the discovery sought" is "within the permissible scope of Rule 45 and Rule 26," moreover, the Request still is impermissible because of the "undue burden or expense" to nonparty Ambassador Burt. *See Millennium*, 286 F.R.D. at 11.

\*       \*       \*

We look forward to continuing to discuss the scope of the Subpoena and hope to reach a mutually agreeable resolution. Please contact us to schedule additional discussions once you have had an opportunity to review and consider these objections.

Sincerely,

Margaret E. Krawiec

Margaret E. Krawiec

# Exhibit F

| | |
|---|---|
| **From:** | Josh Levy <jal@cunninghamlevy.com> |
| **Sent:** | Thursday, January 9, 2020 9:11 AM |
| **To:** | Krawiec, Margaret E (WAS) |
| **Cc:** | McIntosh, Michael A (WAS); Rideout, Patrick G (NYC); Rachel Clattenburg |
| **Subject:** | [Ext] Re: Ambassador Burt Subpoena |

Thank you for your note.  We agree to hold in abeyance the dates for testimony and production. Somehow, I was seated on a jury and am momentarily going back to trial. After the case concludes, I will get back to you with proposed dates and times to discuss the subpoena and the rescheduling of production deadlines and the deposition.

Kind regards,
Josh

Sent from my iPhone

> On Jan 9, 2020, at 9:03 AM, Krawiec, Margaret E <Margaret.Krawiec@skadden.com> wrote:
>
> Josh,
>
> I hope this finds you well and that you had a good holiday.  As you know, the subpoena served on Ambassador Burt currently requires him to attend a deposition on January 15, 2020 and to produce responsive documents by January 31, 2020.  As stated in the objections that we served on December 13, 2019, we hope to continue to meet and confer and to resolve this matter outside of litigation.  To that end, we ask that you agree to vacate the current deadlines and to hold the dates for the deposition and document production in abeyance pending the conclusion of the meet-and-confer process.
>
> We look forward to further discussing the scope of the subpoena at your convenience.
>
>
> Thank you,
>
> Margaret
>
>
> **From:** Krawiec, Margaret E (WAS)
> **Sent:** Friday, December 13, 2019 4:58 PM
> **To:** 'Josh Levy' <jal@cunninghamlevy.com>
> **Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rideout, Patrick G (NYC) <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
> **Subject:** RE: [Ext] Re: Ambassador Burt Subpoena
>
> Josh –
>
> As promised, attached please find our written objections.  Once you have had an opportunity to review and consider the objections, we would welcome the opportunity to further discuss the scope of the

Subpoena and hope to reach a mutually agreeable resolution. To this end, please contact us when you are ready to resume our discussions.

Have a good weekend.

Margaret

**From:** Josh Levy <jal@cunninghamlevy.com>
**Sent:** Monday, December 9, 2019 2:56 PM
**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rideout, Patrick G (NYC) <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** [Ext] Re: Ambassador Burt Subpoena

Margaret:

Extending the deadline for objections is not a problem. I am overseas and am traveling back home 12/12-13. In the interest of being available, should you want to discuss our proposal below and/or Modified Exhibit A, we can extend the deadline for objections even further to December 19, 2019. I will be free nearly any time next week, should you want to talk.

Kind regards,
Josh

**Joshua A. Levy**
**Cunningham Levy Muse LLP**
1401 K Street, NW, Suite 600
Washington, DC  20005
202.261.6564 (w)
202.360.0677 (m)
jal@cunninghamlevy.com
cunninghamlevy.com

\*\*\*
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Cunningham Levy Muse LLP. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6564, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
\*\*\*

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Monday, December 9, 2019 2:43 PM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** RE: Ambassador Burt Subpoena

Hi Josh –

Thank you for your email.  We currently are analyzing Modified Exhibit A and would be very grateful for a modest extension of the written objections deadline that we agreed upon from Wednesday, December 11th to Friday, December 13th.  Please advise at your earliest convenience.

Thank you,

Margaret

**From:** Josh Levy <jal@cunninghamlevy.com>
**Sent:** Thursday, December 5, 2019 11:16 AM
**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rideout, Patrick G (NYC) <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** [Ext] Re: Ambassador Burt Subpoena

Margaret:

In the interest of lessening any burden on your client, please find attached a modified Exhibit A to the original subpoena ("Modified Exhibit A").  Among other things, we have extended the deadline to January 31, 2019.

In furtherance of our objective to lighten any burden on your client: If you agree to produce all non-privileged, responsive documents to Requests Nos. 1 and 2 in Modified Exhibit A and, if applicable, a privilege log by January 31, 2019, then we will hold in abeyance the other Requests in Modified Exhibit A, while preserving our right to demand those documents from your client at a later date.  The documents responsive to Requests Nos. 1 and 2 in Modified Exhibit A are relevant to the truth of the alleged defamatory statements and CIR 112.

Please advise.  Thank you.

Kind regards,
Josh

**Joshua A. Levy**
**Cunningham Levy Muse LLP**
1401 K Street, NW, Suite 600
Washington, DC  20005
202.261.6564 (w)

3

202.360.0677 (m)
jal@cunninghamlevy.com
cunninghamlevy.com

***

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Cunningham Levy Muse LLP. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6564, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
***

---

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Tuesday, November 26, 2019 10:14 AM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** Re: Ambassador Burt Subpoena

Thank you very much for your email, Josh. We look forward to continuing to work with you in a constructive manner. Happy holidays.

Best regards,

Margaret


On Nov 26, 2019, at 10:11 AM, Josh Levy <jal@cunninghamlevy.com> wrote:


Margaret & co:

Thank you for the productive call last week. We continue to take seriously the points you raised in it, and we are working on a modified request for your consideration. We plan on communicating that to you next week.

In the meantime, enjoy the holiday. As we continue to work through these matters, we will extend the date for the service of objections another week to

December 11, 2019, and we will extend the date of production another week to
January 31, 2019.

Kind regards,
Josh

**Joshua A. Levy**
**Cunningham Levy Muse LLP**
1401 K Street, NW, Suite 600
Washington, DC  20005
202.261.6564 (w)
202.360.0677 (m)
jal@cunninghamlevy.com
cunninghamlevy.com

\*\*\*

The information contained in this communication is confidential, may be attorney-client
privileged, may constitute inside information, and is intended only for the use of the
addressee.  It is the property of Cunningham Levy Muse LLP.  If the reader of this message
is not the intended recipient or the employee or agent responsible for delivering this
message to the intended recipient, you are hereby notified that any dissemination,
distribution or copying of this communication is strictly prohibited and may be unlawful. If
you have received this communication in error, please notify us immediately by reply or by
telephone at (202) 261-6564, and immediately destroy this communication and all copies
thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service,
we inform you that any tax advice contained in this communication (including any
attachments) was not intended or written to be used, and cannot be used, by any taxpayer
for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code
or (2) promoting, marketing or recommending to another party any tax-related matters
addressed herein.
\*\*\*

---

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Monday, November 18, 2019 11:20 AM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G
<Patrick.Rideout@skadden.com>
**Subject:** Ambassador Burt Subpoena

Josh,

Following up on our conversation Friday afternoon, we agree to accept service of the
subpoena on Ambassador Burt and to waive any procedural objections.  We also
confirm that Ambassador Burt will preserve all documents potentially responsive to the
subpoena.  Please confirm that you agree to (i) extend the deadline for objections to the

subpoena until December 4, 2019; and (ii) extend the deadline to produce documents responsive to the subpoena until January 24, 2020.

As discussed, we hope to work with you to develop an agreed-on set of search terms that will guide our process of collecting documents from Ambassador Burt. Please note that, regardless of which search terms we use for collection purposes, all documents potentially responsive to the subpoena will be preserved.

We look forward to our call on Wednesday at 1:30 p.m.

Thank you,

Margaret

**Margaret E. Krawiec**
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W. | Washington | D.C. | 20005-2111
T: 202.371.7303 | F: 202.661.9123
**margaret.krawiec@skadden.com**

Skadden

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

======================================================================
======

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==============================================================================

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and

may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===============================================================================

-----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===============================================================================

# **Exhibit G**

| | |
|---|---|
| **From:** | Josh Levy |
| **To:** | Krawiec, Margaret E (WAS) |
| **Subject:** | [Ext] Re: Ambassador Burt Subpoena |
| **Date:** | 7/6/2020 10:03:00 AM |
| **CC:** | McIntosh, Michael A (WAS); Rideout, Patrick G (NYC); Rachel Clattenburg; Zach Blau; Scott Brooks |
| **BCC:** | |

**Message:**

Margaret --

We are following up on our subpoena to Ambassador Richard Burt for documents and testimony.  We would like to discuss the subpoena for documents at a time that works for you this week.

We would also like to schedule his deposition. If there are dates within the next seven weeks that work for Amb. Burt, please let us know, and we can share them with Plaintiffs' counsel in order to reach a mutually agreeable date for the deposition.

Thank you.

Kind regards,
Josh

**Joshua A. Levy**
Partner

**Levy** | **Firestone** | **Muse**
1401 K Street NW, Suite 600, Washington, DC 20005
T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

. . .

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Thursday, January 9, 2020 9:03 AM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G
<Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** RE: Ambassador Burt Subpoena

Josh,

I hope this finds you well and that you had a good holiday.  As you know, the subpoena served on
Ambassador Burt currently requires him to attend a deposition on January 15, 2020 and to produce
responsive documents by January 31, 2020.  As stated in the objections that we served on December 13,
2019, we hope to continue to meet and confer and to resolve this matter outside of litigation.  To that
end, we ask that you agree to vacate the current deadlines and to hold the dates for the deposition and
document production in abeyance pending the conclusion of the meet-and-confer process.

We look forward to further discussing the scope of the subpoena at your convenience.


Thank you,

Margaret


**From:** Krawiec, Margaret E (WAS)
**Sent:** Friday, December 13, 2019 4:58 PM
**To:** 'Josh Levy' <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rideout, Patrick G (NYC)
<Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** RE: [Ext] Re: Ambassador Burt Subpoena

Josh –

As promised, attached please find our written objections.  Once you have had an opportunity to review
and consider the objections, we would welcome the opportunity to further discuss the scope of the
Subpoena and hope to reach a mutually agreeable resolution.  To this end, please contact us when you
are ready to resume our discussions.

Have a good weekend.

Margaret

**From:** Josh Levy <jal@cunninghamlevy.com>
**Sent:** Monday, December 9, 2019 2:56 PM
**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>

**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rideout, Patrick G (NYC) <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** [Ext] Re: Ambassador Burt Subpoena

Margaret:

Extending the deadline for objections is not a problem.  I am overseas and am traveling back home 12/12-13.  In the interest of being available, should you want to discuss our proposal below and/or Modified Exhibit A, we can extend the deadline for objections even further to December 19, 2019. I will be free nearly any time next week, should you want to talk.

Kind regards,
Josh

**Joshua A. Levy**
**Cunningham Levy Muse LLP**
1401 K Street, NW, Suite 600
Washington, DC  20005
202.261.6564 (w)
202.360.0677 (m)
jal@cunninghamlevy.com
cunninghamlevy.com

***
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Cunningham Levy Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6564, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
***

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Monday, December 9, 2019 2:43 PM
**To:** Josh Levy <jal@cunninghamlevy.com>

3

**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G
<Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** RE: Ambassador Burt Subpoena

Hi Josh –

Thank you for your email.  We currently are analyzing Modified Exhibit A and would be very grateful for
a modest extension of the written objections deadline that we agreed upon from Wednesday,
December 11th to Friday, December 13th.  Please advise at your earliest convenience.

Thank you,

Margaret

**From:** Josh Levy <jal@cunninghamlevy.com>
**Sent:** Thursday, December 5, 2019 11:16 AM
**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rideout, Patrick G (NYC)
<Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** [Ext] Re: Ambassador Burt Subpoena

Margaret:

In the interest of lessening any burden on your client, please find attached a modified Exhibit A
to the original subpoena ("Modified Exhibit A").  Among other things, we have extended the
deadline to January 31, 2019.

In furtherance of our objective to lighten any burden on your client: If you agree to produce all
non-privileged, responsive documents to Requests Nos. 1 and 2 in Modified Exhibit A and, if
applicable, a privilege log by January 31, 2019, then we will hold in abeyance the other
Requests in Modified Exhibit A, while preserving our right to demand those documents from
your client at a later date.  The documents responsive to Requests Nos. 1 and 2 in Modified
Exhibit A are relevant to the truth of the alleged defamatory statements and CIR 112.

Please advise.  Thank you.

Kind regards,
Josh

**Joshua A. Levy**
**Cunningham Levy Muse LLP**
1401 K Street, NW, Suite 600
Washington, DC  20005
202.261.6564 (w)
202.360.0677 (m)

jal@cunninghamlevy.com
cunninghamlevy.com

\*\*\*
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Cunningham Levy Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6564, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
\*\*\*

---

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Tuesday, November 26, 2019 10:14 AM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** Re: Ambassador Burt Subpoena

Thank you very much for your email, Josh. We look forward to continuing to work with you in a constructive manner. Happy holidays.

Best regards,

Margaret

On Nov 26, 2019, at 10:11 AM, Josh Levy <jal@cunninghamlevy.com> wrote:

Margaret & co:

Thank you for the productive call last week. We continue to take seriously the points you raised in it, and we are working on a modified request for your consideration.  We plan on communicating that to you next week.

5

In the meantime, enjoy the holiday.  As we continue to work through these matters, we will extend the date for the service of objections another week to December 11, 2019, and we will extend the date of production another week to January 31, 2019.

Kind regards,
Josh

**Joshua A. Levy**
**Cunningham Levy Muse LLP**
1401 K Street, NW, Suite 600
Washington, DC  20005
202.261.6564 (w)
202.360.0677 (m)
jal@cunninghamlevy.com
cunninghamlevy.com

\*\*\*
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Cunningham Levy Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful.  If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6564, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
\*\*\*

---

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Monday, November 18, 2019 11:20 AM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G <Patrick.Rideout@skadden.com>
**Subject:** Ambassador Burt Subpoena

Josh,

Following up on our conversation Friday afternoon, we agree to accept service of the subpoena on Ambassador Burt and to waive any procedural objections.  We also confirm that Ambassador Burt will preserve all documents potentially responsive to the subpoena.  Please confirm that you agree to (i) extend the deadline for objections to the subpoena until December 4, 2019; and (ii) extend the deadline to produce documents responsive to the subpoena until January 24, 2020.

As discussed, we hope to work with you to develop an agreed-on set of search terms that will guide our process of collecting documents from Ambassador Burt.  Please note that, regardless of which search terms we use for collection purposes, all documents potentially responsive to the subpoena will be preserved.

We look forward to our call on Wednesday at 1:30 p.m.

Thank you,

Margaret


**Margaret E. Krawiec**
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W. | Washington | D.C. | 20005-2111
T: 202.371.7303 | F: 202.661.9123
**margaret.krawiec@skadden.com**

Skadden

-----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

========================================================================================
-----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or

copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================
=========
--------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================
=========
--------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================
=========

# Exhibit H

| | |
|---|---|
| **From:** | Krawiec, Margaret E (WAS) |
| **To:** | 'Josh Levy' |
| **Subject:** | RE: Ambassador Burt Subpoena |
| **Date:** | 9/28/2020 12:52:00 PM |
| **CC:** | McIntosh, Michael A (WAS); Rachel Clattenburg; Scott Brooks; Junck, Ryan D (LON); Cleminshaw, Nicole M (WAS); Kelly, Todd D (WAS); Andrew Sharp |
| **BCC:** | |

**Message:**

Josh,

Thank you for your email.  We also hope to resolve these issues without litigation.  We address each of the issues in turn below.

**I.      Document Production**

      **A.      Scope of Production**

As previously mentioned, Ambassador Burt will search for and produce documents dated from January 1, 2016 through October 3, 2017 that relate to the truth or falsity of the allegedly defamatory statements in CIR 112.

Reserving all rights, Ambassador Burt also agrees to search for and produce documents from June 1, 2015 through January 20, 2017 that reflect, describe, and/or relate to communications with, and/or attempts to establish a line of communication with, the Trump Campaign or Trump Transition, and that mention/refer/relate to Plaintiffs, AO Alfa-Bank, ABH Holdings S.A., LetterOne Investment Holdings S.A., and/or LetterOne Holdings S.A.

Ambassador Burt will not search for and produce documents that mention/refer/relate to the remainder of the definition of "Alfa" in the subpoena.  That definition incorporates a non-exclusive list of thirty-six separate entities and their subsidiaries, and it includes all other entities in which Ambassador Burt "know[s]" that at least one of the Plaintiffs "hold[s] an economic interest of at least 5 percent, directly or indirectly, individually or collectively, and any agents, attorneys, representatives, employees, or other persons or entities acting for or on behalf of such entities, or in concert with them."  This sweeping request is overly broad, unduly burdensome, and seeks the production of documents that are not relevant or proportional.

      **B.      Protective Order**

You have not responded to our proposal that Ambassador Burt's document production be conditioned on an enhanced protective order.  The current protective order in this case is inadequate, and Ambassador Burt will not produce documents without further confidentiality protections.

Ambassador Burt will produce documents subject to the following confidentiality protocol:

Ambassador Burt may designate a document as confidential if the document constitutes, reflects, or contains (i) information protected from disclosure by statute; (ii) sensitive personal information; (iii)

trade secrets; (iv) proprietary or confidential research, development, or commercial information; (iv) other business-sensitive information; or (v) other nonpublic information that Ambassador Burt believes in good faith would create a risk of harm if disclosed.  Documents designated confidential shall not be used or disclosed by Defendants or counsel for Defendants for any purposes whatsoever other than preparing for or conducting the litigation in which the documents were disclosed.

Please let us know if this standard is agreeable to Defendants.

**II.       Deposition**

Ambassador Burt will not testify about matters outside the scope of his document production.  As Defendants have recognized, nonparties bear a "reduced discovery burden."  Dkt. 102, at 24.  Ambassador Burt, as a nonparty, will testify only as to matters that are relevant to the claims and defenses in the litigation and proportional to the needs of the case.  Specifically, Ambassador Burt will provide testimony only about the following topics:

- The truth or falsity of the statement in CIR 112, "RUSSIA/US PRESIDENTIAL ELECTION:  KREMLIN-ALPHA GROUP COOPERATION," as relates to the time period of January 1, 2016 through October 3, 2017.

- The truth or falsity of the statement in CIR 112, "Significant favours continued to be done in both directions, primarily political ones for PUTIN and business/legal ones for Alpha," as relates to the time period of January 1, 2016 through October 3, 2017.

- The truth or falsity of the statement in CIR 112, "during the 1990s GOVORUN has been Head of Government Relations at Alpha Group and in reality, the 'driver' and 'bag carrier' used by FRIDMAN and AVEN to deliver large amounts of illicit cash to the Russian president, at that time deputy Mayor of St. Petersburg," as relates to the time period of January 1, 2016 through October 3, 2017.

- Communications or attempts to establish a line of communication with the Trump Campaign or Trump Transition, as relates to Plaintiffs, AO Alfa-Bank, ABH Holdings S.A., LetterOne Investment Holdings S.A., or LetterOne Holdings S.A., and as relates to the time period of June 1, 2015 through January 20, 2017.

Ambassador Burt will not testify about topics that are outside the scope of his document production or otherwise irrelevant, including "the public figure status of Plaintiffs."

Ambassador Burt also reserves the right to designate portions of the transcript of his deposition testimony as confidential, pursuant to the confidentiality protocol described above.

We can confirm that Ambassador Burt is available on November 6, 2020 for a remotely held deposition.

Thank you,

Margaret

**From:** Josh Levy <jal@levyfirestone.com>
**Sent:** Friday, September 18, 2020 10:32 AM
**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rachel Clattenburg
<rmc@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D (LON)
<Ryan.Junck@skadden.com>; Cleminshaw, Nicole M (WAS) <Nicole.Cleminshaw@skadden.com>; Kelly,
Todd D (WAS) <Todd.Kelly@skadden.com>; Andrew Sharp <eas@levyfirestone.com>
**Subject:** [Ext] Re: Ambassador Burt Subpoena

Margaret:

We write regarding Amb. Burt's deposition.

Please advise whether Amb. Burt is still available on November 6, 2020 for a remotely held
deposition.

Let us also address the points made in your email, in the hopes that Amb. Burt will comply with
a negotiated resolution of the document subpoena and sit for a deposition in this case without
litigation. Without waiver of Defendants' positions as to relevance, and reserving all of
Defendants' rights, we respond as follows to your email:

1.   Document Production –

We understand that Amb. Burt will be conducting a search for documents from Jan. 1, 2016
through October 3, 2017, concerning the substantial truth or falsity of CIR 112.

With respect to our request for "documents from June 1, 2015 through October 3, 2017,
concerning Amb. Burt's communications with individuals affiliated with, and/or his activities
related to, the Trump Campaign or Trump Transition, you state that documents relevant to the
substantial truth or falsity of the alleged defamatory statement, "Russia/US Presidential
Election: Kremlin-Alfa Group Co-Operation," must involve Plaintiffs. That makes no sense. The
statement does not mention Plaintiffs. It mentions Alfa. Your limitation would shield from
Defendants documents relevant to the substantial truth of this statement. Accordingly, this
search must also include any documents relating to Alfa, as that term is defined in the
subpoena. Furthermore, the alleged defamatory statement says nothing about being "on behalf
of or at the request of the Plaintiffs," as you propose to limit the search. Therefore, documents
responsive to this search include documents from June 1, 2015 through January 20, 2017 to the
extent that they reflect, describe and/or relate to communications with, and/or attempts to
establish a line of communication with, the Trump Campaign or Trump Transition, and that
mention/refer/relate to Plaintiffs and/or "Alfa," as that term is defined in the subpoena. We ask
that Amb. Burt conduct this search and produce any responsive documents.

In an effort to reach an accommodation with you and to ease the review and production for
Amb. Burt, we have agreed to forego the vast majority of our requests, and we can agree to the

truncated time periods for the review and production of documents that you propose. Our massive concessions belie your effort to pollute the record with inapt references to fishing expeditions.

2.    Deposition –

We will not limit the scope of Amb. Burt's deposition to the compromised scope of his document review and production. He is a central figure in this case. We are entitled to ask Amb. Burt, a LetterOne director, questions that go to either party's claims and defenses - including the substantial truth or falsity of the three alleged defamatory statements, as interpreted by both parties (not just the Plaintiffs' interpretation). This includes, but is not limited to questions about Amb. Burt's relationship with Plaintiffs and Alfa; his involvement and communications with the Trump Campaign and the Trump Transition; and his knowledge about: Plaintiffs' and Alfa's relationship with the Kremlin, any favors that Plaintiffs and/or Alfa provided to Putin and/or the Kremlin, any favors that Putin and/or the Kremlin provided to Plaintiffs and/or Alfa, and any payments to government officials by Plaintiffs and/or Alfa. Because CIR 112 is not limited to a discussion of events in 2016, but rather summarizes the "history" of these relationships, the scope of these questions will include and predate 2016. Also, the public figure status of Plaintiffs is at issue. We will want to ask Amb. Burt about that status, including but not limited to the government meetings and interviews that he has arranged for Plaintiffs to invite attention and comment, and his involvement in providing them access to channels of communication. Under DC law, evidence of public figure is not limited to publicly available media, as you have previously suggested.

Please advise. Thank you.

Josh

**Joshua A. Levy**

Partner

**Levy** | **Firestone** | **Muse**

1401 K Street NW, Suite 600, Washington, DC 20005

T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .

4

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

. . .

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Monday, July 20, 2020 12:15 PM
**To:** Josh Levy <jal@levyfirestone.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D <Todd.Kelly@skadden.com>
**Subject:** RE: Ambassador Burt Subpoena

Josh –

Thank you for your email.  We have reviewed your proposal and, subject to client confirmation as noted below, agree to conduct a reasonable search for documents from Jan. 1, 2016 through October 3, 2017, concerning the substantial truth or falsity of CIR 112.

With regard to your request that we produce "documents from June 1, 2015 through October 3, 2017, concerning Amb. Burt's communications with individuals affiliated with, and/or his activities related to, the Trump Campaign or Trump Transition," we submit that this request is too broad as drafted (indeed it is broader than your original subpoena and modified subpoena) and needs to also be tied to the truth or falsity of the relevant defamatory statements in CIR 112.    We understand that Plaintiffs are alleging the following heading to be defamatory:  "Russia/US Presidential Election:  Kremlin-Alfa Group Co-Operation (CIR 112-September 14, 2016.)."  Therefore, the relevant searches of Ambassador Burt's documents related to the Trump Campaign or Trump Transition and/or presidential election must also involve the Plaintiffs.  Any documents sought not related to the truth or falsity of the relevant statements in CIR 112 would be considered a fishing expedition for non-relevant documents from a non-party.  Subject to client confirmation as noted below, we would conduct a reasonable search for documents from June 1, 2015 through January 20, 2017 (when Trump was inaugurated as President) to

the extent that they reflect, describe and/or relate to communications and/or attempts to establish a line of communication with the Trump Campaign or Trump Transition regarding the 2016 US presidential election on behalf of or at the request of the Plaintiffs.

With regard to Ambassador Burt's deposition, we will only allow Ambassador Burt, a non-party, to sit for a deposition that is limited in a manner consistent with the limitations of the document subpoena.  If you are unwilling to agree to such limitations, we reserve our rights, including to seek a motion for protective order.  If you agree to such limitations, we can make Ambassador Burt available either November 6th or November 13th, and, as previously discussed, we reserve the right to request that the deposition be conducted via video due to concerns related to the COVID—19 pandemic.  In this regard, we very much appreciate you offering to make this accommodation.

Once we reach agreement on all of the above issues, reserving all rights, we will agree to produce any responsive, non-privileged documents (as described above) within 60 days of our reaching an agreement.

Please note that Ambassador Burt has not formally agreed to this approach but will consider it if the defendants are willing to consider it as well.   However, Ambassador Burt has agreed to the proposed November deposition dates.

Thank you,

Margaret

---

**From:** Josh Levy <jal@levyfirestone.com>
**Sent:** Friday, July 17, 2020 9:32 AM
**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D (LON) <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M (WAS) <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D (WAS) <Todd.Kelly@skadden.com>
**Subject:** [Ext] Re: Ambassador Burt Subpoena

Margaret --

Regarding the email below, in recapitulating your proposal, we want to clarify that we would agree to it with the understanding that your proposed scope includes: (a) documents from Jan. 1, 2016 through October 3, 2017, concerning substantial truth or falsity of CIR 112; and (b) documents from June 1, 2015 through October 3, 2017, concerning Amb. Burt's communications with individuals affiliated with, and/or his activities related to, the Trump Campaign or Trump Transition.

Josh

**Joshua A. Levy**

Partner


**Levy | Firestone | Muse**

1401 K Street NW, Suite 600, Washington, DC 20005

T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com


. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.


IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

. . .


**From:** Josh Levy <jal@levyfirestone.com>
**Sent:** Thursday, July 16, 2020 7:02 PM
**To:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D <Todd.Kelly@skadden.com>
**Subject:** Re: Ambassador Burt Subpoena

Margaret --

I write to follow up on our call last week.

In an effort to reduce the burden on Amb. Burt, we will agree to your proposal that you review and produce (1) Amb. Burt's documents from Jan. 1, 2016 through Oct. 3, 2017 regarding the substantial truth or falsity of CIR 112, and (2) his documents between June 1, 2015 and December 31, 2015 regarding his communications with individuals affiliated with the Trump campaign and/or his activities relating to the Trump campaign. Our agreement to this proposal on the scope of document review/production is without prejudice to, or waiver of, Defendants' positions on relevance, and is without prejudice to the scope of Amb. Burt's deposition, which we do not agree to be limited in this way. Furthermore, our agreement to this proposal on documents is conditioned on you providing us with proposed deposition dates that we can share with Plaintiffs' counsel.

We also ask for your consent that documents be produced within 30 days of our reaching an agreement on what is to be reviewed and produced.

Please advise. Thank you.

Kind regards,

Josh

**Joshua A. Levy**

Partner

**Levy** | **Firestone** | **Muse**

1401 K Street NW, Suite 600, Washington, DC 20005

T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

. . .

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Tuesday, July 7, 2020 10:38 AM
**To:** Josh Levy <jal@levyfirestone.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D <Todd.Kelly@skadden.com>
**Subject:** RE: Ambassador Burt Subpoena

Thank you, Josh.  2:00 on Thursday sounds good.  I will send a calendar invite and dial-in momentarily.

Best regards,

Margaret

**From:** Josh Levy <jal@levyfirestone.com>
**Sent:** Tuesday, July 7, 2020 10:07 AM
**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks

<sbrooks@levyfirestone.com>; Junck, Ryan D (LON) <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M (WAS) <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D (WAS) <Todd.Kelly@skadden.com>
**Subject:** [Ext] Re: Ambassador Burt Subpoena

Margaret  --

Thank you for your reply.

We are happy to speak with you on Thursday, at 2pm.

We certainly will be sensitive to the third party deponent's circumstances, in light of COVID-19, and, to that end, will work with you on a date and conditions for the deposition.

Kind regards,
Josh


**Joshua A. Levy**

Partner


**Levy** | **Firestone** | **Muse**

1401 K Street NW, Suite 600, Washington, DC 20005

T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com


. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.


IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the

purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

. . .

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Tuesday, July 7, 2020 9:20 AM
**To:** Josh Levy <jal@levyfirestone.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D <Todd.Kelly@skadden.com>
**Subject:** Re: Ambassador Burt Subpoena

Josh –

Thank you for your email.  How does Thursday afternoon look on your end – some time between 1:30 and 4:30 pm EST?  Once we land on a time, we will send a calendar invite with a dial-in.

Regarding scheduling Ambassador Burt's deposition, we believe it is most prudent to schedule his deposition after document production has been completed.  In this regard, we will not allow Ambassador Burt to sit for more than one deposition.  Moreover, Ambassador Burt is 73-years-old.  Accordingly, we hope you can respect the fact that we need to avoid taking any unnecessary and premature risks in light of COVID.  Given that discovery does not close in this matter until January 2021, we do not see the need to schedule Ambassador Burt's deposition within the next seven weeks.  You have our assurances that we will work with you on a date within the discovery window once document production has concluded and COVID-related concerns have dissipated.  We are happy to discuss this issue further on our call.

Thanks very much,

Margaret

> On Jul 6, 2020, at 10:03 AM, Josh Levy <jal@levyfirestone.com> wrote:
>
>
> Margaret --
>
> We are following up on our subpoena to Ambassador Richard Burt for documents and testimony.  We would like to discuss the subpoena for documents at a time that works for you this week.

We would also like to schedule his deposition. If there are dates within the next seven weeks that work for Amb. Burt, please let us know, and we can share them with Plaintiffs' counsel in order to reach a mutually agreeable date for the deposition.

Thank you.

Kind regards,
Josh


**Joshua A. Levy**

Partner


**Levy** | **Firestone** | **Muse**

1401 K Street NW, Suite 600, Washington, DC 20005

T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com


. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.


IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

. . .

---

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Thursday, January 9, 2020 9:03 AM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** RE: Ambassador Burt Subpoena

Josh,

I hope this finds you well and that you had a good holiday.  As you know, the subpoena served on Ambassador Burt currently requires him to attend a deposition on January 15, 2020 and to produce responsive documents by January 31, 2020.  As stated in the objections that we served on December 13, 2019, we hope to continue to meet and confer and to resolve this matter outside of litigation.  To that end, we ask that you agree to vacate the current deadlines and to hold the dates for the deposition and document production in abeyance pending the conclusion of the meet-and-confer process.

We look forward to further discussing the scope of the subpoena at your convenience.


Thank you,

Margaret

---

**From:** Krawiec, Margaret E (WAS)
**Sent:** Friday, December 13, 2019 4:58 PM
**To:** 'Josh Levy' <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rideout, Patrick G (NYC) <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** RE: [Ext] Re: Ambassador Burt Subpoena

Josh –

As promised, attached please find our written objections.  Once you have had an opportunity to review and consider the objections, we would welcome the opportunity to further discuss the scope of the Subpoena and hope to reach a mutually agreeable resolution.  To this end, please contact us when you are ready to resume our discussions.

Have a good weekend.

Margaret

---

**From:** Josh Levy <jal@cunninghamlevy.com>
**Sent:** Monday, December 9, 2019 2:56 PM
**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rideout, Patrick G (NYC) <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** [Ext] Re: Ambassador Burt Subpoena

Margaret:

Extending the deadline for objections is not a problem.  I am overseas and am traveling back home 12/12-13.  In the interest of being available, should you want to discuss our proposal below and/or Modified Exhibit A, we can extend the deadline for objections even further to December 19, 2019. I will be free nearly any time next week, should you want to talk.

Kind regards,
Josh

**Joshua A. Levy**
**Cunningham Levy Muse LLP**
1401 K Street, NW, Suite 600
Washington, DC  20005
202.261.6564 (w)
202.360.0677 (m)
jal@cunninghamlevy.com
cunninghamlevy.com

***
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Cunningham Levy Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6564, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service,

we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
\*\*\*

---

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Monday, December 9, 2019 2:43 PM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** RE: Ambassador Burt Subpoena

Hi Josh –

Thank you for your email.  We currently are analyzing Modified Exhibit A and would be very grateful for a modest extension of the written objections deadline that we agreed upon from Wednesday, December 11th to Friday, December 13th.  Please advise at your earliest convenience.

Thank you,

Margaret

---

**From:** Josh Levy <jal@cunninghamlevy.com>
**Sent:** Thursday, December 5, 2019 11:16 AM
**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rideout, Patrick G (NYC) <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** [Ext] Re: Ambassador Burt Subpoena

Margaret:

In the interest of lessening any burden on your client, please find attached a modified Exhibit A to the original subpoena ("Modified Exhibit A").  Among other things, we have extended the deadline to January 31, 2019.

In furtherance of our objective to lighten any burden on your client: If you agree to produce all non-privileged, responsive documents to Requests Nos. 1 and 2 in Modified Exhibit A and, if applicable, a privilege log by January 31, 2019, then we will hold in abeyance the other Requests in Modified Exhibit A, while preserving our right to demand those documents from your client at a later date.  The

documents responsive to Requests Nos. 1 and 2 in Modified Exhibit A are relevant to the truth of the alleged defamatory statements and CIR 112.

Please advise.  Thank you.

Kind regards,
Josh

**Joshua A. Levy**
**Cunningham Levy Muse LLP**
1401 K Street, NW, Suite 600
Washington, DC  20005
202.261.6564 (w)
202.360.0677 (m)
jal@cunninghamlevy.com
cunninghamlevy.com

***
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Cunningham Levy Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6564, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
***

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Tuesday, November 26, 2019 10:14 AM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** Re: Ambassador Burt Subpoena

Thank you very much for your email, Josh. We look forward to continuing to work with you in a constructive manner. Happy holidays.

Best regards,

Margaret


On Nov 26, 2019, at 10:11 AM, Josh Levy <jal@cunninghamlevy.com> wrote:


Margaret & co:

Thank you for the productive call last week. We continue to take seriously the points you raised in it, and we are working on a modified request for your consideration.  We plan on communicating that to you next week.

In the meantime, enjoy the holiday.  As we continue to work through these matters, we will extend the date for the service of objections another week to December 11, 2019, and we will extend the date of production another week to January 31, 2019.

Kind regards,
Josh

**Joshua A. Levy**
**Cunningham Levy Muse LLP**
1401 K Street, NW, Suite 600
Washington, DC  20005
202.261.6564 (w)
202.360.0677 (m)
jal@cunninghamlevy.com
cunninghamlevy.com

***
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Cunningham Levy Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication

in error, please notify us immediately by reply or by telephone at (202) 261-6564, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
***

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Monday, November 18, 2019 11:20 AM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G <Patrick.Rideout@skadden.com>
**Subject:** Ambassador Burt Subpoena

Josh,

Following up on our conversation Friday afternoon, we agree to accept service of the subpoena on Ambassador Burt and to waive any procedural objections.  We also confirm that Ambassador Burt will preserve all documents potentially responsive to the subpoena.  Please confirm that you agree to (i) extend the deadline for objections to the subpoena until December 4, 2019; and (ii) extend the deadline to produce documents responsive to the subpoena until January 24, 2020.

As discussed, we hope to work with you to develop an agreed-on set of search terms that will guide our process of collecting documents from Ambassador Burt.  Please note that, regardless of which search terms we use for collection purposes, all documents potentially responsive to the subpoena will be preserved.

We look forward to our call on Wednesday at 1:30 p.m.

Thank you,

Margaret


**Margaret E. Krawiec**
Skadden, Arps, Slate, Meagher & Flom LLP

18

1440 New York Avenue, N.W. | Washington | D.C. | 20005-2111
T: 202.371.7303 | F: 202.661.9123
margaret.krawiec@skadden.com

Skadden

------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===============================================
===============================

------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==================================================================
=====================

------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

19

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==============================================================
=====================

----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==============================================================
=====================

----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

====================================================================
==========

----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

```
====================================================================
=========
```

```
---------------------------------------------------------------------------
```
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

```
====================================================================
=========
```

# Exhibit I

| | |
|---|---|
| **From:** | Josh Levy |
| **To:** | Krawiec, Margaret E (WAS) |
| **Subject:** | [Ext] Re: Ambassador Burt Subpoena |
| **Date:** | 9/30/2020 3:26:00 PM |
| **CC:** | McIntosh, Michael A (WAS); Rachel Clattenburg; Scott Brooks; Junck, Ryan D (LON); Cleminshaw, Nicole M (WAS); Kelly, Todd D (WAS); Andrew Sharp |
| **BCC:** | |

**Message:**

Margaret --

Thank you for your email.

1. Please produce the documents, as agreed below, within 30 days. Defendants agree to the scope of document production for the purpose of avoiding litigation, but this agreement is without waiver of any of Defendants' positions, including but not limited to their position on relevance.
2. Defendants agree not to use Amb. Burt's documents marked "CONFIDENTIAL" outside of the litigation and to treat them as confidential, but reserve the right to challenge that designation in this case should Defendants seek to use any of those documents in a court filing or proceeding in this case.
3. We disagree with your proposed scope of the deposition. We are entitled to question Amb. Burt about the substantial truth or falsity of the alleged defamatory statements, based on either party's view of what is relevant to that issue, which includes events in 2015-2016, as well as events outside of that time-period. We are also entitled to question Amb. Burt about factors relevant to the plaintiffs' public figure status, and that inquiry is not time limited. Unless otherwise directed by the Court, Amb. Burt should be prepared to answer questions within that scope.

Josh

**Joshua A. Levy**
Partner

**Levy | Firestone | Muse**
1401 K Street NW, Suite 600, Washington, DC 20005
T 202-261-6564 • C 202-360-0677 • F 202-595-8253 • levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the

intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
. . .

---

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Monday, September 28, 2020 12:51 PM
**To:** Josh Levy <jal@levyfirestone.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D <Todd.Kelly@skadden.com>; Andrew Sharp <eas@levyfirestone.com>
**Subject:** RE: Ambassador Burt Subpoena

Josh,

Thank you for your email.  We also hope to resolve these issues without litigation.  We address each of the issues in turn below.

I.      **Document Production**

   A.      **Scope of Production**

As previously mentioned, Ambassador Burt will search for and produce documents dated from January 1, 2016 through October 3, 2017 that relate to the truth or falsity of the allegedly defamatory statements in CIR 112.

Reserving all rights, Ambassador Burt also agrees to search for and produce documents from June 1, 2015 through January 20, 2017 that reflect, describe, and/or relate to communications with, and/or attempts to establish a line of communication with, the Trump Campaign or Trump Transition, and that mention/refer/relate to Plaintiffs, AO Alfa-Bank, ABH Holdings S.A., LetterOne Investment Holdings S.A., and/or LetterOne Holdings S.A.

Ambassador Burt will not search for and produce documents that mention/refer/relate to the remainder of the definition of "Alfa" in the subpoena.  That definition incorporates a non-exclusive list of thirty-six separate entities and their subsidiaries, and it includes all other entities in which Ambassador Burt "know[s]" that at least one of the Plaintiffs "hold[s] an economic interest of at least 5 percent, directly or indirectly, individually or collectively, and any agents, attorneys, representatives, employees, or other persons or entities acting for or on behalf of such entities, or in concert with

2

them."  This sweeping request is overly broad, unduly burdensome, and seeks the production of documents that are not relevant or proportional.

      **B.**     **Protective Order**

You have not responded to our proposal that Ambassador Burt's document production be conditioned on an enhanced protective order.  The current protective order in this case is inadequate, and Ambassador Burt will not produce documents without further confidentiality protections.

Ambassador Burt will produce documents subject to the following confidentiality protocol:

Ambassador Burt may designate a document as confidential if the document constitutes, reflects, or contains (i) information protected from disclosure by statute; (ii) sensitive personal information; (iii) trade secrets; (iv) proprietary or confidential research, development, or commercial information; (iv) other business-sensitive information; or (v) other nonpublic information that Ambassador Burt believes in good faith would create a risk of harm if disclosed.  Documents designated confidential shall not be used or disclosed by Defendants or counsel for Defendants for any purposes whatsoever other than preparing for or conducting the litigation in which the documents were disclosed.

Please let us know if this standard is agreeable to Defendants.

**II.**     **Deposition**

Ambassador Burt will not testify about matters outside the scope of his document production.  As Defendants have recognized, nonparties bear a "reduced discovery burden."  Dkt. 102, at 24.  Ambassador Burt, as a nonparty, will testify only as to matters that are relevant to the claims and defenses in the litigation and proportional to the needs of the case.  Specifically, Ambassador Burt will provide testimony only about the following topics:

- The truth or falsity of the statement in CIR 112, "RUSSIA/US PRESIDENTIAL ELECTION:  KREMLIN-ALPHA GROUP COOPERATION," as relates to the time period of January 1, 2016 through October 3, 2017.

- The truth or falsity of the statement in CIR 112, "Significant favours continued to be done in both directions, primarily political ones for PUTIN and business/legal ones for Alpha," as relates to the time period of January 1, 2016 through October 3, 2017.

- The truth or falsity of the statement in CIR 112, "during the 1990s GOVORUN has been Head of Government Relations at Alpha Group and in reality, the 'driver' and 'bag carrier' used by FRIDMAN and AVEN to deliver large amounts of illicit cash to the Russian president, at that time deputy Mayor of St. Petersburg," as relates to the time period of January 1, 2016 through October 3, 2017.

- Communications or attempts to establish a line of communication with the Trump Campaign or Trump Transition, as relates to Plaintiffs, AO Alfa-Bank, ABH Holdings S.A., LetterOne Investment Holdings S.A., or LetterOne Holdings S.A., and as relates to the time period of June 1, 2015 through January 20, 2017.

Ambassador Burt will not testify about topics that are outside the scope of his document production or otherwise irrelevant, including "the public figure status of Plaintiffs."

Ambassador Burt also reserves the right to designate portions of the transcript of his deposition testimony as confidential, pursuant to the confidentiality protocol described above.

We can confirm that Ambassador Burt is available on November 6, 2020 for a remotely held deposition.

Thank you,

Margaret

---

**From:** Josh Levy <jal@levyfirestone.com>
**Sent:** Friday, September 18, 2020 10:32 AM
**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D (LON) <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M (WAS) <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D (WAS) <Todd.Kelly@skadden.com>; Andrew Sharp <eas@levyfirestone.com>
**Subject:** [Ext] Re: Ambassador Burt Subpoena

Margaret:

We write regarding Amb. Burt's deposition.

Please advise whether Amb. Burt is still available on November 6, 2020 for a remotely held deposition.

Let us also address the points made in your email, in the hopes that Amb. Burt will comply with a negotiated resolution of the document subpoena and sit for a deposition in this case without litigation. Without waiver of Defendants' positions as to relevance, and reserving all of Defendants' rights, we respond as follows to your email:

1.   Document Production –

We understand that Amb. Burt will be conducting a search for documents from Jan. 1, 2016 through October 3, 2017, concerning the substantial truth or falsity of CIR 112.

With respect to our request for "documents from June 1, 2015 through October 3, 2017, concerning Amb. Burt's communications with individuals affiliated with, and/or his activities related to, the Trump Campaign or Trump Transition, you state that documents relevant to the substantial truth or falsity of the alleged defamatory statement, "Russia/US Presidential Election: Kremlin-Alfa Group Co-Operation," must involve Plaintiffs. That makes no sense. The statement does not mention Plaintiffs. It mentions Alfa. Your limitation would shield from

4

Defendants documents relevant to the substantial truth of this statement. Accordingly, this search must also include any documents relating to Alfa, as that term is defined in the subpoena. Furthermore, the alleged defamatory statement says nothing about being "on behalf of or at the request of the Plaintiffs," as you propose to limit the search. Therefore, documents responsive to this search include documents from June 1, 2015 through January 20, 2017 to the extent that they reflect, describe and/or relate to communications with, and/or attempts to establish a line of communication with, the Trump Campaign or Trump Transition, and that mention/refer/relate to Plaintiffs and/or "Alfa," as that term is defined in the subpoena. We ask that Amb. Burt conduct this search and produce any responsive documents.

In an effort to reach an accommodation with you and to ease the review and production for Amb. Burt, we have agreed to forego the vast majority of our requests, and we can agree to the truncated time periods for the review and production of documents that you propose. Our massive concessions belie your effort to pollute the record with inapt references to fishing expeditions.

   2.   Deposition –

We will not limit the scope of Amb. Burt's deposition to the compromised scope of his document review and production. He is a central figure in this case. We are entitled to ask Amb. Burt, a LetterOne director, questions that go to either party's claims and defenses - including the substantial truth or falsity of the three alleged defamatory statements, as interpreted by both parties (not just the Plaintiffs' interpretation). This includes, but is not limited to questions about Amb. Burt's relationship with Plaintiffs and Alfa; his involvement and communications with the Trump Campaign and the Trump Transition; and his knowledge about: Plaintiffs' and Alfa's relationship with the Kremlin, any favors that Plaintiffs and/or Alfa provided to Putin and/or the Kremlin, any favors that Putin and/or the Kremlin provided to Plaintiffs and/or Alfa, and any payments to government officials by Plaintiffs and/or Alfa. Because CIR 112 is not limited to a discussion of events in 2016, but rather summarizes the "history" of these relationships, the scope of these questions will include and predate 2016. Also, the public figure status of Plaintiffs is at issue. We will want to ask Amb. Burt about that status, including but not limited to the government meetings and interviews that he has arranged for Plaintiffs to invite attention and comment, and his involvement in providing them access to channels of communication. Under DC law, evidence of public figure is not limited to publicly available media, as you have previously suggested.

Please advise. Thank you.

Josh

**Joshua A. Levy**
Partner

**Levy** | **Firestone** | **Muse**

1401 K Street NW, Suite 600, Washington, DC 20005
T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

. . .

---

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Monday, July 20, 2020 12:15 PM
**To:** Josh Levy <jal@levyfirestone.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D <Todd.Kelly@skadden.com>
**Subject:** RE: Ambassador Burt Subpoena

Josh –

Thank you for your email.  We have reviewed your proposal and, subject to client confirmation as noted below, agree to conduct a reasonable search for documents from Jan. 1, 2016 through October 3, 2017, concerning the substantial truth or falsity of CIR 112.

With regard to your request that we produce "documents from June 1, 2015 through October 3, 2017, concerning Amb. Burt's communications with individuals affiliated with, and/or his activities related to, the Trump Campaign or Trump Transition," we submit that this request is too broad as drafted (indeed it is broader than your original subpoena and modified subpoena) and needs to also be tied to the truth or falsity of the relevant defamatory statements in CIR 112.    We understand that Plaintiffs are alleging the following heading to be defamatory:  "Russia/US Presidential Election:  Kremlin-Alfa Group Co-Operation (CIR 112-September 14, 2016.)."  Therefore, the relevant searches of Ambassador Burt's documents related to the Trump Campaign or Trump Transition and/or presidential election must also involve the Plaintiffs.  Any documents sought not related to the truth or falsity of the relevant statements in CIR 112 would be considered a fishing expedition for non-relevant documents from a non-party.  Subject to client confirmation as noted below, we would conduct a reasonable search for documents from June 1, 2015 through January 20, 2017 (when Trump was inaugurated as President) to the extent that they reflect, describe and/or relate to communications and/or attempts to establish a

6

line of communication with the Trump Campaign or Trump Transition regarding the 2016 US
presidential election on behalf of or at the request of the Plaintiffs.

With regard to Ambassador Burt's deposition, we will only allow Ambassador Burt, a non-party, to sit for
a deposition that is limited in a manner consistent with the limitations of the document subpoena.  If
you are unwilling to agree to such limitations, we reserve our rights, including to seek a motion
for protective order.  If you agree to such limitations, we can make Ambassador Burt available either
November 6th or November 13th, and, as previously discussed, we reserve the right to request that the
deposition be conducted via video due to concerns related to the COVID—19 pandemic.  In this regard,
we very much appreciate you offering to make this accommodation.

Once we reach agreement on all of the above issues, reserving all rights, we will agree to produce any
responsive, non-privileged documents (as described above) within 60 days of our reaching an
agreement.

Please note that Ambassador Burt has not formally agreed to this approach but will consider it if the
defendants are willing to consider it as well.   However, Ambassador Burt has agreed to the proposed
November deposition dates.

Thank you,

Margaret

---

**From:** Josh Levy <jal@levyfirestone.com>
**Sent:** Friday, July 17, 2020 9:32 AM
**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rachel Clattenburg
<rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks
<sbrooks@levyfirestone.com>; Junck, Ryan D (LON) <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M
(WAS) <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D (WAS) <Todd.Kelly@skadden.com>
**Subject:** [Ext] Re: Ambassador Burt Subpoena

Margaret --

Regarding the email below, in recapitulating your proposal, we want to clarify
that we would agree to it with the understanding that your proposed scope
includes: (a) documents from Jan. 1, 2016 through October 3, 2017, concerning
substantial truth or falsity of CIR 112; and (b) documents from June 1, 2015
through October 3, 2017, concerning Amb. Burt's communications with
individuals affiliated with, and/or his activities related to, the Trump Campaign
or Trump Transition.

Josh

**Joshua A. Levy**

7

Partner

**Levy** | **Firestone** | **Muse**

1401 K Street NW, Suite 600, Washington, DC 20005
T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

. . .

**From:** Josh Levy <jal@levyfirestone.com>
**Sent:** Thursday, July 16, 2020 7:02 PM
**To:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D <Todd.Kelly@skadden.com>
**Subject:** Re: Ambassador Burt Subpoena

Margaret --

I write to follow up on our call last week.

In an effort to reduce the burden on Amb. Burt, we will agree to your proposal that you review and produce (1) Amb. Burt's documents from Jan. 1, 2016 through Oct. 3, 2017 regarding the substantial truth or falsity of CIR 112, and (2) his documents between June 1, 2015 and December 31, 2015 regarding his communications with individuals affiliated with the Trump campaign and/or his activities relating to the Trump campaign. Our agreement to this proposal on the scope of document review/production is without prejudice to, or waiver of, Defendants' positions on relevance, and is without prejudice to the scope of Amb. Burt's deposition, which we do not agree to be limited in this way. Furthermore, our agreement to this proposal on documents is conditioned on you providing us with proposed deposition dates that we can share with Plaintiffs' counsel.

We also ask for your consent that documents be produced within 30 days of our reaching an agreement on what is to be reviewed and produced.

Please advise. Thank you.

Kind regards,
Josh


**Joshua A. Levy**
Partner

**Levy | Firestone | Muse**
1401 K Street NW, Suite 600, Washington, DC 20005
T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
. . .

---

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Tuesday, July 7, 2020 10:38 AM
**To:** Josh Levy <jal@levyfirestone.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D <Todd.Kelly@skadden.com>
**Subject:** RE: Ambassador Burt Subpoena

Thank you, Josh.  2:00 on Thursday sounds good.  I will send a calendar invite and dial-in momentarily.

Best regards,

Margaret

**From:** Josh Levy <jal@levyfirestone.com>
**Sent:** Tuesday, July 7, 2020 10:07 AM
**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rachel Clattenburg
<rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks
<sbrooks@levyfirestone.com>; Junck, Ryan D (LON) <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M
(WAS) <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D (WAS) <Todd.Kelly@skadden.com>
**Subject:** [Ext] Re: Ambassador Burt Subpoena

Margaret  --

Thank you for your reply.

We are happy to speak with you on Thursday, at 2pm.

We certainly will be sensitive to the third party deponent's circumstances, in light of COVID-19,
and, to that end, will work with you on a date and conditions for the deposition.

Kind regards,
Josh

**Joshua A. Levy**
Partner

**Levy** | **Firestone** | **Muse**
1401 K Street NW, Suite 600, Washington, DC 20005
T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information,
and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the
intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that
any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this
communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this
communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in
this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the
purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to
another party any tax-related matters addressed herein.
. . .

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Tuesday, July 7, 2020 9:20 AM
**To:** Josh Levy <jal@levyfirestone.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rachel Clattenburg
<rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks
<sbrooks@levyfirestone.com>; Junck, Ryan D <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M
<Nicole.Cleminshaw@skadden.com>; Kelly, Todd D <Todd.Kelly@skadden.com>
**Subject:** Re: Ambassador Burt Subpoena

Josh –

Thank you for your email.  How does Thursday afternoon look on your end – some time between 1:30
and 4:30 pm EST?  Once we land on a time, we will send a calendar invite with a dial-in.

Regarding scheduling Ambassador Burt's deposition, we believe it is most prudent to schedule his
deposition after document production has been completed.  In this regard, we will not allow
Ambassador Burt to sit for more than one deposition.  Moreover, Ambassador Burt is 73-years-
old.  Accordingly, we hope you can respect the fact that we need to avoid taking any unnecessary and
premature risks in light of COVID.  Given that discovery does not close in this matter until January 2021,
we do not see the need to schedule Ambassador Burt's deposition within the next seven weeks.  You
have our assurances that we will work with you on a date within the discovery window once document
production has concluded and COVID-related concerns have dissipated.  We are happy to discuss this
issue further on our call.

Thanks very much,

Margaret


On Jul 6, 2020, at 10:03 AM, Josh Levy <jal@levyfirestone.com> wrote:


Margaret --

We are following up on our subpoena to Ambassador Richard Burt for
documents and testimony.  We would like to discuss the subpoena for
documents at a time that works for you this week.

We would also like to schedule his deposition. If there are dates within the next
seven weeks that work for Amb. Burt, please let us know, and we can share
them with Plaintiffs' counsel in order to reach a mutually agreeable date for the
deposition.

Thank you.

Kind regards,
Josh

**Joshua A. Levy**
Partner

**Levy** | **Firestone** | **Muse**
1401 K Street NW, Suite 600, Washington, DC 20005
T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

. . .

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Thursday, January 9, 2020 9:03 AM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** RE: Ambassador Burt Subpoena

Josh,

I hope this finds you well and that you had a good holiday.  As you know, the subpoena served on Ambassador Burt currently requires him to attend a deposition on January 15, 2020 and to produce responsive documents by January 31, 2020.  As stated in the objections that we served on December 13, 2019, we hope to continue to meet and confer and to resolve this matter outside of litigation.  To that end, we ask that you agree to vacate the current deadlines and to hold the dates for the deposition and document production in abeyance pending the conclusion of the meet-and-confer process.

We look forward to further discussing the scope of the subpoena at your convenience.

Thank you,

Margaret

---

**From:** Krawiec, Margaret E (WAS)
**Sent:** Friday, December 13, 2019 4:58 PM
**To:** 'Josh Levy' <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rideout, Patrick G (NYC) <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** RE: [Ext] Re: Ambassador Burt Subpoena

Josh –

As promised, attached please find our written objections.  Once you have had an opportunity to review and consider the objections, we would welcome the opportunity to further discuss the scope of the Subpoena and hope to reach a mutually agreeable resolution.  To this end, please contact us when you are ready to resume our discussions.

Have a good weekend.

Margaret

---

**From:** Josh Levy <jal@cunninghamlevy.com>
**Sent:** Monday, December 9, 2019 2:56 PM
**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rideout, Patrick G (NYC) <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** [Ext] Re: Ambassador Burt Subpoena

Margaret:

Extending the deadline for objections is not a problem.  I am overseas and am traveling back home 12/12-13.  In the interest of being available, should you want to discuss our proposal below and/or Modified Exhibit A, we can extend the deadline for objections even further to December 19, 2019. I will be free nearly any time next week, should you want to talk.

Kind regards,
Josh

**Joshua A. Levy**
**Cunningham Levy Muse LLP**
1401 K Street, NW, Suite 600
Washington, DC  20005
202.261.6564 (w)
202.360.0677 (m)
jal@cunninghamlevy.com
cunninghamlevy.com

***
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Cunningham Levy Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6564, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
***

---

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Monday, December 9, 2019 2:43 PM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** RE: Ambassador Burt Subpoena

Hi Josh –

Thank you for your email.  We currently are analyzing Modified Exhibit A and would be very grateful for a modest extension of the written objections deadline that we agreed upon from Wednesday, December 11th to Friday, December 13th.  Please advise at your earliest convenience.

Thank you,

Margaret

**From:** Josh Levy <jal@cunninghamlevy.com>
**Sent:** Thursday, December 5, 2019 11:16 AM
**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rideout, Patrick G
(NYC) <Patrick.Rideout@skadden.com>; Rachel Clattenburg
<rmc@cunninghamlevy.com>
**Subject:** [Ext] Re: Ambassador Burt Subpoena

Margaret:

In the interest of lessening any burden on your client, please find attached a
modified Exhibit A to the original subpoena ("Modified Exhibit A").  Among other
things, we have extended the deadline to January 31, 2019.

In furtherance of our objective to lighten any burden on your client: If you agree
to produce all non-privileged, responsive documents to Requests Nos. 1 and 2 in
Modified Exhibit A and, if applicable, a privilege log by January 31, 2019, then we
will hold in abeyance the other Requests in Modified Exhibit A, while preserving
our right to demand those documents from your client at a later date.  The
documents responsive to Requests Nos. 1 and 2 in Modified Exhibit A are
relevant to the truth of the alleged defamatory statements and CIR 112.

Please advise.  Thank you.

Kind regards,
Josh

**Joshua A. Levy**
**Cunningham Levy Muse LLP**
1401 K Street, NW, Suite 600
Washington, DC  20005
202.261.6564 (w)
202.360.0677 (m)
jal@cunninghamlevy.com
cunninghamlevy.com

***
The information contained in this communication is confidential, may be attorney-client
privileged, may constitute inside information, and is intended only for the use of the
addressee.  It is the property of Cunningham Levy Muse LLP.  If the reader of this message
is not the intended recipient or the employee or agent responsible for delivering this
message to the intended recipient, you are hereby notified that any dissemination,

distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6564, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
***

---

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Tuesday, November 26, 2019 10:14 AM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** Re: Ambassador Burt Subpoena

Thank you very much for your email, Josh. We look forward to continuing to work with you in a constructive manner. Happy holidays.

Best regards,

Margaret

> On Nov 26, 2019, at 10:11 AM, Josh Levy <jal@cunninghamlevy.com> wrote:
>
> Margaret & co:
>
> Thank you for the productive call last week. We continue to take seriously the points you raised in it, and we are working on a modified request for your consideration.  We plan on communicating that to you next week.
>
> In the meantime, enjoy the holiday.  As we continue to work through these matters, we will extend the date for the service of objections another week to December 11, 2019, and we will extend the date of production another week to January 31, 2019.

16

Kind regards,
Josh

**Joshua A. Levy**
**Cunningham Levy Muse LLP**
1401 K Street, NW, Suite 600
Washington, DC  20005
202.261.6564 (w)
202.360.0677 (m)
jal@cunninghamlevy.com
cunninghamlevy.com

***
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Cunningham Levy Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6564, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
***

---

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Monday, November 18, 2019 11:20 AM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G <Patrick.Rideout@skadden.com>
**Subject:** Ambassador Burt Subpoena

Josh,

Following up on our conversation Friday afternoon, we agree to accept service of the subpoena on Ambassador Burt and to waive any procedural objections.  We also confirm that Ambassador Burt will preserve all documents potentially responsive to the subpoena.  Please confirm that you agree to (i) extend the deadline for objections to the subpoena until December 4, 2019; and (ii) extend the deadline to produce documents responsive to the subpoena until January 24, 2020.

As discussed, we hope to work with you to develop an agreed-on set of search terms that will guide our process of collecting documents from Ambassador Burt.  Please note that, regardless of which search terms we use for collection purposes, all documents potentially responsive to the subpoena will be preserved.

We look forward to our call on Wednesday at 1:30 p.m.

Thank you,

Margaret


**Margaret E. Krawiec**
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W. | Washington | D.C. | 20005-2111
T: 202.371.7303 | F: 202.661.9123
**margaret.krawiec@skadden.com**

Skadden

---------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.


===============================================
================================
---------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the

addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

============================================================
====================
------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

============================================================
====================
------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

============================================================
====================
------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the

19

original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==============================================================================================

------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==============================================================================================

------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==============================================================================================

------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==============================================================================================

# Exhibit J

**From:**      Josh Levy
**To:**         Krawiec, Margaret E (WAS)
**Subject:**   [Ext] Re: Ambassador Burt Subpoena
**Date:**      10/5/2020 10:23:00 AM
**CC:**        McIntosh, Michael A (WAS); Rachel Clattenburg; Scott Brooks; Junck, Ryan D (LON);
              Cleminshaw, Nicole M (WAS); Kelly, Todd D (WAS); Andrew Sharp
**BCC:**

**Message:**

Margaret,

First, we confirm that the same confidentiality protections agreed to for documents will apply to any pages of the transcript that Ambassador Burt designates as confidential.

Second, we agree to the November 30, 2020 production deadline, without prejudice to Defendants' positions on relevance and the scope of Amb. Burt's deposition in this case.

Third, we are available Wednesday before noon for a meet and confer. Please let us know what time works for you. Thank you.

Josh

**Joshua A. Levy**
Partner

**Levy** | **Firestone** | **Muse**
1401 K Street NW, Suite 600, Washington, DC 20005
T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
. . .

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Thursday, October 1, 2020 2:04 PM
**To:** Josh Levy <jal@levyfirestone.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rachel Clattenburg
<rmc@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D
<Ryan.Junck@skadden.com>; Cleminshaw, Nicole M <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D
<Todd.Kelly@skadden.com>; Andrew Sharp <eas@levyfirestone.com>
**Subject:** RE: Ambassador Burt Subpoena

Josh,

Thank you for your email.  We are in agreement as to the scope of the document production and the
confidentiality protections afforded documents included in that production.  Please confirm that these
same confidentiality protections will apply to any pages of the transcript of Ambassador Burt's
deposition testimony that Ambassador Burt designates as confidential.

As explained in my July 24, 2020 email (and never challenged by you), we proposed a production
deadline of 60 days from the date of our agreement—i.e., November 30, 2020 (the 60th day, November
29, is a Sunday).    Please confirm that Defendants agree to this deadline.  This deadline will not delay
Ambassador Burt's deposition, given that we intend to file a motion to quash or for a protective order
with respect to the subpoena for Ambassador Burt's deposition, with the result that the deposition will
not take place on November 6, 2020.

As noted, we disagree with Defendants' position as to the scope of Ambassador Burt's deposition and
intend to file a motion to quash or for a protective order.  Please provide times within the next week
during which you are available to meet and confer regarding the motion.  Alternatively, if you believe
that our email communications are sufficient to satisfy Rule 7(m), please so advise.

Thank you,

Margaret

---

**From:** Josh Levy <jal@levyfirestone.com>
**Sent:** Wednesday, September 30, 2020 3:26 PM
**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rachel Clattenburg
<rmc@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D (LON)
<Ryan.Junck@skadden.com>; Cleminshaw, Nicole M (WAS) <Nicole.Cleminshaw@skadden.com>; Kelly,
Todd D (WAS) <Todd.Kelly@skadden.com>; Andrew Sharp <eas@levyfirestone.com>
**Subject:** [Ext] Re: Ambassador Burt Spoena

Margaret --

Thank you for your email.

1. Please produce the documents, as agreed below, within 30 days. Defendants agree to the scope of document production for the purpose of avoiding litigation, but this agreement is without waiver of any of Defendants' positions, including but not limited to their position on relevance.

2. Defendants agree not to use Amb. Burt's documents marked "CONFIDENTIAL" outside of the litigation and to treat them as confidential, but reserve the right to challenge that designation in this case should Defendants seek to use any of those documents in a court filing or proceeding in this case.

3. We disagree with your proposed scope of the deposition. We are entitled to question Amb. Burt about the substantial truth or falsity of the alleged defamatory statements, based on either party's view of what is relevant to that issue, which includes events in 2015-2016, as well as events outside of that time-period. We are also entitled to question Amb. Burt about factors relevant to the plaintiffs' public figure status, and that inquiry is not time limited. Unless otherwise directed by the Court, Amb. Burt should be prepared to answer questions within that scope.

Josh

**Joshua A. Levy**
Partner

**Levy** | **Firestone** | **Muse**
1401 K Street NW, Suite 600, Washington, DC 20005
T 202-261-6564 • C 202-360-0677 • F 202-595-8253 • levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Levy Firestone Muse LLP. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

. . .

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Monday, September 28, 2020 12:51 PM

**To:** Josh Levy <jal@levyfirestone.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rachel Clattenburg
<rmc@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D
<Ryan.Junck@skadden.com>; Cleminshaw, Nicole M <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D
<Todd.Kelly@skadden.com>; Andrew Sharp <eas@levyfirestone.com>
**Subject:** RE: Ambassador Burt Subpoena

Josh,

Thank you for your email.  We also hope to resolve these issues without litigation.  We address each of
the issues in turn below.

I.      **Document Production**

        A.      **Scope of Production**

As previously mentioned, Ambassador Burt will search for and produce documents dated from January
1, 2016 through October 3, 2017 that relate to the truth or falsity of the allegedly defamatory
statements in CIR 112.

Reserving all rights, Ambassador Burt also agrees to search for and produce documents from June 1,
2015 through January 20, 2017 that reflect, describe, and/or relate to communications with, and/or
attempts to establish a line of communication with, the Trump Campaign or Trump Transition, and that
mention/refer/relate to Plaintiffs, AO Alfa-Bank, ABH Holdings S.A., LetterOne Investment Holdings S.A.,
and/or LetterOne Holdings S.A.

Ambassador Burt will not search for and produce documents that mention/refer/relate to the
remainder of the definition of "Alfa" in the subpoena.  That definition incorporates a non-exclusive list
of thirty-six separate entities and their subsidiaries, and it includes all other entities in which
Ambassador Burt "know[s]" that at least one of the Plaintiffs "hold[s] an economic interest of at least 5
percent, directly or indirectly, individually or collectively, and any agents, attorneys, representatives,
employees, or other persons or entities acting for or on behalf of such entities, or in concert with
them."  This sweeping request is overly broad, unduly burdensome, and seeks the production of
documents that are not relevant or proportional.

        B.      **Protective Order**

You have not responded to our proposal that Ambassador Burt's document production be conditioned
on an enhanced protective order.  The current protective order in this case is inadequate, and
Ambassador Burt will not produce documents without further confidentiality protections.

Ambassador Burt will produce documents subject to the following confidentiality protocol:

Ambassador Burt may designate a document as confidential if the document constitutes, reflects, or
contains (i) information protected from disclosure by statute; (ii) sensitive personal information; (iii)
trade secrets; (iv) proprietary or confidential research, development, or commercial information; (iv)
other business-sensitive information; or (v) other nonpublic information that Ambassador Burt believes
in good faith would create a risk of harm if disclosed.  Documents designated confidential shall not be

4

used or disclosed by Defendants or counsel for Defendants for any purposes whatsoever other than preparing for or conducting the litigation in which the documents were disclosed.

Please let us know if this standard is agreeable to Defendants.

## II.      Deposition

Ambassador Burt will not testify about matters outside the scope of his document production.  As Defendants have recognized, nonparties bear a "reduced discovery burden."  Dkt. 102, at 24.  Ambassador Burt, as a nonparty, will testify only as to matters that are relevant to the claims and defenses in the litigation and proportional to the needs of the case.  Specifically, Ambassador Burt will provide testimony only about the following topics:

- The truth or falsity of the statement in CIR 112, "RUSSIA/US PRESIDENTIAL ELECTION:  KREMLIN-ALPHA GROUP COOPERATION," as relates to the time period of January 1, 2016 through October 3, 2017.

- The truth or falsity of the statement in CIR 112, "Significant favours continued to be done in both directions, primarily political ones for PUTIN and business/legal ones for Alpha," as relates to the time period of January 1, 2016 through October 3, 2017.

- The truth or falsity of the statement in CIR 112, "during the 1990s GOVORUN has been Head of Government Relations at Alpha Group and in reality, the 'driver' and 'bag carrier' used by FRIDMAN and AVEN to deliver large amounts of illicit cash to the Russian president, at that time deputy Mayor of St. Petersburg," as relates to the time period of January 1, 2016 through October 3, 2017.

- Communications or attempts to establish a line of communication with the Trump Campaign or Trump Transition, as relates to Plaintiffs, AO Alfa-Bank, ABH Holdings S.A., LetterOne Investment Holdings S.A., or LetterOne Holdings S.A., and as relates to the time period of June 1, 2015 through January 20, 2017.

Ambassador Burt will not testify about topics that are outside the scope of his document production or otherwise irrelevant, including "the public figure status of Plaintiffs."

Ambassador Burt also reserves the right to designate portions of the transcript of his deposition testimony as confidential, pursuant to the confidentiality protocol described above.

We can confirm that Ambassador Burt is available on November 6, 2020 for a remotely held deposition.

Thank you,

Margaret

---

**From:** Josh Levy <jal@levyfirestone.com>
**Sent:** Friday, September 18, 2020 10:32 AM

**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rachel Clattenburg
<rmc@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D (LON)
<Ryan.Junck@skadden.com>; Cleminshaw, Nicole M (WAS) <Nicole.Cleminshaw@skadden.com>; Kelly,
Todd D (WAS) <Todd.Kelly@skadden.com>; Andrew Sharp <eas@levyfirestone.com>
**Subject:** [Ext] Re: Ambassador Burt Subpoena

Margaret:

We write regarding Amb. Burt's deposition.

Please advise whether Amb. Burt is still available on November 6, 2020 for a remotely held
deposition.

Let us also address the points made in your email, in the hopes that Amb. Burt will comply with
a negotiated resolution of the document subpoena and sit for a deposition in this case without
litigation. Without waiver of Defendants' positions as to relevance, and reserving all of
Defendants' rights, we respond as follows to your email:

  1.    Document Production –

We understand that Amb. Burt will be conducting a search for documents from Jan. 1, 2016
through October 3, 2017, concerning the substantial truth or falsity of CIR 112.

With respect to our request for "documents from June 1, 2015 through October 3, 2017,
concerning Amb. Burt's communications with individuals affiliated with, and/or his activities
related to, the Trump Campaign or Trump Transition, you state that documents relevant to the
substantial truth or falsity of the alleged defamatory statement, "Russia/US Presidential
Election: Kremlin-Alfa Group Co-Operation," must involve Plaintiffs. That makes no sense. The
statement does not mention Plaintiffs. It mentions Alfa. Your limitation would shield from
Defendants documents relevant to the substantial truth of this statement. Accordingly, this
search must also include any documents relating to Alfa, as that term is defined in the
subpoena. Furthermore, the alleged defamatory statement says nothing about being "on behalf
of or at the request of the Plaintiffs," as you propose to limit the search. Therefore, documents
responsive to this search include documents from June 1, 2015 through January 20, 2017 to the
extent that they reflect, describe and/or relate to communications with, and/or attempts to
establish a line of communication with, the Trump Campaign or Trump Transition, and that
mention/refer/relate to Plaintiffs and/or "Alfa," as that term is defined in the subpoena. We ask
that Amb. Burt conduct this search and produce any responsive documents.

In an effort to reach an accommodation with you and to ease the review and production for
Amb. Burt, we have agreed to forego the vast majority of our requests, and we can agree to the
truncated time periods for the review and production of documents that you propose. Our

massive concessions belie your effort to pollute the record with inapt references to fishing expeditions.

2.   Deposition –

We will not limit the scope of Amb. Burt's deposition to the compromised scope of his document review and production. He is a central figure in this case. We are entitled to ask Amb. Burt, a LetterOne director, questions that go to either party's claims and defenses - including the substantial truth or falsity of the three alleged defamatory statements, as interpreted by both parties (not just the Plaintiffs' interpretation). This includes, but is not limited to questions about Amb. Burt's relationship with Plaintiffs and Alfa; his involvement and communications with the Trump Campaign and the Trump Transition; and his knowledge about: Plaintiffs' and Alfa's relationship with the Kremlin, any favors that Plaintiffs and/or Alfa provided to Putin and/or the Kremlin, any favors that Putin and/or the Kremlin provided to Plaintiffs and/or Alfa, and any payments to government officials by Plaintiffs and/or Alfa. Because CIR 112 is not limited to a discussion of events in 2016, but rather summarizes the "history" of these relationships, the scope of these questions will include and predate 2016. Also, the public figure status of Plaintiffs is at issue. We will want to ask Amb. Burt about that status, including but not limited to the government meetings and interviews that he has arranged for Plaintiffs to invite attention and comment, and his involvement in providing them access to channels of communication. Under DC law, evidence of public figure is not limited to publicly available media, as you have previously suggested.

Please advise. Thank you.

Josh

**Joshua A. Levy**
Partner

**Levy** | **Firestone** | **Muse**
1401 K Street NW, Suite 600, Washington, DC 20005
T 202-261-6564 • C 202-360-0677 • F 202-595-8253 • levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the

purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

. . .

---

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Monday, July 20, 2020 12:15 PM
**To:** Josh Levy <jal@levyfirestone.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D <Todd.Kelly@skadden.com>
**Subject:** RE: Ambassador Burt Subpoena

Josh –

Thank you for your email.  We have reviewed your proposal and, subject to client confirmation as noted below, agree to conduct a reasonable search for documents from Jan. 1, 2016 through October 3, 2017, concerning the substantial truth or falsity of CIR 112.

With regard to your request that we produce "documents from June 1, 2015 through October 3, 2017, concerning Amb. Burt's communications with individuals affiliated with, and/or his activities related to, the Trump Campaign or Trump Transition," we submit that this request is too broad as drafted (indeed it is broader than your original subpoena and modified subpoena) and needs to also be tied to the truth or falsity of the relevant defamatory statements in CIR 112.    We understand that Plaintiffs are alleging the following heading to be defamatory:  "Russia/US Presidential Election:  Kremlin-Alfa Group Co-Operation (CIR 112-September 14, 2016.)."  Therefore, the relevant searches of Ambassador Burt's documents related to the Trump Campaign or Trump Transition and/or presidential election must also involve the Plaintiffs.  Any documents sought not related to the truth or falsity of the relevant statements in CIR 112 would be considered a fishing expedition for non-relevant documents from a non-party.  Subject to client confirmation as noted below, we would conduct a reasonable search for documents from June 1, 2015 through January 20, 2017 (when Trump was inaugurated as President) to the extent that they reflect, describe and/or relate to communications and/or attempts to establish a line of communication with the Trump Campaign or Trump Transition regarding the 2016 US presidential election on behalf of or at the request of the Plaintiffs.

With regard to Ambassador Burt's deposition, we will only allow Ambassador Burt, a non-party, to sit for a deposition that is limited in a manner consistent with the limitations of the document subpoena.  If you are unwilling to agree to such limitations, we reserve our rights, including to seek a motion for protective order.  If you agree to such limitations, we can make Ambassador Burt available either November 6th or November 13th, and, as previously discussed, we reserve the right to request that the deposition be conducted via video due to concerns related to the COVID—19 pandemic.  In this regard, we very much appreciate you offering to make this accommodation.

Once we reach agreement on all of the above issues, reserving all rights, we will agree to produce any responsive, non-privileged documents (as described above) within 60 days of our reaching an agreement.

Please note that Ambassador Burt has not formally agreed to this approach but will consider it if the defendants are willing to consider it as well.   However, Ambassador Burt has agreed to the proposed November deposition dates.

Thank you,

Margaret

---

**From:** Josh Levy <jal@levyfirestone.com>
**Sent:** Friday, July 17, 2020 9:32 AM
**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D (LON) <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M (WAS) <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D (WAS) <Todd.Kelly@skadden.com>
**Subject:** [Ext] Re: Ambassador Burt Subpoena

Margaret --

Regarding the email below, in recapitulating your proposal, we want to clarify that we would agree to it with the understanding that your proposed scope includes: (a) documents from Jan. 1, 2016 through October 3, 2017, concerning substantial truth or falsity of CIR 112; and (b) documents from June 1, 2015 through October 3, 2017, concerning Amb. Burt's communications with individuals affiliated with, and/or his activities related to, the Trump Campaign or Trump Transition.

Josh

**Joshua A. Levy**
Partner

**Levy | Firestone | Muse**
1401 K Street NW, Suite 600, Washington, DC 20005
T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

. . .

**From:** Josh Levy <jal@levyfirestone.com>
**Sent:** Thursday, July 16, 2020 7:02 PM
**To:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D <Todd.Kelly@skadden.com>
**Subject:** Re: Ambassador Burt Subpoena

Margaret --

I write to follow up on our call last week.

In an effort to reduce the burden on Amb. Burt, we will agree to your proposal that you review and produce (1) Amb. Burt's documents from Jan. 1, 2016 through Oct. 3, 2017 regarding the substantial truth or falsity of CIR 112, and (2) his documents between June 1, 2015 and December 31, 2015 regarding his communications with individuals affiliated with the Trump campaign and/or his activities relating to the Trump campaign. Our agreement to this proposal on the scope of document review/production is without prejudice to, or waiver of, Defendants' positions on relevance, and is without prejudice to the scope of Amb. Burt's deposition, which we do not agree to be limited in this way. Furthermore, our agreement to this proposal on documents is conditioned on you providing us with proposed deposition dates that we can share with Plaintiffs' counsel.

We also ask for your consent that documents be produced within 30 days of our reaching an agreement on what is to be reviewed and produced.

Please advise. Thank you.

Kind regards,
Josh


**Joshua A. Levy**
Partner

**Levy** | **Firestone** | **Muse**
1401 K Street NW, Suite 600, Washington, DC 20005

T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

. . .

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Tuesday, July 7, 2020 10:38 AM
**To:** Josh Levy <jal@levyfirestone.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D <Todd.Kelly@skadden.com>
**Subject:** RE: Ambassador Burt Subpoena

Thank you, Josh.  2:00 on Thursday sounds good.  I will send a calendar invite and dial-in momentarily.

Best regards,

Margaret

**From:** Josh Levy <jal@levyfirestone.com>
**Sent:** Tuesday, July 7, 2020 10:07 AM
**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D (LON) <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M (WAS) <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D (WAS) <Todd.Kelly@skadden.com>
**Subject:** [Ext] Re: Ambassador Burt Subpoena

Margaret  --

Thank you for your reply.

We are happy to speak with you on Thursday, at 2pm.

We certainly will be sensitive to the third party deponent's circumstances, in light of COVID-19, and, to that end, will work with you on a date and conditions for the deposition.

Kind regards,
Josh

**Joshua A. Levy**
Partner

**Levy | Firestone | Muse**
1401 K Street NW, Suite 600, Washington, DC 20005
T 202-261-6564 • C 202-360-0677 • F 202-595-8253 • levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

. . .

---

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Tuesday, July 7, 2020 9:20 AM
**To:** Josh Levy <jal@levyfirestone.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D <Todd.Kelly@skadden.com>
**Subject:** Re: Ambassador Burt Subpoena

Josh –

Thank you for your email.  How does Thursday afternoon look on your end – some time between 1:30 and 4:30 pm EST?  Once we land on a time, we will send a calendar invite with a dial-in.

Regarding scheduling Ambassador Burt's deposition, we believe it is most prudent to schedule his deposition after document production has been completed.  In this regard, we will not allow Ambassador Burt to sit for more than one deposition.  Moreover, Ambassador Burt is 73-years-old.  Accordingly, we hope you can respect the fact that we need to avoid taking any unnecessary and premature risks in light of COVID.  Given that discovery does not close in this matter until January 2021, we do not see the need to schedule Ambassador Burt's deposition within the next seven weeks.  You have our assurances that we will work with you on a date within the discovery window once document production has concluded and COVID-related concerns have dissipated.  We are happy to discuss this issue further on our call.

Thanks very much,

Margaret


On Jul 6, 2020, at 10:03 AM, Josh Levy <jal@levyfirestone.com> wrote:

Margaret --

We are following up on our subpoena to Ambassador Richard Burt for documents and testimony.  We would like to discuss the subpoena for documents at a time that works for you this week.

We would also like to schedule his deposition. If there are dates within the next seven weeks that work for Amb. Burt, please let us know, and we can share them with Plaintiffs' counsel in order to reach a mutually agreeable date for the deposition.

Thank you.

Kind regards,
Josh

**Joshua A. Levy**
Partner

**Levy** | **Firestone** | **Muse**
1401 K Street NW, Suite 600, Washington, DC 20005
T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse

LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
· · ·

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Thursday, January 9, 2020 9:03 AM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** RE: Ambassador Burt Subpoena

Josh,

I hope this finds you well and that you had a good holiday.  As you know, the subpoena served on Ambassador Burt currently requires him to attend a deposition on January 15, 2020 and to produce responsive documents by January 31, 2020.  As stated in the objections that we served on December 13, 2019, we hope to continue to meet and confer and to resolve this matter outside of litigation.  To that end, we ask that you agree to vacate the current deadlines and to hold the dates for the deposition and document production in abeyance pending the conclusion of the meet-and-confer process.

We look forward to further discussing the scope of the subpoena at your convenience.


Thank you,

Margaret


**From:** Krawiec, Margaret E (WAS)
**Sent:** Friday, December 13, 2019 4:58 PM
**To:** 'Josh Levy' <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rideout, Patrick G (NYC) <Patrick.Rideout@skadden.com>; Rachel Clattenburg

<rmc@cunninghamlevy.com>
**Subject:** RE: [Ext] Re: Ambassador Burt Subpoena

Josh –

As promised, attached please find our written objections.  Once you have had an opportunity to review and consider the objections, we would welcome the opportunity to further discuss the scope of the Subpoena and hope to reach a mutually agreeable resolution.  To this end, please contact us when you are ready to resume our discussions.

Have a good weekend.

Margaret

**From:** Josh Levy <jal@cunninghamlevy.com>
**Sent:** Monday, December 9, 2019 2:56 PM
**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rideout, Patrick G (NYC) <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** [Ext] Re: Ambassador Burt Subpoena

Margaret:

Extending the deadline for objections is not a problem.  I am overseas and am traveling back home 12/12-13.  In the interest of being available, should you want to discuss our proposal below and/or Modified Exhibit A, we can extend the deadline for objections even further to December 19, 2019. I will be free nearly any time next week, should you want to talk.

Kind regards,
Josh

**Joshua A. Levy**
**Cunningham Levy Muse LLP**
1401 K Street, NW, Suite 600
Washington, DC  20005
202.261.6564 (w)
202.360.0677 (m)
jal@cunninghamlevy.com
cunninghamlevy.com

***
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the

addressee.  It is the property of Cunningham Levy Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6564, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
***

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Monday, December 9, 2019 2:43 PM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** RE: Ambassador Burt Subpoena

Hi Josh –

Thank you for your email.  We currently are analyzing Modified Exhibit A and would be very grateful for a modest extension of the written objections deadline that we agreed upon from Wednesday, December 11th to Friday, December 13th.  Please advise at your earliest convenience.

Thank you,

Margaret

**From:** Josh Levy <jal@cunninghamlevy.com>
**Sent:** Thursday, December 5, 2019 11:16 AM
**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rideout, Patrick G (NYC) <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** [Ext] Re: Ambassador Burt Subpoena

Margaret:

In the interest of lessening any burden on your client, please find attached a modified Exhibit A to the original subpoena ("Modified Exhibit A").  Among other things, we have extended the deadline to January 31, 2019.

In furtherance of our objective to lighten any burden on your client: If you agree to produce all non-privileged, responsive documents to Requests Nos. 1 and 2 in Modified Exhibit A and, if applicable, a privilege log by January 31, 2019, then we will hold in abeyance the other Requests in Modified Exhibit A, while preserving our right to demand those documents from your client at a later date.  The documents responsive to Requests Nos. 1 and 2 in Modified Exhibit A are relevant to the truth of the alleged defamatory statements and CIR 112.

Please advise.  Thank you.

Kind regards,
Josh

**Joshua A. Levy**
**Cunningham Levy Muse LLP**
1401 K Street, NW, Suite 600
Washington, DC  20005
202.261.6564 (w)
202.360.0677 (m)
jal@cunninghamlevy.com
cunninghamlevy.com

***
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Cunningham Levy Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6564, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
***

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Tuesday, November 26, 2019 10:14 AM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** Re: Ambassador Burt Subpoena

Thank you very much for your email, Josh. We look forward to continuing to work with you in a constructive manner. Happy holidays.

Best regards,

Margaret


> On Nov 26, 2019, at 10:11 AM, Josh Levy <jal@cunninghamlevy.com> wrote:
>
> Margaret & co:
>
> Thank you for the productive call last week. We continue to take seriously the points you raised in it, and we are working on a modified request for your consideration.  We plan on communicating that to you next week.
>
> In the meantime, enjoy the holiday.  As we continue to work through these matters, we will extend the date for the service of objections another week to December 11, 2019, and we will extend the date of production another week to January 31, 2019.
>
> Kind regards,
> Josh
>
> **Joshua A. Levy**
> **Cunningham Levy Muse LLP**
> 1401 K Street, NW, Suite 600
> Washington, DC  20005
> 202.261.6564 (w)
> 202.360.0677 (m)
> jal@cunninghamlevy.com
> cunninghamlevy.com

\*\*\*
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Cunningham Levy Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6564, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
\*\*\*

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Monday, November 18, 2019 11:20 AM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G <Patrick.Rideout@skadden.com>
**Subject:** Ambassador Burt Subpoena

Josh,

Following up on our conversation Friday afternoon, we agree to accept service of the subpoena on Ambassador Burt and to waive any procedural objections.  We also confirm that Ambassador Burt will preserve all documents potentially responsive to the subpoena.  Please confirm that you agree to (i) extend the deadline for objections to the subpoena until December 4, 2019; and (ii) extend the deadline to produce documents responsive to the subpoena until January 24, 2020.

As discussed, we hope to work with you to develop an agreed-on set of search terms that will guide our process of collecting documents from Ambassador Burt.  Please note that, regardless of which search terms we use for collection purposes, all documents potentially responsive to the subpoena will be preserved.

We look forward to our call on Wednesday at 1:30 p.m.

Thank you,

Margaret

**Margaret E. Krawiec**
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W. | Washington | D.C. | 20005-2111
T: 202.371.7303 | F: 202.661.9123
**margaret.krawiec@skadden.com**

Skadden

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use
by the addressee(s) named herein and may contain legally
privileged and/or confidential information. If you are not the
intended recipient of this email, you are hereby notified that any
dissemination, distribution or copying of this email (and any
attachments thereto) is strictly prohibited. If you receive this email
in error please immediately notify me at (212) 735-3000 and
permanently delete the original email (and any copy of any email)
and any printout thereof.

Further information about the firm, a list of the Partners and their
professional qualifications will be provided upon request.

================================================
================================

--------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the
addressee(s) named herein and may contain legally privileged and/or confidential
information. If you are not the intended recipient of this email, you are hereby
notified that any dissemination, distribution or copying of this email (and any
attachments thereto) is strictly prohibited. If you receive this email in error please
immediately notify me at (212) 735-3000 and permanently delete the original
email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional
qualifications will be provided upon request.

============================================================
====================
--------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the

addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===========================================================
=====================
--------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===========================================================
=====================
--------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===================================================================
=========
--------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

========================================================================
=========
----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

========================================================================
=========
----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

========================================================================
=========
----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

========================================================================
=========

# Exhibit K

| | |
|---|---|
| **From:** | Krawiec, Margaret E (WAS) |
| **To:** | 'Josh Levy' |
| **Subject:** | RE: Ambassador Burt Subpoena |
| **Date:** | 7/24/2020 9:39:00 AM |
| **CC:** | McIntosh, Michael A (WAS); Rachel Clattenburg; Zach Blau; Scott Brooks; Junck, Ryan D (LON); Cleminshaw, Nicole M (WAS); Kelly, Todd D (WAS) |
| **BCC:** | |

**Message:**

Josh –

We are authorized by our client to put forward the following proposal:

We agree to conduct a reasonable search for documents from Jan. 1, 2016 through October 3, 2017, concerning the substantial truth or falsity of CIR 112.

With regard to your request that we produce "documents from June 1, 2015 through October 3, 2017, concerning Amb. Burt's communications with individuals affiliated with, and/or his activities related to, the Trump Campaign or Trump Transition," we submit that this request is too broad as drafted (indeed it is broader than your original subpoena and modified subpoena) and needs to also be tied to the truth or falsity of the relevant defamatory statements in CIR 112.    We understand that Plaintiffs are alleging the following heading to be defamatory:  "Russia/US Presidential Election:  Kremlin-Alfa Group Co-Operation (CIR 112-September 14, 2016.)."  Therefore, the relevant searches of Ambassador Burt's documents related to the Trump Campaign or Trump Transition and/or presidential election must also involve the Plaintiffs.  Any documents sought not related to the truth or falsity of the relevant statements in CIR 112 would be considered a fishing expedition for non-relevant documents from a non-party.  We would conduct a reasonable search for documents from June 1, 2015 through January 20, 2017 (when Trump was inaugurated as President) to the extent that they reflect, describe and/or relate to communications and/or attempts to establish a line of communication with the Trump Campaign or Trump Transition regarding the 2016 US presidential election on behalf of or at the request of the Plaintiffs.

With regard to Ambassador Burt's deposition, we will only allow Ambassador Burt, a non-party, to sit for a deposition that is limited in a manner consistent with the limitations of the document subpoena.  If you are unwilling to agree to such limitations, we reserve our rights, including to seek a motion for protective order.  If you agree to such limitations, we can make Ambassador Burt available either November 6th or November 13th, and, as previously discussed, we reserve the right to request that the deposition be conducted via video due to concerns related to the COVID—19 pandemic.  In this regard, we very much appreciate you offering to make this accommodation.

The above is also conditioned on the entry of an acceptable confidentiality protective order.

Once we reach agreement on all of the above issues, reserving all rights, we will agree to produce any responsive, non-privileged documents (as described above) within 60 days of our reaching an agreement.

Thank you,

1

Margaret

---

**From:** Josh Levy <jal@levyfirestone.com>
**Sent:** Thursday, July 23, 2020 12:28 PM
**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rachel Clattenburg
<rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks
<sbrooks@levyfirestone.com>; Junck, Ryan D (LON) <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M
(WAS) <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D (WAS) <Todd.Kelly@skadden.com>
**Subject:** [Ext] Re: Ambassador Burt Subpoena

Margaret --

Please send us a proposal that Ambassador Burt has authorized, and we will respond to
it.  Thank you.

Josh


**Joshua A. Levy**

Partner


**Levy** | **Firestone** | **Muse**

1401 K Street NW, Suite 600, Washington, DC 20005

T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com


. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

. . .

# Exhibit L

| | |
|---|---|
| **From:** | Josh Levy |
| **To:** | Krawiec, Margaret E (WAS) |
| **Subject:** | [Ext] Re: Ambassador Burt Subpoena |
| **Date:** | 9/18/2020 10:32:00 AM |
| **CC:** | McIntosh, Michael A (WAS); Rachel Clattenburg; Scott Brooks; Junck, Ryan D (LON); Cleminshaw, Nicole M (WAS); Kelly, Todd D (WAS); Andrew Sharp |
| **BCC:** | |

**Message:**

Margaret:

We write regarding Amb. Burt's deposition.

Please advise whether Amb. Burt is still available on November 6, 2020 for a remotely held deposition.

Let us also address the points made in your email, in the hopes that Amb. Burt will comply with a negotiated resolution of the document subpoena and sit for a deposition in this case without litigation. Without waiver of Defendants' positions as to relevance, and reserving all of Defendants' rights, we respond as follows to your email:

1.   Document Production –

We understand that Amb. Burt will be conducting a search for documents from Jan. 1, 2016 through October 3, 2017, concerning the substantial truth or falsity of CIR 112.

With respect to our request for "documents from June 1, 2015 through October 3, 2017, concerning Amb. Burt's communications with individuals affiliated with, and/or his activities related to, the Trump Campaign or Trump Transition, you state that documents relevant to the substantial truth or falsity of the alleged defamatory statement, "Russia/US Presidential Election: Kremlin-Alfa Group Co-Operation," must involve Plaintiffs. That makes no sense. The statement does not mention Plaintiffs. It mentions Alfa. Your limitation would shield from Defendants documents relevant to the substantial truth of this statement. Accordingly, this search must also include any documents relating to Alfa, as that term is defined in the subpoena. Furthermore, the alleged defamatory statement says nothing about being "on behalf of or at the request of the Plaintiffs," as you propose to limit the search. Therefore, documents responsive to this search include documents from June 1, 2015 through January 20, 2017 to the extent that they reflect, describe and/or relate to communications with, and/or attempts to establish a line of communication with, the Trump Campaign or Trump Transition, and that mention/refer/relate to Plaintiffs and/or "Alfa," as that term is defined in the subpoena. We ask that Amb. Burt conduct this search and produce any responsive documents.

In an effort to reach an accommodation with you and to ease the review and production for Amb. Burt, we have agreed to forego the vast majority of our requests, and we can agree to the

1

truncated time periods for the review and production of documents that you propose. Our massive concessions belie your effort to pollute the record with inapt references to fishing expeditions.

    2.    Deposition –

We will not limit the scope of Amb. Burt's deposition to the compromised scope of his document review and production. He is a central figure in this case. We are entitled to ask Amb. Burt, a LetterOne director, questions that go to either party's claims and defenses - including the substantial truth or falsity of the three alleged defamatory statements, as interpreted by both parties (not just the Plaintiffs' interpretation). This includes, but is not limited to questions about Amb. Burt's relationship with Plaintiffs and Alfa; his involvement and communications with the Trump Campaign and the Trump Transition; and his knowledge about: Plaintiffs' and Alfa's relationship with the Kremlin, any favors that Plaintiffs and/or Alfa provided to Putin and/or the Kremlin, any favors that Putin and/or the Kremlin provided to Plaintiffs and/or Alfa, and any payments to government officials by Plaintiffs and/or Alfa. Because CIR 112 is not limited to a discussion of events in 2016, but rather summarizes the "history" of these relationships, the scope of these questions will include and predate 2016. Also, the public figure status of Plaintiffs is at issue. We will want to ask Amb. Burt about that status, including but not limited to the government meetings and interviews that he has arranged for Plaintiffs to invite attention and comment, and his involvement in providing them access to channels of communication. Under DC law, evidence of public figure is not limited to publicly available media, as you have previously suggested.

Please advise. Thank you.

Josh

**Joshua A. Levy**
Partner

**Levy** | **Firestone** | **Muse**
1401 K Street NW, Suite 600, Washington, DC 20005
T 202-261-6564 • C 202-360-0677 • F 202-595-8253 • levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Levy Firestone Muse LLP. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
. . .

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Monday, July 20, 2020 12:15 PM
**To:** Josh Levy <jal@levyfirestone.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D <Todd.Kelly@skadden.com>
**Subject:** RE: Ambassador Burt Subpoena

Josh –

Thank you for your email.  We have reviewed your proposal and, subject to client confirmation as noted below, agree to conduct a reasonable search for documents from Jan. 1, 2016 through October 3, 2017, concerning the substantial truth or falsity of CIR 112.

With regard to your request that we produce "documents from June 1, 2015 through October 3, 2017, concerning Amb. Burt's communications with individuals affiliated with, and/or his activities related to, the Trump Campaign or Trump Transition," we submit that this request is too broad as drafted (indeed it is broader than your original subpoena and modified subpoena) and needs to also be tied to the truth or falsity of the relevant defamatory statements in CIR 112.    We understand that Plaintiffs are alleging the following heading to be defamatory:  "Russia/US Presidential Election:  Kremlin-Alfa Group Co-Operation (CIR 112-September 14, 2016.)."  Therefore, the relevant searches of Ambassador Burt's documents related to the Trump Campaign or Trump Transition and/or presidential election must also involve the Plaintiffs.  Any documents sought not related to the truth or falsity of the relevant statements in CIR 112 would be considered a fishing expedition for non-relevant documents from a non-party.  Subject to client confirmation as noted below, we would conduct a reasonable search for documents from June 1, 2015 through January 20, 2017 (when Trump was inaugurated as President) to the extent that they reflect, describe and/or relate to communications and/or attempts to establish a line of communication with the Trump Campaign or Trump Transition regarding the 2016 US presidential election on behalf of or at the request of the Plaintiffs.

With regard to Ambassador Burt's deposition, we will only allow Ambassador Burt, a non-party, to sit for a deposition that is limited in a manner consistent with the limitations of the document subpoena.  If you are unwilling to agree to such limitations, we reserve our rights, including to seek a motion for protective order.  If you agree to such limitations, we can make Ambassador Burt available either November 6th or November 13th, and, as previously discussed, we reserve the right to request that the deposition be conducted via video due to concerns related to the COVID—19 pandemic.  In this regard, we very much appreciate you offering to make this accommodation.

Once we reach agreement on all of the above issues, reserving all rights, we will agree to produce any responsive, non-privileged documents (as described above) within 60 days of our reaching an agreement.

Please note that Ambassador Burt has not formally agreed to this approach but will consider it if the defendants are willing to consider it as well.   However, Ambassador Burt has agreed to the proposed November deposition dates.

Thank you,

Margaret

---

**From:** Josh Levy <jal@levyfirestone.com>
**Sent:** Friday, July 17, 2020 9:32 AM
**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D (LON) <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M (WAS) <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D (WAS) <Todd.Kelly@skadden.com>
**Subject:** [Ext] Re: Ambassador Burt Subpoena

Margaret --

Regarding the email below, in recapitulating your proposal, we want to clarify that we would agree to it with the understanding that your proposed scope includes: (a) documents from Jan. 1, 2016 through October 3, 2017, concerning substantial truth or falsity of CIR 112; and (b) documents from June 1, 2015 through October 3, 2017, concerning Amb. Burt's communications with individuals affiliated with, and/or his activities related to, the Trump Campaign or Trump Transition.

Josh

**Joshua A. Levy**
Partner

**Levy** | **Firestone** | **Muse**
1401 K Street NW, Suite 600, Washington, DC 20005
T 202-261-6564 • C 202-360-0677 • F 202-595-8253 • levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this

communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this
communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in
this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the
purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to
another party any tax-related matters addressed herein.

. . .

---

**From:** Josh Levy <jal@levyfirestone.com>
**Sent:** Thursday, July 16, 2020 7:02 PM
**To:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rachel Clattenburg
<rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks
<sbrooks@levyfirestone.com>; Junck, Ryan D <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M
<Nicole.Cleminshaw@skadden.com>; Kelly, Todd D <Todd.Kelly@skadden.com>
**Subject:** Re: Ambassador Burt Subpoena

Margaret --

I write to follow up on our call last week.

In an effort to reduce the burden on Amb. Burt, we will agree to your proposal that you review
and produce (1) Amb. Burt's documents from Jan. 1, 2016 through Oct. 3, 2017 regarding the
substantial truth or falsity of CIR 112, and (2) his documents between June 1, 2015 and
December 31, 2015 regarding his communications with individuals affiliated with the Trump
campaign and/or his activities relating to the Trump campaign. Our agreement to this proposal
on the scope of document review/production is without prejudice to, or waiver of, Defendants'
positions on relevance, and is without prejudice to the scope of Amb. Burt's deposition, which
we do not agree to be limited in this way. Furthermore, our agreement to this proposal on
documents is conditioned on you providing us with proposed deposition dates that we can share
with Plaintiffs' counsel.

We also ask for your consent that documents be produced within 30 days of our reaching an
agreement on what is to be reviewed and produced.

Please advise. Thank you.

Kind regards,
Josh


**Joshua A. Levy**
Partner

**Levy** | **Firestone** | **Muse**

1401 K Street NW, Suite 600, Washington, DC 20005
T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

. . .

---

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Tuesday, July 7, 2020 10:38 AM
**To:** Josh Levy <jal@levyfirestone.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D <Todd.Kelly@skadden.com>
**Subject:** RE: Ambassador Burt Subpoena

Thank you, Josh.  2:00 on Thursday sounds good.  I will send a calendar invite and dial-in momentarily.

Best regards,

Margaret

---

**From:** Josh Levy <jal@levyfirestone.com>
**Sent:** Tuesday, July 7, 2020 10:07 AM
**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D (LON) <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M (WAS) <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D (WAS) <Todd.Kelly@skadden.com>
**Subject:** [Ext] Re: Ambassador Burt Subpoena

Margaret  --

6

Thank you for your reply.

We are happy to speak with you on Thursday, at 2pm.

We certainly will be sensitive to the third party deponent's circumstances, in light of COVID-19, and, to that end, will work with you on a date and conditions for the deposition.

Kind regards,
Josh

**Joshua A. Levy**
Partner

**Levy | Firestone | Muse**
1401 K Street NW, Suite 600, Washington, DC 20005
T 202-261-6564 • C 202-360-0677 • F 202-595-8253 • levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
. . .

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Tuesday, July 7, 2020 9:20 AM
**To:** Josh Levy <jal@levyfirestone.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Zach Blau <zblau@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>; Junck, Ryan D <Ryan.Junck@skadden.com>; Cleminshaw, Nicole M <Nicole.Cleminshaw@skadden.com>; Kelly, Todd D <Todd.Kelly@skadden.com>
**Subject:** Re: Ambassador Burt Subpoena

Josh –

Thank you for your email.  How does Thursday afternoon look on your end – some time between 1:30 and 4:30 pm EST?  Once we land on a time, we will send a calendar invite with a dial-in.

Regarding scheduling Ambassador Burt's deposition, we believe it is most prudent to schedule his deposition after document production has been completed.  In this regard, we will not allow Ambassador Burt to sit for more than one deposition.  Moreover, Ambassador Burt is 73-years-old.  Accordingly, we hope you can respect the fact that we need to avoid taking any unnecessary and premature risks in light of COVID.  Given that discovery does not close in this matter until January 2021, we do not see the need to schedule Ambassador Burt's deposition within the next seven weeks.  You have our assurances that we will work with you on a date within the discovery window once document production has concluded and COVID-related concerns have dissipated.  We are happy to discuss this issue further on our call.

Thanks very much,

Margaret

> On Jul 6, 2020, at 10:03 AM, Josh Levy <jal@levyfirestone.com> wrote:
>
> Margaret --
>
> We are following up on our subpoena to Ambassador Richard Burt for documents and testimony.  We would like to discuss the subpoena for documents at a time that works for you this week.
>
> We would also like to schedule his deposition. If there are dates within the next seven weeks that work for Amb. Burt, please let us know, and we can share them with Plaintiffs' counsel in order to reach a mutually agreeable date for the deposition.
>
> Thank you.
>
> Kind regards,
> Josh
>
> **Joshua A. Levy**
> Partner
>
> **Levy | Firestone | Muse**
> 1401 K Street NW, Suite 600, Washington, DC 20005
> T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
. . .

---

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Thursday, January 9, 2020 9:03 AM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** RE: Ambassador Burt Subpoena

Josh,

I hope this finds you well and that you had a good holiday.  As you know, the subpoena served on Ambassador Burt currently requires him to attend a deposition on January 15, 2020 and to produce responsive documents by January 31, 2020.  As stated in the objections that we served on December 13, 2019, we hope to continue to meet and confer and to resolve this matter outside of litigation.  To that end, we ask that you agree to vacate the current deadlines and to hold the dates for the deposition and document production in abeyance pending the conclusion of the meet-and-confer process.

We look forward to further discussing the scope of the subpoena at your convenience.

Thank you,

Margaret

---

**From:** Krawiec, Margaret E (WAS)
**Sent:** Friday, December 13, 2019 4:58 PM
**To:** 'Josh Levy' <jal@cunninghamlevy.com>

9

**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rideout, Patrick G
(NYC) <Patrick.Rideout@skadden.com>; Rachel Clattenburg
<rmc@cunninghamlevy.com>
**Subject:** RE: [Ext] Re: Ambassador Burt Subpoena

Josh –

As promised, attached please find our written objections.  Once you have had an
opportunity to review and consider the objections, we would welcome the opportunity
to further discuss the scope of the Subpoena and hope to reach a mutually agreeable
resolution.  To this end, please contact us when you are ready to resume our
discussions.

Have a good weekend.

Margaret

---

**From:** Josh Levy <jal@cunninghamlevy.com>
**Sent:** Monday, December 9, 2019 2:56 PM
**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rideout, Patrick G
(NYC) <Patrick.Rideout@skadden.com>; Rachel Clattenburg
<rmc@cunninghamlevy.com>
**Subject:** [Ext] Re: Ambassador Burt Subpoena

Margaret:

Extending the deadline for objections is not a problem.  I am overseas and am
traveling back home 12/12-13.  In the interest of being available, should you
want to discuss our proposal below and/or Modified Exhibit A, we can extend
the deadline for objections even further to December 19, 2019. I will be free
nearly any time next week, should you want to talk.

Kind regards,
Josh

**Joshua A. Levy**
**Cunningham Levy Muse LLP**
1401 K Street, NW, Suite 600
Washington, DC  20005
202.261.6564 (w)
202.360.0677 (m)
jal@cunninghamlevy.com
cunninghamlevy.com

***

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Cunningham Levy Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6564, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
***

---

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Monday, December 9, 2019 2:43 PM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** RE: Ambassador Burt Subpoena

Hi Josh –

Thank you for your email.  We currently are analyzing Modified Exhibit A and would be very grateful for a modest extension of the written objections deadline that we agreed upon from Wednesday, December 11th to Friday, December 13th.  Please advise at your earliest convenience.

Thank you,

Margaret

---

**From:** Josh Levy <jal@cunninghamlevy.com>
**Sent:** Thursday, December 5, 2019 11:16 AM
**To:** Krawiec, Margaret E (WAS) <Margaret.Krawiec@skadden.com>
**Cc:** McIntosh, Michael A (WAS) <Michael.McIntosh@skadden.com>; Rideout, Patrick G (NYC) <Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** [Ext] Re: Ambassador Burt Subpoena

Margaret:

In the interest of lessening any burden on your client, please find attached a modified Exhibit A to the original subpoena ("Modified Exhibit A").  Among other things, we have extended the deadline to January 31, 2019.

In furtherance of our objective to lighten any burden on your client: If you agree to produce all non-privileged, responsive documents to Requests Nos. 1 and 2 in Modified Exhibit A and, if applicable, a privilege log by January 31, 2019, then we will hold in abeyance the other Requests in Modified Exhibit A, while preserving our right to demand those documents from your client at a later date.  The documents responsive to Requests Nos. 1 and 2 in Modified Exhibit A are relevant to the truth of the alleged defamatory statements and CIR 112.

Please advise.  Thank you.

Kind regards,
Josh

**Joshua A. Levy**
**Cunningham Levy Muse LLP**
1401 K Street, NW, Suite 600
Washington, DC  20005
202.261.6564 (w)
202.360.0677 (m)
jal@cunninghamlevy.com
cunninghamlevy.com

***
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Cunningham Levy Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6564, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code

or (2) promoting, marketing or recommending to another party any tax-related matters
addressed herein.
***

---

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Tuesday, November 26, 2019 10:14 AM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G
<Patrick.Rideout@skadden.com>; Rachel Clattenburg <rmc@cunninghamlevy.com>
**Subject:** Re: Ambassador Burt Subpoena

Thank you very much for your email, Josh. We look forward to continuing to work with
you in a constructive manner. Happy holidays.

Best regards,

Margaret


> On Nov 26, 2019, at 10:11 AM, Josh Levy <jal@cunninghamlevy.com>
> wrote:
>
>
> Margaret & co:
>
> Thank you for the productive call last week. We continue to take
> seriously the points you raised in it, and we are working on a
> modified request for your consideration.  We plan on
> communicating that to you next week.
>
> In the meantime, enjoy the holiday.  As we continue to work
> through these matters, we will extend the date for the service of
> objections another week to December 11, 2019, and we will
> extend the date of production another week to January 31, 2019.
>
> Kind regards,
> Josh
>
> **Joshua A. Levy**
> **Cunningham Levy Muse LLP**
> 1401 K Street, NW, Suite 600
> Washington, DC  20005
> 202.261.6564 (w)

202.360.0677 (m)
jal@cunninghamlevy.com
cunninghamlevy.com

***

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Cunningham Levy Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6564, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
***

**From:** Krawiec, Margaret E <Margaret.Krawiec@skadden.com>
**Sent:** Monday, November 18, 2019 11:20 AM
**To:** Josh Levy <jal@cunninghamlevy.com>
**Cc:** McIntosh, Michael A <Michael.McIntosh@skadden.com>; Rideout, Patrick G <Patrick.Rideout@skadden.com>
**Subject:** Ambassador Burt Subpoena

Josh,

Following up on our conversation Friday afternoon, we agree to accept service of the subpoena on Ambassador Burt and to waive any procedural objections.  We also confirm that Ambassador Burt will preserve all documents potentially responsive to the subpoena.  Please confirm that you agree to (i) extend the deadline for objections to the subpoena until December 4, 2019; and (ii) extend the deadline to produce documents responsive to the subpoena until January 24, 2020.

14

As discussed, we hope to work with you to develop an agreed-on set of search terms that will guide our process of collecting documents from Ambassador Burt.  Please note that, regardless of which search terms we use for collection purposes, all documents potentially responsive to the subpoena will be preserved.

We look forward to our call on Wednesday at 1:30 p.m.

Thank you,

Margaret


**Margaret E. Krawiec**
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W. | Washington | D.C. | 20005-2111
T: 202.371.7303 | F: 202.661.9123
margaret.krawiec@skadden.com

Skadden

-------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.


================================================
===============================

-------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

15

```
========================================================
====================
```
--------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

```
========================================================
====================
```
--------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

```
========================================================
====================
```
--------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

```
==================================================================
=========
```
--------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named

herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

====================================================================================

------------------------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

====================================================================================