## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MIKHAIL FRIDMAN, PETR AVEN, and
GERMAN KHAN,

                    Plaintiffs,

          v.                                                    No. 1:17-cv-2041-RJL

BEAN LLC a/k/a FUSION GPS, and GLENN
SIMPSON,

                    Defendants.

## DEFENDANTS BEAN LLC'S AND GLENN SIMPSON'S MOTION TO COMPEL PRODUCTION OF PLAINTIFFS' FINANCIAL RECORDS AND OTHER DOCUMENTS RELEVANT TO DAMAGES AND SUBSTANTIAL TRUTH AND TO REVISE PLAINTIFFS' ANSWER TO INTERROGATORY NO. 20 AND RULE 26(a)(1)(A)(iii) DISCLOSURE

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendants Bean LLC a/k/a Fusion GPS and Glenn Simpson (collectively, "Defendants") respectfully file this Motion to Compel Plaintiffs Mikhail Fridman, Petr Aven, and German Khan (collectively, "Plaintiffs") to produce all documents and information responsive to Defendants' Document Request Nos. 57-60; to revise their Answer to Interrogatory No. 20 to fully answer the interrogatory, including specifying their damages and the factual basis for their damages; and to fulfill their requirements under Federal Rule Civil Procedure 26(a)(1)(A)(iii). As stated more fully in the accompanying Memorandum of Law, Plaintiffs are inappropriately withholding responsive documents relevant to Plaintiffs' damages claims and to the substantial truth or falsity of the alleged defamatory statements in CIR 112, and have refused to adequately respond to Defendant's interrogatory concerning damages or to disclose the information on damages required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

Pursuant to Local Civil Rule 7(m), Defendants met and conferred with Plaintiffs on this issue in a good faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement.[1] The Parties, however, were unable to resolve their disagreement. Plaintiffs oppose this motion.

Dated:    October 27, 2020                                  */s/* Joshua A. Levy

Joshua A. Levy (D.C. Bar No. 475108)
Rachel M. Clattenburg (D.C. Bar No. 1018164)
**LEVY FIRESTONE MUSE LLP**
1401 K St. NW, Suite 600
Washington, DC 20005
Tel: (202) 845-3215
Fax: (202) 595-8253
jal@levyfirestone.com
rmc@levyfirestone.com

*Counsel for Defendants*

---

[1] The Parties met and conferred on October 7, 2020 about this Motion. The Parties have engaged in extensive correspondence about this issue, *see* Exs. 6-18, including Defendants' emails dated: September 9, 2020; September 21, 2020; September 30, 2020; October 5, 2020; October 15, 2020, October 20, 2020; October 21, 2020; October 22, 2020;  and Plaintiffs' emails dated: September 17, 2020; September 29, 2020; October 2, 2020; October 14, 2020; October 20, 2020; October 21, 2020.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MIKHAIL   FRIDMAN,   PETR   AVEN,   and
GERMAN KHAN,

          Plaintiffs,

    v.

BEAN LLC a/k/a FUSION GPS, and GLENN
SIMPSON,

          Defendants.

Civil Case No. 1:17-cv-2041-RJL

<u>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**</u>
<u>**MOTION TO COMPEL PRODUCTION OF PLAINTIFFS' FINANCIAL RECORDS**</u>
<u>**AND OTHER EVIDENCE  RELEVANT TO DAMAGES AND SUBSTANTIAL TRUTH**</u>
<u>**AND TO REVISE PLAINTIFFS' ANSWER TO INTERROGATORY NO. 20 AND**</u>
<u>**RULE 26(a)(1)(A)(iii) DISCLOSURE**</u>

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

BACKGROUND ...................................................................................................3

    **A.**    Plaintiffs Allege That Three Statements Are False and Defamatory..................3

    **B.**    Plaintiffs Make Conclusory Allegations about Damages ...................................4

    **C.**    The Instant Dispute ...........................................................................................5

        **1)**    Plaintiffs Refuse to Specify the Factual Basis for Their Alleged Damages in Their Initial Disclosures and Their Response to Interrogatory No. 20..........5

        **2)**    Plaintiffs Are Withholding Documents Relevant to Mitigating and Rebutting Their Damages Claims, and to the Substantial Truth of the Alleged Defamatory Statements ................................................................9

ARGUMENT .....................................................................................................14

    **A.**    Legal Standards................................................................................................14

    **B.**    Plaintiffs' Answer to Interrogatory No. 20 and Rule 26(a)(1)(A)(iii) Disclosure Are Incomplete. ............................................................................15

    **C.**    Plaintiffs' Counsel's Certification of Knowingly Incomplete Responses Violates Fed. R. Civ. P. 26(g)........................................................................18

    **D.**    Plaintiffs Must Produce Their Financial Records ...........................................19

        1)    Evidence Related to Plaintiffs' Earned Income, Including Tax Returns, Is Relevant to Rebutting Plaintiffs' Claims of Harm and to the Amount of Presumed General Damages. ................................................21

        **2)**    The Requested Financial Records Are Relevant to the Substantial Truth or Falsity of the Alleged Defamatory Statements...............................25

CONCLUSION ..................................................................................................26

## **INTRODUCTION**

Plaintiffs, three Russian oligarch billionaires, who lead the Alfa Group consortium of companies, have sued Glenn Simpson and his small research firm, Fusion GPS, for damages based on three statements about these oligarchs' and Alfa's decades-long relationship with Putin and the Kremlin. Plaintiffs are no longer seeking economic or punitive damages. And, three years on in this litigation, Plaintiffs have yet to specify their alleged general damages or the factual basis for any alleged harm. Nor have Plaintiffs agreed to produce *any* of their financial documents, which are relevant to any damages claims, any mitigation of them, and the substantial truth or falsity of the alleged defamation. In an effort to address this failure, Plaintiffs' counsel recently made various representations about damages in an email, but those representations by counsel are no substitute for Plaintiffs' verified discovery obligations, which they refuse to supplement. Inasmuch as Plaintiffs have deliberately provided incomplete discovery responses, sanctions under Fed. R. Civ. P. 26(g)(3) are warranted.

Damages are an essential element of Plaintiffs' defamation claim. In their Amended Complaint, Plaintiffs have claimed, in a vague and conclusory manner, harm to their business interests, lost business opportunities, and harm to their professional and personal reputations. Am. Compl. ¶¶ 10, 33. Yet in discovery, Plaintiffs have not provided any specific information about their alleged damages. In Plaintiffs' Answers to Interrogatories and their Federal Rule of Civil Procedure 26(a)(1)(A)(iii) disclosure, they have refused to specify damages or the factual basis for any alleged harm. Presumably, this is because they have not, in fact, suffered any appreciable harm. Since their last defeat in a defamation action before this same District Court, which featured allegations of criminality including corruption and drug trafficking, Plaintiffs have only gotten

vastly wealthier from their controversial business dealings in the former Soviet Union and have expanded their investments in the West, including the United States.

Plaintiffs have also refused to produce or identify evidence in their possession or control relevant to any alleged harm. Plaintiffs may not sue to recover damages only to turn around and deny Defendants the evidence they need to rebut Plaintiffs' claims of damages. This recalcitrance prejudices Defendants and is yet another example of Plaintiffs' refusal to produce any meaningful documents, while harassing Defendants with this lawsuit. It also further calls into question whether Plaintiffs and their counsel discharged their obligations under Rule 11 before filing their Amended Complaint.

Discovery has now made plain that Plaintiffs filed suit not to remedy any alleged harm to themselves, but instead to harass Mr. Simpson and Fusion GPS and chill any further criticism of Plaintiffs in the ongoing controversies in the United States over the activities of Russia's wealthiest oligarchs and their relationship with the Kremlin. It is not surprising that Plaintiffs are no longer seeking recompense for financial loss given that they have remained billionaires after any alleged publication. Thus, instead of using this lawsuit to be made whole, Plaintiffs are pressing this case to intimidate Defendants and others from availing themselves of their right to free speech under the First Amendment. This lawsuit also seeks to punish Defendants by forcing them to expend considerable resources in litigation. As part of this increasingly blatant and abusive legal strategy, Plaintiffs have withheld the most relevant documents from discovery at nearly every turn. Russian oligarchs may be accustomed to having their cake and eating it too in Vladimir Putin's Russia, but they should not be able to do so in U.S. District Court.

Plaintiffs' obstinacy has already forced Defendants to file two other motions to compel. Defendants filed their first motion to compel because Plaintiffs claim, on the one hand, that alleged

statements about Alfa defamed them, but refuse, on the other hand, to produce their Alfa documents, even though Plaintiffs own, founded, run and control Alfa. Defendants filed another motion to compel because Plaintiffs have tried to manipulate the text of CIR 112 far beyond its plain meaning in order to argue that the statements about Plaintiffs are relevant to nothing more than the 2016 election, when CIR 112 is a two-page summary of Plaintiffs' and Alfa's relationship with Putin and the Kremlin, dating back to the 1990s. Defendants also moved to compel production of Plaintiffs' documents from the Mueller investigation—which are relevant even under Plaintiffs' erroneous interpretation of the alleged defamatory statements—and from a Spanish criminal investigation, which investigated favors that Plaintiffs and Alfa made to benefit Putin and other Russian officials – exactly what this litigation is about.

Plaintiffs' intention to use this lawsuit as nothing more than a vehicle for harassment became plain earlier this month when Plaintiffs' counsel, unable to stall any longer, divulged that Plaintiffs are not seeking economic damages (or punitive damages), and on that basis, would not be producing any responsive financial records. But Plaintiffs' attempt to hide their relevant financial documents by dropping their claims for economic and punitive damages must fail, because such documents remain relevant to whether Plaintiffs suffered any reputational or emotional harm, the amount of any presumed damages, and the substantial truth or falsity of the alleged defamatory statements.

Thus, Defendants respectfully request that the Court order Plaintiffs to supplement their Answer to Interrogatory No. 20, supplement their Rule 26(a)(1)(A)(iii) disclosure, and produce documents responsive to Document Requests 57-60.

## BACKGROUND

### A) Plaintiffs Allege That Three Statements Are False and Defamatory.

Plaintiffs allege that the following lines in CIR 112 are false and defamatory:

- Plaintiffs claim that the line, "RUSSIA/US PRESIDENTIAL ELECTION: KREMLIN-ALPHA GROUP COOPERATION," is false and defamatory. Pls.' Suppl. Resp. to Interrog. No. 2, ECF No. 78-6.[1]

- Plaintiffs claim that this sentence in CIR 112 is false and defamatory: "Significant favours continued to be done in both directions, primarily political ones for PUTIN and business/legal ones for Alpha." *Id.*

- Plaintiffs claim that the following content of CIR 112 is false and defamatory: "during the 1990s [Oleg] GOVORUN had been Head of Government Relations at Alpha Group and in reality, the 'driver' and 'bag carrier' used by FRIDMAN and AVEN to deliver large amounts of illicit cash to the Russian president, at that time deputy Mayor of St Petersburg. Given that and the continuing sensitivity of the PUTIN-Alpha relationship, and need for plausible deniability, much of the contact between them was now indirect and entrusted to the relatively low profile GOVORUN." *Id.*

**B)  Plaintiffs Make Conclusory Allegations About Damages.**

In their Amended Complaint, Plaintiffs claim that they "seek an award of compensatory and punitive damages for the harm to their personal and professional reputations, current business interests, and the impairment of business opportunities." Am. Compl. ¶ 10, Dkt. No. 17. They allege "serious injury to their personal, professional, and institutional reputations." *Id.* ¶ 33. However, in their revised answers to interrogatories, Plaintiffs abandon this long-held position and state that they are now seeking damages only for "harm to their reputations and for emotional harm" and no longer appear to be seeking economic or punitive damages. Ex. 2, Pls.' Second Supp. Resps., Answer to Interrogatory No. 20 ("Pls.' Rev. Answer to Int. No. 20"). While this bow to reality was predictable, Plaintiffs still refuse to elaborate on the precise contours of these vague and broad categories of alleged damages, leaving Defendants in the dark about what harm Plaintiffs claim they suffered.

---

[1] CIR 112 spells Alfa as "Alpha" throughout.

### C)  The Instant Dispute

    1)  **Plaintiffs Refuse to Specify the Factual Basis for Their Alleged Damages in Their Initial Disclosures and Their Response to Interrogatory No. 20.**

Plaintiffs refuse to specify their damages in their answers to interrogatories or their Rule 26(a)(1) disclosures. Defendants' Interrogatory No. 20 asks for the following information pertaining to damages:

> For each element of damage that you claim in this action, including, but not limited to, the injuries claimed at Paragraphs 10 and 33 of the Complaint, identify separately and with specificity the complete nature of your injury, the amount of damage and how you calculate it, all facts relating to or supporting the allegation of injury, and all documents that refer or relate to, contain information concerning, or upon which you rely to show the damages you claim in this action.

Specifically, in their first Answer to Interrogatory No. 20, Plaintiffs responded as follows, without specifying their damages:

> Plaintiffs' damages have not been computed at this time. As indicated in the Amended Complaint, Plaintiffs seek compensatory damages and punitive damages in amounts to be proven at trial, together with interest and the costs and disbursements of this action, plus reasonable attorneys' fees. Plaintiffs have suffered damage to their personal, professional, and institutional reputations, in that persons who read or saw the contents of CIR 112 were led to understand, incorrectly, that Plaintiffs had an inappropriate relationship with Putin, engaged in inappropriate and criminal activities such as bribery and extortion, and, based on the headline of CIR 112, were involved in some unspecified way in a Kremlin-orchestrated campaign to interfere in the 2016 U.S. presidential election. This information affected how people viewed, regarded, and treated Plaintiffs, and has affected Plaintiffs in their personal and business relationships.

Ex. 1, Pls.' Answer to Interrogatory No. 20.

Furthermore, Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure also asks for specifics about damages. That Rule requires Plaintiffs to disclose "a computation of each category of damages claimed" and to "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which

each computation is based, including materials bearing on the nature and extent of injuries suffered." In their original Rule 26(a)(1)(A)(iii) disclosure, Plaintiffs' stated, without specifying the requested information on damages:

> Plaintiffs' damages have not been computed at this time. As indicated in the Amended Complaint, Plaintiffs seek compensatory damages and punitive damages in amounts to be proven at trial, together with interest and the costs and disbursements of this action, plus reasonable attorneys' fees.

Ex. 3, Pls.' Initial Disclosures, at 7.

Because Plaintiffs' first response to Interrogatory No. 20 and Plaintiffs' first Rule 26(a)(1)(A)(iii) disclosures did not specify their damages or the factual basis for their damages claims, Defendants requested that "Plaintiffs supplement their response to Interrogatory No. 20 by responding fully to it" and "supplement their Rule 26(a)(1)(A)(iii) disclosure to specify damages." Ex. 10, Email from J. Levy to A. Lewis (Sept. 30, 2020). In response, by email dated October 2, 2020, Plaintiffs' counsel for the first time informed Defendants that Plaintiffs are only pursuing general damages, not economic damages. Ex. 11, Email from A. Lewis to J. Levy (Oct. 2, 2020) ("Plaintiffs will not be seeking special damages based on financial losses and therefore, there are no damages documents to produce."). But Plaintiffs' position that they do not have economic damages does not alter the relevance of the information and documents Defendants seek.

Following the Parties' meet and confer, Plaintiffs agreed to supplement their Answer to Interrogatory No. 20 and their Rule 26(a)(1)(A)(iii) disclosure. Their revised Answer and Rule 26(a)(1)(A)(iii) disclosure remove the claims for economic and punitive damages but remain as vague and unspecific as the originals.

Specifically, Plaintiffs' revised Answer to Interrogatory No. 20 states:

> Plaintiffs' damages have not been computed at this time. Plaintiffs seek presumed damages and general damages for harm to their reputations and for emotional harm in amounts to be proven at trial, but more than $75,000,

together with interest and the costs and disbursements of this action, plus reasonable attorneys' fees. Plaintiffs have suffered damage to their reputations, in that persons who read or saw the contents of CIR 112 were led to understand, incorrectly, that Plaintiffs had an inappropriate relationship with Putin, engaged in inappropriate and criminal activities such as bribery and extortion, and, based on the headline of CIR 112, were involved in some unspecified way in a Kremlin orchestrated campaign to interfere in the 2016 U.S. presidential election. This information affected how people viewed, regarded, and treated Plaintiffs. At trial, Plaintiffs will rely on testimony from themselves and/or third parties to show the wide dissemination of the defamatory statements, and how the defamatory statements damaged Plaintiffs' reputations, affected Plaintiffs in their personal relationships, and caused Plaintiffs emotional stress.

Ex. 2, Pls.' Rev. Answer to Int. No. 20 (footnote omitted) (In a footnote to their Answer, Plaintiffs identified two third parties who would provide testimony in support of their damages.) Plaintiffs' answer provides no facts specifying how the alleged defamatory "information affected how people viewed, regarded, and treated" them or how the statements "damaged Plaintiffs' reputations, affected Plaintiffs in their personal relationships, and caused Plaintiffs emotional distress." *Id.* Nor does Plaintiffs' answer identify any documents on which Plaintiffs will be relying to show damages, other than documents they might receive from third parties.

Plaintiffs' revised Rule 26(a)(1)(A)(iii) disclosure states:

> Plaintiffs' damages have not been computed at this time. Plaintiffs seek presumed damages and general damages for harm to their reputations and for emotional harm in amounts to be proven at trial, but more than $75,000, together with interest and the costs and disbursements of this action, plus reasonable attorneys' fees. At trial, Plaintiffs will rely on testimony from themselves and/or third parties to show the wide dissemination of the defamatory statements, and how the defamatory statements damaged Plaintiffs' reputations, affected Plaintiffs in their personal relationships and caused Plaintiffs emotional stress.

Ex. 4, Pls.' Revised Initial Disclosures, at 11-12 (footnote omitted).

By email, Defendants' counsel informed Plaintiffs' counsel that the "revised responses, however, do not sufficiently specify Plaintiffs' damages," and that, as the parties had already engaged in a Rule 7(m) meet and confer on the issue, another one seemed unnecessary unless

7

Plaintiffs had changed their position. Ex. 14, Email from J. Levy to A. Lewis (Oct. 15, 2020).

Plaintiffs' counsel responded:

> Last week Plaintiffs supplemented their Interrogatory Responses and revised their Initial Disclosures (together, "Additional Disclosures"), as you requested, in an effort to clarify Plaintiffs' claimed damages.  As indicated in Plaintiffs' supplemental response to Interrogatory No. 20, Plaintiffs' presumed and general damages for harm to their reputations and for emotional harm cannot be specifically computed now but such damages will be proven at trial.  While we disagree that the Additional Disclosures are not sufficiently specific, as you suggest in your October 15 email, we nevertheless provide the following to try to address your professed concerns further.
>
> Plaintiffs will prove their damages through their own testimony and testimony of Ed Rogers and Richard Burt.  Such testimony will reveal that, as a result of the widespread dissemination of the defamatory statements accusing Plaintiffs of corrupt, criminal and other inappropriate conduct, Plaintiffs (a) suffered harm to their reputations, (b) experienced significant humiliation, embarrassment, and emotional distress, and (c) experienced the loss of or negative impact on relationships with people.  People that read or heard about the defamatory statements, including personal friends and acquaintances of the Plaintiffs, contacted Plaintiffs and asked about the facts alleged, questioned Plaintiffs' integrity and reputations, and/or expressed concern about how their own reputations would suffer based on their association with Plaintiffs.  Some personal friends, contacts, or acquaintances of Plaintiffs no longer communicated or met with Plaintiffs after seeing or hearing about the defamatory statements.  At least one close friend of Mr. Aven told him that he could no longer see or speak to Mr. Aven publicly because of the damage it might do, reputationally, to be linked or associated with Mr. Aven and the allegations in CIR 112.  The damage Plaintiffs have suffered to their reputations has also manifested itself in connection with their philanthropic activities.  Thus, Plaintiffs have experienced damage and harm to their relationships with people, which has caused them to experience emotional distress.

Ex. 15, Email from A. Lewis to J. Levy (Oct. 20, 2020).

This response from Plaintiffs' counsel contains information that is not in Plaintiffs' Answers to Interrogatories or their Rule 26(a) disclosures. Defendants' counsel asked Plaintiffs' counsel if Plaintiffs would be supplementing their discovery to reflect this new information.

Plaintiffs' counsel said no. Instead, Plaintiffs' counsel represented that Plaintiffs' Answer to Interrogatory No. 20 and Rule 26(a)(1)(A)(iii) disclosure were sufficient in their current form:

> Plaintiffs have already disclosed these witnesses in their Initial Disclosures, and stated that they are knowledgeable about the damages suffered.  *See* Initial Disclosures at pp. 10-11; Response to Interrogatory No. 1.  We have also disclosed our damages theory and how we intend to prove it.  *See* Initial Disclosures at pp. 11-12; Response to Interrogatory No. 20.  While we provided you with a more fulsome explanation below following our 7(m) conference, we do not believe more granularity is required under Fed. R. Civ. P. 26 or 33.

Ex. 17, Email from A. Malyshev to J. Levy (Oct. 21, 2020). Accordingly, Plaintiffs are unwilling to verify that the information in their counsel's email concerning damages is, indeed, true. The additional information in the email is of no evidentiary value if it is not in Plaintiffs' discovery. *See also* Ex. 16, Email from J. Levy to A. Malyshev (Oct. 21, 2020) & Ex. 18, Email from J. Levy to A. Lewis (Oct. 22, 2020).

Plaintiffs' Answer and Rule 26(a)(1)(A)(iii) disclosure—failing as they do to provide the requested information, including the specific factual basis for the alleged damages—are insufficient.

> **2) Plaintiffs Are Withholding Documents Relevant to Mitigating and Rebutting Their Damages Claims, and to the Substantial Truth of the Alleged Defamatory Statements.**

In addition to failing to provide sufficient information in their answer to interrogatory and Rule 26(a)(1) disclosure, Plaintiffs are withholding evidence relevant to damages, including evidence of their income, business transactions, loss of clients, and other financial records that could support Defendants' defense that Plaintiffs have not suffered any injury to reputation or otherwise, and that go to mitigation of damages. Ex. 5, Pls.' Supp. Resps. To Doc. Requests Nos.

57, 59, 60 & Pls' Resps. To Doc. Request No. 58.[2] Plaintiffs are withholding documents related to Plaintiffs' earned income, tax returns, and documents indicating in any way whether Plaintiffs lost money, revenue, business financing, or customers as a result of the publication of the allegedly false and defamatory statements. The requested financial records are also relevant to the substantial truth or falsity to the extent they show favors to or from Putin and/or the Kremlin, payments to government officials, or cooperation between Alfa and the Kremlin.

Plaintiffs, in their discovery responses, have divided damages-related documents into two categories: (1) documents that Plaintiffs claim support their claims for damages; and (2) documents responsive to Defendants' Document Request Nos. 57-60.

As to the first category (those that support Plaintiffs' claim of damages), and in an effort to avoid further litigation, Defendants agreed to allow Plaintiffs to produce documents evidencing their claims of damages in conjunction with their forthcoming depositions. Specifically, the parties agreed that "[e]ach Plaintiff shall produce any and all documents on which he is relying to support his claim of damages no later than 14 calendar days before the date of his deposition." Letter from J. Levy to A. Lewis (Apr. 16, 2020), at 4, Dkt. No. 78-10. The parties reached this agreement when Plaintiffs' depositions were to occur over the summer. Plaintiffs, however, asked that their depositions be postponed to September and then again to November, when they are currently scheduled to take place. In all events, that agreement applied only to documents supporting Plaintiffs' claims of damages and does not excuse Plaintiffs from producing documents responsive to Document Request Nos. 57-60, which are not limited to documents that support Plaintiffs' claims for damages.

---

[2] Exhibit 5 contains the full version of Plaintiffs' supplemental responses to document requests and an excerpt from Plaintiffs' first responses to document requests. A complete copy of Plaintiffs' responses to document requests is at Dkt. No. 78-5.

With respect to the second category of documents (documents responsive to Defendants'

Document Requests Nos. 57-60), the following Document Requests and Plaintiffs' Responses are

at issue in this Motion:

> **REQUEST NO. 57**: All tax returns filed by you or on your behalf for the years 2013 to present.
>
> **REVISED RESPONSE:** Plaintiffs state that they are withholding responsive documents on the basis that they are not relevant to the issues in this Action, including but not limited to the truth or falsity of the defamatory statements asserted in CIR 112. Moreover, Plaintiffs have already represented to Defendants that any documents used for the purpose of supporting Plaintiffs' damages claims will be produced prior to the deposition of any of the Plaintiffs.
>
> **REQUEST NO. 58:** All tax returns filed by Alfa, the Other Entities, or a third party on their behalf for the years 2013 to the present.[3]
>
> **RESPONSE**: Plaintiffs object to this request as vague, ambiguous, and seeking documents that are not relevant to the issues in the Action. Plaintiffs object to this request as seeking documents not within Plaintiffs' possession, custody, or control, and as seeking documents of non-parties over whom Plaintiffs have no control, such as Alfa and Other Entities. Alfa's and the Other Entities' tax returns or filings are not relevant to the issues in the Action.
>
> **REQUEST NO. 59**: All documents relating to your earned income, including wages and investments, for the years 2013 to present.
>
> **REVISED RESPONSE:** Plaintiffs state that they are withholding responsive documents on the basis that they are not relevant to the issues in this Action, including but not limited to the truth or falsity of the defamatory statements asserted in CIR 112. Moreover, Plaintiffs have already represented to Defendants that any documents used for the purpose of supporting Plaintiffs' damages claims will be produced prior to the deposition of any of the Plaintiffs.
>
> **REQUEST NO. 60:** All documents, including but not limited to any and all financial records, indicating in any way that you lost money, revenue, business, financing, or customers as a result of the publication of the

---

[3] The issue of whether Plaintiffs have possession, custody, or control of Alfa documents is currently pending before the Court. *See* Dkt. No. 78. Should the Court hold that Plaintiffs have possession, custody, or control of these documents, and hold that Plaintiffs must provide documents responsive to Request No. 57, then Plaintiffs must also produce these Alfa tax returns.

statements quoted in the Complaint that Plaintiffs claim are false and defamatory.

**REVISED RESPONSE**: To the extent that Plaintiffs possess documents stemming from damages incurred as a result of the publication of the defamatory statements alleged in the Complaint, Plaintiffs have already represented to Defendants that such documents will be produced prior to the depositions of any of the Plaintiffs.

Ex. 5, Pls.' Supp. Resps. to Requests for Prod. (Requests 57, 59, 60) & Pls.' Responses to Requests for Prod. (Request 58). By email dated September 21, 2020, Defendants renewed their request that Plaintiffs produce all documents responsive to Document Request Nos. 57-60 and that Plaintiffs produce by September 30 the documents that support their claims of damages.[4] Ex. 8, Email from J. Levy to A. Lewis (Sept. 21, 2020). By email dated September 29, 2020, Plaintiffs once more refused to produce documents supporting their claim of damages. Ex. 9, Email from A. Lewis to J. Levy (Sept. 29, 2020). Instead, Plaintiffs continued to insist they would only produce documents supporting their claims of damages 14 days prior to their depositions, which are now scheduled for November. Notwithstanding that position, Plaintiffs flatly refused to produce the documents responsive to Document Request Nos. 57-60. *Id.*

Defendants followed up again, requesting that Plaintiffs "promptly produce (a) the documents supporting Plaintiffs' damages claims and (b) those documents you are withholding that are responsive to Document Request Nos. 57-60, regardless of whether such responsive documents support Plaintiffs' claims or not." Ex. 10, Email from J. Levy to A. Lewis (Sept. 30, 2020).

---

[4] Due to the postponements of Plaintiffs Fridman, Aven and Khan's depositions, Defendants sought a timely production of Plaintiffs' documents, so that further delays in scheduling Plaintiffs' depositions would not prejudice Defendants' ability to take discovery based on Plaintiffs' documents.

In response, Plaintiffs suddenly changed tact, asserting they were not seeking compensation for financial loss after all. On October 2, 2020, counsel for Plaintiffs e-mailed Defendants' counsel as follows:

> Plaintiffs will not be seeking special damages based on financial losses and therefore, there are no damages documents to produce. This should render moot our previous disagreement about when such documents would have been due. In this light, Plaintiffs' personal finances are utterly irrelevant and we therefore stand on our objections to Requests 57-60.

Ex. 11, Email from A. Lewis to J. Levy (Oct. 2, 2020). Defendants responded, asking for clarification on whether Plaintiffs had *any* documents supporting their claims for damages, explaining Defendants' position that the documents requested were relevant regardless of whether Plaintiffs claim financial loss, and again requesting that Defendants revise their Answer to Interrogatory No. 20 and their Rule 26(a) disclosure. Ex. 12, Email from J. Levy to A. Lewis (Oct. 5, 2020). Plaintiffs' counsel later clarified that "other than documents that have been or may be produced by third parties in this case, Plaintiffs have no documents to produce supporting their damages, including general damages." Ex. 13, Email from M. White to J. Levy (Oct. 14, 2020). Plaintiffs did not change their position that they would not produce documents responsive to Document Requests 57-60.

Plaintiffs' refusal to produce documents responsive to Document Requests 57-60 is based on the erroneous premise that their financial information is somehow not relevant simply because the Plaintiffs have no economic damages. Not so. The fact that Plaintiffs are foregoing economic damages does not make the documents requested in Document Requests 57-60 "utterly irrelevant." Ex. 11, Email from A. Lewis to J. Levy (Oct. 2, 2020). To the contrary, they remain relevant to the existence of Plaintiffs' alleged harm and to the amount of any general (or presumed) damages. Defendants are entitled to evidence that rebuts Plaintiffs' claim of damages. The Court should

order Plaintiffs to produce documents responsive to Defendants' Document Requests Nos. 57-60,

and to revise their Answer to Interrogatory No. 20 and their Rule 26(a) disclosure.

## ARGUMENT

### A)  Legal Standards

Federal Rule of Civil Procedure 26(a)(1)(iii) provides that

> a party must, without awaiting a discovery request, provide to the other
> parties . . . a computation of each category of damages claimed by the
> disclosing party--who must also make available for inspection and copying
> as under Rule 34 the documents or other evidentiary material, unless
> privileged or protected from disclosure, on which each computation is
> based, including materials bearing on the nature and extent of injuries
> suffered[.]

Federal Rule of Civil Procedure 26(b)(1) provides that a party may "obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense." *See Sherrod*

*v. Breitbart*, 304 F.R.D. 73, 75 (D.D.C. 2014) (Leon, J.) (quoting Fed. R. Civ. P. 26(b)(1)).

"Generally speaking, 'relevance' for discovery purposes is broadly construed," *Food Lion, Inc. v.*

*United Food & Commercial Workers Int'l Union, AFL-CIO-CLC*, 103 F.3d 1007, 1012 (D.C. Cir.

1997), and "encompass[es] any matter that bears on, or that reasonably could lead to other matter

that could bear on, any issue that is or may be in the case," *Oppenheimer Fund, Inc. v. Sanders*,

437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)); *see also id.* n.12

("The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is

relevant to anything that is or may become an issue in the litigation." (alteration adopted) (quoting

4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26–131 n.34 (2d ed. 1976))); *see also, e.g.*, *Alexander*

*v. FBI*, 194 F.R.D. 316, 325 (D.D.C. 2000). "Put another way, '[a] showing of relevance can be

viewed as a showing of need[, as] for the purpose of prosecuting or defending a specific pending

civil action, one is presumed to have no need of a matter not relevant to the subject matter involved

in the pending action." *Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F. Supp. 2d 83, 86 (D.D.C.

2005) (quoting *Friedman v. Bache Halsey Stuart Shields, Inc.,* 738 F.2d 1336, 1341 (D.C. Cir. 1984)). Importantly, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable," Fed. R. Civ. P. 26(b)(1).

"[O]nce a relevancy objection has been raised, the party seeking discovery must demonstrate that the information sought to be compelled is discoverable." *Alexander*, 194 F.R.D. at 325. "If that party carries its burden, the party resisting discovery then must show 'why discovery should not be permitted,'" *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 202 F. Supp. 3d 1, 6 (D.D.C. 2016) (quoting *id.* at 326), because the "movant's request is burdensome, overly broad, vague or outside the scope of discovery," *United States v. Kellogg Brown & Root Servs., Inc.*, 284 F.R.D. 22, 33 (D.D.C. 2012). "The court must also consider the prior efforts of the parties to resolve the discovery dispute without court intervention." *Id.* at 27 (citing Fed. R. Civ. P. 37(a)(1)).

Pursuant to Federal Rule of Civil Procedure 37, "[a] party seeking discovery may move for an order compelling . . . production . . . if . . . a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).

### B) Plaintiffs' Answer to Interrogatory No. 20 and Rule 26(a)(1)(A)(iii) Disclosure Are Incomplete.

The Court should order Plaintiffs to answer Interrogatory No. 20, in full, and to comply with the disclosure requirements in Rule 26(a)(1)(A)(iii). "A defendant is entitled to *specific and detailed* information as to the amount of damages allegedly sustained by a plaintiff as a result of the defendant's purported behavior, how those amounts were determined, how the loss was attributable to the defendant, and the dates applicable to each purported loss." *Nat'l Cmty. Reinvestment Coal. v. NovaStar Fin., Inc.*, No. CV 07-861 (RCL), 2009 WL 10719757, at *2 (D.D.C. July 13, 2009) (emphasis added) (ordering the plaintiff to supplement its interrogatory

answers to explain the factual basis for its purported damages). Plaintiffs have not complied with these rules. They have refused to provide any specific information as to the damages they claim from the alleged defamatory statements.

In response to Interrogatory No. 20, Plaintiffs did not "identify separately and with specificity the complete nature of [their] injury, the amount of damage and how [they] calculate it, all facts relating to or supporting the allegation of injury, and all documents that refer or relate to, contain information concerning, or upon which [they] rely to show the damages you claim in this action," as Defendants requested. Ex. 2, Pls.' Rev. Answer to Int. No. 20. Furthermore, under Federal Rule of Civil Procedure 26, Plaintiffs are required to disclose "a computation of each category of damages claimed" and "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(iii). Plaintiffs have not done so.

Plaintiffs' vague Answer to Interrogatory No. 20 is akin to the answer that the court in *American Property Construction Company v. Sprenger Lang Foundation* found "patently inadequate" because it was "nothing more than a generalized, non-exhaustive list of categories of damages and excuses for failing to provide a complete response." 274 F.R.D. 1, 9 (D.D.C. 2011) (holding that party failed to comply with its initial disclosure requirements and duty to respond fully to interrogatories by providing only an evasive response about damages). "[A]n evasive or incomplete ... response must be treated as a failure to ... respond." *Nat'l Cmty. Reinvestment Coal.,* 2009 WL 10719757, at *2 (quoting Fed. R. Civ. P. 37(a)(4)). *See also Equal Rights Ctr. v. Post Properties, Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007) ("A party to whom an interrogatory is

propounded must provide true, explicit, responsive, complete, and candid answers.") (internal quotation marks and citations omitted).

Plaintiffs' conclusory answer that the alleged defamatory statements "affected how people viewed, regarded, and treated Plaintiffs," Ex. 2, Pls.' Rev. Answer to Int. No. 20 , does not specify the factual basis for their damages claim, a factual basis that Plaintiffs were required to have had at the time they filed suit and, thereafter, their Amended Complaint. *See* Fed. R. Civ. P. 11. Plaintiffs

> must have had some factual basis for concluding they had sustained losses
> at the time the complaint was filed. Rule 11, F.R.Civ.P., requires no less.
> Rule 11 is designed to insure that allegations in a complaint, drafted by a
> member of the Bar, are supported by sufficient factual information at the
> time the claims are initially asserted.

*King v. E.F. Hutton & Co.*, 117 F.R.D. 2, 5 (D.D.C. 1987) (ordering plaintiffs to provide detailed and complete answers to interrogatories concerning damages). *See also Companhia Brasileira Carbureto de Calcio-CBCC v. Applied Industiral Materials Corp.*, No. CV 01-2678, 2013 WL 12310613, at *3 (D.D.C. May 29, 2013) ("Plaintiffs must have had a factual basis for their claim that they suffered damages as a result of Defendants' conduct, and they placed those damages at issue by filing this suit.") (ordering the plaintiffs to provide an answer to the interrogatory concerning damages). "It is no answer for plaintiffs to assert that they will need discovery . . . to determine their losses." *King v. E.F. Hutton & Co.*, 117 F.R.D. at 5.

Moreover, it is not sufficient for Plaintiffs to claim that they will reveal the factual basis for their damages claims "[a]t trial." Ex. 2, Pls.' Rev. Answer to Int. No. 20. They are required to answer *now* specifically how the statements caused them harm and what the factual basis is for their conclusory assertion that the "defamatory statements damaged Plaintiffs' reputations, affected Plaintiffs in their personal relationships, and caused Plaintiffs emotional stress." *Id.* For instance, Plaintiffs are required to detail how their "personal relationships" were "affected"; how

17

their "reputations" were "damaged"; how the alleged statements caused "emotional stress," and in what sense the "information affected how people viewed, regarded, and treated Plaintiffs." *Id.* Without that information, Defendants cannot adequately conduct discovery or otherwise prepare their defense to Plaintiffs' case.

**C) Plaintiffs' Counsel's Certification of Knowingly Incomplete Responses Violates Fed. R. Civ. P. 26(g).**

Plaintiffs' refusal to supplement their discovery responses with the additional information included in their attorneys' email, *see* Ex. 17, Email from A. Malyshev to J. Levy (Oct. 21, 2020), suggests that either Plaintiffs are deliberately obstructing discovery or that the information provided by Plaintiffs' counsel is not accurate. Plaintiffs' counsel's email is of no evidentiary value to Defendants. It is akin to an unsigned discovery response, which Defendants "may properly disregard." *Johnson v. BAE Sys., Inc.*, 307 F.R.D. 220, 224 (D.D.C. 2013) (citing Fed. R. Civ. P. 26(g)(2) ("Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.").

Furthermore, to the extent that Plaintiffs have additional information for their Rule 26(a)(1)(A)(iii) disclosure and Answer to Interrogatory No. 20, and thus have intentionally provided incomplete answers, it is not clear how Plaintiffs' counsel has complied with Rule 26(g)(2) of the Federal Rules of Civil Procedure. That Rule requires that "[e]very disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name" and explains in relevant part that:

> [b]y signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
>
> **(A)** with respect to a disclosure, it is complete and correct as of the time it is made; and

18

**(B)** with respect to a discovery request, response, or objection, it is:

> **(i)** consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
>
> **(ii)** not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]

Fed. R. Civ. P. 26(g)(1). In other words, "[a]n attorney or party has a duty, per Rule 26(g), to perform a reasonable inquiry to determine whether a discovery response is complete and accurate." *Johnson v. BAE Sys., Inc.*, 307 F.R.D. at 224.

The certification for Plaintiffs' Rule 26(a)(1) disclosures violates this Rule without "substantial justification," Fed. R. Civ. P. 26(g)(3), because Plaintiffs' counsel is aware that the Rule 26(a)(1) disclosure is not "complete and correct." Fed. R. Civ. P. 26(g)(1)(A). The certification for Plaintiffs' Answers to Interrogatories also violates this Rule because Plaintiffs' counsel has served a deliberately incomplete Answer to Interrogatory No. 20 "for [an] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 26(g)(1)(B)(ii). Where a certification violates this Rule, the Court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3).

Accordingly, the Court should order Plaintiffs to again revise their Answer to Interrogatory No. 20 to fully answer the Interrogatory and to comply with Rule 26(a)(1)(A)(iii), and should find that the certifications violate Fed. R. Civ. P. 26(g) and impose sanctions.

**D)  Plaintiffs Must Produce Their Financial Information.**

Plaintiffs have no justification for withholding documents responsive to Document Request Nos. 57-60 because the documents sought are relevant to Plaintiffs' claims of damages and relevant to the substantial truth or falsity of the alleged defamatory statements.

As an initial matter, Plaintiffs are required to prove damages as part of their case or to prove that the statements are actionable as a matter of law irrespective of special damages. A defamation plaintiff must show:

> (1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm.

*Jankovic v. Int'l Crisis Grp.*, 494 F.3d 1080, 1088 (D.C. Cir. 2007) (internal quotation marks and citation omitted).

"'Special harm' is 'limited to actual pecuniary loss.'" *Franklin v. Pepco Holdings, Inc. (PHI)*, 875 F. Supp. 2d 66, 75 (D.D.C. 2012) (quoting *FAA v. Cooper,* 556 U.S. 284, 295 (2012)). "General damages provide redress for intangible injuries, such as injury to reputation." *LaRue v. Johnson*, No. CV1600504EGSRMM, 2018 WL 1967128, at *9 (D.D.C. Feb. 22, 2018), *report and recommendation adopted,* No. CV 16-504 (EGS), 2018 WL 2561036 (D.D.C. Apr. 4, 2018).

To meet the damages element, "a plaintiff must show that she suffered a special harm," – economic or pecuniary loss – "unless the statements at issue are 'defamatory *per se,*' *i.e.* 'so likely to cause degrading injury to the subject's reputation that proof of that harm is not required to recover compensation.'" *Id.* (quoting *Franklin v. Pepco Holdings*, 875 F. Supp. 2d at 75).[5] Moreover, presumed damages only apply to general damages, not special damages. *Robertson v. McCloskey*, 680 F. Supp. 414, 416 (D.D.C. 1988).

---

[5] Presumed damages are not recoverable unless Plaintiffs prove actual malice. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974) ("It is necessary to restrict defamation plaintiffs who do not prove knowledge of falsity or reckless disregard for the truth to compensation for actual injury.").

1) **Evidence Related to Plaintiffs' Earned Income, Including Tax Returns, Is Relevant to Rebutting Plaintiffs' Claims of Harm and to the Amount of Presumed General Damages.**

Evidence concerning Plaintiffs' earned income, including tax returns, financial records showing any loss of income, revenue, customers, and Alfa's tax returns are relevant to Defendants' defense that Plaintiffs suffered no harm—reputational, emotional, or otherwise—from the alleged defamatory statements. Such evidence is necessary so that Defendants can test and rebut Plaintiffs' claims that the alleged publication of the allegedly false and defamatory statements harmed them personally and professionally. Without a doubt, Defendants have "a right to understand in advance of trial the scope of [their] potential liability, and to know the factual support for the claims brought against [them]." *Dickerson v. D.C.*, No. CV 09-2213 (PLF), 2019 WL 6910043, at *4 (D.D.C. Dec. 19, 2019) (ordering the plaintiff to answer the interrogatory's request for the "basis for claiming the type or category of damages" he sought, including harm to his reputation.) "By filing this action and alleging damages, the plaintiffs have placed their theory behind each alleged loss squarely at issue." *King v. E.F. Hutton & Co.*, 117 F.R.D. at 6.

The requested documents are relevant to the Plaintiffs' claims of injury. Defendants are entitled to evidence that mitigates or rebuts any alleged harm or damages to Plaintiffs from the alleged defamation even where Plaintiffs do not claim economic loss. By foregoing special damages, Plaintiffs have only removed the obligation that Plaintiffs' prove specific economic loss, should Plaintiffs meet the requirements of proving that the statements are *per se* defamatory. That Plaintiffs are not claiming economic damages does not render information related to Plaintiffs' alleged harm irrelevant. To the contrary, the requested financial information remains relevant to whether Plaintiffs in fact suffered harm from any alleged defamation; in other words, documents

tending to show that Plaintiffs' financial position improved or did not worsen supports Defendants' position that Plaintiffs did not suffer any personal or professional reputational harm.

Moreover, the *amount* of any damages remains an issue, and the documents requested go directly to the amount of any general damages. "General damages may be presumed, but defendant must be permitted to rebut the presumption, to try to disprove the existence of damage. . . . Moreover, the amount of damages will always be in issue." *Davis v. Ross*, 107 F.R.D. 326, 330 (S.D.N.Y. 1985). *See also Pino v. Prudential Ins. Co. of Am.*, No. CIV.A. 86-2939, 1987 WL 26678, at *3 (E.D. Pa. Dec. 8, 1987) (holding, in a defamation case, that although "plaintiff concedes that he has no evidence of economic loss[,] [n]evertheless, information regarding plaintiff's income is relevant to the issues of harm and damages.") As the *Pino* court explained when ordering the plaintiff to produce evidence of his business income: "The state of plaintiff's business income is relevant to the issue of harm. … [I]f plaintiff's income did not decrease after the defamatory statement was made, defendant might offer evidence of plaintiff's income to rebut allegations of injury." *Id.* Similarly, evidence that Plaintiffs' and Alfa's financial condition improved, or did not worsen, after any alleged publication is evidence that Defendants can offer to rebut Plaintiffs' allegations of injury.

The requested financial documents are also relevant to the amount of any presumed damages because "presumed damages must at least roughly approximate [the plaintiff's] actual harms." *Szymkowicz v. Frisch*, No. CV 19-3329 (BAH), 2020 WL 4432240, at *8 (D.D.C. July 31, 2020). Indeed, "presumed damages may not be awarded 'in a substantial amount to a party who has not demonstrated evidence of concrete loss.'" *Szymkowicz v. Frisch*, 2020 WL 4432240, at *7 (quoting *Republic Tobacco Co. v. North Atl. Trading Co.*, 381 F.3d 717, 734 (7th Cir. 2004)). If the financial documents show that Plaintiffs have not suffered any economic loss, then those

documents are relevant to showing that Plaintiffs have not suffered any harm to their reputations. Thus, these documents are relevant to showing that Plaintiffs would only be entitled to nominal damages were they to succeed on their defamation claims.

More specifically, evidence that Plaintiffs' reputations did not suffer includes financial documents showing no change in Plaintiffs' financial condition as a result of the alleged defamation, and Defendants are entitled to that evidence. Where Plaintiffs make no showing of actual harm, or where Defendants rebut any allegations of harm, Plaintiffs would only be allowed to recover nominal damages even if they succeed on their defamation claims. *Szymkowicz*, 2020 WL 4432240, at *7; *see also Lothschuetz v. Carpenter*, 898 F.2d 1200, 1204–05 (6th Cir. 1990) (holding—where Plaintiffs offered no evidence of harm to their reputations, and sought only presumed damages—that "[w]hile the plaintiffs may avail themselves of the presumption concerning general damages, the presumption entitles them to nothing more than what the district court awarded—nominal damages" of $1.00) (applying District of Columbia law) (footnote omitted).

The D.D.C. court in *Tavoulareas v. Piro* addressed this same issue and held that the requested financial information was relevant and had to be produced even though the plaintiffs had not claimed "any specific loss of income." 93 F.R.D. 11, 22 (D.D.C. 1981). Specifically, in that case—a defamation action brought by the president of Mobil Corporation and his son—the Court stated:

> The defendants have requested documents pertaining to the salary and income of both plaintiffs. Given the fact that the complaint seeks damages for, among other things, loss of business reputation, the Court finds that this information is sufficiently relevant to require its production notwithstanding plaintiffs' arguments that they have not placed these matters directly in issue because they have not yet claimed any specific loss of income. It is sufficient to say that loss of business reputation might well be expected to be attended by loss of income. The absence of any loss of income might be

> used to cast doubt on the claim of loss of reputation or as probative of its
> extent. Furthermore, this information might reasonably be expected to bear
> on the issue of the truth or falsity of the defamatory statements since in part
> those statements suggest that company assets and business have been
> diverted to personal uses. In any event, it is clear that information pertaining
> to the salary and income of plaintiffs is sufficiently relevant to be
> discoverable.

*Id.* In line with this holding, Plaintiffs must produce the requested documents related to their earned income and financial records, including documents showing wages, investments, and tax returns, regardless of whether they claim loss of income. As in *Tavoularas*, the "absence of any loss income," as shown in the requested documents, can be used to cast doubt on Plaintiffs' claim of loss of reputation, or the extent of any such alleged harm.

In addition, in determining the amount of any presumed damages the jury may properly take into account: "the seriousness of the defamatory charge, the extent of distribution of the defamation, the extent to which the communication was actually believed, and plaintiff's prominence and professional standing in the community." *LaRue v. Johnson*, 2018 WL 1967128, at *9 (internal quotation marks and citation omitted); *Moss v. Stockard*, 580 A.2d 1011, 1036 (D.C. 1990) (same). The requested information concerning Plaintiffs' and Alfa's financial status is relevant to these factors. For instance, if Plaintiffs' financial status has improved since any alleged publication, that supports an inference that the alleged defamatory communication was not actually believed and that the alleged defamatory charge was not very serious.

Accordingly, Defendants are entitled to evidence that shows that Plaintiffs did not suffer any economic or pecuniary loss and evidence that casts doubt on the harm Plaintiffs allege, including the alleged harm to their and Alfa's reputations. Plaintiffs must produce the documents responsive to Document Request Nos. 57-60.

2)   **The Requested Financial Records Are Relevant to the Substantial Truth or Falsity of the Alleged Defamatory Statements.**

The requested financial records are also relevant to the substantial truth or falsity of the alleged defamatory statements and Plaintiffs must produce them. *See Tavoulareas v. Piro*, 93 F.R.D. at 22 (holding that documents pertaining to the salary and income of the plaintiffs were relevant not only to damages, but also to the truth or falsity of the alleged defamatory statements suggesting that company assets had been directed to personal uses).

Plaintiffs challenge this sentence in CIR 112 as false and defamatory: "Significant favours continued to be done in both directions, primarily political ones for PUTIN and business/legal ones for Alpha." Pls.' Suppl. Resp. to Interrog. No. 2, Dkt. No. 78-6. Evidence of economic benefits to Plaintiffs or Alfa from the Russian government, including investments, is relevant to the substantial truth of this statement.

Plaintiffs allege that the line, "RUSSIA/US PRESIDENTIAL ELECTION: KREMLIN-ALPHA GROUP COOPERATION," is false and defamatory. Pls.' Suppl. Resp. to Interrog. No. 2, Dkt. No. 78-6. Again, financial records that show connections between Plaintiffs and/or Alfa on the one hand, and the Kremlin or government officials, on the other, are relevant to the truth or falsity of this statement.

Plaintiffs allege that the following statement in CIR 112 is false and defamatory:

> during the 1990s [Oleg] GOVORUN had been Head of Government Relations at Alpha Group and in reality, the "driver" and "bag carrier" used by FRIDMAN and AVEN to deliver large amounts of illicit cash to the Russian president, at that time deputy Mayor of St Petersburg. Given that and the continuing sensitivity of the PUTIN-Alpha relationship, and need for plausible deniability, much of the contact between them was now indirect and entrusted to the relatively low profile GOVORUN.

Pls.' Suppl. Resp. to Interrog. No. 2, Dkt. No. 78-6. This statement concerns the relationship between Plaintiffs, Alfa, and Putin, and the use of intermediaries, that developed in

the years between the 1990s and 2016. It specifically concerns payments to the Russian president. Accordingly, financial records that show payments to someone who could be an intermediary to the Kremlin, or payments to anyone tied to the Kremlin, are relevant to the truth or falsity of this statement. That makes Plaintiffs' financial records as sought in the requests in dispute relevant and responsive.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to compel and order Plaintiffs to produce all documents responsive to Document Requests Nos. 57-60; supplement their Answer to Interrogatory No. 20 to provide a full answer; and supplement their initial disclosures to specify damages, and to provide Defendants with whatever other relief the Court finds appropriate under Federal Rules of Civil Procedure 26(g) and 37.


Dated:  October 27, 2020

<div style="margin-left: 40%">

By:____/s/ Joshua A. Levy_____

Joshua A. Levy (D.C. Bar No. 475108)
Rachel M. Clattenburg (D.C. Bar No. 1018164)
LEVY FIRESTONE MUSE LLP
1401 K St. NW, Suite 600
Washington, DC 20005
Tel: (202) 845-3215
Fax: (202) 595-8253
jal@levyfirestone.com


*Counsel for Defendants*

</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2020, I served the foregoing Motion and Memorandum and supporting declaration and exhibits on all counsel of record via CM/ECF.

_/s/_ Joshua A. Levy
Joshua A. Levy

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN,<br>              Plaintiffs,<br>      v.<br>BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON,<br>              Defendants. | No. 1:17-cv-2041-RJL |

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF PLAINTIFFS' FINANCIAL RECORDS AND OTHER EVIDENCE RELEVANT TO DAMAGES AND SUBSTANTIAL TRUTH AND TO REVISE THEIR ANSWER TO INTERROGATORY NO. 20 AND RULE 26(a)(1)(A)(iii) DISCLOSURE**

Upon consideration of Defendants' Motion to Compel Production of Plaintiffs' Financial Records and Other Evidence Relevant to Damages and Substantial Truth, and To Revise Their Answer to Interrogatory No. 20 and Rule 26(a)(1)(A)(iii) Disclosure, the related memorandum in support thereof, the exhibits and declaration attached thereto, the opposition thereto, and the reply thereto, and good cause appearing therefor, it is hereby

**ORDERED** that Defendants' Motion is **GRANTED**; and it is further

**ORDERED** that, within 30 days, Plaintiffs shall produce all documents within their possession, custody, or control responsive do Defendants' Document Requests Nos. 57-60; and it is further

**ORDERED** that, within 14 days, Plaintiffs shall serve on Defendants a revised Answer to Interrogatory No. 20 to respond fully to the information requested; and it is further

**ORDERED** that, within 14 days, Plaintiffs shall serve on Defendants a revised Rule 26(a)(1)(A)(iii) disclosure that complies with the Rule.

**SO ORDERED.**

Dated:_____

_____
RICHARD J. LEON
United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MIKHAIL FRIDMAN, PETR AVEN, and
GERMAN KHAN,

          Plaintiffs,

    v.

BEAN LLC a/k/a FUSION GPS, and GLENN
SIMPSON,

         Defendants.

No. 1:17-cv-2041-RJL

## <u>DECLARATION OF JOSHUA A. LEVY</u>

I, Joshua A. Levy, declare as follows:

1.     I am a member of the law firm Levy Firestone Muse LLP, counsel for Defendants Bean LLC a/k/a Fusion GPS, and Glenn Simpson. I submit this Declaration in support of Defendants' Motion to Compel Production of Plaintiffs' Financial Records and Other Documents Relevant to Damages and Substantial Truth and to Revise Plaintiffs' Answer to Interrogatory No. 20 and Rule 26(a)(1)(A)(iii) Disclosure.

2.     Attached hereto as Exhibit 1 is a true and correct copy of Plaintiffs' Responses and Objections to Defendants' Interrogatories, dated November 11, 2019.

3.     Attached hereto as Exhibit 2 is a true and correct copy of Plaintiffs' Second Supplemental Responses and Objections to Defendants' Interrogatories, dated October 14, 2020.

4.     Attached hereto as Exhibit 3 is a true and correct copy of Plaintiffs' Initial Disclosures, dated September 25, 2019.

5.     Attached hereto as Exhibit 4 is a true and correct copy of Plaintiffs' Revised Initial Disclosures, dated October 14, 2020.

6.      Attached hereto as Exhibit 5 is a true and correct copy of Plaintiffs' Supplemental Responses to Requests for Production of Documents, dated May 18, 2020, and a true and correct copy of Plaintiffs' Response to Request for Production of Documents, Number 58, dated November 11, 2019. The complete copy of Plaintiffs' Responses to Requests for Production of Documents, dated November 11, 2019, is at Dkt. No. 78-5.

7.      Attached hereto as Exhibit 6 is a true and correct copy of an email from Joshua Levy to Alan Lewis, dated September 9, 2020.

8.      Attached hereto as Exhibit 7 is a true and correct copy of an email from Alan Lewis to Joshua Levy, dated September 17, 2010.

9.      Attached hereto as Exhibit 8 is a true and correct an email from Joshua Levy to Alan Lewis, dated September 21, 2020.

10.      Attached hereto as Exhibit 9 is a true and correct an email from Alan Lewis to Joshua Levy, dated September 29, 2020.

11.      Attached hereto as Exhibit 10 is a true and correct copy of an email from Joshua Levy to Alan Lewis, dated September 30, 2020.

12.      Attached hereto as Exhibit 11 is a true and correct an email from Alan Lewis to Joshua Levy, dated October 2, 2020.

13.      Attached hereto as Exhibit 12 is a true and correct copy of an email from Joshua Levy to Alan Lewis dated October 5, 2020.

14.      Attached hereto as Exhibit 13 is a true and correct copy of an email from Madelyn White to Joshua Levy, dated October 14, 2020.

15.      Attached hereto as Exhibit 14 is a true and correct copy of an email from Joshua Levy to Madelyn White and Alan Lewis dated October 15, 2020.

16.     Attached hereto as Exhibit 15 is a true and correct copy of an email from Alan Lewis to Joshua Levy, dated October 20, 2020.

17.     Attached hereto as Exhibit 16 is a true and correct copy of an email from Joshua Levy to Alexander Malyshev and Alan Lewis, dated October 21, 2020.

18.     Attached hereto as Exhibit 17 is a true and correct copy of an email from Alexander Malyshev to Joshua Levy, dated October 21, 2020.

19.     Attached hereto as Exhibit 18 is a true and correct copy of an email from Joshua Levy to Alan Lewis, dated October 22, 2020.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 27, 2020




Joshua A. Levy

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

——————————————————————X
                             :

MIKHAIL FRIDMAN, PETR AVEN, AND    :
GERMAN KHAN,                          :
                             :

             Plaintiffs,         :       Case 1:17-CV-02041 (RJL)
                             :

         -v-                   :
                             :

BEAN LLC (A/K/A FUSION GPS) AND GLENN :
SIMPSON,                           :
                             :

            Defendants.        :
                             :

——————————————————————X

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO
## DEFENDANTS' FIRST SET OF INTERROGATORIES

       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal

Rules") and the Local Rules of the District Court for the District of Columbia (the "Local

Rules"), Plaintiffs Mikhail Fridman, Petr Aven, and German Khan ("Plaintiffs"), by and through

their undersigned counsel, hereby respond and object to Defendants' First Set of Interrogatories

of Defendants Bean LLC (a/k/a Fusion GPS) ("Fusion") and Glenn Simpson ("Simpson")

(together, "Defendants"), dated October 11, 2019 (each an "Interrogatory," and together, the

"Interrogatories"), as follows:

### GENERAL OBJECTIONS AND RESPONSES

       A.    These responses and objections (each a "Response," and together, the

"Responses") are being provided based upon documents and information presently available and

known to Plaintiffs.  Plaintiffs reserve, and do not waive, (i) the right to rely on any information,

facts, documents, or other materials that may subsequently come to Plaintiffs' attention through

disclosure or otherwise; (ii) the right to assert additional objections should Plaintiffs determine a basis for doing so; (iii) any and all objections as to the relevance, authenticity, or admissibility of any general or specific information, facts, documents, or other materials provided pursuant to these Responses and/or in response to the Interrogatories; (iv) the right to object, on any appropriate ground, to any demands or requests for additional discovery by any method, device, medium or format; and (v) the right to supplement, amend, modify, or clarify these Responses.

B.      Plaintiffs object to the Interrogatories, including to each of the definitions and instructions set forth therein, to the extent that they seek or are intended to impose obligations that exceed those under the Federal Rules of Civil Procedure, the Local Rules of the District Court for the District of Columbia, and applicable law. Plaintiffs' Responses are limited to their obligations under the Federal Rules of Civil Procedure, the Local Rules of the District Court for the District of Columbia, and applicable law.

C.      Plaintiffs object to the Interrogatories, including each of the definitions and instructions set forth therein, to the extent that any Interrogatory seeks expert disclosure prematurely and/or is a premature contention interrogatory that should not have to be answered until discovery is complete. Fact discovery is not scheduled to conclude until November 13, 2020, and expert discovery is not scheduled to conclude until February 5, 2021. Plaintiffs reserve the right to amend their Response to any Interrogatory at the conclusion of expert discovery.

D.      Plaintiffs object to the Interrogatories, including each of the definitions and instructions set forth therein, to the extent that they exceed the twenty-five-interrogatory limit, inclusive of all discrete subparts, set forth in Rule 33(a)(1) of the Federal Rules of Civil

Procedure. By way of example, several Interrogatories could be interpreted as having multiple subparts, in contravention of Rule 33(a)(1).

E.     Plaintiffs object to the Interrogatories, including each of the definitions and instructions set forth therein, to the extent that they are vague, ambiguous, overly broad (whether in terms of time, scope and/or subject matter), unduly burdensome, or are formulated so as to seek information that is not relevant, material, or necessary to the issues in the above-captioned action (the "Action"), or not proportional to the needs of the case.

F.     Plaintiffs object to the Interrogatories to the extent that they create unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice to Plaintiffs.

G.     Plaintiffs object to the Interrogatories to the extent that they do not specify the information sought with reasonable particularity.

H.     Plaintiffs object to the Interrogatories, including each of the definitions and instructions set forth therein, to the extent they request information more appropriately supplied in response to a pretrial order.

I.     Plaintiffs object to Defendants' Interrogatories to the extent that they require Plaintiffs to make legal conclusions and/or presuppose legal conclusions that are disputed, concern matters of law, and/or call for opinions and interpretations.

J.     Plaintiffs object to the Interrogatories, including to each of the definitions and instructions set forth therein, to the extent that any specific Interrogatory is duplicative, repetitive, or cumulative, in whole or in part, of any other specific Interrogatory. Any objections set forth in a Response to any Interrogatory shall be deemed to be part of any Response to any other Interrogatory that is duplicative, repetitive, or cumulative of it, whether or not such objections are specifically set forth in the latter Response.

K.     Plaintiffs object to the Interrogatories, including to each of the definitions and instructions set forth therein, to the extent that they seek or are intended to seek information protected by the attorney-client privilege, the work-product doctrine, or any other privilege and/or protection or immunity from disclosure under applicable law. Plaintiffs' Responses to these Interrogatories do not include information which is privileged, work-product, or otherwise protected or immune from disclosure. The inadvertent disclosure of any such information shall not constitute a general or specific waiver of any such privilege, protection, or immunity.

L.     Plaintiffs object to the Interrogatories, including to each of the definitions and instructions set forth therein, to the extent that they seek information that may be obtained from other sources or by other means that are more convenient, less burdensome, and/or less expensive, or that is already in the possession of the Defendants.

M.     Plaintiffs object to the Interrogatories, including to each of the definitions and instructions set forth therein, to the extent that they seek or are intended to seek information not within Plaintiffs' possession, custody or control, and/or information within the possession, custody, or control of non-parties over whom Plaintiffs have no authority and/or control. In responding to the Interrogatories, Plaintiffs are responding on their behalf only and providing information only within Plaintiffs' possession, custody, or control. For the avoidance of doubt, Plaintiffs are not responding on behalf of the Alfa conglomerate of entities, including Alfa-Bank JSC (also known as JSC Alfa-Bank and Alfa-Bank AO), ABH Holdings S.A., Alfa Capital, AlfaStrakhovanie, Alfa Asset Management (Europe) S.A., A1, X5 Retail Group, Rosvodokanal Group, and IDS Borjomi International Group or any of their subsidiaries or affiliates ("Alfa"), Letterone Holdings S.A. and Letterone Investment Holdings S.A., or any of their subsidiaries or

4

affiliates ("LetterOne"), or any other person or entity whose information and documents are not within Plaintiffs' possession, custody, or control.

N.     Plaintiffs object to the Interrogatories, including to each of the definitions and instructions set forth therein, to the extent they assume or characterize, or are intended to assume or characterize, facts or law.  These Responses shall not constitute an endorsement, admission, concession, agreement with, or acceptance of any such assumptions or characterizations. Plaintiffs expressly reserve, and do not waive, any objections to any characterizations of fact or law set forth in the Interrogatories.

O.     Plaintiffs reserve all objections to the use or admissibility of any documents or information identified, made available, or produced.   The disclosure of any documents or information does not constitute an admission by Plaintiffs that such documents are relevant to the Action or admissible in evidence.

P.     Plaintiffs object to the Interrogatories to the extent they seek confidential and non-public information or information that is subject to data protection, privacy, secrecy or blocking laws, statutes or regulations (including the European Union General Data Protection Regulation), trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would be contrary to law or detrimental to the conduct of Plaintiffs' business interests or otherwise substantially likely to cause injury to Plaintiffs, and otherwise not protected under the limited Stipulated Confidentiality Agreement and Protective Order (Docket Doc. No. 67), and object to the production of such information unless and until appropriate protections are put into place.

Q.      Plaintiffs object to Defendants' Interrogatories to the extent that they may be read to call for the production of information generated in furtherance of or otherwise relating to attempts to compromise or settle any claim or dispute.

R.      Any reference herein to any allegation or definition from Defendants' Interrogatories, or any other document filed or served by Defendants, shall not constitute Plaintiffs' agreement with or acquiescence in any such allegation, description, or definition.

S.      Plaintiffs object to the relevant time period as overly broad and burdensome.

T.      Plaintiffs object to the definitions of "You" and "Your" as vague, ambiguous, and overly broad. For purposes of these Responses, Plaintiffs construe all references to "You" and "Your" to mean Plaintiffs Mikhail Fridman, Petr Aven, and German Khan. Where appropriate, for certain Interrogatories, each of the Plaintiffs have provided separate answers.

U.      Plaintiffs object to the definition of "Alfa" as overly broad, vague, and including entities that have no relevance to the issues in this Action.

V.      Plaintiffs object to the definition of "Other Entities" as overly broad, vague, and including entities that have no relevance to the issues in this Action.

W.      The "Dossier" means the compilation of 17 separate memoranda, totaling 35 pages, prepared by Christopher Steele and/or Orbis Business Intelligence Ltd., as described in Paragraphs 1 and 2 of the Complaint., and "CIR 112" means Company Intelligence Report ("CIR") 112 entitled "RUSSIA/US PRESIDENTIAL ELECTION: KREMLIN-ALPHA GROUP CO-OPERATION," which was part of the Dossier, and the contents therein.

X.      The foregoing general objections and responses are hereby incorporated by reference in each of the specific Responses appearing below.

**RESPONSES AND OBJECTIONS**

Subject to and without waiver of the foregoing General Objections, Plaintiffs specifically object and respond to Defendants' Interrogatories as follows:

<u>INTERROGATORY NO. 1</u>

Identify all persons who are believed or known by you to have information concerning any of the allegations in the Complaint, and for each state the subject matter of their knowledge.

<u>RESPONSE TO INTERROGATORY NO. 1</u>

The persons likely to have information concerning the allegations in the Complaint are as follows:

- Mikhail Fridman
  c/o Alan S. Lewis
  Carter Ledyard & Milburn LLP
  2 Wall Street
  New York, NY 10005

Mr. Fridman has knowledge concerning the falsity of the defamatory allegations contained in CIR 112 and the damages caused by Defendants' publication of the defamatory statements at issue.

- Petr Aven
  c/o Alan S. Lewis
  Carter Ledyard & Milburn LLP
  2 Wall Street
  New York, NY 10005

Mr. Aven has knowledge concerning the falsity of the defamatory allegations contained in CIR 112 and the damages caused by Defendants' publication of the defamatory statements at issue.

- German Khan
  c/o Alan S. Lewis
  Carter Ledyard & Milburn LLP
  2 Wall Street
  New York, NY 10005

Mr. Khan has knowledge concerning the falsity of the defamatory allegations contained in CIR 112 and the damages caused by Defendants' publication of the defamatory statements at issue.

- Glenn Simpson
  Fusion GPS
  1700 Connecticut Avenue, NW, Suite 400
  Washington, DC 20006

  c/o Joshua A. Levy
  Cunningham Levy Muse LLP
  1401 K Street, NW, Suite 600
  Washington, DC 20005

Upon information and belief, Mr. Simpson has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Peter Fritsch
  Fusion GPS
  1700 Connecticut Avenue, NW, Suite 400
  Washington, DC 20006

  c/o Joshua A. Levy
  Cunningham Levy Muse LLP
  1401 K Street, NW, Suite 600
  Washington, DC 20005

Upon information and belief, Mr. Fritsch has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Nellie Ohr
  Accenture iDefense
  201 Wilson Boulevard
  Arlington, VA 22209

Upon information and belief, Ms. Ohr has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Christopher Steele
  Orbis Business Intelligence Ltd.
  9-11 Grosvenor Gardens
  London SW1W 0BD
  United Kingdom

Upon information and belief, Mr. Steele has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Christopher Burrows
  Orbis Business Intelligence Ltd.
  9-11 Grosvenor Gardens
  London SW1W 0BD
  United Kingdom

Upon information and belief, Mr. Burrows has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- David Kramer
  The McCain Institute for International Leadership
  at Arizona State University
  1800 I Street, NW, Sixth Floor
  Washington, DC 20006

Upon information and belief, Mr. Kramer has knowledge concerning the publication of the defamatory allegations contained in CIR 112.

- Jonathan Winer
  Middle East Institute
  1763 N Street, NW
  Washington, DC 20036

Upon information and belief, Mr. Winer has knowledge concerning the publication of the defamatory allegations contained in CIR 112.

9

- Bruce Ohr
  U.S. Department of Justice
  950 Pennsylvania Avenue, NW
  Washington, DC 20530

Upon information and belief, Mr. Ohr has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Ben Smith, Ken Bensinger, Miriam Elder, Mark Schoofs
  BuzzFeed, Inc.
  111 E. 18th Street, 13th Floor
  New York, N.Y. 10003 701 First Avenue

Upon information and belief, these BuzzFeed employee have knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Michael Isikoff
  Yahoo! News
  701 First Avenue
  Sunnyvale, CA 94089

Upon information and belief, Mr. Isikoff has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- David Corn
  Mother Jones
  P.O. Box 584
  San Francisco, CA 94104

Upon information and belief, Mr. Corn has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Evan Perez, Jim Sciutto, Jake Tapper, Carl Bernstein
  CNN
  820 First Street, NE
  Washington, DC 20001

Upon information and belief, Messrs. Perez, Sciutto, Tapper, and Bernstein have knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Jane Mayer
  New Yorker
  1 World Trade Center
  New York, NY 10006

Upon information and belief, Ms. Mayer has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- The Washington Post
  1301 K Street, NW
  Washington, DC 20071

Upon information and belief, a representative of The Washington Post has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- The New York Times Company
  620 Eighth Avenue
  New York, NY 10018

Upon information and belief, a representative of The New York Times has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Oleg Govorun
  Address Not Known

Upon information and belief, Mr. Govorun has knowledge concerning the falsity of the defamatory allegations contained in CIR 112.

<u>INTERROGATORY NO. 2</u>

Identify all of the specific statements of and concerning you that you allege in this action amount to defamation by the Defendants and for each of those statements, explain the alleged defamatory meaning of the statement as it applies to you.

The heading of CIR 112, "RUSSIA/US PRESIDENTIAL ELECTION: KREMLIN-ALPHA GROUP COOPERATION," coupled with Plaintiffs and Alfa being the subject of CIR 112, falsely suggests that Plaintiffs and Alfa cooperated with a Kremlin-orchestrated illegal campaign to interfere with the 2016 U.S. presidential election.

CIR 112 falsely states that "significant favours continue to be done in both directions" between Vladimir Putin and Alfa and Plaintiffs, that Putin received "primarily political" favors while Alfa received business/legal favors, which included Fridman and Aven giving "informal advice to Putin on foreign policy" and "about the U.S." This falsely suggests that, as part of this relationship, Plaintiffs, as Alfa executives and among its largest beneficial owners, have a corrupt, bribery-based relationship with Putin and the Kremlin.

CIR 112 falsely states that during the 1990s Oleg Govorun, Head of Government Relations at Alfa, was the "key intermediary" between Putin and Alfa and the "'driver' and 'bag carrier' used by Fridman and Aven to deliver large amounts of illicit cash to the Russian president [Putin], at that time deputy Mayor of St. Petersburg." This falsely conveys that Plaintiffs had an inappropriate and criminal relationship with Putin, or otherwise were bribing Putin or participating in illegal or fraudulent activities with, or on behalf of, Putin.

CIR 112 falsely states that Plaintiffs and Alfa "held 'kompromat' on Putin and his corrupt business activities from the 1990s," which suggests that Plaintiffs used their knowledge of past bribery or illegal business activities by Putin in order to obtain favorable business opportunities or interests from Putin or his government. CIR 112 also falsely states that Putin and senior Kremlin colleagues used Plaintiffs' or Alfa's "lack of investment in Russia" and "failure to

reinvest the proceeds of the TNK oil company sale into the Russian economy" as pressure to make them do Putin's political bidding (and were "able to exploit as lever over Alfa[sic] interlocutors"). This suggests that Plaintiffs engaged in criminal extortion by using their knowledge of illegal activities by Putin to obtain favorable business opportunities, and that Plaintiffs were extorted by Putin because of their lack of investment in Russia and, to avoid retribution from Putin, were pressured to assist Putin in illegal or corrupt acts.

INTERROGATORY NO. 3

For each of the statements identified by you in your Answer to Interrogatory No. 2, identify each and every publication of the statement that you allege caused you harm, specifying the date of the alleged publication, manner of the alleged publication, who made the publication, and the person or persons to whom the publication was made.

RESPONSE TO INTERROGATORY NO. 3

In September and October 2016, Defendants published, and arranged for Christopher Steele ("Steele") to publish, the contents of CIR 112 to members of the print and online media, including the New York Times, the Washington Post, CNN, and Yahoo News.

In October 2016, Steele gave an interview (as arranged by or at the direction of Defendants) to David Corn, a writer for Mother Jones magazine, in which Steele published to Corn the contents of CIR 112.

In November 2016, Defendants organized a meeting in Great Britain between Steele and David Kramer, in which Steele published the contents of CIR 112 to Kramer, and Defendants subsequently published the contents of CIR 112 to Kramer for redelivery and further publication to John McCain.

In 2016, upon information and belief, Defendants published the contents of CIR 112 to their clients, including Perkins Coie LLP, the Democratic National Committee, the campaign of Hillary Clinton, and/or HFACC, Inc.

In publishing the contents of CIR 112, Defendants knew or reasonably should have known that the above-referenced individuals and entities (or others to whom they published CIR 112) would further disseminate and publish the contents of CIR 112 to others.

On January 10, 2017, BuzzFeed, Inc., which had received a copy of CIR 112, published the contents of CIR 112 on the internet, along with an article entitled "These Reports Allege Trump Has Deep Ties to Russia." Upon information and belief, BuzzFeed received the Dossier from Defendants or somebody who obtained it from Defendants.

Discovery will be needed from Defendants and third parties to identify the precise dates and manners of publication, as well as the precise persons who made the publications and the precise persons to whom they were made.

INTERROGATORY NO. 4

For each of the statements identified by you in your Answer to Interrogatory No. 2, identify all facts supporting your allegation that the statement, as it applies to you, is false and defamatory, and identify all persons who have knowledge or information of such facts.

RESPONSE TO INTERROGATORY NO. 4

Plaintiffs object to this Interrogatory on the basis that this Interrogatory requests facts supporting the absence of a fact or proof of a negative premise, and is unsusceptible to response. Plaintiffs further object as this Interrogatory is duplicative of Interrogatory No. 1. Subject to the foregoing objections, Plaintiffs respond as follows:

The statements identified in the Answer to Interrogatory No. 2 are false. To the extent that the headline of CIR 112 suggests that Plaintiffs and Alfa cooperated with a Kremlin-orchestrated campaign to interfere with the 2016 U.S. presidential election, the headline is false. Putin, on the one hand, and the Plaintiffs and Alfa, on the other, did not have a relationship in which favors were performed for each other, or which included bribes paid to Putin and/or included Plaintiffs assisting Putin with any other corrupt or illegal act. Govorun was not "a key intermediary" and "driver and bag carrier" for the delivery of bribes from Alfa or the Plaintiffs to Putin in the 1990s when Putin was Deputy Mayor of St. Petersburg (or otherwise worked in the St. Petersburg government) and no such bribes occurred. In fact, Govorun was not an employee of Alfa when Putin worked for the St. Petersburg government (approximately 1990-1996), as Govorun did not begin employment with Alfa until 1997. Putin resigned as deputy mayor of St. Petersburg in August 1996 and began working for the President of Russia in Moscow, thus Putin's time in St. Petersburg does not overlap with the time that Govorun worked for Alfa in St. Petersburg. In addition, Govorun was not "Head of Government Relations" at Alfa, but was instead a mid-level employee and one of three Deputy Heads of Government Relations.

Plaintiffs did not have an inappropriate or criminal relationship with Putin, or otherwise participate in bribes to Putin or other illegal or fraudulent activities with, or on behalf of, Putin. Plaintiffs were not involved in holding "kompromat" on Putin based on his alleged corrupt business activities from the 1990s, and did not use any alleged knowledge of past bribery or illegal business activities by Putin in order to obtain favorable business opportunities or interests from Putin or his government.

Each of the Plaintiffs, as well as Govorun, would have knowledge or information of the falsity of the defamatory statements in CIR 112.

15

## INTERROGATORY NO. 5

With respect to the facts identified in your Answer to Interrogatory No. 4, identify all documents that refer or relate to or contain information concerning those facts, or upon which you rely to show those facts.

## RESPONSE TO INTERROGATORY NO. 5.

Plaintiffs object to this Interrogatory on the basis that this Interrogatory requests identification of documents relating to the absence of facts or proof of a negative premise. Subject to the foregoing objections, Plaintiffs respond as follows:

Employment records of Alfa reflect that Govorun did not begin employment for Alfa in St. Petersburg until 1997. This is also reflected in Govorun's biography located on the official website for the President of Russia. Putin worked in the St. Petersburg government from 1990 until 1996, and in August 1996 resigned as deputy mayor of St. Petersburg and began working for the President of Russia in Moscow, which is reflected in Putin's biography located on the official website for the President of Russia.

## INTERROGATORY NO. 6

Identify all communications between you and Vladimir Putin. For each such communication, identify the date, topic(s), duration, method of communication (*e.g.*, in-person meeting, phone, e-mail, text message, social media, encrypted messaging, letter, memorandum, telegram), participants in the communication, and physical address (if an in-person meeting).

## RESPONSE TO INTERROGATORY NO. 6.

Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and seeking information that is not relevant to the issues in the Action. Subject to the foregoing objections, Plaintiffs respond as follows:

Aven: Aven communicated on multiple occasions with Putin in 1991 to 1992 when Aven served as Minister of Foreign Economic Relations for the Russian Federation and Putin

represented the Ministry in the St. Petersburg government. During this time, Putin and Aven communicated with each other, and met in person. Since 2000, when Putin became President, Aven has attended in-person meetings with Putin at the presidential building in Moscow along with numerous prominent Russian business persons. Putin has hosted (and continues to host) such meetings with prominent members of the business community on at least an annual basis to discuss general business and economic issues, the state of the Russian economy, and economic legislation and policies. In addition, Aven has attended one-on-one meetings with Putin on a periodic basis from the mid-2000s onwards. The topics covered during such meetings are macro-economic issues, the Russian banking sector, and Alfa. In the fourth quarter of 2016, Aven met one-on-one with Putin at the presidential building, in which they discussed, amongst other things, U.S. sanctions as they affected the Russian banking sector and other business issues.

Fridman: Since 2000, when Putin became President, Fridman has attended in-person meetings with Putin at the presidential building in Moscow along with numerous prominent Russian business persons. Putin has hosted (and continues to host) such meetings with prominent members of the business community on at least an annual basis to discuss general business and economic issues, the state of the Russian economy, and economic legislation and policies. Fridman has never met with Putin one-on-one or as part of any smaller group, or otherwise communicated with Putin.

Khan: Since 2000, when Putin became President, Khan has attended in-person meetings with Putin at the presidential building in Moscow along with numerous prominent Russian business persons. Putin has hosted (and continues to host) such meetings with prominent members of the business community on at least an annual basis to discuss general business and

17

economic issues, the state of the Russian economy, and economic legislation and policies. Khan has never met with Putin one-on-one or as part of any smaller group, or otherwise communicated with Putin.

## INTERROGATORY NO. 7

Identify any tangible or intangible thing of value that Vladimir Putin or his representatives provided directly or indirectly to any of you. Identify for each item the name of the thing of value, its present value in US dollars, and the date of the transaction.

## RESPONSE TO INTERROGATORY NO. 7

Plaintiffs are not aware of (or do not recall) having received anything of value from Putin or his representatives.

## INTERROGATORY NO. 8

Identify any tangible or intangible thing of value that any of you provided directly or indirectly to Vladimir Putin, his family members, or his representatives. Identify for each item the name of the thing of value, its present value in US dollars, and the date of the transaction.

## RESPONSE TO INTERROGATORY NO. 8

Plaintiffs are not aware of (or do not recall) having provided anything of value to Putin, persons known or believed by them to be his family members, or his representatives.

## INTERROGATORY NO. 9

Identify all consideration or things of value that any of you or a business entity in which you were holding an interest have offered or provided to a government official in any country. Identify for each item the name of the thing of value, its present value in US dollars, the date of the transaction, and all benefits you or the business entity received in exchange.

## RESPONSE TO INTERROGATORY NO. 9

Plaintiffs object to this Interrogatory as overly broad, vague, unduly burdensome, and seeking information that is not relevant to the issues in the Action. Subject to the foregoing objections, Plaintiffs respond as follows:

Plaintiffs are not aware of (or do not recall) any consideration or things of value having been offered or provided to a government official in any country by Plaintiffs.

## INTERROGATORY NO. 10

Identify all communications, including but not limited to in-person meetings, phone conversations, and video teleconferences, between any of you and any of the following: any US government official; any representative of the Republican Party; any representative of the Trump Campaign; any representative of the Trump Transition Team; or any representative of the government of Ukraine. For each such communication, identify the date, topic(s), duration, physical address if an in-person communication, method of communication (e.g., phone, e-mail, text message, social media, encrypted messaging, letter, memorandum, telegram), and the participants in the communication.

## RESPONSE TO INTERROGATORY NO. 10

Plaintiffs object to this Interrogatory as overly broad, vague, unduly burdensome, and seeking information that is not relevant to the issues in the Action. Subject to the foregoing objections, Plaintiffs respond as follows:

Plaintiffs are not aware of (or do not recall) any of them communicating with U.S. government officials, any representative of the Republican Party, any representative of the Trump Campaign, any representative of the Trump Transition Team, or any representative of the government of Ukraine, relating to CIR 112 or the contents therein, except as follows:

Aven: In May 2018, Aven received a grand jury subpoena from the U.S. Department of Justice – Special Counsel's Office about matters relating to its investigation into Russian interference in the 2016 presidential election. Aven subsequently met with representatives of the Special Counsel's Office and Aven testified before the grand jury in 2018. In addition, in May 2019, Aven received (via legal counsel) a letter from the United States Senate Select Committee on Intelligence, requesting information from, and a meeting with, Mr. Aven in relation to that committee's investigation into alleged Russian interference in the 2016 U.S. presidential

19

election.  However, no such meeting took place and there were no substantive communications with or production of documentation to the committee or its representatives.

Fridman:  None

Khan:  None

INTERROGATORY NO. 11

Provide your estimated net worth and the estimated net worth of Vladimir Putin and explain, with particularity, how you and Putin accrued those fortunes, identifying the source, location, and value of each of your and Putin's significant assets and holdings.

RESPONSE TO INTERROGATORY NO. 11

Plaintiffs object to this Interrogatory as overly broad, vague, unduly burdensome, and seeking information that is not relevant to the issues in the Action.  Plaintiffs object to the Interrogatory as designed to create unreasonable annoyance, embarrassment, and prejudice to the Plaintiffs.  Plaintiffs' net worth, the specific sources of Plaintiffs' income, the precise location and value of their assets and holdings, and other details regarding their net worth are not relevant to the issues in the Action and constitute non-public and confidential information, and any inquiry into such matters is an unreasonable invasion of privacy.   Plaintiffs object to the portion of the Interrogatory seeking the estimated net worth of Putin as such information is not within the possession, custody, or control of Plaintiffs, and Plaintiffs have no knowledge as to the net worth of Putin.

INTERROGATORY NO. 12

Identify every company in which any of you own a financial stake of at least 5 percent, and/or for which you have performed professional services and have been compensated between January 1, 2010 and the present (whether as an officer, director, employee, consultant, independent contractor or otherwise). For each company, identify the value of your ownership interest, and/or the dates during which you were so compensated, and provide a specific description of your duties and responsibilities in each instance.

## RESPONSE TO INTERROGATORY NO. 12

Plaintiffs object to this Interrogatory as overly broad, vague, unduly burdensome, and seeking information that is not relevant to the issues in the Action. Plaintiffs object to the Interrogatory as designed to create unreasonable annoyance, embarrassment, and prejudice to the Plaintiffs. The specific sources of Plaintiffs' income, the precise dates of compensation, and details regarding their financial interests in companies are not relevant to the issues in the Action and constitute non-public and confidential information, and any inquiry into such matters is an unreasonable invasion of privacy.

## INTERROGATORY NO. 13

Identify every bank or financial institution (and its location) where any of you has an account, or from which you have sought a loan or other financing, whether such financing was granted, and the dates of such application and decision.

## RESPONSE TO INTERROGATORY NO. 13

Plaintiffs object to this Interrogatory as overly broad, vague, unduly burdensome, and seeking information that is not relevant to the issues in the Action. Plaintiffs object to the Interrogatory as designed to create unreasonable annoyance, embarrassment, and prejudice to the Plaintiffs. Details regarding Plaintiffs' bank accounts, loans or financings are not relevant to the issues in the Action and constitute non-public and confidential information, and any inquiry into such matters is an unreasonable invasion of privacy.

## INTERROGATORY NO. 14

Identify each and every instance in which you have been mentioned, identified, interviewed, referred to, or quoted in, or credited as the author of, any book, magazine, newspaper, press conference, speech, public statement, podcast, blog, television or radio program, or on the Internet.

## RESPONSE TO INTERROGATORY NO. 14

Plaintiffs object to this Interrogatory as overly broad, vague, unduly burdensome, and seeking information that is not relevant to the issues in the Action. Plaintiffs object to the Interrogatory to the extent it is not limited to relevant subject matter and seeks information that Defendants can obtain from the public domain. As to the undue burden and overbreadth of this Interrogatory, Defendants, in their 2018 motion to dismiss papers, indicate that over 10,000 articles mention Fridman, over 1,700 articles mention Aven, and over 5,000 articles mention Khan. Assuming these figures are generally correct, it would be entirely unreasonable and burdensome for all such articles to be identified and listed in response to this Interrogatory. In addition, as reflected in Defendants' 2018 motion to dismiss papers, in which they cite over sixty such articles, this information has already been compiled by Defendants and/or Defendants can obtain such information from the public domain.

## INTERROGATORY NO. 15

Identify all press conferences, speeches, public statements, or interviews you have given or held, and each and every instance in which you have communicated with a reporter, journalist, news organization, television or radio broadcaster or producer, or podcast host or producer.

## RESPONSE TO INTERROGATORY NO. 15

Plaintiffs object to this Interrogatory as overly broad, duplicative of Interrogatory No. 14, unduly burdensome, and seeking information that is not relevant to the issues in the Action. Plaintiffs object to the Interrogatory as it is not limited to relevant subject matter, unduly burdensome, and seeks information that Defendants can obtain from the public domain.

## INTERROGATORY NO. 16

Identify all individuals subject to sanctions by the United States under the Global Magnitsky Human Rights Accountability Act or the Sergei Magnitsky Rule of Law Accountability Act of 2012 with whom you have communicated and/or engaged in business dealings. The list of individuals subject to these sanctions is available at

https://sanctionssearch.ofac.treas.gov/ (select program as "MAGNIT" and "GLOMAG").

RESPONSE TO INTERROGATORY NO. 16

Plaintiffs object to this Interrogatory as vague, overly broad, unduly burdensome, and seeking information that is not relevant to the issues in the Action. Plaintiffs' communications or dealings, if any, with persons or entities listed on the above-referenced sanctions lists are not relevant to the content of CIR 112, its publication, its defamatory character, Defendants' fault in publishing the Defamatory Statements in contains, or the harm Plaintiffs suffered as a result of the publication of those statements.

INTERROGATORY NO. 17

Identify all awards, accolades, or other recognitions you have received from any civic, political, charitable, religious, business, cultural, military, police, social, educational, governmental, non-profit, or professional organization.

RESPONSE TO INTERROGATORY NO. 17.

Plaintiffs object to this Interrogatory as overly broad, vague, seeking information that is not relevant to the issues in the Action. Subject to the foregoing objections, Plaintiffs respond as follows:

Plaintiffs have received the following awards, accolades, and recognitions:

Fridman:

- 2003 -- Golden Plate Award from the Academy of Achievement in Washington.

- 2003 -- Named one of "The Stars of Europe: 25 Leaders at the forefront of change" by BusinessWeek.

- 2004 -- Included in the Financial Times list of 25 business executives named "Leaders of the New Europe."

- 2012 -- Russian Businessman of the Year by Forbes Russia.

- 2017 -- Russian Businessman of the Year by Forbes Russia.

Aven:

- 2004 -- Best Manager in the Financial Services Sector in Russia in 2004 by Institutional Investor.

- 2015 -- Woodrow Wilson Award for Corporate Citizenship by the Wilson Center's Kennan Institute.

- 2015 – Russian Federation Order of Friendship.

- 2013 – Honorary Doctorate (Dr.h.c.) from the University of Latvia.

- 2012 – Latvian Order of the Three Stars.

- 2005 – Russian Federation Order of Honor.

Khan:

- None.


<u>INTERROGATORY NO. 18</u>

Identify all public events, including sporting events, and charitable donations that Alfa, any Other Entities, or any of you have made, sponsored or otherwise financed, in whole or in part. For each event or organization, identify the date and amount of the contribution.

<u>RESPONSE TO INTERROGATORY NO. 18</u>

Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and seeking information that is not relevant to the issues in the Action. Plaintiffs object to the Interrogatory as creating unreasonable annoyance, embarrassment, and prejudice to the Plaintiffs. Details regarding Plaintiffs' charitable contributions are not relevant to the issues in the Action and constitute non-public and confidential information, and any inquiry into such matters is an unreasonable invasion of privacy. Subject to the foregoing objections, Plaintiffs respond as follows:

Fridman: In 1996, Fridman co-founded the Russian Jewish Congress, and he is an active member. He regularly contributes to the European Jewish Fund, which promotes inter-religious

dialogue. In 2007, Fridman co-founded the Genesis Philanthropy Group, which supports the development and enhancement of Jewish identity among Russian-speaking Jews worldwide and which awards the $1 million Genesis Prize annually to Jewish individuals for their contributions to humanity. Fridman was one of the funders of, and is a member of the Initiative Group for, the creation of the Babi Yar Holocaust Memorial Center in Ukraine. In 2011 he founded the annual Alfa Jazz Fest, which is funded by Alfa, in his hometown of Lviv, Ukraine, and in 2014 launched the Alfa Future People Festival, an annual electronic-music festival held in the Nizhny Novgorod area of Russia.

Aven: In 2007, Aven co-founded the Genesis Philanthropy Group, which supports the development and enhancement of Jewish identity among Russian-speaking Jews worldwide and which awards the $1 million Genesis Prize annually to Jewish individuals for their contributions to humanity. Aven regularly contributes to programs that support the arts and theatre in Russia. Aven has lent works of art from his personal collection to museums, including the Jewish Museum in Moscow, the Tate in London, the Museum of Modern Art in New York, and the Royal Academy.

Khan: Khan is an active supporter of the Life Line charitable program, which provides medicine and surgery for seriously ill children in Russia. Khan is a supporter of Jewish initiatives in Russia and elsewhere in Europe. He is a co-founder and active member of the Russian Jewish Congress, and regularly contributes to the European Jewish Fund, which promotes inter-religious dialogue. In 2007, Khan co-founded the Genesis Philanthropy Group, which supports the development and enhancement of Jewish identity among Russian-speaking Jews worldwide and which awards the $1 million Genesis Prize annually to Jewish individuals for their contributions

to humanity. Khan was one of the funders of, and is a member of the Initiative Group for, the creation of the Babi Yar Holocaust Memorial Center in Ukraine.

## INTERROGATORY NO. 19

Identify all individuals and/or entities whom you, Alfa or the Other Entities have contracted or otherwise tasked to conduct government or public relations in any country and/or to respond on your behalf to press inquiries, public appearance requests, requests for your attendance at meetings, or other public relations matters, and state whether it was you, Alfa or one of the Other Entities that tasked or contracted the identified individual or entity.

## RESPONSE TO INTERROGATORY NO. 19

Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and seeking information that is not relevant to the issues in the Action. Subject to the foregoing objections, Plaintiffs respond as follows:

Plaintiffs have been assisted in connection with government public relations matters by Stuart Bruseth, Director of Communications at LetterOne, as tasked by LetterOne. In addition, Plaintiffs Fridman and Aven have been assisted in connection with government and public relations matters by BGR Group and by Richard Burt, a non-executive director of LetterOne, working as a sub-contractor to BGR Group, and by Teneo, in each case as tasked by LetterOne.

## INTERROGATORY NO. 20

For each element of damage that you claim in this action, including, but not limited to, the injuries claimed at Paragraphs 10 and 33 of the Complaint, identify separately and with specificity the complete nature of your injury, the amount of damage and how you calculate it, all facts relating to or supporting the allegation of injury, and all documents that refer or relate to, contain information concerning, or upon which you rely to show the damages you claim in this action.

## RESPONSE TO INTERROGATORY NO. 20

Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and premature. Subject to the foregoing objections, Plaintiffs respond as follows:

Plaintiffs' damages have not been computed at this time. As indicated in the Amended Complaint, Plaintiffs seek compensatory damages and punitive damages in amounts to be proven at trial, together with interest and the costs and disbursements of this action, plus reasonable attorneys' fees. Plaintiffs have suffered damage to their personal, professional, and institutional reputations, in that persons who read or saw the contents of CIR 112 were led to understand, incorrectly, that Plaintiffs had an inappropriate relationship with Putin, engaged in inappropriate and criminal activities such as bribery and extortion, and, based on the headline of CIR 112, were involved in some unspecified way in a Kremlin-orchestrated campaign to interfere in the 2016 U.S. presidential election. This information affected how people viewed, regarded, and treated Plaintiffs, and has affected Plaintiffs in their personal and business relationships.

<u>INTERROGATORY NO. 21</u>

Identify all legal actions, lawsuits, or arbitrations to which you are or have been a party, whether civil or criminal, and/or in which you have testified. For each action, suit, or arbitration, provide the caption, the court or forum in which it was brought, the nature of the allegations at issue, and the outcome.

<u>RESPONSE TO INTERROGATORY NO. 21</u>

Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and seeking information that is not relevant to the issues in the Action. Subject to the foregoing objections, Plaintiffs respond as follows:

The following are legal actions or proceedings relating to the defamatory statements in CIR 112, which involve(d) Plaintiffs as parties or in which Plaintiffs testified:

In 2017, Aven, Fridman, and Khan filed a civil lawsuit for defamation in the New York Supreme Court, New York County, against BuzzFeed Inc. and certain individuals, for publishing

the statements in CIR 112 that defame Plaintiffs and which are likewise the subject of this Action. The lawsuit is ongoing. *Fridman v. BuzzFeed, Inc.*, No. 154895/2017.

In 2017, Aven, Fridman, and Khan filed a civil lawsuit for defamation in the Superior Court of the District of Columbia against Orbis Business Intelligence Limited and Christopher Steele for publishing the statements in CIR 112 that defame Plaintiffs and which are likewise the subject of this Action. In 2018, the lawsuit was dismissed, but that decision has been appealed to the District of Columbia Court of Appeals. *Khan v. Orbis Business Intelligence Limited*, No. 2018 CA 002667 B, Appeal No. CAB2667-18.

In 2017, Aven, Fridman, and Khan filed a civil lawsuit for violation of a UK data protection law against Orbis Business Intelligence Limited in the High Court of Justice, Queens Bench Division, for processing inaccurate personal data comprising the contents of CIR 112 which included the defamatory suggestions and statements that are the subject of this Action as well as other personal data of the plaintiffs. The lawsuit is ongoing. *Aven v. Orbis Business Intelligence Limited*, No. HQ18M01646.

INTERROGATORY NO. 22

Identify (a) all instances in which criminal charges were made or brought against you and/or any entity you own in whole or in part, in any jurisdiction, and (b) identify each and every investigation by law enforcement authorities or other governmental entities regardless of whether or not charges were filed against any of you or the disposition of any such charges or investigation, in which you have been involved either as a defendant, subject or target of investigation.

RESPONSE TO INTERROGATORY NO. 22

Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, vague, and seeking information that is not relevant to the issues in the Action. Subject to the foregoing objections, Plaintiffs respond as follows:

Fridman: Criminal charges have never been brought against Fridman, nor, as far as he is aware, has he ever been the target of investigation by law enforcement authorities or other governmental entities relating to anything said about him in CIR 112.

Aven: Criminal charges have never been brought against Aven, nor, as far as he is aware, has he ever been the target of investigation by law enforcement authorities or other governmental entities relating to anything said about him in CIR 112.

Khan: Criminal charges have never been brought against Khan, nor, as far as he is aware, has he ever been the target of investigation by law enforcement authorities or other governmental entities relating to anything said about him in CIR 112.

INTERROGATORY NO. 23

Identify all public controversies for which you have engaged Kroll Associates or any other investigations firm, including but not limited to the Vimpelcom bribery investigations, the IPOC case, the Telenor disputes, and the dispute with Vladimir Yakunin.

RESPONSE TO INTERROGATORY NO. 23

Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, vague, and seeking information that is not relevant to the issues in the Action. The Interrogatory's use of the term "public controversies" is vague, subject to varying interpretations, and unintelligible. Plaintiffs' engagement of the services of investigation firms is not relevant to issues in this Action and involves non-public and confidential information. Plaintiffs further object to the Interrogatory as creating unreasonable annoyance, embarrassment, and prejudice to the Plaintiffs.

INTERROGATORY NO. 24

Identify all instances in which you have attempted to obtain government banking licenses worldwide, including but not limited to Ukraine, the United Kingdom, and the United States.

## RESPONSE TO INTERROGATORY NO. 24

Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and seeking

information that is not relevant to the issues in the Action. Attempts to obtain banking licenses

are not relevant to the issues in this Action.

## INTERROGATORY NO. 25

Identify each person—other than counsel of record in this action—who answered these
Interrogatories or contributed information used to answer these Interrogatories and identify
specifically what information each person contributed to each answer.

## RESPONSE TO INTERROGATORY NO. 25

Plaintiffs object to this Interrogatory as overly broad and seeking information that is

protected by the attorney-client privilege and work product doctrine. Subject to the foregoing

objections, Plaintiffs respond as follows: Answers to these Interrogatories, and information used

to answer these Interrogatories, was primarily provided by Plaintiffs and counsel of record.

Additional input and information was provided by A. Stephen Gillespie, who also serves as an

attorney to the individual Plaintiffs.

Dated:  New York, New York
        November 11, 2019

                                    CARTER LEDYARD & MILBURN LLP

                        By:  _____
                                    Alan S. Lewis
                                    John J. Walsh
                                    2 Wall Street
                                    New York, NY 10005
                                    (212) 732-3200

                                    Kim H. Sperduto
                                    Sperduto Thompson & Gassler PLC
                                    1747 Pennsylvania Ave., NW, Suite 1250
                                    Washington, DC 20006
                                    Phone: (202) 408-8900

                                    *Attorneys for Plaintiffs*

30

## VERIFICATION

I, **MIKHAIL FRIDMAN**, am a plaintiff in the above-captioned action. I have read the foregoing Responses and Objections to Defendants' First Set of Interrogatories and know the contents thereof and, as the responses pertain to me individually, they are true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true as they pertain to me individually.

Mikhail Fridman

## VERIFICATION

I, **PETR AVEN**, am a plaintiff in the above-captioned action. I have read the foregoing Responses and Objections to Defendants' First Set of Interrogatories and know the contents thereof and, as the responses pertain to me individually, they are true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true as they pertain to me individually.

_____
Petr Aven

## VERIFICATION

I, **GERMAN KHAN**, am a plaintiff in the above-captioned action. I have read the foregoing Responses and Objections to Defendants' First Set of Interrogatories and know the contents thereof and, as the responses pertain to me individually, they are true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true as they pertain to me individually.

German Khan

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

———————————————————————X
                                :

MIKHAIL FRIDMAN, PETR AVEN, AND     :       Case 1:17-CV-02041 (RJL)
GERMAN KHAN,                       :

                   Plaintiffs,       :

              -v-                :

BEAN LLC (A/K/A FUSION GPS) AND GLENN  :
SIMPSON,                       :

              Defendants.     :

———————————————————————X

## PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the District Court for the District of Columbia (the "Local Rules"), Plaintiffs Mikhail Fridman, Petr Aven, and German Khan hereby supplement their November 11, 2019 initial responses and objections ("Initial Responses") to Defendants' First Set of Interrogatories, dated October 11, 2019 (each an "Interrogatory," and together, the "Interrogatories"), as follows:

## GENERAL STATEMENTS AND OBJECTIONS

       A.    These supplemental responses and objections (each a "Response" and together the "Responses") are being provided based upon documents and information presently available and known to Plaintiffs.

       B.     All objections, responses, reservations of rights, and definitions from Plaintiffs' Initial Responses are applicable to these Responses and incorporated by reference as though fully set forth.

C.     In supplementing their Responses, Plaintiffs are responding only based upon information within Plaintiffs' possession, custody, or control. As indicated in Plaintiffs' Initial Responses, Plaintiffs object to Interrogatories that seek or are intended to seek information within the possession, custody, or control of non-parties.

D.     Plaintiffs continue to reserve all rights to further supplement, amend, modify, or clarify these Responses.  If there is no supplemental response to specific Interrogatories being provided at this time, such specific Requests are not reflected below.

E.     The foregoing General Statements and Objections are incorporated by reference in each of the specific Responses appearing below.

## SUPPLEMENTAL RESPONSES AND OBJECTIONS

## INTERROGATORY NO. 1

Identify all persons who are believed or known by you to have information concerning any of the allegations in the Complaint, and for each state the subject matter of their knowledge.

## RESPONSE TO INTERROGATORY

The persons likely to have information concerning the allegations in the Complaint are as follows:

- Mikhail Fridman
  c/o Alan S. Lewis
  Carter Ledyard & Milburn LLP
  2 Wall Street
  New York, NY 10005

Mr. Fridman has knowledge concerning the falsity of the defamatory allegations contained in CIR 112 and the damages caused by Defendants' publication of the defamatory statements at issue.

- Petr Aven
  c/o Alan S. Lewis
  Carter Ledyard & Milburn LLP
  2 Wall Street

2

New York, NY 10005

Mr. Aven has knowledge concerning the falsity of the defamatory allegations contained in

CIR 112 and the damages caused by Defendants' publication of the defamatory statements at issue.

- German Khan
  c/o Alan S. Lewis
  Carter Ledyard & Milburn LLP
  2 Wall Street
  New York, NY 10005

Mr. Khan has knowledge concerning the falsity of the defamatory allegations contained in

CIR 112 and the damages caused by Defendants' publication of the defamatory statements at issue.

- Glenn Simpson
  Fusion GPS
  1700 Connecticut Avenue, NW, Suite 400
  Washington, DC 20006

  c/o Joshua A. Levy
  Levy Firestone Muse LLP
  1401 K Street, NW, Suite 600
  Washington, DC 20005

Upon information and belief, Mr. Simpson has knowledge concerning the publication of

the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

- Peter Fritsch
  Fusion GPS
  1700 Connecticut Avenue, NW, Suite 400
  Washington, DC 20006

  c/o Joshua A. Levy
  Levy Firestone Muse LLP
  1401 K Street, NW, Suite 600
  Washington, DC 20005

Upon information and belief, Mr. Fritsch has knowledge concerning the publication of the

defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

3

- Jacob Berkowitz
  c/o Joshua A. Levy
  Levy Firestone Muse LLP
  1401 K St. NW, Suite 600
  Washington, DC 20005

Upon information and belief, Mr. Berkowitz has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Jason Felch
  c/o Joshua A. Levy
  Levy Firestone Muse LLP
  1401 K St. NW, Suite 600
  Washington, DC 20005

Upon information and belief, Mr. Felch has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Nellie Ohr
  c/o Joshua Berman, Esq.
  Clifford Chance, LLP
  2001 K Street NW
  Washington, DC 20006

Upon information and belief, Ms. Ohr has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Christopher Steele
  Orbis Business Intelligence Ltd.
  9-11 Grosvenor Gardens
  London SW1W 0BD
  United Kingdom

Upon information and belief, Mr. Steele has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Christopher Burrows
  Orbis Business Intelligence Ltd.
  9-11 Grosvenor Gardens
  London SW1W 0BD
  United Kingdom

Upon information and belief, Mr. Burrows has knowledge concerning the publication of

the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

- Democratic National Committee
  c/o Graham M. Wilson
  Perkins Coie LLP
  700 13th Street, NW, Suite 800
  Washington, DC 20005

Upon information and belief, a representative of the Democratic National Committee has

knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the

Defendants' fault in publishing those defamatory allegations.

- HFACC, Inc.
  c/o Graham M. Wilson
  Perkins Coie LLP
  700 13th Street, NW, Suite 800
  Washington, DC 20005

Upon information and belief, a representative of HFACC, Inc. has knowledge concerning

publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in

publishing those defamatory allegations.

- Marc Elias
  Perkins Coie LLP
  700 13th Street, NW, Suite 800
  Washington, DC 20005

  c/o Gregory Poe
  Law Offices of Gregory L. Poe PLLC
  1001 Pennsylvania Avenue, N.W., Swuite 7204
  Washington, DC 20004

Upon information and belief, Mr. Elias has knowledge concerning the publication of the

defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Michael Sussmann
  Perkins Coie LLP
  700 13th Street, NW, Suite 800
  Washington, DC 20005

  c/o Gregory Poe
  Law Offices of Gregory L. Poe PLLC
  1001 Pennsylvania Avenue, N.W., Swuite 7204
  Washington, DC 20004

Upon information and belief, Mr. Sussmann has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Robert Mook
  c/o Graham M. Wilson
  Perkins Coie LLP
  700 13th Street, NW, Suite 800
  Washington, DC 20005

Upon information and belief, Mr. Mook has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Igor Danchenko
  c/o Mark Schamel
  Womble Bond Dickinson (US) LLP
  1200 Nineteenth Street, N.W.
  Washington, DC 20036

Upon information and belief, Mr. Danchenko has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- David Kramer
  c/o Marcos D. Jimenez, Esq.

6

Marcos D. Jimenez P.A.
255 Alhambra Circle, Suite 800
Coral Gables, FL 33134

Upon information and belief, Mr. Kramer has knowledge concerning the publication of the

defamatory allegations contained in CIR 112.

- Jonathan Winer
  Middle East Institute
  1763 N Street, NW
  Washington, DC 20036

  c/o Lee Wolosky
  Jenner & Block LLP
  919 Third Avenue
  New York, NY 10022-3908

Upon information and belief, Mr. Winer has knowledge concerning the publication of the

defamatory allegations contained in CIR 112.

- Bruce Ohr
  U.S. Department of Justice
  950 Pennsylvania Avenue, NW
  Washington, DC 20530

Upon information and belief, Mr. Ohr has knowledge concerning publication of the

defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

- Edward Baumgartner
  c/o Edward Austin Limited
  4 Old Park Lane
  London W1K 1QW
  United Kingdom

Upon information and belief, Mr. Baumgartner has knowledge concerning publication of

the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

- Sir Andrew Wood
  c/o RPC
  Tower Bridge House
  St Katharine's Way

7

London E1W 1AA
United Kingdom

Upon information and belief, Sir Andrew Wood has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Daniel Jones
  c/o William W. Taylor III
  Zuckerman Spaeder
  1800 M Street, NW, Suite 1000
  Washington, DC 20036

Upon information and belief, Mr. Jones has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Tracy Schmaler
  Kivvit
  110 G Street NW, Suite 350
  Washington, DC 20005

  c/o Sara Kropf, Esq.
  Kropf Moseley PLLC
  1100 H Street NW, Suite 1220
  Washington, DC 20005

Upon information and belief, Ms. Schmaler has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Ken Bensinger, Miriam Elder, Mark Schoofs
  BuzzFeed, Inc.
  111 E. 18th Street, 13th Floor
  New York, NY 10003 701 First Avenue

Upon information and belief, these BuzzFeed employees have knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Ben Smith
  The New York Times Company

8

620 Eighth Avenue
New York, NY 10018

Upon information and belief, Mr. Smith has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Michael Isikoff
  Yahoo! News
  701 First Avenue
  Sunnyvale, CA 94089

Upon information and belief, Mr. Isikoff has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- David Corn
  Mother Jones
  P.O. Box 584
  San Francisco, CA 94104

Upon information and belief, Mr. Corn has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Evan Perez, Jim Sciutto, Jake Tapper, Carl Bernstein
  CNN
  820 First Street, NE
  Washington, DC 20001

Upon information and belief, Messrs. Perez, Sciutto, Tapper, and Bernstein have knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Jane Mayer
  New Yorker
  1 World Trade Center
  New York, NY 10006

Upon information and belief, Ms. Mayer has knowledge concerning publication of the

9

defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- The Washington Post
  1301 K Street, NW
  Washington, DC 20071

Upon information and belief, a representative of The Washington Post has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- The New York Times Company
  620 Eighth Avenue
  New York, NY 10018

Upon information and belief, a representative of The New York Times has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Eric Lichtblau
  8023 Summer Mill Ct.
  Bethesda, MD 20817

Upon information and belief, Mr. Lichtblau has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Oleg Govorun
  Address Not Known

Upon information and belief, Mr. Govorun has knowledge concerning the falsity of the defamatory allegations contained in CIR 112.

- Ed Rogers
  BGR Group
  601 13th Street, NW
  Washington, DC 20005

Upon information and belief, Mr. Rogers has knowledge concerning the falsity of the defamatory allegations contained in CIR 112 and the damages caused by Defendants' publication

of the defamatory statements at issue.

- Richard Burt
  McLarty Associates
  900 17th Street, NW, Suite 800
  Washington, DC 20006

Upon information and belief, Ambassador Burt has knowledge concerning the falsity of the defamatory allegations contained in CIR 112 and the damages caused by Defendants' publication of the defamatory statements at issue.

## INTERROGATORY NO. 20

For each element of damage that you claim in this action, including, but not limited to, the injuries claimed at Paragraphs 10 and 33 of the Complaint, identify separately and with specificity the complete nature of your injury, the amount of damage and how you calculate it, all facts relating to or supporting the allegation of injury, and all documents that refer or relate to, contain information concerning, or upon which you rely to show the damages you claim in this action.

## RESPONSE TO INTERROGATORY NO. 20

Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and premature. Subject to the foregoing objections, Plaintiffs respond as follows:

Plaintiffs' damages have not been computed at this time.  Plaintiffs seek presumed damages and general damages for harm to their reputations and for emotional harm in amounts to be proven at trial, but more than $75,000, together with interest and the costs and disbursements of this action, plus reasonable attorneys' fees.  Plaintiffs have suffered damage to their reputations, in that persons who read or saw the contents of CIR 112 were led to understand, incorrectly, that Plaintiffs had an inappropriate relationship with Putin, engaged in inappropriate and criminal activities such as bribery and extortion, and, based on the headline of CIR 112, were involved in some unspecified way in a Kremlin orchestrated campaign to interfere in the 2016 U.S. presidential election.  This information affected how people viewed, regarded, and treated Plaintiffs.  At trial, Plaintiffs will rely on testimony from themselves and/or

third parties[1] to show the wide dissemination of the defamatory statements, and how the

defamatory statements damaged Plaintiffs' reputations, affected Plaintiffs in their personal

relationships, and caused Plaintiffs emotional stress.

Dated: New York, New York
       October 14, 2020

<div align="right">

CARTER LEDYARD & MILBURN LLP

By:      _____/s/ Alan S. Lewis_____

         Alan S. Lewis
         John J. Walsh
         2 Wall Street
         New York, NY 10005
         Tel: (212) 732-3200

         Kim Sperduto
         SPERDUTO THOMPSON & GASSLER PLC
         1747 Pennsylvania Avenue, NW, Suite 1250
         Washington, DC 20006
         Tel: (202) 408-8900

         *Attorneys for Plaintiffs*

</div>

---

[1] Those third parties include Ed Rogers and Richard Burt.  To the extent Plaintiffs will present testimony of additional third parties, Plaintiffs will promptly identify such third parties.

## VERIFICATION

I, **PETR AVEN**, am a plaintiff in the above-captioned action. I have read the Second Supplemental Responses and Objections to Defendants' First Set of Interrogatories dated October 14, 2020, and know the contents thereof and, as the responses pertain to me individually, I declare under penalty of perjury under the laws of the United States of America that they are true and correct to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I declare under penalty of perjury under the laws of the United States of America that I believe them to be true as they pertain to me individually.

Executed on _14 October 2020_

Petr Aven

## <u>VERIFICATION</u>

I, **MIKHAIL FRIDMAN**, am a plaintiff in the above-captioned action. I have read the Second Supplemental Responses and Objections to Defendants' First Set of Interrogatories dated October 14, 2020, and know the contents thereof and, as the responses pertain to me individually, I declare under penalty of perjury under the laws of the United States of America that they are true and correct to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I declare under penalty of perjury under the laws of the United States of America that I believe them to be true as they pertain to me individually.

Executed on _Octov 14, 2020_

Mikhail Fridman

## VERIFICATION

I, **GERMAN KHAN**, am a plaintiff in the above-captioned action. I have read the Second Supplemental Responses and Objections to Defendants' First Set of Interrogatories dated October 14, 2020, and know the contents thereof and, as the responses pertain to me individually, I declare under penalty of perjury under the laws of the United States of America that they are true and correct to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I declare under penalty of perjury under the laws of the United States of America that I believe them to be true as they pertain to me individually.

Executed on _14 October 2020_

German Khan

**EXHIBIT 3**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

————————————————————————X
                        :

MIKHAIL FRIDMAN, PETR AVEN, AND     :     Case 1:17-CV-02041 (RJL)
GERMAN KHAN,                   :
                        :

            Plaintiffs,       :     **PLAINTIFFS' INITIAL**
                        :     **DISCLOSURES_____**

      -v-              :

BEAN LLC (A/K/A FUSION GPS) AND     :
GLENN SIMPSON,             :

           Defendants.     :
                        :

————————————————————————X

      Plaintiffs make the following disclosures pursuant to Fed. R. Civ. P. 26(a)(1) ("Initial Disclosures").

## PRELIMINARY STATEMENT

      1.     These Initial Disclosures are based upon documents, knowledge, and information presently and reasonably available to Plaintiffs as of this date, and on the basis of documents, knowledge, and information within their possession, custody, or control.  Plaintiffs reserve and do not waive the right to rely on any information, facts, documents, or other materials that may subsequently come to their attention through further investigation, discovery, disclosure, or otherwise, or the right to supplement, amend, modify, correct, or clarify these Initial Disclosures based upon any such other and additional information, facts, documents, or other materials.

      2.     In providing these Initial Disclosures, Plaintiffs reserve and do not waive the right to object to the relevance, authenticity, or admissibility of any information contained herein. Plaintiffs' Initial Disclosures are made without waiving the right to object on the grounds of competency, privilege, relevancy, hearsay, or any other proper ground, or the right to object to the use or disclosure of any information set forth herein for any purpose, in whole or in part, in this action or outside of this action.

3.     Plaintiffs' Initial Disclosures are made without waiving the right to object on any and all proper grounds to any other discovery requests, whether pursuant to the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of Columbia, or otherwise.

4.     Plaintiffs' Initial Disclosures are being made subject to, and without waiver of, the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection, or immunity from disclosure.

5.     Each of the preceding statements in this Preliminary Statement is incorporated by reference into each of the specific disclosures below as though fully set forth therein.

6.     The defined terms in Plaintiffs' Amended Complaint dated December 12, 2017 (the "Complaint") are incorporated herein, as applicable.

## INITIAL DISCLOSURES

**Rule 26(a)(1)(A)(i):  The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

1.     Mikhail Fridman
         c/o Alan S. Lewis
         Carter Ledyard & Milburn LLP
         2 Wall Street
         New York, NY 10005

Mr. Fridman has knowledge concerning the falsity of the defamatory allegations contained in Company Intelligence Report 112 ("CIR 112") and the damages caused by Defendants' publication of the defamatory statements at issue.

2.     Petr Aven
         c/o Alan S. Lewis
         Carter Ledyard & Milburn LLP
         2 Wall Street
         New York, NY 10005

Mr. Aven has knowledge concerning the falsity of the defamatory allegations contained in CIR 112 and the damages caused by Defendants' publication of the defamatory statements at issue.

3.  German Khan
    c/o Alan S. Lewis
    Carter Ledyard & Milburn LLP
    2 Wall Street
    New York, NY 10005

Mr. Khan has knowledge concerning the falsity of the defamatory allegations contained in CIR 112 and the damages caused by Defendants' publication of the defamatory statements at issue.

4.  Glenn Simpson
    Fusion GPS
    1700 Connecticut Avenue, NW, Suite 400
    Washington, DC 20006

    c/o Joshua A. Levy
    Cunningham Levy Muse LLP
    1401 K Street, NW, Suite 600
    Washington, DC 20005

Upon information and belief, Mr. Simpson has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

5.  Peter Fritsch
    Fusion GPS
    1700 Connecticut Avenue, NW, Suite 400
    Washington, DC 20006

    c/o Joshua A. Levy
    Cunningham Levy Muse LLP
    1401 K Street, NW, Suite 600
    Washington, DC 20005

Upon information and belief, Mr. Fritsch has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

6. Nellie Ohr
   Accenture iDefense
   201 Wilson Boulevard
   Arlington, VA 22209

Upon information and belief, Ms. Ohr has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

7. Christopher Steele
   Orbis Business Intelligence Ltd.
   9-11 Grosvenor Gardens
   London SW1W 0BD
   United Kingdom

Upon information and belief, Mr. Steele has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

8. Christopher Burrows
   Orbis Business Intelligence Ltd.
   9-11 Grosvenor Gardens
   London SW1W 0BD
   United Kingdom

Upon information and belief, Mr. Burrows has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

9. David Kramer
   The McCain Institute for International Leadership
   at Arizona State University
   1800 I Street, NW, Sixth Floor
   Washington, DC 20006

Upon information and belief, Mr. Kramer has knowledge concerning the publication of the defamatory allegations contained in CIR 112.

10.     Jonathan Winer
        Middle East Institute
        1763 N Street, NW
        Washington, DC 20036

Upon information and belief, Mr. Winer has knowledge concerning the publication of the defamatory allegations contained in CIR 112.

11.     Bruce Ohr
        U.S. Department of Justice
        950 Pennsylvania Avenue, NW
        Washington, DC 20530

Upon information and belief, Mr. Ohr has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

12.     Michael Isikoff
        Yahoo! News
        701 First Avenue
        Sunnyvale, CA 94089

Upon information and belief, Mr. Isikoff has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

13.     David Corn
        Mother Jones
        P.O. Box 584
        San Francisco, CA 94104

Upon information and belief, Mr. Corn has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

14.     Evan Perez
        Jim Sciutto
        Jake Tapper
        Carl Bernstein
        CNN
        820 First Street, NE
        Washington, DC 20001

Upon information and belief, Messrs. Perez, Sciutto, Tapper, and Bernstein have knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

15.     Jane Mayer
        New Yorker
        1 World Trade Center
        New York, NY 10006

Upon information and belief, Ms. Mayer has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

16.     The Washington Post
        1301 K Street, NW
        Washington, DC 20071

Upon information and belief, a representative of The Washington Post has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

17.     The New York Times Company
        620 Eighth Avenue
        New York, NY 10018

Upon information and belief, a representative of The New York Times has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

18.  Oleg Govarun
     Address Not Known

Upon information and belief, Mr. Govarun has knowledge concerning the falsity of the defamatory allegations contained in CIR 112.


**Rule 26(a)(1)(A)(ii): A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Plaintiffs expect that the primary evidence relating to the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations will be supplied by Defendants and third parties, through documents and testimony.  Plaintiffs have limited documents that will be used to support their claims, which are generally located, and are being preserved, in London, England by representatives for Plaintiffs.  These materials relate primarily to the falsity of the defamatory allegations.

**Rule 26(a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Plaintiffs' damages have not been computed at this time.  As indicated in the Amended Complaint, Plaintiffs seek compensatory damages and punitive damages in amounts to be proven at trial, together with interest and the costs and disbursements of this action, plus reasonable attorneys' fees.

**Rule 26(a)(1)(A)(iv): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not Applicable.

Dated: New York, New York
       September 25, 2019

CARTER LEDYARD & MILBURN LLP

By: _____
    Alan S. Lewis
    John J. Walsh
2 Wall Street
New York, NY 10005
(212) 732-3200

Kim H. Sperduto
Sperduto Thompson PLC
1133 Twentieth Street, NW, 2nd Floor
Washington, DC 20036
(202) 408-8900

*Attorneys for Plaintiffs*

8

**EXHIBIT 4**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

———————————————————————X
                              :

MIKHAIL FRIDMAN, PETR AVEN, AND    :    Case 1:17-CV-02041 (RJL)
GERMAN KHAN,                        :
                              :

              Plaintiffs,    :    **PLAINTIFFS' REVISED**
                              :    **INITIAL DISCLOSURES**

       -v-                  :
                              :

BEAN LLC (A/K/A FUSION GPS) AND    :
GLENN SIMPSON,                 :
                              :

             Defendants.    :
                              :

———————————————————————X

      Plaintiffs make the following revised disclosures pursuant to Fed. R. Civ. P. 26(a)(1)
("Initial Disclosures").

## PRELIMINARY STATEMENT

      1.    These Initial Disclosures are based upon documents, knowledge, and information
presently and reasonably available to Plaintiffs as of this date, and on the basis of documents,
knowledge, and information within their possession, custody, or control.  Plaintiffs reserve and do
not waive the right to rely on any information, facts, documents, or other materials that may
subsequently come to their attention through further investigation, discovery, disclosure, or
otherwise, or the right to supplement, amend, modify, correct, or clarify these Initial Disclosures
based upon any such other and additional information, facts, documents, or other materials.

      2.    In providing these Initial Disclosures, Plaintiffs reserve and do not waive the right
to object to the relevance, authenticity, or admissibility of any information contained herein.
Plaintiffs' Initial Disclosures are made without waiving the right to object on the grounds of
competency, privilege, relevancy, hearsay, or any other proper ground, or the right to object to the
use or disclosure of any information set forth herein for any purpose, in whole or in part, in this
action or outside of this action.

3.      Plaintiffs' Initial Disclosures are made without waiving the right to object on any

and all proper grounds to any other discovery requests, whether pursuant to the Federal Rules of

Civil Procedure, the Local Civil Rules of the United States District Court for the District of

Columbia, or otherwise.

4.      Plaintiffs' Initial Disclosures are being made subject to, and without waiver of, the

attorney-client privilege, work-product doctrine, or any other applicable privilege, protection, or

immunity from disclosure.

5.      Each of the preceding statements in this Preliminary Statement is incorporated by

reference into each of the specific disclosures below as though fully set forth therein.

6.      The defined terms in Plaintiffs' Amended Complaint dated December 12, 2017 (the

"Complaint") are incorporated herein, as applicable.

## INITIAL DISCLOSURES

**Rule 26(a)(1)(A)(i):  The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

1.      Mikhail Fridman
        c/o Alan S. Lewis
        Carter Ledyard & Milburn LLP
        2 Wall Street
        New York, NY 10005

Mr. Fridman has knowledge concerning the falsity of the defamatory allegations contained

in Company Intelligence Report 112 ("CIR 112") and the damages caused by Defendants'

publication of the defamatory statements at issue.

2.      Petr Aven
        c/o Alan S. Lewis
        Carter Ledyard & Milburn LLP
        2 Wall Street
        New York, NY 10005

Mr. Aven has knowledge concerning the falsity of the defamatory allegations contained in

CIR 112 and the damages caused by Defendants' publication of the defamatory statements at issue.

3.      German Khan
        c/o Alan S. Lewis
        Carter Ledyard & Milburn LLP
        2 Wall Street
        New York, NY 10005

Mr. Khan has knowledge concerning the falsity of the defamatory allegations contained in

CIR 112 and the damages caused by Defendants' publication of the defamatory statements at issue.

4.      Glenn Simpson
        Fusion GPS
        1700 Connecticut Avenue, NW, Suite 400
        Washington, DC 20006

        c/o Joshua A. Levy
        Levy Firestone Muse LLP
        1401 K Street, NW, Suite 600
        Washington, DC 20005

Upon information and belief, Mr. Simpson has knowledge concerning the publication of

the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

5.      Peter Fritsch
        Fusion GPS
        1700 Connecticut Avenue, NW, Suite 400
        Washington, DC 20006

        c/o Joshua A. Levy
        Levy Firestone Muse LLP
        1401 K Street, NW, Suite 600
        Washington, DC 20005

Upon information and belief, Mr. Fritsch has knowledge concerning the publication of the

defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

6.      Jacob Berkowitz
        c/o Joshua A. Levy
        Levy Firestone Muse LLP
        1401 K St. NW, Suite 600
        Washington, DC 20005

3

Upon information and belief, Mr. Berkowitz has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

7.      Jason Felch
        c/o Joshua A. Levy
        Levy Firestone Muse LLP
        1401 K St. NW, Suite 600
        Washington, DC 20005

Upon information and belief, Mr. Felch has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

8.      Nellie Ohr
        c/o Joshua Berman, Esq.
        Clifford Change, LLP
        2001 K Street NW
        Washington, DC 20006

Upon information and belief, Ms. Ohr has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

9.      Christopher Steele
        Orbis Business Intelligence Ltd.
        9-11 Grosvenor Gardens
        London SW1W 0BD
        United Kingdom

Upon information and belief, Mr. Steele has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

10.     Christopher Burrows
        Orbis Business Intelligence Ltd.
        9-11 Grosvenor Gardens
        London SW1W 0BD
        United Kingdom

Upon information and belief, Mr. Burrows has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

      11.     Democratic National Committee
              c/o Graham M. Wilson
              Perkins Coie LLP
              700 13th Street, NW, Suite 800
              Washington, DC 20005

Upon information and belief, a representative of the Democratic National Committee has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

      12.     HFACC, Inc.
              c/o Graham M. Wilson
              Perkins Coie LLP
              700 13th Street, NW, Suite 800
              Washington, DC 20005

Upon information and belief, a representative of HFACC, Inc. has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

      13.     Marc Elias
              Perkins Coie LLP
              700 13th Street, NW, Suite 800
              Washington, DC 20005

              c/o Gregory Poe
              Law Offices of Gregory L. Poe PLLC
              1001 Pennsylvania Avenue, N.W., Swuite 7204
              Washington, DC 20004

Upon information and belief, Mr. Elias has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

14.     Michael Sussmann
        Perkins Coie LLP
        700 13th Street, NW, Suite 800
        Washington, DC 20005

        c/o Gregory Poe
        Law Offices of Gregory L. Poe PLLC
        1001 Pennsylvania Avenue, N.W., Swuite 7204
        Washington, DC 20004

Upon information and belief, Mr. Sussmann has knowledge concerning the publication of

the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

15.     Robert Mook
        c/o Graham M. Wilson
        Perkins Coie LLP
        700 13th Street, NW, Suite 800
        Washington, DC 20005

Upon information and belief, Mr. Mook has knowledge concerning the publication of the

defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

16.     Igor Danchenko
        c/o Mark Schamel
        Womble Bond Dickinson (US) LLP
        1200 Nineteenth Street, N.W.
        Washington, DC 20036

Upon information and belief, Mr. Danchenko has knowledge concerning the publication

of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

17.     David Kramer
        c/o Marcos D. Jimenez, Esq.
        Marcos D. Jimenez P.A.
        255 Alhambra Circle, Suite 800
        Coral Gables, FL 33134

Upon information and belief, Mr. Kramer has knowledge concerning the publication of the defamatory allegations contained in CIR 112.

18.     Jonathan Winer
        Middle East Institute
        1763 N Street, NW
        Washington, DC 20036

        c/o Lee Wolosky
        Jenner & Block LLP
        919 Third Avenue
        New York, NY 10022-3908

Upon information and belief, Mr. Winer has knowledge concerning the publication of the defamatory allegations contained in CIR 112.

19.     Bruce Ohr
        U.S. Department of Justice
        950 Pennsylvania Avenue, NW
        Washington, DC 20530

Upon information and belief, Mr. Ohr has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

20.     Edward Baumgartner
        c/o Edward Austin Limited
        4 Old Park Lane
        London W1K 1QW
        United Kingdom

Upon information and belief, Mr. Baumgartner has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

21.     Sir Andrew Wood
        c/o RPC
        Tower Bridge House
        St Katharine's Way
        London E1W 1AA
        United Kingdom

Upon information and belief, Sir Andrew Wood has knowledge concerning publication of

7

the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

22.    Daniel Jones
       c/o William W. Taylor III
       Zuckerman Spaeder
       1800 M Street, NW, Suite 1000
       Washington, DC 20036

Upon information and belief, Mr. Jones has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

23.    Tracy Schmaler
       Kivvit
       1100 G Street NW, Suite 350
       Washington, DC 20005

       c/o Sara Kropf, Esq.
       Kropf Moseley PLLC
       1100 H Street NW, Suite 1220
       Washington, DC 20005

Upon information and belief, Ms. Schmaler has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

24.    Ken Bensinger
       Miriam Elder
       Mark Schoofs
       BuzzFeed, Inc.
       111 E. 18th Street, 13th Floor
       New York, NY 10003 701 First Avenue

Upon information and belief, these BuzzFeed employees have knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

25.    Ben Smith
       The New York Times Company
       620 Eighth Avenue
       New York, NY 10018

8

Upon information and belief, Mr. Smith has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

26.    Michael Isikoff
       Yahoo! News
       701 First Avenue
       Sunnyvale, CA 94089

Upon information and belief, Mr. Isikoff has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

27.    David Corn
       Mother Jones
       P.O. Box 584
       San Francisco, CA 94104

Upon information and belief, Mr. Corn has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

28.    Evan Perez
       Jim Sciutto
       Jake Tapper
       Carl Bernstein
       CNN
       820 First Street, NE
       Washington, DC 20001

Upon information and belief, Messrs. Perez, Sciutto, Tapper, and Bernstein have knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

29.    Jane Mayer
       New Yorker
       1 World Trade Center
       New York, NY 10006

Upon information and belief, Ms. Mayer has knowledge concerning publication of the

9

defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

30. The Washington Post
1301 K Street, NW
Washington, DC 20071

Upon information and belief, a representative of The Washington Post has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

31. The New York Times Company
620 Eighth Avenue
New York, NY 10018

Upon information and belief, a representative of The New York Times has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

32. Eric Lichtblau
8023 Summer Mill Ct.
Bethesda, MD 20817

Upon information and belief, Mr. Lichtblau has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

33. Oleg Govorun
Address Not Known

Upon information and belief, Mr. Govorun has knowledge concerning the falsity of the defamatory allegations contained in CIR 112.

34. Ed Rogers
BGR Group
601 13th Street, NW
Washington, DC 20005

Upon information and belief, Mr. Rogers has knowledge concerning the falsity of the defamatory allegations contained in CIR 112 and the damages caused by Defendants' publication

10

of the defamatory statements at issue.

35.     Richard Burt
        *McLarty Associates*
        900 17th Street, NW, Suite 800
        Washington, DC 20006

Upon information and belief, Ambassador Burt has knowledge concerning the falsity of the defamatory allegations contained in CIR 112 and the damages caused by Defendants' publication of the defamatory statements at issue.

**Rule 26(a)(1)(A)(ii):  A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Plaintiffs expect that the primary evidence relating to the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations will be supplied by Defendants and third parties, through documents and testimony.   Plaintiffs have limited documents that will be used to support their claims, which are generally located, and are being preserved, in London, England by representatives for Plaintiffs.  These materials relate primarily to the falsity of the defamatory allegations.

**Rule 26(a)(1)(A)(iii):  A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Plaintiffs' damages have not been computed at this time.  Plaintiffs seek presumed damages and general damages for harm to their reputations and for emotional harm in amounts to be proven at trial, but more than $75,000, together with interest and the costs and disbursements of this action, plus reasonable attorneys' fees.  At trial, Plaintiffs will rely on testimony from

themselves and/or third parties[1] to show the wide dissemination of the defamatory statements, and how the defamatory statements damaged Plaintiffs' reputations, affected Plaintiffs in their personal relationships and caused Plaintiffs emotional stress.

**Rule 26(a)(1)(A)(iv):  For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not Applicable.

Dated: New York, New York
          October 14, 2020

CARTER LEDYARD & MILBURN LLP

By:          */s/ Alan S. Lewis*
                 Alan S. Lewis
                 John J. Walsh
          2 Wall Street
          New York, NY 10005
          (212) 732-3200

          Kim Sperduto
          Sperduto Thompson & Gassler PLC
          1747 Pennsylvania Ave., NW, Suite 1250
          Washington, DC 20036
          (202) 408-8900

          *Attorneys for Plaintiffs*

---

[1] Those third parties include Ed Rogers and Richard Burt.  To the extent Plaintiffs will present testimony of additional third parties, Plaintiffs will promptly identify such third parties.

**EXHIBIT 5**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

––––––––––––––––––––––––––––––––––––––––X
                         :

MIKHAIL FRIDMAN, PETR AVEN, AND    :     Case 1:17-CV-02041 (RJL)
GERMAN KHAN,                       :

                  Plaintiffs,    :

         -v-                   :

BEAN LLC (A/K/A FUSION GPS) AND GLENN :
SIMPSON,                       :

                  Defendants.   :

                         :
––––––––––––––––––––––––––––––––––––––––X

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO
## DEFENDANTS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 26 of the Federal Rules of Civil Procedure (the "Federal Rules") and the

Local Rules of the District Court for the District of Columbia (the "Local Rules"), Plaintiffs

Mikhail Fridman ("Fridman"), Petr Aven ("Aven"), and German Khan ("Khan" and, collectively

with Fridman and Aven, "Plaintiffs"), by and through their undersigned counsel, hereby respond

and object to Defendants' First Request for Production of Documents, dated October 11, 2019

(each a "Request," and together, the "Requests"), as follows:

## GENERAL OBJECTIONS AND RESPONSES

A.     These responses and objections (each a "Response" and together the

"Responses") are being provided based upon documents and information presently available and

known to Plaintiffs.  Plaintiffs reserve, and do not waive, (i) the right to rely on any information,

facts, documents, or other materials that may subsequently come to Plaintiffs' attention through

disclosure or otherwise; (ii) the right to assert additional objections should Plaintiffs determine a

basis for doing so; (iii) any and all objections as to the relevance, authenticity, or admissibility of

and prejudice to the Plaintiffs.  Plaintiffs' tax returns or filings are not relevant to the issues in

the Action and constitute non-public and confidential information, and any inquiry into such tax

and personal financial matters is an unreasonable invasion of privacy.

**REQUEST NO. 58:**  All tax returns filed by Alfa, the Other Entities, or a third party on their
behalf for the years 2013 to present.

**RESPONSE:**  Plaintiffs object to this request as vague, ambiguous, and seeking

documents that are not relevant to the issues in the Action.  Plaintiffs object to this request as

seeking documents not within Plaintiffs' possession, custody, or control, and as seeking

documents of non-parties over whom Plaintiffs have no control, such as Alfa and Other Entities.

Alfa's and the Other Entities' tax returns or filings are not relevant to the issues in the Action.

**REQUEST NO. 59:**  All documents relating to your earned income, including wages and
investments, for the years 2013 to present.

**RESPONSE:**  Plaintiffs object to this request as overly broad and unduly burdensome

insofar as it seeks from Plaintiffs "all" responsive documents, and documents that are not

relevant to the issues in the Action.  Plaintiffs object to this request as creating unreasonable

annoyance and prejudice to the Plaintiffs.  Documents reflecting Plaintiffs' income constitutes

non-public and confidential information, and any inquiry into such personal financial matters is

an unreasonable invasion of privacy.

**REQUEST NO. 60:**  All documents, including but not limited to any and all financial records,
indicating in any way that you lost money, revenue, business, financing, or customers as a result
of the publication of the statements quoted in the Complaint that Plaintiffs claim are false and
defamatory.

**RESPONSE:**  Plaintiffs object to this request as overly broad and unduly burdensome

insofar as it seeks from Plaintiffs "all" responsive documents.  Plaintiffs object to this request as

creating unreasonable annoyance and prejudice to the Plaintiffs.  Documents reflecting Plaintiffs'

and Responses set forth above, Plaintiffs will make a good faith effort to locate and produce all

documents relating to any statements of any witnesses regarding the subject matter of this action.

**REQUEST NO. 84:**  All documents you receive in response to any subpoena you serve in this
action.

    **RESPONSE:**  Subject to the Plaintiffs' General Objections and Responses set forth

above, Plaintiffs will make a good faith effort to produce all documents received in response to

any subpoena they serve in this Action.

**REQUEST NO. 85:**  All documents you intend to rely on in a trial of this matter.

    **RESPONSE**:  Subject to the Plaintiffs' General Objections and Responses set forth

above, Plaintiffs will produce all documents upon which they intend to rely on in a trial of this

Action at an appropriate time.


Dated: New York, New York
      November 11, 2019          CARTER LEDYARD & MILBURN LLP


By:    *Ala Lewis*
      Alan S. Lewis
      John J. Walsh
      2 Wall Street
      New York, NY 10005
      Tel: (212) 732-3200

      Kim H. Sperduto
      SPERDUTO THOMPSON & GASSLER PLC
      1747 Pennsylvania Ave., NW, Suite 1250
      Washington, DC 20006
      Tel: (202) 408-8900

      *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
——————————————————————X
                                              :

MIKHAIL FRIDMAN, PETR AVEN, AND    :      Case 1:17-CV-02041 (RJL)
GERMAN KHAN,                         :

                  Plaintiffs,      :

            -v-               :

BEAN LLC (A/K/A FUSION GPS) AND GLENN :
SIMPSON,                        :

                  Defendants.    :

——————————————————————X

### PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 26 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the District Court for the District of Columbia (the "Local Rules"), Plaintiffs Mikhail Fridman, Petr Aven, and German Khan hereby supplement their November 11, 2019 initial responses and objections ("Initial Responses") to Defendants' First Request for Production of Documents, dated October 11, 2019 (each a "Request," and together, the "Requests"), as follows:

### GENERAL STATEMENTS AND OBJECTIONS

A.    These supplemental responses and objections (each a "Response" and together the "Responses") are being provided based upon documents and information presently available and known to Plaintiffs.

B.    As agreed by the Parties, the May 4, 2020 production was for documents within the date range agreed to by the parties (subject to the Parties' reservation of rights) as outlined in

correspondence dated April 16 and April 24, 2020 and does not include publicly available documents (which the Parties agreed need not be separately produced).  These Supplemental Responses are not intended to apply to documents that may exist but that fall outside the agreed upon date range, or which exist in the public domain.

       C.      Plaintiffs object to requests that they produce documents dated or created (a) after the date of the initial Complaint, October 3, 2017, or (b) prior to 2016, except as to documents relating to the allegation of bribery in the 1990s involving Oleg Govorun.

       D.      All objections, responses, reservations of rights, and definitions from Plaintiffs' Initial Responses are applicable to these Responses and incorporated by reference as though fully set forth.

       E.      In supplementing their Responses, Plaintiffs are responding only based upon documents within Plaintiffs' possession, custody, or control. As indicated in Plaintiffs' Initial Responses, Plaintiffs object to Requests that seek or are intended to seek documents within the possession, custody, or control of non-parties.

       F.      Plaintiffs continue to reserve all rights to further supplement, amend, modify, or clarify these Responses.  If there is no supplemental response to specific Requests being provided at this time, such specific Requests are not reflected below.

       G.      The foregoing General Statements and Objections are incorporated by reference in each of the specific Responses appearing below.

<u>**SUPPLEMENTAL RESPONSES AND OBJECTIONS**</u>

<u>**REQUEST NO. 49:**</u>  All documents relating to regulation or oversight of you by any federal, state, local, or international governmental entity.

**RESPONSE:**  Based upon a diligent, good faith search, Plaintiffs are not aware of

having any responsive documents.

**REQUEST NO. 50:**  All prospectuses or similar documents issued in connection with the sale of
your shares in Alfa.

**RESPONSE:**   Plaintiffs have no responsive documents.

**REQUEST NO. 57:**  All tax returns filed by you or on your behalf for the years 2013 to present.

**RESPONSE:**  Plaintiffs state that they are withholding responsive documents on the

basis that they are not relevant to the issues in this Action, including but not limited to the truth

or falsity of the defamatory statements asserted in CIR 112.  Moreover, Plaintiffs have already

represented to Defendants that any documents used for the purpose of supporting Plaintiffs'

damages claims will be produced prior to the deposition of any of the Plaintiffs.

**REQUEST NO. 59:**  All documents relating to your earned income, including wages and
investments, for the years 2013 to present.

**RESPONSE:**  Plaintiffs state that they are withholding responsive documents on the

basis that they are not relevant to the issues in this Action, including but not limited to the truth

or falsity of the defamatory statements asserted in CIR 112.  Moreover, Plaintiffs have already

represented to Defendants that any documents used for the purpose of supporting Plaintiffs'

damages claims will be produced prior to the deposition of any of the Plaintiffs.

**REQUEST NO. 60:**  All documents, including but not limited to any and all financial records,
indicating in any way that you lost money, revenue, business, financing, or customers as a result
of the publication of the statements quoted in the Complaint that Plaintiffs claim are false and
defamatory.

**RESPONSE:**   To the extent that Plaintiffs possess documents stemming from damages

incurred as a result of the publication of the defamatory statements alleged in the Complaint,

Plaintiffs have already represented to Defendants that such documents will be produced prior to

the depositions of any of the Plaintiffs.

**REQUEST NO. 63:**  Documents sufficient to identify all instances in which you have sought to
obtain government telecom licenses worldwide, including but not limited to Nepal, Cambodia,
Malaysia, Uzbekistan, and Kazakhstan.

**RESPONSE:**  Based upon a diligent, good faith search, Plaintiffs are not aware of

having any responsive documents.

**REQUEST NO. 64:**  Documents sufficient to identify all instances in which you have attempted
to obtain government banking licenses worldwide, including but not limited to the Ukraine, the
United Kingdom, and the United States.

**RESPONSE:**  Based upon a diligent, good faith search, Plaintiffs are not aware of

having any responsive documents.

**REQUEST NO. 65:**  Documents sufficient to identify all public controversies for which you
have engaged Kroll Associates or any other investigations firm, including but not limited to the
Vimpelcom bribery investigations, the IPOC case, the Telenor disputes, and the dispute with
Vladimir Yakunin.

**RESPONSE:**  Based upon a diligent, good faith search, Plaintiffs are not aware of

having any responsive documents.

**REQUEST NO. 66:**  All communications between you and any representative of the
government of Ukraine.

**RESPONSE:**  Based upon a diligent, good faith search, Plaintiffs are not aware of

having any responsive documents.

**REQUEST NO. 69:**  All documents relating to your financial investments, including but not
limited to entities in which you or Alfa own more than 5%, other entities, equity, stock, fixed
debt, real property, art, or any other investment vehicle.

**RESPONSE:**  Plaintiffs state that they are withholding responsive documents on the

basis that they are not relevant to the issues in this Action, including but not limited to the truth

or falsity of the defamatory statements asserted in CIR 112.  Moreover, Plaintiffs have already

represented to Defendants that any documents used for the purpose of supporting Plaintiffs' damages claims will be produced prior to the deposition of any of the Plaintiffs.

**REQUEST NO. 70:**  All documents relating to attempts by you to borrow money or obtain outside financing.

**RESPONSE:**  Based upon a diligent, good faith search, Plaintiffs are not aware of having any responsive documents.

**REQUEST NO. 71:**  All documents relating to any remedial measures undertaken by you after publication of the of the statements quoted in the Complaint that Plaintiffs claim are false and defamatory.

**RESPONSE:**  To the extent Plaintiffs possess documents supporting damages claims stemming from remedial measures undertaken as a result of the publication of the defamatory statements alleged in the Complaint, Plaintiffs have already represented to Defendants that such documents will be produced prior to the depositions of any of the Plaintiffs.

**REQUEST NO. 73:**  All documents not already requested relating to any damages you allege to have suffered as a result of publication of the statements quoted in the Complaint that Plaintiffs claim are false and defamatory.

**RESPONSE:**  To the extent Plaintiffs possess documents supporting damages claims stemming from damages incurred as a result of the publication of the defamatory statements alleged in the Complaint, Plaintiffs have already represented to Defendants that such documents will be produced prior to the depositions of any of the Plaintiffs.

**REQUEST NO. 74:**  Documents sufficient to show all legal actions or suits to which you have been a party, whether criminal or civil in nature, including the caption of each suit or action, the court in which such suit or action was brought, the identity of all parties to each such suit or action, the general nature of each such suit or action, including both claims or charge and counterclaims, if any, and the outcome of each such suit or action.

**RESPONSE:**  Plaintiffs state that they are withholding responsive documents that are not relevant to the issues in this Action, including but not limited to the truth or falsity of the defamatory statements asserted in CIR 112.

**REQUEST NO. 75:**  To the extent not produced in response to the foregoing requests, documents sufficient to show all legal actions or suits to which you have given evidence under oath, whether criminal or civil in nature, including the caption of each suit or action, the court in which such suit or action was brought, the identity of all parties to each such suit or action, the general nature of each such suit or action, including both claims or charge and counterclaims, if any, the nature of your evidence, and the outcome of each such suit or action.

**RESPONSE:**  Plaintiffs state that they are withholding responsive documents that are not relevant to the issues in this Action, including but not limited to the truth or falsity of the defamatory statements asserted in CIR 112.

**REQUEST NO. 76:**  All transcripts of deposition or trial testimony from *OAO Alfa Bank v. Center for Public Integrity*, Case No. l:00-cv-2208 (JDB) (D.D.C.), as well as all other transcripts of deposition or trial testimony or any other testimony provided by you under oath in any fact-finding proceeding, investigation, or legal proceeding, including grand jury proceedings, and all affidavits, declarations and other form of statement under oath given by you or Alfa in any fact-finding proceeding, investigation, or legal proceeding, from 2000 to the present.

**RESPONSE:**  Plaintiffs state that they are withholding portions of the deposition testimony from *OAO Alfa Bank v. Center for Public Integrity*, Case No. l:00-cv-2208 (JDB) (D.D.C.) that are not relevant to the issues in this Action, including but not limited to the truth or falsity of the defamatory statements asserted in CIR 112.  All portions of the deposition testimony from such case that are relevant to the issues in this Action have already been produced.

**REQUEST NO. 79:**  All documents relating to any review, investigation, or audit conducted by any regulator in connection with any business in which you have held a financial interest, board seat, or managerial position.

**RESPONSE:**  Based upon a diligent, good faith search, Plaintiffs are not aware of having any responsive documents.

Dated:  New York, New York
         May 18, 2020

CARTER LEDYARD & MILBURN LLP

By:  ___*Alan Lewis*_____

Alan S. Lewis
John J. Walsh
2 Wall Street
New York, NY 10005
Tel: (212) 732-3200


Kim H. Sperduto
SPERDUTO THOMPSON & GASSLER PLC
1747 Pennsylvania Avenue, NW, Suite 1250
Washington, DC 20006
Tel: (202) 408-8900

*Attorneys for Plaintiffs*

**EXHIBIT 6**

**Subject:** Re: Fridman v. Bean - Plaintiffs' Depositions and other matters

**Date:** Wednesday, 9 September 2020 at 17:21:51 British Summer Time

**From:** Josh Levy

**To:** Lewis, Alan S.

**CC:** Dunn, Matthew D., Malyshev, Alexander G., McDonough, Theodore Y., Kim Sperduto (ksperduto@stglawdc.com), Erwin, Melissa J., White, Madelyn K., Rachel Clattenburg, Andrew Sharp, Scott Brooks

Alan:

1. Please note the following regarding Defendants' Supplemental Privilege Log: PRIV0000030 should have the date 22 April 2016. PRIV0000045 should have the date 27 May 2016. Those dates were included in the original privilege log, but inadvertently fell out of the Supplemental Privilege Log.
2. Please let us know what platform we will be using for David Kramer's deposition and provide the link, as soon as possible.
3. Please advise whether you are taking Jonathan Winer's deposition on September 17, 2020, and, if not, when that will take place.
4. Please send us dates for Plaintiffs' depositions in October, per our earlier requests.
5. Although we had agreed that Plaintiffs would produce documents in support of any damages claims 14 days before the dates of their depositions, that was an agreement we reached in April (see my April 16, 2020 letter), when the understanding was that those depositions would take place in the summer (see my May 8, 2020 letter). We subsequently agreed to extend the dates until September. Given our right to take discovery on damages and the imminence of the fact discovery deadline, and the fact that there is no reason to make Plaintiffs' production of documents related to damages contingent upon deposition dates that Plaintiffs have yet to finalize, we ask that Plaintiffs produce those documents on or before September 30, 2020.
6. In Plaintiffs' most recent filing (Dkt. No. 103), Plaintiffs indicated their receipt of documents from Sir Andrew Wood. Please serve a copy of those documents to Defendants.

Josh

**Joshua A. Levy**
Partner

**Levy | Firestone | Muse**
1401 K Street NW, Suite 600, Washington, DC 20005
T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Levy Firestone Muse LLP. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this

**EXHIBIT 7**

**Subject:** RE: Fridman v. Bean - Plaintiffs' Depositions and other matters

**Date:** Thursday, 17 September 2020 at 16:27:19 British Summer Time

**From:** Lewis, Alan S.

**To:** Josh Levy

**CC:** Dunn, Matthew D., Malyshev, Alexander G., McDonough, Theodore Y., Kim Sperduto (ksperduto@stglawdc.com), Erwin, Melissa J., White, Madelyn K., Rachel Clattenburg, Andrew Sharp, Scott Brooks

Josh,

This email addresses several issues including those raised in your recent email.

1. We have rescheduled the remote deposition of Jonathan Winer for October 13 starting at 2pm, continuing on a date thereafter as is necessary. Please confirm you availability on October 13.

2. Our view regarding production of damages-related documents remains the same – our previous agreement to produce them by at least wo weeks before the first of the Plaintiffs' depositions remains intact.

3. Regarding the issue of the number of depositions Plaintiffs intend to take, we provided last week all presently available information as to depositions that have been held in abeyance or rescheduled. This related to our request that Defendants agree that each party may take up to 15 depositions. Having received no response from you on that issue, we understand Defendants to agree that the parties each may conduct up to 15 depositions.

4. You asked that Plaintiffs produce certain documents relating to Sir Andrew Wood referenced in Plaintiffs' Notice (Dkt. No. 103). These documents (a witness statement and trial transcript from a proceeding in the UK) were obtained by Plaintiffs' UK counsel for purposes of the UK proceeding involving Plaintiffs. In addition, the documents are publicly available to Defendants. We refer you to our letter of June 2 for information as to how Defendants may obtain copies of the documents.

5. Regarding the issues of the timing of Defendants' depositions and an extension of the discovery schedule, we expressed a willingness to depose Defendants in December rather than October subject to a reasonable extension of the discovery schedule. The 30-day extension you propose is unrealistic for a number of reasons, not the least of which is the pendency of the parties' respective motions to compel—the most recent of which will not be fully briefed until next week. Resolution of those motions very well could impact the parties' ability to complete discovery under the present schedule, and we do not believe a 30-day extension alleviates that concern. We may also seek to depose a media entity but will not make that decision until Mr. Simpson is deposed, and that also makes the 30-day extension you suggest inadequate, when paired with moving Mr. Simpson's deposition to December. We propose to extend the discovery schedule by three months.

6. The date by which Jason Felch was required to respond to Plaintiffs' subpoena, which you accepted service of, was September 11. We received no responses or objections to the subpoena. Please advise whether Mr. Felch intends to respond to Plaintiffs' subpoena and produce responsive documents.

Alan

Alan S. Lewis, Esq.
**Carter Ledyard & Milburn LLP**
2 Wall Street | New York, NY  10005
Direct 212.238.8647 | Fax 212.732.3232
lewis@clm.com | www.clm.com

---

**From:** Josh Levy <jal@levyfirestone.com>
**Sent:** Tuesday, September 15, 2020 12:32 PM
**To:** Lewis, Alan S. <Lewis@clm.com>
**Cc:** Dunn, Matthew D. <MDunn@clm.com>; Malyshev, Alexander G. <Malyshev@clm.com>; McDonough, Theodore Y. <McDonough@clm.com>; Kim Sperduto (ksperduto@stglawdc.com) <ksperduto@stglawdc.com>; Erwin, Melissa J. <Erwin@clm.com>; White, Madelyn K. <white@clm.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Andrew Sharp <eas@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>
**Subject:** Re: Fridman v. Bean - Plaintiffs' Depositions and other matters

Alan:

1. We would like to depose Aven on Nov. 9, Fridman on Nov. 17, and Khan on Nov. 19.
2. Plaintiffs have yet to produce any documents in support of any damages they are claiming. Given how far we are into discovery, Plaintiffs should produce those documents by the end of the month.
3. Defendants remain available for their depositions in the first half of December.


Should these terms work for you, we will agree to a 30-day extension of the discovery deadline, which should be sufficient for you to take any additional depositions.

Josh


**Joshua A. Levy**

Partner


**Levy** | **Firestone** | **Muse**

1401 K Street NW, Suite 600, Washington, DC 20005

T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com


. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

**EXHIBIT 8**

**Subject:** Re: Fridman v. Bean - Plaintiffs' Depositions and other matters
**Date:** Monday, September 21, 2020 at 3:47:02 PM British Summer Time
**From:** Josh Levy
**To:** Lewis, Alan S.
**CC:** Dunn, Matthew D., Malyshev, Alexander G., McDonough, Theodore Y., Kim Sperduto (ksperduto@stglawdc.com), Erwin, Melissa J., White, Madelyn K., Rachel Clattenburg, Andrew Sharp, Scott Brooks

Alan:

1. Oct. 13, 2020 at 2pm works for Jonathan Winer's deposition.

2. Damages documents:

- First, we renew our request for Plaintiffs' damages documents to be produced by September 30. The agreement the parties reached in April was entered into when Defendants planned on deposing Plaintiffs over the summer (and thus damages documents would also be produced over the summer). The delay of Plaintiffs' depositions should not delay their production of relevant documents on damages. This delay prejudices Defendants.

- Second, we request the immediate production of all documents responsive to Document Requests Nos. 57, 58, 59, 60. In Plaintiffs' Revised Document Responses to Requests Nos. 57, 58, 59, & 60, Plaintiffs commit only to producing documents "supporting Plaintiffs' damages claims" (pursuant to the agreement referenced above) and claim that other documents are not relevant. That is incorrect. Defendants are entitled to documents, for instance, that cast doubt on Plaintiffs' alleged harm and damages, or that mitigate any such claims of harm. Such documents are relevant and responsive to Defendants' requests and must be produced. Furthermore, documents pertaining to financial records are relevant to the substantial truth or falsity of the alleged defamatory statements concerning favors, cooperation with the Kremlin, and payments to government officials. If Plaintiffs are unwilling to produce these relevant and responsive documents, please advise of a time next week for a meet and confer.

3. We agree to 15 depositions per side.

4. Plaintiffs are in possession of the Sir Andrew Wood documents and do not object to the relevance of these documents. Forcing Defendants to make application to a foreign court for these documents imposes an undue burden on them, prejudices Defendants, and is counter to the purposes of the discovery rules. We have advised you that we cannot obtain these documents online. Please produce the documents related to Sir Andrew Wood.

5. Defendants have already agreed to Plaintiffs' previous request to extend the discovery deadline by two months. Plaintiffs now seek another three-month extension of the deadline because of a strategic consideration that Plaintiffs seek to make at this late stage of discovery. You say that decision may turn on the testimony of Glenn Simpson, whose deposition Plaintiffs first noticed for November 2020 (two months before the end of discovery). In the spirit of cooperation, we will agree to a 60-day extension. If, after deposing Mr. Simpson, you seek to notice another deposition, a 60-day extension of the discovery deadline will be more than ample time to do so.

6. Jason Felch has no responsive documents that Defendants have not already been produced or included in a privilege log, subject to the objections that Defendants have already made.

**Page 1 of 12**

Josh

**Joshua A. Levy**
Partner

**Levy | Firestone | Muse**
1401 K Street NW, Suite 600, Washington, DC 20005
T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
. . .

---

**From:** Lewis, Alan S. <Lewis@clm.com>
**Sent:** Thursday, September 17, 2020 11:27 AM
**To:** Josh Levy <jal@levyfirestone.com>
**Cc:** Dunn, Matthew D. <MDunn@clm.com>; Malyshev, Alexander G. <Malyshev@clm.com>; McDonough, Theodore Y. <McDonough@clm.com>; Kim Sperduto (ksperduto@stglawdc.com) <ksperduto@stglawdc.com>; Erwin, Melissa J. <Erwin@clm.com>; White, Madelyn K. <white@clm.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Andrew Sharp <eas@levyfirestone.com>; Scott Brooks <sbrooks@levyfirestone.com>
**Subject:** RE: Fridman v. Bean - Plaintiffs' Depositions and other matters

Josh,

This email addresses several issues including those raised in your recent email.

1. We have rescheduled the remote deposition of Jonathan Winer for October 13 starting at 2pm, continuing on a date thereafter as is necessary.  Please confirm you availability on October 13.

2. Our view regarding production of damages-related documents remains the same – our previous agreement to produce them by at least wo weeks before the first of the Plaintiffs' depositions remains intact.

3. Regarding the issue of the number of depositions Plaintiffs intend to take, we provided last week all presently available information as to depositions that have been held in abeyance or rescheduled.  This related to our request that Defendants agree that each party may take up to 15 depositions. Having received no response from you on that issue, we understand Defendants to agree that the parties each may conduct up to 15 depositions.

4. You asked that Plaintiffs produce certain documents relating to Sir Andrew Wood referenced in Plaintiffs' Notice (Dkt. No. 103).  These documents (a witness statement and trial transcript from a proceeding in the UK) were obtained by Plaintiffs' UK counsel for purposes of the UK proceeding involving Plaintiffs.  In addition, the documents are publicly available to

**EXHIBIT 9**

**Subject:** Fridman et al v. Bean et al/ Response to emails dated 9/21 and 9/23
**Date:**   Tuesday, 29 September 2020 at 18:22:55 British Summer Time
**From:**   Lewis, Alan S.
**To:**     Josh Levy, Scott Brooks, Rachel Clattenburg, Andrew Sharp
**CC:**     Dunn, Matthew D., Malyshev, Alexander G., McDonough, Theodore Y., Erwin, Melissa J., White, Madelyn K.

Josh:

I write to respond to your Sep. 21 email and to your Sep 23 email with the subject "Bangor Search."

**Response to September 21 Email** (using the same numbers that you used for each subject)

2.  Damages documents:
    - As you know and as your April 16, 2020 letter acknowledged, the parties agreed that Plaintiffs' documents showing financial losses or damages could be produced up until 14 days before the date of their depositions.  You now want to change this agreement because the depositions were themselves rescheduled, but we do not think that should change the date by which these documents are due.  Our previous agreement on this point did not make it contingent on the depositions not being adjourned, and frankly, it was not hard to conceive of the possibility that the depositions might wind up occurring later than initially scheduled.
    - We decline to immediately produce documents responsive to Defendants' Document Requests 57-60 for a few reasons.  First, the agreement acknowledged in your April 16 letter makes these documents due 14 days before the Plaintiffs' depositions.  Second, we stand on our objections to these requests, as set forth in Plaintiffs' November 2019 Responses and Objections and further articulated in our March 12, 2020 letter.  While you suggest that Plaintiffs' personal finances are relevant to the truth or falsity of the defamatory statements concerning favors, cooperation with the Kremlin, and payments to government officials, we do not agree.  Further, in answering Defendants' interrogatories, Plaintiffs have made it quite clear that they did not exchange favors with Putin or cooperate with the Kremlin in any attempt to interfere with the 2016 U.S. election, nor did the Plaintiffs make any payments to Putin or to government officials in any country.

4. We have not changed our position with regard to the Sir Andrew Wood documents - a witness statement and trial transcript from a UK proceeding not involving Plaintiffs.  Those documents are publicly available and, per the parties' agreement, we are not required to produce publicly available documents .  Defendants have previously obtained these types of documents from UK proceedings and can obtain these documents in the same way.

5.  We will prepare a joint motion to modify the scheduling order accordingly.

6.  Thank you for your response regarding the document subpoena to Jason Felch.  Please confirm that you conducted a search of Mr. Felch's personal (non-Fusion) documents and correspondence, email accounts, and text messages (including WhatsApp, Slack, or Signal messages).

**Response to September 23 "Bangor" Email**

While we appreciate your sending us this email, respectfully it remains, at best, unclear whether Defendants are withholding responsive "Bangor" documents.

To that end, please clarify what "applicable to CIR 112" means in the context of your review of the "Bangor" documents.  For example, are you limiting your definition of relevance to documents that explicitly reference CIR 112?

Did your search for Bangor documents uncover any that may relate to the state of mind of Defendants in publishing Steele's reports generally?  Did your search uncover documents that bear on the publication of Steele's reports? Did your search uncover any documents that bear on verification or lack of verification of the content of any of Steele's reports?

Are Defendants treating as not responsive documents bearing on reasons for the compilation and publication of Steele's reports generally, and on Defendants' and Steele's investigation (if any) into the facts being reported in the reports?

Also, as we previously asked (our 9/17 email) but which you have not yet answered, please confirm if any of the 4,000 documents related to "Project Bangor" or the Steele Dossier generally, or whether they were all truly "false hits" for Bangor Maine and the like.  In other words, are there documents among the 4,000 that relate to the Dossier generally which were withheld as not responsive?

Alan

Alan S. Lewis, Esq.
**Carter Ledyard & Milburn LLP**
2 Wall Street | New York, NY  10005
Direct 212.238.8647 | Fax 212.732.3232
lewis@clm.com | www.clm.com

**************************************************
This e-mail message and its attachments are confidential, intended only for the addressee(s) named above and may contain information that is proprietary, privileged, attorney work product or otherwise exempt from disclosure. If you receive this message in error please notify us at postmaster@clm.com and immediately delete this message and its attachments from your system.
**************************************************

**EXHIBIT 10**

**Subject:** Fridman et al v. Bean et al/ Response to emails dated 9/21 and 9/23
**Date:**    Tuesday, 29 September 2020 at 18:22:55 British Summer Time
**From:**    Lewis, Alan S.
**To:**      Josh Levy, Scott Brooks, Rachel Clattenburg, Andrew Sharp
**CC:**      Dunn, Matthew D., Malyshev, Alexander G., McDonough, Theodore Y., Erwin, Melissa J., White, Madelyn K.

Josh:

I write to respond to your Sep. 21 email and to your Sep 23 email with the subject "Bangor Search."

**Response to September 21 Email** (using the same numbers that you used for each subject)

2.  Damages documents:
    - As you know and as your April 16, 2020 letter acknowledged, the parties agreed that Plaintiffs' documents showing financial losses or damages could be produced up until 14 days before the date of their depositions.  You now want to change this agreement because the depositions were themselves rescheduled, but we do not think that should change the date by which these documents are due.  Our previous agreement on this point did not make it contingent on the depositions not being adjourned, and frankly, it was not hard to conceive of the possibility that the depositions might wind up occurring later than initially scheduled.
    - We decline to immediately produce documents responsive to Defendants' Document Requests 57-60 for a few reasons.  First, the agreement acknowledged in your April 16 letter makes these documents due 14 days before the Plaintiffs' depositions.  Second, we stand on our objections to these requests, as set forth in Plaintiffs' November 2019 Responses and Objections and further articulated in our March 12, 2020 letter.  While you suggest that Plaintiffs' personal finances are relevant to the truth or falsity of the defamatory statements concerning favors, cooperation with the Kremlin, and payments to government officials, we do not agree.  Further, in answering Defendants' interrogatories, Plaintiffs have made it quite clear that they did not exchange favors with Putin or cooperate with the Kremlin in any attempt to interfere with the 2016 U.S. election, nor did the Plaintiffs make any payments to Putin or to government officials in any country.

4. We have not changed our position with regard to the Sir Andrew Wood documents - a witness statement and trial transcript from a UK proceeding not involving Plaintiffs.  Those documents are publicly available and, per the parties' agreement, we are not required to produce publicly available documents .  Defendants have previously obtained these types of documents from UK proceedings and can obtain these documents in the same way.

5.  We will prepare a joint motion to modify the scheduling order accordingly.

6.  Thank you for your response regarding the document subpoena to Jason Felch.  Please confirm that you conducted a search of Mr. Felch's personal (non-Fusion) documents and correspondence, email accounts, and text messages (including WhatsApp, Slack, or Signal messages).

**Response to September 23 "Bangor" Email**

While we appreciate your sending us this email, respectfully it remains, at best, unclear whether Defendants are withholding responsive "Bangor" documents.

To that end, please clarify what "applicable to CIR 112" means in the context of your review of the "Bangor" documents.  For example, are you limiting your definition of relevance to documents that explicitly reference CIR 112?

Did your search for Bangor documents uncover any that may relate to the state of mind of Defendants in publishing Steele's reports generally?  Did your search uncover documents that bear on the publication of Steele's reports? Did your search uncover any documents that bear on verification or lack of verification of the content of any of Steele's reports?

Are Defendants treating as not responsive documents bearing on reasons for the compilation and publication of Steele's reports generally, and on Defendants' and Steele's investigation (if any) into the facts being reported in the reports?

Also, as we previously asked (our 9/17 email) but which you have not yet answered, please confirm if any of the 4,000 documents related to "Project Bangor" or the Steele Dossier generally, or whether they were all truly "false hits" for Bangor Maine and the like.  In other words, are there documents among the 4,000 that relate to the Dossier generally which were withheld as not responsive?

Alan

Alan S. Lewis, Esq.
**Carter Ledyard & Milburn LLP**
2 Wall Street | New York, NY  10005
Direct 212.238.8647 | Fax 212.732.3232
lewis@clm.com | www.clm.com

***************************************************
This e-mail message and its attachments are confidential, intended only for the addressee(s) named above and may contain information that is proprietary, privileged, attorney work product or otherwise exempt from disclosure. If you receive this message in error please notify us at postmaster@clm.com and immediately delete this message and its attachments from your system.
***************************************************

**EXHIBIT 11**

**Subject:** RE: Fridman et al v. Bean et al/ Response to emails dated 9/21 and 9/23
**Date:** Friday, 2 October 2020 at 18:15:59 British Summer Time
**From:** Lewis, Alan S.
**To:** Josh Levy, Scott Brooks, Rachel Clattenburg, Andrew Sharp
**CC:** Dunn, Matthew D., Malyshev, Alexander G., McDonough, Theodore Y., Erwin, Melissa J., White, Madelyn K.

Josh,

Plaintiffs will not be seeking special damages based on financial losses and therefore, there are no damages documents to produce.  This should render moot our previous disagreement about when such documents would have been due. In this light, Plaintiffs' personal finances are utterly irrelevant and we therefore stand on our objections to Requests 57-60.

We continue to disagree with regard to the Andrew Wood documents for the reasons we have previously expressed.  If you want to confer on this issue, we are available to do so on Monday or Tuesday of next week.

We confirm that Plaintiffs are available for their depositions on the dates set forth in your email.

Alan


Alan S. Lewis, Esq.
**Carter Ledyard & Milburn LLP**
2 Wall Street | New York, NY  10005
Direct 212.238.8647 | Fax 212.732.3232
lewis@clm.com | www.clm.com

---

**From:** Josh Levy <jal@levyfirestone.com>
**Sent:** Wednesday, September 30, 2020 2:27 PM
**To:** Lewis, Alan S. <Lewis@clm.com>; Scott Brooks <sbrooks@levyfirestone.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Andrew Sharp <eas@levyfirestone.com>
**Cc:** Dunn, Matthew D. <MDunn@clm.com>; Malyshev, Alexander G. <Malyshev@clm.com>; McDonough, Theodore Y. <McDonough@clm.com>; Erwin, Melissa J. <Erwin@clm.com>; White, Madelyn K. <white@clm.com>
**Subject:** Re: Fridman et al v. Bean et al/ Response to emails dated 9/21 and 9/23

Alan,

This replies to your email of September 29, 2020, regarding Plaintiffs discovery obligations and depositions.

Damages documents:

- First, Plaintiffs' delay in producing these documents prejudices Defendants. We stand by our request that you promptly produce (a) the documents supporting Plaintiffs' damages claims and (b) those documents you are withholding that are responsive to Document Request Nos. 57-60, regardless of whether such responsive documents support Plaintiffs' claims or not. Plaintiffs cannot sue for damages and then withhold

**EXHIBIT 12**

**Subject:** Re: Fridman et al v. Bean et al/ Response to emails dated 9/21 and 9/23

**Date:** Monday, 5 October 2020 at 15:20:07 British Summer Time

**From:** Josh Levy

**To:** Lewis, Alan S., Scott Brooks, Rachel Clattenburg, Andrew Sharp

**CC:** Dunn, Matthew D., Malyshev, Alexander G., McDonough, Theodore Y., Erwin, Melissa J., White, Madelyn K.

Alan,

Thank you for your October 2, 2020 email. Please respond to the following:

First, in addition to stating that Plaintiffs "will not be seeking special damages based on financial losses and therefore, there are no damages documents to produce," please confirm that Plaintiffs have no documents supporting their claims of damages, including any alleged general damages.

Second, Plaintiffs have not responded to Defendants' request that Plaintiffs (1) fully answer Interrogatory No. 20, including but not limited to the factual basis for alleged damages, and what those damages are; and (2) comply with Rule 26(a)(1)(iii). Among other things, neither Plaintiffs' response to Interrogatory No. 20 nor Plaintiffs' Rule 26(a)(1)(iii) disclosures mention that Plaintiffs are not pursuing special damages.

Third, we renew our request that Plaintiffs produce the documents responsive to Document Requests 57-60 because they remain relevant to Plaintiffs' allegations that the alleged defamatory statements harmed them. They are also relevant to the amount of any general damages. Defendants are entitled to rebut or disprove Plaintiffs' claims for general damages. For instance, evidence that Plaintiffs' or Alfa's financial positions improved or remained unchanged casts doubt on any claims by Plaintiffs of reputational harm. The documents requested are also relevant to the substantial truth or falsity of the alleged defamatory statements.

Therefore, the Rule 7(m) meet and confer discussion will cover Andrew Wood's documents as well as Interrogatory No. 20; Plaintiffs' Rule 26(a)(1)(iii) response; and Document Requests 57-60.

Are you free for a meet and confer call at 10am tomorrow (Tuesday)?

Josh

**Joshua A. Levy**
Partner

**Levy | Firestone | Muse**
1401 K Street NW, Suite 600, Washington, DC 20005
T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
. . .

**EXHIBIT 13**

| **Subject:** | RE: Fridman et al v. Bean et al/ Response to emails dated 9/21 and 9/23 |
|---|---|
| **Date:** | Wednesday, 14 October 2020 at 22:51:43 British Summer Time |
| **From:** | White, Madelyn K. |
| **To:** | Josh Levy, Lewis, Alan S., Scott Brooks, Rachel Clattenburg, Andrew Sharp |
| **CC:** | Dunn, Matthew D., Malyshev, Alexander G., McDonough, Theodore Y., Erwin, Melissa J. |
| **Attachments:** | Simpson Bean Plaintiffs' Revised Initial Disclosures(9742732.1).pdf, Simpson-Bean Plaintiffs Second Supplemental Responses and Objections to Interrogatories(9742731.1).pdf |

Josh,

See attached revised initial disclosures and supplemental responses to interrogatories.

In response to your question from last week, other than documents that have been or may be produced by third parties in this case, Plaintiffs have no documents to produce supporting their damages, including general damages.

As previously requested, please provide us with available dates in the first half of December for Defendants' depositions.

Thank you,
Madelyn

Madelyn K. White, Esq.
**Carter Ledyard & Milburn LLP**
2 Wall Street | New York, NY  10005
Direct 212.238.8614 | Fax 212.732.3232 | Mobile 646.522.8113
white@clm.com | www.clm.com
**Keeping You Informed** | COVID-19 Resource Center

---

**From:** Josh Levy <jal@levyfirestone.com>
**Sent:** Monday, October 5, 2020 10:20 AM
**To:** Lewis, Alan S. <Lewis@clm.com>; Scott Brooks <sbrooks@levyfirestone.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Andrew Sharp <eas@levyfirestone.com>
**Cc:** Dunn, Matthew D. <MDunn@clm.com>; Malyshev, Alexander G. <Malyshev@clm.com>; McDonough, Theodore Y. <McDonough@clm.com>; Erwin, Melissa J. <Erwin@clm.com>; White, Madelyn K. <white@clm.com>
**Subject:** Re: Fridman et al v. Bean et al/ Response to emails dated 9/21 and 9/23

Alan,

Thank you for your October 2, 2020 email. Please respond to the following:

First, in addition to stating that Plaintiffs "will not be seeking special damages based on financial losses and therefore, there are no damages documents to produce," please confirm that Plaintiffs have no documents supporting their claims of damages, including any alleged general damages.

**EXHIBIT 14**

**Subject:** Re: Fridman et al v. Bean et al/ Response to emails dated 9/21 and 9/23
**Date:**    Thursday, 15 October 2020 at 17:30:20 British Summer Time
**From:**    Josh Levy
**To:**      White, Madelyn K., Lewis, Alan S., Scott Brooks, Rachel Clattenburg, Andrew Sharp
**CC:**      Dunn, Matthew D., Malyshev, Alexander G., McDonough, Theodore Y., Erwin, Melissa J.

Alan, Madelyn and co:

Thank you for the revised responses.

The revised responses, however, do not sufficiently specify Plaintiffs' damages. As we already had a Rule 7(m) meet and confer on this issue, on October 7, 2020, we do not think another meet and confer is worthwhile unless you have changed your position and are willing to provide specific facts supporting Plaintiffs' damages claims. Please advise. Thank you.

Also, Glenn Simpson is available on December 15 for a deposition, and Peter Fritsch is available on December 17 for a deposition.

Josh

**Joshua A. Levy**
Partner

**Levy | Firestone | Muse**
1401 K Street NW, Suite 600, Washington, DC 20005
T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

. . .

---

**From:** White, Madelyn K. <white@clm.com>
**Sent:** Wednesday, October 14, 2020 5:51 PM
**To:** Josh Levy <jal@levyfirestone.com>; Lewis, Alan S. <Lewis@clm.com>; Scott Brooks <sbrooks@levyfirestone.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Andrew Sharp <eas@levyfirestone.com>
**Cc:** Dunn, Matthew D. <MDunn@clm.com>; Malyshev, Alexander G. <Malyshev@clm.com>; McDonough, Theodore Y. <McDonough@clm.com>; Erwin, Melissa J. <Erwin@clm.com>
**Subject:** RE: Fridman et al v. Bean et al/ Response to emails dated 9/21 and 9/23

Josh,

See attached revised initial disclosures and supplemental responses to interrogatories.

**EXHIBIT 15**

**Subject:** RE: Fridman et al v. Bean et al/ Response to emails dated 9/21 and 9/23

**Date:** Tuesday, 20 October 2020 at 22:02:41 British Summer Time

**From:** Lewis, Alan S.

**To:** Josh Levy, White, Madelyn K., Scott Brooks, Rachel Clattenburg, Andrew Sharp

**CC:** Dunn, Matthew D., Malyshev, Alexander G., McDonough, Theodore Y., Erwin, Melissa J.

Josh,

Last week Plaintiffs supplemented their Interrogatory Responses and revised their Initial Disclosures (together, "Additional Disclosures"), as you requested, in an effort to clarify Plaintiffs' claimed damages.   As indicated in Plaintiffs' supplemental response to Interrogatory No. 20, Plaintiffs' presumed and general damages for harm to their reputations and for emotional harm cannot be specifically computed now but such damages will be proven at trial.  While we disagree that the Additional Disclosures are not sufficiently specific, as you suggest in your October 15 email, we nevertheless provide the following to try to address your professed concerns further.

Plaintiffs will prove their damages through their own testimony and testimony of Ed Rogers and Richard Burt.  Such testimony will reveal that, as a result of the widespread dissemination of the defamatory statements accusing Plaintiffs of corrupt, criminal and other inappropriate conduct, Plaintiffs (a) suffered harm to their reputations, (b) experienced significant humiliation, embarrassment, and emotional distress, and (c) experienced the loss of or negative impact on relationships with people.  People that read or heard about the defamatory statements, including personal friends and acquaintances of the Plaintiffs, contacted Plaintiffs and asked about the facts alleged, questioned Plaintiffs' integrity and reputations, and/or expressed concern about how their own reputations would suffer based on their association with Plaintiffs.  Some personal friends, contacts, or acquaintances of Plaintiffs no longer communicated or met with Plaintiffs after seeing or hearing about the defamatory statements.  At least one close friend of Mr. Aven told him that he could no longer see or speak to Mr. Aven publicly because of the damage it might do, reputationally, to be linked or associated with Mr. Aven and the allegations in CIR 112.  The damage Plaintiffs have suffered to their reputations has also manifested itself in connection with their philanthropic activities.  Thus, Plaintiffs have experienced damage and harm to their relationships with people, which has caused them to experience emotional distress.

As you know, we served a subpoena (for documents and a deposition) on Igor Danchenko.  His counsel has indicated that he will not produce any documents and will not appear for a deposition (scheduled for November 6).  We have had a 7m conference with his counsel and intend to file a motion to compel Mr. Danchenko's compliance with the subpoena.  Please advise whether Defendants have a position on our intended motion.

We will get back to you soon to confirm the deposition dates you have proposed for Mr. Simpson (Dec. 15) and Mr. Fritsch (Fusion) (Dec. 17).

We have not received a response to our Oct. 15 email regarding responsive documents no longer in Defendants' possession and related questions.  Please let us know when you will respond.

Alan S. Lewis, Esq.
**Carter Ledyard & Milburn LLP**
2 Wall Street | New York, NY  10005
Direct 212.238.8647 | Fax 212.732.3232
lewis@clm.com | www.clm.com

**EXHIBIT 16**

**Subject:** Re: Fridman et al v. Bean et al/ Response to emails dated 9/21 and 9/23
**Date:** Wednesday, 21 October 2020 at 15:37:07 British Summer Time
**From:** Josh Levy
**To:** Lewis, Alan S., White, Madelyn K., Scott Brooks, Rachel Clattenburg, Andrew Sharp
**CC:** Dunn, Matthew D., Malyshev, Alexander G., McDonough, Theodore Y., Erwin, Melissa J.

Alan:

Thank you for your email.

Given that you have not expressed a need for another Rule 7(m) conference, we operate with the understanding that the parties have discharged their Rule 7(m) obligations.

Will Plaintiffs be supplementing their Interrogatory Responses and Initial Disclosures to reflect all of the information below? If so, please let us know and serve the supplemental discovery by Thursday COB.

In a separate email, we will respond to your Oct. 15 email, and we look forward to hearing from you regarding Defendants' deposition dates. Please also let us know whether you have gotten back to Jonathan Winer's counsel about the date of his deposition.  Thank you.

Josh

**Joshua A. Levy**
Partner

**Levy** | **Firestone** | **Muse**
1401 K Street NW, Suite 600, Washington, DC 20005
T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
. . .

---

**From:** Lewis, Alan S. <Lewis@clm.com>
**Sent:** Tuesday, October 20, 2020 5:02 PM
**To:** Josh Levy <jal@levyfirestone.com>; White, Madelyn K. <white@clm.com>; Scott Brooks <sbrooks@levyfirestone.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Andrew Sharp <eas@levyfirestone.com>
**Cc:** Dunn, Matthew D. <MDunn@clm.com>; Malyshev, Alexander G. <Malyshev@clm.com>; McDonough, Theodore Y. <McDonough@clm.com>; Erwin, Melissa J. <Erwin@clm.com>
**Subject:** RE: Fridman et al v. Bean et al/ Response to emails dated 9/21 and 9/23

Josh,

**EXHIBIT 17**

**Subject:** RE: Fridman et al v. Bean et al/ Response to emails dated 9/21 and 9/23
**Date:** Wednesday, 21 October 2020 at 21:10:54 British Summer Time
**From:** Malyshev, Alexander G.
**To:** Josh Levy, Lewis, Alan S., White, Madelyn K., Scott Brooks, Rachel Clattenburg, Andrew Sharp
**CC:** Dunn, Matthew D., McDonough, Theodore Y., Erwin, Melissa J.

Josh,

Plaintiffs have already disclosed these witnesses in their Initial Disclosures, and stated that they are knowledgeable about the damages suffered.   *See* Initial Disclosures at pp. 10-11; Response to Interrogatory No. 1.  We have also disclosed our damages theory and how we intend to prove it.  *See* Initial Disclosures at pp. 11-12; Response to Interrogatory No. 20.  While we provided you with a more fulsome explanation below following our 7(m) conference, we do not believe more granularity is required under Fed. R. Civ. P. 26 or 33.

Best,

Alex

Alexander G. Malyshev, Esq.
**Carter Ledyard & Milburn LLP**
2 Wall Street | New York, NY  10005
Direct 212.238.8618 | Mobile 347.514.2742 | Fax 212.732.3232
malyshev@clm.com | www.clm.com

---

**From:** Josh Levy <jal@levyfirestone.com>
**Sent:** Wednesday, October 21, 2020 10:37 AM
**To:** Lewis, Alan S. <Lewis@clm.com>; White, Madelyn K. <white@clm.com>; Scott Brooks <sbrooks@levyfirestone.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Andrew Sharp <eas@levyfirestone.com>
**Cc:** Dunn, Matthew D. <MDunn@clm.com>; Malyshev, Alexander G. <Malyshev@clm.com>; McDonough, Theodore Y. <McDonough@clm.com>; Erwin, Melissa J. <Erwin@clm.com>
**Subject:** Re: Fridman et al v. Bean et al/ Response to emails dated 9/21 and 9/23

Alan:

Thank you for your email.

Given that you have not expressed a need for another Rule 7(m) conference, we operate with the understanding that the parties have discharged their Rule 7(m) obligations.

Will Plaintiffs be supplementing their Interrogatory Responses and Initial Disclosures to reflect all of the information below? If so, please let us know and serve the supplemental discovery by Thursday COB.

In a separate email, we will respond to your Oct. 15 email, and we look forward to hearing from you regarding Defendants' deposition dates. Please also let us know whether you have gotten back to Jonathan Winer's counsel about the date of his deposition.  Thank you.

**EXHIBIT 18**

**Subject:** Re: Fridman et al v. Bean et al/ Response to emails dated 9/21 and 9/23

**Date:**  Thursday, 22 October 2020 at 15:26:54 British Summer Time

**From:**  Josh Levy

**To:**  Malyshev, Alexander G., Lewis, Alan S., White, Madelyn K., Scott Brooks, Rachel Clattenburg, Andrew Sharp

**CC:**  Dunn, Matthew D., McDonough, Theodore Y., Erwin, Melissa J.

Alex:

We understand from your email that Plaintiffs will not be further revising their discovery, and that the parties have discharged their obligations under Rule 7(m). If we are misunderstanding your email, please advise by the end of the day.  Thank you.

Josh

**Joshua A. Levy**
Partner

**Levy** | **Firestone** | **Muse**
1401 K Street NW, Suite 600, Washington, DC 20005
T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
. . .

---

**From:** Malyshev, Alexander G. <Malyshev@clm.com>
**Sent:** Wednesday, October 21, 2020 4:10 PM
**To:** Josh Levy <jal@levyfirestone.com>; Lewis, Alan S. <Lewis@clm.com>; White, Madelyn K. <white@clm.com>; Scott Brooks <sbrooks@levyfirestone.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Andrew Sharp <eas@levyfirestone.com>
**Cc:** Dunn, Matthew D. <MDunn@clm.com>; McDonough, Theodore Y. <McDonough@clm.com>; Erwin, Melissa J. <Erwin@clm.com>
**Subject:** RE: Fridman et al v. Bean et al/ Response to emails dated 9/21 and 9/23

Josh,

Plaintiffs have already disclosed these witnesses in their Initial Disclosures, and stated that they are knowledgeable about the damages suffered.  *See* Initial Disclosures at pp. 10-11; Response to Interrogatory No. 1.  We have also disclosed our damages theory and how we intend to prove it.  *See* Initial Disclosures at pp. 11-12; Response to Interrogatory No. 20.  While we provided you with a more fulsome explanation below following our 7(m) conference, we do not believe more granularity is required under Fed. R. Civ. P. 26 or 33.