**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MIKHAIL FRIDMAN, PETR AVEN, AND
GERMAN KHAN,

     **Plaintiffs,**

v.             Civil Action No. 17-2041-RJL

BEAN LLC a/k/a FUSION GPS, and GLENN
SIMPSON,

     **Defendants.**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
EMERGENCY MOTION BY PLAINTIFFS PETR AVEN AND GERMAN KHAN
FOR A PROTECTIVE ORDER FOR A SHORT DEFERMENT OF
THEIR DEPOSITIONS TO A DATE AFTER THE EXPIRATION OF THE
CURRENT UK LOCKDOWN**

**INTRODUCTION**

Plaintiffs Petr Aven and German Khan—residents of the United Kingdom—move for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1), staying their depositions noticed for November 9 and November 19, 2020 until the lifting of a temporary "lockdown" and a related travel ban recently imposed, respectively, by the governments of the United Kingdom and Scotland in response to the COVID-19 pandemic.  Although Messrs. Aven and Khan are willing to be deposed remotely, as native Russian language speakers, each requires the assistance of an interpreter physically present with them at their depositions.  In the ways described in this memorandum of points and authorities, the lockdown legislation prevents their interpreter from being physically present at the depositions for the duration of the lockdown.

The lockdown that triggered this motion is contained in legislation enacted by the British parliament on November 4, 2020.  Plaintiffs promptly notified Defendants of this development and its impact on Plaintiffs' ability to secure the in-person attendance of their interpreter at their depositions.  Indeed, Plaintiffs notified Defendants of this development even before the official enactment of the legislation when it became clear the proposed restrictions were being considered.  Defendants refused to agree to a short deferment of the depositions to a date after the expiration of the lockdown less than four weeks from now, and instead threatened that they might move to dismiss the claims of Plaintiff Aven and Khan if they fail to appear for depositions on November 9 and 19.

For the reasons explained below, the Court should enter a protective order, staying the depositions until the expiration of the lockdown legislation—currently scheduled to expire on December 2, 2020.

9768402.7

## BACKGROUND

**A.      The Parties Agreed On A Schedule For Messrs. Aven's and Khan's Depositions**

Defendants initially noticed Messrs. Aven's and Khan's depositions for dates in mid-2020.

Due to a number of considerations,[1] the parties ultimately agreed that Mr. Aven's deposition would

be held on November 9, 2020, and Mr. Khan's on November 19, 2020.  Lewis Decl., ¶3.

**B.      England Imposed A Four-Week "Lockdown"**

On November 4, 2020, the U.K. Parliament voted to approve a month-long lockdown in

the U.K.,[2] which was followed on November 5, 2020, by the enactment of legislation

implementing lockdown procedures.  *See generally* The Health Protection (Coronavirus,

Restrictions) (England) (No. 4) Regulations 2020 (the "Regulations").[3]  The Regulations impose

restrictions on individuals' movement and ability to gather, among other things.  *See, e.g., id*. at

Parts 2 and 3.  Additionally, the government of Scotland has requested that individuals not travel

between England and Scotland for nonessential purposes.[4]  The interpreter Plaintiffs have retained

lives in Glasgow, Scotland, and therefore is unable to travel to London without defying that travel

restriction.  Lewis Decl., ¶5.  The U.K. Regulations also require that, with few exceptions, persons

---

[1]   Among others, the considerations included the pendency of several motions, including the Defendants' motion to compel Plaintiffs to produce Alfa and LetterOne documents, which remain *sub judice*.

[2]   New National Restrictions from 5 November, https://www.gov.uk/guidance/new-national-restrictions-from-5-november ("New National Restrictions"); *see also*, *Covid: MPs vote to back four-week England lockdown, BBC News*, Nov. 5, 2020, *available at* https://www.bbc.com/news/uk-politics-54813615.

[3]   *Available at* https://www.legislation.gov.uk/uksi/2020/1200/pdfs/uksi_20201200_en.pdf.

[4]   *See* Coronavirus in Scotland, https://www.gov.scot/coronavirus-covid-19/; *see also Coronavirus in Scotland: What are the latest lockdown Rules, BBC News*, Nov. 2, 2020, *available at* https://www.bbc.com/news/uk-scotland-53166816.

*(cont'd)*

9768402.7

"[s]tay at home, except for specific purposes," and "[a]void meeting people [they] do not live with, except for specific purposes,"[5] and make it a punishable offense for persons to leave their home "without reasonable excuse."  Regulations, Part 2(5) and Part 5(20).

## C.  Defendants Refused To Reschedule Messrs. Aven's And Khan's Depositions To Allow An Interpreter To Be Present

Immediately upon learning of the impending U.K. lockdown, Plaintiffs' counsel advised Defendants' counsel that Messrs. Aven's and Khan's depositions could not proceed as scheduled because the interpreter that would assist them could not be physically present with the deponents during their testimony.  Lewis Decl., Ex. A (Email from A. Lewis to J. Levy at 9:26 A.M.). Plaintiffs advised that the third Plaintiff, Mr. Fridman would, however, appear remotely for his scheduled deposition on November 17, 2020, in spite of the lockdown, as he did not require the assistance an interpreter.  Defendants nevertheless took the position that the depositions of Messrs. Aven and Khan should proceed as scheduled during the U.K. lockdown and threatened to seek sanctions (including a motion to dismiss) should the Plaintiffs fail to appear on November 9 and 19).  Lewis Decl. Ex. B (Email from J. Levy to A. Lewis at 4:50 P.M.).  Plaintiffs explained their position in response:

> We disagree that remote participation is a reasonable substitute for the quality of the interaction between an interpreter and a deponent that occurs when both are physically present.  Moreover, the lockdown will only last a month and is a sudden development, all of which make our request to briefly adjourn these two depositions reasonable and your response to our request needlessly adversarial. I'd be happy to propose dates in December or January or to have you suggest some dates.
>
> We also note that Messrs. Aven and Khan are not refusing to sit for their depositions, but merely require an interpreter that cannot be effectively provided during this unprecedented global pandemic due to temporary conditions imposed by the U.K. and Scottish

---

[5] New National Restrictions, *supra* note 2.

> governments that are outside their control. Mr. Fridman, who does
> not require an interpreter, is willing to sit remotely on his scheduled
> date. But given your position on the issue, we will make a motion
> for a protective order. Please advise when you are available on
> Thursday or Friday of this week for a Rule 7(m) conference.

Lewis Decl., Ex. B (Email from A. Lewis to J. Levy at 8:11 P.M.).

The parties subsequently conferred pursuant to Local Rule 7(m) but were unable to resolve this issue.

## ARGUMENT

### THE COURT SHOULD ENTER AN ORDER POSTPONING MESSRS. AVEN'S AND KHAN'S DEPOSITIONS SO THAT AN INTERPRETER MAY BE PHYSICALLY PRESENT TO EFFECTIVELY ASSIST THEM DURING THEIR TESTIMONY

Federal Rule of Civil Procedure 26(c) empowers the Court, upon a showing of good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See also Alliance for Global Justice v. District of Columbia*, No. 01-811-PLF-JMF, 2005 U.S. Dist. LEXIS 15190, *6, n.1 (D.D.C. Jul. 29, 2005) ("[G]ood cause exists under Rule 26(c) when justice requires the protection of a person from any annoyance, embarrassment, oppression, or undue burden or expense."). A protective order may, *inter alia*, "specify [the] time and place" of the discovery, or "designat[e] the persons who may be present while the discovery is conducted." FED. R. CIV. P. 26(c)(1)(B) & (E). Courts are also bound by Rule 1 of the Federal Rules of Civil Procedure, which requires them to construe and administer the rules "to secure the *just*, speedy, and inexpensive determination of every action and proceeding." *Lurensky v. Wellinghoff*, 271 F.R.D. 345, 348 (D.D.C. 2010) (emphasis added).

The Court should enter an order that protects Plaintiffs Aven's and Khan's right to the effective assistance of an interpreter during their depositions. Plaintiffs' deposition testimony potentially may be among the most important evidence marshalled and presumably will go to every

4

material issue in this proceeding. It is in everyone's interest that the deponents accurately understand the questions being asked during a multi-hours' long deposition. Messrs. Aven and Khan are native Russian language speakers with a reasonable but imperfect grasp of the English language. Further, the use of interpreters in civil proceedings, including in deposition testimony, is well established. *See e.g.*, Guide to Judiciary Policy, Vol. 5: Court Interpreting, Ch. 2, § 265 (contemplating the use of translators in civil matters and addressing the administration of costs of such services). Indeed, for a March 2020 trial in the English High Court of Justice (London, United Kingdom), in which Messrs. Aven and Khan testified briefly, an interpreter was *physically* present and sworn in to assist them, despite the fact that the trial proceeded in a partially remote manner. Lewis Decl. ¶4.

While remote depositions are challenging enough, remote participation of an interpreter adds another level of complexity (putting aside the myriad technical issues that may arise due to connection or lag issues with any one of the parties). Under the circumstances, Defendants' insistence on the interpreter participating remotely is not a reasonable substitute for the quality of the interaction between an interpreter and a deponent that occurs when both are physically present. The presence of an interpreter will ensure that the deponents are able to understand the questions asked and articulate precisely their testimony, as well as make for a cleaner record. Moreover, the translator will likely need to assist with the translation of lengthy exhibits, posing significant challenges and risking significant inaccuracies on the formal transcript in doing so from a remote environment. For example, confusion as to what pages or lines need to be translated could result in significant errors on the record or faulty testimony as a result of the same. While Defendants want to push for the deposition to move forward remotely and suggest this is a sufficient way to proceed, they fail to acknowledge the likelihood of material errors in the transcript that could be

avoided entirely by a limited delay in the depositions of two of the three plaintiffs.  This limited delay would not result in a delay in the close of discovery or cause defendants to suffer any material prejudice.  In contrast, plaintiffs could be stuck with an inaccurate record and deprived of effective translation at a critical deposition that likely will be material evidence in the case – again, all of this can be avoided by a limited deferment.

Presently, the interpreter is not permitted to travel from Scotland to London for the depositions.  Scotland's First Minister Nicola Sturgeon has emphasized "that people . . . not travel to England, or from England into Scotland unless *absolutely* essential."[6]  Travel by the interpreter during the lockdown is not essential (or "absolutely essential") because the only purpose of that travel is to enable the conduct of two depositions in early to mid-November that can easily and without prejudice be conducted in December after the expiration of the short, four week lockdown.  Nor is retaining a different interpreter—one who lives in London rather than Scotland—a feasible solution here.  Although there may be qualified Russian-English interpreters who live in London, the very few days between the implementation of the lockdown and the scheduled deposition date of November 9 made it impractical to conduct the process of vetting the qualifications of and hiring another interpreter.  And even if another qualified interpreter, based in London, could have been found, that interpreter would also have been prevented by the newly implemented lockdown restrictions from assisting the deponents in person.

Defendants have articulated no prejudice to them as a result of briefly postponing Messrs. Aven's and Khan's depositions so that an interpreter may attend in person.

---

[6] Elle Duffy, *Coronavirus Scotland: How does the England lockdown affect Scotland?*, The Herald, Nov. 1, 2020, *available at* https://www.heraldscotland.com/news/18838074.coronavirus-scotland-england-lockdown-affect-scotland/ (emphasis added).

6

9768402.7

**CONCLUSION**

Messrs. Aven and Khan are not refusing to sit for their depositions, but merely require an interpreter that cannot be effectively provided during a global pandemic due to the lockdown imposed by the U.K. and Scottish governments.  Fact discovery in this matter is not scheduled to close until January 12, 2021 at the earliest, and the Parties' joint motion to extend that deadline to March 15, 2021 is pending before the Court.  Dkt. 108.  Postponing Messrs. Aven's and Khan's depositions until the expiration of the lockdown, which is expected to expire less than four weeks from now, causes Defendants no discernible prejudice.    For the foregoing reasons, the Court should, respectfully, grant Plaintiffs' Motion.

Dated: New York, New York
       November 6, 2020                          Respectfully submitted,

                                                 _/s/ *Alan S. Lewis*_____
                                                 Alan S. Lewis (#NY0252)
                                                 CARTER LEDYARD & MILBURN LLP
                                                 2 Wall Street
                                                 New York, NY 10005
                                                 Tel: (212) 732-3200
                                                 Fax: (212) 732-3232
                                                 lewis@clm.com

                                                 -and-

                                                 Kim Sperduto (DC Bar No. 416127)
                                                 SPERDUTO  THOMPSON  &  GASSLER
                                                 PLC
                                                 1747 Pennsylvania Avenue, NW, Suite 1250
                                                 Washington, DC 20006
                                                 Tel: (202) 408-8900
                                                 Fax: (202) 408-8910
                                                 ksperduto@stglawdc.com

                                                 *Attorneys for Plaintiffs*

9768402.7

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Memorandum of Points and Authorities in Support of Motion by Plaintiffs Petr Aven and German Khan For A Protective Order was filed electronically by the Clerk of Court on November 6, 2020, using the CM/ECF system, which will send notification of such filing to all counsel of record.


/s/ *Alan S. Lewis*
Alan S. Lewis

9768402.7