**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN, <br><br>            Plaintiffs, <br><br>     v. <br><br> BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON, <br><br>            Defendants. | No. 1:17-cv-2041-RJL |

**EMERGENCY MOTION BY DEFENDANTS GLENN SIMPSON AND BEAN LLC FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING PLAINTIFFS AVEN'S AND KHAN'S EMERGENCY MOTION FOR A PROTECTIVE ORDER PERMITTING THEM TO POSTPONE THEIR DEPOSITIONS**

Pursuant to Fed. R. Civ. P. 54(b), Defendants Glenn Simpson and Bean LLC ("Defendants") respectfully request that the Court reconsider its Order entered on November 7, 2020, which granted Plaintiffs Aven's and Khan's Motion for a Protective Order (Dkt. No. 113). The Court granted Plaintiffs' Motion without awaiting a response from Defendants. Plaintiffs' Motion incorrectly states that their interpreter is prevented by the lockdown restrictions from travelling to England and participating in the depositions; in fact, the guidance and laws allow the interpreter to travel to England and participate in-person, if that is how Plaintiffs insist on conducting their depositions. Moreover, Plaintiffs have not shown that they require an in-person interpreter or that they cannot find an interpreter in London, as opposed to Scotland. Defendants are harmed by yet another delay of Plaintiffs' depositions.

Accordingly, Defendants request that the Court grant this Motion, deny Plaintiffs' Motion for a Protective Order (Dkt. No. 113), order Plaintiff Khan to proceed with his depositions

scheduled for November 19, 2020, and order Plaintiff Aven to sit for his deposition before November 30, 2020.

Pursuant to Local Civil Rule 7(m), Defendants met and conferred with Plaintiffs on the issue of delaying Plaintiffs' depositions due to the lockdown in England in a good faith effort to narrow the areas of disagreement. The Parties, however, were unable to resolve their disagreement. Plaintiffs oppose this motion.

Dated:    November 9, 2020                      _____/s/ Joshua A. Levy_____

Joshua A. Levy (D.C. Bar No. 475108)
Rachel M. Clattenburg (D.C. Bar No. 1018164)
**LEVY FIRESTONE MUSE LLP**
1401 K St. NW, Suite 600
Washington, DC 20005
Tel: (202) 845-3215
Fax: (202) 595-8253
jal@levyfirestone.com
rmc@levyfirestone.com

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

MIKHAIL  FRIDMAN,  PETR  AVEN,  and
GERMAN KHAN,

          Plaintiffs,

    v.

BEAN  LLC  a/k/a  FUSION  GPS,  and  GLENN
SIMPSON,

          Defendants.

Civil Case No. 1:17-cv-2041-RJL

---

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING PLAINTIFFS AVEN'S AND KHAN'S EMERGENCY MOTION FOR A PROTECTIVE ORDER

## **INTRODUCTION**

Plaintiffs Aven and Khan moved (Dkt. No. 113) to postpone their depositions yet again, by claiming at the last minute that they needed an interpreter, that they had to use an interpreter from Scotland when Plaintiffs are located in England, and that their interpreter had to be *physically present* for their remote depositions, in the middle of a pandemic and a national lockdown. Although Plaintiffs informed the Court that Defendants opposed the motion, the Court did not give Defendants an opportunity to respond to Plaintiffs' motion and instead granted it by Minute Order on November 7, 2020 ("Order"), less than 24 hours after Plaintiffs filed their Motion.

Defendants seek reconsideration of the Court's Order because it is based on Plaintiffs' erroneous statement of UK law and because Plaintiffs did not meet their burden of proving good cause for a protective order. Plaintiffs have delayed their depositions for over five months now. Plaintiffs' motion is nothing more than another delay tactic that the Court should not endorse.

It bears noting that Plaintiffs do not seek to delay their depositions out of concern for public or personal health. Indeed, the safest way to conduct the depositions is completely remotely, with no one in the same room with anyone else. Defendants see no reason why the depositions cannot proceed in that manner. Instead, Plaintiffs insist on being in the same room as their interpreter and claim that they cannot do so because of lockdown restrictions. But the lockdown guidance and legislation specifically exempt work and legal proceedings from the restrictions on travel and gatherings.

Defendants accordingly request that the Court grant the motion for reconsideration, deny Plaintiffs' motion for a protective order, order that Plaintiff Aven sit for a deposition before

1

November 30, 2020, and order that Plaintiff Khan sit for his scheduled deposition on November 19, 2020.[1]

## BACKGROUND

### A)  Plaintiffs Have Repeatedly Delayed Their Depositions.

For more than six months, Plaintiffs have offered conflicting and changing excuses for why they cannot be deposed in their own case.

This protracted back-and-forth about scheduling Plaintiffs' depositions began in April of 2020, when Defendants first noticed Plaintiffs' depositions for June 2 (Plaintiff Khan), June 9 (Plaintiff Aven) and June 16 (Plaintiff Fridman). *See* Levy Decl., Ex. 1, Letter from A. Lewis to J. Levy (May 6, 2020) (confirming receipt of deposition notices). Simply getting a date on the calendar for their depositions proved incredibly challenging, as Plaintiffs came up with one excuse after another for pushing their depositions out 90 – 120 days from their noticed dates. Levy Decl. ¶ 4. Just as here, the first excuses floated by Plaintiffs' counsel were because of travel restrictions. In response to the notices for depositions scheduled for June 2020, Plaintiffs' counsel tried to hold Plaintiffs' depositions in abeyance, suggesting that "the parties discuss deposition scheduling once there is clarity on when the travel restrictions will be lifted and when the parties have determined that is has become safe to travel internationally." Levy Decl. ¶ 3 & *id.*, Ex. 1, Letter from A. Lewis to J. Levy (May 6, 2020), at 2. Ironically, Plaintiffs' counsel claimed that Plaintiffs had to be prepared "in person by counsel," Ex. 1 at 1, and thus could not be deposed until all travel restrictions were lifted.

---

[1] Defendants are willing to reschedule Plaintiff Khan's deposition to another day before November 30, 2020 if Plaintiffs claim they need additional time to find an interpreter in England, even though there is no legal impediment to Plaintiffs' interpreter travelling from Scotland.

Depositions that were to occur in June, then September or October at the latest, were eventually scheduled be held remotely for November, due to the persistent efforts by Plaintiffs and their counsel to avoid going forward with Plaintiffs' depositions.[2] *See see* Levy Decl. ¶¶ 5 & 6; Levy Decl. Ex. 2 (correspondence between Defendants' counsel and Plaintiffs' counsel concerning scheduling Plaintiffs' depositions over the summer); Ex. 3 (correspondence concerning Plaintiffs' request to reschedule their depositions for October and then November); Ex. 4 (correspondence confirming Plaintiffs' November depositions).

### B)  Plaintiffs Did Not Mention Needing an Interpreter—Let Alone One Who Needed to Be Physically Present—Until Days before Plaintiff Aven's Deposition.

Agreeing to remote depositions, Plaintiffs' counsel eventually abandoned their formerly purported need to be in person to prepare their clients for depositions. Plaintiffs' depositions were set for November 2020. But starting two weeks before the first of them was to occur, Plaintiffs' counsel sought yet again to delay Plaintiffs' depositions. Once more, Plaintiffs' counsel suggested that all Plaintiffs' depositions should be postponed indefinitely until document production disputes were decided: "Are we correct to assume, based on our past correspondence, that you will proceed with the deposition, even if the motions pending before the Court that concern potentially relevant documents are still then pending?" Levy Decl., Ex. 5, Email from A. Lewis to J. Levy (Oct. 26, 2020).[3]  Defendants' counsel confirmed that was so, and inquired about whether Plaintiff Aven

---

[2] Contrary to Plaintiffs' representation, Defendants never agreed to delay any of the depositions based on the pending motions. Pls.' Mot. at 2 n.1. Plaintiffs repeatedly tried to convince Defendants that Defendants should take that position, but Defendants refused, because it was clearly just another delay tactic by Plaintiffs.

[3] It should be noted that Plaintiffs did not inquire whether Defendants' depositions, scheduled for December 2020, should be postponed because of the pending motions to compel. *See* Ex. 5, Email from A. Lewis to J. Levy (Oct. 26, 2020).

preferred a start time of 9 AM (as opposed to 10 AM), given that he is located in the United Kingdom. Levy Decl., Ex. 5, Email from J. Levy to A. Lewis (Oct. 27, 2020).

Plaintiffs' counsel did not respond. Five days before Plaintiff Aven's deposition, Defendants' counsel again asked Plaintiffs' counsel to confirm that the deposition would begin at 9 AM EST. Levy Decl. ¶ 8; Lewis Decl., Ex. A (Dkt. No. 113-3) at 5, Email from J. Levy to A. Lewis (Nov. 4, 2020).

In response, Plaintiffs' counsel responded that they would not be proceeding with the deposition *at all*. Levy Decl. ¶ 9; Lewis Decl., Ex. A. (Dkt. No. 113-3) at 4-5, Email from A. Lewis to J. Levy (Nov. 4, 2020). Although the UK had announced its lockdown four days earlier, on October 31, 2020,[4] Plaintiffs' counsel wrote for the first time: "It appears that we will not be able to proceed on Monday because of the impending UK Covid lockdown.  We'll also have to reschedule Khan's deposition for the same reason.  It looks like the lockdown will last at least a month. Logistics for Fridman's deposition are less challenging and his deposition should be able to go forward when scheduled." *Id.*

Because the lockdown rules clearly do not prevent a remote deposition from taking place, Defendants' counsel asked Plaintiffs' counsel to identify "[w]hat in the UK law or regulations precludes Plaintiffs Aven and Khan from sitting for their remotely held depositions." Levy Decl. ¶ 10; Lewis Decl., Ex. A (Dkt. No. 113-3), at 3-4, Email from J. Levy to A. Lewis (Nov. 4, 2020).

In response, Plaintiffs' counsel for the first time informed Defendants' counsel that Plaintiffs Aven and Khan needed an interpreter and claimed the "lockdown impedes the

---

[4] Molly Blackall, "Boris Johnson Announces Four-Week National Covid Lockdown in England," *The Guardian*, Oct. 31, 2020, https://www.theguardian.com/world/2020/oct/31/boris-johnson-announces-national-lockdown-england-coronavirus

arrangement we had for an interpreter to be present." Lewis Decl., Ex. A (Dkt. No. 113-3), at 3, Email from A. Lewis to J. Levy (Nov. 4, 2020); Levy Decl. ¶ 11.

Defendants' counsel promptly responded that this was "the first we are learning that Plaintiffs Aven and Khan would like an interpreter to be present at their depositions." Lewis Decl., Ex. A, (Dkt. No. 113-3), at 2, Email from J. Levy to A. Lewis (Nov. 4, 2020). Moreover, Plaintiffs' counsel did not explain "why having an interpreter poses a problem. This is a remote deposition, and the interpreter can participate remotely." *Id.* And Plaintiffs' counsel did not explain where "in the UK lockdown legislation it states that the interpreter cannot be present, or that legal proceedings are not permitted to continue as scheduled," if Plaintiffs are contending that the interpreter needs to be in the same room as the witness. *Id.*; Levy Decl. ¶¶ 10, 11.

Plaintiffs' counsel then stated that they have selected an interpreter who lives in *Scotland* and thus cannot be present, but did not explain why (a) the interpreter cannot participate remotely, like every other participant in the deposition would be doing; or (b) why, if the issue is that the interpreter lives in Scotland, they cannot locate and use one of the many *English* interpreters based *in England*; or (c) how the lockdown prevents the deposition from going forward, when the lockdown legislation clearly permits the interpreter to travel to England and be in the same room as Plaintiffs during their depositions. *See* Lewis Decl., Ex. A, (Dkt. No. 113-3), at 1, Email from A. Lewis to J. Levy (Nov. 4, 2020); Levy Decl. ¶ 10.

In addition to the options these billionaire Plaintiffs have at their disposal that would keep themselves and any interpreter safe in the current environment, Plaintiffs' counsel did not explain why he waited four days to tell Defendants' counsel, or why he only informed Defendants' counsel after Defendants asked Plaintiff Aven to confirm his attendance. It's not clear when Plaintiffs'

counsel was intending to inform Defendants of this last-minute cancellation. The dilatory notification of these excuses further calls into question their merits.

On Friday, November 6, 2020, Plaintiffs Aven and Khan filed an emergency motion for a protective order to postpone their depositions "until the expiration of the lockdown," Pls.' Mot. at 7, because of the purported need to have an interpreter participate in person. The very filing of that motion stayed the deposition scheduled for November 9, 2020 and temporarily obviated the need for Plaintiff Aven to appear that day. Under the Local Rules, Defendants had 14 days to respond to the motion. However, on November 7, 2020, with no response from Defendants filed, the Court nevertheless granted Plaintiff's motion.

## ARGUMENT

Plaintiffs' counsel's excuses have come full circle. In the summer, Plaintiffs' counsel claimed that travel restrictions prevented depositions because counsel had to prepare Plaintiffs "in person." Levy Decl., Ex. 1. While Plaintiffs' counsel has since abandoned that purported need of preparing their clients "in person," Plaintiffs' counsel now claims that travel restrictions impede a remote deposition because the interpreter must be "in person" with the witness. Plaintiffs never even mentioned an interpreter, let alone an in-person interpreter, before November 4, 2020, five days before Plaintiff Aven's deposition.

Plaintiffs have not shown that they require an in-person interpreter, and even if they do, the UK lockdown regulations specifically permit travel and gatherings under these circumstances. Either Plaintiffs must sit for the depositions with everyone participating remotely, or they must make arrangements to sit for their deposition with an interpreter in person, which the UK lockdown rules permit. If Plaintiffs or the interpreter are not comfortable meeting in person, that is a problem

of their own making, as the interpreter can participate remotely without any disruption to the deposition.

### A)  Legal Standards

Federal Rule of Civil Procedure 54(b) "governs reconsideration of orders that do not constitute final judgments in a case." *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005). In determining whether to grant reconsideration, this court applies an "as justice requires" standard. *Id.* And "asking 'what justice requires' amounts to determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances." *Id.*

"Reconsideration is available 'as justice requires,' in cases where the Court 'has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court.'" *Casey v. Ward*, 67 F. Supp. 3d 54, 57 (D.D.C. 2015) (Leon, J.) (quoting *Johnson–Parks v. D.C. Chartered Health Plan,* 806 F.Supp.2d 267, 268–69 (D.D.C. 2011)).

### B)  Reconsideration Is Warranted Because the Court Did Not Allow Defendants to Respond to Plaintiffs' Motion.

The Court's failure to permit Defendants to respond to Plaintiffs' Motion is sufficient to warrant reconsideration. "Justice requires" allowing Defendants to present their arguments concerning a disputed discovery issue, where Defendants have stated they oppose the motion for relief, and time for a response had not expired before the Court ruled on the motion. Deciding the issue based only on Plaintiffs' misleading papers is not justice.

### C)  Reconsideration Is Warranted Because the Lockdown Rules in England and Scotland Permit the Interpreter to Travel to the Deposition and Be in the Same Room as Plaintiffs.

Even if Plaintiffs insist on having an in-person interpreter during a global pandemic, neither Scotland nor England prohibits the interpreter from travelling to Plaintiffs for that purpose. Plaintiffs are simply wrong about the law in the UK.

England's guidance states:

> everyone who can work effectively from home should do so. *Where people cannot do so* – including, but not limited to, people who work in critical national infrastructure, construction, or manufacturing – *they should continue to travel to their workplace*. This is essential to keeping the country operating and supporting sectors and employers. . . . Where it is necessary for you to work in other people's homes - for example, for nannies, cleaners or tradespeople - you can do so.[5]

The plain language of the underlying legislation clearly permits people to leave their homes "for the purposes of work . . .  where it is not reasonably possible for [the person concerned] to work, or to provide those services, from home."[6] The legislation also provides that people may leave home "to fulfil a legal obligation, including attending court or satisfying bail conditions, or to participate in legal proceedings,"[7] such as Plaintiffs' depositions for this case.

In parallel, the legislation allows for gatherings with other people in England if it is "reasonably necessary" "for work purposes,"[8] or if those involved are "fulfilling a legal obligation or participating in legal proceedings,"[9] such as Plaintiffs' depositions. The Guidance provides the same.[10]

---

[5] Levy Decl., Ex. 7, Guidance: New National Restrictions from 5 November, at 7-8, https://www.gov.uk/guidance/new-national-restrictions-from-5-november#going-to-work (emphasis added).
[6] Levy Decl., Ex. 8, The Health Protection (Coronavirus, Restrictions) (England) (No. 4) Regulations 2020, Part 2 (6)(4)(a), Exceptions: Leaving home, https://www.legislation.gov.uk/uksi/2020/1200/pdfs/uksi_20201200_en.pdf
[7] *Id.* at (6)(4)(e).
[8] *Id.* at (11)(3)(a).
[9] *Id.* at (11)(4).
[10] Levy Decl., Ex. 7, Guidance: New National Restrictions from 5 November, at 5.

The Scottish Government's guidance permits travel to England, if it is "travel for work, …
but only where that cannot be done from your home."[11] Since Plaintiffs are claiming that the
interpreter cannot do this work remotely, then the interpreter is permitted to travel to England to
participate in the deposition.[12]

Inasmuch as the Scottish interpreter whom Plaintiffs have hired is personally
uncomfortable traveling to England either commercially or privately, Plaintiffs should have no
trouble hiring one of the many English interpreters living and working in England. One can assume
that London, an international legal and financial hub, has many options for Russian interpreter
services, and a simple Google search bears this out. Plaintiffs, however, have not even represented
that they have tried to locate an interpreter in England, where they live; instead, opting for one
who lives in Scotland! And while Plaintiffs' Motion states that it was "impractical" to find a local
interpreter out of the numerous options in London because of the "very few days" between
"implementation of the lockdown" and Plaintiff Aven's deposition on November 9, Pls.' Mot. at
6, Plaintiffs do not explain why they cannot timely locate an interpreter in London for Plaintiff
Khan's deposition, which is scheduled for November 19, 2020, and thus gives Plaintiffs plenty of
time to locate an interpreter in England.

---

[11] Levy Decl., Ex. 6, Coronavirus (COVID-19): guidance on travel and transport, at 3 (Exceptions),
available at https://www.gov.scot/publications/coronavirus-covid-19-guidance-on-travel-and-
transport/

[12] Plaintiffs do not cite to any of the specific requirements in the guidance from the Scottish
government in claiming that the interpreter cannot travel to England for work, because no such
blanket prohibition exists. *See* Lewis Decl. (Dkt. No. 113-2)  ¶ 6. Plaintiffs cite to an article that
links to a Twitter post from Nicola Sturgeon, the first minister of Scotland, who wrote "for now,
we are asking people not to travel to or from England at all, except for essential purposes." *See id.*,
citing *Coronavirus in Scotland: What are the latest lockdown Rules, BBC News*, Nov. 2, 2020,
*available at* https://www.bbc.com/news/uk-scotland-53166816, which in turn links to "Covid in
Scotland," *BBC.com*, https://www.bbc.co.uk/news/uk-scotland-54760388. The first minister's
request on Twitter is not a binding rule, and furthermore, work is an essential purpose.

Accordingly, Plaintiffs cannot claim that they are prohibited from having the interpreter physically present at their depositions. Under the UK's and Scotland's lockdown rules, the interpreter may travel to the place of the deposition in England and be in the same room as the witness during the deposition.

### D) Reconsideration Is Warranted Because Plaintiffs Have Not Met Their Burden under Rule 26(c) of Showing That They Require an In-Person Interpreter.

Plaintiffs have not shown why their interpreter must be physically present, when their counsel and all other participants will be participating remotely. Their argument on this point contains no evidence, and thus Plaintiffs do not meet their burden of showing "good cause" under Fed. R. Civ. P. 26(c).

Plaintiffs sought a protective order pursuant to Fed. R. Civ. P. 26(c). Plaintiffs "had the burden of making the showing of good cause contemplated by the rule." *Alexander v. F.B.I.*, 186 F.R.D. 71, 75 (D.D.C. 1998). They did not meet that burden. They have not submitted any affidavits from Plaintiffs Aven or Khan supporting their need for an interpreter, let alone their need for an interpreter who is physically present.

In these times of remote depositions, insisting that the interpreter be physically present is simply a way to unnecessarily delay a deposition. The purpose of remote depositions during a pandemic is to enable discovery to proceed at a time when being physically present with other people may not be safe or permitted by the local jurisdiction. Plaintiffs Aven and Khan do not provide an affidavit explaining why they need an interpreter to be physically present, and it is *their* burden. Instead, the Court has granted a protective order based solely on the opinions of Plaintiffs' counsel. Plaintiffs' counsel's opinions about why having an interpreter present are better than a remote interpreter should not carry any evidentiary weight in granting a motion for a protective order. The Court should not rely on Plaintiffs' counsel's arguments about the need for the

10

interpreter to be physically present, especially given Plaintiffs' history of delaying their depositions.

Finally, Plaintiffs have not even met their burden of showing they need an interpreter, let alone an in-person interpreter. There are indications that Plaintiff Aven, who lives in England, appears to speak fluent English. *See e.g.*, IIASA Alumni: Former Russian Minister and Former President of Alfa Bank, Petr Aven, Youtube.com (2014), https://www.youtube.com/watch?v=3JJOMivawmo (video of Plaintiff Aven speaking fluently in English). At Plaintiffs' UK bench trial in March 2020, beyond the swearing in of the interpreter, it does not appear that Plaintiff Aven ever relied upon the interpreter's services. *See* Ex. 9, *Aven v. Orbis*, QB-2018-6349, Trial Tr. Day 2, Mar. 17, 2020. In fact, at one point during his testimony Plaintiff Aven acknowledged that he speaks English "very fast" so that even "the interpreters cannot understand." *Id.* at 76:15 – 76:16. And Plaintiffs point to nothing in the transcript of the UK trial that supports Plaintiff Aven's claimed need here for help with understanding the English language. *Id.*; *see also* Lewis Decl. ¶ 4 (Dkt. No. 113-2) (stating only that an interpreter was present at the UK trial, but not pointing to any help provided by the interpreter to either Plaintiffs Aven or Khan). Plaintiff Aven describes himself as "speak[ing] English relatively well" and he gave his sworn witness statement in the UK trial in English. *See* Ex. 10, *Aven v. Orbis*, QB-2018-6349, Excerpt of P. Aven Witness Statement.[13]

### E) Delaying Plaintiffs' Depositions Prejudices Defendants.

The Court has ordered that the depositions of Plaintiffs Aven and Khan shall be rescheduled "within seven days of December 2, 2020, the scheduled expiration of the lockdown

---

[13] Plaintiff Mikhail Fridman, it should be noted, also says he speaks English "quite well." *See* Ex. 11, *Aven v. Orbis*, QB-2018-6349, Excerpt of M. Fridman Witness Statement.

legislation." Order. This delay harms Defendants and is part of a larger pattern in which Plaintiffs, who brought this lawsuit three years ago, have sought at every turn to delay or withhold evidence and testimony needed by Defendants. Furthermore, the Court should not allow Plaintiffs to mislead it by claiming they cannot proceed with their depositions because they need an in-person interpreter, when the rules do not so provide, and when an interpreter's remote participation has become commonplace this year in remote court proceedings and will not prejudice Plaintiffs. By allowing Plaintiffs to proceed on the basis of this purported need for an in-person interpreter, the Court may give Plaintiffs the tacit permission to further delay their depositions when lockdown restrictions continue, as they likely will. Indeed, Plaintiffs Aven and Khan have premised their motion on the pretense that the UK lockdown will come to a close within a month's time; however, if past is prologue, this UK lockdown will last longer than a month.

Plaintiffs' prompt depositions are critical to Defendants being able to determine what evidence Plaintiffs have to support any of their claims, and thus to build Defendants' defense, because Plaintiffs have withheld most of their relevant information in this case. Plaintiffs have produced almost no documents in this case. *See* Dkt. No. 78 (Defendants' Motion to Compel Plaintiffs to produce their documents at Alfa); Dkt. No. 94 (Defendants' Motion to Compel Plaintiffs to produce their documents outside of 2016, among other issues); Dkt. No. 111 (Defendants' Motion to Compel Plaintiffs to produce documents relevant to damages and to revise their discovery responses to specify their damages claims). Plaintiffs have not provided details of their damages claims. *See* Dkt. No. 111. Delaying Plaintiffs' depositions prevents Defendants from being able to adequately defend their lawsuit and forces Defendants to continue to spend money, month after month, until discovery comes to a close. Moreover, Defendants have their own

depositions on December 15 and 17, and scheduling Plaintiffs' deposition for the week prior gives Defendants less time to prepare for their own depositions.

Plaintiffs' excuse about needing an in-person interpreter is designed to drag out their depositions for months. If the Court permits Plaintiffs to delay their depositions because of a purported need for an in-person interpreter, based on lockdown restrictions *that do not even apply* to their interpreter, then Plaintiffs could use these same false excuses to delay their depositions for months. Indeed, the UK Government has made clear that it is likely that the lockdown will be extended beyond December 2.[14] Furthermore, even when the national lockdown is lifted, the country will be placed into different "tiers" of lockdown, with regions facing different levels of restrictions based on their infection rates.[15] Moreover, by choosing an interpreter in Scotland, Plaintiffs have only increased the chances that they can claim to the Court that their depositions cannot proceed because of lockdown restrictions, since Scotland has its own set of rules separate from England.[16] This is not a new situation; Scotland has long had separate rules from England for lockdown restrictions. *Id.* Plaintiffs nevertheless chose an interpreter who, they claim, has to travel from Scotland to England for their depositions, despite the unique means at Plaintiffs' disposal to

---

[14] "Covid-19: English Lockdown May Last Beyond 2 Dec, Says Gove," *BBC.com* (Nov. 1, 2020), https://www.bbc.co.uk/news/uk-54767118

[15] *See e.g.*, Matt Watts, "Will Lockdown Be Extended After December 2?" *Evening Standard* (Nov. 5, 2020), https://www.standard.co.uk/news/uk/will-lockdown-be-extended-b49759.html; "The Lock is Ticking: Boris Johnson Vows Lockdown Will End on December 2 After Furlough Extension Sparks Fears of Five-Month Clampdown," *TheSun.com* (Nov. 5, 2020), https://www.thesun.co.uk/news/13121088/boris-johnson-lockdown-december-2-end/.

[16] Coronavirus Lockdown Rules in Each Part of the UK, Institute for Government, https://www.instituteforgovernment.org.uk/explainers/coronavirus-lockdown-rules-four-nations-uk ("The UK government is only responsible for lockdown restriction in England … The Scottish government … remain[s] responsible for introducing and lifting restrictions in [its] respective territory[y]."); "Covid: The New Lockdown Rules for England, Wales, Scotland, and Northern Ireland," *BBC.com*, https://www.bbc.com/news/explainers-52530518 (setting out the different rules in each).

13

hire the interpreter of their choice who already resides and works in England. This appears to be a clear effort to build in an excuse for not sitting for their depositions and extending discovery indefinitely.

Accordingly, the denial of this motion for reconsideration will harm Defendants in the defense of their case.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion for reconsideration of the Court's November 7, 2020 Minute Order, deny Plaintiffs' Motion for Protective Order (Dkt. No. 113), and order Plaintiff Aven to sit for a deposition before November 30, 2020 and for Plaintiff Khan to sit for his deposition on November 19, 2020.

Dated:  November 9, 2020

By:____*/s/* Joshua A. Levy_____

Joshua A. Levy (D.C. Bar No. 475108)
Rachel M. Clattenburg (D.C. Bar No. 1018164)
LEVY FIRESTONE MUSE LLP
1401 K St. NW, Suite 600
Washington, DC 20005
Tel: (202) 845-3215
Fax: (202) 595-8253
jal@levyfirestone.com

*Counsel for Defendants*

14

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2020 I served the foregoing Motion and Memorandum and attached declaration and exhibits on all counsel of record via CM/ECF.

*/s/* Joshua A. Levy

Joshua A. Levy