UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN,<br><br>   Plaintiffs,<br><br>  v.<br><br>BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON,<br><br>   Defendants. | No. 1:17-cv-2041-RJL |

### DECLARATION OF JOSHUA A. LEVY

I, Joshua A. Levy, declare as follows:

1. I am a member of the law firm Levy Firestone Muse LLP, counsel for Defendants Bean LLC a/k/a Fusion GPS, and Glenn Simpson. I submit this Declaration in support of Defendants' Emergency Motion for Reconsideration of the Court's Order Granting Plaintiffs Aven's and Khan's Motion for a Protective Order.

2. By email dated April 22, 2020, I sent notices of depositions to Plaintiffs Fridman, Aven, and Khan, noticing Mr. Khan's deposition for June 2, 2020; Mr. Aven's deposition for June 9, 2020; and Mr. Fridman's deposition for June 16, 2020.

3. Attached hereto as Exhibit 1 is a true and correct copy of a letter dated May 6, 2020, from Plaintiffs' counsel, Mr. Lewis, to me, in response to those notices of deposition, asking that Plaintiffs' depositions not be scheduled until "there is clarity on when the travel restrictions will be lifted."

4. Thereafter, Plaintiffs' counsel and I engaged in a lengthy back-and-forth about scheduling Plaintiffs' depositions, with Plaintiffs' counsel pushing for the depositions not to be

held until September or October of 2020. We eventually agreed on dates in September 2020. Attached hereto at Exhibit 2 are true and correct copies of our correspondence between May 8, 2020 and June 8, 2020, concerning scheduling Plaintiffs' depositions.

5. At the end of August 2020, Plaintiffs' counsel asked if we could again reschedule Plaintiffs' depositions. On August 24, 2020, I emailed Plaintiffs' counsel and told him: "[Y]ou had asked whether we would consider rescheduling the Plaintiffs' depositions. We told you that we are open to scheduling them in October. If that works for you and your clients, please send us dates. If, on the other hand, Plaintiffs are unavailable in October, we should plan on keeping the dates in September…" Plaintiffs' counsel, in an email dated August 26, 2020, did not propose dates in October, but again requested that we "defer selecting specific deposition dates for the Plaintiffs." There ensued another lengthy back-and-forth between Mr. Lewis and me about scheduling Plaintiffs' depositions. Attached hereto as Exhibit 3 are true and correct copies of the email correspondence concerning rescheduling Plaintiffs' depositions. The emails are in reverse chronological order.

6. Plaintiffs' counsel eventually agreed to schedule Plaintiff Aven's deposition for November 9, 2020; Plaintiff Fridman's deposition for November 17, 2020; and Plaintiff Khan's deposition for November 19, 2020. Attached hereto as Exhibit 4 is a true and correct copy of correspondence between Plaintiffs' counsel and me showing the agreement as to those dates.

7. By email dated October 27, 2020, I asked Plaintiffs' counsel whether Plaintiffs preferred a 9 AM EST or 10 AM EST start time for their depositions. Attached hereto as Exhibit 5 is a true and correct copy of my email to Mr. Lewis dated October 27, 2020.

8.     Plaintiffs' counsel did not respond as to the start time. Five days before Plaintiff Aven's deposition, on November 4, 2020, I again asked Plaintiffs' counsel to confirm that the deposition would begin at 9 AM EST. Dkt. No. 113-3, at 5.

9.     In response to my email, Plaintiffs' counsel responded that Plaintiffs Aven and Khan would not be proceeding with their depositions, "because of the impending UK Covid lockdown." Dkt. No. 113-3, at 4-5.

10.    Because the lockdown rules clearly do not prevent a remote deposition from taking place, I asked Plaintiffs' counsel to identify "[w]hat in the UK law or regulations precludes Plaintiffs Aven and Khan from sitting for their remotely held depositions." Dkt. No. 113-3, at 3-4.

11.    In response, by email dated November 4, 2020, Plaintiffs' counsel informed me for the first time that Plaintiffs Aven and Khan intended to use an interpreter and that they were insisting on the interpreter being physically present. Dkt. No. 113-3, at 3. Although I asked why the interpreter could not participate remotely and how the lockdown rules prevent the interpreter's presence at the deposition, Dkt. No. 113-3, at 2, Plaintiffs' counsel did not answer with any specifics. Dkt. No. 113-3, at 1.

12.    Attached hereto as Exhibit 6 is a true and correct copy of the Scottish Government's "Coronavirus (COVID-19): guidance on travel and transport," available at https://www.gov.scot/publications/coronavirus-covid-19-guidance-on-travel-and-transport/. The Guidance provides "exceptions from the guidance not to travel … to or from other parts of the UK." The exceptions include an exception for "travel for work . . . but only where that cannot be done from your home."

13. Attached hereto as Exhibit 7 is a true and correct copy of the UK Government's Guidance "New National Restrictions from 5 November," available at https://www.gov.uk/guidance/new-national-restrictions-from-5-november#going-to-work. The Guidance provides that where people cannot "work effectively from home" "they should continue to travel to their workplace." The Guidance also provides that "[t]here are still circumstances in which you are allowed to meet others from outside your household or support bubble in larger groups," including "for work purposes" or "[w]here you are fulfilling legal obligations or participating in legal proceedings."

14. Attached hereto as Exhibit 8 is a true and correct copy of The Health Protection (Coronavirus, Restrictions) (England) (No. 4) Regulations 2020, available at https://www.legislation.gov.uk/uksi/2020/1200/pdfs/uksi_20201200_en.pdf

15. Attached hereto as Exhibit 9 is a true and correct copy of Petr Aven's testimony at *Aven v. Orbis*, QB-2018-6349, Trial Tr. Day 2, Mar. 17, 2020.

16. Attached hereto as Exhibit 10 is a true and correct copy of the first page of Petr Aven's Witness Statement in *Aven v. Orbis*, QB-2018-6349.

17. Attached hereto as Exhibit 11 is a true and correct copy of the first page of Mikhail Fridman's Witness Statement in *Aven v. Orbis*, QB-2018-6349.

Executed on: November 9, 2020

/s/ Joshua A. Levy
Joshua A. Levy