# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN,

               Plaintiffs,

     v.

BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON,

               Defendants.

Civil Case No. 1:17-cv-2041-RJL

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PRODUCTION OF PLAINTIFFS' FINANCIAL RECORDS AND OTHER EVIDENCE  RELEVANT TO DAMAGES AND SUBSTANTIAL TRUTH AND TO REVISE PLAINTIFFS' ANSWER TO INTERROGATORY NO. 20 AND RULE 26(a)(1)(A)(iii) DISCLOSURE**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ..................................................................................................... 1

ARGUMENT ........................................................................................................... 2

    **I.**    Plaintiffs Must Produce Their Financial Information ......................................... 2

        A.  The Requested Financial Information Is Relevant to Defendants'
            Defense That Plaintiffs Have Not Suffered Damages................................... 2

        B.  The Requested Financial Records Are Relevant to the Substantial Truth or
            Falsity of the Alleged Defamatory Statements ............................................. 6

    **II.**   Three Years into Their Lawsuit, Plaintiffs Have Still Failed to Provide the
        Factual Basis or Details of Their Alleged Damages ........................................... 10

        A.  Plaintiffs' Answer to Interrogatory No. 20 and Rule 26(a)(1)(A)(iii)
            Disclosure Are Not Complete ...................................................................... 10

        B.  Plaintiffs Have Claimed an Amount of Damages and Must Specify How
            They Calculated That Amount ...................................................................... 16

        C.  Statements from Plaintiffs' Counsel Do Not Fulfill Plaintiffs' Obligations
            Under Rules 26 and 34 of the Federal Rules of Civil Procedure ................. 18

        D.  Plaintiffs' Counsel Have Violated Rule 26(g) by Falsely Certifying That
            Plaintiffs' Answers to Interrogatories and Rule 26(a)(1) Disclosures Are
            Complete and Correct. ................................................................................. 19

CONCLUSION ........................................................................................................ 21

## INTRODUCTION

Defamation plaintiffs must prove damages as part of their case or prove that the alleged defamatory statements are actionable as a matter of law irrespective of special damages. To prove damages, defamation plaintiffs must articulate what harm they seek to remedy through their lawsuit. But  more than three years into their case, Plaintiffs Fridman, Aven and Khan have yet to do so. Nor have they agreed to produce their financial records, disclose any factual support for their vague claims of damages, or complete their Federal Rule of Civil Procedure 26(a)(1)(A)(iii) disclosures. The Court should compel them to do so before allowing this three-year-old case to straggle on any further.

Plaintiffs' financial records are relevant and should be produced. It is undisputed that Plaintiffs' financial condition before and after any alleged publication of CIR 112 are necessary and relevant to Defendants' defense that Plaintiffs' reputations were not harmed by CIR 112. In their opposition brief, Plaintiffs do not contest the relevance of these documents to *Defendants'* case and instead try to excuse production of financial records simply because *they* (Plaintiffs) are no longer claiming special damages. The excuse falls short, as Defendants are entitled to evidence relevant to their defenses. In a case about the falsity or substantial truth of "favours," many of them concerning Russia's largest privately owned bank (Alfa Bank) and one of the world's largest private investment funds (LetterOne), the relevance of financial records to financial favors is manifest.

By refusing to disclose any factual support for their vague claims of damages in their answers to interrogatories or submit a calculation of damages in their Rule 26(a)(1) initial disclosures, Plaintiffs have not met their obligation to specify and prove harm. The stark disparities between Plaintiffs' claims of damages in their Amended Complaint, their answers to

Interrogatories, and their emails and briefs from counsel, prejudice Defendants' ability to take discovery on Plaintiffs' damages claims and to defend themselves in this case.

In another grave deficiency, Plaintiffs' Answer to Interrogatory No. 20 and Plaintiffs' Rule 26(a)(1)(A)(iii) disclosure are incomplete because they do not include significant additional information recently provided to Defendants in an email from Plaintiffs' counsel. That Plaintiffs' counsel knowingly signed such discovery without including the known additional information is in violation of Federal Rule of Civil Procedure 26(g)(3).

If Plaintiffs seek to use this Court to claim *any* damages, they must meet the requirements of this Court and Congress to specify those damages, provide factual support for them, and produce documents relevant to them – including, but not limited to, financial records. Plaintiffs' concealment of relevant records and facts supporting their alleged damages is part of a larger pattern of nondisclosure that hobbles the ability of Defendants to defend themselves in this lawsuit. Thus, Defendants respectfully request that the Court order Plaintiffs to supplement their Answer to Interrogatory No. 20, supplement their Rule 26(a)(1)(A)(iii) disclosure, produce documents responsive to Document Requests 57-60, and award sanctions for violation of Rule 26(g)(3) of the Federal Rules of Civil Procedure.

## ARGUMENT

### I.    Plaintiffs Must Produce Their Financial Information.

### A.  The Requested Financial Information Is Relevant to Defendants' Defense That Plaintiffs Have Not Suffered Damages.

Defendants are entitled to evidence that disproves or mitigates Plaintiffs' claims of damages and that includes the financial information requested in Document Request Nos. 57-60.[1]

---

[1] Defendants' did not "reverse[ ] course and demand[ ] production of financial documents," as Plaintiffs claim. *See* Pls.' Opp. at 5. As fully set forth in Defendants' Brief, *see* Defs.' Mem. at 10-13, Plaintiffs had agreed *in April* 2020 that each Plaintiff would "produce any and all documents

Plaintiffs' brief does not engage with Defendants' primary argument that the financial information sought in Document Requests 57-60 is relevant to Defendants' defense that Plaintiffs have not suffered any damages from CIR 112. Relevant evidence encompasses not only that which relates to Plaintiffs' claims, *but also* that which relates to Defendants' claims or defenses. Federal Rule of Civil Procedure 26(b)(1) provides that a party may "obtain discovery regarding any nonprivileged matter that is relevant to *any party's* claim or defense." *Sherrod v. Breitbart*, 304 F.R.D. 73, 75 (D.D.C. 2014) (Leon, J.) (quoting Fed. R. Civ. P. 26(b)(1)) (emphasis added). "Generally speaking, 'relevance' for discovery purposes is broadly construed," *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union, AFL-CIO-CLC*, 103 F.3d 1007, 1012 (D.C. Cir. 1997), and "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

   Plaintiffs' brief overlooks the half of the definition of relevance that relates to *Defendants'* claims or defenses. Instead, Plaintiffs assert that, by dropping their claim for economic damages, they have somehow rendered their financial information irrelevant. *See* Pls.' Mem. in Opp. to Defs.' Mot. to Compel (Dkt. No. 117) (hereinafter "Pls.' Opp."), at 13-14. That is not so. As Defendants' brief explains, documents showing Plaintiffs' financial information, such as documents relating to Plaintiffs' earned income, including wages and investments, *see* Levy Decl.

---

on which he is relying to support his claim of damages no later than 14 calendar days before the date of his deposition." Letter from J. Levy to A. Lewis (Apr. 16, 2020) (Dkt. No. 78-10), at 4. Plaintiffs repeatedly delayed their depositions and refused to produce damages documents before the 14-day time period. *See* Defs.' Mem. at 12-13. Then, all of a sudden on October 2, 2020, after months of having misled Defendants that Plaintiffs would be producing damages-related documents, Plaintiffs' counsel informed Defendants' counsel that Plaintiffs would not be producing any damages-related documents. *Id.* Defendants filed this motion to compel not long after, on October 27, 2020.

Ex. 5 (Dkt. No. 111-7), "are relevant to Defendants' defense that Plaintiffs suffered no harm—reputational, emotional, or otherwise—from the alleged defamatory statements." Defs.' Mem. of Law in Supp. of Defs.' Mot. to Compel Pls.' Production of Financial Records (Dkt. No. 111) (hereinafter "Defs. Mem.") at 21.

As articulated by a court in this district in another defamation suit also brought by public figures (and by one of the very same lawyers representing Plaintiffs in the instant case): "The absence of any loss of income might be used to cast doubt on the claim of loss of reputation or as probative of its extent." *Tavoulareas v. Piro*, 93 F.R.D. 11, 22 (D.D.C. 1981). Plaintiffs cannot sue for damages based on reputational harm and refuse to disclose financial information that disproves such harm. The documents requested will allow Defendants to test and rebut Plaintiffs' claims that the alleged publication of the allegedly false and defamatory statements harmed their reputations, or caused "the loss of or negative impact on relationships with people." Pls.' Opp. at 3. If Plaintiffs' financial situation improved following an alleged publication of CIR 112, or did not worsen, then that helps show the statements in CIR 112 did not harm Plaintiffs' reputations.

Plaintiffs are, as they describe themselves, "successful international businessmen with vast business interests." Pls.' Opp. at 18. Thus, Defendants are allowed to probe Plaintiffs' claims that that their reputations as businessmen were harmed, and that includes discovery of financial information showing that Plaintiffs' careers as businessmen have carried on unscathed following any alleged publication of CIR 112. That Plaintiffs' *brief* states they are no longer seeking damages for harm to "business reputation," Pls.' Opp. at 3, is of no moment because of the fact that Plaintiffs' discovery responses are silent on that point.

Documents pertaining to *Alfa*'s financial condition are likewise relevant to disproving Plaintiffs' damages claims, given the interchangeability Plaintiffs have promoted vis-a-vis their

businesses. By claiming CIR 112 statements that refer only to Alfa defamed *them* personally, Plaintiffs acknowledge they are so closely intertwined with their Alfa and LetterOne businesses that references to "Alfa" are also understood to refer to Plaintiffs. *See* Pls.' Supp. Resp. Interrog. No. 2, Dkt. No. 78-6. Only one of the statements Plaintiffs have brought suit over mentions Plaintiffs Fridman and Aven, and none mentions Plaintiff Khan. *Id.* They cannot be permitted to pursue compensation for alleged defamatory statements about Alfa, and in the same breath claim that financial information pertaining to Alfa and themselves, as owners of Alfa, is irrelevant to the lawsuit. Moreover, Plaintiffs' Amended Complaint claims injury to their "personal, professional, and institutional reputations," Am. Compl. ¶ 33, and Plaintiffs have not dropped these claims. Financial information pertaining to their business income and their businesses is relevant to those claims and should be produced.

Plaintiffs' efforts to distinguish the caselaw relied on by Defendants fail. *See* Defs.' Mem. at 21. Defendants in lawsuits are entitled to detailed information on the plaintiffs' claims for damages, as explained in both *Dickerson v. D.C.*, No. CV 09-2213 (PLF), 2019 WL 6910043, at *4 (D.D.C. Dec. 19, 2019) and *King v. E.F. Hutton & Co.*, 117 F.R.D 2, 5-6 (D.D.C. 1987). This includes discovery related to the plaintiffs' "theory behind each alleged loss," *King*, 117 F.R.D. at 6—and that scope of permitted discovery on damages does not change if the motion to compel addresses inadequate responses to document requests or inadequate answers to interrogatories. *See* Pls.' Opp. at 14 (claiming that those cases are distinguished because the motions to compel were with respect to interrogatories, not document requests). The scope of discovery permitted is not

determined by the mechanism for discovery—Rule 33 versus Rule 34—but rather by the principles

of relevance in Rule 26, which encompass evidence relevant to the claims or defenses of *any* party.[2]

### B. The Requested Financial Records Are Relevant to the Substantial Truth or Falsity of the Alleged Defamatory Statements.

The requested financial documents are also relevant to the substantial truth or falsity of the

statements in CIR 112 that Plaintiffs claim are false and defamatory. Truth "is a complete defense"

to defamation, *Olinger v. Am. Sav. & Loan Ass'n*, 409 F.2d 142, 144 (D.C. Cir. 1969), and the

Supreme Court has explained that "[t]he common law of libel . . . overlooks minor inaccuracies

and concentrates upon substantial truth," *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496,

516 (1991). In D.C., "[t]his defense may be established by demonstrating that the statements

in question are 'substantially true.'" *Benic v. Reuters Am., Inc.*, 357 F. Supp. 2d 216, 221 (D.D.C.

2004) (Leon, J.) (quoting *Lohrenz v. Donnelly*, 223 F. Supp. 2d 25, 59 (D.D.C. 2002)).

The level of inaccuracy in Plaintiffs' summary of the statements they allege are defamatory

is off the scale. *See* Pls.' Opp. at 15-16. As usual, Plaintiffs do not quote the actual text of CIR

112, because no amount of torture could make that text support their reading of CIR 112. *See* Pls.'

Opp. at 15-17. Under a straightforward reading of that text, the documents sought related to

financial information are relevant to the substantial truth or falsity of the alleged defamatory

statements.[3]

---

[2] Plaintiffs' cite to *Bourne v. Arruda*, *see* Pls.' Opp. at 13-14, a District of New Hampshire case which held that the plaintiff had to produce income tax returns because the plaintiff claimed "probable loss of work." Order, Case No. 10-cv-393-LM (Dkt. No. 93) (filed Apr. 2, 2012), at 9. The question whether those income tax returns were also relevant to the defendant's defense that the defamation plaintiff did not suffer damages in the amount claimed was never addressed in the Order, because the requested financial information was obviously relevant to the plaintiff's claims. Therefore the case does not support Plaintiffs' argument that by dropping their claim for special damages, they can avoid producing any financial information.

[3] For ease of reference, Defendants quote the statements Plaintiffs claim are false and defamatory here:

The alleged defamatory statements must be read as written, in the context of the whole document, not according to Plaintiffs' narrow and selective interpretation of the text. In a defamation suit, the meaning and scope of an allegedly defamatory publication is determined by a "reasonabl[e]" or "normal, everyday reading." *Tavoulareas v. Piro*, 817 F.2d 762, 780 (D.C. Cir 1987) (en banc); *see also* Restatement (Second) of Torts § 563 (1977). When a court reviews a publication as a whole, the "[c]ontext is critical" for evaluating its meaning. *Farah v. Esquire Magazine*, 736 F.3d 528, 535 (D.C. Cir. 2013). "Language is to be given its natural, plain, ordinary, obvious meaning and is to be construed in its popular sense." Sack on Defamation: Libel, Slander, and Related Problems § 2.4.2(A).

Contrary to Plaintiffs' arguments, which literally have no textual foundation, Pls.' Opp. at 15-16, there is *no* time limitation in any of the statements. Theirs is magical reading: Plaintiffs wish something was true and so claim it to be. The "favours in CIR 112" are also not specified; therefore, any indication of a favor done for the Kremlin or Putin, or for Plaintiffs, is probative of the substantial truth of the statements. The favors are *not* limited to "political favors" and "economic favors," as Plaintiffs try to contend in another wishful interpretation that seeks to adorn

---

- Plaintiffs claim that the line, "RUSSIA/US PRESIDENTIAL ELECTION: KREMLIN-ALPHA GROUP COOPERATION," is false and defamatory. Pls.' Suppl. Resp. to Interrog. No. 2 (Dkt. No. 78-6).
- Plaintiffs claim that this sentence in CIR 112 is false and defamatory: "Significant favours continued to be done in both directions, primarily political ones for PUTIN and business/legal ones for Alpha." *Id.*
- Plaintiffs claim that the following content of CIR 112 is false and defamatory: "during the 1990s [Oleg] GOVORUN had been Head of Government Relations at Alpha Group and in reality, the 'driver' and 'bag carrier' used by FRIDMAN and AVEN to deliver large amounts of illicit cash to the Russian president, at that time deputy Mayor of St Petersburg. Given that and the continuing sensitivity of the PUTIN-Alpha relationship, and need for plausible deniability, much of the contact between them was now indirect and entrusted to the relatively low profile GOVORUN." *Id.*

the actual text of CIR 112 with words it does not contain. Pls.' Opp. at 16.

Among other reasons, documents showing Plaintiffs' earned income are relevant to substantial truth because they may show receipt of income from – or expenditures to – either the Kremlin, Putin, or third parties tied to them, and thus support the "cooperation," "relationship," and/or favors between Plaintiffs/Alfa and Putin/the Kremlin. Likewise, tax returns are relevant to showing any tax benefits provided to Plaintiffs, *i.e.*, a favor. CIR 112 specifically mentions the use of an intermediary between Alfa and Putin—thus, financial records that show payments to someone who could be an intermediary to the Kremlin, or payments to anyone tied to the Kremlin, are relevant to the truth or falsity of the statement. Moreover, financial records that show any connections between Plaintiffs and/or Alfa, on the one hand, and the Kremlin or Russian government officials, on the other, are relevant to the truth or falsity of the statement of "Kremlin-Alpha Group Cooperation" in CIR 112. *See* Defs.' Mem. at 25-26.

Contrary to Plaintiffs' contention, *see* Pls.' Opp. at 17, the alleged defamatory statements do *not* merely consist of favors "between three individuals and government officials." *Id.* The statements Plaintiffs claim are defamatory describe "Kremlin-Alpha Group Cooperation" and the "significant favours" "done in both directions, primarily political ones for PUTIN and business/legal ones for Alpha." Pls. Supp. Resp. to Interrog. No. 2, Dkt. No. 78-6. Transactions between any Alfa entity and any government official or agency that benefit Alfa or the Plaintiffs, or that benefit a Kremlin official or Putin, are relevant to the substantial truth of the alleged defamatory statements. Therefore, tax returns and financial records of Plaintiffs and their businesses are necessary and relevant to Defendants' defense. Contrary to Plaintiffs' argument, *see* Pls.' Opp. at 18, the fact that "Plaintiffs may have done business with an individual or entity who once worked for or associated with the Russian government," *does* make Plaintiffs' financial

8

records relevant to the truth or falsity of the statement that Alfa cooperated with the Kremlin, *id.*, because relevance "'encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

Unable to rebut the relevance of these financial records, Plaintiffs fall back on their tired and recycled canard that Defendants are engaged in a fishing expedition, *see* Pls.' Opp. at 15, when Defendants are simply seeking basic financial records relevant to the substantial truth or falsity of the statements that *Plaintiffs* allege are defamatory. *Plaintiffs* filed this lawsuit. *Plaintiffs* are contesting the truth and defamatory nature of the broad statements in CIR 112. The statements that *Plaintiffs* allege are defamatory in CIR 112 are not time-limited. *See* Defs.' Mem. at 3-4 & Pls.' Suppl. Resp. to Interrog. No. 2, Dkt. No. 78-6. *Plaintiffs* are suing over the truth of statements that discuss *decades-long* ties between Plaintiffs, Alfa, the Kremlin, and Vladimir Putin. *Id.* Plaintiffs, *through this lawsuit*, put these claims and defenses of falsity and substantial truth, respectively, at issue. This litigation is costing Defendants considerable expense, and they have neither the desire nor the resources to engage in a fishing expedition. But they do insist on their right to defend themselves according to the Federal Rules of Civil Procedure and the well-settled laws and precedents in this country.

These alleged defamatory statements refer broadly to "significant favours" and "Kremlin-Alpha Group Cooperation"—terms that encompass, for instance, financial transactions, business transactions, approvals of business deals that provided economic benefits to one side or the other, tax benefits, providing useful information to one side or the other, lobbying government officials, protecting people from prosecution, and providing employment to a family member of a government official. *Plaintiffs* are the ones who chose to contest these broad statements.

Defendants are merely trying to defend themselves. Plaintiffs are billionaires who seem to be using this lawsuit to harass Defendants, under the vaguest imaginable damage claims, without having to abide by the requirements of federal court discovery. Defendants would prefer not to have to come before the Court at all, let alone three times, to compel basic party discovery from Plaintiffs, but Plaintiffs have left Defendants with no other choice.

**II.      Three Years into Their Lawsuit, Plaintiffs Have Still Failed to Provide the Factual Basis or Details of Their Alleged Damages.**

Plaintiffs filed this case more than three years ago. Although the case has been proceeding for over three years, and discovery began well over a year ago, Plaintiffs have yet to articulate the harm they claim to have suffered, the factual basis for such harm, or how they arrive at more than $75,000 in damages. It certainly is not "premature[]," as Plaintiffs contend, Pls.' Opp. at 7, for Plaintiffs to specify the damages they seek in a lawsuit they filed more than three years ago, with fact discovery set to close in a matter of months on March 15, 2021. By refusing to explain what harm they claim to have suffered, Plaintiffs seek to deny Defendants elemental due process.

**A.      Plaintiffs' Answer to Interrogatory No. 20 and Rule 26(a)(1)(A)(iii) Are Not Complete.**

Plaintiffs are required to specify their damages in two places: in their initial disclosures under Rule 26(a)(1)(A)(iii), which require "a computation of each category of damages claimed by the disclosing party," and in response to Defendants' Interrogatory No. 20, which specifically asks Plaintiffs to "identify separately and with specificity the complete nature of your injury, the amount of damage and how you calculate it, all facts relating to or supporting the allegation of injury, and all documents that refer or relate to, contain information concerning, or upon which you rely to show the damages you claim in this action" for "each element of damage" Plaintiffs' claim. *See* Levy Decl., Ex. 1 (Dkt. No. 111-3).

Plaintiffs' Answer to Interrogatory No. 20 does not respond meaningfully to the Interrogatory. Instead, Plaintiffs respond as follows:

> Plaintiffs' damages have not been computed at this time. Plaintiffs seek presumed damages and general damages for harm to their reputations and for emotional harm in amounts to be proven at trial, but more than $75,000, together with interest and the costs and disbursements of this action, plus reasonable attorneys' fees. Plaintiffs have suffered damage to their reputations, in that persons who read or saw the contents of CIR 112 were led to understand, incorrectly, that Plaintiffs had an inappropriate relationship with Putin, engaged in inappropriate and criminal activities such as bribery and extortion, and, based on the headline of CIR 112, were involved in some unspecified way in a Kremlin orchestrated campaign to interfere in the 2016 U.S. presidential election. This information affected how people viewed, regarded, and treated Plaintiffs. At trial, Plaintiffs will rely on testimony from themselves and/or third parties to show the wide dissemination of the defamatory statements, and how the defamatory statements damaged Plaintiffs' reputations, affected Plaintiffs in their personal relationships, and caused Plaintiffs emotional stress.

Levy Decl., Ex. 2, Pls.' Rev. Answer to Int. No. 20 (Dkt. No. 111-4) (footnote omitted) (In a footnote to their Answer, Plaintiffs identified two third parties who would provide testimony in support of their damages.)

Plaintiffs' revised Rule 26(a)(1)(A)(iii) disclosure also is not complete because it does not provide the required computation of each category of damages. It states:

> Plaintiffs' damages have not been computed at this time. Plaintiffs seek presumed damages and general damages for harm to their reputations and for emotional harm in amounts to be proven at trial, but more than $75,000, together with interest and the costs and disbursements of this action, plus reasonable attorneys' fees. At trial, Plaintiffs will rely on testimony from themselves and/or third parties to show the wide dissemination of the defamatory statements, and how the defamatory statements damaged Plaintiffs' reputations, affected Plaintiffs in their personal relationships and caused Plaintiffs emotional stress.

Levy Decl., Ex. 4, Pls.' Revised Initial Disclosures (Dkt. No. 111-6), at 11-12 (footnote omitted).

These incomplete responses and disclosures prejudice Defendants, particularly in light of the disparity between them and what has been alleged in Plaintiffs' Amended Complaint, which

seeks broader damages than what Plaintiffs now appear to be claiming in their revised interrogatories or revised initial disclosure. In their Amended Complaint, Plaintiffs claim that they "seek an award of compensatory and punitive damages for the harm to their personal and professional reputations, current business interests, and the impairment of business opportunities." Am. Compl. ¶ 10 (Dkt. No. 17). They allege "serious injury to their personal, professional, and institutional reputations." *Id.* ¶ 33.

Further, in their brief, Plaintiffs claim to be seeking damages "relating to their personal and philanthropic reputations," Pls.' Opp. at 15, but Plaintiffs make no mention of "philanthropic reputations" in their Amended Complaint, Answers to Interrogatories, or Rule 26(a)(1) disclosures. Defendants are entitled to clarity on Plaintiffs' damages through Plaintiffs' Rule 26(a)(1) disclosure and their under-oath Answer to Interrogatory No. 20, but Plaintiffs have refused to provide any details, factual support, or calculation for their damages.

Plaintiffs were required to have had a factual basis for their alleged damages at the time they filed suit and, thereafter, in their Amended Complaint. *See* Fed. R. Civ. P. 11. Defendants have "a right to understand in advance of trial the scope of [their] potential liability, and to know the factual support for the claims brought against [them]." *Dickerson v. D.C.*, 2019 WL 6910043, at *4. Furthermore, Rule 33(b)(3) requires Plaintiffs to answer "[e]ach interrogatory … fully in writing under oath." Plaintiffs have not answered Interrogatory No. 20 "fully," nor even meaningfully. They have not provided any, let alone all, "facts relating to or supporting the allegation of injury," as requested in the Interrogatory. Levy Decl., Ex. 1 (Dkt. No. 111-3). Instead they provide only "a generalized, non-exhaustive list of categories of damages and excuses for

failing to provide a complete response," which is not an adequate response to the interrogatory.[4] *Am. Prop. Const. Co. v. Sprenger Lang Found.*, 274 F.R.D. 1, 9 (D.D.C. 2011) (ordering the party to respond fully to the interrogatory on damages by identifying "with particularity all claimed damages, and correlat[ing] those damages with specific citations to any and all supporting materials."). The Court should order Plaintiffs to respond fully to Interrogatory No. 20 and to provide complete information, including a calculation of damages, in their Rule 26(a)(1)(A)(iii) disclosure.

Plaintiffs mischaracterize the "crux of Defendants' complaint" about Plaintiffs' Answer to Interrogatory No. 20 and their Rule 26(a)(1)(A)(iii) disclosure as concerning "the level of granularity in Plaintiffs' description of their damages." *See* Pls.' Opp. at 6. Rather, Defendants' concern is keystone: Plaintiffs do not disclose the factual basis of their claim for damages in their Answer to Interrogatory No. 20 or in their initial disclosure. Providing broad, unspecified categories of damages does not inform Defendants about what damages Plaintiffs suffered, if any. Plaintiffs must state *who* "read or saw the contents of CIR 112" and "were led to understand, incorrectly, that Plaintiffs had an inappropriate relationship with Putin," Levy Decl., Ex. 2 (Dkt. No. 111-4); and *how* that "affected how people viewed, regarded, and treated Plaintiffs." *Id.* These are black letter requirements, and Plaintiffs' refusal at this late stage of the case to fulfill them,

---

[4] Plaintiffs fail to distinguish *Am. Prop. Const. Co. v. Sprenger Lang Found.*, 274 F.R.D. 1, 9 (D.D.C. 2011). Plaintiffs' summary of the case is also incorrect. *See* Pls.' Opp. at 10. The court did not hold that the inadequate interrogatory response iself was an attempt to shift the burden, but instead held that the party's interrogatory response on damages was "patently inadequate," that the party "wisely [did] not attempt to justify the substance of their response," and that the party could not avoid its obligation to fully respond to the interrogatory by requiring the opposing party to carry the burden of determining damages from the documentary evidence produced. *Am. Prop. Const. Co.*, 274 F.R.D. at 9-10. The court held that an answer to interrogatory that listed only general categories of damages, like Plaintiffs' Answer here, was inadequate.

beyond broad, imprecise categories, raises serious questions about Plaintiffs' purpose for bringing this lawsuit.

Plaintiffs also claim that "it is not possible for Plaintiffs to provide what Defendants demand" because "Plaintiffs cannot predict the precise testimony that will be offered by non-party witnesses like Ed Rogers and Ambassador Richard Burt." Pls.' Opp. at 7. This argument is nonsense. Ed Rogers and Richard Burt have lobbied and worked on public relations for Plaintiffs in Washington for over 20 years, so while Plaintiffs cannot predict their "precise" testimony, they certainly have a good idea what it will be. Plaintiffs have listed Mr. Rogers and Amb. Burt as *their* witnesses who can provide testimony about their damages claims, but have not provided *any* facts supporting these supposed damages. It is certainly "possible" to provide those facts. "A defendant is entitled to specific and detailed information as to the amount of damages allegedly sustained by a plaintiff as a result of the defendant's purported behavior, how those amounts were determined, how the loss was attributable to the defendant, and the dates applicable to each purported loss." *Nat'l Cmty. Reinvestment Coal. v. NovaStar Fin., Inc.*, No. CV 07-861 (RCL), 2009 WL 10719757, at *2 (D.D.C. July 13, 2009).[5] Plaintiffs have not provided "that specific and detailed information" about damages that Defendants requested. If Plaintiffs do not have any reasonable

---

[5] Plaintiffs' strained effort to distinguish this case fails. *See* Pls.' Opp. at 10. Plaintiffs claim that the *National Community* case is different because the plaintiff claimed $445,000 in damages, whereas "Plaintiffs herein have made no such 'calculation' and have verified that they will claim presumed and general damages." *Id.* But that is incorrect. Plaintiffs here *have* claimed an amount—"more than $75,000"— in damages, *see* Levy Decl., Ex. 2 (Dkt. No. 111-4), and are required to provide facts supporting that amount. Moreover, the court in *National Community Reinvestment Coalition* required that plaintiffs disclose "specific and detailed information as to the amount of damages" not because the plaintiff in that case had claimed a specific amount of damages, but because under Rule 11, "a plaintiff must have some factual basis for concluding that it has a claim for damages" and because Rule 33 requires that interrogatories be answered fully. 2009 WL 10719757, at *2 (internal quotation marks and citation omitted).

idea what Amb. Burt and Mr. Rogers will likely say, they should not burden the court and Defendants with such an ill-founded lawsuit.

Second, defamation damages are personal. Plaintiffs shoulder the entire burden of proving damages to themselves, and the facts supporting their claims of damages are entirely within their control. If Plaintiffs are suggesting that their evidence of damages is solely within the knowledge of third parties whom they do not control, then Plaintiffs have not suffered any harm. Defendants have not asked Plaintiffs to "predict the precise testimony" of third parties, Pls.' Opp. at 7; Defendants have merely asked Plaintiffs to provide the facts supporting Plaintiffs' own claims of damages, including the facts Ed Rogers and Richard Burt will provide concerning Plaintiffs' damages. Plaintiffs have the burden of proving damages and, to comply with Rule 11 of the Federal Rules of Civil Procedure, they should have been aware of the factual support for their claimed damages when they filed suit more than three years ago. More than three years into their lawsuit, they should be able to specify how they suffered harm. Their continued refusal to do so prejudices Defendants.

It is neither proper nor sufficient to shift the burden of determining damages to Defendants by requiring Defendants to elicit the factual basis of Plaintiffs' damages through depositions. *See* Pls.' Opp. at 1, 8. Depositions do not replace Answers to Interrogatories; both are obligations Plaintiffs must fulfill. *See Am. Prop. Const. Co. v. Sprenger Lang Found.*, 274 F.R.D. at 9–10 (holding that the party claiming damages has the "burden to specifically identify, itemize, and document its claimed damages" in response to interrogatories, and could not "shift the burden to [the requesting party] to weed through" documents to determining what damages were being claimed" (internal quotation marks omitted)). Moreover, a party is required to "supplement or correct" its answers to interrogatories "in a timely manner," and that duty does not disappear just

because depositions take place. Fed. R. Civ. P. 26(e). The duty to supplement or correct imposed by Rule 26(e) demonstrates that depositions do not simply substitute for answers to interrogatories.

One purpose of Defendants' interrogatories is to solidify Plaintiffs' damages, to understand the potential liability Defendants face, and to identify what precise harm Plaintiffs claim as the basis for this lawsuit.

### B.  Plaintiffs Have Claimed an Amount of Damages and Must Specify How They Calculated That Amount.

Plaintiffs incorrectly claim that they do not need to specify a calculation of their alleged reputational and emotional distress damages. *See* Pls.' Opp. at 8. However, Rule 26(a)(1)(A)(iii) requires that calculation.

The cases on which Plaintiffs rely, *see* Pls.' Opp. at 8-11, are inapposite, because unlike in those cases, Plaintiffs *have* specified they are seeking "more than $75,000" in reputational and emotional distress damages. *See* Levy Decl., Ex. 4, Pls.' Revised Initial Disclosures (Dkt. No. 111-6), at 11-12. Therefore, they are required to explain how they arrived at that number.

Moreover, unlike in *Johnson v. J. Walter Thompson U.S.A., LLC*, 2017 U.S. Dist. LEXIS 176815, *1-2 (S.D.N.Y. Oct. 25, 2017), *see* Pls.' Opp. at 8, Plaintiffs have not disclaimed offering to the jury a specific amount of damages. In *Johnson*, the plaintiff disclaimed any intention of suggesting a specific dollar amount or range for noneconomic damages to the jury, and thus was not required to provide a calculation of damages. Order, *Johnson v. J. Walter Thompson U.S.A., LLC*, Case No. 16-cv-1807 (JPO) (JCF) (S.D.N.Y. Oct. 25, 2017), at 1-2. Likewise, in *EEOC v. GMC*, the Court barred the plaintiff from offering the jury a specific amount of compensatory damages because the plaintiff had not satisfied its obligations under Rule 26 to provide a calculation of its damages claim. Opinion & Order, *EEOC v. GMC*, Case No. 3:06-cv-19 (D. Miss. Apr. 1, 2009), at 6. Here, Plaintiffs have claimed that the damages are more than $75,000 and have

not disclaimed suggesting a specific dollar amount to the jury. Therefore they must provide a computation of their damages. The language relied on by Defendants from *Dickerson v. D.C.*, 2019 WL 6910043, *see* Pls.' Opp. at 9, is not on point: that case was based on federal question jurisdiction and therefore the plaintiff did not have to meet an amount-in-controversy requirement.

The other cases Plaintiffs cite to defend their meritless argument that they do not have to specify the calculation of their damages, *see* Pls.' Opp. at 9, are similarly unavailing. In those cases, the court's analysis addresses whether sanctions are warranted when a party violates their obligation to disclose a damages calculation. The entire basis of those cases is that the failure to provide the required calculation *is* a violation of a party's Rule 26(a)(1) duties. The issue was not whether the rule had been broken, but what the sanction for breaking it should be. For example, in *Scheel v. Harris*, No. CIV.A. 3:11-17-DCR, 2012 WL 3879279, at *4 (E.D. Ky. Sept. 6, 2012), the court held that a plaintiff's Rule 26(a)(1)(A)(iii) disclosure that merely stated a total amount of compensatory damages sought, "accompanied by no explanation of how such a figure was calculated," did not "suffice[ ] to fulfill the obligation imposed by Rule 26(a)(1)(A)(iii)." *Id.* There was no question in that case that the plaintiff had not complied with Rule 26 by failing to provide the required calculation – the issue was whether sanctions were warranted. *Id.* Several of the other cases relied on by Plaintiffs similarly deal with the issue of whether sanctions under Fed. R. Civ. P. 37(c) are warranted for a party's failure to adequately disclose damages as required under Rule 26(a)(1)(A)(iii). *See Graham v. Mohegan Sun at Pocono Downs*, No. 3:14-CV-00908, 2017 WL 11140347, at *1 (M.D. Pa. July 25, 2017) (analyzing whether sanctions were warranted under Rule 37(c) for failure to comply with Rule 26(a)(1)'s disclosure requirements for damages); *Cramton v. Grabbagreen Franchising LLC*, No. CV-17-04663-PHX-DWL, 2020 WL 5880153, at *7 (D. Ariz. Oct. 2, 2020) (commenting on whether, in the Ninth Circuit, a failure to comply with

disclosure requirements warrants sanctions). The case law is unambiguous: Plaintiffs must specify how they calculate their "more than $75,000" in damages.

### C. Statements from Plaintiffs' Counsel Do Not Fulfill Plaintiffs' Obligations under Rules 26 and 34 of the Federal Rules of Civil Procedure.

Plaintiffs' counsel, through an email, recently provided additional information about Plaintiffs' damages claims, *see* Levy Decl., Ex. 15, Email from A. Lewis to J. Levy (Oct. 20, 2020) (Dkt. No. 111-17), but Plaintiffs refused to add this information to their Answers to Interrogatories or their Rule 26(a)(1) disclosure. *See* Defs.' Mem. at 8-9. Plaintiffs may not rely on emails from counsel to argue that *Plaintiffs* have provided complete discovery responses. Representations from counsel are not the same as verified answers to interrogatories. "Interrogatories serve many purposes including 'information gathering,' and 'requir[ing] one's opponent to state its position on an issue in controversy in writing and under oath.'" *Dickerson v. D.C.*, 2019 WL 6910043, at *4 (quoting *Covad Commc'ns Co. v. Revonet, Inc.*, 258 F.R.D. 17, 20 (D.D.C. 2009)). Plaintiffs' counsel's emails do not serve this under-oath information-gathering purpose. Nor do they serve the purpose of "requir[ing] one's opponent to state its position on an issue in controversy in writing and under oath.*" Covad Commc'ns Co. v. Revonet, Inc.*, 258 F.R.D. at 20 (ordering plaintiff to answer the interrogatories "fully" because the defendant "has the right to hear from [the plaintiff] what information [the plaintiff] intends to use to support its claims).

Plaintiffs repeatedly muddle their arguments in their brief by referring to mere representations by their counsel as if those make up for Plaintiffs' incomplete Answer to Interrogatory No. 20 or Rule 26(a)(1)(A)(iii) disclosure. For instance, Plaintiffs write in their brief: "Plaintiffs have stated that they will not be seeking special damages" and cite to Exhibit 11. *See* Pls.' Opp. at 8. However, Exhibit 11 is an email from Plaintiffs' counsel saying that Plaintiffs are not seeking special damages. If Plaintiffs are no longer seeking special damages, then they need

to include that in their Answer to Interrogatory No. 20, which is verified by Plaintiffs. Statements by their counsel in an email do not bear the same weight as Plaintiffs' writing under oath.

Likewise, Plaintiffs claim that "Plaintiffs informed Defendants" about what damages "testimony would reveal," Pls.' Opp. at 3, and that "Plaintiffs went further, explaining generally what such testimony would indicate," Pls.' Opp. at 7, but what Plaintiffs refer to is the email from *Plaintiffs' counsel* describing Plaintiffs' damages. That is information that Plaintiffs have refused to verify and include in their Answer to Interrogatories. Again, mere statements from Plaintiffs' counsel are not discovery responses. They do not fulfill Plaintiffs' obligations under the Federal Rules of Civil Procedure.

### D. Plaintiffs' Counsel Violated Rule 26(g) by Falsely Certifying That Plaintiffs' Answers to Interrogatories and Rule 26(a)(1) Disclosures Are Complete and Correct.

What these emails from counsel do suggest is that Plaintiffs' counsel had additional information about damages and knew, when signing Plaintiffs' Answers to Interrogatories and Rule 26(a)(1) disclosures, that those discovery responses were not complete and correct, and thus violated the certification requirements of Rule 26(g).

"Rule 26(g) reinforces the various discovery obligations in Rules 26–37 through its certification requirement." *Johnson v. BAE Sys., Inc.*, 307 F.R.D. 220, 224 (D.D.C. 2013).[6] Rule 26(g) requires an attorney to sign discovery responses. *Id.* "[T]he signature certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand." Fed. R. Civ. P. 26(g), Advisory Committee Note, 1983 Amendment. In other words, "[a]n attorney or party has a duty,

---

[6] Plaintiffs' Opposition Brief provides the wrong citation to *Johnson v. BAE Sys., Inc.*, citing incorrectly to a withdrawn version of the opinion.

per Rule 26(g), to perform a reasonable inquiry to determine whether a discovery response is complete and accurate." *Johnson v. BAE Sys., Inc.*, 307 F.R.D. at 224. The record documents that Plaintiffs' counsel did not do so.

The emails from Plaintiffs' counsel about damages show that Plaintiffs' counsel was aware when he signed the discovery responses that the Rule 26(a)(1) disclosure was not "complete and correct," Fed. R. Civ. P. 26(g)(1)(A), and that the Answer to Interrogatory No. 20 was incomplete, and yet nevertheless served it "for [an] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," in violation of Rule 26(g) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(g)(1)(B)(ii). Where a certification violates this Rule, the Court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3).

Plaintiffs' counsel does not explain why he will only provide additional information in an email and not have Plaintiffs provide this information under oath. If the information is not true, then obviously, it should not be included in Plaintiffs' discovery responses. But if we assume that Plaintiffs' counsel has provided truthful information in his email, at this point the issue is not—as Plaintiffs claim—whether "Plaintiffs had to match the level of disclosure provided in the email, in the formal, written disclosures," Pls.' Opp. at 12, but rather whether Plaintiffs' counsel has certified Plaintiffs' Answers to Interrogatories and Rule 26(a)(1) disclosures as being "complete and correct," Fed. R. Civ. P. 26(g)(1)(A), and "not interposed for any improper purpose," *id.* 26(g)(1)(B)(ii), when in fact, Plaintiffs' counsel knew they were not so.

The email contains additional information, demonstrating that Plaintiffs' counsel signed the Answers to Interrogatories knowing they were incomplete, and thus were being propounded for an improper purpose. For example, Plaintiffs' Answer to Interrogatory No. 20 and Rule

26(a)(1)(A)(iii) disclosure do not mention the following information, all of which *only* appears in an email from Plaintiffs' counsel: that Plaintitffs allege damages "in connection with their philanthropic activities;" that a "close friend of Mr. Aven told him that he could no longer see or speak to Mr. Aven publicly because of the damage it might do, reputationally, to be linked or associated with Mr. Aven and the allegations in CIR 112;" that "[p]eople that read or heard about the defamatory statements, including personal friends and acquaintances of the Plaintiffs, contacted Plaintiffs and asked about the facts alleged, questioned Plaintiffs' integrity and reputations, and/or expressed concern about how their own reputations would suffer based on their association with Plaintiffs;" that some "personal friends, contacts, or acquaintances of Plaintiffs no longer communicated or met with Plaintiffs after seeing or hearing about the defamatory statements;" and that Plaintiffs suffered "significant humiliation, embarrassment." Levy Decl., Ex. 15, Email from A. Lewis to J. Levy (Oct. 20, 2020) (Dkt. No. 111-17). None of this information appears in Plaintiffs' signed Answers to Interrogatories or Rule 26 disclosures. The email demonstrates that Plaintiffs' counsel has additional information about damages and has knowingly served incomplete Answers to Interrogatories and Rule 26(a)(1)(A)(iii) disclosure without substantial justification or amendment, in violation of Fed. R. Civ. P. 26(g).

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to compel and order Plaintiffs to produce all documents responsive to Document Requests Nos. 57-60; supplement their Answer to Interrogatory No. 20 to answer fully; and supplement their initial disclosures to specify a calculation of damages as required, and to provide Defendants with whatever other relief the Court finds appropriate under Federal Rules of Civil Procedure 26(g) and 37.

Dated:  December 8, 2020

By:_____*/s/* Joshua A. Levy_____

Joshua A. Levy (D.C. Bar No. 475108)
Rachel M. Clattenburg (D.C. Bar No. 1018164)
LEVY FIRESTONE MUSE LLP
1401 K St. NW, Suite 600
Washington, DC 20005
Tel: (202) 845-3215
Fax: (202) 595-8253
jal@levyfirestone.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2020, I served the foregoing Reply Memorandum on all counsel of record via CM/ECF.


_/s/_ Joshua A. Levy
Joshua A. Levy