UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN, <br><br>*Plaintiffs,*<br><br> v. <br><br>BEAN LLC (a/k/a FUSION GPS) and GLENN SIMPSON, <br><br>*Defendants.* | Case No. 1:17-cv-02041 (RJL) |

### NOTICE OF NON-PARTY IGOR DANCHENKO'S UNEXCUSED FAILURE TO FILE TIMELY OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Plaintiffs submit this Notice to apprise the Court of the unexcused nature of Non-Party Igor Danchenko's failure to oppose Plaintiffs' October 23, 2020 Motion to Compel ("Motion to Compel") (Dkt. 109). While Plaintiffs had discussed with Mr. Danchenko's counsel an extension of Mr. Danchenko's deadline to oppose the Motion to Compel, for the reasons set forth in detail in the accompanying Declaration of Alan S. Lewis in Support of Proposed Order on Conceded Motion to Compel Non-Party Igor Danchenko to Produce Documents and Appear for a Deposition, Mr. Danchenko's failure to file an opposition is both unexcused and without Plaintiffs' consent. Accordingly, Plaintiffs request that the Court treat Plaintiffs' Motion to Compel "as conceded" under Local Rule 7, and proffer an amended Proposed Order granting Plaintiffs the relief requested.

Dated: New York, New York
December 8, 2020

Respectfully submitted,

*/s/ Alan S. Lewis*
Alan S. Lewis (#NY0252)
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel: (212) 732-3200
Fax: (212) 732-3232
lewis@clm.com

-and-

Kim Sperduto (DC Bar No. 416127)
SPERDUTO THOMPSON & GASSLER PLC
1747 Pennsylvania Avenue, NW, Suite 1250
Washington, DC 20006
Tel:  (202) 408-8900
Fax:  (202) 408-8910
ksperduto@stglawdc.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 8th day of December 2020, I electronically filed and served the foregoing Notice, as well as the accompanying Declaration of Alan S. Lewis and Proposed Order, using the CM/ECF system.  I further certify that on this 8th day of December 2020, I caused a copy of the same to be served on counsel for non-party Igor Danchenko via Certified Mail and e-mail at the following addresses:

Mark Schamel
Lowenstein Sandler
2200 Pennsylvania Avenue, N.W.
Washington, DC 20037
mschamel@lowenstein.com

_____
Alan S. Lewis

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

MIKHAIL FRIDMAN, PETR AVEN, and
GERMAN KHAN,

        *Plaintiffs,*

    v.

BEAN LLC (a/k/a FUSION GPS) and GLENN SIMPSON,

        *Defendants.*

Case No. 1:17-cv-02041 (RJL)

---

### DECLARATION OF ALAN S. LEWIS
### IN SUPPORT OF PROPOSED ORDER ON CONCEDED
### MOTION TO COMPEL NON-PARTY IGOR DANCHENKO
### TO PRODUCE DOCUMENTS AND APPEAR FOR A DEPOSITION

I, Alan S. Lewis, declare under penalty of perjury as follows:

1. I represent the Plaintiffs and am duly licensed to practice law in this Court.

2. I make this Declaration in support of Plaintiffs' Proposed Order granting, *as conceded*, Plaintiffs' motion to compel non-party Igor Danchenko ("Danchenko") to produce documents and appear for a deposition pursuant to subpoenas (the "Motion to Compel"). In particular, this Declaration documents service of the Motion to Compel on Danchenko on October 23, 2020, through counsel.

3. The subpoenas for documents and testimony that are the bases of the Motion to Compel were personally served on Danchenko on August 19, 2020. *See* Dkt. 109-2 at ¶4.

4. Throughout the period between that date and the filing of the Motion to Compel—more than nine weeks later—Danchenko was represented by Mark Schamel, Esq., then a partner in the D.C. office of Womble Bond Dickinson (US) LLP. In my dozens of

communications with Mr. Schamel during that period, Mr. Schamel communicated that he represented Danchenko with respect to the subpoenas.

5. For example, on September 3, I emailed Mr. Schamel, indicating that I was "following up on the subpoena with which Mr. Danchenko was served last month." Mr. Schamel responded that day that he was "[h]appy to set up a call to discuss," also noting that he had "reviewed" the subpoenas.

6. A series of phone calls and emails ensued during which Mr. Schamel and I endeavored but failed to agree on Danchenko's subpoena compliance. Accordingly, on October 19, 2020, I told Mr. Schamel that Plaintiffs would file the Motion to Compel and on the following day, he and I had a telephonic Rule 7(m) conference on that subject. On October 23, Plaintiffs filed the Motion to Compel, contemporaneously emailing the filed motion to Mr. Schamel. Plaintiffs also mailed a copy of the Motion to Compel to Mr. Schamel via the United States Postal Service certified mail. The following day, Mr. Schamel communicated his receipt of that motion. Based on the October 23 filing and service date, any opposition to the Motion to Compel was due on November 9 at the latest. *See* Local Civil Rule 5.4(d), 7(b); Fed. R. Civ. P. 5(b), 6(d).

7. Mr. Schamel then requested Plaintiffs' consent to a two-week extension, under which Danchenko's opposition would be due on November 20. In making this request, Mr. Schamel explained that he was soon leaving the Womble firm to join Lowenstein Sandler LLP, and wanted to respond to the motion from Lowenstein. Plaintiffs consented.

8. Thus, and consistent with that understanding, on November 9, Mr. Schamel emailed me that he "understood from our discussions that you would be fine with the extension" and that he would "file on Friday [i.e., November 13] a consent motion to extend until the 20th." He also stated, "[m]y last day at Womble is this week. I will be at Lowenstein starting

next Monday.  As we discussed, I will file [for Danchenko] my motion [opposition] once I have settled in over there and *certainly no later than 11/20*." (emphasis added).

9.     On November 13, after Mr. Schamel had joined Lowenstein, I emailed his Lowenstein email address, asking when he would file the consent motion to extend.  He did not respond.

10.    On November 16, I again emailed Mr. Schamel at his Lowenstein address, asking him about his filing of the consent motion to extend until November 20.  He did not respond.

11.    November 20 came and went without any filing by or on behalf of Danchenko or other communication from Mr. Schamel.

12.    On November 24, Mr. Schamel sent me an email in which he conveyed that after he got "conflicts approved and the matter opened" at Lowenstein he would send me "a note to accept service formally and get a motion [opposition] filed."  He never did.

13.    Attached as **Exhibit A** is my most recent communication to Mr. Schamel, a November 30 email in which I asked that he either confirm by December 1 whether he would respond to the Motion to Compel by December 4, or advise if he was abandoning his representation of Danchenko.  Mr. Shamel did not respond to my email.

14.    Thus, as of today, still more than a week later, Danchenko has neither responded to the Motion to Compel nor requested an extension of time.  As documented above, Mr. Schamel's conduct and representations, while a partner at the Womble firm, plainly conveyed his October 23, 2020 acceptance of the Motion to Compel and agreement for Danchenko to a due date of November 20 to respond.  Mr. Schamel's joining of the Lowenstein firm thereafter does not alter the nature of his previous communications for Danchenko, by which he clearly conveyed acceptance of the Motion to Compel and his explicit agreement to file any opposition "not later than 11/20."

15. Local Civil Rule 7(b) states that:

Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. *If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.* (emphasis added).

16. As documented above, well more than 14 days have elapsed since service of the Motion to Compel without the filing of any opposition, permitting the court to "treat the motion as conceded."[1]  Accordingly, Plaintiffs respectfully request that the Court sign the Proposed Order, granting the Motion to Compel as conceded.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 8, 2020

*[signature]*
_____
Alan S. Lewis

---

[1] Defendants previously conveyed that they have no position on Plaintiffs' Motion to Compel. Dkt. 109.

# EXHIBIT A

# McDonough, Theodore Y.

| | |
|---|---|
| **From:** | Lewis, Alan S. |
| **Sent:** | Monday, November 30, 2020 3:43 PM |
| **To:** | Schamel, Mark |
| **Cc:** | Dunn, Matthew D.; McDonough, Theodore Y. |
| **Subject:** | FRIDMAN et al v. BEAN LLC et al/ Motion to Compel Danchenko |

Mark,

While I genuinely appreciate that transitioning between firms can present its hiccups, the current status of Mr. Danchenko's response, or lack of response, to our October 23, 2020 motion to compel is simply not acceptable.

Accepting that the evolving nature of your positions taken for Mr. Danchenko derive from personal challenges related to your move between law firms, it is nevertheless the case that the representations made to us, upon which we relied, have not been honored.

Specifically, a while ago, you represented that you would file papers for Mr. Danchenko in opposition to our motion to compel by no later than November 20.

You made this representation on the telephone, and in emails, such as this one. (my bolding in your email below)

**From:** Schamel, Mark <Mark.Schamel@wbd-us.com>
**Sent:** Monday, November 9, 2020 11:43 AM
**To:** Lewis, Alan S. <Lewis@clm.com>
**Subject:** RE: FRIDMAN et al v. BEAN LLC et al/ Motion to Compel Danchenko

Alan
My last day at Womble is this week. I will be at Lowenstein starting next Monday. As we discussed**, I will file my motion once I have settled in over there and certainly no later than 11/20**. Let me know if you want to discuss in the interim. My new email will be MSchamel@lowenstein.com.


By telling me that you would respond for Mr. Danchenko to our motion to compel "not later than 11/20" you implicitly accepted service of the motion for him.

But weeks later, you not only haven't responded to the motion, haven't filed a notice of appearance, but, inconsistently with your prior representations, have even taken the position that you have not yet accepted service of the motion for Mr. Danchenko and are not yet even retained:

**From:** Schamel, Mark <MSchamel@lowenstein.com>
**Sent:** Tuesday, November 24, 2020 6:13 PM
**To:** Lewis, Alan S. <Lewis@clm.com>
**Subject:** RE: FRIDMAN et al v. BEAN LLC et al/ Motion to Compel Danchenko

Alan
Unfortunately, I am **not yet retained on this.** The process has taken far longer than I would like, given that it was not a super smooth transition from my old firm. I am working on opening new matters for all my clients from my old firm and

had hoped to have that done last week.  My assistant and paralegal are coming, but right now they are still back at Womble and it has been nutty.  Forgot what a hassle moving was after all these years (10) and pandemic has not helped.  I am working on getting these all done this week finally because other work has slowed down.
**As soon as I get the conflicts approved and the matter opened, I will send you a note to accept service formally and get a motion filed.**
Mark


Respectully, our patience is exhausted.  Please either confirm by tomorrow, December 1, that you:
(a) are representing Mr. Danchenko, accept service of the motion and agree to respond to the motion to compel by the end of next week: or
(b) let us know that you will not be representing Mr. Danchenko, and we will then proceed accordingly, including the making of a motion to hold Mr. Danchenko in contempt, should that be necessary.



Alan



Alan S. Lewis, Esq.

**Carter Ledyard & Milburn LLP**
2 Wall Street | New York, NY  10005
Direct 212.238.8647 | Fax 212.732.3232
lewis@clm.com | www.clm.com

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN, <br><br> *Plaintiffs,* <br><br> v. <br><br> BEAN LLC (a/k/a FUSION GPS) and GLENN SIMPSON, <br><br> *Defendants*. | Case No. 1:17-cv-02041 (RJL) |

**PROPOSED ORDER**

WHEREAS, on October 23, 2020, Plaintiffs filed and served[1] a Motion to Compel non-party Igor Danchenko to produce documents and appear for a deposition pursuant to subpoenas served on him (Dkt. 109) (the "Motion"); and

WHEREAS, no opposition to Plaintiffs' Motion has been filed, let alone timely filed; and

WHEREAS, Rule 7(b) of the Rules of the U.S. District Court for the District of Columbia permits the Court to treat a motion as conceded if no memorandum of points and authorities in opposition to the motion is filed and served within 14 days of the date of service of the motion.

NOW THEREFORE, upon consideration of Plaintiffs' Motion, the Court ORDERS that:

The Motion is GRANTED; and

Mr. Danchenko is ORDERED to produce documents responsive to the subpoena within fourteen (14) days of this Order and to appear at a deposition on a mutually agreeable date within twenty-eight (28) days of this Order.

_____<br>
Richard J. Leon<br>
Senior United States District Judge

---

[1] *See generally* Declaration of Alan S. Lewis, dated December 8, 2020.