UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MIKHAIL FRIDAM, GERMAN KHAN, PETR AVEN, | ) ) ) ) | |
| *Plaintiffs*, | ) ) ) | |
| v. | ) ) ) | No. 1:17-cv-2041-RJL |
| BEAN LLC, *et al.*, | ) ) ) | |
| *Defendants*. | ) ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
NON-PARTY IGOR DANCHENKO'S MOTION TO STRIKE PLAINTIFFS'
IMPROPER NOTICE OF FAILURE TO FILE TIMELY RESPONSE,
AND TO HOLD PLAINTIFFS' MOTION TO COMPEL IN ABEYANCE
PENDING SERVICE ON NON-PARTY IGOR DANCHENKO**

Non-party Igor Danchenko ("Mr. Danchenko"), through counsel and pursuant to Local Civ. R. 7(a), submits this Memorandum of Points and Authorities in support of his motion to (1) strike Plaintiffs' improper Notice of Non-party Igor Danchenko's Failure to File Timely Response, ECF No. 119; and (2) hold Plaintiffs' Motion to Compel, ECF No. 109, in abeyance until it has been served on Mr. Danchenko as required by Fed. R. Civ. P. 5(b)(2) and Local Civ. R. 5.4(d)(1) ("Motion to Strike and Hold in Abeyance").  Plaintiffs have not served Mr. Danchenko with their pending Motion to Compel.  Accordingly, Mr. Danchenko's fourteen-day period of time to respond to the Motion to Compel has not started running.  *See* Local Civ. R. 7(b).

   1. *Argument*

Plaintiffs filed the Motion to Compel on October 23, 2020, but never properly served it. Plaintiffs' certificate of service states that they attempted to serve Mr. Danchenko by two means: (1) "using the CM/ECF system"; and (2) causing a copy "to be served on counsel for non-party

Igor Danchenko . . . ." Mot. to Compel at 3. Neither method was permissible. First, Mr. Danchenko was not (and still is not) registered with the Court's electronic filing system so he could not be served by electronic filing pursuant to Fed. R. Civ. P. 5(b)(2)(E). *See* Local Civ. R. 5.4(d)(1) (permitting service on pro se *parties* who have CM/ECF accounts).

Second, service on a person's attorney is only effective if that person is a *party* to the action. *See* Fed. R. Civ. P. 5(b)(1) (emphasis added) ("If a *party* is represented by an attorney, service under this rule must be made on the attorney . . . ."). Rule 5(b)(1) "is inapplicable to [non-parties], because the rule expressly applies only to parties." *Lehman v. Kornblau*, 206 F.R.D. 345, 347 (E.D.N.Y. 2001) (discussing service of a subpoena); *see also Inland Waters Pollution Control, Inc. v. Jigawon, Inc.*, No. 05-cv-74785, 2008 WL 11357838, at *2 (E.D. Mich. Feb. 21, 2008) ("Fisher is not a party. Rule 5 does not apply . . . ."). Although the case law concerning service of motions on non-parties is limited, the plain language of Rule 5 is clear. Furthermore, the federal rules of procedure routinely impose a different and heightened standard for serving papers on non-parties. *See, e.g.*, *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985) (discussing Fed. R. App. P. 25) ("[A] party may be served through his attorney, Fed. R. Civ. P. 5(b), but nonparties must be personally served."); *cf.* Fed. R. Civ. P. 45(b)(1) ("Serving a subpoena requires delivering a copy to the named person . . . ."). Because Mr. Danchenko is not a party, Rule 5(b)(1) does not authorize service of papers on him through counsel. Instead, service must be made pursuant to Rule 5(b)(2).[1]

---

[1] Emailing the Motion to Mark E. Schamel does not satisfy Rule 5(b)(2)(F) because neither Mr. Schamel nor Mr. Danchenko consented in writing to accept service in that manner. Notably, Plaintiffs' counsel recognizes that Mr. Schamel "never did" formally accept service of the Motion. Decl. of A. Lewis in Support of Proposed Order ("Lewis Decl.") at 3 ¶ 12, ECF No. 119-1. Indeed, Plaintiffs' counsel asked Mr. Schamel on November 30, 2020, whether Mr. Schamel would "accept service of the motion" or whether he is "not be representing Mr. Danchenko." Lewis

### *2. Mr. Danchenko Hereby Conditionally Consents to Accept Service of the Motion.*

Notwithstanding Plaintiffs' improper and ineffective attempt to serve Mr. Danchenko, Mr. Danchenko is willing to voluntarily accept service of Plaintiffs' Motion to Compel, pursuant to Fed. R. Civ. P. 5(b)(2)(F), should the Court grant his Motion to Strike and Hold in Abeyance. In that case, Mr. Danchenko would have fourteen days from the date of the Court's order to file a response to Plaintiffs Motion to Compel. *See* Fed. R. Civ. P. 6(a); Local Civ. R. 7(b). Notwithstanding Mr. Danchenko's conditional consent to accept service of the pending Motion to Compel, he reserves all rights to be properly served with all future filings pursuant to Fed. R. Civ. P. 5(b)(2)(A)-(E).

Date:   January 8, 2021                                            Respectfully submitted,

*/s/ Mark E. Schamel*
Mark E. Schamel
Lowenstein Sandler LLP
2200 Pennsylvania Ave. NW
Washington, DC 20037
Tel: (202) 753-3805
Fax: (202) 753-3838
mschamel@lowenstein.com

*/s/ Christopher M. Schafbuch*
Christopher M. Schafbuch
Lowenstein Sandler LLP
1251 Avenue of the Americas
17th Floor
New York, NY 10020
Tel: (212) 419-5879
Fax: (973) 597-2400
cschafbuch@lowenstein.com

---

Decl., Ex. A, ECF No. 119-2.  Plaintiffs acknowledge that "Mr. Schamel did not respond to [that] email." Lewis Decl. at 3 ¶ 13.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2021, I caused a copy of the foregoing to be sent via the Court's CM/ECF system to all counsel of record who have entered an appearance in this case.

                                                 */s/ Mark E. Schamel*
                                                 Mark E. Schamel