UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

MIKHAIL FRIDMAN, PETR AVEN, and )
GERMAN KHAN, )
                                )
                 *Plaintiffs,* )
                                )    Case No. 1:17-cv-02041 (RJL)
         v. )
                                )
BEAN LLC (a/k/a FUSION GPS) and GLENN )
SIMPSON, )
               *Defendants.* )

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
NON-PARTY IGOR DANCHENKO'S MOTION TO STRIKE PLAINTIFFS'
NOTICE OF FAILURE TO FILE TIMELY RESPONSE AND TO HOLD
PLAINTIFFS' MOTION TO COMPEL IN ABEYANCE**


                                                CARTER LEDYARD & MILBURN LLP
                                                2 Wall Street
                                                New York, NY 10005
                                                (917) 533-2524

                                                SPERDUTO THOMPSON & GASSLER PLC
                                                1747 Pennsylvania Ave., NW, Suite 1250
                                                Washington, DC 20006
                                                (202) 408-8900

                                                *Attorneys for Plaintiffs*

*Of Counsel:*

   Alan S. Lewis
   Kim H. Sperduto

# **TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 2

    A.    The Subpoenas .......................................................................................................... 2

    B.    The Motion to Compel .............................................................................................. 4

    C.    The Notice of Failure to File Timely Response ....................................................... 5

ARGUMENT ......................................................................................................................... 5

    A.    Danchenko Was on Notice of Plaintiffs' Motion to Compel Pursuant to Rule 37 ......... 6

    B.    Danchenko's Counsel Accepted Service of Plaintiffs' Motion to Compel ................... 7

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amobi v. D.C. Dep't of Corr.*,
  262 F.R.D. 45 (D.D.C. 2009) .................................................................................................. 5, 6

*Booth v. Trident Literacy Ass'n*,
  2016 U.S. Dist. LEXIS 104848 (D.S.C. Aug. 8, 2016) ............................................................. 7

*Doe v. Elwood Pub. Sch. Dist.*,
  No. 7:04CV5011, 2007 U.S. Dist. LEXIS 18494 (D. Neb. Mar. 15, 2007) .............................. 6

*Lehman v. Kornblau*,
  206 F.R.D. 345 (E.D.N.Y. 2001) .............................................................................................. 8

*Sutton v. Ken-Tool*,
  1986 U.S. Dist. LEXIS 25805 (E.D. Pa. May 7, 1986) ............................................................ 7

**Other Authorities**

Fed. R. Civ. P. 5(b) ............................................................................................................... 2, 4, 7

Fed. R. Civ. P. 6(d) ......................................................................................................................... 4

Fed. R. Civ. P. 37(a) ............................................................................................................. 2, 5, 6

Fed. R. Civ. P. 45 ............................................................................................................................ 5

Local Civ. R. 5.4(d) ........................................................................................................................ 4

Local Civ. R. 7(b) ....................................................................................................................... 4, 5

**PRELIMINARY STATEMENT**

Non-party witness Igor Danchenko has moved to: (a) "hold in abeyance" Plaintiffs' pending motion to compel Danchenko's compliance with subpoenas; and (b) strike Plaintiffs' notice of Danchenko's failure to timely oppose that motion to compel.  Both of Danchenko's motions should be denied.

On October 23, 2020, Plaintiffs moved to compel Danchenko's compliance with subpoenas that had been personally served on him in August, seeking documents and testimony. Dkt. 109.  Danchenko failed to oppose the motion, and on December 8, Plaintiffs filed a notice of Danchenko's failure to file a timely response—documenting that Danchenko had been served through counsel with the motion to compel and that he failed to respond and also documenting the numerous communications with Danchenko's counsel, Mark E. Schamel, about the subpoenas and the timeline for filing a response to the motion to compel.

Danchenko filed no papers in response to the notice of his non-compliance until, on January 8, 2021, he moved to strike Plaintiffs' notice of Danchenko's non-compliance with the subpoenas and to hold Plaintiffs' October 23 motion to compel in abeyance.  Each of Danchenko's motions are grounded in the erroneous contention that he was never served with the motion to compel.  As documented in the Declaration of Alan S. Lewis dated December 8 ("Lewis Declaration"), Danchenko was on notice of the motion to compel and he had indeed been served, through counsel.  As the Lewis Declaration details, over the course of more than two months before Plaintiffs moved to compel, Schamel repeatedly communicated to Plaintiffs that he represented Danchenko in connection with Plaintiffs' subpoenas—and in that role attempted to negotiate: (1) the scope of Danchenko's compliance with the subpoena; and (2) a

1

schedule for Danchenko's response to the motion to compel after acknowledging its receipt. *See* Dkt. 119-1.

All but ignoring this history and the requirement of Rule 37 that a motion be made "on notice to other parties and all affected persons," Danchenko instead attempts to suggest service of the motion to compel was invalid pursuant to Rule 5 because it was not personally served on Danchenko. *See* Fed. R. Civ. P. 5(b)(1), 37(a)(1). This argument suffers from two fatal defects. First, Rule 37 merely requires notice of the motion, and Danchenko does not allege lack of notice, a contention that he could not make because his counsel, Schamel, acknowledged receipt of the motion and negotiated a briefing schedule for his response with Plaintiffs' counsel. Further, even if more formal service were required, it has been made: Plaintiffs' service on Schamel is adequate service on Danchenko because Plaintiffs had already served Danchenko personally with the subpoenas and because Schamel thereafter repeatedly communicated to Plaintiffs that he represented Danchenko with respect to the subpoenas that are the subject of Plaintiffs' motion to compel.

## STATEMENT OF FACTS

**A.   The Subpoenas**

Plaintiffs commenced this action on October 3, 2017 and filed an Amended Complaint on December 12, 2017. (Dkt. 17) ("Am. Compl."). Plaintiffs' claims arise out of Defendants' publication of defamatory statements that accuse Plaintiffs of bribery and other misconduct. *See*, *e.g.*, *id.*, ¶¶ 19-28. Defendants obtained those defamatory statements from their author, Defendants' agent Christopher Steele, and then published them, together with several other individual "reports" or "memoranda" that were likewise prepared for Defendants by Steele and which together have become commonly known in the media as the "Dossier" or the "Steele Dossier." *Id.* ¶¶ 2, 19-28. The reports that Steele wrote and provided to Defendants over the

course of several months during 2016 (including CIR 112) did not identify sources for the contentions in the reports. *See id*. ¶ 3. It was later revealed that most of the allegations in the reports were relayed to Steele through a "primary source" who allegedly had sources in Russia.

In mid-July 2020, Danchenko was publicly identified as Steele's primary source for the reports. *See* Dkt. 109-2 (Declaration of Alan S. Lewis in Support of Plaintiffs' Motion to Compel Non-Party Igor Danchenko to Produce Documents and Appear for a Deposition, dated October 23, 2020), Exs. 5 and 6. Shortly thereafter, as reflected in a July 25, 2020 *New York Times* article, Schamel, who is identified as Danchenko's attorney, acknowledged that Danchenko was indeed that source. *See* Dkt. 109-2, Ex. 7. Following Danchenko's public identification, Plaintiffs' counsel reached out to Schamel, who confirmed his representation of Danchenko in connection with the Steele Dossier. Plaintiffs asked him to accept service of the subpoenas for his client, but Schamel ignored that request. Dkt. 109-2, ¶3. Plaintiffs then personally served Danchenko with document and deposition subpoenas on August 19, 2020. *See* Dkt. 109-2, Ex. 1. The document subpoena to Danchenko called for the production of documents by September 2, 2020, and the deposition subpoena noticed his deposition for September 15, 2020.

Following service of the subpoenas, Schamel communicated to Plaintiffs' counsel that Danchenko would not voluntarily appear for a deposition. Dkt. 109-2, ¶5. He also represented that Danchenko had no documents responsive to the Plaintiffs' document subpoena. *Id*. For a period of more than nine weeks Plaintiffs' counsel and Schamel communicated by telephone and email in an attempt to agree on Danchenko's subpoena compliance. *See* Dkt. 119-1 (Declaration of Alan S. Lewis in Support of Proposed Order on Conceded Motion to Compel Non-Party Igor Danchenko to Produce Documents and Appear for a Deposition), ¶¶4-6. Plaintiffs' counsel and

Schamel were unable to reach an agreement. *Id.* ¶6. On October 19, 2020, Plaintiffs' counsel informed Schamel that Plaintiffs would file a motion to compel Danchenko to comply with the subpoenas. *Id*. Plaintiffs' counsel and Schamel had a telephonic Rule 7(m) conference regarding the motion the following day. *Id*.

**B.** **The Motion to Compel**

On October 23, 2020, Plaintiffs filed a motion to compel Danchenko's compliance with the subpoenas (Dkt. 109), contemporaneously emailing the filed motion to Schamel, as well as transmitting a copy via certified mail. Dkt. 119-1, ¶6. The following day, Schamel acknowledged his receipt of that motion. *Id*. Based on the October 23 filing and service date, any opposition to the motion to compel was due on November 9 at the latest. *See* Local Civil Rule 5.4(d), 7(b); Fed. R. Civ. P. 5(b), 6(d).

Schamel thereafter requested Plaintiffs' consent to an extension of the deadline to respond to the motion from November 9 to November 20, a request Schamel explained as a function of his move to a new law firm, Lowenstein Sandler, LLP. Dkt. 119-1, ¶7. In particular, on November 9, Schamel agreed that by November 13, he would file a consent motion to extend Danchenko's deadline to respond to Plaintiffs' motion to November 20. Dkt. 119-1, ¶8. Schamel stated that he would be "at Lowenstein starting next Monday. As we discussed, I will file [for Danchenko] my motion [opposition] once I have settled in over there and *certainly no later than 11/20*" (emphasis added). *Id*.

Schamel did not file the promised consent motion to extend on November 13, nor did he respond to the November 13 and 16 emails inquiring about the consent motion. Dkt. 119-1, ¶¶ 9-10. November 20 came and went without any filing by or on behalf of Danchenko, or other communication from Schamel. *Id*. ¶11. On November 24, Schamel conveyed in an email to

Plaintiffs' counsel that after he got "conflicts approved and the matter opened" at Lowenstein he would send Plaintiffs' counsel "a note to accept service formally and get a motion [opposition] filed." *Id*. ¶12.  Having heard nothing further from Schamel for almost another week, on November 30, Plaintiffs' counsel emailed Schamel asking that he either confirm by December 1 whether he would respond to the motion to compel by December 4 or advise if he was abandoning his representation of Danchenko. *Id*. ¶13.  Schamel did not respond to the November 30 email. *Id*. ¶13.

C.   **The Notice of Failure to File Timely Response**

On December 8, 2020, Plaintiffs' filed a notice apprising the Court of Danchenko's failure to timely respond to the motion to compel. *See* Dkt. 119.  Plaintiffs requested that the Court treat the motion to compel "as conceded" pursuant to Local Rule 7, grant the motion to compel and order Danchenko to produce documents responsive to the subpoena and appear at a deposition. *See* Dkt. 119-3 (Proposed Order).  On December 14, Danchenko's counsel, including Schamel, filed notices of appearance "for the sole and limited purpose of responding to Plaintiffs' motion to compel and moving to seek related relief from this Court." *See* Dkt. 120, 121.

**ARGUMENT**

Pursuant to Rule 37 a party may move for an order compelling disclosure or discovery "[o]n notice to other parties and all affected persons." Fed. R. Civ. P. 37(a)(1).  *See Amobi v. D.C. Dep't of Corr.*, 262 F.R.D. 45, 56 (D.D.C. 2009) ("Rule 37(a) requires a party to place other parties and all affected persons on notice when making a motion for an order compelling discovery.").  Thus, by its plain language Rule 37 does not require formal service of a motion to compel, only "notice" to "all affected persons."  Danchenko does not allege that he was not on notice of Plaintiffs' motion to compel, which was made pursuant to Rule 37 and/or Rule 45. *See*

5

Dkt. 109.  Indeed, because Danchenko's counsel acknowledged receipt of Plaintiffs' motion to compel in an email to Plaintiffs' counsel the day after it was filed, Danchenko could not make such an argument.  Instead, Danchenko relies on Rule 5 to argue that he was not properly served because he is not himself registered with the court's electronic filing system and service on his counsel was purportedly improper because Danchenko is a non-party.  *See* Dkt. 122-1.  Danchenko's reliance on Rule 5 is misplaced and in any event, even if Rule 5 applies, Danchenko's counsel accepted service of the motion by acknowledging its receipt, in writing, including by requesting an extension of time to respond and negotiating a briefing schedule with Plaintiffs' counsel.  Dkt. 119-1, ¶6.

A.      **Danchenko Was on Notice of Plaintiffs' Motion to Compel Pursuant to Rule 37**

Rule 37(a)(1) requires that a party moving to compel disclosure or discovery do so "on notice to other parties and all affected persons" and to include in the motion "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  *See Amobi,* 262 F.R.D. at 56 (plaintiffs who "did not provide any evidence that they placed the [non-party] U.S. Attorney's Office on notice" of the motion to compel discovery and failed to provide a certification that they "had in good faith conferred or attempted to confer with" the U.S. Attorney's Office failed to comply with Rule 37(a)); *Doe v. Elwood Pub. Sch. Dist.*, No. 7:04CV5011, 2007 U.S. Dist. LEXIS 18494, at *5 (D. Neb. Mar. 15, 2007) ("Federal Rule of Civil Procedure 37 expressly contemplates that non-parties may be affected by discovery proceedings, including motions to compel.  Rule 37 authorizes a party to file a motion to compel 'upon reasonable notice to other parties and all persons affected thereby ...'").  Plaintiffs met the requirements of Rule 37 and Danchenko does not allege otherwise.

In accordance with Rule 37, Plaintiffs' motion to compel Danchenko to comply with the subpoenas certified that Plaintiffs' counsel "negotiated in good faith with counsel for Danchenko but were unable to reach a resolution." Dkt. 109.  Plaintiffs' placed Danchenko, the "affected person" with respect to the motion to compel compliance with the subpoenas, "on notice" of the motion by (1) conducting a telephonic Rule 7(m) conference with Danchenko's counsel, Schamel, two days before filing the motion, (2) emailing it to Schamel on the day it was filed, and (3) mailing it to Schamel via the United States Postal Service certified mail.  Dkt. 119-1, ¶6.  Moreover, Danchenko's counsel acknowledged receipt of the motion to compel the day after it was filed and emailed to him (*id*.), and does not now allege in his motion that he did not receive or was not on notice of Plaintiffs' motion to compel.  Because Plaintiffs complied with Rule 37 and placed Danchenko on notice of the motion to compel, that motion should not be held in abeyance, nor should Plaintiffs' notice of Danchenko's failure to timely respond to the motion be stricken.

**B.      Danchenko's Counsel Accepted Service of Plaintiffs' Motion to Compel**

Even assuming Plaintiffs were required to formally serve Danchenko rather than his counsel in accordance with Fed. R. Civ. P. 5(b)(1) (which they were not), Danchenko's counsel waived that requirement and accepted service of Plaintiffs' motion to compel for Danchenko by acknowledging receipt of the motion, requesting an extension of time to respond, and agreeing on a date by which he would file his opposition papers.  *See Sutton v. Ken-Tool*, 1986 U.S. Dist. LEXIS 25805, at *3 (E.D. Pa. May 7, 1986) ("By seeking the extension of time, plaintiff's counsel should no doubt be deemed to have waived any deficiencies in service of the underlying motion."); *see also Booth v. Trident Literacy Ass'n*, 2016 U.S. Dist. LEXIS 104848 at *7-8 (D.S.C. Aug. 8, 2016) (service deemed waived because defendant had actual notice of the

complaint where defendant's previous counsel agreed to waive service of plaintiff's complaint, but waiver was never perfected).

Moreover, Danchenko's reliance on *Lehman v. Kornblau*, 206 F.R.D. 345 (E.D.N.Y. 2001) in support of his assertion that Rule 5 requires formal service of the motion to compel on Danchenko personally, rather than on his counsel, is inapposite. *Lehman* dealt with service of the underlying *subpoena*, not service of a motion to compel compliance with a validly served subpoena. *Id*. at 346. Danchenko has never asserted that Plaintiffs' personal service on him of the subpoenas underlying the motion to compel was not valid.

As explained *supra*, after Plaintiffs personally served Danchenko with the subpoenas for documents and a deposition, Danchenko's counsel, Schamel, participated in "dozens" of communications with Plaintiffs' counsel during the nine-week period between service of the subpoenas and the filing of the motion to compel. Dkt. 119-1, ¶¶ 3-6. After acknowledging receipt, Danchenko's counsel requested an extension of time to respond to the motion to compel and reached an agreement with Plaintiffs' counsel on the date by which he would file his opposition papers. Dkt. 119-1, ¶¶ 7-12. Thus, by his conduct Schamel waived formal service of the motion to compel pursuant to Rule 5 and accepted service of the motion. Further, given the length and number of Plaintiffs' counsel's communications with Schamel between service of the subpoenas and the filing of the motion to compel and the rules governing communications with represented individuals, it would be nonsensical to require Plaintiffs to serve the motion papers on Danchenko personally rather than on his counsel.[1]

---

[1] By his conduct, Schamel unreasonably and vexatiously multiplied judicial proceedings in this matter and, thus, may be sanctioned pursuant to Section 1927 of Title 28 of the U.S. Code. However, Plaintiffs are not seeking sanctions at this time, and instead reserve the right to do so in the future.

## **CONCLUSION**

For the foregoing reasons, Danchenko's motion to strike Plaintiffs' notice of failure to timely respond and hold Plaintiffs' motion to compel in abeyance should be denied.

Dated: January 22, 2021

Respectfully submitted,

       */s/ Alan S. Lewis*
Alan S. Lewis (Bar No. NY0252)
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel.: (917) 533-2524
Fax: (212) 732-3232
lewis@clm.com

-and-

Kim H. Sperduto (DC Bar No. 416127)
SPERDUTO THOMPSON & GASSLER PLC
1747 Pennsylvania Avenue, NW, Suite 1250
Washington, DC 20006
Tel: (202) 408-8900
Fax: (202) 408-8910
ksperduto@stglawdc.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 22nd day of January 2021, I electronically filed and served the foregoing using the CM/ECF system.

                 */s/ Alan S. Lewis*
                 Alan S. Lewis

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

MIKHAIL FRIDMAN, PETR AVEN, and
GERMAN KHAN,

        *Plaintiffs,*

    v.

BEAN LLC (a/k/a FUSION GPS) and GLENN
SIMPSON,

        *Defendants*.

Case No. 1:17-cv-02041 (RJL)

---

## **PROPOSED ORDER**

Before the Court is Non-Party Igor Danchenko's Motion To Strike Plaintiffs' Improper Notice Of Failure To File Timely Response, And To Hold Plaintiffs' Motion To Compel In Abeyance Pending Service On Non-Party Igor Danchenko (the "Motion") (Dkt. 122).  Having considered the submissions of all parties, it is hereby ORDERED that:

The Motion is DENIED.

_____
Richard J. Leon
Senior United States District Judge