UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MIKHAIL FRIDMAN, GERMAN KHAN, PETR AVEN, <br><br>    *Plaintiffs*, <br><br>v. <br><br>BEAN LLC, *et al.*, <br><br>    *Defendants*. | No. 1:17-cv-2041-RJL |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NON-PARTY IGOR DANCHENKO'S MOTION TO STRIKE PLAINTIFFS' IMPROPER NOTICE OF FAILURE TO FILE TIMELY RESPONSE, AND TO HOLD PLAINTIFFS' MOTION TO COMPEL IN ABEYANCE PENDING SERVICE ON NON-PARTY IGOR DANCHENKO**

Non-party Igor Danchenko ("Mr. Danchenko"), through counsel and pursuant to Local Civ. R. 7(d), submits this Reply Memorandum of Points and Authorities in support of his motion to (1) strike Plaintiffs' improper Notice of Non-party Igor Danchenko's Failure to File Timely Response, ECF No. 119; and (2) hold Plaintiffs' Motion to Compel, ECF No. 109, in abeyance until it has been served on Mr. Danchenko as required by Fed. R. Civ. P. 5(b)(2) and Local Civ. R. 5.4(d)(1) ("Motion to Strike and Hold in Abeyance").

**REPLY ARGUMENT**

Plaintiffs' Opposition Memorandum makes two arguments against granting the Motion to Strike and Hold in Abeyance. First, Plaintiffs contend that they did not need to serve Mr. Danchenko with their Motion to Compel. *See* Pls.' Opp'n at 5-7. Plaintiffs' second, alternative theory is that Mr. Danchenko's counsel waived the service requirement. Neither contention is correct, and the Court should grant Mr. Danchenko's motion.

1

1. *Rule 37 Motions Are Not Exempt From Service Requirements*

Plaintiffs claim that a Rule 37 motion need not be served.  See Pls.' Opp'n at 5.  Yet Fed. R. Civ. P. 5(a)(1)(D) states plainly that any "written motion" must be served.  Plaintiffs misconstrue Rule 37(a)'s notice requirement as obviating the need to comply with Rule 5.  Contrary to Plaintiffs' understanding, Rule 37(a)'s notice requirement is an *additional* condition that a movant must satisfy before seeking an order compelling discovery or disclosure.  For example, as this court recognized in *Pederson v. Preston*, a party may oppose a motion to compel for "insufficient notice" under Rule 37(a), even where service under Rule 5 is not contested.  250 F.R.D. 61, 64 (D.D.C. 2008).  In other words, Rule 37(a) operates as an additional hurdle that a party must clear before embroiling the Court in a discovery dispute.  It does not excuse that party from other applicable rules.

Tellingly, Plaintiffs' Motion to Compel included a certificate of service, certifying that Plaintiffs' counsel "caused a copy of the foregoing to be served on counsel for non-party Igor Danchenko via Certified Mail and e-mail . . . ."  Mot. to Compel at 3, ECF No. 109.  It is curious that Plaintiffs attempted to serve Mr. Danchenko under Rule 5 if they thought it to be unnecessary.  It makes sense, however, that Plaintiffs attempted to serve Mr. Danchenko because it is required under Fed. R. Civ. P. 5(a) and Local Civ. R. 5.4(d).  Rule 37 does not relieve them of those obligations.

Thus, whether or not Plaintiffs complied with Rule 37(a), Mr. Danchenko is entitled to proper service under Rule 5.

2. *Counsel For Mr. Danchenko Has Not Accepted Nor Waived Service*

Plaintiffs next contend that Mr. Danchenko's counsel either accepted or waived service.  The cases that Plaintiffs cite in support of this proposition are extreme examples and factually

dissimilar from this case. In *Booth v. Trident Literacy Ass'n, Inc.*, for example, the court held that the defendant had waived service because there was "no [] explanation for refusing to waive service" other than a litigation tactic. No. 2:15-4819-RMG, 2016 WL 4203821, at *3 (D.S.C. Aug. 8, 2016). Unlike *Booth*, this case involves legitimate confusion about the timing of Mr. Danchenko's representation, caused by undersigned counsel's inopportune and unexpectedly challenging transition between law firms. As Plaintiffs' counsel is aware, in the fall of 2020 Mr. Danchenko's counsel was in the process of moving to a new law firm. Counsel for Mr. Danchenko explained to Plaintiffs' counsel during a telephone call in late October 2020 that he did not yet know whether Mr. Danchenko intended to retain him after he changed firms. The correspondence attached to the Declaration of Alan S. Lewis in Support of Proposed Order on Conceded Motion ("Lewis Decl."), ECF No. 119-1, reveals this understanding. In fact, Plaintiffs' counsel concedes that Mr. Schamel "never did" formally accept service of the Motion. Lewis Decl. at 3 ¶ 12. To that end, Plaintiffs' counsel asked Mr. Schamel on November 30, 2020, whether Mr. Schamel would "accept service of the motion" or whether he is "not be representing Mr. Danchenko." Lewis Decl., Ex. A, ECF No. 119-2. Plaintiffs acknowledge that "Mr. Schamel did not respond to [that] email." Lewis Decl. at 3 ¶ 13.

Furthermore, the *Booth* court found it equitable to deem service waived in part because the complaint would otherwise be dismissed and the case terminated for lack of service, even though the defendant's counsel had already expressly waived service. 2016 WL 4203821, at *3. Here, however, Mr. Danchenko does not seek to defeat the Motion to Compel by technicality. Rather, he merely asks for an opportunity to file an opposition and address the substance of Plaintiffs' motion in the manner and time allowed by applicable rules.

3. *Mr. Danchenko Conditionally Consents to Accept Service of the Motion*

Mr. Danchenko reiterates that, notwithstanding Plaintiffs' improper and ineffective attempt to serve him, he intends to respond to the Motion to Compel and is willing to voluntarily accept service of Plaintiffs' Motion to Compel, pursuant to Fed. R. Civ. P. 5(b)(2)(F), should the Court grant his Motion to Strike and Hold in Abeyance. In that case, Mr. Danchenko would have fourteen days from the date of the Court's order to file a response to Plaintiffs Motion to Compel. *See* Fed. R. Civ. P. 6(a); Local Civ. R. 7(b). Such a court order is necessary at this juncture, given the dispute about whether Mr. Danchenko has conceded the Motion to Compel, to provide the Plaintiffs and Mr. Danchenko a clear briefing schedule.

## CONCLUSION

For the foregoing reasons, the Court should strike Plaintiffs' improper Notice of Non-party Igor Danchenko's Failure to File Timely Response, and allow Mr. Danchenko to respond to the Motion to Compel as provided by federal and local rules of civil procedure.

Date:   January 29, 2021                                  Respectfully submitted,

*/s/ Mark E. Schamel*
Mark E. Schamel
Lowenstein Sandler LLP
2200 Pennsylvania Ave. NW
Washington, DC 20037
Tel: (202) 753-3805
Fax: (202) 753-3838
mschamel@lowenstein.com

*/s/ Christopher M. Schafbuch*
Christopher M. Schafbuch
Lowenstein Sandler LLP
1251 Avenue of the Americas
17th Floor
New York, NY 10020
Tel: (212) 419-5879
Fax: (973) 597-2400
cschafbuch@lowenstein.com

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2021, I caused a copy of the foregoing to be sent via the Court's CM/ECF system to all counsel of record who have entered an appearance in this case.

/s/ Mark E. Schamel
Mark E. Schamel