## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN,<br><br>    Plaintiffs,<br><br> v.<br><br>BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON,<br><br>    Defendants. | No. 1:17-cv-2041-RJL |

## DEFENDANTS BEAN LLC'S AND GLENN SIMPSON'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF PLAINTIFFS AS PUBLIC FIGURES

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants Bean LLC a/k/a Fusion GPS and Glenn Simpson (collectively, "Defendants") file this Motion for Partial Summary Judgment on the Issue of Plaintiffs as Public Figures, respectfully requesting the Court to hold that Plaintiffs are public figures for purposes of CIR 112 based on the doctrine of issue preclusion. As explained in the accompanying Memorandum of Points and Authorities, in their parallel D.C. case, Plaintiffs had a full and fair opportunity to litigate their status as public figures and the D.C. Superior Court held that Plaintiffs are limited-purpose public figures for purposes of CIR 112. *Khan v. Orbis Business Intelligence Ltd.*, No. 2018 CA 002667 B, 2018 WL 11232420 (D.C. Super. Ct. Aug. 20, 2018). The D.C. Court of Appeals affirmed. *Fridman v. Orbis Bus. Intelligence Ltd.*, 229 A.3d 494 (D.C. 2020). The Supreme Court denied Plaintiffs' petition for a writ of *certiorari. Fridman v. Orbis Business*, No. 20-693, 2021 WL 78212 (S. Ct. Jan. 11, 2021).

Accordingly, because the prior decisions that Plaintiffs are public figures for purposes of CIR 112 are valid, final, judgments on the merits, after Plaintiffs had a full and fair opportunity to litigate, Plaintiffs are barred from arguing in this case that they are not public figures.

Pursuant to Local Civil Rule 7(m), Defendants met and conferred with Plaintiffs on this issue in a good faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement.[1] The Parties, however, were unable to resolve their disagreement. Plaintiffs oppose this motion.

Dated:   February 5, 2021                                    _____/s/_Joshua A. Levy_____

                                                                        Joshua A. Levy (D.C. Bar No. 475108)
                                                                        Rachel M. Clattenburg (D.C. Bar No. 1018164)
                                                                        **LEVY FIRESTONE MUSE LLP**
                                                                        1701 K St. NW, Suite 350
                                                                        Washington, DC 20005
                                                                        Tel: (202) 845-3215
                                                                        Fax: (202) 595-8253
                                                                        jal@levyfirestone.com
                                                                        rmc@levyfirestone.com

                                                                        *Counsel for Defendants*

---

[1] The Parties met and conferred on February 4, 2021 about this Motion.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MIKHAIL FRIDMAN, PETR AVEN, and
GERMAN KHAN,

        Plaintiffs,

   v.

BEAN LLC a/k/a FUSION GPS, and GLENN
SIMPSON,

        Defendants.

Civil Case No. 1:17-cv-2041-RJL

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF PUBLIC FIGURE

## <u>TABLE OF CONTENTS</u>

**INTRODUCTION** ...................................................................................................1

**BACKGROUND** ...................................................................................................2

    **A.**    The Instant Lawsuit: Plaintiffs Claim They Are Not Public Figures for Purposes of CIR 112 ....................................................................................................2

    **B.**    The D.C. Proceedings: Both the D.C. Superior Court and the D.C. Court of Appeals Determined That Plaintiffs Are Public Figures for Purposes of CIR 112. ..........4

**ARGUMENT** ......................................................................................................9

    **A.**    Legal Standards .............................................................................................9

        a.    Summary Judgment ................................................................................9

        b.    Issue Preclusion ...................................................................................10

    **B.**    Plaintiffs Are Precluded from Relitigating That They Are Limited Purpose Public Figures ......................................................................................12

        *a.*    The Same Issue—Whether Plaintiffs Are Limited-Purpose Public Figures for Purposes of CIR 112—Is Presented in Both Lawsuits ..................................13

        *b.*    The Public Figure Issue Was Actually Litigated in the Superior Court and the D.C. Court of Appeals ..........................................................................14

        c.    That Issue Was Determined by a Valid, Final Judgment on the Merits ........16

        d.    Plaintiffs Had a Full and Fair Opportunity to Litigate ...................................18

        *e.*    The Determination That Plaintiffs Are Limited Purpose Public Figures Was Essential to the Superior Court and D.C. Court of Appeals Judgments ........21

    **CONCLUSION** .................................................................................................22

## <u>TABLE OF AUTHORITIES</u>

*Adams v. Jonathan Woodner Co.,*
    475 A.2d 393 (D.C. 1984) ........................................................................11

*Adams v. Trimble,*
    No. CIV S-11-01360-KJM, 2012 WL 260160 (E.D. Cal. Jan. 27, 2012) ......................20

*Ali Baba Co. v. WILCO, Inc.,*
    482 A.2d 418 (D.C. 1984) ........................................................................15

*Allen v. McCurry,*
    449 U.S. 90 (1980)..................................................................................11

*Amore ex rel. Estates of Amore v. Accor, S.A.,*
    484 F. Supp. 2d 124 (D.D.C. 2007)...........................................................19

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242 (1986)..................................................................................9

*B & B Hardware, Inc. v. Hargis Indus., Inc.,*
    575 U.S. 138 (2015)...........................................................................10, 19

*Berkery v. Gudknecht,*
    763 F. App'x 288 (3d Cir. 2019) ...............................................................12

*Bryson v. Gere,*
    268 F. Supp. 2d 46 (D.D.C. 2003) ......................................................*passim*

*Casco Marina Dev., LLC v. M/V Forrestall,*
    384 F. Supp. 2d 154 (D.D.C. 2005)...........................................................11

*Chapman v. Journal Concepts, Inc.,*
    528 F. Supp. 2d 1081 (D. Haw. 2007) .......................................................10

*Competitive Enter. Inst. v. Mann,*
    150 A.3d 1213 (D.C. 2016), *as amended* (Dec. 13, 2018) ...........................7, 18, 21

*Consol. Edison Co. of N.Y. v. Bodman,*
    449 F.3d 1254 (D.C. Cir. 2006)................................................................12

*Davis v. Davis,*
    663 A.2d 499 (D.C. 1995) ...................................................................15, 17

*Deripaska v. AP,*
    282 F. Supp. 3d 133 (D.D.C. 2017)............................................................6

*Donovan v. U.S. Postal Serv.*,
    530 F. Supp. 894 (D.D.C. 1981) ..................................................................18

*Dyer v. William S. Bergman & Assocs.*,
    635 A.2d 1285 (D.C. 1993) ........................................................................17

*Franco v. D.C.*,
    3 A.3d 300 (D.C. 2010) ..............................................................................1

*Fridman v. Bean LLC*,
    No. CV 17-2041 (RJL), 2019 WL 231751 (D.D.C. Jan. 15, 2019)...............14

*Fridman v. Orbis Bus. Intelligence Ltd.*,
    No. 20-693, 2021 WL 78212 (S. Ct. Jan. 11, 2021) .....................................9, 17

*Fridman v. Orbis Bus. Intelligence Ltd.*,
    229 A.3d 494 (D.C. 2020) .......................................................................*passim*

*Gates v. D.C.*,
    66 F. Supp. 3d 1 (D.D.C. 2014) ..................................................................15

*Gertz v. Robert Welch, Inc.*,
    418 U.S. 323 (1964).....................................................................................3

*Goldberg v. Kelly*,
    397 U.S. 254 (1970).....................................................................................20

*Goldkind v. Snider Bros., Inc.*,
    467 A.2d 468 (D.C.1983) ............................................................................15

*Haase v. Sessions*,
    835 F.2d 902 (D.C. Cir. 1987) ....................................................................18

*Haynes v. Hanson*,
    No. 11-CV-05021-JST, 2013 WL 1390387, *aff'd,* 695 F. App'x 317 (9th Cir. 2017)....18

*Hurd v. D.C., Gov't*,
    864 F.3d 671 (D.C. Cir. 2017) ....................................................................10, 11

*Jackson v. D.C.*,
    412 A.2d 948 (D.C. 1980) ..........................................................................10

*Jankovic v. Int'l Crisis Group*,
    72 F.Supp.3d 284 (D.D.C. 2014) ................................................................10

*Jankovic v. Int'l Crisis Grp.*,
    822 F.3d 576 (D.C. Cir. 2016) ....................................................................10

*Khan et al. v. Orbis Business Intelligence Ltd.,*
No. 2018 CA 002667 B, 2018 WL 11232420 (D.C. Super. Ct. Aug. 20, 2018)............*passim*

*Kremer v. Chemical Const. Corp.,*
456 U.S. 461 (1982)......................................................................................................11, 19

*Lamont v. Proskauer Rose, LLP,*
881 F. Supp. 2d 105 (D.D.C. 2012)..........................................................................18

*Lans v. Adduci Mastriani & Schaumberg L.L.P.,*
786 F. Supp. 2d 240 (D.D.C. 2011)..........................................................................12

*Lewis v. Parker,*
67 F. Supp. 3d 189 (D.D.C. 2014)............................................................................12

*Lohrenz v. Donnelly,*
223 F. Supp. 2d 25 (D.D.C. 2002) ..........................................................................10

*Lohrenz v. Donnelly,*
350 F.3d 1272 (D.C. Cir. 2003)................................................................................10

*McAlister v. Potter,*
843 F. Supp. 2d 117 (D.D.C. 2012)..........................................................................18

*McElmoyle v. Cohen,*
10 L.Ed. 177 (1839).................................................................................................11

*Montana v. United States,*
440 U.S. 147 (1979).................................................................................................16

*New Hampshire v. Maine,*
532 U.S. 742 (2001)...................................................................................................1

*OAO Alfa Bank v. Center for Public Integrity,*
387 F. Supp. 2d 20 (D.D.C. 2005) ..............................................................3, 5, 6, 8

*Oubre v. D.C. Dep't of Employment Servs.,*
630 A.2d 699 (D.C. 1993) .......................................................................................15

*Parklane Hosiery Co. v. Shore,*
439 U.S. 322 (1979).................................................................................................10

*Peavey v. United States,*
128 F. Supp. 3d 85 (D.D.C. 2015)............................................................................17

*Porter v. Shah,*
606 F.3d 809 (D.C. Cir. 2010)..................................................................................20

*San Remo Hotel, L.P. v. City & Cty. of San Francisco, Cal.,*
   545 U.S. 323 (2005)..............................................................................................1

*Sheppard v. D.C.,*
   791 F. Supp. 2d 1, 7 (D.D.C. 2011)), *aff'd,* No. 15-5290, 2016 WL 4098768 (D.C. Cir. July 12, 2016)
   ............................................................................................................................17

*Stevens v. Stover,*
   702 F. Supp. 302, 305 (D.D.C. 1988) ...............................................................2

*Tavoulareas v. Piro,*
   817 F.2d 762 (D.C. Cir. 1987) .....................................................................3, 10

*Taylor v. Sturgell,*
   553 U.S. 880 (2008)..............................................................................................1

*Tinsley v. Equifax Credit Info. Servs., Inc.,*
   No. 99-7031, 1999 WL 506720 (D.C. Cir. June 2, 1999) ...............................2

*Waldbaum v. Fairchild Publications, Inc.,*
   627 F.2d 1287 (D.C. Cir. 1980) ......................................................8, 9, 13, 14

*Wilson v. Hart,*
   829 A.2d 511 (D.C. 2003) .......................................................................11, 12, 18

*Yamaha Corp. of Am. v. United States,*
   961 F.2d 245 (D.C. Cir. 1992)............................................................................12

*Youngin's Auto Body v. D.C.,*
   775 F. Supp. 2d 1 (D.D.C. 2011) ......................................................................19


**Statutes**

28 U.S.C. § 1738.................................................................................................1, 11

**Rules**

Federal Rule of Civil Procedure 56(a) ..................................................................9

**Other Authorities**

Wright & Miller, 18 Fed. Prac. & Proc. § 4419...................................................15

Restatement (Second) of Judgments § 27 (1982) ................................................15

**<u>INTRODUCTION</u>**

The D.C. Superior Court and the D.C. Court of Appeals have determined that Plaintiffs are public figures for purposes of the text of the memorandum known as CIR 112, the same report that forms the basis of the instant lawsuit. On January 11, 2021, the Supreme Court of the United States denied Plaintiffs' petition for a writ of *certiorari* to review the D.C. Court of Appeals decision. Therefore, the same issue—whether Plaintiffs are public figures for purposes of CIR 112—has been decided by the D.C. trial and appellate courts applying D.C. law, the same defamation law that applies here. *See* Mem. Decision & Order (dated Jan. 15, 2019), at 6, Dkt. No. 48 (applying D.C. defamation law to Defendants' motion to dismiss). Under the doctrine of issue preclusion, the Superior Court and Court of Appeals judgments necessarily resolve the issue of public figure in this case.

Issue preclusion (also called collateral estoppel) "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine,* 532 U.S. 742, 748-49 (2001)). "Thus, when applicable, collateral estoppel renders conclusive the determination of issues of fact or law previously decided in another proceeding." *Franco v. D.C.*, 3 A.3d 300, 304 (D.C. 2010).

This "ancient rule" of collateral estoppel, *San Remo Hotel, L.P. v. City & Cty. of San Francisco, Cal.*, 545 U.S. 323, 337 (2005), is encompassed by the full faith and credit statute, 28 U.S.C. § 1738, which requires that this Court give a D.C. court's decision "the same full faith and credit" that a D.C. court would give the decision. Now that Plaintiffs have exhausted their appeals, the decision by the Superior Court and D.C. Court of Appeals is controlling. Because the D.C.

courts' decisions that Plaintiffs are public figures for purposes of CIR 112 are entitled to preclusive effect in D.C. courts, that holding governs this case.

Defendants therefore respectfully request that the Court grant their partial motion for summary judgment and hold that Plaintiffs are public figures for purposes of this action.[1]

## BACKGROUND

### A.  The Instant Lawsuit: Plaintiffs Claim They Are Not Public Figures for Purposes of CIR 112

Plaintiffs Mikhail Fridman, Petr Aven, and German Khan ("Plaintiffs") filed this action against Defendants Bean LLC d/b/a Fusion GPS and Glenn Simpson ("Defendants") on October 3, 2017. Plaintiffs are suing Defendants for money damages based on a report titled Company Intelligence Report 2016/112 ("CIR 112") that Defendants commissioned from a well-regarded former British intelligence officer, Christopher Steele, and his highly reputable business intelligence company, Orbis. CIR 112 is one of 17 such reports that Orbis sent to Defendants. The popular media has labeled the collection of these 17 reports "the Dossier."

Plaintiffs claim that three statements in CIR 112 are false and "defamed the Plaintiffs and Alfa," Am. Compl. ¶ 33, Dkt. No. 17, and allege that "Defendants are liable for the defamation of Plaintiffs and Alfa." *Id.* ¶ 35. In particular, Plaintiffs claim that the following statements in CIR 112 are false and defamed Alfa and them:

---

[1] Although issue preclusion is not one of the defenses which under Fed. Civ. P. 12(h) is waived if it is not raised in the initial pleading, see *Stevens v. Stover*, 702 F. Supp. 302, 305 (D.D.C. 1988), and it may be raised in a motion, *see Tinsley v. Equifax Credit Info. Servs., Inc.*, No. 99-7031, 1999 WL 506720, at *1 (D.C. Cir. June 2, 1999), out of an abundance of caution, Defendants have also filed, at the same time as this Motion, a motion for leave to amend their Answer to add the defense of issue preclusion. *See Tinsley*, No. 99-7031, 1999 WL 506720, at *1 (holding that "appellees' assertion of the affirmative defense of res judicata in its dispositive motion, rather than in a responsive pleading, *see* Fed.R.Civ.P. 8(c), did not preclude the district court from considering the issue.").

- Plaintiffs claim that the line, "RUSSIA/US PRESIDENTIAL ELECTION: KREMLIN-ALPHA GROUP COOPERATION," is false and defamatory. Pls.' Suppl. Resp. to Interrog. No. 2, Dkt. No. 78-6.[2]

- Plaintiffs claim that this sentence in CIR 112 is false and defamatory: "Significant favours continued to be done in both directions, primarily political ones for PUTIN and business/legal ones for Alpha." *Id.*

- Plaintiffs claim that the following content of CIR 112 is false and defamatory: "during the 1990s [Oleg] GOVORUN had been Head of Government Relations at Alpha Group and in reality, the 'driver' and 'bag carrier' used by FRIDMAN and AVEN to deliver large amounts of illicit cash to the Russian president, at that time deputy Mayor of St Petersburg. Given that and the continuing sensitivity of the PUTIN-Alpha relationship, and need for plausible deniability, much of the contact between them was now indirect and entrusted to the relatively low profile GOVORUN." *Id.*

Defendants contend that these statements are substantially true. *See* Answer, Affirmative Defs. ¶ 7, Dkt. No. 50.

Defendants also argue that Plaintiffs are limited-purpose public figures and thus, for any of their defamation claims to survive, Plaintiffs must prove by clear and convincing evidence that Defendants published the statements above with actual malice. *See Tavoulareas v. Piro*, 817 F.2d 762, 775 (D.C. Cir. 1987) (*citing Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 342 (1964)); Defs.' Mem. in Supp. Mot. to Dismiss, Dkt. No. 20-1; Defs.' Answer, Dkt. No. 50; Defs'. Mot. to Compel, Dkt. No. 94; Defs.' Reply, Dkt. No. 106. Plaintiffs claim they are not public figures for purposes of CIR 112. *See* Pls.' Mem. in Opp. to Mot. to Dismiss, Dkt. No. 25, at 16-25.[3]

---

[2] CIR 112 spells Alfa as "Alpha" throughout.

[3] Plaintiffs contest their public figure status, despite the fact that two decades ago, in this same court, Plaintiffs Fridman and Aven, along with one of their companies, OAO Alfa Bank, brought a defamation case in which the court held that they are limited purpose public figures and could not meet their burden of showing actual malice. *OAO Alfa Bank v. Ctr. for Pub. Integrity*, 387 F. Supp. 2d 20, 47 (D.D.C. 2005) ("Aven and Fridman are players on the world stage; hence, they are limited public figures not only in Russia, but in the United States as well.")

In its January 15, 2019, ruling on Defendants' motion to dismiss the complaint, this Court noted that "Defendants have put Plaintiffs' public figure status at issue in this case," but held: "I unfortunately cannot resolve the public figure issue at this stage on the record before me." Mem. Op., Dkt. No. 48, at 10.

Now, however, circumstances have changed: the D.C. Superior Court and the D.C. Court of Appeals have held—in valid, final judgments—that, as a matter of D.C. law, the three Plaintiffs here are public figures for purposes of the very same report at issue in this litigation, CIR 112.

### B. The D.C. Proceedings: Both the D.C. Superior Court and the D.C. Court of Appeals Determined That Plaintiffs Are Public Figures for Purposes of CIR 112

On April 16, 2018, shortly after filing the instant lawsuit against Defendants Fusion GPS and Glenn Simpson, Plaintiffs Mikhail Fridman, Petr Aven, and German Khan filed a companion defamation suit concerning the identical report, CIR 112, this time in D.C. Superior Court, and this time against Christopher Steele and Orbis. *See* Ex 4, Complaint, *Fridman v. Orbis Business Intelligence Ltd.*, Case No. 2018 CA 2667 B (D.C. Super. Ct.). The two lawsuits make the same claims of allegedly false and defamatory statements in CIR 112. *Id.* ¶¶ 31-41.

In D.C. Superior Court, Defendants Christopher Steele and Orbis filed a Motion to Dismiss Plaintiffs' complaint for failure to state a claim under Super. Ct. R. 12(b)(6). *See* Ex. 5, Defs.' Contested Mot. to Dismiss under Rule 12(b)(6) & Mem. in Supp. (filed May 30, 2018). Defendants Christopher Steele and Orbis also filed a Special Motion to Dismiss the complaint pursuant to the D.C. Anti-SLAPP statute. *See* Ex. 8, Defs.' Contested Special Mot. to Dismiss under the Dist. of Columbia Anti-SLAPP Act, D.C. Code § 16-5502 & Mem. in Supp. (filed May 30, 2018). Plaintiffs filed opposition briefs to both motions. *See* Ex. 6, Pls.' Mem. of Pts. & Auths. in Opp. to Defs.' Mot. to Dismiss Based on 12(b)(6) (filed July 6, 2018); Ex. 9, Pls.' Mem. of Pts. & Auths. in Opp. to Defs.' Mot. to Dismiss Based on the D.C. Anti-SLAPP Statute (filed July 6, 2018).

4

Defendants filed replies to both motions. *See* Ex. 7, Defs.' Reply in Supp. of Mot. to Dismiss under Rule 12(b)(6) (filed July 24, 2018); Ex. 10, Defs.' Reply in Supp. of Special Mot. to Dismiss under D.C. Anti-SLAPP Act (filed July 24, 2018).

In an Order dated August 20, 2018, the D.C. Superior Court granted Defendants' Special Motion to Dismiss under the D.C. Anti-SLAPP statute and dismissed Plaintiffs' case with prejudice. (The Court also denied as moot Defendants' motion to dismiss under Rule 12(b)(6).) Ex. 1, Order, Case No. 2018 CA 002667 B (Aug. 20, 2018), *available at Khan v. Orbis Business Intelligence Ltd.*, No. 2018 CA 002667 B, 2018 WL 11232420 (D.C. Super. Ct. Aug. 20, 2018). In a 24-page decision, the Court found, after reviewing the evidence, that "Plaintiffs are public figures for at least a limited purpose related to the information in CIR 112." Ex. 1, Order at 16 (*Khan*, No. 2018 CA 002667 B, 2018 WL 11232420, at *8).

Specifically, before examining whether Plaintiffs could meet their burden to "offer evidence that would permit a jury properly instructed on the applicable legal and constitutional standards to reasonably find that Defendants are liable for defamation," the court had to decide what "legal and constitutional standards" applied to Plaintiffs' defamation claims. *Khan*, No. 2018 CA 002667 B, 2018 WL 11232420, at *9.[4] Therefore, as a preliminary matter, the court had to determine whether Plaintiffs are public figures for purposes of CIR 112. *See* Ex. 1, Order at 16-18 (*Khan*, No. 2018 CA 002667 B, 2018 WL 11232420, at *8–*9). The defendants submitted an affidavit and hundreds of pages of exhibits in support of their argument that Plaintiffs are public figures for purposes of CIR 112. *See* Ex. 8. The court concluded that:

> In some cases "[t]he task of determining whether a defamation plaintiff is a limited-purpose public figure is a difficult one, requiring a highly fact-intensive inquiry that some have

---

[4] The Superior Court's Order is attached as Exhibit 1. The remainder of this Memorandum will cite to the Order as published on Westlaw.

described as trying to nail a jellyfish to the wall." *Id.* at 1041-42. The task is easier in this case. *OAO Alfa Bank v. Center for Public Integrity*, 387 F. Supp. 2d 20 (D.D.C. 2005), was a defamation case brought by Mr. Fridman, Mr. Aven, and their companies, and the court held as a matter of law that the evidence in that case eliminated any genuine dispute that they "are limited public figures": the plaintiffs made choices that placed them "squarely in the public light;" they "have been the subject of widespread news coverage;" they "enjoy access to the channels of effective communication that enable them to respond to any defamatory statements and influence the course of public debate;" and "Aven and Fridman have used their positions to influence the events of their country and the world, and have assumed a prominent role in the civic life of Russia, associating closely and openly with the Russian business elite and politicians at the highest positions of government." *See id.* at 44-46 (quotation omitted); *see id.* at 25-28. "Simply put, Aven and Fridman are players on the world stage; hence, they are limited public figures not only in Russia, but in the United States as well." *See id.* at 47. The same is true of Mr. Khan: like Mr. Fridman and Mr. Aven, Mr. Khan is a beneficial owner of Alfa, Complaint ¶ 15; and he has had similar prominence and media coverage. *See* Motion at 8 (an Internet search yielded 5,311 articles mentioning Mr. Khan, slightly more than those mentioning Mr. Aven).

These findings in *OAO Alfa Bank* are valid today. *See* Motion at 8, 11-13 (including recent articles in examples of extensive media coverage of all three Plaintiffs going back to the 1990s). Plaintiffs dismiss them as "findings of another court in another decade in connection with unrelated defamatory statements." *See* Opp. at 21 n.26. *OAO Alfa Bank* is not a relic from a bygone era, and Plaintiffs do not contend that they have become recluses in the last decade. Nothing suggests in the intervening decade a significant decrease in the fortunes of Alfa Group or the role of Russian oligarchs.

Plaintiffs therefore are limited-purpose public figures for the broad controversy relating to Russian oligarchs' involvement with the Russian government and its activities and relations around the world, including the United States. The U.S. public today continues to have a strong interest in Russia's relations with the United States and in the political and commercial relationships between Russian oligarchs and the Russian government. *Deripaska v. AP*, 282 F. Supp. 3d 133, 142 (D.D.C. 2017) ("there can be no doubt a public controversy exists relating to Russian oligarchs acting on behalf of the Russian government."). Plaintiffs have assumed special prominence in these controversies, and the statements in CIR 112

are germane to these controversies. *See OAO Alfa Bank*, 387 F. Supp. 2d at 43-44.

*Khan*, No. 2018 CA 002667 B, 2018 WL 11232420, at *8–*9.

Having found that Plaintiffs are limited purpose public figures, thereby requiring Plaintiffs to prove actual malice, the court moved on to analyzing whether Plaintiffs could meet their burden to "offer evidence that would permit a jury properly instructed on" the actual malice standard "to reasonably find that Defendants are liable for defamation." *Id.* at *9. The court held that Plaintiffs could not meet this burden. "Because Plaintiffs have not offered evidence supporting a clear and convincing inference that Defendants made any defamatory statement in CIR 112 with knowledge that it was false or with reckless disregard of its falsity, they have not offered evidence that their claims are likely to succeed on the merits." *Id.* at *11.

Plaintiffs appealed, and the D.C. Court of Appeals affirmed. In its decision, the D.C. Court of Appeals rejected Plaintiffs' argument that the Superior Court "erred in conducting a public figure analysis at the special motion to dismiss stage." Ex. 2, *Fridman v. Orbis Bus. Intelligence Ltd.*, 229 A.3d 494, 505 (D.C. 2020).[5] The Court explained that the question it has to ask is "whether a jury properly instructed on the law, *including any applicable heightened fault and proof requirements*, could reasonably find for the claimant on the evidence presented." [*Competitive Enter. Inst. v. Mann*, 150 A.3d 1213, 1236 (D.C. 2016), *as amended* (Dec. 13, 2018)] (emphasis added). *Id.* at 506–07. In other words, the public figure question is determinative of the "applicable heightened fault and proof requirements," and thus the court must answer that question first, before turning to whether Plaintiffs can meet their burden of proof. *Id.* at 506. The special motion to

---

[5] This decision is attached as Exhibit 2. The remainder of this Memorandum will cite to the published decision.

dismiss "process in essence accelerates the consideration of available defenses." *Id.* at 506. Thus, it was correct to "conduct[ ] a public figure analysis prior to ruling on the special motion to dismiss." *Id.* at 507.

The Court of Appeals affirmed the Superior Court's holding of "a real, public controversy . . . defined as 'Russian oligarchs' involvement with the Russian government and its activities and relations around the world, including the United States.'" *Id.* at 507. The court reviewed the vast record that supported the holding that Plaintiffs are public figures:

> Amassed in the record before us are hundreds of pages of news articles discussing appellants' status as Russian oligarchs and their ties to Vladimir Putin. Furthermore, as the record shows, in the years prior to the publication of CIR 112, there were thousands of internet search hits for each appellant, showing appellants' involvement in the controversy prior to September 2016. Included in these search hits are news articles detailing meetings each appellant has had with President Putin as well as personal interviews the appellants have willingly given to the media. These interviews have spanned a wide range of subjects, from discussions of appellants' hobbies and interests to statements regarding their businesses and connections to the Kremlin.

> The involvement appellants and their businesses had in litigation over a decade before the election shows that they have been participating in a debate on the world's stage for quite some time. *See OAO Alfa Bank*, 387 F. Supp. 2d at 23. In the interim appellants have not been shy about giving interviews and putting forth their own views about their role with respect to the Russian government. Even if their celebrity in this matter was a vestige of a previous era, it is evident that appellants still "remain[ ] able to reply to attacks through the press, which is continuing to cover [them]." *Waldbaum*, 627 F.2d at 1295 n.18. Based on this record, we have no trouble upholding Judge Epstein's conclusion that appellants "have assumed special prominence in [the] controvers[y]."

> Finally, we conclude that the challenged speech contained in CIR 112 was germane to appellants' participation in the controversy. *See Waldbaum*, 627 F.2d at 1298. At its core, CIR 112 discusses appellants' relationship with President Putin and the influence appellants have over the Russian government and its

> "foreign policy ... especially about the US." These statements are directly related to the public controversy identified by Judge Epstein. Since all three prongs of the *Waldbaum* test are satisfied, we agree with the trial court that appellants are limited-purpose public figures with respect to the speech at issue.

*Id.* at 508–09.

The Court of Appeals then held that Plaintiffs had not met their burden of "proffer[ing] evidence capable of showing by the clear and convincing standard that appellees acted with actual malice." *Id.* at 511.

Plaintiffs filed a petition for a writ of *certiorari* to the U.S. Supreme Court, which the Supreme Court denied on January 11, 2021. *See* Ex. 3, *Fridman v. Orbis Business*, No. 20-693, 2021 WL 78212 (S. Ct. Jan. 11, 2021).

## ARGUMENT

### A. Legal Standards

### 1) Summary Judgment

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it may "affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict. Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 256.

"Whether (and to what extent) a person is a public figure is a matter of law for the court to decide." *Tavoulareas v. Piro*, 817 F.2d 762, 772 (D.C. Cir. 1987) (en banc) (concluding that plaintiff, a CEO of a company, was a limited-purpose public figure). Courts routinely determine by summary judgment which standard of fault applies in defamation cases. *See*, *e.g.*, *Lohrenz v. Donnelly*, 223 F. Supp. 2d 25, 39 (D.D.C. 2002) (denying plaintiff's motion for partial summary judgment that she was a private figure), *aff'd*, 350 F.3d 1272 (D.C. Cir. 2003); *Jankovic v. Int'l Crisis Group*, 72 F. Supp. 3d 284, 300-309 (D.D.C. 2014) (denying plaintiff's motion for partial summary judgment affirming his status as a private figure and granting summary judgment to defendant on plaintiff's defamation claim), *aff'd Jankovic v. Int'l Crisis Grp.*, 822 F.3d 576, 582 (D.C. Cir. 2016); *Chapman v. Journal Concepts, Inc.*, 528 F. Supp. 2d 1081 (D. Haw. 2007) (granting defendants' partial motion for summary judgment and holding that plaintiff, a renowned surfer, was a limited-purpose public figure for the purposes of his defamation action).

### 2) Issue Preclusion

"Issue preclusion makes 'the determination of a question directly involved in one action . . . conclusive as to that question in a second suit.'" *Hurd v. D.C., Gov't*, 864 F.3d 671, 679 (D.C. Cir. 2017) (quoting *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 147 (2015)). Defensive issue preclusion, which Defendants invoke here, "precludes a plaintiff from relitigating identical issues by merely switching adversaries." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979) (internal quotation marks and citation omitted). "When issue preclusion is asserted defensively, there are no inherent considerations of fairness or correct resolution of the dispute that should prompt a court to rehear issues already decided." *Jackson v. D.C.*, 412 A.2d 948, 953 (D.C. 1980) (noting that plaintiffs "were able to choose the claims and the forum for the litigation resolved first," so no inherent considerations of fairness arise). "The public interest in judicial

economy and in ending repetitious litigation dictates that it would be unjust to permit one who has had his day in court to reopen identical issues by merely switching adversaries." *Id.* (internal quotation marks and citation omitted).

The full faith and credit statute, 28 U.S.C. § 1738, "requires federal courts to give a D.C. court's decision 'the same full faith and credit' as a D.C. court would." *Hurd*, 864 F.3d at 679; *see also Casco Marina Dev., LLC v. M/V Forrestall*, 384 F. Supp. 2d 154, 158 (D.D.C. 2005) ("28 USC § 1738 does not allow federal courts to apply their own rules of issue preclusion in determining the effect of prior state judgments, and requires that a federal court must accept the rules chosen by the State from which the judgment is taken.") (citing *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 481-82 (1982) (citing *McElmoyle v. Cohen*, 10 L.Ed. 177 (1839))). Therefore, this Court looks to D.C. law to determine whether the Superior Court's and Court of Appeals' judgments are entitled to preclusive effect. "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Casco Marina Dev., LLC*, 384 F. Supp. 2d at 158 (citing the full faith and credit statute, 28 U.S.C. § 1738, and quoting *Allen v. McCurry*, 449 U.S. 90, 96 (1980)).[6]

Under D.C. law, issue preclusion bars the re-litigation of issues determined in a prior action "where (1) the issue was actually litigated; (2) was determined by a valid, final judgment on the merits; (3) after a full and fair opportunity for litigation by the party; (4) under circumstances where the determination was essential to the judgment." *Wilson v. Hart,* 829 A.2d 511, 514 (D.C.

---

[6] Nevertheless, "federal law is substantially similar to the local laws of the District of Columbia in providing that collateral estoppel precludes relitigation of an (1) identical issue (2) that was fully and fairly litigated and (3) determined by a valid judgment on the merits (4) in which the issue was essential." *Bryson v. Gere*, 268 F. Supp. 2d 46, 57 (D.D.C. 2003).

2003) (holding that party was collaterally estopped from litigating the issue of whether there was a direct landlord-tenant relationship, which had been finally decided on the merits in a prior agency proceeding). "The doctrine may be invoked defensively by one who was not a party to the prior case." *Id.* The moving party bears the burden of proving the elements of issue preclusion. *Lans v. Adduci Mastriani & Schaumberg L.L.P.*, 786 F. Supp. 2d 240, 303 (D.D.C. 2011).

"Notably, '[a] court conducting an issue preclusion analysis does not review the merits of the determinations in the earlier litigation.'" *Lewis v. Parker*, 67 F. Supp. 3d 189, 201 (D.D.C. 2014) (quoting *Consol. Edison Co. of N.Y. v. Bodman,* 449 F.3d 1254, 1257 (D.C. Cir. 2006)). In issue preclusion, "once an *issue* is raised and determined, it is the entire *issue* that is precluded, not just the particular arguments raised in support of it in the first case," and "[p]reclusion cannot be avoided simply by offering evidence in the second proceeding that could have been admitted, but was not, in the first." *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254–55 (D.C. Cir. 1992) (emphasis in original) (affirming that issue preclusion prevented appellant from relitigating claims it had previously litigated in the Central District of California and that the Ninth Circuit implicitly affirmed on appeal).

## B. Plaintiffs Are Precluded from Relitigating That They Are Limited Purpose Public Figures

The issue of whether Plaintiffs are public figures for purposes of CIR 112 is a question of law, *see Fridman v. Orbis Bus. Intelligence Ltd*., 229 A.3d at 505, which has already been determined by the Superior Court and the D.C. Court of Appeals in Plaintiffs' parallel lawsuit concerning the exact same allegedly defamatory statements in CIR 112. The D.C. Court of Appeals judgment, affirming the Superior Court judgment that Plaintiffs are limited-purpose public figures for purposes of CIR 112, is a valid, final judgment on the merits that is entitled to preclusive effect. *See Berkery v. Gudknecht*, 763 F. App'x 288 (3d Cir. 2019) (holding that issue preclusion barred

defamation plaintiff from relitigating his public figure status, because the Appellate Division of the New Jersey Superior Court had already decided that plaintiff was a limited-purpose public figure with respect to his criminal past and thus he was a limited-purpose public figure for purposes of the instant action). Accordingly, the Court should grant this motion, hold that Plaintiffs are public figures for purposes of this lawsuit, bar Plaintiffs from relitigating the issue in this lawsuit, and require Plaintiffs to show actual malice.

1) *The Same Issue—Whether Plaintiffs Are Limited-Purpose Public Figures for Purposes of CIR 112—Is Presented in Both Lawsuits.*

The Superior Court determined, and the D.C. Court of Appeals affirmed, that Plaintiffs Mikhail Fridman, Petr Aven, and German Khan are limited-purpose public figures for "the broad controversy relating to Russian oligarchs' involvement with the Russian government and its activities and relations around the world, including the United States," *Khan*, No. 2018 CA 002667 B, 2018 WL 11232420, at *9, *aff'd Fridman v. Orbis Bus. Intelligence Ltd.*, 229 A.3d 494 (D.C. 2020). The Superior Court determined that "Plaintiffs have assumed special prominence in these controversies, and the statements in CIR 112 are germane to these controversies." *Khan*, No. 2018 CA 002667 B, 2018 WL 11232420, at *9.

The D.C. Court of Appeals affirmed these holdings. Based on a record that included "hundreds of pages of news articles discussing appellants' status as Russian oligarchs and their ties to Vladimir Putin," and "thousands of internet search hits for each appellant," the D.C. Court of Appeals concluded that it "ha[d] no trouble upholding Judge Epstein's conclusion that appellants 'have assumed special prominence in [the] controvers[y].'" *Fridman v. Orbis Bus. Intelligence Ltd.*, 229 A.3d at 508–09. The D.C. Court of Appeals stated:

> we conclude that the challenged speech contained in CIR 112 was germane to appellants' participation in the controversy. *See Waldbaum*, 627 F.2d at 1298. At its core, CIR 112 discusses

13

appellants' relationship with President Putin and the influence appellants have over the Russian government and its "foreign policy ... especially about the US." These statements are directly related to the public controversy identified by Judge Epstein. Since all three prongs of the *Waldbaum* test are satisfied, we agree with the trial court that appellants are limited-purpose public figures with respect to the speech at issue.

*Fridman v. Orbis Bus. Intelligence Ltd.*, 229 A.3d at 509.

The question of whether Plaintiffs Mikhail Fridman, Petr Aven, and German Khan are limited-purpose public figures for purposes of the speech in CIR 112 is the *identical* issue that is presented in this lawsuit. *See Fridman v. Bean LLC*, No. CV 17-2041 (RJL), 2019 WL 231751, at *4 (D.D.C. Jan. 15, 2019) (stating that "defendants have put plaintiffs' public figure status—and the attendant actual malice standard—in issue as an affirmative defense to defeat plaintiffs' defamation claim"). Therefore, Plaintiffs should be precluded from burdening Defendants and the Court with further litigation concerning an issue that has already been decided by two judgments in courts of competent jurisdiction. *See Bryson v. Gere*, 268 F. Supp. 2d 46, 58 (D.D.C. 2003) ("Where the basic facts underlying the new claims are indistinguishable from the facts at issue in the prior adjudication, the new claims are properly precluded.") (holding that issue preclusion barred the plaintiff's claims because they "center on allegations that are identical to issues already decided in arbitration" against a different defendant).

2) *The Public Figure Issue Was Actually Litigated in the Superior Court and the D.C. Court of Appeals.*

Issue preclusion is appropriate because the issue of Plaintiffs' public figure status was "actually litigated" in the Superior Court and affirmed by the D.C. Court of Appeals.

"An issue is actually litigated when it 'is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined. . . . An issue may be submitted and determined on a motion to dismiss for failure to state a claim, a motion for judgment on the

14

pleadings, a motion for summary judgment (see Illustration 10), . . . or their equivalents. . . ." *Ali Baba Co. v. WILCO, Inc.*, 482 A.2d 418, 422 (D.C. 1984) (alterations in original) (quoting Restatement (Second) of Judgments § 27(d) (1982)). *See also Oubre v. D.C. Dep't of Employment Servs.,* 630 A.2d 699, 703 (D.C. 1993) ("When . . . an issue is properly raised, considered on the merits, and determined, it is actually litigated."). "On the other hand, an issue 'never mentioned' in the pleadings, orders, or decrees would not have been actually litigated for the purposes of collateral estoppel." *Gates v. D.C.*, 66 F. Supp. 3d 1, 11 (D.D.C. 2014) (quoting *Goldkind v. Snider Bros., Inc.,* 467 A.2d 468, 473 (D.C. 1983)). *See also Davis v. Davis*, 663 A.2d 499, 501 (D.C. 1995) (holding that the issue of whether a party should be compelled to undergo blood testing had been "actually litigated" because it had been submitted for the trial court's determination through a  motion to compel a blood test and then again through a Rule 60(b) motion to vacate the earlier denial). "This element serves to prevent preclusion of issues which might have been but were not actually litigated and determined in a prior action." *Bryson v. Gere*, 268 F. Supp. 2d at 59 (holding that because the arbitrator had already considered and determined the facts underlying plaintiffs' claims in district court, those issues were actually litigated and subject to issue preclusion in the district court). "Actual litigation does not require introduction of evidence or a fact hearing. Many forms of disposition on the pleadings support issue preclusion even though no evidence is offered." Wright & Miller, 18 Fed. Prac. & Proc. Juris. § 4419 (3d ed.).[7]

---

[7] As set forth in the Restatement (Second) of Judgments § 27 (1982):

> When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated within the meaning of this Section. An issue may be submitted and determined on a motion to dismiss for failure to state a claim, a motion for judgment on the pleadings, a motion for summary judgment (see Illustration 10), a motion for directed verdict, or their equivalents, as well as on a judgment entered on a

The issue of Plaintiffs' status as public figures was "properly raised" in defendants' Christopher Steele and Orbis's Special Motion to Dismiss and was vigorously litigated by Plaintiffs in their briefs in the Superior Court. *See* Ex. 8, Defs.' Mem. in Supp. of Special Mot. to Dismiss; *see also* Ex. 10, Defs.' Reply, at 10-12 (arguing that Plaintiffs "Are Definitely Public Figures"); Ex. 9, Pls.' Mem. Pts. & Auths. In Opp. to Special Mot. to Dismiss, at 16; *see id.* at 16-21 (setting out Plaintiffs' arguments that they are not public figures for purposes of the statements in CIR 112).

In the wake of the Superior Court's dismissal, the D.C. Court of Appeals rejected Plaintiffs' arguments that they are private figures and agreed with the Superior Court that Plaintiffs are public figures for purposes of the statements in CIR 112. *Fridman v. Orbis Bus. Intelligence Ltd.*, 229 A.3d at 508-509 (citing the extensive factual record and holding that "we agree with the trial court that appellants are limited-purpose public figures with respect to the speech at issue").

Plaintiffs' status as public figures for purposes of CIR 112 was therefore an issue properly raised and submitted for determination to the Superior Court and the D.C. Court of Appeals.

3) *That Issue Was Determined by a Valid, Final Judgment on the Merits.*

Preclusion is appropriate here as to Plaintiffs' status as public figures because the Superior Court's and the D.C. Court of Appeals' judgments deciding the issue are valid, final, and on the merits. *See Montana v. United States*, 440 U.S. 147, 153 (1979) ("[O]nce an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.")

---

verdict. A determination may be based on a failure of pleading or of proof as well as on the sustaining of the burden of proof.

"A judgment is valid when it was rendered by a court of competent jurisdiction." *Bryson v. Gere*, 268 F. Supp. 2d at 59. There is no dispute that the Superior Court and the D.C. Court of Appeals had jurisdiction over Plaintiffs' lawsuit, and thus both judgments are *valid* for purposes of issue preclusion.

The courts' judgments dismissing Plaintiffs' case under the Anti-SLAPP statute with prejudice are also *final*. "To be final, and therefore reviewable, an order must dispose[ ] of the whole case on its merits so that the court has nothing remaining to do but to execute the judgment or decree already rendered." *Davis v. Davis*, 663 A.2d 499, 502–03 (D.C. 1995) (quoting *Dyer v. William S. Bergman & Assocs.,* 635 A.2d 1285, 1287 (D.C. 1993)). The Superior Court dismissed the case with prejudice, disposing of the entire case on its merits. *Khan*, No. 2018 CA 002667 B, 2018 WL 11232420. Plaintiffs appealed and the D.C. Court of Appeals affirmed the Superior Court judgment, *Fridman v. Orbis Bus. Intelligence Ltd.*, 229 A.3d 494, in another final judgment deciding the public figure issue. The United States Supreme Court denied Plaintiffs' petition for a writ of *certiorari. Fridman v. Orbis Business*, No. 20-693, 2021 WL 78212 (S. Ct. Jan. 11, 2021). Plaintiffs' entire companion case in Superior Court has been disposed of, and there is nothing remaining for any court to do.

The Superior Court and D.C. Court of Appeals judgments, moreover, were final judgments *on the merits*. The courts dismissed Plaintiffs' case with prejudice and "'reache[d] and determine[d] the real or substantial grounds of action or defense as distinguished from matters of practice, procedure, jurisdiction or form.'" *Peavey v. United States*, 128 F. Supp. 3d 85, 93 (D.D.C. 2015) (quoting *Sheppard v. D.C.*, 791 F. Supp. 2d 1, 7 (D.D.C. 2011)), *aff'd,* No. 15-5290, 2016 WL 4098768 (D.C. Cir. July 12, 2016). The "likely to succeed on the merits" standard for the D.C. Anti-SLAPP Act "ensur[es] early judicial review of the legal sufficiency of the evidence."

*Competitive Enter. Inst. v. Mann*, 150 A.3d 1213, 1233 (D.C. 2016), *as amended* (Dec. 13, 2018).

Here, both the Superior Court and the D.C. Court of Appeals reviewed the evidence to determine

whether Plaintiffs' claim was "likely to succeed on the merits." D.C. Code § 16-5502(b). They

held that it was not. *Khan*, No. 2018 CA 002667 B, 2018 WL 11232420, at *11; *Fridman v. Orbis

Bus. Intelligence Ltd.*, 229 A.3d at 504-511.

The judgments are therefore on the merits. *See Lamont v. Proskauer Rose, LLP*, 881 F.

Supp. 2d 105, 114 (D.D.C. 2012) (a judgment dismissing a complaint without leave to replead,

based on statute of limitations grounds and failure to state a claim, was a final judgment on the

merits entitled to preclusive effect); *see also Wilson v. Hart*, 829 A.2d at 514 (agency's dismissal

was with prejudice and on the merits—not based on lack of jurisdiction or standing—and thus

entitled to preclusive effect); *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) (a ruling to

dismiss a case for failure to state a claim is "a ruling on the merits with res judicata effect.");

*Donovan v. U.S. Postal Serv.*, 530 F. Supp. 894, 898 (D.D.C. 1981) (dismissal with prejudice by

stipulation is a valid judgment on the merits entitled to preclusive effect); *Haynes v. Hanson*, No.

11-CV-05021-JST, 2013 WL 1390387, at *4 (N.D. Cal. Apr. 4, 2013) (holding that a California

anti-SLAPP order is an "adjudication on the merits" and noting that "California courts have

recognized that an anti-SLAPP order involves 'consideration of the substantive merits of the

plaintiff's complaint.'") ), *aff'd*, 695 F. App'x 317 (9th Cir. 2017) (internal quotation marks and

citation omitted); *c.f.*, *McAlister v. Potter*, 843 F. Supp. 2d 117, 121 (D.D.C. 2012) (dismissal

without prejudice was not a "final judgment on the merits" for purposes of res judicata).

*4)  Plaintiffs Had a Full and Fair Opportunity to Litigate.*

Plaintiffs briefed the issue of public figure before the D.C. Superior Court and briefed and

argued the issue of public figure before the D.C. Court of Appeals, and thus have had a full and

fair opportunity to litigate the issue of their public figure status. *See Amore ex rel. Estates of Amore v. Accor, S.A.*, 484 F. Supp. 2d 124, 129 (D.D.C. 2007) (holding that plaintiff "fully" litigated the issue of forum non conveniens in the prior proceeding because the plaintiff briefed and argued the issue in response to the defendant's motion to dismiss) (*sua sponte* dismissing the case against one of the defendants as barred by issue preclusion).

Plaintiffs twice briefed the Superior Court on the public figure issue and supported their opposition with an affidavit and exhibits. *See* Ex. 9, Pls.' Mem. Pts. & Auths. In Opp. to Special Mot. to Dismiss, at 16-21; Ex. 6, Pls. Mem. Pts. & Auths. In Opp. to 12(b)(6) motion to dismiss at 18-24. Plaintiffs also twice briefed the D.C. Court of Appeals on their opposition to being public figures for purposes of CIR 112, *see* Ex. 11, Appellants' Br. at 30-37, Ex. 13, Appellants' Reply Br. at 8-16, and Plaintiffs argued their case before the same court. *See* Ex. 15, Docket, *Fridman v. Orbis Business Intelligence Ltd.*, Case No. 19-cv-919 (D.C. filed Aug. 24, 2018). Both courts addressed the public figure issue.

The D.C. court proceedings here certainly meet the procedural requirements of due process, which is all that is required for the "full and fair opportunity to litigate" element of issue preclusion. *Youngin's Auto Body v. D.C.*, 775 F. Supp. 2d 1, 8 (D.D.C. 2011) (holding that District of Columbia Court of Appeals' refusal to consider the plaintiff's preemption argument, because the plaintiff failed to raise the argument below, did not deprive the plaintiff of a full and fair opportunity to litigate the claim; the plaintiff had the opportunity to litigate that claim at the agency level and failed to do so) (holding that claim preclusion barred the plaintiff's case in the D.D.C.) (citing *Kremer v. Chem. Constr. Corp.,* 456 U.S. at 481). *See also B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. at 158 ("Procedural differences, by themselves, however, do not defeat issue preclusion. . . . Rather than focusing on whether procedural differences exist—they often will—

the correct inquiry is whether the procedures used in the first proceeding were fundamentally poor, cursory, or unfair.") (holding that differences between the Trademark Trial and Appeal Board and federal court did not warrant denial of preclusive of effect of TTAB decision); *Porter v. Shah*, 606 F.3d 809, 814 (D.C. Cir. 2010) (rejecting the plaintiff's argument that he had not received a full and fair opportunity to litigate because he was not afforded discovery or an evidentiary hearing; the plaintiff was permitted to, and did, submit extensive documentary evidence and he was not entitled to discovery or an evidentiary hearing as a matter of right); *Adams v. Trimble*, No. CIV S-11-01360-KJM, 2012 WL 260160, at *11 (E.D. Cal. Jan. 27, 2012) (holding that prior judgment dismissing the case with prejudice under the California Anti-SLAPP statute was res judicata "regardless of whether the state appellate court reached the correct conclusion about the applicability of the anti-SLAPP statute," and rejecting the plaintiff's argument that he did not have a full and fair opportunity to litigate).

Having now litigated whether they are public figures for purposes of CIR 112 before two courts, both of which considered the evidence, addressed the issue explicitly, and found Plaintiffs' arguments unavailing, Plaintiffs cannot complain that they did not have a full and fair opportunity to litigate. "The fundamental requisite of due process of law is the opportunity to be heard," *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citation omitted), and Plaintiffs have been heard, through their numerous briefs, documentary evidence, and oral argument. Plaintiffs cannot complain that they did not have "timely and adequate notice" of the lawsuit, *id.*, as they vigorously litigated the case in the D.C. courts. Moreover, their briefs and oral argument show that they had "an effective opportunity to defend by confronting any adverse witnesses and by presenting [their] own arguments and evidence orally." *Id.* at 268. The judgments

by which the D.C. courts found Plaintiffs to be public figures would be preclusive in the D.C. courts and thus must be accorded the same preclusive effect here.

5) *The Determination That Plaintiffs Are Limited Purpose Public Figures Was Essential to the Superior Court and D.C. Court of Appeals Judgments.*

Plaintiffs' public figure status was a threshold question the courts had to answer *first* in order to establish Plaintiffs' burden of proof for their defamation claim. The determination of that issue was therefore essential to the final judgments. This element of issue preclusion—that the determination was essential to the judgment—"serves to prevent preclusion based on mere dictum or other portions of the judgment which were not necessary to the judgment." *Bryson v. Gere*, 268 F. Supp. 2d at 60.

The Superior Court explained that in considering a special motion to dismiss under the Anti-SLAPP Act, "the court evaluates the likely success of the claim by asking whether a jury properly instructed on the applicable legal and constitutional standards could reasonably find that the claim is supported in light of the evidence that has been produced or proffered in connection with the motion." *Khan*, No. 2018 CA 002667 B, 2018 WL 11232420, at *2 (quoting *Competitive Enterprise Inst. v. Mann*, 150 A.3d at 1232). The Superior Court thus had to determine whether Plaintiffs are public figures in order to determine the "applicable legal and constitutional standards," to use in evaluating the likely success of Plaintiffs' claims, *i.e.,* whether Plaintiffs must prove whether the defendants acted with actual malice or negligence. *Id.* at *9. Therefore, the Superior Court's determination that Plaintiffs are public figures was essential to its judgment dismissing the case under the Anti-SLAPP statute. *See Id.* ("Because Defendants' speech concerned a matter of public concern and Plaintiffs are limited-purpose public figures, Plaintiffs would have the burden at trial to prove by clear and convincing evidence that Defendants acted with actual malice."). As a result of the court's finding that Plaintiffs are public figures for purposes

of CIR 112, the court determined that Plaintiffs had the burden of "offer[ing] evidence that a reasonable jury could find to be clear and convincing proof that Defendants knew that facts stated in, or reasonably implied by, CIR 112 were false or that they published CIR 112 with reckless disregard of the falsity of these stated or implied facts." *Id.* Because Plaintiffs did not meet that burden of proving actual malice, the court dismissed the case with prejudice.

The D.C. Court of Appeals' decision that Plaintiffs are limited-purpose public figures likewise was essential to its judgment. The D.C. Court of Appeals explained that "[t]he standard against which we measure the defendant's fault in publishing turns upon whether the plaintiff is a public or a private figure." *Fridman v. Orbis Bus. Intelligence Ltd.*, 229 A.3d at 504. Determining whether Plaintiffs are public figures for purposes of CIR 112 was thus essential to determining "the standard against which we measure defendant's fault in publishing." *Id.* The Court affirmed the grant of the special motion to dismiss because the limited-purpose public figure Plaintiffs "failed to proffer evidence capable of showing by the clear and convincing standard that appellees acted with actual malice." *Id.* at 511.

The findings that Plaintiffs are limited-purpose public figures was necessary to the judgments of both courts.

## CONCLUSION

Accordingly, based on issue preclusion, Defendants are entitled to judgment as a matter of law that Plaintiffs are limited purpose public figures for purposes of this lawsuit.


Dated: February 5, 2021


By: _____/s/ Joshua A. Levy_____

Joshua A. Levy (D.C. Bar No. 475108)
Rachel M. Clattenburg (D.C. Bar No. 1018164)

LEVY FIRESTONE MUSE LLP
1701 K St. NW, Suite 350
Washington, DC 20005
Tel: (202) 845-3215
Fax: (202) 595-8253
jal@levyfirestone.com

*Counsel for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 5, 2021, I caused the foregoing and supporting exhibits,

declaration, and Rule 7(h)(1) statement to be served on all counsel of record via CM/ECF.


*/s/* Joshua A. Levy
Joshua A. Levy