# Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN,<br><br>            Plaintiffs,<br><br>    v.<br><br>BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON,<br><br>            Defendants. | Civil Case No. 1:17-cv-2041-RJL |

**DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Bean LLC a/k/a Fusion GPS and Glenn Simpson ("Defendants") hereby propound the following interrogatories upon Plaintiffs Mikhail Fridman, Petr Aven, and German Khan. These Interrogatories are to be answered separately by each Plaintiff, fully in writing and under oath, within thirty (30) days of service.

**INSTRUCTIONS**

1.  These Interrogatories are propounded pursuant to Rule 33 of the Federal Rules of Civil Procedure, which requires that they be signed and answered under oath. Where the name or identity of a person is requested, please state the person's full name, present or last known address, and his or her title or job function and present or last known place of employment. Where the identity of a document is requested, please state the (a) type of document; (b) general subject matter; (c) date of the document; (d) the custodian; and (e) author(s), addressee(s), and recipients. Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the events and occurrences mentioned or complained of in the Pleadings.

1

2.      Knowledge or information of a party shall include that of the party's agents, representatives, and unless privileged, attorneys.

3.      If you object to any interrogatory, you must state the reason for the objection with specificity as required by Rule 33. If you object to a portion of an interrogatory, you must specify the portion or portions of the interrogatory to which the objection is directed, and you must provide a response to any unobjectionable portion.

4.      Objections made to any interrogatory must be signed by the person or attorney making them.

5.      Each Plaintiff must respond to each Interrogatory separately.

6.      In answering these interrogatories, each Plaintiff is required to make full and complete answers.  Each Plaintiff must include in its answers all information that is known or that is available to it, including any and all information that it can obtain from (a) making inquiry of its principals, agents, employees, attorneys, representatives, any persons acting or purporting to act on its behalf, and any other persons in active concert and participation with it or with them, whether past or present and without regard to whether or not their relationship with it currently exists or has been terminated, and (b) making examination of any and all documents or tangible things in its possession, custody, or control that in any way refer to or relate to the information sought by these interrogatories.

7.      Each interrogatory is to be construed as asking for the source of any information provided in each Plaintiff's answer thereto, including the identification of each person from whom it obtained any information provided in its answer and a description of any documents or tangible things relied upon by it in making its answer.  Unless otherwise specifically so stated in his answer, each Plaintiff's answer will be deemed to be a statement by the Plaintiff based on his own

knowledge.

8. If you contend that it would be unreasonably burdensome to obtain and provide all the information called for in response to any interrogatory, you should:

    a. set forth all information that is available without unreasonable burden; and

    b. describe with particularity the efforts made to secure any information the provision of which you claim would be an unreasonable burden.

9. If, in answering these interrogatories, you encounter any vagueness or ambiguity in construing either the interrogatory or a definition or instruction relevant to the inquiry contained within the interrogatory, set forth the matter deemed vague or ambiguous and set forth the construction chosen or used in answering the interrogatory.

10. Plaintiffs are specifically requested pursuant to Rule 26(e) to supplement reasonably all of their answers to these Interrogatories to include any information acquired by each Plaintiff after the date of your answer.

## DEFINITIONS

1. "You" and "your" mean Plaintiffs Mikhail Fridman ("Fridman"), Petr Aven ("Aven") or German Khan ("Khan") and any agents, attorneys, representatives, employees or persons or entities acting for or on behalf of Plaintiffs, or in concert with Plaintiffs. When documents or things are requested, such requests include information or materials in the possession, custody or control of your agents, attorneys, representatives, employees or other persons acting on your behalf.

2. "This action" and "this litigation" mean the action captioned on the first page of these interrogatories.

3. "Defendants" means Bean LLC a/k/a Fusion GPS ("Fusion GPS") and Glenn Simpson ("Simpson") including without limitation their agents, attorneys, employees and representatives.

4. "Complaint" means the Amended Complaint filed by Plaintiffs to commence this action (Dkt. No. 17).

5. "Dossier" means the 35-page document file first described in Paragraph 1 of the Complaint.

6. "Alfa" means the conglomerate of entities described in Paragraph 1 of the Complaint as an umbrella term used to describe a number of entities in which Plaintiffs hold significant beneficial interests, and any agents, attorneys, representatives, employees or other persons or entities acting for or on behalf of such entities, or in concert with them.

7. "Other Entities" means all other entities that are not part of Alfa and that are owned or controlled, directly or indirectly, by Plaintiffs and any agents, attorneys, representatives, employees, or other persons or entities acting for or on behalf of such entities, or in concert with them. For purposes of this definition, "controlled" does not require the investor to be a majority shareholder, as an investor need not own a majority of shares in a company to be considered a controlling shareholder.

8. "Mueller Report" means the Report entitled, "Report on the Investigation into Russian Interference in the 2016 Presidential Election," by Special Counsel Robert S. Mueller, III, and comprising two volumes. A copy is located here: https://www.justice.gov/storage/report.pdf

9. The term "Trump Transition Team" means Donald J. Trump's presidential transition team for 2016 through January 20, 2017, and anyone or any entity known or suspected

by you to be acting for or on behalf of it, or in concert with it, including any of their agents, attorneys, employees, contractors, and representatives.

10. The term "Trump Campaign" means Donald J. Trump's presidential campaign and anyone or any entity known or suspected by you to be acting for or on behalf of it, or in concert with it, including any of their agents, attorneys, employees, contractors, and representatives.

11. The term "person" means any natural person or any corporation, association or other legal or governmental entity.

12. The term "document" means:

(a) all writings of any kind and in electronic or paper form (including the original and non-identical copies, whether different from the originals by reason of any notations made on such copies or otherwise), including, without limitation, correspondence, e-mail, WhatsApp messages, Signal messages, Slack messages, or other instant messages or text messages, social media communications, encrypted apps and e-mail systems, unencrypted apps and e-mail systems, or other instant or text messages, notes, invoices, statements, checks, check stubs, forms, applications, records, returns, summaries, books, diaries, intraoffice communications, telegrams, studies, analyses, reports, results of investigations, contracts, ledgers, books of account, settlement sheets, working papers, cost-sheets, estimates, telephone records, stenographer's notebooks, desk calendars, appointment books, time sheets or logs, maps, computer data, job or transaction files, daily job reports, field reports, meeting notes, papers similar to any of the foregoing, notations constituting or reflecting oral, written and electronic communications and all drafts, alterations, modifications, changes and/or amendments of any of the foregoing;

(b) all graphic, video or audio records or representations of any kind including, without limitation, photographs, charts, plans, drawings, microfiche, microfilm, videotape, recordings and motion pictures; and

(c) all electronic, mechanical or electrical records or representation, whether transcribed or not, including, without limitation, emails and any and all other forms of electronic messages, tapes, cassettes, discs, compact discs, computer diskettes and tape recordings.

13. The term "all documents" means every document as above defined which can be located or discovered by reasonably diligent efforts. If more than one version or copy of a document exists and any such version or copy bears markings or notations which are not on other versions or copies of the document, each such version or copy is included within the meaning of the term "document."

14. The term "communications" means any verbal or written transmittal of information (in the form of facts, ideas, inquiries, or otherwise) between two or more persons including, without limitation, correspondence, email communication, messages, social media messaging and chats, social media postings, encrypted app communications (*e.g.*, WhatsApp, Signal), telephone conversations, other conversations, discussions, meetings, conferences and other such activities or occurrences whereby thoughts, opinions, or data are transmitted between two or more persons.

15. The term "concern" or "concerning" means comprising, indicating, concerning, describing, evidencing, discussing, constituting, involving, reflecting, referring to, relating to or otherwise having anything to do with the subject material of the request in any way whatsoever.

16. The terms "identify," "describe," or "description":

(a) when used with respect to a natural person, shall mean the legal and any

other name used by such person, residential address, phone number, occupation, employer, job title and business address;

(b)     when used with respect to an entity, shall mean (i) the legal name of the entity, (ii) all trade or other names under which the corporation does business, (iii) the principal place of business of the entity, (iv) the name of the jurisdiction in which it is incorporated, (v) the place at which the business records of the entity are maintained, and (vi) the name and business address of the keeper of the records of the entity;

(c)     when used with respect to a document, shall mean (i) its customary name or description and identifying number, if any, (ii) the date of the document, (iii) the identity of each person or entity who prepared the document, (iv) the identity of each person or entity who received the document or any copy thereof, (v) the identity of each person or entity who has possession, custody, or control of the document or any copy thereof; and

(d)     with respect to a communication: the type of communication (e.g. letter, telephone conversation, meeting, etc.), the date of the communication, the mode of communication, and the identity of all parties to the communication, including anyone who might have overheard the communication, and the substance of the communication.

(e)     With respect to real property: the address of the property, when the property was purchased, how much was paid for it, its current valuation, and the identity of the current owners.

(f)     With respect to transferred funds: the date of the transfer, the amount of the

transfer, the identity of the transferor, the source of the funds, the sending and receiving accounts, the purpose of the transfer.

17. Use of the singular includes the plural. The use of the plural includes the singular.

18. As used herein, the term "and" shall mean "and" as well as "or."

19. As used herein, the term "or" shall mean "or" as well as "and."

20. Unless otherwise specified, the relevant time period for these Interrogatories is January 1, 1990 through the present.

## INTERROGATORIES

**Interrogatory No. 1:** Identify all persons who are believed or known by you to have information concerning any of the allegations in the Complaint, and for each state the subject matter of their knowledge.

**Interrogatory No. 2:** Identify all of the specific statements of and concerning you that you allege in this action amount to defamation by the Defendants and for each of those statements, explain the alleged defamatory meaning of the statement as it applies to you.

**Interrogatory No. 3:** For each of the statements identified by you in your Answer to Interrogatory No. 2, identify each and every publication of the statement that you allege caused you harm, specifying the date of the alleged publication, manner of the alleged publication, who made the publication, and the person or persons to whom the publication was made.

**Interrogatory No. 4:** For each of the statements identified by you in your Answer to Interrogatory No. 2, identify all facts supporting your allegation that the statement, as it applies to you, is false and defamatory, and identify all persons who have knowledge or information of such facts.

**Interrogatory No. 5:** With respect to the facts identified in your Answer to Interrogatory No. 4, identify all documents that refer or relate to or contain information concerning those facts, or upon which you rely to show those facts.

**Interrogatory No. 6:** Identify all communications between you and Vladimir Putin. For each such communication, identify the date, topic(s), duration, method of communication (*e.g.*, in-person meeting, phone, e-mail, text message, social media, encrypted messaging, letter, memorandum, telegram), participants in the communication, and physical address (if an in-person meeting).

**Interrogatory No. 7:** Identify any tangible or intangible thing of value that Vladimir Putin or his representatives provided directly or indirectly to any of you. Identify for each item the name of the thing of value, its present value in US dollars, and the date of the transaction.

**Interrogatory No. 8:** Identify any tangible or intangible thing of value that any of you provided directly or indirectly to Vladimir Putin, his family members, or his representatives. Identify for each item the name of the thing of value, its present value in US dollars, and the date of the transaction.

**Interrogatory No. 9:** Identify all consideration or things of value that any of you or a business entity in which you were holding an interest have offered or provided to a government official in any country. Identify for each item the name of the thing of value, its present value in US dollars, the date of the transaction, and all benefits you or the business entity received in exchange.

**Interrogatory No. 10:** Identify all communications, including but not limited to in-person meetings, phone conversations, and video teleconferences, between any of you and any of the following: any US government official; any representative of the Republican Party; any representative of the Trump Campaign; any representative of the Trump Transition Team; or any representative of the government of Ukraine. For each such communication, identify the date, topic(s), duration, physical address if an in-person communication, method of communication (*e.g.*, phone, e-mail, text message, social media, encrypted messaging, letter, memorandum, telegram), and the participants in the communication.

**Interrogatory No. 11:** Provide your estimated net worth and the estimated net worth of Vladimir Putin and explain, with particularity, how you and Putin accrued those fortunes, identifying the source, location, and value of each of your and Putin's significant assets and holdings.

**Interrogatory No. 12**: Identify every company in which any of you own a financial stake of at least 5 percent, and/or for which you have performed professional services and have been compensated between January 1, 2010 and the present (whether as an officer, director, employee, consultant, independent contractor or otherwise). For each company, identify the value of your ownership interest, and/or the dates during which you were so compensated, and provide a specific description of your duties and responsibilities in each instance.

**Interrogatory No. 13:** Identify every bank or financial institution (and its location) where any of you has an account, or from which you have sought a loan or other financing, whether such financing was granted, and the dates of such application and decision.

**Interrogatory No. 14:** Identify each and every instance in which you have been mentioned, identified, interviewed, referred to, or quoted in, or credited as the author of, any book, magazine, newspaper, press conference, speech, public statement, podcast, blog, television or radio program, or on the Internet.

**Interrogatory No. 15:** Identify all press conferences, speeches, public statements, or interviews you have given or held, and each and every instance in which you have communicated with a reporter, journalist, news organization, television or radio broadcaster or producer, or podcast host or producer.

**Interrogatory No. 16:** Identify all individuals subject to sanctions by the United States under the Global Magnitsky Human Rights Accountability Act or the Sergei Magnitsky Rule of Law Accountability Act of 2012 with whom you have communicated and/or engaged in business dealings. The list of individuals subject to these sanctions is available at https://sanctionssearch.ofac.treas.gov/ (select program as "MAGNIT" and "GLOMAG").

**Interrogatory No. 17:** Identify all awards, accolades, or other recognitions you have received from any civic, political, charitable, religious, business, cultural, military, police, social, educational, governmental, non-profit, or professional organization.

**Interrogatory No. 18:** Identify all public events, including sporting events, and charitable donations that Alfa, any Other Entities, or any of you have made, sponsored or otherwise financed, in whole or in part.  For each event or organization, identify the date and amount of the contribution.

**Interrogatory No. 19**: Identify all individuals and/or entities whom you, Alfa or the Other Entities have contracted or otherwise tasked to conduct government or public relations in any country and/or to respond on your behalf to press inquiries, public appearance requests, requests for your attendance at meetings, or other public relations matters, and state whether it was you, Alfa or one of the Other Entities that tasked or contracted the identified individual or entity.

**Interrogatory No. 20:** For each element of damage that you claim in this action, including, but not limited to, the injuries claimed at Paragraphs 10 and 33 of the Complaint, identify separately and with specificity the complete nature of your injury, the amount of damage and how you calculate it, all facts relating to or supporting the allegation of injury, and all documents that refer or relate to, contain information concerning, or upon which you rely to show the damages you claim in this action.

**Interrogatory No. 21:** Identify all legal actions, lawsuits, or arbitrations to which you are or have been a party, whether civil or criminal, and/or in which you have testified. For each action, suit, or arbitration, provide the caption, the court or forum in which it was brought, the nature of the allegations at issue, and the outcome.

**Interrogatory No. 22:** Identify (a) all instances in which criminal charges were made or brought against you and/or any entity you own in whole or in part, in any jurisdiction, and (b) identify each and every investigation by law enforcement authorities or other governmental entities regardless of whether or not charges were filed against any of you or the disposition of any such charges or investigation, in which you have been involved either as a defendant, subject or target of investigation.

**Interrogatory No. 23**: Identify all public controversies for which you have engaged Kroll Associates or any other investigations firm, including but not limited to the Vimpelcom bribery investigations, the IPOC case, the Telenor disputes, and the dispute with Vladimir Yakunin.

**Interrogatory No. 24:** Identify all instances in which you have attempted to obtain government banking licenses worldwide, including but not limited to Ukraine, the United Kingdom, and the United States.

**Interrogatory No. 25:** Identify each person – other than counsel of record in this action – who answered these Interrogatories or contributed information used to answer these Interrogatories and identify specifically what information each person contributed to each answer.

Dated:  October 11, 2019

By: */s/* Joshua A. Levy
Joshua A. Levy
Rachel M. Clattenburg
Cunningham Levy Muse LLP
1401 K Street, NW, Suite 600
Washington, DC  20005
Tel: 202-261-6564

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 11, 2019, I served the foregoing Interrogatories by e-mail on the following counsel of record:

Alan S. Lewis, Esquire
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel: (212) 238-8647
Lewis@clm.com

Kim Hoyt Sperduto, Esquire
SPERDUTO THOMPSON PLC
1133 Twentieth Street, NW
Second Floor
Washington, D.C. 20036
Tel: (202) 408-8900
ksperduto@sperdutothompson.com

                                                                            /s/ Joshua A. Levy
                                                                            Joshua A. Levy