# Exhibit 3

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Columbia

| | |
|---|---|
| Mikhail Fridman et al. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    1:17-cv-02041-RJL |
| Bean LLC et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      Peter Fritsch, 1700 Connecticut Ave., Suite 400, Washington, D.C. 20009

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

     See Schedule A.

| Place: Sperduto Thompson & Gassler PLC<br>1747 Pennsylvania Ave., NW, Suite 1250<br>Washington, DC 20006 | Date and Time:<br><br>11/19/2020 10:00 am |
|---|---|

The deposition will be recorded by this method:    video and stenographic means

❏ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/23/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s Alan Lewis |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
_____ , who issues or requests this subpoena, are:

Alan Lewis, Esq., Carter Ledyard & Milburn LLP, 2 Wall Street, New York, NY 10005, lewis@clm.com, (212) 732-3200

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:17-cv-02041-RJL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## INSTRUCTIONS AND DEFINITIONS

1.      The provisions and definitions contained in the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the District of Columbia are incorporated by reference as if fully set forth herein.

2.      The use of the singular form of any word includes the plural and vice versa.

3.      The masculine includes the feminine and neutral genders, and vice versa.

4.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these topics all subjects that might otherwise be construed to be outside of its scope.

5.      The use of the terms "any" and "all" shall be construed to mean "any and all" as necessary to bring within the scope of these topics all subjects that might otherwise be construed outside of its scope.

6.      The term "including" shall not be construed as a limiting phrase but, rather, shall be construed to mean "including, without limitation."

7.      Each of the words "discussing," "reflecting," "concerning," "relating," "involving," "evidencing," or "referring" shall have common meanings and shall include indirect as well as direct references to the subject matter.

8.      The word "each" includes the word "every" and "every" includes the word "each."

9.      The use of a verb in any tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of these topics all subjects that might otherwise be construed to be outside of its scope.

9669009.2

-2-

10.    The "Action" means the above-captioned litigation, including all pleadings and proceedings filed or had therein.

11.    "Plaintiffs" means, collectively, Mikhail Fridman, Petr Aven, and German Khan.

12.    "Defendants" means, collectively, Fusion (as defined below) and Glenn Simpson, and any of its or his present or former agents, affiliates, predecessors, successors, assigns, parents, subsidiaries, officers, employees, directors, members, partners, shareholders, consultants, and representatives, or any one or more of the foregoing.

13.    The "Dossier" means the compilation of 17 separate memoranda or reports, totaling 35 pages, prepared by Christopher Steele, as described in Paragraphs 1 and 2 of the Complaint in the Action, which was published on January 10, 2007 by BuzzFeed along with, and referenced in, an article entitled "These Reports Allege Trump Has Deep Ties to Russia."

14.    Company Intelligence Report ("CIR 112") refers to any document provided by Orbis and/or Christopher Steele to Defendants during 2016 and whose content mentions Oleg Govorun and/or contains an allegation that Plaintiffs exchanged favors with Vladimir Putin.

15.    "Alfa" means the conglomerate of entities including Alfa-Bank JSC (also known as JSC Alfa-Bank and Alfa-Bank AO), ABH Holdings S.A., Alfa Capital, AlfaStrakhovanie Group, Alfa Asset Management (Europe) S.A., A1, X5 Retail Group, Rosvodokanal Group, and IDS Borjomi International Group, or any of their subsidiaries or affiliates.

16.    "Fusion" means Bean LLC, which does business as or is also known as Fusion GPS, and its and their subsidiaries, affiliates, founders (including Glenn Simpson, Peter Fritsch, and Thomas Catan), employees, or representatives.

17.    "Orbis" means Orbis Business Intelligence Ltd., the London-based firm and any employees or representatives.

18.     "Perkins Coie" means Perkins Coie LLP, its partners and employees, and any persons or entities acting on behalf of or in concert with it.

19.     The terms "person" or "persons" mean natural persons as well as legal entities including, without limitation, firms, companies, proprietorships, corporations, partnerships, limited liability companies, associations, unincorporated associations, and governmental bodies, agencies, and officials and every other type of organization or entity.

20.     The terms "representative" or "representatives" when used in reference to a person, mean any past or present officer, director, partner, associate, member, employee, consultant, agent, subsidiary or affiliate of such persons, and any other person acting on behalf of, or in concert with, such person.

21.     The terms "communication" or "communications" mean the transmittal of data or information (in the form of facts, images, ideas, inquiries or otherwise) by any means or methodology, including (without limitation) any meeting, conversation, discussion, document, correspondence, message, e-mail, note, text message, WhatsApp messages, Slack messages, Signal messages, or other means of transmittal.

22.     The terms "concern" or "concerning" mean discussing, referring to, relating to, or mentioning in any way, whether explicitly or implicitly.

## TOPICS OF EXAMINATION

1.     The engagement by Defendants in 2016 of Orbis and/or Steele.

2.     Defendants' engagement by Perkins Coie in 2016.

3.     Communications and meetings between Defendants, on the one hand, and Steele and/or Orbis, on the other, relating to Plaintiffs, Alfa, CIR 112 or the Dossier.

4.     Communications and meetings between Defendants and Perkins Coie relating to

-4-

Plaintiffs, Alfa, CIR 112 or the Dossier.

5.      Communications and meetings between Defendants and other persons or entities (including government officials or entities, reporters, or news or media organizations) regarding Plaintiffs, Alfa, CIR 112 or the Dossier.

6.      Research conducted and/or used by Defendants regarding Plaintiffs, Alfa, and any other subjects referenced in CIR 112.

7.      Instructions, information and/or requests conveyed by Defendants to Steele and/or Orbis relevant to Plaintiffs, Alfa and/or the drafting or compilation of CIR 112.

8.      The compilation or drafting of CIR 112, including any meetings, communications, notes, research, investigative files, and drafts or different versions of CIR 112.

9.      Efforts to corroborate, verify, or investigate the contents of CIR 112.

10.      The delivery, transmission, or disclosure of CIR 112 or the Dossier to any other persons or entities.

11.      The human or documentary sources for the content of CIR 112 or the Dossier.

12.      The destruction, return, or non-retention of documents relating to CIR 112 or the issues in this Action, including work product, memoranda, source information or analysis, communications with Steele or Orbis, engagement letters or agreements.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 23, 2020, I served the foregoing Subpoena to Testify at a

Deposition by email on the following counsel of record:

Joshua A. Levy (D.C. Bar No. 475108)
**Levy Firestone Muse LLP**
1401 K St. NW, Suite 600
Washington, D.C. 20005
jal@levyfirestone.com
202-261-6564

Dated: June 23, 2020
       New York, New York

By: *<u>/s/ Alan S. Lewis</u>*
       Alan S. Lewis