# Exhibit 11

| From: | Tenaya Rodewald |
|---|---|
| Sent: | Monday, November 2, 2020 2:53 PM CST |
| To: | Lewis, Alan S.; ksperduto@stglawdc.com |
| CC: | Robin Regnier; Dunn, Matthew D.; McDonough, Theodore Y.; Matthew Halgren; James Chadwick |
| Subject: | RE: subpoena to David Corn in connection with Fridman et al. v Bean LLC et al. |
| Attachments: | 2020-11-02 Objections to Nonparty Subpoena to David Corn.pdf |

Counsel,

Please find attached David Corn's objections to Plaintiffs' subpoena in connection with the action *Fridman et al. v Bean LLC et al.*, No. 1:17-cv-02041-RJL.  The same is being served today by U.S. mail.

Best,

**Tenaya Rodewald**
+1 650-815-2664 | direct
TRodewald@sheppardmullin.com

**Sheppard**Mullin

379 Lytton Avenue
Palo Alto, CA 94301-1479
+1 650-815-2600 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Lewis, Alan S. <Lewis@clm.com>
**Sent:** Tuesday, October 27, 2020 6:53 AM
**To:** Tenaya Rodewald <TRodewald@sheppardmullin.com>; ksperduto@stglawdc.com
**Cc:** Robin Regnier <RRegnier@sheppardmullin.com>; Dunn, Matthew D. <MDunn@clm.com>; McDonough, Theodore Y. <McDonough@clm.com>
**Subject:** RE: subpoena to David Corn in connection with Fridman et al. v Bean LLC et al.


Tenaya,

You are correct that service was made on October 19.

Best,

Alan

Alan S. Lewis, Esq.
**Carter Ledyard & Milburn LLP**
2 Wall Street | New York, NY  10005
Direct 212.238.8647 | Fax 212.732.3232
lewis@clm.com | www.clm.com

**From:** Tenaya Rodewald <TRodewald@sheppardmullin.com>
**Sent:** Monday, October 26, 2020 6:20 PM
**To:** Lewis, Alan S. <Lewis@clm.com>; ksperduto@stglawdc.com
**Cc:** Robin Regnier <RRegnier@sheppardmullin.com>
**Subject:** subpoena to David Corn in connection with Fridman et al. v Bean LLC et al.
**Importance:** High

Counsel,

I represent David Corn in connection with the subpoena served by your clients in connection with the matter *Fridman et al. v Bean LLC et al.*, No. 1:17-cv-02041-RJL  It is my understanding that service may have been initially attempted on October 14, 2020, but that this service was not effective.  Rather service was made on October 19, 2020.  If you believe I am incorrect about this, please let me know as soon as possible.

Best,

**Tenaya Rodewald**
+1 650-815-2664 | direct
TRodewald@sheppardmullin.com

**Sheppard**Mullin
379 Lytton Avenue
Palo Alto, CA 94301-1479
+1 650-815-2600 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
*******************************************************
This e-mail message and its attachments are confidential, intended only for the addressee(s) named above and may contain information that is proprietary, privileged, attorney work product or otherwise exempt from disclosure. If you receive this message in error please notify us at postmaster@clm.com and immediately delete this message and its attachments from your system.
*******************************************************

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MIKHAIL FRIDMAN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:17-CV-02041-RJL |
| v. | ) | |
| | ) | |
| BEAN LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

In accordance with Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, Non-party David Corn ("Corn"), objects to the third party subpoena issued to it by Plaintiffs Mikhail Fridman, *et al.* ("Plaintiffs") in the above-captioned case.

## PRELIMINARY STATEMENT

Corn's objections and responses set forth herein ("Responses") to the requests contained in Plaintiffs' subpoena ("Requests") are made without in any way intending to waive or waiving, but to the contrary, intending to preserve and preserving:

1.      The right to object to the use of documents or information produced in response to the Requests in any proceeding in, or the trial of, this or any other action, on any grounds;

2.      The right to object to the introduction of the Responses into evidence;

3.      The right to object on any ground at any time to other discovery involving the subject matter of these Requests or the Responses to these Requests;

4.      The right to demand that any information sought by the Requests be provided only pursuant to a protective order limiting its dissemination and use.

## **GENERAL OBJECTIONS**

The following General Objections apply to each of the Requests.

1.      First and foremost, Corn objects that the information sought by the Requests is protected from compelled disclosure by the Free Flow of Information Act of 1992 (D.C. Code Ann. § 16-4701 through 16-4704, the "FFIA") and the First Amendment. Therefore, none of the information sought by the Requests is subject to disclosure, and the subpoena is improper. The FFIA protects both sources of information and unpublished information: "Except as provided in section 16-4703, no judicial, legislative, administrative, or other body with the power to issue a subpoena shall compel any person who is or has been employed by the news media in a news gathering or news disseminating capacity to disclose: (1) The source of any news or information procured by the person while employed by the news media and acting in an official news gathering capacity, whether or not the source has been promised confidentiality; or (2) Any news or information procured by the person while employed by the news media in the course of pursuing professional activities that is not itself communicated in the news media . . . ." D.C. Code Ann. § 16–4702. The protection provided for sources by the FFIA is absolute. D.C. Code Ann. §§ 16–4702, 16-4703; *Grunseth v. Marriott Corp*., 868 F. Supp. 333, 336 (D.D.C. 1994) ("In sum, the D.C. statute accords total protection to news sources, whether confidential or not, and whether disclosed to others or not."). As to unpublished information, a court may compel disclosure only if "the court finds that the party seeking the news or information established by clear and convincing evidence that: (1) The news or information is relevant to a significant legal issue before a judicial, legislative, administrative, or other body that has the power to issue a subpoena; (2) The news or information could not, with due diligence, be obtained by any alternative means; and (3) There is an overriding public interest in the disclosure." D.C. Code

Ann. §§ 16–4703. The First Amendment also protects Corn from compelled disclosure of the

information sought by the Requests:

> In general, when striking the balance between the civil litigant's interest in compelled disclosure and the public interest in protecting a newspaper's confidential sources, we will be mindful of the preferred position of the First Amendment and the importance of a vigorous press. Efforts will be taken to minimize impingement upon the reporter's ability to gather news. Thus in the ordinary case the civil litigant's interest in disclosure should yield to the journalist's privilege.

*Zerilli v. Smith*, 656 F.2d 705, 712 (D.C. Cir. 1981.) The protection provided by the First

Amendment applies to unpublished, nonconfidential information, as well as to the identities of

sources. *Peck v. City of Bos. (In re Slack)*, 768 F. Supp. 2d 189, 193 (D.D.C. 2011); *e.g.,*

*Goldberg v. Amgen, Inc.*, 123 F. Supp. 3d 9, 16-17 (D.D.C. 2015). Disclosure may be compelled

only if (1) the information sought "goes to the heart of the matter," *i.e.,* is "crucial to [the

litigant's] case," (2) after "the litigant has shown that he has exhausted every reasonable

alternative source of information," and (3) after "weighing the public interest in protecting the

reporter's sources against the private interest in compelling disclosure." *Zerilli*, 656 F.2d at 712-

714. The information sought by the Requests consists entirely of source identities and/or

unpublished information. Corn is protected both by the FFIA and the First Amendment. The

information sought by the Requests does not appear to be relevant, much less crucial, to the

Plaintiffs' case. To the extent that it might arguably be relevant, it would be so only to the extent

that it could be attributed to a specific source, particularly to one or more of the defendants in the

action ("Defendants"). However, the identities of sources are absolutely protected by the FFIA,

so Plaintiffs cannot compel any disclosure that would permit the attribution of any information,

communication, or document sought by the Requests. Therefore, Plaintiffs cannot satisfy the first

criterion imposed by the FFIA and the First Amendment. Furthermore, it is apparent that any

conceivable information sought by the Requests is available from alternative sources, *i.e.,* the

persons and entities referred to in the Requests. It appears that Plaintiffs have made little if any effort to obtain the information sought by the Requests. It is evident that they have not made efforts sufficient to demonstrate that such information is not available from any alternative source. Hence, Plaintiffs have not met and cannot meet the second criterion. Finally, Plaintiffs have not shown and cannot show that their interest in pursuing information of at best dubious relevance, from a journalist who did not mention any of the actual plaintiffs, referred to their putative alter ego Alfa Bank only briefly, and did not publish the "Dossier" at issue in the underlying action or any part of it, justifies trampling on Corn's statutory and First Amendment rights and subjecting him to clearly unwarranted and unduly burdensome discovery. For these reasons, and as further explained in Corn's objections to specific requests, his compliance with the Requests cannot be compelled, the Requests are improper, and Corn therefore objects to each of the Requests.

2.      Corn objects to the Requests on the ground that the discovery it seeks is unwarranted. Plaintiffs have been adjudicated in a final decision of the District of Columbia Court of Appeals to be at least limited purpose public figures for purposes of the statements that form the basis for their claims in this action. *Fridman, et al., v. Orbis Business Intelligence, Ltd.*, 229 A.3d 494 (D.C. 2020). That determination precludes the re-litigation of the issue of Plaintiffs' status as public figures in the underlying action. *See, e.g., Berkery v. Gudknecht*, 763 F. App'x 288, 289 (3d Cir. 2019) (prior determination of plaintiff's status as a public figure was binding in subsequent litigation); *Arpaio v. Robillard*, No. 19-3366, 2020 U.S. Dist. LEXIS 75132, at *7 (D.D.C. Apr. 29, 2020) (prior determination that statements did not defame plaintiff was binding in subsequent litigation). Thus, Plaintiffs must plead and prove actual malice in the underlying action. In addition, in the prior litigation the Court of Appeals found that plaintiffs

had failed to demonstrate that they were likely to obtain through discovery evidence of actual malice. *Fridman, et al., v. Orbis Business Intelligence, Ltd.*, 229 A.3d at 511-513. This holding addressed Plaintiffs' claim that they were entitled to the same type of information sought by the Requests. *Id.*, at 513. Therefore, the Requests and the burden and expense Plaintiffs seek to impose and are imposing on Corn are unwarranted.

3.      Corn objects to the Requests to the extent that they seek documents that are not within Corn's possession, custody, or control, and impose obligations on Corn to provide documents outside of his possession, custody, or control.

4.      Corn objects to the Requests to the extent that they are overly broad, unduly burdensome, or seek to impose upon Corn an undue expense or burden that Plaintiffs should properly bear. In particular, Corn objects that in serving the subpoena including the Requests, Plaintiffs have failed to take reasonable steps—or, indeed, any steps—to avoid imposing undue burden or expense on him. The Requests violate at least Federal Rule of Civil Procedure 45 ("Rule 45"), section (d)(1).

5.      Corn objects to the Requests to the extent they are vague, ambiguous, contain words or phrases that are confusing, or lack sufficient definition to permit Corn to understand the nature and scope of the information sought. By responding to the Requests, Corn does not adopt any meaning Plaintiffs may intend or have in mind, and Corn expressly reserves the right to object to the use of any response that mischaracterizes or takes Corn's response out of context or attempts to apply the response to any interpretation or definition of a particular inquiry other than his own.

6.      Corn objects to the Requests to the extent they call for information that is already in the possession of or equally available to Plaintiffs or their counsel, including but not limited to

documents available from government agencies, regulatory bodies, court files, the internet, or commercial industry sources, or parties to the litigation.

7.      Corn objects to the Requests to the extent they request documents or information that are proper party discovery and with which Corn, as a non-party, should not be burdened.

8.      Corn objects to the Requests to the extent they call for disclosing information that is protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable claim of privilege or legal protection, in addition to the privileges and protections afforded by the FFIA and the First Amendment. Inadvertent disclosure of any document or information subject to any applicable privilege or protection, including but not limited to the attorney-client privilege, work-product doctrine, FFIA, or First Amendment protection, is not intended to be, and shall not operate as, a waiver of any such privilege or protection, in whole or in part.

9.      Corn objects to the Requests to the extent they call for, or can be interpreted as calling for, legal conclusions, to the extent they assume as factually established any disputed issues, or are phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper.

10.      Corn objects to the Requests to the extent they seek information or documents the production of which without appropriate safeguard would violate privacy rights protected by any applicable privacy laws, statutory or common law, confidentiality agreements, arrangements or understandings between or among Corn or other persons, or court or agency orders, regulations, or procedures restricting or prohibiting the disclosure of particular information or documents. Corn further objects to the Requests to the extent they require the disclosure of information that

would infringe upon the contractual or privacy rights and expectations of himself or others, to the extent that such rights or expectations are protected by law or public policy.

11.     Corn objects to the Requests, and to the "Instructions and Definitions" ("Instructions") therein, to the extent they seek to create any obligation to provide information in a manner not required under the Federal Rules of Civil Procedure, local rules of Court, or other applicable law, rule, or regulation.

12.     Corn objects to the requirements of paragraph 3 of the Instructions, and in particular the purported requirement that documents be produced "with information indicating their source (e.g., the person(s) from whom the documents were obtained)." As explained above, the source(s) of any information or documents are absolutely privileged under FFIA, and are also protected by the First Amendment.

13.     Corn objects to paragraphs 5 and 6 of the Instructions in their entirety, as they would impose undue burden and expense on a non-party. To the extent Corn is required to respond to any Request by an appropriate Court order, Corn will produce electronically stored information in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms. Corn further objects to the Requests and to paragraph 5 of the Instructions to the extent they seek to impose a duty on him to obtain or provide electronically stored information that is not reasonably accessible due to undue burden or expense.

14.     Corn objects to the requirements of paragraphs 7, 9 , 10 , 11, 12 and 13 of the Instructions because they are overly broad and unduly burdensome, exceed what is required by the Federal Rules of Civil Procedure, are disproportionate to the needs of the case, and seek to impose upon Corn an undue expense or burden in violation of Rule 45.

15.     Corn objects to paragraphs 15, 16, 17, 18, 19, 20, and 21 of the Instructions as vague and ambiguous, and as imposing requirements that would result in undue burden and expense.

16.     Corn objects to the definitions contained in paragraphs 23, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, and 37 of the Instructions as vague and ambiguous, and as imposing requirements that would result in undue burden and expense. In addition, Corn objects to the following definitions on the additional grounds stated:

- The terms "you," "your," and "yourself" are defined in a manner that is vague and ambiguous, and that is calculated to and would impose undue burden and expense on Corn, including by requiring him to search for, identify, and disclose privileged communications and private communications that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, by purporting to include others acting "in concert with" Corn, the definition is vague and ambiguous and appears to demand that Corn respond on behalf of unspecified other persons that Corn cannot reasonably identify, and to disclose documents and communications not in Corn's possession, custody or control.

- The Term "Defendants" is defined in a manner that is vague and ambiguous, and that is calculated to and would impose undue burden and expense on Corn, including by requiring him to speculate as to who might be considered to be a "Defendant" for purposes of the request and to search for, identify, and disclose documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

- The Term "Dossier" is vague and ambiguous, including because Corn cannot determine whether it is limited to the specific document enclosed with the subpoena.

- The term CIR 112 is vague and ambiguous, including because Corn cannot determine whether it is limited to the specific document enclosed with the subpoena.

- The term "Alfa" is vague and ambiguous, and is calculated to and would impose undue burden and expense on Corn, including because it is defined to include unspecified entities and would force Corn to speculate as to the entities that might constitute part of "Alfa" for purposes of the requests and/or perform extensive investigation and research in order to make that determination.

- The Term "Fusion" is defined in a manner that is vague and ambiguous, and that is calculated to and would impose undue burden and expense on Corn, including by requiring him to speculate as to persons or entities that might be considered subsidiaries, affiliates, founders, employees, or representatives of Bean LLC or perform extensive investigation and research in order to make that determination, and to search for, identify, and disclose documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

- The Term "Orbis" is defined in a manner that is vague and ambiguous, and that is calculated to and would impose undue burden and expense on Corn, including by requiring him to speculate as to persons or entities that might be considered employees or representatives of Orbis Business Intelligence Ltd. or perform extensive investigation and research in order to make that determination, and to

search for, identify, and disclose documents that are neither relevant nor
reasonably calculated to lead to the discovery of admissible evidence.

- The Term "Steele" is defined in a manner that is vague and ambiguous, and that is
  calculated to and would impose undue burden and expense on Corn, including by
  incorporating the term "Dossier," by requiring him to speculate as to persons or
  entities that might be considered representatives of Christopher Steele or perform
  extensive investigation and research in order to make that determination, and by
  requiring him to search for, identify, and disclose documents that are neither
  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17.     Corn objects to the Requests to the extent that they request information that is
irrelevant and not material and necessary to the issues presented in the above-captioned action or
the Requests seek information not reasonably calculated to lead to the discovery of admissible
evidence.

18.     Corn is willing to meet and confer with Plaintiffs, through counsel, to discuss
these improper Requests in an effort reasonably to determine if Corn is an appropriate party to
which Plaintiffs should direct these Requests and to address the costs and burdens imposed by
the Requests.

## SPECIFIC OBJECTIONS

## REQUEST FOR PRODUCTION NO. 1:

All documents concerning any communication between you and Steele or Orbis, or any
employee, agent, or representative of Orbis, relating to Plaintiffs, Alfa, CIR 112, the Dossier, or

the contents of CIR 112 or the Dossier, including any documents relating to the meetings or calls with Steele and Glenn Simpson on or about October 30-31, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Corn objects to this Request on the grounds that it seeks disclosure of sources of information obtained by Corn in the course of his work as a journalist and author, which information is absolutely privileged from disclosure under FFIA. None of the information sought by this Request could be provided without revealing absolutely privileged source information, and so all information sought by the Request is absolutely privileged. Source information is additionally protected from disclosure by the First Amendment, and Plaintiffs cannot meet the requirements of the First Amendment to compel disclosure. The Request also seeks unpublished information protected from compelled disclosure by the FFIA and the First Amendment, and to the extent the protection they afford is not absolute, Plaintiffs have not met and cannot meet the requirements for disclosure because Plaintiffs cannot show the information goes to the heart of or is crucial to their case, they cannot show that they have exhausted every reasonable alternative source of information, and they cannot show that there is an overriding public interest in the disclosure sufficient to overcome the protection afforded to Corn as a journalist. Corn objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. The terms "employee," "agent," and "relating to" are undefined and susceptible to multiple meanings, rendering the meaning and intended scope of the Request vague and ambiguous. The overbreadth of and undue burden imposed by this Request are exacerbated by Plaintiffs' overbroad and/or ambiguous definitions of "documents," "concerning," "you," "Steele," "Orbis," "Alfa," "CIR 112," "Dossier," and "representative." Corn objects to this Request on the ground that the information sought through this Request can be obtained from other sources, including but not limited to Orbis Business Intelligence Ltd., Christopher Steel, Glenn Simpson, and/or

Bean LLC. Corn objects to this Request to the extent it seeks information subject to confidentiality agreements with parties or other non-parties. Corn objects that this Request seeks the production of potentially voluminous information with no probative value, rendering the Request unduly burdensome and grossly disproportionate to the needs of this case, and in violation of Rule 45(d). Corn asserts his General Objections, as if fully set forth herein. Subject to and without waiving his objections, Corn responds as follows: He possesses no documents not subject to these objections.

## REQUEST FOR PRODUCTION NO. 2:

All documents concerning any communications between you and any of the Defendants (including Peter Fritsch and any employees or representatives of Fusion) relating to Plaintiffs, Alfa, CIR 112, the Dossier, or the contents of CIR 112 or the Dossier, including any documents relating to the meetings or calls with Steele and Glenn Simpson on or about October 30-31, 2016.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Corn objects to this Request on the grounds that it seeks disclosure of sources of information obtained by Corn in the course of his work as a journalist and author, which information is absolutely privileged from disclosure under FFIA. None of the information sought by this Request could be provided without revealing absolutely privileged source information, and so all information sought by the Request is absolutely privileged. Source information is additionally protected from disclosure by the First Amendment, and Plaintiffs cannot meet the requirements of the First Amendment to compel disclosure. The Request also seeks unpublished information protected from compelled disclosure by the FFIA and the First Amendment, and to the extent the protection they afford is not absolute, Plaintiffs have not met and cannot meet the

requirements for disclosure because Plaintiffs cannot show the information goes to the heart of or is crucial to their case, they cannot show that they have exhausted every reasonable alternative source of information, and they cannot show that there is an overriding public interest in the disclosure sufficient to overcome the protection afforded to Corn as a journalist. Corn objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. The terms "employee" and "relating to" are undefined and susceptible to multiple meanings, rendering the meaning and intended scope of the Request vague and ambiguous. The overbreadth of and undue burden imposed by this Request are exacerbated by Plaintiffs' overbroad and/or ambiguous definitions of "documents," "concerning," "you," "Defendants," "Steele," "Alfa," "CIR 112," "Dossier," and "representative." Corn objects to this Request on the ground that the information sought through this Request can be obtained from other sources, including but not limited to Peter Frisch, Orbis Business Intelligence Ltd., Christopher Steel, Glenn Simpson, and/or Bean LLC. Corn objects to this Request to the extent it seeks information subject to confidentiality agreements with parties or other non-parties. Corn objects that this Request seeks the production of potentially voluminous information with no probative value, rendering the Request unduly burdensome and grossly disproportionate to the needs of this case, and in violation of Rule 45(d). Corn asserts his General Objections, as if fully set forth herein. Subject to and without waiving his objections, Corn responds as follows: He possesses no documents not subject to these objections.

**REQUEST FOR PRODUCTION NO. 3:**

All documents concerning any communications between you and Jonathan Winer relating to Plaintiffs, Alfa, CIR 112, the Dossier, or the contents of CIR 112 or the Dossier.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Corn objects to this Request on the grounds that it seeks disclosure of the source of information obtained by Corn in the course of his work as a journalist and author, which information is absolutely privileged from disclosure under FFIA. None of the information sought by this Request could be provided without revealing absolutely privileged source information, and so all information sought by the Request is absolutely privileged. Source information is additionally protected from disclosure by the First Amendment, and Plaintiffs cannot meet the requirements of the First Amendment to compel disclosure. The Request also seeks unpublished information protected from compelled disclosure by the FFIA and the First Amendment, and to the extent the protection they afford is not absolute, Plaintiffs have not met and cannot meet the requirements for disclosure because Plaintiffs cannot show the information goes to the heart of or is crucial to their case, they cannot show that they have exhausted every reasonable alternative source of information, and they cannot show that there is an overriding public interest in the disclosure sufficient to overcome the protection afforded to Corn as a journalist. Corn objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. The term "relating to" is undefined and susceptible to multiple meanings, rendering the meaning and intended scope of the Request vague and ambiguous. The overbreadth of and undue burden imposed by this Request are exacerbated by Plaintiffs' overbroad and/or ambiguous definitions of "documents," "concerning," "you," "Alfa," "CIR 112," and "Dossier." Corn objects to this Request on the ground that the information sought through this Request can be obtained from

other sources, including but not limited to Jonathan Winer. Corn objects to this Request to the extent it seeks information subject to confidentiality agreements with parties or other non-parties. Corn objects that this Request seeks the production of potentially voluminous information with no probative value, rendering the Request unduly burdensome and grossly disproportionate to the needs of this case, and in violation of Rule 45(d). Corn asserts his General Objections, as if fully set forth herein. Subject to and without waiving his objections, Corn responds as follows: He possesses no documents not subject to these objections.

**REQUEST FOR PRODUCTION NO. 4:**

All documents concerning any communications between you and Igor Danchenko relating to Plaintiffs, Alfa, CIR 112, the Dossier, or the contents of CIR 112 or the Dossier.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Corn objects to this Request on the grounds that it seeks disclosure of the source of information obtained by Corn in the course of his work as a journalist and author, which information is absolutely privileged from disclosure under FFIA. None of the information sought by this Request could be provided without revealing absolutely privileged source information, and so all information sought by the Request is absolutely privileged. Source information is additionally protected from disclosure by the First Amendment, and Plaintiffs cannot meet the requirements of the First Amendment to compel disclosure. The Request also seeks unpublished information protected from compelled disclosure by the FFIA and the First Amendment, and to the extent the protection they afford is not absolute, Plaintiffs have not met and cannot meet the requirements for disclosure because Plaintiffs cannot show the information goes to the heart of or is crucial to their case, they cannot show that they have exhausted every reasonable alternative source of information, and they cannot show that there is an overriding public interest in the

disclosure sufficient to overcome the protection afforded to Corn as a journalist. Corn objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. The term "relating to" is undefined and susceptible to multiple meanings, rendering the meaning and intended scope of the Request vague and ambiguous. The overbreadth of and undue burden imposed by this Request are exacerbated by Plaintiffs' overbroad and/or ambiguous definitions of "documents," "concerning," "you," "Alfa," "CIR 112," and "Dossier." Corn objects to this Request on the ground that the information sought through this Request can be obtained from other sources, including but not limited to Igor Danchenko. Corn objects to this Request to the extent it seeks information subject to confidentiality agreements with parties or other non-parties. Corn objects that this Request seeks the production of potentially voluminous information with no probative value, rendering the Request unduly burdensome and grossly disproportionate to the needs of this case, and in violation of Rule 45(d). Corn asserts his General Objections, as if fully set forth herein. Subject to and without waiving his objections, Corn responds as follows: He possesses no documents not subject to these objections.

## REQUEST FOR PRODUCTION NO. 5:

All documents concerning any communications between you and Michael Sussman, Marc Elias, or any partner, employee, agent, or representative of Perkins Coie LLP relating to Plaintiffs, Alfa, CIR 112, the Dossier, or the contents of CIR 112 or the Dossier.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Corn objects to this Request on the grounds that it seeks disclosure of sources of information obtained by Corn in the course of his work as a journalist and author, which information is absolutely privileged from disclosure under FFIA. None of the information sought by this Request could be provided without revealing absolutely privileged source information,

and so all information sought by the Request is absolutely privileged. Source information is additionally protected from disclosure by the First Amendment, and Plaintiffs cannot meet the requirements of the First Amendment to compel disclosure. The Request also seeks unpublished information protected from compelled disclosure by the FFIA and the First Amendment, and to the extent the protection they afford is not absolute, Plaintiffs have not met and cannot meet the requirements for disclosure because Plaintiffs cannot show the information goes to the heart of or is crucial to their case, they cannot show that they have exhausted every reasonable alternative source of information, and they cannot show that there is an overriding public interest in the disclosure sufficient to overcome the protection afforded to Corn as a journalist. Corn objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. The terms "employee," "agent," and "relating to" are undefined and susceptible to multiple meanings, rendering the meaning and intended scope of the Request vague and ambiguous. The overbreadth of and undue burden imposed by this Request are exacerbated by Plaintiffs' overbroad and/or ambiguous definitions of "documents," "concerning," "you," "Alfa," "CIR 112," and "Dossier." Corn objects to this Request on the ground that the information sought through this Request can be obtained from other sources, including but not limited to Michael Sussman, Marc Elias, and Perkins Coie LLP. Corn objects to this Request to the extent it seeks information subject to confidentiality agreements with parties or other non-parties. Corn objects that this Request seeks the production of potentially voluminous information with no probative value, rendering the Request unduly burdensome and grossly disproportionate to the needs of this case, and in violation of Rule 45(d). Corn asserts his General Objections, as if fully set forth herein. Subject to and without waiving his objections, Corn responds as follows: He possesses no documents not subject to these objections.

## REQUEST FOR PRODUCTION NO. 6:

All documents concerning communications between you and any member, employee, agent, or representative of the Hillary Clinton Campaign (HFACC) or the Democratic National Committee relating to Plaintiffs, Alfa, CIR 112, the Dossier, or the contents of CIR 112 or the Dossier.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Corn objects to this Request on the grounds that it seeks disclosure of sources of information obtained by Corn in the course of his work as a journalist and author, which information is absolutely privileged from disclosure under FFIA. None of the information sought by this Request could be provided without revealing absolutely privileged source information, and so all information sought by the Request is absolutely privileged. Source information is additionally protected from disclosure by the First Amendment, and Plaintiffs cannot meet the requirements of the First Amendment to compel disclosure. The Request also seeks unpublished information protected from compelled disclosure by the FFIA and the First Amendment, and to the extent the protection they afford is not absolute, Plaintiffs have not met and cannot meet the requirements for disclosure because Plaintiffs cannot show the information goes to the heart of or is crucial to their case, they cannot show that they have exhausted every reasonable alternative source of information, and they cannot show that there is an overriding public interest in the disclosure sufficient to overcome the protection afforded to Corn as a journalist. Corn objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. The terms "member," "employee," "agent," and "relating to" are undefined and susceptible to multiple meanings, rendering the meaning and intended scope of the Request vague and ambiguous. The overbreadth of and undue burden imposed by this Request are exacerbated by

Plaintiffs' overbroad and/or ambiguous definitions of "documents," "concerning," "you," "Alfa," "CIR 112," and "Dossier." Corn objects to this Request on the ground that the information sought through this Request can be obtained from other sources, including but not limited to the Hillary Clinton Campaign and the Democratic National Committee. Corn objects to this Request to the extent it seeks information subject to confidentiality agreements with parties or other non-parties. Corn objects that this Request seeks the production of potentially voluminous information with no probative value, rendering the Request unduly burdensome and grossly disproportionate to the needs of this case, and in violation of Rule 45(d). Corn asserts his General Objections, as if fully set forth herein. Subject to and without waiving his objections, Corn responds as follows: He possesses no documents not subject to these objections.

**REQUEST FOR PRODUCTION NO. 7:**

All notes, correspondence, memoranda, or other documents relating to, or used in the preparation of, the article authored by you, titled *A Veteran Spy Has Given the FBI Information Alleging a Russian Operation to Cultivate Donald Trump,* Mother Jones, Politics, Oct. 31, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Corn objects to this Request on the grounds that it seeks disclosure of sources of information obtained by Corn in the course of his work as a journalist and author, which information is absolutely privileged from disclosure under FFIA. None of the information sought by this Request could be provided without revealing absolutely privileged source information, and so all information sought by the Request is absolutely privileged. Source information is additionally protected from disclosure by the First Amendment, and Plaintiffs cannot meet the requirements of the First Amendment to compel disclosure. The Request also seeks unpublished information protected from compelled disclosure by the FFIA and the First Amendment, and to

the extent the protection they afford is not absolute, Plaintiffs have not met and cannot meet the requirements for disclosure because Plaintiffs cannot show the information goes to the heart of or is crucial to their case, they cannot show that they have exhausted every reasonable alternative source of information, and they cannot show that there is an overriding public interest in the disclosure sufficient to overcome the protection afforded to Corn as a journalist. Corn objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. The overbreadth of and undue burden imposed by this Request are exacerbated by Plaintiffs' overbroad and/or ambiguous definitions of "documents," "concerning," and "you." The overbreadth of and undue burden imposed by this Request are further exacerbated by the fact that, because the referenced article mentions Alfa Bank only in passing and only based on reporting by another news organization, all or the vast majority of the information sought by this request does not relate to Plaintiffs or Defendants, and has no bearing on any claim or issue in the underlying action. Corn objects to this Request to the extent that the information sought through this Request can be obtained from other sources, as any information that may actually be relevant to the claims and issues in this action almost certainly can be. Corn objects to this Request to the extent it seeks information subject to confidentiality agreements with parties or other non-parties. Corn objects that this Request seeks the production of potentially voluminous information with no probative value, rendering the Request unduly burdensome and grossly disproportionate to the needs of this case, and in violation of Rule 45(d). Corn asserts his General Objections, as if fully set forth herein. Subject to and without waiving his objections, Corn responds as follows: He possesses no documents not subject to these objections.

**REQUEST FOR PRODUCTION NO. 8:**

All notes, correspondence, memoranda, or other documents concerning Plaintiffs, Alfa, CIR 112, the Dossier, or the contents of CIR 112 or the Dossier, used or referred to in the preparation of, the book co-authored by you, titled *Russian Roulette*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Corn objects to this Request on the grounds that it seeks disclosure of sources of information obtained by Corn in the course of his work as a journalist and author, which information is absolutely privileged from disclosure under FFIA. Source information is additionally protected from disclosure by the First Amendment, and Plaintiffs cannot meet the requirements of the First Amendment to compel disclosure. The Request also seeks unpublished information protected from compelled disclosure by the FFIA and the First Amendment, and to the extent the protection they afford is not absolute Plaintiffs have not met and cannot meet the requirements for disclosure because Plaintiffs cannot show the information goes to the heart of or is crucial to their case, they cannot show that they have exhausted every reasonable alternative source of information, and they cannot show that there is an overriding public interest in the disclosure sufficient to overcome the protection afforded to Corn as a journalist. Corn objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. The overbreadth of and undue burden imposed by this Request are exacerbated by Plaintiffs' overbroad and/or ambiguous definitions of "documents," "concerning," "you," "Alfa," "CIR 112," and "Dossier." Corn objects to this Request to the extent that the information sought through this Request can be obtained from other sources, as any information that may actually be relevant to the claims and issues in this action almost certainly can be. Corn objects to this Request to the extent it seeks information subject to confidentiality agreements with parties or

other non-parties. Corn objects that this Request seeks the production of potentially voluminous information with no probative value, rendering the Request unduly burdensome and grossly disproportionate to the needs of this case, and in violation of Rule 45(d). Corn asserts his General Objections, as if fully set forth herein. Subject to and without waiving his objections, Corn responds as follows: He possesses no documents not subject to these objections.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications concerning any of the sources for the content of CIR 112 or the Dossier, including any human or documentary sources of information relied upon by Steele, Orbis, or Defendants. This includes any documents or communications regarding "the collector" referred to in *Russian Roulette*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Corn objects to this Request on the grounds that it seeks disclosure of sources of information obtained by Corn in the course of his work as a journalist and author, which information is absolutely privileged from disclosure under FFIA. None of the information sought by this Request could be provided without revealing absolutely privileged source information, and so all information sought by the Request is absolutely privileged. Source information is additionally protected from disclosure by the First Amendment, and Plaintiffs cannot meet the requirements of the First Amendment to compel disclosure. The Request also seeks unpublished information protected from compelled disclosure by the FFIA and the First Amendment, and to the extent the protection they afford is not absolute, Plaintiffs have not met and cannot meet the requirements for disclosure because Plaintiffs cannot show the information goes to the heart of or is crucial to their case, they cannot show that they have exhausted every reasonable alternative source of information, and they cannot show that there is an overriding public interest in the

disclosure sufficient to overcome the protection afforded to Corn as a journalist. Corn objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. The overbreadth of and undue burden imposed by this Request are exacerbated by Plaintiffs' overbroad and/or ambiguous definitions of "documents," "concerning," "you," "Alfa," "CIR 112," and "Dossier." Corn objects to this Request to the extent that the information sought through this Request can be obtained from other sources, as any information that may actually be relevant to the claims and issues in this action almost certainly can be. Corn objects to this Request to the extent it seeks information subject to confidentiality agreements with parties or other non-parties. Corn objects that this Request seeks the production of potentially voluminous information with no probative value, rendering the Request unduly burdensome and grossly disproportionate to the needs of this case, and in violation of Rule 45(d). Corn asserts his General Objections, as if fully set forth herein. Subject to and without waiving his objections, Corn responds as follows: He possesses no documents not subject to these objections.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications relating to your delivery, transmission, or disclosure of CIR 112 or the Dossier to any person, including James Baker of the FBI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Corn objects to this Request to the extent that it seeks disclosure of sources of information obtained by Corn in the course of his work as a journalist and author, which information is absolutely privileged from disclosure under FFIA. Source information is additionally protected from disclosure by the First Amendment, and Plaintiffs cannot meet the requirements of the First Amendment to compel disclosure. The Request also seeks unpublished information protected from compelled disclosure by the FFIA and the First Amendment, and to

the extent the protection they afford is not absolute, Plaintiffs have not met and cannot meet the requirements for disclosure because Plaintiffs cannot show the information goes to the heart of or is crucial to their case, they cannot show that they have exhausted every reasonable alternative source of information, and they cannot show that there is an overriding public interest in the disclosure sufficient to overcome the protection afforded to Corn as a journalist. Corn objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. The terms "transmission" and "disclosure" are undefined and susceptible to multiple meanings, rendering the meaning and intended scope of the Request vague and ambiguous. The overbreadth of and undue burden imposed by this Request are exacerbated by Plaintiffs' overbroad and/or ambiguous definitions of "documents," "concerning," "your," "CIR 112," and "Dossier." Corn objects to this Request on the grounds that any potentially relevant information sought through this Request can be obtained from other sources, including but not limited to James Baker. Corn objects to this Request to the extent it seeks information subject to confidentiality agreements with parties or other non-parties. Corn objects that this Request seeks the production of potentially voluminous information with no probative value, rendering the Request unduly burdensome and grossly disproportionate to the needs of this case, and in violation of Rule 45(d). Corn asserts his General Objections, as if fully set forth herein. Subject to and without waiving his objections, Corn responds as follows: He possesses no documents not subject to these objections.

**REQUEST FOR PRODUCTION NO. 11:**

All documents, to the extent not produced in response to Requests Nos. 1-10, concerning Plaintiffs, Alfa, CIR 112, the Dossier, or the contents of CIR 112 or the Dossier.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Corn objects to this Request to the extent that it seeks disclosure of sources of information obtained by Corn in the course of his work as a journalist and author, which information is absolutely privileged from disclosure under FFIA. Source information is additionally protected from disclosure by the First Amendment, and Plaintiffs cannot meet the requirements of the First Amendment to compel disclosure. The Request also seeks unpublished information protected from compelled disclosure by the FFIA and the First Amendment, and to the extent the protection they afford is not absolute, Plaintiffs have not met and cannot meet the requirements for disclosure because Plaintiffs cannot show the information goes to the heart of or is crucial to their case, they cannot show that they have exhausted every reasonable alternative source of information, and they cannot show that there is an overriding public interest in the disclosure sufficient to overcome the protection afforded to Corn as a journalist. Corn objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. The overbreadth of and undue burden imposed by this Request are exacerbated by Plaintiffs' overbroad and/or ambiguous definitions of "documents," "concerning," "Alfa," "CIR 112," and "Dossier." Corn objects to this Request on the grounds that any potentially relevant information sought through this Request can be obtained from other sources, including but not limited to James Baker. Corn objects to this Request to the extent it seeks information subject to confidentiality agreements with parties or other non-parties. Corn objects that this Request seeks the production of potentially voluminous information with no probative value, rendering the

Request unduly burdensome and grossly disproportionate to the needs of this case, and in violation of Rule 45(d). Corn asserts his General Objections, as if fully set forth herein. Subject to and without waiving his objections, Corn responds as follows: He possesses no documents not subject to these objections.

## REQUEST FOR PRODUCTION NO. 12:

If any responsive documents have been destroyed, provide the document destruction policies pursuant to which they were destroyed.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Corn objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. The phrase "document destruction policies" is undefined and susceptible to multiple meanings, rendering the meaning and intended scope of the Request vague and ambiguous. Corn objects to this Request to the extent it seeks information subject to confidentiality agreements with parties or other non-parties. Corn objects that this Request seeks the production of information with no probative value, rendering the Request unduly burdensome and grossly disproportionate to the needs of this case, and in violation of Rule 45(d). Corn objects that at least prior to his receipt of the subpoena, Corn was under no obligation to preserve any of the documents it seeks, and therefore the destruction of any such documents has no bearing either on any claim or issue in the underlying action nor on any proceedings related to the subpoena. Corn asserts his General Objections, as if fully set forth herein. Subject to and without waiving his objections, Corn responds as follows: He possesses no documents not subject to these objections.

Dated: November 2, 2020      By:  */s/ Tenaya Rodewald*

_____

Tenaya Rodewald
Imad Matini
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
Tel.:   202.747.1900
trodewald@sheppardmullin.com
imatini@sheppardmullin.com

*Attorneys for Non-Party* David Corn

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of November, 2020, I served a true and correct copy via U.S. Mail of the foregoing document on the following:

Alan Lewis
Carter, Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005
(212) 732-3200
lewis@clm.com

*/s/   Tenaya Rodewald*