**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

MIKHAIL FRIDMAN, PETR AVEN, and
GERMAN KHAN,

               Plaintiffs,

      v.

BEAN LLC a/k/a FUSION GPS, and GLENN
SIMPSON,

               Defendants.

No. 1:17-cv-2041-RJL

---

**DEFENDANTS BEAN LLC AND GLENN SIMPSON'S SECOND MOTION FOR**
**LEAVE TO AMEND THEIR ANSWER TO ADD AFFIRMATIVE DEFENSE**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Defendants Bean LLC

a/k/a Fusion GPS and Glenn Simpson (collectively, "Defendants") respectfully file this Motion

for Leave to Amend their Answer to add the affirmative defense of issue preclusion. The proposed

amended Answer is attached hereto as Exhibit A. Exhibit B is a redline of the amended Answer,

showing the proposed amendment in bold and underlined text.[1]

On March 18, 2021, the Supreme Court of the State of New York, New York County,

dismissed the defamation lawsuit brought by Plaintiffs Mikhail Fridman, Petr Aven, and German

Khan against BuzzFeed and several editors and journalists, on the grounds that BuzzFeed's

publication of CIR 112 is privileged under New York Civil Rights Law § 74. The N.Y. Court's

---

[1] Defendants' first Motion for Leave to Amend Their Answer to Add Affirmative Defense is
pending (ECF No. 126); Exhibit A, therefore, contains both proposed amendments and Exhibit B
sets forth the amendment at issue here in bold and underlined text and the proposed amendment
from ECF No. 126 in grey bold font and underlined.

holding that BuzzFeed's publication of CIR 112 is privileged is entitled to preclusive effect, and Plaintiffs are barred under the doctrine of issue preclusion from relitigating that issue in this case.

Pursuant to Local Civil Rule 7(m), Defendants met and conferred with Plaintiffs on this issue in a good faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement.[2] The Parties, however, were unable to resolve their disagreement. Plaintiffs oppose this motion.

Dated:   May 19, 2021                          _____ /s/ Joshua A. Levy _____

Joshua A. Levy (D.C. Bar No. 475108)
Rachel M. Clattenburg (D.C. Bar No. 1018164)
**LEVY FIRESTONE MUSE LLP**
1701 K St. NW, Suite 350
Washington, DC 20005
Tel: (202) 845-3215
Fax: (202) 595-8253
jal@levyfirestone.com
rmc@levyfirestone.com

*Counsel for Defendants*

---

[2] On March 23, 2021, Defendants requested Plaintiffs' consent to amendment of the Answer to add the affirmative defense of issue preclusion based on the N.Y. decision in *Fridman v. BuzzFeed*. Plaintiffs stated that they oppose the relief sought in this Motion.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN,<br><br>       Plaintiffs,<br><br>  v.<br><br>BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON,<br><br>       Defendants. | Civil Case No. 1:17-cv-2041-RJL |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF DEFENDANTS' SECOND**
**MOTION FOR LEAVE TO AMEND THEIR ANSWER**
**TO ADD AFFIRMATIVE DEFENSE**

On March 18, 2021, the Supreme Court of the State of New York, New York County, dismissed the defamation lawsuit brought by Plaintiffs Mikhail Fridman, Petr Aven, and German Khan against BuzzFeed and several editors and journalists, on the grounds that BuzzFeed's publication of CIR 112 is privileged under New York Civil Rights Law § 74. The N.Y. Court's holding that BuzzFeed's publication of CIR 112 is privileged is entitled to preclusive effect, and Plaintiffs are barred under the doctrine of issue preclusion from relitigating that issue in this case.

Accordingly, Defendants hereby respectfully request leave to amend their Answer to add the affirmative defense of issue preclusion as to the issue of BuzzFeed's publication of CIR 112. A copy of the proposed amended Answer is attached as Exhibit A.[3]

---

[3] Defendants have previously moved for leave to amend their answer to add issue preclusion based on the D.C. Superior Court's and D.C. Court of Appeals' decisions that Plaintiffs are limited-purpose public figures. *See* ECF No. 126. That motion is fully briefed. Exhibit A to this Motion is the proposed amended answer with both proposed amendments. Exhibit B is the redline which includes the proposed amendment sought in ECF No. 126 at paragraph 15 of the Affirmative

1

**BACKGROUND**

**A.  The status of this lawsuit**

Plaintiffs—three Russian oligarchs—filed this lawsuit against Defendants Fusion GPS, a small US company, and DC resident Glenn Simpson, one of Fusion GPS's principals, on October 3, 2017. Compl., ECF No. 1. On December 12, 2017, Plaintiffs filed an Amended Complaint. Am. Compl., ECF No. 17. Defendants filed their Answer on January 29, 2019. Answer, ECF No. 50.

Plaintiffs are suing Defendants for money damages based on a report titled Company Intelligence Report 2016/112 ("CIR 112") produced by a well-regarded former British intelligence officer, Christopher Steele, and his highly reputable business intelligence company, Orbis. CIR 112 is one of 17 such reports that Orbis sent to Defendants, and which the media later dubbed the "Dossier." Plaintiffs claim that three statements in CIR 112 are false and "defamed the Plaintiffs and Alfa," Am. Compl. ¶ 33, ECF No. 17, and allege that "Defendants are liable for the defamation of Plaintiffs and Alfa." *Id.* ¶ 35.

Throughout this lengthy litigation, Plaintiffs have sought to harass Defendants through costly, burdensome, and unnecessary discovery disputes. For instance, Plaintiffs produced virtually no documents beyond publicly available court filings, forcing Defendants to seek Court assistance in requiring Plaintiffs to comply with their discovery obligations. Plaintiffs' company, Alfa, intervened in the action to help Plaintiffs conceal their documents. *See* Alfa Mot. to Intervene, ECF No. 91; Alfa Opp. to Mot. to Compel, ECF No. 100. On March 30, 2021, this Court rejected Plaintiffs' and Alfa's attempts to conceal documents and ordered Plaintiffs to produce their documents at Alfa; all documents relevant to the substantial truth or falsity of CIR 112; all

---

Defenses, in grey font, as well as the proposed amendment sought here, in paragraph 5 of the Affirmative Defenses, in bold and underlined.

documents relevant to Defendant's public figure defense; documents relating to the Mueller investigation; a copy of the Kroll Report; documents relating to the Spanish investigation of Plaintiff Fridman; and exhibits and documents from the UK litigation, *Aven v. Orbis*. *See* Minute Orders (Mar. 30, 2021).

Not only did Alfa intervene in this case to create unnecessary proceedings, but Alfa (controlled by Plaintiffs) has also filed two identical John Doe lawsuits—one in Florida, *AO Alfa-Bank v. John Doe*, Case No. 50-2020-CA-006304-XXXX-MB (Fla. Cir. Ct. 15th Jud. Cir., filed June 11, 2020), and one in Pennsylvania, *AO Alfa-Bank v. John Doe*, Case No. CI-20-04003 (Pa. Ct. C.P. Lancaster Cnty., filed June 11, 2020)—and is using this parallel lititgation to harass Defendants. Through these lawsuits that Alfa *has still not served on a defendant*, Alfa—a Russian entity—is taking advantage of the US legal system to harass US citizens and corporations with pre-service subpoenas for documents and testimony, many of which are invalid. *See In re Subpoena for Deposition served on Peter Fritsch (AO Alfa-Bank v. John Doe)*, Case No. 483414-V (Montgomery Cnty. Cir. Ct.) (challenging validity of pre-service deposition subpoena based on an invalid Florida notice of deposition); *In re Subpoena for Deposition served on Laura Seago*, Case No. 2021 CA 000683 2 (D.C. Super. Ct.) (same). Most recently, Alfa served invalid subpoenas for pre-service depositions of Laura Seago and Peter Fritsch while the discovery order in this case had lapsed and fact discovery was closed. *See id*. The parties' counsel in this case, moreover, had already agreed to a deposition of Mr. Fritsch when Alfa served Mr. Fritsch with a pre-service deposition subpoena. *See* ECF No. 145 at 7-8 & cited exhibits (discussing the deposition scheduling in this case).

**B.  Plaintiffs have now lost two other defamation lawsuits based on CIR 112.**

Plaintiffs filed two other defamation lawsuits in the United States and have since lost both.

i)      **Plaintiffs' D.C. Superior Court lawsuit against Orbis Business Intelligence and Christopher Steele**

The D.C. Superior Court, affirmed by the D.C. Court of Appeals, threw out Plaintiffs' lawsuit against Christopher Steele and Orbis Business Intelligence after holding that Plaintiffs are limited-purpose public figures and were unable to offer evidence supporting a clear and convincing inference that the defendants made any defamatory statement in CIR 112 with actual malice. *See Khan v. Orbis Bus. Intel. Ltd.*, No. 2018 CA 002667 B, 2018 WL 11232420 (D.C. Super. Ct. Aug. 20, 2018), *aff'd*, *Fridman v. Orbis Bus. Intel. Ltd.*, 229 A.3d 494 (D.C. 2020), *cert. denied,* No. 20-693, 2021 WL 78212 (S. Ct. Jan. 11, 2021).

On April 2, 2021, the D.C. Superior Court entered a judgment in favor of Defendants Orbis Business Intelligence and Christopher Steele, awarding them the entirety of the attorneys' fees and costs expended to defend against Plaintiffs' claims, including through Plaintiffs' unsuccessful appeal of the dismissal of their case. Order on Fees, *Khan v. Orbis Bus. Intel. Ltd.*, No. 2018 CA 002667 B (D.C. Super. Ct. Apr. 2, 2021), Ex. F. Plaintiffs have noticed an appeal of the attorneys' fees award, which has been docketed by the D.C. Court of Appeals. Because Plaintiffs have not posted a supersedeas bond, the judgment is now enforceable.

ii)      **Plaintiffs' New York Supreme Court lawsuit against BuzzFeed**

The New York Supreme Court recently tossed Plaintiffs' other lawsuit alleging defamation based on CIR 112. Decision & Order on Mot., *Fridman v. BuzzFeed*, Index No. 154895/2017 (N.Y. Sup. Ct., Mar. 18, 2021) ("Decision & Order"), Ex. C. Plaintiffs filed that lawsuit on May 26, 2017, four-and-half months before this action commenced, alleging defamation based on CIR 112 against BuzzFeed, Inc., three editors, and one of its investigative reporters. *Id.* On January 10, 2017, BuzzFeed had published online an article that set out "verbatim all 17 reports" of the Dossier, including CIR 112. Decision & Order, Ex. C at 1. Plaintiffs' defamation claims were based entirely

4

on CIR 112. *Id.* at 6 ("The only allegedly defamatory statements cited by plaintiffs are in Report No. 112 (Report 112) [CIR 112], dated September 10, 2016, and captioned 'Russia/US Presidential Election: Kremlin-Alpha [sic] Group Co-operation.'"). The N.Y. defendants moved for summary judgment on the grounds that the publication of CIR 112 was privileged under New York law. *Id.*

On March 18, 2021, the N.Y. court granted summary judgment to the defendants, holding that BuzzFeed's publication of CIR 112 was privileged. Decision & Order, Ex. C at 8-10. Specifically, the court held that Buzzfeed's publication of CIR 112 was privileged under N.Y. Civil Rights Law § 74, which "provides broad protection to news accounts of official proceedings, including not only judicial and legislative proceedings, but also protects classified proceedings and publications of fair and true reports of any action taken by any officers or agency of the government of the United States, or of any State or of any of its subdivisions officially empowered to do so." *Id.* at 8 (internal quotation marks and citations omitted). Because the publication was privileged, the N.Y. defendants were "afford[ed] immunity" for its publication.[4] *Id.* at 10.

### iii)    The Instant Dispute

Defendants now move to amend their Answer to add the affirmative defense of issue preclusion based on this decision out of the New York Supreme Court. As Defendants have always stated, they had nothing to do with BuzzFeed's publication of the Dossier. Answer ¶ 5, ECF No.

---

[4] New York Civil Law § 74 provides:

> A civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding, or for any heading of the report which is a fair and true headnote of the statement published.

> This section does not apply to a libel contained in any other matter added by any person concerned in the publication; or in the report of anything said or done at the time and place of such a proceeding which was not a part thereof.

50. Plaintiffs, however, falsely claim that they are entitled to damages stemming from BuzzFeed's publication. Am. Compl. ¶¶ 9, 10, 18. The New York court's valid, final judgment on the merits that BuzzFeed's publication was privileged under New York law is entitled to preclusive effect. Plaintiffs, therefore, cannot claim damages from the BuzzFeed publication because that publication was privileged and Plaintiffs are precluded from claiming otherwise (among other reasons including that Defendants had nothing to do with the BuzzFeed publication). Defendants respectfully request that this Court grant them leave to file an amended Answer to include this affirmative defense of issue preclusion. *See* Proposed Amended Answer, Ex. A.

## LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 15(a)(2)

"Rule 15(a) governs the amendment of pleadings, stating generously that '[t]he court should freely give leave when justice so requires.'" *Morgan v. F.A.A.*, 262 F.R.D. 5, 7 (D.D.C. 2009) (granting leave to amend the answer to add the affirmative defenses of issue preclusion and claim preclusion); Fed. R. Civ. P. 15(a)(2). "Whether to grant or deny leave to amend rests in the district court's sound discretion. . . . Such discretion is not unlimited, however, for it is an 'abuse of discretion' when a district court denies leave to amend without a 'justifying' or sufficient reason." *Id.* at 8 (quoting *Foman v. Davis,* 371 U.S. 178, 181-82 (1962)). *See also Bryant v. United States*, No. CV 20-4 (JEB), 2020 WL 5969241, at *2 (D.D.C. Oct. 8, 2020) ("In this Circuit, 'it is an abuse of discretion to deny leave to amend unless there is sufficient reason.'") (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). "Rule 15 provides a mechanism whereby a party who harmlessly failed to plead an affirmative defense may find satisfaction." *Harris v. Sec'y, U.S, Dep't of Veterans Affairs*, 126 F.3d 339, 343–44 (D.C. Cir. 1997).

"Under Rule 15(a), the non-movant generally carries the burden in persuading the court to deny leave to amend." *Dove v. Washington Metro. Area Transit Auth.*, 221 F.R.D. 246, 247 (D.D.C. 2004). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## B. Issue Preclusion (Collateral Estoppel)

Issue preclusion "prevents the relitigation of any issue that was raised and decided in a prior action." *Amore ex rel. Estates of Amore v. Accor, S.A.*, 484 F. Supp. 2d 124, 128 (D.D.C. 2007) (quoting *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.,* 723 F.2d 944, 949 (D.C. Cir. 1983)). "Under issue preclusion or collateral estoppel, 'once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.'" *Amore*, 484 F. Supp. 2d at 128 (quoting *Yamaha Corp. of Am. v. U.S.,* 961 F.2d 245, 254 (D.C. Cir. 1992)). The doctrine of res judicata, which encompasses issue preclusion, "is designed to conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

## ARGUMENT

Amendment of Defendants' Answer is appropriate here because it is timely and does not prejudice Plaintiffs. The affirmative defense of issue preclusion that Defendants seek leave to add was not available when Defendants filed their Answer, because the New York court only issued

its final decision that BuzzFeed's publication is privileged on March 18, 2021. Plaintiffs meet their burden of showing that leave to amend should be denied. "Courts require a sufficient basis for denial of leave to amend because the purpose of pleading under the Federal Rules of Civil Procedure is 'to facilitate a proper decision on the merits,' not to set the stage for 'a game of skill in which one misstep by counsel may be decisive to the outcome.'" *Morgan*, 262 F.R.D. at 8 (quoting *Foman,* 371 U.S. at 181–82)).

**A. Defendants Could Not Assert Issue Preclusion as to BuzzFeed's Publication Until the New York Supreme Court Issued A Final Decision, Which It Did on March 18, 2021.**

Defendants' motion is timely and in good faith. The New York Supreme Court issued its decision on March 18, 2021. On March 23, 2021, Defendants requested Plaintiffs' consent to amendment of the Answer to add the affirmative defense of issue preclusion based on the N.Y. decision in *Fridman v. BuzzFeed*. Defendants' motion to amend is timely and should be granted.

Furthermore, the Court can *sua sponte* invoke issue preclusion. Thus, regardless of Defendants' pleadings, issue preclusion is a potential bar to Plaintiffs relitigating the issue of BuzzFeed's publication. "Because 'res judicata belongs to courts as well as to litigants,' a court may invoke res judicata *sua sponte*." *Nwachukwu v. Karl*, 222 F.R.D. 208, 212 (D.D.C. 2004) (denying motion to alter judgment granting leave to amend answer to include the defense of res judicata) (quoting *Stanton v. D.C. Ct. of Appeals,* 127 F.3d 72, 77 (D.C. Cir. 1997)). *See also Amore*, 484 F. Supp. 2d at 129 (*sua sponte* dismissing the case against one of the defendants as barred by issue preclusion) (holding that plaintiff "fully" litigated the issue of forum non conveniens in the prior proceeding because the plaintiff briefed and argued the issue in response to the defendant's motion to dismiss).

To be clear, then, this is not an instance in which the amendment "will alter either the choice of counsel or the nature of the opposing party's strategy," which are examples of the kind

of undue prejudice Plaintiffs would have to show to prevent this amendment. *Nwachukwu v. Karl*, 222 F.R.D. at 212. Defendants' proposed amendment changes nothing in how Plaintiffs proceed with their case or the arguments they have planned to make all along. To the contrary, allowing Defendants to formally plead issue preclusion offers a chance at resolving those arguments earlier rather than later, injecting clarity into the remainder of the Parties' fact-finding, and isolating the issues that will actually decide the outcome in this case.

**B. The Amendment Is Not Futile, and Barring Plaintiffs' Claim That BuzzFeed's Publication Caused Them Harm Would Conserve Judicial Resources.**

Defendants had nothing to do with BuzzFeed's publication of the Dossier, including CIR 112. Defendants have always asserted as a defense that they cannot be held responsible for BuzzFeed's publication of CIR 112. *See* Answer, Affirmative Defs. ¶ 5, ECF No. 50 ("To the extent that Plaintiffs seek to hold Defendants liable for publication of CIR 112 or any other CIRs by BuzzFeed, Defendants cannot be held liable by virtue of the fact that they had nothing to do with BuzzFeed's decision to publish CIR 112 or any other CIRs, had no control over BuzzFeed's publication, and were unaware that BuzzFeed intended to publish any CIRs, including CIR 112.").

Defendants have also maintained that "[t]o the extent that Plaintiffs seek to hold Defendants liable for publication of CIR 112 or any other CIRs by BuzzFeed, such publication is protected by the fair report privilege pursuant to New York Civil Rights Law 74 and/or Article I, Section 8 of the New York Constitution." *See* Answer, Affirmative Defs. ¶ 4. Through this Motion, Defendants request leave to amend their Answer to add the affirmative defense of issue preclusion as to the issue of BuzzFeed's publication. Should the Court grant this Motion, Defendants would assert as an affirmative defense that Plaintiffs are precluded from relitigating the issue of whether BuzzFeed's publication is privileged under New York Civil Rights Law § 74. *See* Ex. A.

This defense is likely to succeed and Plaintiffs certainly cannot show that it is futile. Issue preclusion (also called collateral estoppel) "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001)). "Thus, when applicable, collateral estoppel renders conclusive the determination of issues of fact or law previously decided in another proceeding." *Franco v. D.C.*, 3 A.3d 300, 304 (D.C. 2010). Through the Full Faith and Credit Statute, 28 U.S.C. § 1738, Congress "has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 96 (1980).

A D.C. court would give preclusive effect to the New York court's final decision in *Fridman v. BuzzFeed*, and thus this amendment is not futile. Under D.C. law, issue preclusion bars the re-litigation of issues determined in a prior action "where (1) the issue was actually litigated; (2) was determined by a valid, final judgment on the merits; (3) after a full and fair opportunity for litigation by the party; (4) under circumstances where the determination was essential to the judgment." *Wilson v. Hart*, 829 A.2d 511, 514 (D.C. 2003).

The New York court's decision that BuzzFeed's publication is privileged under New York Civil Rights Law § 74 has preclusive effect under D.C. law. The parties fully briefed the issue, argued the issue, and the Court issued a final judgment granting summary judgment to the BuzzFeed defendants. *See* Docket, *Fridman v. BuzzFeed*, Ex. D; Tr. of Proceedings (Oct. 2, 2020), Ex. E. The plaintiffs had a full and fair opportunity to litigate the issue. Finally, the New York

10

court's decision to dismiss the case was based on its holding that BuzzFeed's publication was privileged, making that holding essential to the judgment.[5]

Issue preclusion "serves to 'protect against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Swanson Grp. Mfg. LLC v. Jewell*, 195 F. Supp. 3d 66, 72 (D.D.C. 2016) (Leon, J.) (quoting *Taylor*, 553 U.S. at 892) (alterations in original). The application of issue preclusion to the issue of whether BuzzFeed's publication was privileged will prevent duplicative litigation on the issue and thus will conserve judicial resources.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court grant this Motion and allow Defendants to amend their Answer to add the defense of issue preclusion.

Dated:  May 19, 2021

By:   */s/* Joshua A. Levy

Joshua A. Levy (D.C. Bar No. 475108)
Rachel M. Clattenburg (D.C. Bar No. 1018164)
LEVY FIRESTONE MUSE LLP
1701 K St. NW, Suite 350
Washington, DC 20005
Tel: (202) 845-3215
Fax: (202) 595-8253
jal@levyfirestone.com
rmc@levyfirestone.com

*Counsel for Defendants*

---

[5] The U.S. District Court for the Southern District of Florida has also held that BuzzFeed's publication of the Dossier is protected by New York Civil Law § 74. In *Gubarev v. BuzzFeed, Inc.*, 340 F. Supp. 3d 1304, 1320 (S.D. Fla. 2018), the court –after finding that New York law applies– granted summary judgment to BuzzFeed and dismissed the plaintiffs' claims that BuzzFeed defamed them through publication of a report in the Dossier because BuzzFeed's publication was protected by the fair report privilege as codified in New York Civil Law § 74.

11

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 19, 2021, I served the foregoing using CM/ECF with

serves an electronic copy on all counsel of record.


*/s/* Joshua A. Levy _____

Joshua A. Levy