# Exhibit E

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

MIKHAIL FRIDMAN, PETR AVEN, and
GERMAN KHAN,

        Plaintiffs,

   v.

BEAN LLC a/k/a FUSION GPS, and GLENN
SIMPSON,

        Defendants.

Civil Case No. 1:17-cv-2041-RJL

---

**DEFENDANTS' RESPONSES TO PLAINTIFFS'**
**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

     Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Bean LLC a/k/a Fusion

GPS and Glenn Simpson respond to Plaintiffs' First Set of Requests for Production of Documents

as follows.

     Nothing contained in these responses is intended to be or may be construed as a waiver

of attorney-client privilege, the work product doctrine, or any other applicable privilege,

immunity, protection, law or rule. In providing documents requested by Plaintiffs, Defendants

do not waive any objection with respect to the admission of the documents into evidence.

**RESPONSES**

    1.    **All documents or communications concerning any efforts by you to**
**corroborate, verify, or investigate the contents of CIR 112, including documents evidencing**
**any method you have used to investigate the truth or falsity of the contents of CIR 112.**

    **RESPONSE:** Defendants object to this Request because it calls for documents that are
protected from disclosure under the attorney-client privilege and the attorney work product
doctrine. Defendants further object to this Request as calling for the production of
documents protected by the First Amendment to the United States Constitution, including
but not limited to, the rights of Defendants and/or its clients to engage in political activity
or political speech, to speak anonymously, to associate freely with others, and to petition

1

the government. Defendants object to Plaintiffs' definition of "you" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control.

Defendants will produce all responsive, non-privileged documents in their possession, custody, or control.

**2.     All documents evidencing any investigative methods used by Orbis or Steele in the compiling or preparing of CIR 112 and the Dossier.**

RESPONSE: Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to this Request because it is cumulative of the prior request. Defendants also object to this request as seeking documents that are not relevant and proportional to the needs of the case, because it seeks disclosure of documents relating not only to CIR 112 but to "the Dossier." Specifically, because Plaintiffs claim they were defamed by statements in CIR 112, not by "the Dossier," communications and documents not concerning CIR 112 are not relevant to any party's claim or defense in this action.

Defendants will produce all responsive, relevant, non-privileged documents in their possession, custody, or control.

**3.     All documents and communications (including oral, written, or recorded statements by you or on your behalf) regarding the subject matter of this Action, Alfa, or the Plaintiffs, or any individual or entity believed by you to be associated with any of the Plaintiffs.**

RESPONSE: Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to Plaintiffs' definition of "you" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control. Defendants object to this Request because it is cumulative of prior requests. Defendants also object to this request as seeking documents that are not relevant and proportional to the needs of the case, because it seeks disclosure of documents "regarding the subject matter of this Action." Rule 26(b)(1) limits the scope of discovery

to matters that are "relevant to any party's claim or defense and proportional to the needs of the case," and this Request impermissibly seeks a broader scope of documents than that permitted by Rule 26(b)(1). In addition, Defendants object to this Request as overly broad and not proportional to the needs of the case because it is not limited in time.

Defendants will produce all responsive, relevant, non-privileged documents in their possession, custody, or control regarding any party's claim or defense in this action, Alfa, or the Plaintiffs, or any individual or entity believed by Defendants to be associated with any of the Plaintiffs, provided that Plaintiffs specify a time period that is relevant to the claims and defenses in this case. The term "Relevant Time Period" is not defined.

**4.   All communications with and documents provided by Orbis or Steele regarding CIR 112 and the Dossier.**

**RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or its clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants also object to this request as seeking documents that are not relevant and proportional to the needs of the case, because it seeks disclosure of documents relating not only to CIR 112 but to "the Dossier." Specifically, because Plaintiffs claim they were defamed by statements in CIR 112, not by "the Dossier," communications and documents not concerning CIR 112 are not relevant to any party's claim or defense in this action. Defendants also object to this Request because it is cumulative of prior requests.

Defendants will produce all responsive, relevant non-privileged documents in their possession, custody, or control, if any, limited to those "regarding CIR 112."

**5.   All documents reflecting the delivery to you by Orbis or Steele of the CIRs that comprise the Dossier, including CIR 112, as set forth in paragraph 3 of the Answer, or otherwise how and from whom you obtained the CIRs that comprise the Dossier.**

**RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or its clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to Plaintiffs' definition of "you" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control. Defendants also object to this Request as seeking documents that are not relevant and proportional to the needs of the case, because it seeks disclosure of documents reflecting the delivery of all of the CIRs in the Dossier. Plaintiffs'

defamation claims in this action concern only CIR 112 and therefore, documents regarding the delivery of other CIRs are not relevant to any party's claim or defense in this action. Defendants also object to this Request because it is cumulative of prior requests.

Defendants will produce all responsive, relevant non-privileged documents in their possession, custody, or control, if any, limited to those concerning CIR 112.

**6.      All communications with and documents provided by you, Steele, or Orbis to Kramer, McCain, or Perkins Coie or any persons acting on their behalf, regarding the Dossier, CIR 112, or the contents therein.**

**RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to Plaintiffs' definition of "you" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control. Defendants object to this Request because any documents in the possession of Steele or Orbis are not in Defendants' possession, custody, or control. Defendants also object to this Request as seeking documents that are not relevant and proportional to the needs of the case, because it seeks disclosure of documents "regarding the Dossier." Plaintiffs' defamation claims in this action concern only CIR 112 and therefore, documents regarding "the Dossier" are not relevant to any party's claim or defense in this action and not proportional to the needs of the case. Defendants also object to this Request because it is cumulative of prior requests.

Defendants will produce all responsive, relevant, non-privileged documents in their possession, custody, or control, if any, limited to those concerning CIR 112.

**7.      All communications with and documents provided by you, Steele, or Orbis to journalists or members of the media, or any persons acting on their behalf, relating to the Dossier, CIR 112, or the contents therein.**

**RESPONSE:** Defendants object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or its clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to Plaintiffs' definition of "you" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control. Defendants object to this Request because any documents in the possession of Steele or Orbis are not in Defendants' possession, custody, or control.

Defendants also object to this Request as seeking documents that are not relevant and proportional to the needs of the case, because it seeks disclosure of documents "regarding the Dossier." Plaintiffs' defamation claims in this action concern only CIR 112 and therefore documents regarding "the Dossier" are not relevant to any party's claim or defense in this action and not proportional to the needs of the case. Defendants further object to this Request because it is cumulative of prior requests.

Defendants will produce all responsive, relevant, non-privileged documents in their possession, custody, or control, if any, limited to those concerning CIR 112.

8.     **Documents sufficient to identify any code names you used for matters relating to CIR 112 or the Dossier, and all documents reflecting such code names.**

**RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to Plaintiffs' definition of "you" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control. Defendants also object to this Request as seeking documents that are not relevant and proportional to the needs of the case, because it seeks disclosure of documents relating to "the Dossier." Because Plaintiffs' defamation claims in this action concern only CIR 112, documents concerning other CIRs are not relevant to any party's claim or defense in this action. Defendants also object to the Request as overly broad, unduly burdensome, and calling for disclosure of documents that are not relevant and proportional to the needs of the case inasmuch as it requests "all documents reflecting such code names," and therefore seeks documents that have nothing to do with CIR 112.

Defendants will produce all responsive, relevant, non-privileged documents in their possession, custody, or control, if any, limited to those concerning CIR 112.

9.     **Documents reflecting the scope and terms of your engagement by the Washington Free Beacon in 2015 and by Perkins Coie (or the Democratic National Committee, the campaign of Hillary Clinton, or HFACC, Inc.), as referenced in Paragraph 15 of the Answer, and the amounts paid to you in connection with such engagements.**

**RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity

or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to Plaintiffs' definition of "your" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control. Defendants also object to this Request as seeking documents that are not relevant to any party's claim or defense and are not proportional to the needs of the case, because Defendants did not engage with Orbis as part of Defendants' engagement with the Washington Free Beacon, and CIR 112 was not created pursuant to Defendants' engagement with the Washington Free Beacon.

Defendants will produce all responsive, relevant, non-privileged documents in their possession, custody, or control, if any.

**10.     Documents reflecting the scope and terms of your engagement of Orbis and/or Steele, as referenced in Paragraph 3 of the Answer, and the amounts paid to Orbis and/or Steele in connection with such engagements.**

**RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or its clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to Plaintiffs' definition of "your" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control.

Defendants will produce all responsive, relevant, non-privileged documents in their possession, custody, or control, if any.

**11.     All documents concerning your policies or methodologies relating to efforts and procedures undertaken to verify or research information obtained from investigative firms prior to publishing or disseminating the information to third parties, including clients or the media.**

Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants also object to Plaintiffs' definition of "your" in the "Definitions"

section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control.

Defendants will produce all responsive, relevant, non-privileged documents in their possession, custody, or control, if any.

**12.     All documents concerning Defendants' assertion that the publication or transmission of CIR 112 or the Dossier constitutes a report of a judicial proceeding, legislative proceeding, or other official proceeding, or otherwise is protected by New York Civil Rights Law § 74, including all documents concerning your knowledge of such proceedings on or before January 10, 2017.**

**RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants also object to this Request as overly broad and as seeking documents that are not relevant and proportional to the needs of the case, because it seeks disclosure of documents relating to "the Dossier." Because Plaintiffs' defamation claims in this action concern only CIR 112, documents concerning other CIRs are not relevant to any party's claim or defense.

Defendants will produce all responsive, relevant, non-privileged documents in their possession, custody, or control, if any, limited to those related to CIR 112.

**13.     All documents or communications concerning any efforts or investigation, on or before January 10, 2017, to determine whether CIR 112 was the subject of any official government proceeding or action.**

**RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants also object to this Request because it is cumulative of prior requests. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to this Request because it is cumulative of prior requests.

Defendants will produce all responsive, relevant, non-privileged documents in their possession, custody, or control, if any.

14.     All documents or communications concerning the Briefings to the media, or briefings of President Obama, President-elect Trump, or other government officials relating to CIR 112 or the Dossier.

> **RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the under the attorney-client privilege and attorney work product privilege.  Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants also object to this Request as seeking documents that are not relevant and proportional to the needs of the case, because it seeks disclosure of documents relating to the Dossier. Plaintiffs' defamation claims in this action concern only CIR 112 and therefore documents regarding "the Dossier" are not relevant to any party's claim or defense in this action and not proportional to the needs of the case.

> Defendants will produce all responsive, non-privileged, relevant documents in their possession, custody, or control, if any, limited to those concerning CIR 112.

15.     All documents concerning the truth or falsity of the allegations set forth in CIR 112 or the Dossier, including documents concerning Steele's reported comments that as much as 30% of the Dossier's content may not be accurate, as set forth in the Guardian Article.

> **RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants also object to this Request because it is cumulative of prior requests.

> Defendants will produce all responsive, relevant, non-privileged documents in their possession, custody, or control.

16.     All documents produced by you or to you in any litigation or court or governmental proceeding concerning Plaintiffs, the Dossier, CIR 112, and the subject matter of this Action, including in Gubarev v. Orbis and Steele, No. HQ1700413, in the High Court of Justice, Queen's Bench Division, and Nunes v. Fusion GPS, Case No. 19-cv-1148, pending in the Eastern District of Virginia.

> **RESPONSE:** Defendants object to this Request as overly broad and calling for disclosure of documents not relevant to any party's claim or defense and not proportional to the needs of the case because it seeks documents concerning "the subject matter of this Action," which is impermissibly broad under Rule 26(b)(1); Rule 26(b)(1) limits the scope of discovery to matters that are "relevant to any party's claim or defense and proportional to

8

the needs of the case." Defendants also object to the Request because it seeks documents concerning "the Dossier." Plaintiffs' defamation claims in this action concern only CIR 112; therefore, documents regarding "the Dossier" are not relevant to any party's claim or defense in this action and not proportional to the needs of the case. Defendants further object to Plaintiffs' definition of "you" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control.

Defendants will produce all responsive, relevant documents in their possession, custody, or control.

17.     **Transcripts of all testimony, including but not limited to deposition testimony, given or taken by you in any litigation or proceeding concerning the Dossier, CIR 112, and the subject matter of this Action, including in Gubarev v. Orbis and Steele, No. HQ1700413, in the High Court of Justice, Queen's Bench Division, and Nunes v. Fusion GPS, Case No. 19-cv-1148, pending in the Eastern District of Virginia.**

RESPONSE: Defendants object to this Request as overly broad and calling for disclosure of documents not relevant to any party's claim or defense and not proportional to the needs of the case because it seeks documents concerning "the subject matter of this Action," which is impermissibly broad under Rule 26(b)(1); Rule 26(b)(1) limits the scope of discovery to matters that are "relevant to any party's claim or defense and proportional to the needs of the case." Defendants also object to this Request because it seeks documents concerning "the Dossier." Plaintiffs' defamation claims in this action concern only CIR 112; therefore, documents regarding "the Dossier" are not relevant to any party's claim or defense in this action and not proportional to the needs of the case. Defendants further object to Plaintiffs' definition of "you" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control.

Defendants will produce all responsive, relevant documents in their possession, custody, or control.

18.     **All documents relating to any interviews, communications, or testimony to or with government officials, including members of Congress, relating to CIR 112 or the Dossier.**

RESPONSE: Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants object to this Request as overly broad and as seeking documents that are not relevant and proportional to the needs of the case, because it seeks disclosure of documents relating to "the Dossier." Because Plaintiffs' defamation claims in this action concern only CIR 112, documents concerning other CIRs are not relevant to any party's

claim or defense. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or its clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to this Request because it is cumulative of prior requests.

Defendants will produce all responsive, relevant non-privileged documents in their possession, custody, or control, if any, limited to those related to CIR 112.

**19.    All documents referred to in, or used in the preparation of, Defendants' responses to any interrogatories in this Action.**

**RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or its clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants also object to this Request because it is cumulative of prior requests.

Defendants will produce all responsive, relevant, non-privileged documents in their possession, custody, or control, if any.

**20.    All documents you may use to support, or which evidence, your assertions, defenses, and counterclaims in this Action, as reflected in the Answer or otherwise.**

**RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to this Request as vague because the phrase "or which evidence" is unclear and Defendants cannot reasonably determine how that phrase differs from "may use to support." Defendants object to Plaintiffs' definition of "you" and "your" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control. Defendants also object to this Request because it is cumulative of prior requests.

Defendants will produce all responsive, relevant, non-privileged documents in their possession, custody, or control that they may use to support their assertions, defenses, and counterclaims.

21.     All documents concerning any efforts or investigation by you to determine whether the Dossier which was prepared for you and transmitted by you to others was the same as the Dossier which the CNN Article claimed was the subject of governmental briefings or other official action.

RESPONSE: Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants also object to this request as overly broad and seeking information that is not relevant to any party's claims or defenses because it seeks information related to the "Dossier" as opposed to CIR 112, which is the basis for Plaintiffs' claims. Defendants further object to Plaintiffs' definition of "you" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control. Defendants also object to this Request because it is cumulative of prior requests.

Defendants will produce responsive, relevant, non-privileged documents in their possession, custody, or control, if any.

22.     All documents relating to communications (oral or written) with news or media organizations regarding the Dossier, any information or content in the Dossier, and publication of the Dossier.

RESPONSE: Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to this Request as overly broad, unduly burdensome, and as seeking information that is not relevant to any party's claims or defenses because it seeks information related to the "Dossier," as opposed to CIR 112. The Plaintiffs' claims relate to CIR 112. Accordingly, information related to CIRs other than CIR 112 is not relevant. Defendants further object to this Request because it is cumulative of prior requests. Defendants object to this Request because it calls for a legal conclusion insomuch as the term "publication" is a legal term of art.

Defendants will produce all responsive, relevant, non-privileged, documents in their possession, custody, or control, limited to those concerning CIR 112.

23.     All documents reflecting the transmission or publication of CIR 112, the Dossier, or any information in the Dossier by you to any third parties, including news or media organizations, Senator McCain, Kramer, Winer, Perkins Coie, and/or the FBI, as set forth in Paragraphs 1 through 3 of the Affirmative Defenses in the Answer.

RESPONSE: Defendants object that this Request is unreasonably cumulative and duplicative of other Requests. Defendants also object to this Request because it calls for

11

documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to Plaintiffs' definition of "you" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control. Defendants also object to this request as overly broad and as seeking information that is not relevant to any party's claims or defenses because it seeks information related to the "Dossier," as opposed to CIR 112. The Plaintiffs' claims relate to CIR 112. Accordingly, information related to CIRs other than CIR 112 is not relevant. Defendants object to this Request because it calls for a legal conclusion insomuch as the term "publication" is a legal term of art.

To the extent not produced in response to prior Requests, Defendants will produce all responsive, relevant, non-privileged documents in their possession, custody, or control, limited to those concerning CIR 112.

**24.    All documents and communications regarding your decision to transmit CIR 112 or the Dossier to any third parties, including news or media organizations, and your decision to transmit the entire Dossier instead of portions of the Dossier.**

**RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to Plaintiffs' definition of "your" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control. Defendants object to this Request as overly broad and as seeking information that is not relevant to any party's claims or defenses because it seeks information related to the "Dossier" as opposed to CIR 112. The Plaintiffs' claims relate to CIR 112. Accordingly, information related to CIRs other than CIR 112 is not relevant. Defendants also object to this Request because it is cumulative of prior requests.

Defendants will produce all responsive, relevant, non-privileged documents in their possession, custody, or control, limited to those concerning CIR 112.

**25.    All documents or communications concerning the Yahoo Article, the Mother Jones Article, the BuzzFeed Article, and the CNN Article, including communications (oral or written) of or relating to any information or content in the Dossier.**

**RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants also object to this Request as overly broad and as seeking information that is not relevant to any party's claims or defenses because it seeks information related to "information or content in the Dossier," as opposed to CIR 112. The Plaintiffs' claims relate to CIR 112. Accordingly, information related to CIRs other than CIR 112 is not relevant. Defendants also object to this Request because it is cumulative of prior requests.

Defendants will produce all responsive, relevant, non-privileged documents in their possession, custody, or control, limited to those concerning CIR 112.

**26.     Documents or communications sufficient to show how and from whom Orbis or Steele, and those assisting them, obtained the information regarding Plaintiffs and Alfa contained in CIR 112.**

**RESPONSE:** Defendants object to this request as seeking documents in the possession of a third party.

Defendants do not have in their possession, custody, or control any responsive documents.

**27.     All documents received from or communications with the sources from which Orbis or Steel obtained the information regarding Plaintiffs and Alfa contained in CIR 112.**

**RESPONSE:** Defendants object to this request as seeking documents in the possession of a third party.

Defendants do not have in their possession, custody, or control any responsive documents.

**28.     Documents or communications concerning Plaintiffs, CIR 112 or the Dossier to, from, or referencing any of the following:**

**a)     Other employees, representatives, or contractors of Fusion (including former employees);**

**b)     Christopher Steele;**

**c)     Christopher Burrows;**

**d)     Any employee, representative, or contractor of Orbis;**

**e)     Any employee or representative of Alfa;**

**f)     Any official, partner, employee, or contractor of Perkins Coie;**

13

g)      Any employee, representative, or contractor of the Democratic National Committee, the campaign of Hillary Clinton, or HFACC, Inc.;

h)      Any employee, representative, or contractor of the McCain Institute for International Leadership;

i)      Senator John McCain or members of his staff;

j)      David Kramer;

k)      Jonathan M. Winer;

l)      Bruce Ohr;

m)      Representative Adam Schiff or members of his staff;

n)      Any official or employee of the United States Government (or any person acting as an intermediary between any such official or employee);

o)      Any official or employee of the Russian Federation (or any person acting as an intermediary between any such official or employee);

p)      Michael Isikoff;

q)      David Korn;

r)      Jane Mayer;

s)      Ken Bensinger;

t)      Miriam Elder;

u)      Mark Schoofs;

v)      Luke Harding;

w)      Edward Baumgartner;

x)      Any employee, representative, or contractor of BuzzFeed;

y)      Any employee, representative, or contractor of CNN;

z)      Any employee, representative, or contractor of The Washington Post;

aa)     Any employee, representative, or contractor of The New York Times;

bb)     Any employee, representative, or contractor of The Guardian;

cc)     Any employee, representative, or contractor of The Hill;

14

      dd)     **Any employee, representative, or contractor of Mother Jones; and**

      ee)     **Any employee, representative, or contractor of Yahoo.**

**RESPONSE**: Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to this Request as overly broad and as seeking information that is not relevant to any party's claims or defenses because it seeks information related to the "Dossier," as opposed to CIR 112. The Plaintiffs' claims relate to CIR 112. Accordingly, information related to CIRs other than CIR 112 is not relevant. Defendants object to this Request because it is unreasonably cumulative and duplicative of other requests seeking disclosure of documents concerning the Plaintiffs or CIR 112. Defendants also object to this Request as overly broad and unduly vague because it is unlimited in time.

Defendants will produce all responsive, relevant, non-privileged documents in their possession, custody, or control, limited to those concerning the Plaintiffs or CIR 112, for the last five years.

29.     **All documents concerning Plaintiffs, the Dossier, CIR 112, or the contents therein, that you provided to the FBI, and all documents relating to any investigation by the FBI concerning Plaintiffs, the Dossier, CIR 112, or the contents therein.**

**RESPONSE**: Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants also object to Plaintiffs' definition of "you" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control. Defendants object to this Request as overly broad and as seeking information that is not relevant to any party's claims or defenses because it seeks information related to the "Dossier," as opposed to CIR 112. Plaintiffs' claims relate to CIR 112. Accordingly, information related to CIRs other than CIR 112 is not relevant. Defendants further object to this Request because it seeks disclosure of documents in possession of a third party, the FBI. Defendants object to this Request because it is unreasonably cumulative and duplicative of other requests seeking disclosure of documents concerning the Plaintiffs or CIR 112.

15

Defendants will produce all responsive, relevant, non-privileged documents, in their possession, custody, or control, limited to those concerning the Plaintiffs or CIR 112, if any.

**30.      All documents concerning each of the Plaintiffs, including Defendants' assertion that each of the Plaintiffs are public figures as indicated in Paragraph 13 of the Affirmative Defenses (in the Answer).**

> **RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants also object to this Request as duplicative and unreasonably cumulative, as Plaintiffs have requested the same information in Request No. 3 (and other requests). Defendants refer Plaintiffs to its response to Request No. 3, which they incorporate herein.

**31.      All documents concerning your allegations in Paragraph 13.a. of the Affirmative Defenses (in the Answer) that a "public controversy exists concerning the entanglement of Russian oligarchs' political and business interests and those of the Russian state and/or President Putin, including the questionable, unethical and illegal conduct by actors on both sides."**

> **RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants also object to Plaintiffs' definition of "your" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control. Defendants object to this Request because it is unreasonably cumulative and duplicative of other requests.

> Defendants will produce all responsive, relevant, non-privileged documents in their possession, custody, or control.

**32.      All documents concerning any involvement by Plaintiffs in the conduct or activities referenced in the previous Request.**

> **RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of

documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to Plaintiffs' definition of "your" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control. Defendants object to this Request because it is unreasonably cumulative and duplicative of other requests.

Defendants will produce all responsive, non-privileged documents in their possession, custody, or control.

**33.     All documents concerning your allegations in Paragraph 13.b. of the Affirmative Defenses (in the Answer) that a "public controversy exists concerning the attempt to interfere in the 2016 U.S. Presidential election by the Russian Government and/or President Putin, including the alleged participation of Russian oligarchs."**

**RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to Plaintiffs' definition of "your" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control. Defendants object to this Request because it is unreasonably cumulative and duplicative of other requests.

Defendants will produce all responsive, non-privileged documents in their possession, custody, or control.

**34.     All documents concerning any involvement by Plaintiffs in the conduct or activities referenced in the previous Request.**

**RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to Plaintiffs' definition of "your" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants'

possession, custody, or control. Defendants object to this Request because it is unreasonably cumulative and duplicative of other requests.

Defendants will produce all responsive, non-privileged documents in their possession, custody, or control.

**35.    All documents concerning your allegations in Paragraph 13.d of the Affirmative Defenses (in the Answer) that "[t]he same facts apply to Plaintiff Khan," referring to your allegations that "[t]he United States District Court for the District of Columbia has already determined that Plaintiffs Fridman and Aven were public figures more than ten years ago, for purposes of another defamation case against a digital media organization" and that "Fridman and Aven are recognized as two of the most powerful Russian oligarchs" and have "maintained a close relationship to the highest reaches of the Russian government and forged a series of friendships and alliances with Russian luminaries and politicians."**

**RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to Plaintiffs' definition of "your" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control. Defendants object to this Request because it is unreasonably cumulative and duplicative of other requests.

Defendants will produce all responsive, non-privileged documents in their possession, custody, or control.

**36.    All documents concerning your allegations in Paragraph 13.f. of the Affirmative Defenses (in the Answer) that "Plaintiffs' business and political conduct, including their relationship to President Putin, has continually attracted intense public scrutiny."**

**RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to Plaintiffs' definition of "your" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants'

possession, custody, or control. Defendants object to this Request because it is unreasonably cumulative and duplicative of other requests.

Defendants will produce all responsive, non-privileged documents in their possession, custody, or control.

**37.    All documents concerning your allegations in Paragraph 13.h of the Affirmative Defenses (in the Answer) that "[i]n 2015, the government of the United Kingdom ordered Fridman and Khan to sell all of their oil assets in that country, out of concern that their connections to the Russian government could invite sanctions" and that "[t]he controversy was covered by all major international and U.S. media."**

> **RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to Plaintiffs' definition of "your" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control. Defendants object to this Request because it is unreasonably cumulative and duplicative of other requests.

> Defendants will produce all responsive, non-privileged documents in their possession, custody, or control.

**38.    All documents concerning your allegations in Paragraph 13.i. of the Affirmative Defenses (in the Answer) that any of the Plaintiffs participated in meetings with President Putin and boasted of such participation.**

> **RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to Plaintiffs' definition of "your" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control. Defendants object to this Request because it is unreasonably cumulative and duplicative of other requests.

Defendants will produce all responsive, non-privileged documents in their possession, custody, or control.

**39.     All documents concerning your allegations in Paragraph 13.j. of the Affirmative Defenses (in the Answer) that the "United States government has repeatedly scrutinized the Plaintiffs and Alfa's business activities."**

> **RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or its clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to Plaintiffs' definition of "your" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control. Defendants object to this Request because it is unreasonably cumulative and duplicative of other requests.
>
> Defendants will produce all responsive, non-privileged documents in their possession, custody, or control.

**40.     All documents concerning your allegations in Paragraph 13.k. of the Affirmative Defenses (in the Answer) that "Plaintiffs have widespread access to the international media and other channels of communications within the United States and around the world."**

> **RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to Plaintiffs' definition of "your" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control. Defendants object to this Request because it is unreasonably cumulative and duplicative of other requests.
>
> Defendants will produce all responsive, non-privileged documents in their possession, custody, or control.

41.    All documents concerning Plaintiffs' alleged "political or business relationships with the Russian state and/or President Putin" as indicated in Paragraph 13.n. of the Affirmative Defenses (in the Answer).

> **RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to this Request because it is unreasonably cumulative and duplicative of other requests.
>
> Defendants will produce all responsive, non-privileged documents in their possession, custody, or control.

42.    All documents concerning your allegations in Paragraph 13.l. of the Affirmative Defenses (in the Answer) that "Plaintiffs have spoken to numerous influential organizations in the U.S., such as the Keenan Institute and the Carnegie Endowment for International Peace."

> **RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to Plaintiffs' definition of "your" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control. Defendants object to this Request because it is unreasonably cumulative and duplicative of other requests.
>
> Defendants will produce all responsive, non-privileged documents in their possession, custody, or control.

43.    All documents concerning your allegations in Paragraph 13.m of the Affirmative Defenses (in the Answer) that "[b]oth Fridman and Aven met several times with officials at the Obama White House."

> **RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity

or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to Plaintiffs' definition of "your" in the "Definitions" section of the Requests as including "persons or entities acting … in concert with" the Defendants, because documents and information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants are not in Defendants' possession, custody, or control. Defendants object to this Request because it is unreasonably cumulative and duplicative of other requests.

Defendants will produce all responsive, non-privileged documents in their possession, custody, or control.

**44.    All documents concerning the allegations in CIR 112 that "significant favours continue to be done" between Alfa and President Putin and that Fridman and Aven give "informal advice to Putin" on the United States and foreign policy.**

**RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to this Request because it is unreasonably cumulative and duplicative of other requests.

Defendants will produce all responsive, non-privileged documents in their possession, custody, or control.

**45.    All documents concerning the allegations in CIR 112 that the "key intermediary" in the alleged Putin-Alfa relationship is Oleg Govorun.**

**RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to this Request because it is unreasonably cumulative and duplicative of other requests.

Defendants will produce all responsive, non-privileged documents in their possession, custody, or control.

**46.    All documents concerning the allegations in CIR 112 that "Putin [was] personally unbothered" by Alfa's "lack of investment" in the Russian economy but was**

22

"under pressure from colleagues over this" and "able to exploit" Alfa's "lack of investment" in the Russian economy (including its alleged "failure to reinvest the proceeds of its TNK oil company sale") as leverage over Alfa, Fridman, or Aven to "make them do his political bidding."

> **RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to this Request because it is unreasonably cumulative and duplicative of other requests.
>
> Defendants will produce all responsive, non-privileged documents in their possession, custody, or control.

47.    All documents concerning the allegations in CIR 112 that Oleg Govorun was the "driver and bag carrier used by Fridman and Aven to deliver large amounts of illicit cash to the Russian President, at that time deputy Mayor of St. Petersburg."

> **RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to this Request because it is unreasonably cumulative and duplicative of other requests.
>
> Defendants will produce all responsive, non-privileged documents in their possession, custody, or control.

48.    All documents concerning any contacts or communications between Putin and any of the Plaintiffs or Alfa (or any intermediaries therefor), including the allegations in CIR 112 that any such contacts or communications were entrusted to Oleg Govorun.

> **RESPONSE:** Defendants object to this Request because it calls for documents that are protected from disclosure under the attorney-client privilege and the attorney work product doctrine. Defendants further object to this Request as calling for the production of documents protected by the First Amendment to the United States Constitution, including but not limited to, the rights of Defendants and/or their clients to engage in political activity or political speech, to speak anonymously, to associate freely with others, and to petition the government. Defendants object to this Request because it is unreasonably cumulative and duplicative of other requests.

Defendants will produce all responsive, non-privileged documents in their possession, custody, or control.

Dated:  November 11, 2019

By:_____*/s/* Joshua A. Levy_____

Joshua A. Levy (D.C. Bar No. 475108)
Rachel M. Clattenburg (D.C. Bar No. 1018164)
CUNNINGHAM LEVY MUSE LLP
1401 K St. NW, Suite 600
Washington, DC 20005
Tel: (202) 845-3215
Fax: (202) 595-8253
jal@cunninghamlevy.com

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 11, 2019, I served the foregoing Responses to

Document Requests via e-mail on the following counsel of record:


Alan S. Lewis, Esquire
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel: (212) 238-8647
Lewis@clm.com

Kim Hoyt Sperduto, Esquire
SPERDUTO THOMPSON PLC
1133 Twentieth Street, NW
Second Floor
Washington, D.C. 20036
Tel: (202) 408-8900
ksperduto@sperdutothompson.com


                                        /s/ Joshua A. Levy
                                        Joshua A. Levy