# Exhibit N



**THOMAS A. CLARE, P.C.**
tom@clarelocke.com
(202) 628-7401

# C L A R E L O C K E
### L  L  P

**JOSEPH R. OLIVERI**
joe@clarelocke.com
(202) 628-7405

10 Prince Street
Alexandria, Virginia 22314

(202) 628-7400

www.clarelocke.com

May 3, 2021

*Via Electronic Mail*

Joshua A. Levy
Levy Firestone Muse LLP
1701 K Street, NW, Ste 350
Washington, D.C. 20006
jal@levyfirestone.com

     Re: *Fridman v. Bean LLC*, 17-cv-2041 (JRL) – Defendants' Revised Privilege Log

Dear Josh:

  We write regarding Defendants' **third** privilege log, which fails to comply with the Court's March 30, 2021 Order on Plaintiffs' Motion to Compel.

  In Plaintiffs' motion to compel, Plaintiffs identified a host of deficiencies in Defendants' second privilege log, including, among other things, Defendants' generic, boilerplate privilege descriptions that were insufficient to enable Plaintiffs (or the Court) to evaluate Defendants' privilege claims and Defendants' withholding of documents with regard to which Defendants do not come close to meeting their burden of demonstrating the applicability of a privilege. And as you know, the Court, in granting Plaintiffs' motion, agreed that Defendants' second privilege log was inadequate and ordered that "defendants shall submit to plaintiffs an updated privilege log *with additional detailed information* sufficient to allow determination of defendants['] claims of privilege."[1]

  We have reviewed Defendants' updated privilege log—Defendants' **third** privilege log—which Defendants produced to Plaintiffs on April 29, 2021, as ordered by the Court. Unfortunately, it is clear that Defendants have chosen **not** to comply with the Court's Order to provide "additional detailed information sufficient to allow determination of defendants' claims of privilege."

  Indeed, as explained below, except for the addition of "Email Subject," "File Name," and "Date Created (for Attachments and Loose Documents)" columns, Defendants' third privilege log is virtually identical to their second privilege log—which the Court found inadequate. Defendants

---

[1] Mar. 30, 2021 Order on Pls.' Mot. to Compel (emphasis added).



continue to provide only the same hypergeneric, boilerplate "Privilege Descriptions" that just parrot the legal elements of privilege claims, which the Court has already found inadequate. Defendants continue to assert privilege over documents to which no privilege can possibly apply based on the "privilege descriptions" that Defendants have provided. And in the few instances where Defendants have provided additional information about documents they are withholding, that information raises more questions than it provides answers and further suggests that those withheld documents are not privileged.

In short, Defendants have now had three opportunities to produce a privilege log that adequately describes the documents they are withholding and enables Plaintiffs (and the Court) to assess their claims of privilege, but Defendants have not done so. And Defendants have disregarded the Court's March 30, 2021 Order to "submit to plaintiffs an updated privilege log *with additional detailed information* sufficient to allow determination of defendants['] claims of privilege." Defendants have thus failed to meet their "burden of demonstrating facts sufficient to establish [any] privilege's applicability" to the documents listed on their privilege log. *E.g.*, *In re Subpoena Duces Tecum Issued to Commodity Futures Trading Comm'n*, 439 F.3d 740, 750 (D.C. Cir. 2006)

With this letter, we ask that Defendants produce by no later than this Thursday (May 6) at 5:00 p.m. a revised privilege log that complies with the Court's March 30, 2021 Order by providing the Court-ordered "additional detailed information sufficient to allow determination of defendants['] claims of privilege." If Defendants refuse or fail to do so, Plaintiffs intend to take the position that because Defendants have failed (multiple times) to meet their "burden of demonstrating facts sufficient to establish [any] privilege's applicability" to the documents listed on their third privilege log, Defendants have waived any claims of privilege over those documents and the Court should order their immediate production. We also ask that you provide your availability this week for a teleconference to meet and confer in accordance with Local Rule 7(m) regarding these issues.

I.  **Defendants' Unchanged Generic Privilege Descriptions Remain Inadequate—As the Court Already Held.**

As an initial matter, it is clear from review of Defendants' third privilege log that the overwhelming majority of Defendants' "privilege descriptions" remain unchanged from Defendants' previous privilege log and continue to provide insufficient information about the documents withheld to enable Plaintiffs (and the Court) to assess Defendants' privilege claims.

As with Defendants' prior privilege log—which, again, the Court held inadequate—Defendants provide the same hypergeneric description for the overwhelming majority of their withheld documents:

> "Confidential communication [or research] regarding research prepared at the direction of Perkins Coie and in anticipation of litigation, and for the purpose of providing legal advice."

As the Court recognized by ordering that Defendants update their privilege log "with additional detailed information sufficient to allow determination of defendants['] claims of privilege," these



privilege descriptions are wholly insufficient to sustain Defendants' privilege claims. It is black-letter law that the proponent of a privilege must describe the "subject matter" of each document withheld and identify (and establish) all "facts necessary to find the attorney-client privilege or work product doctrine protect the sought-after documents." *In re Veiga*, 746 F. Supp. 2d 27, 40 (D.D.C. 2010); *Animal Legal Def. Fund, Inc. v. Dep't of Air Force*, 44 F. Supp. 2d 295, 303 (D.D.C. 1999). Generic, boilerplate descriptions of documents that merely parrot the legal standard for a privilege are insufficient. *See, e.g., Chevron Corp. v. Weinberg Grp.*, 286 F.R.D. 95, 99 (D.D.C. 2012); *Hunton & Williams LLP v. U.S. Env't Prot. Agency*, 248 F. Supp. 3d 220, 244 (D.D.C. 2017)

Notably, the decision in *Feld v. Fireman's Fund Insurance Co.*, 991 F. Supp. 2d 242 (D.D.C. 2013), on which Defendants have previously relied in arguing that their generic privilege descriptions satisfy their burden, confirms the inadequacy of Defendants' third privilege log. As Plaintiffs' previous counsel explained in their June 25, 2020 letter to you, the *Feld* court held privilege claims adequate where the privilege log contained "specific, individualized descriptions" of documents withheld and "[t]he 'privilege basis' column include[d] detailed descriptions of each individual document." *Id.* at 248. And the *Feld* court provided examples of adequate descriptions:

> Email between Fulbright attorneys attaching draft letter to C. Kirk, dated 10/27/09, addressing FFIC questions re: potential conflicts of interest and splitting defense costs, and seeking attorney impressions and conclusions re: same. WP in anticipation of potential litigation with FFIC.
>
> Email from Fulbright attorneys to client attaching for review draft litigation budget requested by FFIC, describing process used to create same and rates FFIC 'willing to pay.' WP in anticipation of potential litigation with FFIC.
>
> Email from Fulbright attorneys to client re: status of Underlying Action, including discovery conference with Magistrate Judge Kay, settlement proposal, depositions, and remaining fact discovery, attaching 1/22/11 letter to Judge Kay and 1/24/11 order re: discovery issues. WP re: Underlying Action.

The descriptions held sufficient in *Feld* contrast markedly with the "privilege descriptions" on Defendants' third privilege log.

In short, notwithstanding black-letter law and ***in derogation of the Court's Order***, Defendants have persisted in providing only generic privilege descriptions for the documents they are withholding—and have persisted in simply repeating verbatim the same generic description for the majority of those documents. Defendants' have ***not*** "submit[ted] to plaintiffs an updated privilege log with additional detailed information sufficient to allow determination of defendants['] claims of privilege."

3



**II. Defendants' Addition of "Email Subject," "File Name," and "Date Created (for Attachments and Loose Documents)" Columns Does Not Render Their Privilege Log Adequate.**

Defendants' addition of "Email Subject," "File Name," and "Date Created (for Attachments and Loose Documents)" columns to their privilege log—essentially the only addition they made in response to the Court's March 30 Order—does not render their inadequate privilege log adequate.

As Plaintiffs explained in their Motion to Compel (and in prior correspondence), Defendants' descriptions of approximately thirty documents on their second privilege log as just "loose document" were manifestly insufficient to enable Plaintiffs (and the Court) to assess Defendants' claims of privilege over those documents, much less to sustain Defendants' burden of establishing the applicability of their claimed privileges.[2] Defendants' third privilege log fails to cure those insufficient descriptions. Rather than providing "additional detailed information sufficient to allow determination of defendants['] claims of privilege" over these documents—as the Court ordered—Defendants simply provided the date created and the file names for those documents, most of which are generic and nonspecific (e.g., "FusionGPS Weekly Report [date]")—and a date created.[3] Those file names and dates do *not* provide—as the Court required—"additional detailed information" that allows Plaintiffs (or the Court) to properly assess Defendants' privilege claims over those documents. Defendants' third privilege log is *still* inadequate for that additional reason.

Nor does the addition of an "Email Subject" column cure Defendants' inadequate descriptions of the emails they are withholding as privileged. As with the file names of the "loose documents" Defendants are withholding, the subjects of the emails that Defendants now include in their privilege log are largely generic, such as "Re: hey", "Re: AG," "Re:," and "daynote."[4] Those subject lines plainly do not provide the "additional detailed information sufficient to allow determination of defendants['] claims of privilege" that the Court ordered Defendants to provide.

**III. Defendants Continue to Make Overbroad and Unsupported Privilege Claims.**

Defendants also continue to improperly withhold documents based on overbroad and unsupported claims of privilege—claims that simply cannot be sustained based on Defendants' privilege descriptions.

To begin, Defendants' blanket assertion that the attorney-client privilege and work-product doctrine apply to documents prepared for or communications with attorneys at Perkins Coie is improper.[5] Neither protection from disclosure applies.

The attorney-client privilege does not apply because neither Glenn Simpson nor Fusion GPS were clients of Perkins Coie during the relevant time period; rather, as Defendants' admit, Perkins Coie's clients were the Democratic National Committee (DNC) and Hillary for America Campaign Committee (HFACC). *See Tax Analysts v. IRS*, 117 F.3d 607, 618 (D.C. Cir. 1997) (The attorney-

---

[2] *See* Pls.' Mot. to Compel at 12.
[3] *See, e.g.*, PRIV0000079, PRIV0000086, and PRIV00000138.
[4] *See, e.g.*, PRIV0000137, PRIV0000161, PRIV0000162, PRIV0000177, PRIV0000178, and PRIV0000184.
[5] *See* Pls.' Mot. to Compel at 15.

4

Case 1:17-cv-02041-RJL   Document 147-16   Filed 05/21/21   Page 6 of 7



client privilege "protects communications from attorneys to their clients if the communications rest on confidential information obtained from the client."). Even assuming that the work that Defendants provided to Perkins Coie was not simply political opposition research—even though the record in this case clearly indicates that it was—and even assuming that Defendants were acting as Perkins Coie's agent with regard to Perkins Coie's representation of the DNC and HFACC—again, even though the record in this case indicates that Defendants were not—Defendants' communications with Perkins Coie cannot be privileged because "materials produced by an attorney's agent are attorney-client privileged only to the extent they contain information obtained from the client," *In re Kellogg Brown & Root, Inc.*, 796 F.3d 137, 149 (D.C. Cir. 2015), and Defendants have not demonstrated any facts showing that the documents they are withholding on this basis contained information from the DNC or HFACC.

Similarly, the work-product doctrine does not apply to shield these documents from disclosure. Although Defendants generically claim that every document on their third privilege log is protected from disclosure by the work-product doctrine, that doctrine can only apply to documents prepared "because of the prospect of litigation," *EEOC v. Lutheran Social Serv.*, 186 F.3d 959, 968 (D.C. Cir. 1999), and Defendants fail to identify *any* litigation for which the documents they are withholding were prepared, much less identify or described how those documents were prepared in anticipation of that litigation.[6] As such, because the third revised privilege log fails to provide "additional detailed information" demonstrating that the work-product privilege should apply, Defendants have failed to comply with the Court's Order.

In addition, the vast majority of the communications that Defendants continue to withhold on the basis of "attorney-client privilege" do not involve attorneys. In fact, many such communications are entirely internal among Fusion GPS or among Fusion GPS and other non-attorney third parties. Even if such documents could, in theory, be privileged, Defendants have entirely failed carry their burden of providing facts necessary to sustain claims of privilege over those documents. *See, e.g., In re Subpoena Duces Tecum*, 439 F.3d at 750.

Defendants likewise claim privilege over documents[7] as (supposedly) drafted at the direction of Perkins Coie, but the dates of those documents are prior to the date on which Defendants first met with Marc Elias of Perkins Coie or were engaged by Perkins Coie, as publicly confirmed by Mr. Simpson and Mr. Fritsch.[8] Plainly, those documents cannot be privileged as Defendants claim, raising yet further questions about the propriety of Defendants' privilege claims.

Additionally, multiple documents that Defendants are withholding as privileged (including communications with Orbis) are now identified on Defendants' third privilege log as "invoices." It is, of course, well-established that invoices can be redacted to remove potentially privileged information regarding the nature of the asserted work product while disclosing relevant,

---

[6] The only limited exception is five documents that Defendants claim were prepared in anticipation of litigation in *U.S. v. Prevezon*, but Defendants still fail to properly identify how or why the work product privilege applies to those documents—Defendants offer only generic privilege descriptions that parrot the legal elements of the work-product doctrine. (*See* PRIV000001, PRIV000002, PRIV000004, PRIV 000012, and PRIV000013.)

[7] *See* PRIV0000006 to PRIV0000019.

[8] *See* Glenn Simpson & Peter Fritsch, *Crime in Progress* 56, 284 (2019).

5



unprivileged information, such as the dates that work was performed and the amount charged. Defendants have provided no explanation as to why such these documents cannot be produced in redacted form and must be withheld in full.

Finally, Defendants have entirely failed to refute Plaintiffs' explanations that *even if* an attorney-client privilege or work-product protection applied to the documents Defendants are withholding, Defendants have waived that privilege or protection. As Plaintiffs have previously explained in great detail, Mr. Simpson briefed multiple journalists on the contents of the Dossier, provided copies of the Dossier to *Mother Jones* and *The New York Times*, and published the tell-all book *Crime in Progress* in which he revealed the contents of Fusion GPS' work for Perkins Coie. Because Defendants disclosed the substance of at least *some* of the documents over which they now assert privilege, they have waived the privilege to as to "all other documents involving the same subject matter as well." *Banneker Ventures, LLC v. Graham*, 253 F. Supp. 3d 64, 73 (D.D.C. 2017); *see also S.E.C. v. Lavin*, 111 F.3d 921, 929 (D.C. Cir. 1997) ("the holder [of the privilege] must zealously protect the privileged materials, taking all reasonable steps to prevent their disclosure.").

\*   \*   \*

In sum, as explained above, Defendants have failed to comply with the Court's March 30, 2021 Order to "submit to plaintiffs an updated privilege log *with additional detailed information sufficient to allow determination of defendants['] claims of privilege*," and Defendants have failed to sustain their burden of demonstrating facts sufficient to establish [any] privilege's applicability" to the documents listed on their privilege log, *In re Subpoena Duces Tecum*, 439 F.3d at 750—despite having had three opportunities to do so.

As such, we ask that Defendants' produce by no later than Thursday at 5:00 p.m., a revised privilege log that complies with the Court's March 30, 2021 Order by providing the Court-ordered "additional detailed information sufficient to allow determination of defendants['] claims of privilege." If Defendants refuse or fail to do so, Plaintiffs intend to take the position that because Defendants have failed (multiple times) to meet their "burden of demonstrating facts sufficient to establish [any] privilege's applicability" to the documents listed on their third privilege log, Defendants have waived any claims of privilege over those documents and the Court should order their immediate production. We also ask that you provide your availability this week for a teleconference to meet and confer in accordance with Local Rule 7(m) regarding these issues. And because Defendants' limited revisions to their privilege log have cast substantial doubt on the propriety and veracity of many of Defendants' privilege claims, Plaintiffs reserve all rights, including the right to seek sanctions against Defendants, if warranted, for Defendants failure to disclose non-privileged documents and information.

Sincerely,

*Thomas A. Clare, P.C.*
Thomas A. Clare, P.C.

*Joseph R. Oliveri*
Joseph R. Oliveri