# Exhibit O

# Levy | Firestone | Muse

Joshua A. Levy
Levy Firestone Muse LLP
1701 K Street, NW, Ste 350
Washington, DC  20006
T (202) 845-3215
F (202) 595-8253
levyfirestone.com

May 11, 2021

<u>via Electronic Mail</u>

Thomas A. Clare
Joseph R. Oliveri
Clare Locke LLP
10 Prince Street
Alexandria, VA 22314
tom@clarelocke.com
joe@clarelocke.com

> Re:  Fridman v. Bean LLC – *Plaintiffs' May 3, 2021 Letter Regarding Defendants' April 29, 2021 Privilege Log*

Dear Tom and Joe:

We write in response to your May 3, 2021 letter. As your letter acknowledges, Defendants timely produced a revised privilege log on April 29, 2021, in compliance with the Court's March 30, 2021 Order (the "March 30 Order"). Specifically, in accordance with the Court's instructions to provide "additional detailed information," that updated log supplied multiple categories of information further describing the documents that Defendants withheld on attorney-client privilege grounds or as protected attorney work product, including the exact data Plaintiffs previously claimed to need—in prior correspondence and in briefing filed with the Court—for purposes of assessing Defendants' privilege invocations. Now, despite Defendants' good-faith effort to provide the very types of information Plaintiffs demanded, your letter maintains that Defendants have somehow failed to comply with the March 30 Order. That accusation is unfounded, and Plaintiffs' continued objections smack of gamesmanship.

Letter to T. Clare and J. Oliveri
May 11, 2021
Page 2 of 3

Nothing in your letter requires Defendants to revise their privilege log. <u>First</u>, in compliance with the Court's March 30, 2021 Order, Defendants produced a substantially expanded privilege log containing precisely what Plaintiffs claimed to seek in their Motion to Compel briefs (ECF Nos. 95, 107) and in their previous correspondence. In May 2020, for example, Plaintiffs—quoting from caselaw outside the District—insisted that, "[g]iven today's litigation technology, there is no good reason why privilege logs should not include—where to do so would not itself reveal privileged or protected information []—other readily accessible metadata for electronic documents, including, but not limited to: addressee(s), copyee(s), blind copyee(s), date, time, subject line, file name, file format, and a description of any attachments." Ltr. from A. Lewis to J. Levy, May 28, 2020, at 1-2. Although Defendants disagreed (and continue to take issue) with Plaintiffs' claimed need for those categories of information in order to assess their privilege assertions, Defendants' April 29, 2021 privilege log includes the subject lines of email correspondence, the identities of all parties who sent and received these documents, the file names of attachments and loose documents, and the dates these documents were created. That detail readily satisfies the requirements of Rule 26, and Plaintiffs' bald claim of "inadequa[cy]" is unfounded.[1]

<u>Second</u>, the May 3, 2021 letter questions whether the descriptions of the privilege claims themselves ("privilege descriptions") require more information. *See* Ltr. from T. Clare & J. Oliveri to J. Levy, May 3, 2021, at 2-3. The April 29, 2021 log's additional details about the documents help inform Plaintiffs and the Court about the privilege claims in such a manner that complies with Rule 26 without causing a waiver of privilege. As set forth in Defendants' brief in opposition to Plaintiffs' Motion to Compel (ECF No. 104), the documents at issue are protected under the attorney-client privilege because Perkins Coie LLP engaged Fusion GPS pursuant to a *Kovel* letter, and they are also protected under the attorney work product doctrine because they were created at the

---

[1] The parties' agreement setting forth the scope of Defendants' production also informs Plaintiffs about the documents in Defendants' privilege log. As agreed by the parties, and memorialized in our letters of April 16 and 29, 2020, and Mr. Lewis's letter of April 24, 2020, the document requests are limited to those that are related to CIR 112, which the parties agreed means that they would produce documents that generally relate to the "Dossier," or generally relate to Steele's reports or investigations, to the extent those documents are applicable to CIR 112 and relevant to issues in this Action. The parties also agreed that the date range for the document requests is January 1, 2016 – October 3, 2017, and that the parties would also review and produce documents from before January 1, 2016, that are relevant to actual malice, public figure, or truth or falsity.

Letter to T. Clare and J. Oliveri
May 11, 2021
Page 3 of 3

direction of counsel in anticipation of litigation. Indeed, to avoid any possible doubt about the basis for Defendants' privilege claims, Defendants previously provided a declaration from counsel articulating the nature of the legal undertaking giving rise to those invocations. Defendants are not authorized to produce these documents or otherwise cause a waiver.

<u>Third</u>, in the May 3, 2021 letter, Plaintiffs contend, for the first time, that certain documents listed in the privilege log are not privileged because of the date of their creation. *See* Ltr. from T. Clare & J. Oliveri to J. Levy, May 3, 2021, at 5. Plaintiffs waived this objection, and it certainly was not before the Court when it ruled on Plaintiffs' Motion to Compel; thus, Plaintiffs are incorrect to suggest that inclusion of these documents puts Defendants out of compliance with the Court's March 30, 2021 order. Plaintiffs also argue, without support, that certain invoices should be produced with redactions based on Plaintiffs' <u>speculation</u> that certain material in Defendants' invoices may not be privileged. *See id.* The invoices that were not produced remain privileged, and Plaintiffs' say-so to the contrary is not enough to overcome that protection.

We are available on Wednesday and Thursday to hold a Rule 7(m) conference on the issues raised in your May 3, 2021 letter and the issues raised in our May 5, 2021 letter. We recommend holding one Rule 7(m) conference regarding the issues raised in those two letters and are open to alternate dates if you need more time.

Sincerely,

Joshua A. Levy