# Exhibit P

| | |
|---|---|
| **Subject:** | Re: Correspondence - Fridman et al v. Bean LLC et al |
| **Date:** | Friday, May 14, 2021 at 9:45:34 AM Eastern Daylight Time |
| **From:** | Josh Levy |
| **To:** | Joe Oliveri, Andrew Sharp, Rachel Clattenburg |
| **CC:** | Tom Clare, Libby Locke, Andy Phillips |

Joe, the answer to your question is in our letter of May 11, to which I referred in our call and which explains why the privilege log provides sufficient information, including the information Plaintiffs originally requested in correspondence and in their motion to compel.

Josh

**Joshua A. Levy**
Partner

**Levy** | **Firestone** | **Muse**
1701 K Street NW, Suite 350, Washington, DC 20006
T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
. . .

---

**From:** Joe Oliveri <joe@clarelocke.com>
**Sent:** Thursday, May 13, 2021 5:29 PM
**To:** Josh Levy <jal@levyfirestone.com>; Andrew Sharp <eas@levyfirestone.com>; Rachel Clattenburg <rmc@levyfirestone.com>
**Cc:** Tom Clare <tom@clarelocke.com>; Libby Locke <libby@clarelocke.com>; Andy Phillips <andy@clarelocke.com>
**Subject:** Re: Correspondence - Fridman et al v. Bean LLC et al

Hi Josh,

I don't want to engage in unnecessary back-and-forth (as it's not productive), but I do want to address your accusation below that my summary of our meet-and-confer "confuses and misstates the record."  It does not.

While the parties of course stated their positions regarding Defendants' third privilege log in their May 3 and 11 letters, we further discussed the issues raised in those letters during our Rule 7(m) meet-and-confer today.  After all, as I noted during our call when I

asked about Defendants' privilege log and you immediately referred me to your written letters and said that Defendants' privilege log "speaks for itself," the entire point of a Rule 7(m) is to further discuss issues—because actual (or telephonic) discussions can narrow issues in ways that written correspondence often does not. That is why I asked you *how* Defendants' addition of the "Date Created," "File Name," and "Email Subject"—without any alteration of their "Privilege Descriptions"—enables Plaintiffs to assess Defendants' claims of privilege over specific documents more meaningfully than Plaintiffs were previously able to based on Defendants' previous privilege log that the Court found insufficient. I genuinely hoped for an explanation that could help us narrow our dispute. If you have an explanation, I again invite you to provide it so that we can consider it. We will get back to you shortly regarding the request for a status conference.

Best,
Joe

Joseph R. Oliveri | Partner
C L A R E   L O C K E   L L P
10 Prince Street | Alexandria, Virginia 22314
(202) 628-7405 - direct | (413) 657-6750 - cell
joe@clarelocke.com | www.clarelocke.com

---

**From:** Joshua Levy <jal@levyfirestone.com>
**Date:** Thursday, May 13, 2021 at 4:12 PM
**To:** Joe Oliveri <joe@clarelocke.com>, Andrew Sharp <eas@levyfirestone.com>, Rachel Clattenburg <rmc@levyfirestone.com>
**Cc:** Tom Clare <tom@clarelocke.com>, Libby Locke <libby@clarelocke.com>, Andy Phillips <andy@clarelocke.com>
**Subject:** Re: Correspondence - Fridman et al v. Bean LLC et al

Joe:

Both parties stated their positions in their letters of May 3 and May 11 regarding Defendants' privilege log, and in their letters of May 5 and May 12 regarding Plaintiffs' production and representations to the Court. On May 13, we held a Rule 7(m). During that conference, as you asked us questions about our position, I repeatedly referred you to the positions in our letters of May 5 and May 11. Your email confuses and misstates the record. Rather than exhaust time and client resources trying to correct various statements below, I refer you once again to our letters of May 5 and May 11, which set forth our position on Defendants' updated privilege log, which satisfies Rule 26 and is in compliance with the Court's Order, and our position on sanctions for the motions to compel, to which Defendants are entitled pursuant to Rule 37. Rule 37 governs sanctions, period.

We agree in principle to the request for a joint status conference as described below, so long as we can review the draft motion before it is filed and have the opportunity to make edits to what would be a joint motion from the parties.

Page 2 of 10

Kind regards,
Josh

**Joshua A. Levy**
Partner

**Levy** | **Firestone** | **Muse**
1701 K Street NW, Suite 350, Washington, DC 20006
T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
. . .

---

**From:** Joe Oliveri <joe@clarelocke.com>
**Sent:** Thursday, May 13, 2021 2:49 PM
**To:** Josh Levy <jal@levyfirestone.com>; Andrew Sharp <eas@levyfirestone.com>; Rachel Clattenburg <rmc@levyfirestone.com>
**Cc:** Tom Clare <tom@clarelocke.com>; Libby Locke <libby@clarelocke.com>; Andy Phillips <andy@clarelocke.com>
**Subject:** Re: Correspondence - Fridman et al v. Bean LLC et al

Hi Josh,

Thank you for speaking just now.  So we're all on the same page, I just wanted to briefly recap our call.

During our call, we discussed the issues that we raised in our May 3 letter to you regarding Defendants' third privilege log.
- I first confirmed with you that the only material change that Defendants' made to their Privilege Log following the Court's March 30 Order was the addition of "Date Created," "File Name," and "Email Subject" information—and that Defendants did not amend the "Privilege Descriptions" of the documents on the log.
- You confirmed that fact.
- I then explained Plaintiffs' position that because the only material change that Defendants' made to their Privilege Log following the Court's March 30 Order was to add "Date Created," "File Name," and "Email Subject" information—but Defendants did _not_ amend the "Privilege Descriptions" for documents on the log—

Page 3 of 10

> Defendants failed to comply with the Court's March 30 Order, which required Defendants to serve a (second) revised privilege log "*with additional detailed information* sufficient to allow determination of defendants['] claims of privilege."

- You stated that Defendants' position is that they complied with the Court's Order by adding the "Date Created," "File Name" and "Email Subject" information even though Defendants did not alter their "Privilege Descriptions" for the documents withheld.
- I explained to you Plaintiffs concern that the addition of the "Date Created," "File Name" and "Email Subject" did not enable Plaintiffs to assess Defendants' privilege claims in any more meaningful way than they could assess them based on Defendants' previous privilege log, before the Court's March 30 Order.
- You disagreed.
- I asked you ***how*** the addition of the "Date Created," "File Name," and "Email Subject" enabled Plaintiffs to assess Defendants' claims of privilege over specific documents more meaningfully than Plaintiffs were previously able to.
- You would not (or could not) answer my question and stated that you "won't go document by document" through on Defendants' privilege log and added that the privilege log "speaks for itself." You also referenced the Declaration that you previously submitted in support of Defendants' prior privilege log, but you acknowledged that that Declaration does *not* address Defendants' privilege assertions as to particular documents that Defendants are withholding.

During our call, we also discussed Defendants' intent to move for attorneys' fees incurred in filing their two motions to compel that the Court granted on March 30.

- You stated that the basis for that motion would be "Plaintiffs' misrepresentations" that you identified in your May 5 letter to us (and nothing outside that letter).
- You further stated that Defendants believe a fee award is proper because, according to you, Plaintiffs' Oppositions to Defendants' motions to compel were "not substantially justified."
- I stated that Plaintiffs disagree that Defendants have any basis to seek fees. *First*, I explained that Plaintiffs did *not* make any misrepresentations, as we detailed in the letter we sent you yesterday. *Second*, I explained that the Court did *not* find that Plaintiffs' Oppositions to Defendants' motions to compel were not substantially justified. I further advised you that we believe that it would be improper and unjustified for Defendants to move for fees/sanctions here, and I advised that if Defendants proceed to do so, Plaintiffs reserve their right to seek the fees that they incur in opposing your sanctions motion.
- You confirmed that Defendants do not believe that the mere fact that a motion to

compel is granted entitles the prevailing party to an award of fees.

During our call, we also discussed Plaintiffs' desire to move the Court for a status conference pursuant to FRCP 16. You asked us to email you regarding the request, so we are doing so here.
- We intend to note that significant discovery motions remain outstanding, that the parties' competing motions concerning the scheduling order/a stay of discovery remain outstanding, and that Defendants have taken the position that no depositions can go forward until a new scheduling order is entered. Our motion will request that the Court order counsel for the parties to appear for a conference with the Court to discuss the pending motions and a path forward to complete discovery.
- Please advise whether Defendants do or do not oppose Plaintiffs' request. As we stated on our call, we (like you) are available for a call at 2pm tomorrow if you believe there is further need to discuss this matter.

Best,
Joe

Joseph R. Oliveri | Partner
C L A R E   L O C K E   L L P
10 Prince Street | Alexandria, Virginia 22314
(202) 628-7405 - direct | (413) 657-6750 - cell
joe@clarelocke.com | www.clarelocke.com

---

**From:** Joe Oliveri <joe@clarelocke.com>
**Date:** Thursday, May 13, 2021 at 11:28 AM
**To:** Joshua Levy <jal@levyfirestone.com>, Rachel Clattenburg <rmc@levyfirestone.com>, Andrew Sharp <eas@levyfirestone.com>
**Cc:** Tom Clare <tom@clarelocke.com>, Libby Locke <libby@clarelocke.com>, Andy Phillips <andy@clarelocke.com>
**Subject:** Re: Correspondence - Fridman et al v. Bean LLC et al

Hi Josh,

We can use this dial-in: (888) 444-3808, Passcode 90205#.

Also, I note for the record that, once again, in your email below you did not address the

issue of the back-channel outreach to Plaintiff Khan (through his son-in-law) from Defendants' former counsel in this case—which we have raised with you numerous times now. As Tom explained in his April 16 letter to you, the attempt by Defendants' counsel to communicate a settlement offer to a family member of Mr. Khan raises significant concerns and clearly violates the spirit, if not the letter, of D.C. Rule of Professional Conduct 4.2.

We have asked you multiple times to:
1. Please confirm that you were not aware of the effort to go around Mr. Khan's counsel and communicate with Mr. Khan and that you did not authorize it—or confirm that you were aware of that effort and/or did authorize it.
2. Please explain how this effort came about, and who did authorize it.
3. Please confirm that there have not been—and that there will not be—any similar clandestine attempts by counsel for Defendants.

To date, you have ignored our requests to explain this issue and confirm that it will not happen again. Please promptly provide this information.

Best,
Joe

Joseph R. Oliveri | Partner
C L A R E   L O C K E   L L P
10 Prince Street | Alexandria, Virginia 22314
(202) 628-7405 - direct | (413) 657-6750 - cell
joe@clarelocke.com | www.clarelocke.com

---

**From:** Joshua Levy <jal@levyfirestone.com>
**Date:** Thursday, May 13, 2021 at 10:38 AM
**To:** Joe Oliveri <joe@clarelocke.com>, Rachel Clattenburg <rmc@levyfirestone.com>, Andrew Sharp <eas@levyfirestone.com>
**Cc:** Tom Clare <tom@clarelocke.com>, Libby Locke <libby@clarelocke.com>, Andy Phillips <andy@clarelocke.com>
**Subject:** Re: Correspondence - Fridman et al v. Bean LLC et al

Joe --

Please circulate a dial-in for the 2pm call. My colleague Andrew Sharp will be joining us.

As to the issues raised in our May 5 letter, it is our position that Defendants have complied with the Protective Order, and Plaintiffs have not. That said, we are willing to meet and confer on a later date with regard to that issue. Likewise, we will await Plaintiffs' production of a privilege log, which Plaintiffs mentioned for the first time in their May 12 letter in response to Defendants' challenge of Plaintiffs' privilege designations in their April 29, 2021 production. We can hold a meet and confer on privilege after we receive Plaintiffs' privilege log.

With regard to sanctions under Rule 37, we will move ahead today with a 7(m) conference on sanctions for Defendants' legal work moving to compel those documents, unless Plaintiffs agree to pay Defendants' fees.

We have (repeatedly) addressed Plaintiffs' requests for discovery, and all counsel for Defendants have acted appropriately at all times. It is unproductive to have Defendants repeat in every piece of correspondence that the parties cannot take discovery until the Court establishes a discovery period and deadline, in the absence of any.

Josh

**Joshua A. Levy**
Partner

**Levy** | **Firestone** | **Muse**
1701 K Street NW, Suite 350, Washington, DC 20006
T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
. . .

**From:** Joe Oliveri <joe@clarelocke.com>
**Sent:** Thursday, May 13, 2021 9:43 AM
**To:** Josh Levy <jal@levyfirestone.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Andrew Sharp <eas@levyfirestone.com>
**Cc:** Tom Clare <tom@clarelocke.com>; Libby Locke <libby@clarelocke.com>; Andy Phillips <andy@clarelocke.com>
**Subject:** Re: Correspondence - Fridman et al v. Bean LLC et al

Hi Josh,

Let's talk at 2:00pm. I will call you then.

As we explained in our letter yesterday, it is premature to meet and confer regarding the issues you raised in your May 5 letter, including because you have failed to comply with the procedures set forth in the Protective Order by failing to raise issues with the designation of any specific documents in Plaintiffs' April 29 production. (As you surely know, your blanket challenge to "all" designations does not suffice under the Protective Order, which does not require a producing party to justify all designations *en masse*.) Of course, if and when you comply with the proper procedures under the Protective Order, we will gladly and promptly meet and confer with you regarding any issues properly raised.

In addition, before further addressing the issues raised in your May 5 letter (to which we just responded yesterday), we respectfully ask—again—that you (1) respond to our questions regarding the improper attempt to communicate with Plaintiff German Khan (who, as you know, is represented by counsel in this case), which we raised with you nearly a month ago (in both an April 16 letter and an April 28 email) but to which you have thus far refused to respond; and (2) respond to the other issues we raised in our prior communications to you. We desire for discovery to proceed without delay, but it must be a two-way street. We hope you will cooperate.

Best,
Joe

Joseph R. Oliveri | Partner
**C L A R E   L O C K E   L L P**
10 Prince Street | Alexandria, Virginia 22314
(202) 628-7405 - direct | (413) 657-6750 - cell
joe@clarelocke.com | www.clarelocke.com

**From:** Joshua Levy <jal@levyfirestone.com>
**Date:** Thursday, May 13, 2021 at 9:24 AM
**To:** Joe Oliveri <joe@clarelocke.com>, Rachel Clattenburg <rmc@levyfirestone.com>, Andrew Sharp <eas@levyfirestone.com>
**Cc:** Tom Clare <tom@clarelocke.com>, Libby Locke <libby@clarelocke.com>, Andy Phillips <andy@clarelocke.com>
**Subject:** Re: Correspondence - Fridman et al v. Bean LLC et al

Joe --

We are free for a 7(m) today on the issues raised in your May 3 letter and the issues raised in our May 5 letter between 11am-2:30pm.  Please let us know what time works best for you within that window.  Alternatively, we are also free after 5pm.

Kind regards,
Josh

**Joshua A. Levy**
Partner

**Levy** | **Firestone** | **Muse**
1701 K Street NW, Suite 350, Washington, DC 20006
T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
. . .

**From:** Joe Oliveri <joe@clarelocke.com>

**Sent:** Wednesday, May 12, 2021 5:39 PM
**To:** Josh Levy <jal@levyfirestone.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Andrew Sharp <eas@levyfirestone.com>
**Cc:** Tom Clare <tom@clarelocke.com>; Libby Locke <libby@clarelocke.com>; Andy Phillips <andy@clarelocke.com>
**Subject:** Re: Correspondence - Fridman et al v. Bean LLC et al

Josh,

Please see the attached correspondence responding to your May 5 letter.

In addition, thank you for confirming in your May 11 letter your availability for a Rule 7(m) conference tomorrow to meet-and-confer regarding the issues raised in our May 3 letter about Defendants' third privilege log. I can make myself available at any time—just let me know your preference. I look forward to speaking with you.

Best,
Joe Oliveri

Joseph R. Oliveri | Partner
C L A R E   L O C K E   L L P
10 Prince Street | Alexandria, Virginia 22314
(202) 628-7405 - direct | (413) 657-6750 - cell
joe@clarelocke.com | www.clarelocke.com

---

**From:** Joshua Levy <jal@levyfirestone.com>
**Date:** Wednesday, May 5, 2021 at 1:24 PM
**To:** Joe Oliveri <joe@clarelocke.com>, Rachel Clattenburg <rmc@levyfirestone.com>, Andrew Sharp <eas@levyfirestone.com>
**Cc:** Tom Clare <tom@clarelocke.com>, Libby Locke <libby@clarelocke.com>, Andy Phillips <andy@clarelocke.com>
**Subject:** Re: Correspondence - Fridman et al v. Bean LLC et al
**Resent-From:** Proofpoint Essentials <do-not-reply@proofpointessentials.com>
**Resent-To:** Joe Oliveri <joe@clarelocke.com>
**Resent-Date:** Wednesday, May 5, 2021 at 1:18 PM

Joe --

We are reviewing your and Tom's May 3, 2021 letter and our privilege log and will get back to you shortly. We will not be able to respond by tomorrow, as requested.

Please also find attached a letter regarding Plaintiffs' April 29, 2021 production.  Thank you.

Kind regards,
Josh

**Joshua A. Levy**
Partner

**Levy | Firestone | Muse**
1701 K Street NW, Suite 350, Washington, DC 20006
T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
. . .

---

**From:** Joe Oliveri <joe@clarelocke.com>
**Sent:** Monday, May 3, 2021 6:22 PM
**To:** Josh Levy <jal@levyfirestone.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Andrew Sharp <eas@levyfirestone.com>
**Cc:** Tom Clare <tom@clarelocke.com>; Libby Locke <libby@clarelocke.com>; Andy Phillips <andy@clarelocke.com>
**Subject:** Correspondence - Fridman et al v. Bean LLC et al

Josh:

Please see the attached correspondence. We look forward to your prompt response.

Best,
Joe Oliveri

Joseph R. Oliveri | Partner
**C L A R E** **L O C K E** **L L P**
10 Prince Street | Alexandria, Virginia 22314
(202) 628-7405 - direct | (413) 657-6750 - cell
joe@clarelocke.com | www.clarelocke.com