# Exhibit Q

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON,<br><br>    Defendants. | Civil Case No. 1:17-cv-2041-RJL |

**DEFENDANTS' REVISED ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND ANSWERS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**

Defendants Bean LLC a/k/a Fusion GPS and Glenn Simpson hereby revise their response to Plaintiffs' first set of interrogatories, and answer Plaintiffs' second set of interrogatories, as set forth below.

(a) The information in these Answers is not based solely on the knowledge of the executing party, but includes the knowledge of the executing party's agents, representatives and attorneys unless privileged.

(b) The word usage and sentence structure are those of the attorney and do not purport to be the exact language of the executing party.

(c) The disclosure of any documents or information does not constitute an admission by Defendants that such documents or information are relevant to the Action or admissible in evidence.

1

- https://www.forbes.com/sites/angelauyeung/2019/03/26/russian-billionaire-vs-the-us-government-a-look-at-oleg-deripaskas-puzzling-lawsuit/#2f2d7a756a1c

- Will Louch et al., "Russia-Linked Buyout Firm Violates Deal With U.S. National Security Panel to Sell Stake," *Wall St. J.*, July 30, 2019, https://www.wsj.com/articles/russia-linked-buyout-firm-violates-deal-with-u-s-national-security-panel-to-sell-stake-11564479001

- Donna Ladd & Nick Judin, "Mississippi Lobbyists, Associates in Thick of Trump's Ukraine-Russia Web," *Jackson Free Press*, Oct. 2, 2019, https://www.jacksonfreepress.com/news/2019/oct/02/mississippi-lobbyists-associates-thick-trumps-ukra/

- Gregory L. White, "As Russia Squeezes Big Business, a Tycoon Decides to Pick a Fight," *Wall St. J.*, Oct. 28, 2019, https://www.wsj.com/articles/SB112856247619561303

**19.** **Identify any documents or evidence reflecting or demonstrating that Plaintiffs had any involvement or participation in an "attempt to interfere in the 2016 U.S. Presidential election," as referenced in Paragraph 13.b. of the Affirmative Defenses in the Answer.**

**ANSWER:** Defendants refer Plaintiffs to the answer to Interrogatory No. 18 and to the documents Defendants have produced.

**20.** **Identify and describe any information, documents, communications, evidence, or sources relating to how the headline of CIR 112 ("RUSSIA/US PRESIDENTIAL ELECTION: KREMLIN-ALPHA GROUP COOPERATION") relates to the contents of CIR 112, including any evidence of Plaintiffs' involvement in interference with the 2016 U.S. Presidential election.**

**ANSWER:** Objection. Defendants object to this Interrogatory's use of the phrase "headline of CIR 112," because it rests on a false premise, namely that CIR 112 has a "headline." Because CIR 112 is an intelligence report, not a news article, it does not contain a "headline." Defendants also object to this Interrogatory because it is vague and unclear, as it is not evident what is meant by the request for information "relating to how the headline [sic] of CIR 112 … relates to the contents of CIR 112." Defendants also object on the grounds that they are not the author of CIR 112 and to the extent this Interrogatory asks for Defendants to speculate as to what Christopher Steele was thinking when he drafted the report, the Interrogatory improperly calls for speculation.

With respect to the remaining unobjectionable portions of the Interrogatory, Defendants refer Plaintiffs to Defendants' Answers to Interrogatories No. 18 and 19.

**21.** **Identify and describe all document retention or destruction policies you have or had in place during the Relevant Period, including all electronic document, e-mail, and instant message back-up and deletion policies.**

39

>**ANSWER:** Objection. Defendants object to this Interrogatory because it calls for information and the identification of documents that are covered by the attorney-client privilege and the attorney work product doctrine. Defendants also object to this Interrogatory because it uses a term that is not defined: "Relevant Period." Defendants object to the term "you," because Plaintiffs define "you" to include "persons or entities acting . . . in concert with" the Defendants, but information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants is not in Defendants' possession, custody, or control and the Defendants therefore cannot provide that information.
>
>As to the non-objectionable portion of the Interrogatory, Defendants provide the following answer that does not implicate these privileges:
>
>Defendants' work product for clients is the property of the client. At the end of each engagement, Defendants return or destroy the work product as directed by the client.
>
>Upon receipt of any request for information or documents from a third party (e.g., a congressional committee), or upon service of notice of a complaint, Defendants received and complied with memoranda from counsel, requiring Defendants to preserve documents related to the subject matter of the requests and litigation.

**22.    Identify all persons who Defendants intend to call as witnesses at trial, and the subjects on which each person is expected to testify.**

>**ANSWER:** Objection. Defendants object to this Interrogatory because it seeks premature disclosure of witnesses. Defendants' counsel have not identified witnesses they intend to call at trial. Defendants will timely disclose witnesses subject to the Federal Rules, this Court's Local Rules, and the Scheduling Order in this Action.

**23.    Identify (consistent with Instructions H.(v) and (vi)) in Plaintiffs' Second Set of Interrogatories any documents responsive to any Interrogatory or Document Request propounded by the Plaintiffs, or otherwise relevant to any of the issues in this Action, that were "return[ed] or destroy[ed]" (including work product, memos, source information or analysis, engagement agreement with Steele or Orbis, etc.) in accordance with the procedure identified in Response to Interrogatory No. 21.**

>**ANSWER:** Objection. Defendants object to this Interrogatory because it calls for information and the identification of documents that are covered by the attorney-client privilege and the attorney work product doctrine. Defendants also object to this Interrogatory because it is vague and ambiguous, as it does not specify to which of Defendants' clients it refers when it says "that were 'return[ed] or destroy[ed].'"
>
>As to the non-objectionable portion of the Interrogatory, Defendants provide the following answer that does not implicate the claimed privileges:
>
>Aside from the following three items, Defendants cannot recall what specific, individual documents they had that would have been responsive to any Interrogatory or Document Request or relevant to any of the issues in this Action and that "were 'returne[ed] or

destroy[ed]' in accordance with the procedure identified in Response to Interrogatory No. 21."

- Defendants had a copy of an engagement letter with Orbis and/or Christopher Steele. As set forth in Answer to Interrogatory No. 21, such document was the property of the client and at the end of the engagement, Defendants regularly destroy or return documents to clients. Defendants do not recall whether the document was returned to the client or destroyed, and they do not recall the specific date in November or December 2016 when the document was returned or destroyed. Peter Fritsch can testify regarding these matters.

- Defendants had a copy of a memorandum responsive to Document Request No. 26. As set forth in Answer to Interrogatory No. 21, such document was the property of the client and at the end of the engagement, Defendants regularly destroy or return documents to clients. Defendants do not recall whether the document was returned to the client or destroyed, and they do not recall the specific date in November or December 2016 when the document was returned or destroyed. Peter Fritsch can testify regarding these matters.

- Defendants had a communication from Orbis transmitting an encrypted copy of CIR 112, but they do not recall whether such communication was an e-mail or other form of communication. As set forth in Answer to Interrogatory No. 21, such document was the property of the client and at the end of the engagement, Defendants regularly destroy or return documents to clients. Defendants do not recall whether the document was returned to the client or destroyed, and they do not recall the specific date in November or December 2016 when the document was returned or destroyed. Peter Fritsch can testify regarding these matters.

Dated:  May 18, 2020                              By:     /s/ Joshua A. Levy

Joshua A. Levy (D.C. Bar No. 475108)
Rachel M. Clattenburg (D.C. Bar No. 1018164)
LEVY FIRESTONE MUSE LLP
1401 K St. NW, Suite 600
Washington, DC 20005
Tel: (202) 845-3215
Fax: (202) 595-8253
jal@cunninghamlevy.com

*Counsel for Defendants*

## **VERIFICATION OF ANSWERS TO INTERROGATORIES**

I, Glenn Simpson, believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on  5-18-20

Glenn Simpson

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 18, 2020 the foregoing Answers to Interrogatories were served via email on counsel of record:

Alan S. Lewis, Esquire
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel: (212) 238-8647
Lewis@clm.com

Kim Hoyt Sperduto, Esquire
SPERDUTO THOMPSON PLC
1133 Twentieth Street, NW
Second Floor
Washington, D.C. 20036
Tel: (202) 408-8900
ksperduto@sperdutothompson.com


                                                                /s/   Joshua A. Levy_____
                                                                      Joshua A. Levy