# Exhibit R

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

MIKHAIL FRIDMAN, PETR AVEN, and
GERMAN KHAN,

        Plaintiffs,

    v.

BEAN LLC a/k/a FUSION GPS, and GLENN
SIMPSON,

        Defendants.

Civil Case No. 1:17-cv-2041-RJL

## DEFENDANTS' REVISED ANSWERS TO INTERROGATORY NOS. 9 & 23

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Defendants Bean LLC

a/k/a Fusion GPS and Glenn Simpson hereby revise their answers to Plaintiffs' Interrogatory

Nos. 9 and 23, as set forth below.

Defendants have revised their Answer to Interrogatory No. 9 to clarify that they showed a

copy of CIR 112 to David Corn, but did not provide a copy to him. Defendants have also revised

their Answer to Interrogatory No. 23 to reflect their revised response to Document Request No.

26.

## ANSWERS

9. **Identify and describe each transmission, delivery, oral or written communication, or publication by you, Steele, or Orbis of the Dossier or any of the CIRs (or information contained in such CIRs), including CIR 112, to any third persons, including Perkins Coie, McCain, Kramer, Winer, BuzzFeed, members of the media, government employees or officials, and members of Congress, as set forth in Paragraphs 1 through 3 of the Affirmative Defenses in the Answer. Include the date(s), the sender, the recipient, and the delivery format.**

**ANSWER:** Objection. Defendants object to this Interrogatory in part because it seeks discovery that is not relevant to any party's claim or defense as it seeks information concerning each transmission, delivery, etc. of "any of the CIRs." Plaintiffs' claims of

1

defamation relate only to the alleged publication of CIR 112. Accordingly, information about the transmission of other CIRs is not relevant to any party's claim or defense. Defendants also object to this Interrogatory on the grounds that it calls for information that is protected by the attorney-client and attorney work product privileges, because it asks for information about communications between Defendants and Perkins Coie, and Defendants are not authorized to waive such privileges. Defendants further object that the Interrogatory calls for a legal conclusion insomuch as it requests a description of each "publication," a legal term of art. Defendants also object to this Interrogatory as overly broad, vague, and not proportional to the needs of this case, because it does not specify a time period for the information requested. Defendants also object to the term "you," because Plaintiffs define "you" to include "persons or entities acting . . . in concert with" the Defendants, but information in the possession, custody, or control of persons or entities acting "in concert with" the Defendants is not in Defendants' possession, custody, or control and the Defendants therefore cannot provide that information.

With respect to the non-objectionable parts of the Interrogatory, and to the extent the time period for the request is limited to prior to January 10, 2017, and the request is limited to information concerning CIR 112 only, Defendants answer as follows.

Defendant Glenn Simpson provided an electronic copy of CIR 112 to Bruce Ohr, U.S. Department of Justice employee, at some point after Thanksgiving of 2016.

Defendants provided David Kramer with a copy of CIR 112 at some point in late November or December 2016.

Defendants provided a hard copy of CIR 112 to the *New York Times*, at some point in November or December of 2016.

Defendants showed a copy of CIR 112 to David Corn of *Mother Jones* in November 2016.

Defendants showed a hard copy of CIR 112 to Jonathan Winer on or around September 23, 2016.

**SUPPLEMENTAL ANSWER:** Defendants agreed, as part of the meet and confer process, to supplement their answer to this interrogatory to identify the names of the *New York Times* reporters with whom they shared CIR 112 or the Dossier, to the extent Defendants recall the names.

Defendants recall sharing CIR 112 or the Dossier with the following *New York Times* reporters: Mark Mazzetti; Steven Lee Myers; Eric Lichtblau; Scott Shane; Matt Apuzzo.

**23. Identify (consistent with Instructions H.(v) and (vi)) in Plaintiffs' Second Set of Interrogatories any documents responsive to any Interrogatory or Document Request propounded by the Plaintiffs, or otherwise relevant to any of the issues in this Action, that were "return[ed] or destroy[ed]" (including work product, memos, source information or analysis, engagement agreement with Steele or Orbis, etc.) in accordance with the procedure identified in Response to Interrogatory No. 21.**

**ANSWER:** Objection. Defendants object to this Interrogatory because it calls for information and the identification of documents that are covered by the attorney-client privilege and the attorney work product doctrine. Defendants also object to this Interrogatory because it is vague and ambiguous, as it does not specify to which of Defendants' clients it refers when it says "that were 'return[ed] or destroy[ed].'"

As to the non-objectionable portion of the Interrogatory, Defendants provide the following answer that does not implicate the claimed privileges:

Aside from the following three items, Defendants cannot recall what specific, individual documents they had that would have been responsive to any Interrogatory or Document Request or relevant to any of the issues in this Action and that "were 'returne[ed] or destroy[ed]' in accordance with the procedure identified in Response to Interrogatory No. 21."

- Defendants had a copy of an engagement letter with Orbis and/or Christopher Steele. As set forth in Answer to Interrogatory No. 21, such document was the property of the client and at the end of the engagement, Defendants regularly destroy or return documents to clients. Defendants do not recall whether the document was returned to the client or destroyed, and they do not recall the specific date in November or December 2016 when the document was returned or destroyed. Peter Fritsch can testify regarding these matters.

- Defendants had a communication from Orbis transmitting an encrypted copy of CIR 112, but they do not recall whether such communication was an e-mail or other form of communication. As set forth in Answer to Interrogatory No. 21, such document was the property of the client and at the end of the engagement, Defendants regularly destroy or return documents to clients. Defendants do not recall whether the document was returned to the client or destroyed, and they do not recall the specific date in November or December 2016 when the document was returned or destroyed. Peter Fritsch can testify regarding these matters.

Dated:  August 7, 2020

By:   /s/ Joshua A. Levy

Joshua A. Levy (D.C. Bar No. 475108)
Rachel M. Clattenburg (D.C. Bar No. 1018164)
LEVY FIRESTONE MUSE LLP
1401 K St. NW, Suite 600
Washington, DC 20005
Tel: (202) 845-3215
Fax: (202) 595-8253
jal@cunninghamlevy.com

*Counsel for Defendants*

## **VERIFICATION OF ANSWERS TO INTERROGATORIES**

I, Glenn Simpson, believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: Aug 6, 2020

Glenn R. Simpson

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 7, 2020, I served the foregoing Revised Answers to

Interrogatory Nos. 9 and 23 on counsel of record via email.

Alan S. Lewis, Esquire
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel: (212) 238-8647
Lewis@clm.com

Kim Hoyt Sperduto, Esquire
SPERDUTO THOMPSON PLC
1133 Twentieth Street, NW
Second Floor
Washington, D.C. 20036
Tel: (202) 408-8900
ksperduto@sperdutothompson.com

*/s/* Joshua A. Levy
Joshua A. Levy