IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN,<br><br>                    Plaintiffs,<br><br>v.<br><br>BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON,<br><br>                    Defendants. | Civil Action No. 1:17-2041-RJL |

**JOINT MOTION FOR A STATUS CONFERENCE**

Pursuant to Federal Rule of Civil Procedure 16, Plaintiffs Mikhail Fridman, Petr Aven, and German Khan, and Defendants Bean LLC and Glenn Simpson, respectfully request that the Court convene a status conference hearing, at the Court's earliest convenience, to address the status of discovery in this case, to resolve an impasse between the parties concerning the taking of depositions, and to assist the parties in establishing a schedule and procedures that will help expedite the disposition of this action.

The Court may, at any time, order counsel for the parties to appear for a pretrial conference for such purposes as "expediting disposition of the action," "establishing early and continuing control" over the case, and "discouraging wasteful pretrial activities." Fed. R. Civ. P. 16(a). Due to the need to enter an updated scheduling order, an impasse between the parties concerning the scheduling of depositions, and the pendency of several significant discovery motions, fact discovery in this case is not proceeding expeditiously. The parties therefore jointly request a status

conference for the purpose of seeking the Court's guidance and assistance in establishing a schedule and procedures for the completion of discovery.

The Scheduling Order most recently entered by the Court provided that fact discovery was to close on January 12, 2021. On October 26, 2020, the parties filed a Joint Motion to Modify the Scheduling Order [Dkt. 108] in light of significant pending discovery motions and requested a fact discovery cut-off of March 15, 2021. In February 2021, the parties held discussions by email and telephone concerning a further extension of the fact discovery deadline in light of still-pending discovery disputes and the impact of the Coronavirus pandemic on discovery efforts.[1] Although all parties agreed that the existing deadlines need to be extended in order to complete discovery, the parties disagreed on the form that extension should take.[2] Plaintiffs ultimately filed a motion seeking an extension of the discovery cut-off keyed to the date of the resolution of certain pending discovery motions.[3] Defendants requested a stay of discovery pending resolution of Defendants' Motion for Partial Summary Judgment on the Issue of Public Figure [Dkt. 125], followed by a 90-day extension of fact discovery after that motion is decided; alternatively, if the Court is not inclined to grant such a stay, Defendants requested that the Court set a date certain for the close of discovery in a reasonable period, such as 90 days.[4]

As of the date of this Motion, the parties' competing motions concerning the discovery schedule remain pending. Plaintiffs interpret the Court's recent March 30 Minute Orders—which, among other things, ordered Plaintiffs to produce certain documents, paved the way for Plaintiffs

---

[1] *See* Pls.' Mem. in Supp. of Pls.' Mot. to Modify the Scheduling Order, at 3 (Feb. 15, 2021) [Dkt. 128-1].
[2] *Id*. at 3-4.
[3] *See id*. at 5-6.
[4] *See* Defs.' Reply at 1 & n.1 [Dkt. No. 145]; *see also* Defs.' Opp'n to Pls.' Mot. to Modify Scheduling Order & Defs.' Cross-Mot. for Stay of All Discovery Pending Resolution of Defs.' Mot. for Partial Summ. J. on the Issue of Public Figure, at 8-9 (Mar. 1, 2021) [Dkt. No. 129].

to take depositions of certain fact witnesses in the United Kingdom, and ordered Defendants to produce an amended privilege log—to reflect a desire on the part of the Court that the parties continue efforts to complete discovery. Accordingly, Plaintiffs have sought to schedule depositions of Defendants' principals and agents and have also offered to make Plaintiff German Khan—the sole remaining plaintiff who has not been deposed—available for a deposition in the near term.

Defendants' position is that fact discovery has closed under the current scheduling order, and therefore Rule 16 does not permit any depositions to proceed in this action until the Court enters a modified scheduling order extending the period for fact discovery. Third parties subpoenaed in this case have taken the same position. As a result, no depositions are currently scheduled in this case.

Additionally, several other significant motions remain pending—the resolution of which would help to expedite completion of both document and deposition discovery. These include Defendants' Motion for Partial Summary Judgment on the Issue of Plaintiffs as Public Figures [Dkt. 125]; Plaintiffs' April 2, 2021 Notice of Filing of Letter of Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters [Dkt. 144]; Plaintiffs' October 23, 2020 Motion to Compel Non-Party Igor Danchenko [Dkt. 109]; Non-party Richard Burt's October 23, 2020 Motion to Modify Subpoena for Deposition Testimony or for a Protective Order [Dkt. 110]; and Defendants' October 27, 2020 Motion to Compel Production of Plaintiffs' Financial Records and Other Documents Relevant to Damages and Substantial Truth and to Revise Plaintiffs' Answer to Interrogatory No.

20 and Rule 26(a)(1)(A)(iii) Disclosure [Dkt. 111]. On May 19, 2021, Defendants filed a Motion for Leave to Amend the Answer [Dkt. 146].[5]

The parties understand that the Court has an extremely busy docket and acknowledge that their inability to reach agreements on various discovery matters has added to it.  The parties submit that the most efficient way to address and resolve the outstanding discovery issues and the current impasse on deposition discovery would be for counsel to appear before the Court for a cooperative discussion, with the Court's assistance and guidance, about an updated Scheduling Order.

Accordingly, the parties jointly request that the Court enter an Order scheduling a status conference at its earliest convenience. When scheduling the status conference, please note that inasmuch as the Court would like counsel to appear for the hearing in person, counsel for Defendants will be out of the country from May 31 through June 9, 2021, and counsel for Plaintiffs will be traveling out of state from June 3-12, 2021.

## **CONCLUSION**

For the foregoing reasons, the parties respectfully request that the Court GRANT their Joint Motion for a Status Conference.

---

[5] On May 21, 2021, Plaintiffs filed a motion to compel the production of documents that Defendants contend are privileged [Dkt. 147], and Defendants will be filing a motion for fees based on Rule 37(a)(5) and the Court's Orders granting Defendants' Motions to Compel.

Dated: May 27, 2021            Respectfully submitted,

| | |
|---|---|
| */s/ Thomas A. Clare, P.C.* | */s/ Joshua A. Levy* |
| Thomas A. Clare, P.C. (D.C. Bar No. 461964) | Joshua A. Levy (D.C. Bar No. 475108) |
| Elizabeth M. Locke, P.C. (D.C. Bar No. 976552) | Rachel M. Clattenburg (D.C. Bar No. 1018164) |
| Joseph R. Oliveri (D.C. Bar No. 994029) | LEVY FIRESTONE MUSE LLP |
| Andrew C. Phillips (D.C. Bar No. 998353) | 1701 K. St. NW, Suite 350 |
| CLARE LOCKE LLP | Washington, DC  20006 |
| 10 Prince Street | (202) 845-3215 |
| Alexandria, VA 22314 | jal@levyfirestone.com |
| (202) 628-7400 | rmc@levyfirestone.com |
| tom@clarelocke.com | |
| libby@clarelocke.com | *Counsel for Defendants Bean LLC a/k/a Fusion GPS and Glenn Simpson* |
| joe@clarelocke.com | |
| andy@clarelocke.com | |

*Counsel for Plaintiffs Mikhail Fridman, Petr Aven, and German Khan*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically with the Clerk of the Court on May 27, 2021, using the CM/EMF system, which will send notification of such filing to all counsel of record.

                                                                   */s/ Thomas A. Clare, P.C.*
                                                                   Thomas A. Clare, P.C.