**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN,**<br><br>                    **Plaintiffs,**<br><br>**v.**<br><br>**BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON,**<br><br>                    **Defendants.** | **Civil Action No. 1:17-2041-RJL** |

**NOTICE OF NEWLY AVAILABLE EVIDENCE RELEVANT TO
PLAINTIFFS' MOTION TO COMPEL NON-PARTY IGOR DANCHENKO TO
PRODUCE DOCUMENTS AND APPEAR FOR A DEPOSITION**

       Plaintiffs Mikhail Fridman, Petr Aven, and German Khan respectfully submit this Notice

of Newly Available Evidence relevant to their pending October 23, 2020 Motion to Compel Non-

Party Igor Danchenko to Produce Documents and Appear for a Deposition [Dkt. 109].  Although

Mr. Danchenko is without question a crucial fact witness in this case, he has refused to produce

documents in response to a subpoena or appear for a deposition.  (Mem. in Supp. of Mot. to Compel

at 3 [Dkt. 109-1].)  Plaintiffs submit this supplemental filing in support of their Motion to Compel

because they have recently learned of new facts that highlight and underscore the importance of

obtaining discovery from Mr. Danchenko in this case.

       As explained in Plaintiffs' Memorandum in Support of their Motion to Compel, non-party

Igor Danchenko—who lives in Arlington, Virginia, not Russia—has been publicly revealed by a

declassified FBI interview memorandum as the primary source of the Russia-Trump allegations in

the so-called "Dossier" that Christopher Steele prepared for Defendants, and which Defendants

subsequently published.  (*See id.* at 1-3.)  That dossier made a number of discredited claims about

supposed links between Donald Trump and the Kremlin and includes "Company Intelligence Report 112" ("CIR 112"), which falsely claims that Plaintiffs engaged in bribery and were involved in alleged Russian government efforts to influence the outcome of the 2016 U.S. presidential election.  It is the statements about Plaintiffs in CIR 112 that are at issue in this defamation action.

Mr. Danchenko told the FBI that he obtained the information that Defendants published in the dossier by "word of mouth and hearsay" from a network of sub-sources in Russia.  (*Id*. at 5-6.) In public-facing statements and testimony, Defendants and Mr. Steele have sought to buttress the credibility of the claims made in the dossier by trumpeting the reliability of Mr. Steele's direct source, Mr. Danchenko, as well as the supposed access and Russian-insider knowledge of Mr. Danchenko's sub-sources.  For example, Mr. Steele has claimed that Mr. Danchenko is "a remarkable person with a remarkable story who deserves a medal for his service to the West."[1]  In his "non-fiction," tell-all book *Crime in Progress: Inside the Steele Dossier and the Fusion GPS Investigation of Donald Trump*, Fusion GPS Principal and Defendant Glenn Simpson claimed that the sources for the dossier were "deep and well placed" and that the allegations in the dossier came from "people with extraordinary access in Russia."[2]  Peter Fritsch, a principal at Defendant Fusion, also testified that the information in the dossier came from a source network that "was extremely well placed and had been reliable in the past."[3]  And Mr. Steele has claimed in testimony that Mr. Danchenko's sub-sources were Russians with "personal knowledge of and/or direct access to

---

[1] Glenn Simpson & Peter Fritsch, *Crime in Progress: Inside the Steele Dossier and the Fusion GPS Investigation of Donald Trump* at 82 (2019).
[2] *Id*. at 5, 12.
[3] Dep. of Peter R. Fritsch, *Gubarev v. Buzzfeed*, No. 17-cv-60426-UU, S.D. Fla., at 132:3-5 (Aug. 30, 2018) (attached hereto as **Exhibit A**).

the relevant information," and that they included "top-level" Russian government officials "[a]t the peak of the vertical of power."[4]

Although their names are redacted in the declassified memorandum of the FBI's interview of Mr. Danchenko, biographical details and other information in the unredacted portions of the FBI interview memorandum have enabled public identification of the persons that Mr. Danchenko named to the FBI as his primary sub-sources for the information compiled into Defendants' dossier. Plaintiffs were recently able to interview the six relevant individuals that have been publicly identified as the individuals Mr. Danchenko named, or likely named, as his sub-sources, and Plaintiffs obtained a declaration from each one concerning his or her relationship with Mr. Danchenko and what he or she did—and, equally importantly, did not—tell Mr. Danchenko with respect to the allegations in Defendants' defamatory dossier. The declarations are attached as exhibits hereto for the Court as it considers Plaintiffs' Motion to Compel.[5]

Universally, the declarations of Mr. Danchenko's sub-sources call into question the veracity and reliability of not only Mr. Danchenko, but of the Defendants' entire dossier— including especially the false claims about Plaintiffs. Most of Mr. Danchenko's claimed sub-sources have never held any kind of "official" government position at all, and none could remotely be characterized as a "top-level" Russian official, to whom CIR 112 attributes its "intelligence."[6]

---

[4] *See* Revised First Witness Statement of Christopher Steele, *Petr Aven, et al. v. Orbis Bus. Intel. Ltd.*, Claim No. HQ18M01646, in the High Ct. of Justice, Queen's Bench Div., Media & Commc'ns List, at ¶ 28 (Mar. 4, 2020) (attached hereto as **Exhibit B**); Trial Testimony of Christopher Steele, *Aven,* Claim No. HQ18M01646 at 13:4-14:15 (Mar. 18, 2020) (attached hereto as **Exhibit C**).

[5] Attached hereto are the following exhibits: **Exhibit D** is the Declaration of Alexey Sergeyevich Dundich; **Exhibit E** is the Declaration of Ivan Ivanovich Kurilla; **Exhibit F** is the Declaration of Ivan Mikhailovich Vorontsov; **Exhibit G** is the Declaration of Lyudmila Nikolayevna Podobedova; **Exhibit H** is the Declaration of Olga Aleksandrovna Galkina; **Exhibit I** is the declaration of Sergey Vladimirovich Abyshev.

[6] *See* Ex. D ¶ 2; Ex. E ¶ 2; Ex. F ¶ 2; Ex. G ¶ 2; Ex. H ¶ 2; Ex. I ¶ 2.

Even more importantly, Mr. Danchenko's claimed sub-sources have now denied, under penalty of perjury, providing Mr. Danchenko with information related to the contents of the dossier generally or with respect to CIR 112 and Plaintiffs specifically.[7]  Instead, the declarations paint a picture of Mr. Danchenko as a man who ginned up the allegations in the dossier (including CIR 112)—and who then, when under pressure from the FBI, falsely fingered random Russian acquaintances as supposed sub-sources for the invented claims in the dossier.[8]

It is also particularly noteworthy that some of the sub-sources have averred, based on their interactions with Mr. Danchenko, that it was their impression that Mr. Danchenko likely "fabricated" the allegations in the dossier to "fit whatever [his] client who requested the information wanted to receive,"[9] and that with respect to the creation of CIR 112 specifically, "Mr. Danchenko had a working theory regarding the relationship between Alfa and its shareholders [Plaintiffs] on the one hand, and President Putin on the other, and [] Mr. Danchenko was fishing for information that would fit that preconceived narrative."[10]  And the provenance of that "preconceived narrative" that was fed to Mr. Danchenko to "substantiate in any manner possible" is clear: Mr. Steele has testified unequivocally that ***Defendant Simpson*** personally directed Mr. Steele—and, by extension, Mr. Danchenko—to produce a memorandum for the dossier that would link Plaintiffs to a Kremlin effort to influence the U.S. presidential election in support of Donald Trump.[11]  Thus, Mr. Danchenko is a critical fact witness relating to not only the

---

[7] *See* Ex. D ¶ 10; Ex. E ¶ 8; Ex. F ¶ 13; Ex. G ¶ 10; Ex. H ¶ 10; Ex. I ¶ 11.
[8] *See* Ex. D ¶¶ 10-11; Ex. F ¶¶ 13-15; Ex. G ¶ 10; Ex. H ¶ 10; Ex. I ¶¶ 6-7, 11-16.
[9] *See* Ex. F ¶ 15; *see also* Ex. I ¶ 12 ("My understanding of Mr. Danchenko's information-gathering process is that he first receives a story from his clients that he then must substantiate in any manner possible.")
[10] *See* Ex. I ¶ 14.
[11] *See* Ex. C at 1:7-2:6.

falsity of the defamatory statements in CIR 112, but the reckless disregard for the truth that led to CIR 112's creation and publication.[12]

Given Mr. Danchenko's central role in acquiring and providing to Mr. Steele and Defendants the information ultimately included in the dossier generally and CIR 112 specifically, he plainly has information and documents highly relevant to Plaintiffs' defamation claims. Plaintiffs' Motion to Compel Mr. Danchenko to produce documents and appear for a deposition should be granted.

Dated:  June 21, 2021                                        Respectfully submitted,

                                                             */s/  Thomas A. Clare, P.C.*
                                                             Thomas A. Clare, P.C. (D.C. Bar No. 461964)
                                                             Elizabeth M. Locke, P.C. (D.C. Bar No. 976552)
                                                             Joseph R. Oliveri (D.C. Bar No. 994029)
                                                             Andrew C. Phillips (D.C. Bar No. 998353)
                                                             CLARE LOCKE LLP
                                                             10 Prince Street
                                                             Alexandria, VA  22314
                                                             (202) 628-7400
                                                             tom@clarelocke.com
                                                             libby@clarelocke.com
                                                             joe@clarelocke.com
                                                             andy@clarelocke.com

                                                             *Counsel for Plaintiffs Mikhail Fridman,*
                                                             *Petr Aven, and German Khan*

---

[12] *See Harris v. City of Seattle*, 152 F. App'x 565, 568 (9th Cir. 2005) ("[E]vidence that a defendant conceived a story line in advance of an investigation and then consciously set out to make the evidence conform to the preconceived story is evidence of actual malice, and may often prove to be quite powerful evidence") (quoting Rodney A. Smolla, 1 Law of Defamation § 3:71 (2005).)

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing document was filed electronically with the Clerk of the Court on June 21, 2021, using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/  Thomas A. Clare, P.C.*
Thomas A. Clare, P.C.
