**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN,<br><br>Plaintiffs,<br><br>v.<br><br>BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON,<br><br>Defendants. | Civil Case No. 1:17-cv-2041-RJL |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' SECOND MOTION FOR LEAVE TO AMEND THEIR ANSWER TO ADD AFFIRMATIVE DEFENSE**

# TABLE OF CONTENTS

**INTRODUCTION** .......... 1

**BACKGROUND** .......... 3

**1.** Plaintiffs are the source of the delay in this case. Plaintiffs delayed production of 22,000 pages of documents by over a year and continue to withhold responsive, non-privileged documents. Defendants have met their Rule 34 obligations .......... 3

**2.** Defendants moved to stay discovery only after Plaintiffs refused to agree to a date certain for the end of discovery and instead requested an indefinite extension of fact discovery. .......... 4

**3.** Plaintiffs misstate the facts and ignore the record. .......... 5

**ARGUMENT** .......... 6

**I.** PLAINTIFFS CANNOT SHOW ANY BAD FAITH, UNDUE DELAY, OR UNDUE PREJUDICE AS A RESULT OF GRANTING DEFENDANTS' LEAVE TO AMEND THEIR ANSWER. .......... 6

**II.** DEFENDANTS' PROPOSED AMENDMENT—TO ADD THE AFFIRMATIVE DEFENSE OF ISSUE PRECLUSION BASED ON THE NEW YORK SUPREME COURT'S DECISION—IS NOT FUTILE. .......... 7

**1.** Plaintiffs Misstate the Issue to Be Precluded. .......... 8

**2.** Plaintiffs and BuzzFeed Actually Litigated Whether Buzzfeed's Publication of CIR 112 Is Privileged Under New York Civil Rights Law § 74. .......... 10

**3.** The NY Court's Decision Is Entitled to Preclusive Effect, and Thus Defendants' Proposed Amendment Is Not Futile. .......... 10

**4.** Plaintiffs' Efforts to Litigate the Merits of a Hypothetical Dispute Not Before the Court Are Irrelevant and Should Be Rejected. .......... 11

**CONCLUSION** .......... 14

## INTRODUCTION

The only question presented by Defendants' Motion is whether to grant Defendants' request for leave to amend their Answer pursuant to Rule 15(a) to add an affirmative defense based on issue preclusion. Defendants timely moved for leave to amend their Answer to add the defense of issue preclusion based on a March 18, 2021 decision by the New York State Supreme Court that BuzzFeed's publication of CIR 112 was privileged under N.Y. Civil Rights Law § 74. Decision & Order on Mot., *Fridman v. BuzzFeed*, Index No. 154895/2017 (N.Y. Sup. Ct., Mar. 18, 2021) ("Decision & Order"), ECF No. 146-4, Ex. C, at 8-10. A copy of the proposed amended Answer is attached as Exhibit A to Defendants' opening brief, ECF No. 146-2.[1]

Defendants' Motion is timely, made in good faith, does not prejudice Plaintiffs, and the affirmative defense Defendants seek to add is likely to succeed. Plaintiffs in this lawsuit were also plaintiffs in the New York Supreme Court case at issue. The New York Supreme Court's holding is a valid, final judgment on the merits, in which both parties—including Plaintiffs here—had a full and fair opportunity to litigate the application of New York's fair report privilege to BuzzFeed's publication of CIR 112. The court's resolution of the privilege issue was essential to its final judgment and disposition of the matter in New York. That holding, therefore, is entitled to preclusive effect as to any subsequent questions of whether BuzzFeed's publication of CIR 112 was privileged.

[1] Defendants have previously moved for leave to amend their answer to add issue preclusion based on the D.C. Superior Court's and D.C. Court of Appeals' decisions that Plaintiffs are limited-purpose public figures. *See* ECF No. 126. That motion is fully briefed. Exhibit A (ECF No. 146-2) to Defendants' Motion is the proposed amended answer with both proposed amendments. Exhibit B (ECF No. 146-3) is the redline which includes the proposed amendment sought in ECF No. 126 at paragraph 15 of the Affirmative Defenses, in grey font, as well as the proposed amendment sought here, in paragraph 5 of the Affirmative Defenses, in bold and underlined.

Plaintiffs have no grounds to oppose this motion. Instead, Plaintiffs make false accusations about Defendants' conduct in discovery, introduce a frivolous objection to Defendants' compliance with Local Rule 7(m),[2] attempt to relitigate an entirely different motion requesting leave to amend (which has already been briefed, *see* ECF Nos. 126, 136, 139), and, finally, ignore the relief sought by Defendants' motion. Plaintiffs do not seriously contest that Defendants' proposed amendment is likely to succeed in precluding further litigation concerning BuzzFeed's privileged publication under N.Y. Civil Rights Law § 74. Rather, Plaintiffs try to insert an irrelevant issue into this simple question of leave to amend and speculate about Defendants' application of that affirmative defense. Plaintiffs' argument is wrong. Nevertheless, the Court need not resolve the question of the merits of the possible application of issue preclusion, which is not properly before the Court. Defendants have moved to add an affirmative defense that, if successful, would preclude further litigation concerning whether BuzzFeed's publication of CIR 112 was privileged under N.Y. Civil Rights Law § 74. Plaintiffs' strained attempt to litigate a question of damages, not issue preclusion, is premature and irrelevant to the instant motion.

[2] Plaintiffs contend that Defendants brought the instant motion in violation of Local Rule 7(m). *See* Pls.' Opp'n (hereinafter "Pls.' Br."), at 1 n.1. Plaintiffs' claim is baseless. On March 22, 2021, Defendants wrote, "We are writing to ask for Plaintiffs' consent to Defendants' amendment of their Answer to add the affirmative defense of issue preclusion based on the NY decision last week in *Fridman v. BuzzFeed*, Index No. 154895/2017 (N.Y. Sup. Ct.). Please advise. Thank you." *See* Email Correspondence, ECF No. 150-2, Ex. A. Plaintiffs' one-sentence response—"Plaintiffs do not consent to the proposed amendment." Plaintiffs' counsel signaled neither ambiguity nor interest as to "narrow[ing] the areas of disagreement." *Id.*; *see also* LCvR 7(m). Accordingly, the parties satisfied their obligations. Plaintiffs' misguided argument is not supported by caselaw on Rule 7(m), which stands for the reasonable proposition that a motion should be denied pursuant to Rule 7(m) where the failure to adequately confer results in "a waste of this Court's time" adjudicating "a dispute that could have been resolved by the parties." *United States ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc*., 235 F.R.D. 521, 529 (D.D.C. 2006) (denying a motion to compel where the movant waited three years to move for relief after an initial 7(m) conference regarding the discovery at issue). Here, there was no such failure and no waste of time. As Plaintiffs' initial email response made clear—and as their nearly 20 pages briefing in opposition has since confirmed—Plaintiffs unambiguously oppose the relief Defendants seek.

Federal Rule of Civil Procedure 15(a), which governs the amendment of pleadings, generously states that the "court should freely give leave [to amend] when justice so requires." "Under Rule 15(a), the non-movant [Plaintiffs here] generally carries the burden in persuading the court to deny leave to amend." *Dove v. Washington Metro. Area Transit Auth.*, 221 F.R.D. 246, 247 (D.D.C. 2004). Plaintiffs fail to meet their burden.

## BACKGROUND

Plaintiffs continue to recite false statements about the course of discovery in this case. For the sake of clarity, Defendants will (again) correct those misrepresentations. *See also* ECF Nos. 139 & 152.

### 1. Plaintiffs are the source of the delay in this case. Plaintiffs delayed production of 22,000 pages of documents by over a year and continue to withhold responsive, non-privileged documents. Defendants have met their Rule 34 obligations.

Plaintiffs—not Defendants—are the source of the delay in this case. Plaintiffs delayed production of over 22,000 pages of documents for over a year and produced them only when compelled to do so by Court order. And Plaintiffs' production continues to be woefully insufficient, in violation of the Court's order, as Plaintiffs have produced virtually no documents bearing on the truth or falsity of the statements they challenge in this lawsuit, virtually no documents bearing on Plaintiff Khan, and only a fraction of their responsive documents from their Alfa entities. Plaintiffs have been on notice of these deficiencies and have yet to even furnish a response to Defendants. By contrast, Defendants have produced their responsive documents or included them in a privilege log. The parties disagree about Defendants' privilege claims, and that issue is before the Court. *See* ECF Nos. 147, 152.

**2. Defendants moved to stay discovery only after Plaintiffs refused to agree to a date certain for the end of discovery and instead requested an indefinite extension of fact discovery.**

Plaintiffs lob false accusations about Defendants' conduct in discovery and distort the parties' dispute about the Scheduling Order in this case. *See* Pls.' Br. at 2. *First,* there is currently no Scheduling Order in this case. As a result, Defendants moved for a stay of discovery or for the imposition of a date certain for the end of discovery. *See* ECF Nos. 128, 130, 145. Defendants sought clarity from the Court only after Plaintiffs refused to agree on a reasonable extension of discovery and moved to extend discovery on an indefinite basis. *See* Defs.' Mot. to Modify the Scheduling Order, ECF No. 130, at 1-3. *Second,* while the parties await clarity from the Court, Defendants are not "refusing" to make deponents available. Pls.' Br. at 2. Defendants have agreed to proceed with depositions when a new Scheduling Order is in place, and the parties previously agreed—prior to the involvement of Plaintiffs' new counsel—that Defendants' depositions would occur after Plaintiffs' depositions. The parties reached this agreement in November 2020, after Plaintiffs delayed their own depositions for at least the fifth time in seven months.[3] Plaintiffs' previous counsel honored the same agreement in January, when Plaintiff Khan again delayed his deposition.[4] Recently, Plaintiffs' new counsel have decided to abandon that agreement and misrepresent Defendants' conduct at every turn.

---

[3] Email from A. Lewis to J. Levy, Nov. 18, 2020, ECF No. 138-3 ("[W]e are amenable to deferring Defendants' depositions, but . . . deferring Defendants' depositions should result in an extension of the discovery cut-off period."); Email from J. Levy to A. Lewis, Dec. 2, 2020, ECF No. 138-4 ("Please confirm that Mr. Khan's translator is also available on Jan. 13. . . . Glenn Simpson is available for a deposition on Jan. 22, and Peter Fritsch is available for the 30(b)(6) deposition on Jan. 27.").

[4] Email from A. Lewis to J. Levy, Jan. 8, 2021, ECF No. 138-5 ("[W]e can agree to defer Defendants' depositions which are currently scheduled for late January.").

Defendants are eager to move forward in this case, and eager to do so in a manner that is efficient for both the parties and the Court. *See* Defs.' Reply, ECF No. 145, at 17 ("Considering the need for clarity . . . the Court should grant Defendants' Cross-Motion to Stay discovery or set a date certain for the close of discovery in the next 90 days.").

**3. Plaintiffs misstate the facts and ignore the record.**

Citing their own Amended Complaint in lieu of factual support, Plaintiffs repeat their false claim that Defendants intended for CIR 112 to be published by BuzzFeed. Pls.' Br. at 6. Plaintiffs ignore Defendants' written discovery responses and the relevant testimony of a non-party witness, David Kramer, both of which directly contradict their fantasy. For example:

> Q. Did Glenn Simpson or anyone else at Fusion suggest or direct you to meet with [BuzzFeed journalist] Mr. [Ken] Bensinger?
> A. No.
> Q. Did anyone at Fusion ever suggest to you that you share CIR 112 or any of the other memos with anyone else other than Senator McCain when you met with them on November 29th or 30th?
> A. Did they suggest that I share them with anyone else? Not that I recall.
> Q. Did Mr. Simpson or anyone else from Fusion know that you were going to meet with Mr. Bensinger or anyone from BuzzFeed before you had your meeting with Mr. Bensinger?
> A. I don't believe so, no.

David Kramer Dep., 157:6-157:20, Sept. 24, 2020. In addition to confirming that he met with BuzzFeed on his own, without Defendants' knowledge, Mr. Kramer also testified that Defendants instructed him not to provide the Dossier (including, but not limited to CIR 112) to the media and instead provide it only to Senator John McCain. Contrary to Plaintiffs' wishful thinking, Defendants did not provide CIR 112 to Buzzfeed; Defendants did not intend for Buzzfeed to acquire, let alone publish CIR 112; and Defendants were not even aware that BuzzFeed had seen CIR 112 prior to BuzzFeed's publication on January 10, 2017. Plaintiffs, in their Amended

Complaint and now in their opposition to the instant motion, have continually failed to introduce any facts demonstrating otherwise.

## ARGUMENT

Amendment of Defendants' Answer is appropriate because it is timely, made in good faith, does not prejudice Plaintiffs, is not futile, and will promote judicial economy if the defense is successful. What Defendants seek is not controversial. "[T]he purpose of pleading under the Federal Rules of Civil Procedure is 'to facilitate a proper decision on the merits,' not to set the stage for 'a game of skill in which one misstep by counsel may be decisive to the outcome.'" *Morgan v. F.A.A.*, 262 F.R.D. 5, 7 (D.D.C. 2009) (quoting *Foman v. Davis*, 371 U.S. 178, 181–82 (1962)) (granting leave to amend the answer to add the affirmative defenses of issue preclusion and claim preclusion). Accordingly, "Courts require a sufficient basis for denial of leave to amend." *Id*.

### I. PLAINTIFFS CANNOT SHOW ANY BAD FAITH, UNDUE DELAY, OR UNDUE PREJUDICE AS A RESULT OF GRANTING DEFENDANTS' LEAVE TO AMEND THEIR ANSWER.

Defendants' motion is timely. The New York Supreme Court in *Fridman v. BuzzFeed* issued its decision on March 18, 2021. Four days later, on March 22, 2021, Defendants requested Plaintiffs' consent to an amendment of the Answer to add the affirmative defense of issue preclusion. Shortly thereafter, Defendants filed the instant motion and the proposed amendment with this Court.

Defendants moved in good faith. The affirmative defense to be incorporated by Defendants' amendment was not available until March 18, 2021, when a final judgment by the New York Supreme Court determined that BuzzFeed's publication of CIR 112 was privileged.

Plaintiffs likewise have not met, and cannot meet, their burden to show that the proposed amendment would result in undue prejudice, as the amendment will not "alter either the choice of counsel or the nature of the opposing party's strategy." *Nwachukwu v. Karl*, 222 F.R.D. 208, 212 (D.D.C. 2004) (granting leave to amend answer to include the defense of res judicata).

Plaintiffs, therefore, cannot make a showing of undue delay, bad faith, a dilatory motive or undue prejudice. *See Foman*, 371 U.S. at 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"). *See also United States ex rel. Westrick v. Second Chance Body Armor, Inc.,* 301 F.R.D. 5, 8 (D.D.C. 2013) ("Amendments that do not radically alter the scope and nature of the action ... are especially favored.") (quoting *Estate of Gaither ex rel. Gaither v. District of Columbia*, 272 F.R.D. 248, 252 (D.D.C. 2011)).

## II. DEFENDANTS' PROPOSED AMENDMENT—TO ADD THE AFFIRMATIVE DEFENSE OF ISSUE PRECLUSION BASED ON THE NEW YORK SUPREME COURT'S DECISION—IS NOT FUTILE.

Defendants' proposed amendment is not futile. Under D.C. law, issue preclusion bars the re-litigation of issues "where (1) the issue was actually litigated; (2) was determined by a valid, final judgment on the merits; (3) after a full and fair opportunity for litigation by the party; (4) under circumstances where the determination was essential to the judgment." *Wilson v. Hart*, 829 A.2d 511, 514 (D.C. 2003). Each of these four conditions applies here. *See* Defs.' Mot. at 10-11**.**

Establishing that a party's proposed amendment to pleadings should be denied as "futile" requires Plaintiffs to clear a high bar. When finding futility and denying motions for leave to amend, courts generally justify the decision by citing either uncontested facts or statutory grounds

that render the claim or defense unavailable as a matter of law. *See, e.g.*, *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085 (D.C. Cir. 1996) (finding futility where both parties agreed that plaintiff received ample advance notice of the government's forfeiture action and thus no due process claim was viable); *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999 (D.C. Cir. 1996) (finding futility where plaintiff's claim under the District of Columbia Human Rights Act was time-barred); *Firestone v. Firestone*, 76 F.3d 1205 (D.C. Cir. 1996) (finding that amendment would not be futile because the claim to be added was not time-barred and was pled with particularity). Plaintiffs have shown neither uncontested facts nor statutory grounds that would bar Defendants' proposed affirmative defense of issue preclusion and thus render it futile.

Instead, Plaintiffs confuse the matter by misstating the issue for which Defendants seek to assert issue preclusion as an affirmative defense, by misrepresenting that they (Plaintiffs) did not actually litigate the issue elsewhere, and by briefing an irrelevant (and premature) question: whether Defendants can rely on BuzzFeed's privilege under New York Civil Rights Law § 74 to bar damages arising from BuzzFeed's publication of CIR 112, if that issue ever arises in the case. Such a question is premature and has no bearing on the alleged "futility" of Defendants' proposed amendment, which seeks only to assert that questions of BuzzFeed's privilege have been conclusively determined elsewhere. *Virtue v. International Broth. of Teamsters Retirement & Family Protection Plan*, 893 F. Supp. 2d 46, 49 (D.D.C. 2012) (granting leave to amend and noting "[t]he standard for assessing whether amendment would be futile . . . [is] not whether Plaintiff could obtain complete relief").

**1. Plaintiffs Misstate the Issue to Be Precluded.**

Plaintiffs deliberately misstate the issue to which Defendants allege issue preclusion applies. Plaintiffs incorrectly describe the issue as whether any alleged publication by Defendants

is privileged under New York Civil Rights Law § 74. *See* Pls.' Br. at 11. Not so.[5] As stated in Defendant's opening brief:

> Through this Motion, Defendants request leave to amend their Answer to add the affirmative defense of issue preclusion as to the issue of BuzzFeed's publication. Should the Court grant this Motion, Defendants would assert as an affirmative defense that Plaintiffs are precluded from relitigating the issue of whether BuzzFeed's publication is privileged under New York Civil Rights Law § 74. *See* Ex. A.

Defs.' Br. at 9.

Defendants have asserted as a defense that "[t]o the extent that Plaintiffs seek to hold Defendants liable for publication of CIR 112 or any other CIRs by BuzzFeed, Defendants cannot be held liable by virtue of the fact that they had nothing to do with BuzzFeed's decision to publish CIR 112 or any other CIRs, had no control over BuzzFeed's publication, and were unaware that BuzzFeed intended to publish any CIRs, including CIR 112," Answer, Affirmative Defs. ¶ 5, ECF No. 50. Defendants claimed that "[t]o the extent that Plaintiffs seek to hold Defendants liable for publication of CIR 112 or any other CIRs by BuzzFeed, such publication is protected by the fair report privilege pursuant to New York Civil Rights Law 74 and/or Article I, Section 8 of the New York Constitution." *See id.* ¶ 4.

[5] Plaintiffs' brief, without support, says: "Although Defendants suggest that New York's fair report privilege would apply . . . in reality the District of Columbia's fair report privilege would apply in this case involving D.C.-resident Defendants." Pls.' Br. at 15 n.37. This is a non-sequitur. From the beginning, Defendants have maintained that to the extent Plaintiffs (incorrectly) seek to hold Defendants responsible for BuzzFeed's publication, *BuzzFeed's publication* of CIR 112 was privileged under New York state law, a claim that has now been confirmed by the judgment of the New York Supreme Court—a holding which is entitled to preclusive effect, in accordance with the Full Faith and Credit Statute, 28 U.S.C. § 1738. The U.S. District Court for the Southern District of Florida has also held that BuzzFeed's publication of the Dossier is protected by New York Civil Rights Law § 74. *Gubarev v. BuzzFeed, Inc.*, 340 F. Supp. 3d 1304, 1320 (S.D. Fla. 2018).

Now that the N.Y. Supreme Court has examined the facts and held that BuzzFeed's publication of CIR 112 was privileged as a matter of law, Defendants seek leave to amend their Answer to allege that Plaintiffs are precluded from relitigating whether BuzzFeed's publication is privileged. In accordance with the Full Faith and Credit Statute, 28 U.S.C. § 1738, the New York holding is entitled to preclusive effect as to the same issue in this action. *See* Defs.' Mot. at 10-11.

**2. Plaintiffs and BuzzFeed Actually Litigated Whether Buzzfeed's Publication of CIR 112 Is Privileged Under New York Civil Rights Law § 74.**

It is undisputed that Plaintiffs and BuzzFeed litigated whether Buzzfeed's publication of CIR 112 is privileged under New York Civil Rights Law § 74. That is, the only issue this Court must determine was actually litigated because it is the only issue for which Defendants are seeking to preclude further litigation.

The court in *Fridman v. BuzzFeed* was asked to determine whether BuzzFeed's publication of CIR 112 met the three conditions required for the protections of New York Civil Rights Law § 74 to attach, examining i) whether the report concerned an 'official proceeding'; ii) whether the report was 'fair and accurate'; and iii) whether it was clear to an average reader that the report was documenting an official proceeding, as the term is defined by law. See Decision & Order, Ex. C, 146-4 at 8. The court, after briefing by the parties and a hearing during which the parties litigated this issue and others, determined that BuzzFeed satisfied all three conditions necessary for the privilege to attach to BuzzFeed's publication of CIR 112. *Id.* at 8-10.

Defendants now seek leave to add an affirmative defense that the holding is controlling as to the same foregoing questions in this action, thereby precluding Plaintiffs from further litigation of those questions, *e.g.*: i) Plaintiffs' argument that CIR 112 was not known to be in the possession of any security agencies at the time of BuzzFeed's publication; ii) Plaintiffs' argument that CIR

112's statements were extraneous and not subject to the New York privilege; and that therefore iii) the heightened protection afforded to publishers under New York Civil Rights Law § 74 does not apply to BuzzFeed's publication of CIR 112. *Id*. Each of the foregoing arguments was considered and rejected by the valid final judgement of the New York Supreme Court.

**3. The NY Court's Decision Is Entitled to Preclusive Effect, and Thus Defendants' Proposed Amendment Is Not Futile.**

Plaintiffs do not—and cannot—seriously contest that the *Fridman v. BuzzFeed* holding is entitled to preclusive effect as to the questions of BuzzFeed's privilege in this litigation. Plaintiffs and BuzzFeed fully briefed the issue and argued the issue, and the Court, citing BuzzFeed's privilege under New York Civil Rights Law § 74, issued a final judgment granting summary judgment to the BuzzFeed defendants. *See* Docket, *Fridman v. BuzzFeed*, Ex. D; Tr. of Proceedings (Oct. 2, 2020), Ex. E.

A D.C. Court is required to give preclusive effect to the New York Supreme Court's holding. Although "the federal courts may look to the common law or to the policies supporting res judicata and collateral estoppel in assessing the preclusive effect of decisions of other federal courts," Congress, pursuant to 28 U.S.C. § 1738, "has specifically required all federal courts to give preclusive effect to state–court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 96 (1980). Therefore, Defendants' proposed amendment of issue preclusion is likely to succeed and certainly is not futile.

The New York Supreme Court's determination that BuzzFeed's publication was privileged was a valid final judgement of a court of competent jurisdiction; to relitigate that issue in the instant case would be a waste of judicial resources and contrary to the law. *See* 28 U.S.C. § 1738; *Thomas v. Washington Gas Light Co.*, 448 U.S. 261, 270 (1980) (noting that the requirement to afford

preclusive effect to state-court judgments, "if not compelled by the Full Faith and Credit Clause itself . . . is surely required by 28 U.S.C. § 1738").

**4. Plaintiffs' Efforts to Litigate the Merits of a Hypothetical Dispute Not Before the Court Are Irrelevant and Should Be Rejected.**

Plaintiffs' inapposite arguments distract from the one question before the Court: whether Defendants meet the requirements of Rule 15(a) for amending their Answer to assert issue preclusion. They do.

Plaintiffs nevertheless ask this Court to go beyond the question presented by the instant motion and decide the irrelevant and hypothetical issue of "[w]hether Defendants can claim the fair report privilege (and satisfy its elements) as a defense against liability or damages from BuzzFeed's publication." Pls.' Br. at 11. It is premature for the Court to address that issue; the issue may never arise in this case. Leave is properly granted where "the vast majority" of a non-movant's "futility arguments are obviously improper at this procedural posture." *See Council on American-Islamic Relations Action Network, Inc. v. Gaubatz*, 891 F.Supp.2d 13, 34 (D.D.C. 2012) ("Such arguments are premature and a waste of the parties' time and the Court's limited resources.") (granting plaintiff leave to amend).

Defendants briefly refute Plaintiffs' irrelevant arguments, only to correct Plaintiffs' attempts to mischaracterize the fair report privilege and a limited exception to its protections.

Plaintiffs, alluding to "settled law," misconstrue the contexts in which the self-reporting exception to the fair report privilege is applied. "[W]hat is known as the 'self-reporting exception' . . . attaches only where the claimant files a defamatory complaint, then republishes it in order to avoid liability." *Myers v. District of Columbia Hous. Auth.,* No. 20-cv-700, 2021 WL 1167032, at *5-6 (D.D.C. Mar. 26, 2021). Applying the fair report privilege's limited self-reporting exception in this Circuit, to these facts, is miles away from "settled" and would in fact be an unprecedented

application of the law. *Cf.* Pls.' Br. at 8; *Myers,* 2021 WL 1167032, at *5 ("The court has not identified *any* case applying the self-reporting exception under D.C. law.") (emphasis added).[6] As the D.D.C. explained in *Myers*, the exception concerns a speaker who files "a defamatory complaint" with the intent to republish that complaint's defamatory allegations while evading liability pursuant to the fair report privilege. Considering the exception, the court examined relevant cases and found it was "clear" the exception "was created 'to deter those persons who, acting out of a corrupt defamatory motive, abuse the privilege accorded to fair and accurate reports of judicial proceedings.'" *Myers,* 2021 WL 1167032, at *5 (quoting *Rosenberg v. Helinski*, 616 A.2d 866, 877 (Md. 1992)). Here, there is no "defamatory complaint," there has been no republication by Defendants, and there are no facts indicating that Defendants "sought to abuse the privilege," caused BuzzFeed's publication of CIR 112, or even knew about it. *See supra* at 5. Without citation, Plaintiffs claim "[i]t is irrelevant" that the facts here are drastically different than those of the cases cited in their opposition. Pls.' Br. at 15. Plaintiffs therefore would have this Court hold—in the context of a motion for leave to amend a pleading—that the amendment is futile based on no supporting caselaw.

Plaintiffs, choosing to litigate the implications of Defendants' affirmative defense in lieu of opposing the instant motion, have offered arguments that are not only premature, but also entirely unsupported by caselaw. The flurry of misplaced arguments marshalled in response to

[6] Plaintiffs also cite to cases outside of this Circuit for the same inapposite proposition. *See, e.g., Kurczaba v. Pollock*, 318 Ill. App. 3d 686 (2000) (holding that fair reporting privilege does not apply to a defendant who sought to confer the privilege upon himself by filing a complaint and then reporting the complaint to others); *Volpe v. Paniccioli*, 72 N.Y.S.3d 519 (N.Y. Sup. Ct. 2017) (plaintiff filed the complaint and repeated its public statements); *Amway Corp. v. Procter & Gamble Co.*, 346 F.3d 180, 187–88 (6th Cir. 2003) (holding that where the defendant re-published a complaint filed in court that itself was not libelous, the self-reporting exception did not apply).

Defendants' proposed amendment is further indication that Defendants' affirmative defense is properly invoked and likely to succeed.

**CONCLUSION**

For these reasons, Defendants respectfully request that the Court grant their Motion for Leave to Amend (ECF No. 146) and allow Defendants to amend their Answer to add the defense of issue preclusion.

Dated: June 30, 2021

By: */s/* Joshua A. Levy

Joshua A. Levy (D.C. Bar No. 475108)
Rachel M. Clattenburg (D.C. Bar No. 1018164)
Edward A. Sharp (D.C. Bar No. 1719505)
LEVY FIRESTONE MUSE LLP
1701 K St. NW, Suite 350
Washington, DC 20005
Tel: (202) 845-3215
Fax: (202) 595-8253
jal@cunninghamlevy.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 30, 2021, I filed the foregoing using CM/ECF, which effects service on all counsel of record.

*/s/* Joshua A. Levy

Joshua A. Levy