# Exhibit D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MIKHAIL FRIDMAN, et al.,** | |
| **Plaintiffs** | |
| v. | Civil No. 1:17-CV-02041-RJL |
| **BEAN LLC, et al.,** | |
| **Defendants.** | |

## DECLARATION OF JOSHUA A. LEVY

I, Joshua A. Levy, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am a partner with the law firm of Levy Firestone Muse LLP, 1401 K Street NW, Suite 600, Washington, DC 20005, attorneys for Defendants Bean LLC d/b/a Fusion GPS ("Fusion") and Glenn Simpson, and am a member in good standing of the bar of the District of Columbia.

2. I submit this declaration in support of the privilege invocations by the law firm of Perkins Coie LLP ("Perkins") and its clients set forth in the log that Defendants served on Plaintiffs Mikhail Fridman, Petr Aven, and German Khan (collectively, "Plaintiffs") on May 18, 2020 (the "Privilege Log"). I am familiar with all of the facts and circumstances set forth herein.

3. The documents identified in the Privilege Log were prepared in connection with Defendants' engagement with Perkins and specifically pertain to services that Defendants rendered to Perkins and at its overall direction.

4. The genesis of Defendants' engagement by Perkins began in or around March 2016, when Fusion approached Perkins and, aware that Perkins represented the Democratic National Committee ("DNC") and HFACC, Inc. ("Hillary for America") with respect to the 2016

1

elections, expressed interest in an engagement with the Law Firm in connection with the 2016 presidential election. Specifically, Fusion proposed to undertake research regarding then-Presidential candidate Donald Trump, based in part on expertise that Fusion developed concerning that subject matter in the course of its prior work on behalf of the *Washington Free Beacon* in 2015.

5. For attorneys representing political entities, research firms such as Fusion can assist lawyers in assessing both their own clients' vulnerabilities and those of their clients' political opponents. Lawyers often require these services to properly serve their clients — including in the context of current or anticipated legal proceedings. For example, attorneys in this space often rely on research findings from sub-vendors when performing legal review of public communications to confirm that there is an adequate factual basis for any claims or allegations, so their client does not run the risk of civil litigation — including, for example, libel, defamation, or other claims implicating the accuracy of public information. Perkins anticipated the potential for such litigation in connection with its representation of the DNC and Hillary for America.

6. To assist in its legal representation of these clients, and in particular to facilitate and provide information necessary for Perkins' provision of legal advice to the DNC and Hillary for America concerning potential litigation risks relating to information distributed in connection with the 2016 election cycle, Perkins engaged Fusion in April 2016 to perform a variety of research and consulting services. Defendants' services in support of Perkins' provision of legal advice to its clients included review and analysis of publicly available records and compiling and assessing information gathered by its subcontractors.

7. As the engagement continued, Defendants', and in particular Mr. Simpson's,

extensive knowledge and expertise in among other things, Russia, the Kremlin, foreign interference in United States elections, Russian organized crime, Russian oligarchs and their relationships with Putin and the Kremlin, Russian lobbying and public relations activities in the United States, and transnational crimes became central to Defendants' work.

8. Specifically, Defendants' knowledge and expertise with respect to both Russia and then-candidate Trump became critical in interpreting the results of portions of Defendants' research and thereby assisting Perkins in advising the DNC and Hillary for America during the 2016 election cycle.

9. In October 2017, Plaintiffs filed the above-captioned action against Defendants, seeking money damages based on an investigative report titled Company Intelligence Report 2016/112 ("CIR 112"). Discovery commenced earlier this year, and Defendants made their first production of documents to Plaintiffs on May 4, 2020.

10. Per the agreement of the parties, Defendants timely provided a corresponding Privilege Log to Plaintiffs on May 18, 2020, setting forth documents withheld from production on the grounds of the attorney-client privilege and the attorney work product doctrine. The Privilege Log provided a description of each withheld document in order to facilitate Plaintiffs' assessment of the privileges claimed, without disclosing information that might in itself reveal privileged material or which is otherwise not required under the Federal Rules of Civil Procedure — e.g., "Confidential communication regarding research prepared at the direction of Perkins Coie and in anticipation of litigation, and for the purpose of providing legal advice."

11. The Privilege Log did not include e-mail subject lines or file names. None of the e-mail subject lines or file names would reasonably assist Plaintiffs in assessing Defendants' privilege invocations. Rather, the subject lines and file names are generally generic and/or vague.

3

For example, a number of subject lines and file names refer only in generic terms to either the Plaintiffs, Alfa, then-candidate Trump, or Russia. And other subject lines and file names contain no substantive information as to the subject of the underlying communication (e.g., "fyi" or "here").

12. The documents contained in Defendants' Privilege Log reflect confidential research and analysis that Defendants performed at the overall direction of and on behalf of Perkins regarding potential connections between then-candidate Trump and the Plaintiffs and/or Alfa, and confidential communications regarding the same. Defendants prepared those documents for the purpose and in furtherance of Perkins' provision of legal advice to the DNC and Hillary for America concerning, among other things, litigation risks facing those clients and/or other individuals and entities during the 2016 election cycle.

13. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and abilities.

* * *

Executed on: July 28, 2020

/s/ Joshua A. Levy
Joshua A. Levy

4