IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN,<br><br>**Plaintiffs,**<br><br>v.<br><br>BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON,<br><br>**Defendants.** | Civil Action No. 1:17-2041-RJL |

**PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS' COUNSEL SHOULD NOT BE SANCTIONED FOR THEIR BACK-CHANNEL OUTREACH TO PLAINTIFFS DESPITE KNOWING PLAINTIFFS ARE REPRESENTED IN THIS CASE**

Plaintiffs hereby move this Court for an Order to Show Cause why Defendants' counsel-of-record Joshua A. Levy and Rachel M. Clattenburg (both of the law firm Levy Firestone Muse LLP), and Defendants' counsel and previous counsel-of-record William (Bill) Taylor (of the law firm Zuckerman Spaeder LLP) should not be sanctioned for contacting the son-in-law of Plaintiff German Khan to establish a back-channel of communications with Plaintiffs, convey a settlement overture to Plaintiffs, and encourage Plaintiffs to settle this case—even though Mr. Levy, Ms. Clattenburg, and Mr. Taylor knew that Plaintiffs are represented in this case by the undersigned counsel. As explained in the accompanying Memorandum, those actions violated D.C. Rules of Professional Conduct 4.2 and 8.4, as well as this Court's Local Civil Rule 83.15(a).

Because of the serious issues raised by Defendants' counsel's improper conduct—including the direct threat to the integrity of this proceeding—and because of Defendants' counsel's refusal to explain the circumstances of their back-channel outreach to Plaintiffs,

Plaintiffs hereby move for an Order to Show Cause why they should not sanctioned by this Court—to compel Defendants' counsel to provide information necessary to evaluate the serious issues raised herein and to issue sanctions if appropriate

Plaintiffs' counsel certifies pursuant to Local Rule 7(m) that they negotiated in good faith with counsel for Defendants but were unable to reach a resolution of the issues raised in this Motion. Defendants oppose this Motion.

| | |
|---|---|
| Dated: July 8, 2021 | Respectfully submitted, |
| | */s/ Thomas A. Clare, P.C.* |
| | Thomas A. Clare, P.C. (DC Bar No. 461964) |
| | Elizabeth M. Locke, P.C. (DC Bar No. 976552) |
| | Joseph R. Oliveri (DC Bar No. 994029) |
| | Andrew C. Phillips (DC Bar No. 998353) |
| | CLARE LOCKE LLP |
| | 10 Prince Street |
| | Alexandria, VA 22314 |
| | Tel: (202) 628-7400 |
| | tom@clarelocke.com |
| | libby@clarelocke.com |
| | joe@clarelocke.com |
| | andy@clarelocke.com |
| | *Counsel for Plaintiffs Mikhail Fridman, Petr Aven, and German Khan* |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiffs' Motion for an Order to Show Cause Why Defendants' Counsel Should Not Be Sanctioned for Their Back-Channel Outreach to Plaintiffs Despite Knowing Plaintiffs Are Represented in This Case was filed electronically with the Clerk of Court on July 8, 2021, using the CM/ECF system, which will send notification of such filing to all counsel of record.

I further certify that on July 8, 2021 a true and correct copy of the foregoing Motion was served on William (Bill) W. Taylor, III via electronic mail and Federal Express overnight, postage pre-paid, to the following address:

William W. Taylor, III
ZUCKERMAN SPAEDER LLP
1800 M. Street, NW, Suite 1000
Washington, D.C. 20036
wtaylor@zuckerman.com

                                                                                       */s/ Thomas A. Clare, P.C.*
                                                                                       Thomas A. Clare, P.C.