IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MIKHAIL FRIDMAN, PETR AVEN, and
GERMAN KHAN,

                Plaintiffs,

v.

BEAN LLC a/k/a FUSION GPS, and GLENN
SIMPSON,

                Defendants.

Civil Action No. 1:17-2041-RJL

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS'
COUNSEL SHOULD NOT BE SANCTIONED FOR THEIR BACK-CHANNEL
OUTREACH TO PLAINTIFFS DESPITE KNOWING PLAINTIFFS ARE
REPRESENTED IN THIS CASE

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION ...................................................................................................................... 1

RELEVANT BACKGROUND ....................................................................................................2

      A.     Defendants' Counsel Contacts Plaintiff Khan's Son-in-Law to Establish a
Back-Channel of Communication with Plaintiffs About This Case Despite
Knowing They Are Represented by Counsel in this Case. ......................................2

      B.     Plaintiffs' Counsel Ask Defendants' Counsel *Six Times* About Their Contacts
with Plaintiff Khan's Son-in-Law, But They Refuse to Offer Any Explanation
for Those Contacts. .................................................................................................4

ARGUMENT ..............................................................................................................................8

     The Court Should Issue an Order to Show Cause Why Defendants' Counsel Mr. Levy,
Ms. Clattenburg, and Mr. Taylor Should Not Be Sanctioned for Bypassing Plaintiffs'
Counsel and Attempting to Establish Back-Channel Communications with Plaintiffs
Regarding This Case ................................................................................................8

CONCLUSION ..........................................................................................................................10

CERTIFICATE OF SERVICE ...................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Annapolis Citizens Class Overcharged for Water-Sewer,*
    *by Loudon Operations, LLC v. Stantec, Inc.*,
    No. 20-cv-2603, 2021 WL 75766 (D.D.C. Jan. 8, 2021) ....................................................... 9

*Cobell v. Norton,*
    212 F.R.D. 14 (D.D.C. 2002) ................................................................................................. 9

*In re Chaganti,*
    144 A.3d 20 (D.C. 2016) ........................................................................................................ 9

*In re Jumper,*
    984 A.2d 1232 (D.C. 2009) .................................................................................................... 8

*Paul v. Jud. Watch, Inc.*,
    571 F. Supp. 2d 17 (D.D.C. 2008) ...................................................................................... 2, 9

**Rules**

D.C. R. Pro. Conduct 4.2 ............................................................................................................ 2, 4, 8, 9

D.C. R. Pro. Conduct 8.4 .................................................................................................................. 2, 8, 9

Local Civ. R 83.15 ........................................................................................................................... 2, 9

## INTRODUCTION

On April 8, 2021, Defendants' counsel William (Bill) Taylor called Plaintiff Khan's son-in-law for the express purpose of establishing a back-channel line of communication with Plaintiffs—intentionally and knowingly bypassing Plaintiffs' counsel—to convey a settlement overture from Defendants to Plaintiffs.  In so doing, Mr. Taylor stated that he represents Defendant Fusion GPS, told Plaintiff Khan's son-in-law that "I know you are savvy," alluded to various rulings by this Court, told Plaintiff Khan's son-in-law that it would be in Plaintiffs' interests to settle this case in light of those rulings, and asked and encouraged Plaintiff Khan's son-in-law to convey his settlement overture to Plaintiffs.  Mr. Taylor further told Plaintiff Khan's son-in-law that although he still represents Fusion GPS, Joshua A. Levy is counsel (of record) to Defendants in this case.

Upon learning of Mr. Taylor's back-channel outreach to Plaintiffs, Plaintiffs' counsel contacted both Mr. Taylor and Mr. Levy.  Mr. Taylor admitted calling Plaintiff Khan's son-in-law and making a settlement overture to him to convey to Plaintiffs.  Defendants' current counsel-of-record Mr. Levy, however, has refused to discuss or provide any information about Defendants' counsel's back-channel outreach to Plaintiffs through Plaintiff Khan's son-in-law.  Plaintiffs' counsel has asked Mr. Levy *no fewer than <u>six</u> times* to:

- "Please confirm that you were not aware of Mr. Taylor's effort and that you did not authorize it."
- Explain "how this effort came about, and who did authorize it."
- "Please confirm that there have not been—and that there will not be—any similar clandestine attempts by counsel for Defendants to skirt the prohibitions on communications with parties represented by counsel."

But Mr. Levy has flatly refused to provide that information.  Mr. Levy has conspicuously refused to deny authorizing Mr. Taylor's back-channel outreach to Plaintiffs through Plaintiff Khan's son-in-law.  He has refused to explain how that back-channel outreach came about.  And

he has conspicuously refused to deny that there have not been other attempted back-channel outreaches to Plaintiffs.

Plaintiffs file this motion reluctantly and only because it is absolutely necessary. Plaintiffs—and their counsel—are loathe to level accusations or seek sanctions against opposing counsel and prefer to focus their efforts on litigating the merits of this case. But the facts outlined above and detailed herein make clear that Defendants' counsel have egregiously violated D.C. Rules of Professional Conduct 4.2 and 8.4, as well as this Court's Local Civil Rule 83.15(a)— and have threatened the integrity of this proceeding.

Accordingly, Plaintiffs respectfully move for an Order to Show Cause why Defendants' counsel-of-record Mr. Levy and his partner Rachel Clattenburg, and Defendants' counsel and former counsel-of-record Mr. Taylor—all of whom are D.C.-licensed attorneys—should not be sanctioned for attempting to establish a back-channel line of communication with Plaintiffs, through Plaintiff Khan's family member, to convince Plaintiffs to settle this case, knowingly bypassing Plaintiffs' counsel in violation of D.C. Rules of Professional Conduct 4.2 and 8.4 and this Court's Local Civil Rule 83.15(a); *Paul v. Jud. Watch, Inc.*, 571 F. Supp. 2d 17, 20 (D.D.C. 2008) ("The District of Columbia Rules of Professional Conduct govern the practice of law in this District.").

## RELEVANT BACKGROUND

The facts that give rise to this Motion for an Order to Show Cause are simple and straightforward.

### A.   Defendants' Counsel Contacts Plaintiff Khan's Son-in-Law to Establish a Back-Channel of Communication with Plaintiffs About This Case Despite Knowing They Are Represented by Counsel in this Case.

1.   From the outset of this case until November 15, 2019, Defendants were represented in this case by **William (Bill) Taylor**, a partner in the law firm Zuckerman Spaeder LLP, who

2

served as Defendants' counsel-of-record in this case.[1]  From his representation of Defendants in this case (and his ongoing representation of a third-party in this case), Mr. Taylor knows (and has known at all relevant times) that Plaintiffs are and have at all times been represented by counsel in this case.

2.     Since June 2019, Defendants have also been represented by **Joshua A. Levy** and **Rachel M. Clattenburg**, partners in the law firm Levy Firestone Muse LLP.[2]  From their representation of Defendants in this case, Mr. Levy and Ms. Clattenburg know (and have known at all relevant times) that Plaintiffs are and have at all times been represented by counsel in this case.

3.     On April 8, 2021, Mr. Taylor contacted Plaintiff Khan's son-in-law, Alex Rolf van der Zwaan, directly through an unsolicited telephone call.[3]

4.     During that telephone call, Mr. Taylor told Mr. van der Zwaan that he and his law firm (Zuckerman Spaeder LLP) continue to represent Defendant Fusion GPS and have involvement in this case (even though they are no longer Defendants' counsel-of-record).[4]

5.     During that telephone call, Mr. Taylor, acting for and as an agent of Defendant Fusion GPS, made an explicit settlement overture to Mr. van der Zwaan.[5]  Mr. Taylor told Mr. van der Zwaan that "I know you are savvy," alluded to a belief that the Court's then-recent discovery rulings put some kind of undesired pressure on Plaintiffs, and encouraged Mr. van der Zwaan to take the message to his father-in-law, Plaintiff Khan, that it would be in Plaintiffs' interests to

---

[1] *See* Docket, *Fridman v. Bean, LLC*, No. 17-cv-2041 (D.D.C.); Notice of Withdrawal of Appearance of William W. Taylor, III (Nov. 15, 2019) [Dkt. 72].
[2] *See* Notice of Appearance of Joshua A. Levy (June 17, 2019) [Dkt. 61]; Notice of Appearance of Rachel M. Clattenburg (June 17, 2019) [Dkt. 62].
[3] Decl. of Alex Rolf van der Zwaan ¶¶ 2-3 (July 8, 2021) ("van der Zwaan Decl.")
[4] *Id.* ¶¶ 4-5.
[5] *Id.*

settle this case in light of those rulings.[6]  Mr. Taylor told Mr. van der Zwaan that "it would be helpful" if he did so.[7]  In addition, Mr. Taylor told Mr. van der Zwaan that Joshua Levy is currently representing Defendants in this case.[8]

6.     Mr. Taylor's clear purpose in contacting Mr. van der Zwaan was to establish a back-channel of communication with Plaintiffs, bypassing Plaintiffs' counsel—right after Plaintiffs, through their counsel, rejected a settlement overture from Defendants' counsel.

**B.     Plaintiffs' Counsel Ask Defendants' Counsel _Six Times_ About Their Contacts with Plaintiff Khan's Son-in-Law, But They Refuse to Offer Any Explanation for Those Contacts.**

7.     Following Mr. Taylor's unsolicited (and improper) telephone call to Plaintiff Khan's son-in-law, Plaintiffs' counsel contacted Mr. Taylor and Mr. Levy to ask about that call.[9]

8.     Mr. Taylor confirmed that he called Mr. van der Zwaan and that he had made a settlement overture to him to convey to Plaintiffs.[10]

9.     After summarizing Mr. Taylor's outreach to Plaintiff Khan's son-in-law and noting that that contact violates D.C. Rule of Professional Conduct 4.2, Plaintiffs' counsel explained that "this 'back-channel' outreach raises several concerns that need to be addressed," and asked Mr. Levy:

> **_First_**, please confirm that you were not aware of Mr. Taylor's effort and that you did not authorize it.  **_Second_**, we would like to know how this effort came about, and who did authorize it.  And **_finally_**, please confirm that there have not been— and that there will not be—any similar clandestine attempts by counsel for Defendants to skirt the prohibitions on communications with parties represented by counsel.[11]

---

[6] _Id._ ¶ 5.
[7] _Id._
[8] _Id._ ¶ 6.
[9] Decl. of Thomas A. Clare, P.C. ¶ 2 (July 8, 2021) ("Clare Decl.").
[10] _Id._
[11] _Id._ ¶ 3 & Ex. A at 1-2 (Letter from T. Clare to J. Levy (Apr. 16, 2021)).  Emphasis added unless otherwise noted.

Plaintiffs' counsel asked Mr. Levy these questions because he wanted to give Mr. Levy the benefit of the doubt, not assume that he or his partner were complicit in Mr. Taylor's back-channel outreach to Plaintiffs, and give Mr. Levy a chance to explain the circumstances.[12]

10.    **Mr. Levy ignored** Plaintiffs' counsel's letter.[13]

11.    Thus, Plaintiffs' counsel raised the issue with Mr. Levy **a <u>second time</u>**, in an April 28, 2021 email to Mr. Levy asking for "a response to the questions raised in my letter" about the back-channel outreach to Plaintiffs through Plaintiff Khan's son-in-law.[14]

12.    **Mr. Levy again ignored** Plaintiffs' counsel's request even though he responded to Plaintiffs' counsel's email and addressed other issues raised in that email.[15]

13.    Thus, Plaintiffs' counsel raised the issue with Mr. Levy **a <u>third time</u>**, in a May 12, 2021 letter to Mr. Levy.[16]  Plaintiffs' counsel explained:

> You have also failed to respond to our questions regarding the improper attempt to communicate with Plaintiff German Khan, which we raised in both an April 16 letter and April 28 email.  We again reiterate our request that you confirm that Defendants will cease attempting to communicate with Plaintiffs outside of the proper channel and again ask that you respond to the other issues we raised in our prior communications to you.[17]

14.    **Mr. Levy again ignored** Plaintiffs' counsel's request even though he responded to other issues raised in Plaintiffs' counsel's letter.[18]

15.    Thus, Plaintiffs' counsel raised the issue with Mr. Levy **a <u>fourth time</u>**, in a May 13, 2021 response to Mr. Levy's email:

> [W]e respectfully ask—again—that you **(1)** respond to our questions regarding the improper attempt to communicate with Plaintiff German Khan (who, as you know,

---

[12] *Id.*
[13] *Id.*
[14] *Id.* ¶ 4 & Ex. B (Email from T. Clare to J. Levy (Apr. 28, 2021)).
[15] *Id.* ¶ 5 & Ex. C (Email from J. Levy to T. Clare (Apr. 29, 2021)).
[16] *Id.* ¶ 6 & Ex. D at 4 n.11 (Letter from T. Clare & J. Oliveri to J. Levy (May 12, 2021)).
[17] *Id.*
[18] *Id.* ¶ 7 & Ex. E (Email from J. Levy to J. Oliveri (May 13, 2021, 9:24 a.m.)).

is represented by counsel in this case), which we raised with you nearly a month ago (in both an April 16 letter and an April 28 email) but to which you have thus far refused to respond; and **(2)** respond to the other issues we raised in our prior communications to you. ...  We hope you will cooperate.[19]

16.     ***Mr. Levy again ignored*** Plaintiffs' counsel's request even though he responded to Plaintiffs' counsel's email and addressed other issues raised in it.[20]

17.     Thus, Plaintiffs' counsel raised the issue with Mr. Levy ***a fifth time***, in another May 13, 2021 email, in which Plaintiffs' counsel again asked Mr. Levy to address and explain (if possible) Mr. Taylor's improper outreach to Plaintiffs through Plaintiff Khan's son-in-law:

> I note for the record that, once again, in your email below you did not address the issue of the back-channel outreach to Plaintiff Khan (through his son-in-law) from Defendants' former counsel in this case—which we have raised with you numerous times now.  As [Plaintiffs' counsel] explained in his April 16 letter to you, the attempt by Defendants' counsel to communicate a settlement offer to a family member of Mr. Khan raises significant concerns and clearly violates the spirit, if not the letter, of D.C. Rule of Professional Conduct 4.2.
>
> We have asked you multiple times to:
>
> 1.   Please confirm that you were not aware of the effort to go around Mr. Khan's counsel and communicate with Mr. Khan and that you did not authorize it—or confirm that you were aware of that effort and/or did authorize it.
>
> 2.   Please explain how this effort came about, and who did authorize it.
>
> 3.   Please confirm that there have not been—and that there will not be—any similar clandestine attempts by counsel for Defendants.
>
> To date, you have ignored our requests to explain this issue and confirm that it will not happen again.  Please promptly provide this information.[21]

18.     Four days later, Mr. Levy (for the first time) acknowledged Plaintiffs' counsel's requests that he address Mr. Taylor's attempted back-channel communication with Plaintiffs

---

[19] *Id.* ¶ 8 & Ex. F (Email from J. Oliveri to J. Levy (May 13, 2021, 9:43 a.m.)).

[20] *Id.* ¶ 9 & Ex. G (Email from J. Levy to J. Oliveri (May 13, 2021, 10:38 a.m.)).

[21] *Id.* ¶ 10 & Ex. H (Email from J. Oliveri to J. Levy (May 13, 2021, 11:28 a.m.)).

through Plaintiff Khan's son-in-law—but Mr. Levy refused to offer any explanation or justification

for that outreach, stating only that providing any facts about that outreach "would require [him] to

reveal privileged information."[22]  And although Mr. Levy stated that "no attorney for [his] clients

will contact anyone associated with [Plaintiffs' counsel's] clients about this case other than

[Defendants' counsel]," he refused to address Defendants' counsel's prior outreach.[23]

19.    As such, Defendants' counsel have left critical questions unanswered, including:

(a)    Were Mr. Levy and/or Ms. Clattenburg (Defendants' current counsel-of-record) aware of Mr. Taylor's back-channel outreach to Plaintiffs through Plaintiff Khan's son-in-law (before or after that outreach)?

(b)    Did Mr. Levy and/or Ms. Clattenburg authorize Mr. Taylor's back-channel outreach to Plaintiffs?

(c)    How did Defendants' counsel's back-channel outreach to Plaintiffs come about?  Who authorized it?

(d)    Have Mr. Levy, Ms. Clattenburg, Mr. Taylor, or any of Defendants' other counsel contacted or attempted to contact Plaintiffs' family members or others on other occasions to try to establish a back-channel of communication with Plaintiffs, bypassing Plaintiffs' counsel?

20.    In a final effort to avoid needing to file the instant Motion, Plaintiffs' counsel raised

this issue with Mr. Levy *a __sixth time__*, in a July 1, 2021 email to My. Levy.[24]  But Mr. Levy refused

to answer Plaintiffs' counsel's questions.[25]

21.    Mr. Levy similarly refused to address Defendants' counsel's back-channel outreach

to Plaintiffs during a Rule 7(m) conference prior to the filing of this motion, and in a follow-up

email simply repeated his statement that Defendants' counsel would not engage in back-channel

outreach "in the future" and added that, aside from Mr. Taylor's outreach, Defendants' counsel

---

[22] *Id.* ¶ 11 & Ex. I (Email from J. Levy to J. Oliveri (May 17, 2021)).

[23] *Id.*

[24] *Id.* ¶ 12 & Ex. J (Email from J. Oliveri to J. Levy (July 1, 2021, 4:56 p.m.)).

[25] *Id.* ¶ 13 & Ex. K (Email from J. Levy to J. Oliveri (July 1, 2021, 8:25 p.m.) and Email from J. Oliveri to J. Levy (July 1, 2021, 10:17 p.m.)).

had not "had any contact with Plaintiffs through anyone other than their counsel," without addressing whether any other attempts had been made.[26]

22.     Accordingly, because these and other questions about Defendants' back-channel outreach to Plaintiffs about this case remain unanswered, because it appears that Mr. Levy and potentially Ms. Clattenburg (Defendants' counsel-of-record) knew about and potentially authorized Mr. Taylor's back-channel outreach, and because Defendants' counsel may have attempted such outreach on other occasions, Plaintiffs bring this Motion to Show Cause why Defendants' counsel should not be sanctioned, to compel Defendants' counsel to provide answers to those questions (which plainly do not implicate privileged information), and to issue sanctions if appropriate.

## ARGUMENT

**The Court Should Issue an Order to Show Cause Why Defendants' Counsel Mr. Levy, Ms. Clattenburg, and Mr. Taylor Should Not Be Sanctioned for Bypassing Plaintiffs' Counsel and Attempting to Establish Back-Channel Communications with Plaintiffs Regarding This Case**

D.C. Rule of Professional Conduct 4.2—which binds all D.C.-licensed attorneys—is clear. It is "elementary" that:

> During the course of representing a client, *a lawyer shall <u>not</u> communicate <u>or</u> cause another to communicate about the subject of the representation with a person known to be represented by another lawyer in the matter*, unless the lawyer has the prior consent of the lawyer representing such other person or is authorized by law or a court order to do so.

D.C. Rule of Professional Conduct 4.2(a); *In re Jumper*, 984 A.2d 1232, 1249 (D.C. 2009). Similarly, D.C. Rule of Professional Conduct 8.4 provides that "[i]t is professional misconduct for a lawyer to ... [v]iolate or attempt to violate the Rules of Professional Conduct, *knowingly assist* or induce another to do so, *or do so through the acts of another*."  D.C. Rule of Professional

---

[26] *Id.* ¶ 14 & Ex. L (Email from J. Levy to J. Oliveri (July 6, 2021)).

Conduct 8.4(a). And Local Civil Rule 83.15 expressly makes these Rules applicable to attorneys practicing before this Court, providing that "[v]iolations of the Rules of Professional Conduct (as adopted by the District of Columbia Court of Appeals ...) by attorneys subject to these Rules shall be grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship." Local Civ. R. 83.15(a); *Paul v. Jud. Watch, Inc.*, 571 F. Supp. 2d 17, 20 (D.D.C. 2008) ("The District of Columbia Rules of Professional Conduct govern the practice of law in this District.").

Because these Rules protect the integrity of judicial proceedings, courts rigorously enforce them. *See, e.g.*, *In re Chaganti*, 144 A.3d 20, 23, 26 (D.C. 2016) (suspending attorney from practice of law for knowingly contacting a represented party to discuss settlement of case involving that party). As particularly relevant here, this District has explained that Rule 4.2 is violated where an attorney attempts "to establish ... a backchannel of communication" with a represented party. *Annapolis Citizens Class Overcharged for Water-Sewer, by Loudon Operations, LLC v. Stantec, Inc.*, No. 20-cv-2603, 2021 WL 75766, at *14 (D.D.C. Jan. 8, 2021). And there is "ample authority" to conclude that this Rule is violated even where an attorney "participat[e]s in the efforts of" another "to engage in improper communications," even though he does not send those communications himself. *Cobell v. Norton*, 212 F.R.D. 14, 21 (D.D.C. 2002).

Here, it is undisputed that Defendants' counsel Mr. Taylor, despite knowing that Plaintiffs are represented by counsel, called Plaintiff Khan's son-in-law (without consent or authorization) for the express purpose of establishing a back-channel line of communications with Plaintiffs to convey a settlement overture from Defendants to Plaintiffs. And it appears highly likely that Mr. Levy (and potentially Ms. Clattenburg) knew about and even authorized Mr. Taylor's outreach to Plaintiff Khan's son-in-law to establish a back-channel of communications with Plaintiffs about

9

this case—and that Mr. Taylor's outreach to Plaintiff Khan's son-in-law may not have been Defendants' counsel's only attempt to establish that back-channel of communications.  But Mr. Levy has refused to provide information necessary to evaluate his knowledge of and/or participation in those back-channel communications.

Accordingly, Plaintiffs bring this Motion to Show Cause why Defendants' counsel should not be sanctioned—to compel Defendants' counsel to provide information necessary to evaluate the serious issues raised herein and to issue sanctions if appropriate.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an Order to Show Cause why Defendants' counsel should not be sanctioned (and, if appropriate, referred to the Committee on Grievances), to compel Defendants' counsel to provide complete information about their back-channel outreach to Plaintiffs and any similar outreach that they have engaged in, authorized, or are aware of, and to issue sanctions if appropriate.

Dated:  July 8, 2021                    Respectfully submitted,

                                        _/s/ Thomas A. Clare, P.C._____
                                        Thomas A. Clare, P.C. (DC Bar No. 461964)
                                        Elizabeth M. Locke, P.C. (DC Bar No. 976552)
                                        Joseph R. Oliveri (DC Bar No. 994029)
                                        Andrew C. Phillips (DC Bar No. 998353)
                                        CLARE LOCKE LLP
                                        10 Prince Street
                                        Alexandria, VA 22314
                                        Tel: (202) 628-7400
                                        tom@clarelocke.com
                                        libby@clarelocke.com
                                        joe@clarelocke.com
                                        andy@clarelocke.com

                                        *Counsel for Plaintiffs Mikhail Fridman,
                                        Petr Aven, and German Khan*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing Memorandum of Points and Authorities in Support of Plaintiffs' Motion for an Order to Show Cause Why Defendants' Counsel Should Not Be Sanctioned for Their Back-Channel Outreach to Plaintiffs Despite Knowing Plaintiffs Are Represented in This Case was filed electronically with the Clerk of Court on July 8, 2021, using the CM/ECF system, which will send notification of such filing to all counsel of record.

I further certify that on July 8, 2021 a true and correct copy of the foregoing Motion was served on William (Bill) W. Taylor, III via electronic mail and Federal Express overnight, postage pre-paid, to the following address:

William W. Taylor, III
ZUCKERMAN SPAEDER LLP
1800 M. Street, NW, Suite 1000
Washington, D.C. 20036
wtaylor@zuckerman.com

                                          */s/ Thomas A. Clare, P.C.*
                                          Thomas A. Clare, P.C.