# Exhibit A



# CLARE LOCKE
L L P

**THOMAS A. CLARE, P.C.**
tom@clarelocke.com
(202) 628-7401

10 Prince Street
Alexandria, Virginia 22314

(202) 628-7400

www.clarelocke.com

April 16, 2021

<u>Via Email</u>

Joshua A. Levy
Levy Firestone Muse LLP
1701 K Street NW, Suite 350
Washington, DC 20005
jal@levyfirestone.com

      **Re:** *Mikhail Fridman, et al. v. Bean LLC, et al.*, No. 1:17-02041(RJL), in the United States District Court for the District of Columbia

Dear Josh:

    I write on behalf of Plaintiffs in the above-referenced matter.

    I understand that last week, Plaintiff German Khan's son-in-law, Alex van der Zwaan, received a telephone call from Zuckerman Spaeder partner William "Bill" Taylor. As you know, Mr. Taylor and several of his colleagues at Zuckerman were formerly counsel of record for Defendants in this case prior to your involvement, and Mr. Taylor indicated to Mr. van der Zwaan that he and Zuckerman continue to represent Defendant Fusion GPS and to have some involvement in this matter. During that telephone call, Mr. Taylor made an explicit settlement overture to Mr. van der Zwaan. Mr. Taylor alluded to a belief that the Court's recent discovery rulings have put some kind of undesired pressure on Plaintiffs, and he encouraged Mr. van der Zwaan to take a message to his father-in-law that it would be in Plaintiffs' interests to settle this matter in light of those rulings.

    As you—and Mr. Taylor—know, Mr. Khan and the other Plaintiffs are represented by counsel in this matter. An attempt by Defendants' counsel to communicate a settlement offer to a family member of an adverse party would appear to be in clear violation of the spirit, if not the letter, of D.C. Rule of Professional Conduct 4.2. Thus, this "back-channel" outreach raises several concerns that need to be addressed. First, please confirm that you were not aware of Mr. Taylor's effort and that you did not authorize it. Second, we would like to know how this effort came about, and who

did authorize it.  And finally, please confirm that there have not been—and that there will not be—any similar clandestine attempts by counsel for Defendants to skirt the prohibitions on communications with parties represented by counsel.

Moreover, and for the avoidance of doubt, let me be very clear that Mr. Taylor's speculation concerning Plaintiffs' assessment of Judge Leon's recent rulings is entirely misplaced.  As I expressed to you during our telephone conversation on April 4, Plaintiffs are pleased with the Court's rulings which, collectively, demonstrate a desire on the part of the Court that the parties continue to press forward with fact discovery in this case.  We are working diligently to collect and produce documents in accordance with Judge Leon's rulings, and we expect that you are doing the same with respect to the Court's ruling concerning Defendants' inadequate privilege log.  To that end, please let me know your availability between Thursday, May 6 and Tuesday, May 11 to meet and confer regarding Defendants' updated privilege log, as ordered by Judge Leon.

Finally, consistent with Judge Leon's recent efforts to keep discovery in this case moving forward, I reiterate the request I made during that April 4 phone call that you promptly provide dates in early- to mid-May for the depositions of Fusion partner Jason Felch and Fusion managing agent Jacob Berkowitz.  If I do not receive proposed dates from you by Tuesday of next week, Plaintiffs will notice the depositions for dates and times of their choosing—and will request the Court's assistance in compelling Mr. Felch and Mr. Berkowitz's attendance, if necessary.

Sincerely,

*Thomas A. Clare*

Thomas A. Clare, P.C.

2