# Exhibit C

From: Josh Levy <jal@levyfirestone.com>
Subject: Re: Fridman et al v. Bean LLC et al
Date: April 29, 2021 at 7:27:42 PM EDT
To: Tom Clare <tom@clarelocke.com>
Cc: Andy Phillips <andy@clarelocke.com>, Joe Oliveri <joe@clarelocke.com>, Libby Locke <libby@clarelocke.com>, Rachel Clattenburg <rmc@levyfirestone.com>, Andrew Sharp <eas@levyfirestone.com>

Tom:

There is no Scheduling Order in this case at the moment, and the parties are in disagreement over whether fact discovery should be stayed, and, if not, when fact discovery should end. The parties' briefs are, as you know, pending. We have repeatedly explained to you that the parties cannot proceed with depositions while fact discovery has lapsed, and the Court has not entered a new Scheduling Order. *See* Fed. R. Civ. P. 16(b)(4); *Olgyay v. Soc'y for Env't Graphic Design, Inc.*, 169 F.R.D. 219, 220 (D.D.C. 1996) ("Counsels' unilateral decision to modify the Scheduling Order without the Court's approval and without good cause is a clear violation of the Federal and Local Rules.").

Given that the timing of fact discovery is unknown at this time, we do not see the point of scheduling depositions that may well need to be rescheduled based on the new Scheduling Order.

Are you asking for dates contingent on the Court having entered a Scheduling Order that allows for fact discovery as of the proposed dates?

Please advise. Thanks.

Josh

**Joshua A. Levy**
Partner

**Levy|Firestone|Muse**

1701 K Street NW, Suite 350, Washington, DC 20006
T 202-261-6564•C202-360-0677•F202-595-8253•levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Levy Firestone Muse LLP. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

**From:** Tom Clare <tom@clarelocke.com>
**Sent:** Wednesday, April 28, 2021 11:57 AM
**To:** Josh Levy <jal@levyfirestone.com>
**Cc:** Andy Phillips <andy@clarelocke.com>; Joe Oliveri <joe@clarelocke.com>; Libby Locke <libby@clarelocke.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Andrew Sharp <eas@levyfirestone.com>
**Subject:** Re: Fridman et al v. Bean LLC et al

Josh,

I write to address a few issues.

## 1. Scheduling German Khan's Deposition

In various previous correspondence you have indicated that you want to go forward with German Khan's deposition. Because COVID restrictions in the UK are starting to ease, we are now in a position to try to move forward with re-scheduling Mr. Khan's deposition. Please let us know dates in May on which you would be available to depose Mr. Khan and we will work to clear one of those dates with him and revert back.

## 2. Scheduling Depositions of Mr. Berkowitz and Mr. Felch

We have asked you numerous times to provide dates on which Mr. Berkowitz and Mr. Felch can be available to be deposed, but you have repeatedly refused to do so. Because we want to be as accommodating as possible to Messrs. Berkowitz and Felch and minimize inconvenience to them, we ask one more time: Please provide us with dates in May and June on which Messrs. Berkowitz and Felch are available to be deposed. If you are unable or unwilling to provide dates by Noon this Friday (April 30), we will have no choice by the notice to their depositions on dates of our choosing.

## 3. Third Party Depositions in the United Kingdom

As you know, on March 30, Judge Leon granted Plaintiffs' Motion for Issuance of a Letter of Request for International Judicial Assistance to obtain oral testimony and/or documentary evidence from five witnesses in the United Kingdom: (1) Christopher Steele (documents and testimony), (2) Edward Baumgartner (documents and testimony), (3) Sir Andrew Wood (documents and testimony), (4) Christopher Burrows (testimony only), and (5) Orbis Business Intelligence Ltd. (documents only) (collectively, the "UK

Witnesses"). In accordance with Judge Leon's Order, Plaintiffs filed (on April 2) an updated Letter of Request, which is currently awaiting Judge Leon's signature and issuance. Upon Judge Leon's issuance of the Letter of Request, Plaintiffs intend to file process in the United Kingdom to obtain the UK courts' assistance in obtaining discovery from the UK Witnesses.

Although we cannot predict the exact timeframe in which the UK courts will act, we anticipate that the depositions of the UK Witnesses will proceed in the June-September timeframe. Thus, to facilitate the depositions of the UK Witnesses, please let us know if there are any dates in June, July, August, or September that you will be <u>un</u>available for those depositions. We appreciate your cooperation and will of course do our best to schedule around dates on which you have unmovable conflicts.

Finally, we would appreciate a response to the questions raised in my letter about the informal reach out to Alexander van der Zwaan

Best,
Tom


Thomas A. Clare, P.C. | Partner

**CLARE LOCKE LLP**

10 Prince Street | Alexandria, Virginia 22314

(202) 628-7401 - direct | (202) 841-1074 - cell

tom@clarelocke.com | www.clarelocke.com

This electronic message transmission contains information from the law firm of Clare Locke LLP, which may be confidential or privileged. The information is intended exclusively for the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this