# Exhibit G

**From:** Joshua Levy <jal@levyfirestone.com>
**Date:** Thursday, May 13, 2021 at 10:38 AM
**To:** Joe Oliveri <joe@clarelocke.com>, Rachel Clattenburg <rmc@levyfirestone.com>, Andrew Sharp <eas@levyfirestone.com>
**Cc:** Tom Clare <tom@clarelocke.com>, Libby Locke <libby@clarelocke.com>, Andy Phillips <andy@clarelocke.com>
**Subject:** Re: Correspondence - Fridman et al v. Bean LLC et al

Joe --

Please circulate a dial-in for the 2pm call. My colleague Andrew Sharp will be joining us.

As to the issues raised in our May 5 letter, it is our position that Defendants have complied with the Protective Order, and Plaintiffs have not. That said, we are willing to meet and confer on a later date with regard to that issue. Likewise, we will await Plaintiffs' production of a privilege log, which Plaintiffs mentioned for the first time in their May 12 letter in response to Defendants' challenge of Plaintiffs' privilege designations in their April 29, 2021 production. We can hold a meet and confer on privilege after we receive Plaintiffs' privilege log.

With regard to sanctions under Rule 37, we will move ahead today with a 7(m) conference on sanctions for Defendants' legal work moving to compel those documents, unless Plaintiffs agree to pay Defendants' fees.

We have (repeatedly) addressed Plaintiffs' requests for discovery, and all counsel for Defendants have acted

appropriately at all times. It is unproductive to have Defendants repeat in every piece of correspondence that the parties cannot take discovery until the Court establishes a discovery period and deadline, in the absence of any.

Josh

**Joshua A. Levy**

Partner

**Levy** | **Firestone** | **Muse**

1701 K Street NW, Suite 350, Washington, DC 20006

T 202-261-6564  •  C 202-360-0677  •  F 202-595-8253  •  levyfirestone.com

. . .

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Levy Firestone Muse LLP.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6580, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed by the U.S. Internal Revenue

Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

. . .

**From:** Joe Oliveri <joe@clarelocke.com>
**Sent:** Thursday, May 13, 2021 9:43 AM
**To:** Josh Levy <jal@levyfirestone.com>; Rachel Clattenburg <rmc@levyfirestone.com>; Andrew Sharp <eas@levyfirestone.com>
**Cc:** Tom Clare <tom@clarelocke.com>; Libby Locke <libby@clarelocke.com>; Andy Phillips <andy@clarelocke.com>
**Subject:** Re: Correspondence - Fridman et al v. Bean LLC et al

Hi Josh,

Let's talk at 2:00pm. I will call you then.

As we explained in our letter yesterday, it is premature to meet and confer regarding the issues you raised in your May 5 letter, including because you have failed to comply with the procedures set forth in the Protective Order by failing to raise issues with the designation of any specific documents in Plaintiffs' April 29 production. (As you surely know, your blanket challenge to "all" designations does not suffice under the Protective Order, which does not require a producing party to justify all designations *en masse*.) Of course, if and when you comply with the proper procedures under the Protective Order, we will gladly and promptly meet and confer with you regarding any issues properly raised.

In addition, before further addressing the issues raised in your May 5 letter (to which we just responded yesterday), we respectfully ask—again—that you (1) respond to our questions regarding the improper attempt to communicate with Plaintiff German Khan (who, as you know, is represented by counsel in this case), which we raised with you nearly a month ago (in both an April 16 letter and an April 28 email) but to which you have thus far refused to respond; and (2) respond to the other issues we raised in our prior communications to you. We desire for discovery to proceed without delay, but it must be a two-way street. We hope you will cooperate.

Best,
Joe

Joseph R. Oliveri | Partner
**CLARE LOCKE LLP**
10 Prince Street | Alexandria, Virginia 22314
(202) 628-7405 - direct | (413) 657-6750 - cell
joe@clarelocke.com | www.clarelocke.com