# Exhibit J

From: Joe Oliveri <joe@clarelocke.com>
Subject: Follow-Up & Request for Rule 7(m) Conference
Date: July 1, 2021 at 4:56:46 PM EDT
To: Joshua Levy <jal@levyfirestone.com>
Cc: Tom Clare <tom@clarelocke.com>, Andy Phillips <andy@clarelocke.com>

Dear Josh:

I hope this email finds you well.

As you will certainly recall, on April 16—over two-and-a-half months ago—Tom raised with you the extremely concerning issue of Defendants' counsel (and former counsel of record in this case) William "Bill" Taylor (a partner at Zuckerman Spaeder) calling Plaintiff German Khan's son-in-law Alex van der Zwaan and making an explicit settlement overture to Mr. van der Zwaan and encouraging him to take that message to Plaintiff Khan.

As Tom explained to you in his letter, you—and Mr. Taylor—know (and have known) that Mr. Khan and the other Plaintiffs are represented by counsel in this matter. And as a D.C.-licensed attorney, you know that D.C. Rule of Professional Conduct 4.2(a) provides that "a lawyer shall *not* communicate *or cause another to communicate about the subject of the representation* with a person known to be represented by another lawyer in the matter," and that that rule is violated where an attorney attempts "to establish ... a backchannel of communication" with the represented party). See <u>Annapolis Citizens Class Overcharged for Water-Sewer by Loudon Operations, LLC v. Stantec, Inc.</u>, No. 20-cv-2603, 2021 WL 75766, at *4 (D.D.C. Jan. 8, 2021).

Thus, Tom asked you to provide three pieces of information:
1.  Please confirm that you were not aware of Mr. Taylor's effort and that you did not authorize it.
2.  We would like to know how this effort came about, and who did authorize it.

3.  Please confirm that there have not been—and that there will not be—any similar clandestine attempts by counsel for Defendants to skirt the prohibitions on communications with parties represented by counsel.

But you ignored Tom's letter.  As such, we repeatedly re-raised this extremely troubling issue with you—including in Tom's April 28 email to you, in my May 12 letter to you, and in my multiple May 13 emails to you.  Each and every time, you ignored our requests, even when you responded to other issues raised in our correspondence.

Your refusal to provide answers to the above questions leaves us no choice but to seek judicial relief regarding Mr. Taylor's and apparently your improper conduct, including violation of D.C. Rule of Professional Conduct 4.2(a).  As such, Plaintiffs intend to file a Motion for an Order to Show Cause why both you and Mr. Taylor should not be subject to sanctions for the blatant violation of Rule 4.2(a).

**Please let us know what date(s) and time(s) between now and July 7 at 5pm that you are available for a telephone call to discuss this matter.  If you do not respond with available dates/times, we will understand that as your refusal to participate in a Rule 7(m) meeting, and Plaintiffs will consider their Rule 7(m) obligations discharged.**

Sincerely,
Joe

Joseph R. Oliveri | Partner
**CLARE LOCKE LLP**
10 Prince Street | Alexandria, Virginia 22314
(202) 628-7405 - direct | (413) 657-6750 - cell

joe@clarelocke.com | www.clarelocke.com