IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN, <br><br> Plaintiffs, <br><br> v. <br><br> BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil Action No. 1:17-2041-RJL <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MOTION OF NONPARTY WILLIAM W. TAYLOR III
FOR LIMITED INTERVENTION TO
<u>OPPOSE PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE</u>**

William W. Taylor III hereby moves for an order permitting him to intervene in this action for the limited purpose of responding to Plaintiffs' Motion for Order to Show Cause, ECF 158. Mr. Taylor is not a party to this action. He withdrew as counsel for defendants 20 months ago and has not participated in this action since that time. Plaintiffs' Motion, however, requests that the Court issue an order to him personally requiring him to show cause why he should not be sanctioned for a claimed violation of Rule 4.2, D.C. Rules of Professional Conduct. Accordingly, Mr. Taylor has an interest that entitles him to intervene as of right pursuant to Rule 24(a)(2), F.R. Civ. P. Counsel for Plaintiffs, Thomas Clare, has advised undersigned counsel that Plaintiffs consent to the limited intervention by Mr. Taylor.

Pursuant to Local Rule 7(j), movant sets forth below his opposition to the Motion for an Order to Show Cause.

**OPPOSITION TO MOTION FOR AN ORDER TO SHOW CAUSE**

Attached to this Motion is a declaration of Mr. Taylor concerning his telephone call with Alexander van der Zwaan, which is the subject of Plaintiffs' Motion for Order to Show Cause. As the declaration establishes, Mr. Taylor did not make a "settlement overture" or attempt to create a "back channel" for settlement talks.  He conveyed to Mr. van der Zwaan his view that recent discovery rulings in the case made it in the interests of both sides to settle the case, but he neither made nor invited an offer and suggested no further conversations involving himself.  He fully expected Mr. van der Zwaan to convey his remarks to Plaintiffs' counsel, Mr. Clare, and within days of the call Mr. Clare called Mr. Taylor directly.  At no time until the present Motion did Mr. Clare complain to Mr. Taylor about the fact that he made the call to Mr. van der Zwaan, based on Rule 4.2 or otherwise.

Rule 4.2 applies only to communications by a lawyer concerning "the subject of the [lawyer's] representation" of a client, with a person known to be represented by counsel "in the matter."  Since Mr. Taylor is not counsel for the defendants in this lawsuit, Rule 4.2 simply does not apply.  Further, Plaintiffs in their motion do not suggest, much less establish, any harm to themselves from Mr. Taylor's conversation with Mr. van der Zwaan.  And, as they acknowledge, Mr. Taylor personally assured Mr. Clare weeks ago that he has no intention of making further calls to Mr. van der Zwaan or anyone else associated with the Plaintiffs.  Respectfully, the motion for an order to show cause should be denied.

Finally,  Plaintiffs make a baseless request in their proposed Order that the Court "find and hold" that communications between Mr. Taylor and the defendants or their counsel concerning the van der Zwaan call "are not privileged or protected from disclosure by the

attorney-client privilege or work-product doctrine." Plaintiffs in their Memorandum offer no support for this false contention except for a parenthetical (ECF 158-1 at 11) claiming their inquiries "plainly do not implicate privileged information." While no longer counsel in this lawsuit, Mr. Taylor continues to have an attorney-client relationship with the Defendants who look to him for legal advice. His communications with Defendants and their counsel are plainly covered by the attorney-client privilege.

DATED: July 20, 20201

Respectfully submitted,

*/s/ William H. Jeffress, Jr.*
William H. Jeffress, Jr.
D.C. Bar No. 041152
Baker Botts LLP
700 K Street, NW
Washington, DC 20001
(202) 639-7751
william.jeffress@bakerbotts.com

*Counsel for William W. Taylor III*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel electronically through the Court's ECF system on July 22, 2021.

*/s/ William H. Jeffress, Jr.*