IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN<br><br>    Plaintiffs,<br><br>v.<br><br>BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON,<br><br>    Defendants. | Civil Action No. 1:17-2041-RJL |

## DECLARATION OF WILLIAM W. TAYLOR, III

I, William W. Taylor, III, declare as follows:

1. I became acquainted with Alex van der Zwaan in 2018 or 2019. Mr. van der Zwaan was a potential witness in a criminal trial against a client that occurred in this court in August 2019, and I had conversations with his counsel and with him directly.

2. I knew that Mr. van der Zwaan spoke fluent Russian, that he had been born in the Netherlands, that he was trained as a lawyer, and that he had been an associate at Skadden Arps Slate Meagher & Flom at times relevant to the allegations in the criminal case.

3. Mr. van der Zwaan was one of the lawyers who worked with my client on a report that was the focus of the trial against my client, and, although Mr. van der Zwaan was never called as a witness, he had first-hand knowledge of material information.

4. With his counsel's permission, I spoke with Mr. van der Zwaan before the trial, and Mr. van der Zwaan called me directly during the trial for the purpose of conveying personal support to my client. At that time, Mr. van der Zwaan was living in Europe, after serving a short sentence in the United States for making false statements to federal law enforcement officers.

5. During one or more of those calls, we discussed the fact that Mr. van der Zwaan had married and had a newborn child. I expressed sympathy for his situation. Either from him or from public sources I learned that his wife was the daughter of German Khan, one of the plaintiffs in this case.

6. In March or April of this year, I understood that the Court had entered orders granting defendants' request for discovery from plaintiffs. I also understood that there had been discussions about a resolution of the case between counsel.

7. Although I have not been counsel in the case since November 15, 2019, I continue to have an attorney client relationship with the defendants. Accordingly, my communications with them and their counsel are privileged.

8. In early April, I had the idea to call Mr. van der Zwaan. On the call, we briefly reminisced about our earlier roles in the criminal case described above and his personal situation. I told him that I was not sure his father in law was paying attention to the developments in this case and that I hoped he would do so. I expressed my view that the court's recent discovery rulings meant that settlement of the case would be in the interest of both sides.

9. I did not intend to violate Rule of Professional Conduct 4.2, did not convey a settlement proposal or overture, and did not attempt to create a back channel.

10. I fully expected that Mr. van der Zwaan would advise counsel for plaintiffs of our conversation, and he did so.

11. I received from Mr. van der Zwaan the attached email on April 13, 2021.

12. A few days after my call with Mr. van der Zwaan, I received a phone call from Thomas Clare, a lawyer whom I also knew from other matters. Mr. Clare's tone on the call was cordial, even jocular. We discussed his establishment of his current firm, other cases in which he

had represented plaintiffs, and his recent successes as well as the current case and my conversation with Mr. van der Zwaan.  Mr. Clare said that Mr. van der Zwaan had made him aware of our conversation and that he would respond to Mr. Levy on the subject of settlement.

13. At no time did Mr. Clare complain to me about my contact with Mr. van der Zwaan.

14. After my call with Mr. Clare, I learned that plaintiffs were complaining about my call with Mr. van der Zwaan as a possible violation of Rule 4.2 and seeking an assurance that no further contacts would be made.  I called Mr. Clare on May 21, 2021.  That call was also cordial, and during it I assured Mr. Clare that I would make no further contacts with persons associated with the plaintiffs.

15. Apart from my conversations with Mr. van der Zwaan and Mr. Clare described above, I have had no contacts with anyone associated with plaintiffs and have not attempted to do so.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 20, 2021

William W. Taylor, III