IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN,<br><br>**Plaintiffs,**<br><br>v.<br><br>BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON,<br><br>**Defendants.** | Civil Action No. 1:17-2041-RJL |

**PLAINTIFFS' SUPPLEMENT TO
THE PARTIES' JOINT MOTION FOR A STATUS CONFERENCE**

Plaintiffs respectfully submit this Supplement to the Parties' pending Joint Motion for a Status Conference, which was filed on May 27, 2021 [Dkt. 149], to provide updated information to the Court relevant to that Motion.

Understanding that the Court has an extremely busy docket, the Parties filed their Joint Motion for a Status Conference to "respectfully request that the Court convene a status conference hearing ... to address the status of discovery in this case, to resolve an impasse between the parties concerning the taking of depositions, and to assist the parties in establishing a schedule and procedures that will help expedite the disposition of this action." (*Id.* at 1.) The Parties noted that the time period for fact discovery under the operative scheduling order had expired due to circumstances outside of the parties' control, including the COVID-19 pandemic and the pendency of motions addressing significant discovery disputes, and suggested that "the most efficient way to address and resolve the outstanding discovery issues and the current impasse on deposition discovery would be for counsel to appear before the Court for a cooperative discussion, with the Court's assistance and guidance, about an updated Scheduling Order." (*Id.* at 4.)

1

We write now to inform the Court of further developments since that Motion was filed. ***Primarily, we write to inform the Court that the progress of this case had ground to a complete halt because Defendants have taken the position that no discovery whatsoever may continue in this case pending further action from the Court***—because the discovery period under the operative scheduling order has technically expired. Defendants have taken that position notwithstanding the Court's March 30 Orders granting various Motions to Compel that clearly contemplate the continuation of discovery[1] and even though Defendants agree that additional discovery is needed.[2]

Plaintiffs, for their part, have done everything they can to facilitate the orderly progress of this case, but Defendants have thwarted all of their efforts. For example, Plaintiffs have offered to make Plaintiff Khan (the only plaintiff yet to be deposed) available for a deposition (as Defendants previously demanded), but Defendants have refused to take his deposition.[3] Similarly, Plaintiffs have repeatedly requested that Defendants produce Defendant Fusion's principals and employees for depositions, but Defendants have refused to do so, taking the position that "depositions should not proceed in this case."[4]

In addition, ***Defendants' position that discovery is closed has thwarted Plaintiffs' ability to engage in necessary third-party discovery.*** In a particularly telling example, counsel for a third party from whom Plaintiffs are seeking discovery has cited Defendants' "position that discovery

---

[1] *See* Mar. 30, 2021 Minute Orders.
[2] *See* Pls.' Mem. of P&As in Supp. of Mot. to Modify the Scheduling Order, at 3 (Feb. 15, 2021) [Dkt. 128-1]; Defs.' Opp'n to Pls.' Mot. to Modify the Scheduling Order, at 14 (Mar. 1, 2021) [Dkt. 129].
[3] Email Correspondence Between Counsel (Mar. 17-Apr. 30, 2021) (attached as Exhibit A).
[4] *Id*.

[is] closed, pending further order of the Court" to refuse to engage in discovery.[5]  And Plaintiffs expect other third parties to take the same position.

In light of the above, Plaintiffs respectfully request that the Court order a status conference at its earliest convenience to address the status of discovery in this case and to order that discovery proceed expeditiously.

Finally, we note one purely ministerial matter.  In accordance with this Court's March 30, 2021 Order Granting Plaintiffs' Motion for Issuance of Letter of Request for International Judicial Assistance, Plaintiffs filed on April 2, 2021 an updated Letter of Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters.  (*See* Dkt. 144.)  Plaintiffs respectfully request that the Court sign and issue that letter so that Plaintiffs can proceed with the subject discovery in the United Kingdom.

Dated:  September 10, 2021

Respectfully submitted,

  */s/ Thomas A. Clare, P.C.*
Thomas A. Clare, P.C. (DC Bar No. 461964)
Elizabeth M. Locke, P.C. (DC Bar No. 976552)
Joseph R. Oliveri (DC Bar No. 994029)
Andrew C. Phillips (DC Bar No. 998353)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Tel: (202) 628-7400
tom@clarelocke.com
libby@clarelocke.com
joe@clarelocke.com
andy@clarelocke.com

*Counsel for Plaintiffs Mikhail Fridman, Petr Aven, and German Khan*

---

[5] *See* Email from G. Sigler (counsel, third-party Perkins Coie) to J. Oliveri (Aug. 17, 2021) (attached as Exhibit B).

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiffs' Supplement to the Parties' Joint Motion for a Status Conference was filed electronically with the Clerk of Court on September 10, 2021, using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                               */s/ Thomas A. Clare, P.C.*
                                               Thomas A. Clare, P.C.