UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN,<br><br>           Plaintiffs,<br><br>     v.<br><br>BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON,<br><br>           Defendants. | Civil Case No. 1:17-cv-2041-RJL |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENT TO THE PARTIES' JOINT MOTION FOR A STATUS CONFERENCE**

In advance of the Status Conference scheduled for September 23, 2021, Defendants respectfully file this Response to Plaintiffs' Supplement to the Parties' Joint Motion for a Status Conference.

In their Joint Motion for a Status Conference ("Joint Motion") on the parties' cross-motions to extend the discovery deadline, both parties stated that "all parties agreed that the existing deadlines need to be extended in order to complete discovery," and asked the Court to resolve the parties' disagreement about "the form that extension should take." Joint Motion, ECF No. 149, at 2. Specifically, after discovery lapsed on January 12, 2021, "Defendants requested a stay of discovery pending resolution of Defendants' Motion for Partial Summary Judgment on the Issue of Public Figure, followed by a 90-day extension of fact discovery after that motion is decided; alternatively, if the Court is not inclined to grant such a stay, Defendants requested that the Court set a date certain for the close of discovery in a reasonable period, such as 90 days." *Id.* (citing ECF No. 145, at 1 n.1). Plaintiffs, by contrast, "filed a motion seeking [a 120-day] extension of

1

the discovery cut-off keyed to the date of the resolution of [nine] pending discovery motions." *Id* (citing ECF No. 128-1).

Despite the fact that the parties filed a joint motion with language to which both parties agreed, Plaintiffs **unilaterally** filed their Supplement to a Joint Motion for a Status Conference (ECF No. 166) ("Supplement"), which requires clarification.[1] Plaintiffs falsely indicated that Defendants have tried to frustrate discovery and have taken a new position on discovery, when Defendants' position – shared by third parties subpoenaed by both parties in this case – has not changed and is what the law requires. Indeed, the parties informed the Court of this position in the Joint Motion, filed on May 27, 2021, wherein both parties informed the Court that it was "Defendants' position," in light of the fact that discovery had closed on January 12, 2021, that "Rule 16 does not permit any depositions to proceed in this action until the Court enters a modified scheduling order extending the period for fact discovery." *Id.* at 3. Both parties also informed the Court in the Joint Motion that "[t]hird parties subpoenaed in this case have taken the same position[,]" and, "[a]s a result, no depositions are currently scheduled at this time." *Id.* To be clear, third parties whom Defendants have served with subpoenas have also stopped cooperating in this case because of the status of discovery. *See, e.g.,* Ex. A, Email from E. Scully to J. Levy (Mar. 3, 2021) (stating that the Center for National Interest and its President and CEO, Dimitri Simes, would not be engaging in further discussions about compliance with Defendants' subpoenas served on those third parties, pending the Court's resolution of pending discovery motions).

Plaintiffs' Supplement, purportedly filed "to provide updated information to the Court," is therefore a pretext to accuse Defendants of frustrating the progress of this case, a false accusation

---

[1] Plaintiffs did not seek, let alone obtain, Defendants' consent to file a supplement to the parties' Joint Motion.

they have repeated *ad nauseam* elsewhere. Plaintiffs' so-called "updated information" is old news: email correspondence dated March 17 – April 30, 2021, created **before** the parties filed their Joint Motion on May 27, 2021. *See* Ex. A to Plaintiffs' Supp. Memo. (ECF No. 166-1). That is not updated information; that correspondence was the basis for filing the Joint Motion. Defendants' position has not changed since the parties filed their Joint Motion; neither has Plaintiffs' position. Plaintiffs' Supplement is a needless filing aimed to disparage Defendants for following the law.

Notably, Plaintiffs have not proposed an alternative to the counter-proposals pending before the Court regarding an extension of the discovery period that might allow the parties to reach a joint scheduling agreement while limiting the need for the Court's intervention. Absent such an agreement (ratified by the Court), the Federal Rules do not permit the taking of discovery past the deadline without leave of Court. *See* Fed. R. Civ. P. 16(b)(4); *Olgyay v. Soc'y for Env't Graphic Design, Inc.*, 169 F.R.D. 219, 220 (D.D.C. 1996) ("Counsels' unilateral decision to modify the Scheduling Order without the Court's approval and without good cause is a clear violation of the Federal and Local Rules.").

Dated:  September 14, 2021               /s/ Joshua A. Levy

    Joshua A. Levy (D.C. Bar No. 475108)
    Rachel M. Clattenburg (D.C. Bar No. 1018164)
    Edward A. Sharp (D.C. Bar No. 1719505)
    **LEVY FIRESTONE MUSE LLP**
    1701 K St. NW, Suite 350
    Washington, DC  20006
    Tel: (202) 845-3215
    Fax: (202) 595-8253
    jal@levyfirestone.com
    rmc@levyfirestone.com
    eas@levyfirestone.com

    *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on September 14, 2021, the foregoing was filed using CM/ECF and served by email on all counsel of record.

                                      */s/* Joshua A. Levy
                                      Joshua A. Levy