## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MIKHAIL FRIDMAN, PETR AVEN, and
GERMAN KHAN,

        **Plaintiffs,**

v.

BEAN LLC a/k/a FUSION GPS, and GLENN
SIMPSON,

        **Defendants.**

Civil Action No. 1:17-2041-RJL

## LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

The United States District Court for the District of Columbia (the "District Court" or the "Court") presents its compliments to the Senior Master of the High Court (Queen's Bench Division) of England and Wales, and requests assistance in obtaining evidence to be used in a civil proceeding before this Court in the above-captioned proceedings (the "Action").

This request is made pursuant to, and in conformity with *The Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters* (the "Hague Convention"), to which both the United States and the United Kingdom are a party; the *Evidence (Proceedings in Other Jurisdictions) Act 1975*; the Rules of the United States District Court for the District of Columbia; and the Federal Rules of Civil Procedure.

The purpose of this Letter of Request (the "Request") is to obtain oral testimony and documentary evidence for use at trial from three non-party witnesses who all reside within your jurisdiction: Mr. Christopher Steele, Mr. Edward Baumgartner, and Sir Andrew Wood, and (oral testimony only) Mr. Christopher Burrows.  The Request also seeks the production of documentary

evidence from Orbis Business Intelligence Ltd. ("Orbis"), being a company co- founded by Mr. Steele and Mr. Burrows.

The District Court considers that the evidence sought is directly relevant to the issues in dispute and is not discovery within the meaning of Article 23 of The Hague Convention; that is, it is discovery intended to lead to relevant evidence for trial.  It is expected, based on existing timetables, that the District Court will schedule a trial to commence in or about late 2021.

It has been demonstrated to this Court that justice cannot be done amongst the parties to the Action without the testimony and documentary evidence of the above-named witnesses.  In conformity with Article 3 of the Hague Convention, this Court respectfully submits the following Request.

The District Court requests the assistance of an appropriate English judicial officer to compel the appearance of the witnesses to give oral sworn testimony and to produce documents on the subject matters for the date ranges as described in this Request.

It is requested that the appropriate judicial officer of England and Wales issue such orders as are necessary to implement this Request for the witnesses to produce documents and to appear before an examiner or other appropriate judicial authority in England and Wales to take their oral sworn testimony at deposition in conformity with the procedures of the U.S. Federal Rules of Civil Procedure or such other procedures as are acceptable.

The testimonies and document production sought are material to the issue pending in the Action.  Plaintiffs have approached the witnesses (or their known counsel or representative) as follows in order to ascertain whether they would be willing to provide their voluntary assistance in the Action in the United States.

(a) **Mr. Steele, Mr. Burrows, and Orbis.** Plaintiffs communicated with known United States counsel for Mr. Steele, Mr. Burrows, and Orbis, in order to ascertain whether they would be willing to accept service of subpoenas on their behalf in the United States to provide oral testimony and/or produce documents. Counsel indicated that they are unwilling to accept service of subpoenas on their behalf in the United States.

(b) **Mr. Baumgartner.** Plaintiffs are not aware of any counsel or representative for Mr. Baumgartner in the United States. U.K. counsel for Plaintiffs wrote to Mr. Baumgartner directly at his Edward Austin business address (copied to the business email address) and asked whether Mr. Baumgartner would voluntarily produce documentary evidence and appear for an examination. Plaintiffs will update the Court as to any response received from Mr. Baumgartner.

(c) **Sir Andrew Wood.** Sir Andrew Wood does not have counsel in the United States and Plaintiffs are not aware of any representative for Sir Andrew in the United States. U.K. counsel for Plaintiffs wrote to Sir Andrew directly at his Chatham House business address (copied to the gmail email address given on Sir Andrew's Chatham House online biography) and asked if Sir Andrew would voluntarily produce documentary evidence and appear for an examination. Sir Andrew responded, through U.K. counsel, with Sir Andrew's U.K. counsel indicating that Sir Andrew is unwilling to accept service of subpoenas in the United States.

The District Court is authorized by Title 28, United States Code, sections 1781 and 1782 to extend similar assistance on request of the judicial authorities of England and Wales.

The District Court, through the offices of the representatives of Plaintiffs, is prepared to reimburse the High Court of England and Wales and/or office for all costs incurred in executing the instant Request and the assurance of its highest consideration.

The particulars of this Request pursuant to the Hague Convention are as follows:

| | | |
|---|---|---|
| **1.** | **Sender:** | Honorable Richard J. Leon<br>Senior United States District Judge<br>United States District Court for the District of Columbia<br>333 Constitution Avenue N.W.<br>Washington, D.C. 20001 |
| **2.** | **Central Authority of the Requested State:** | COMPETENT AUTHORITY FOR<br>ENGLAND AND WALES<br>Senior Master<br>Queen's Bench Division<br>High Court of Justice<br>Royal Courts of Justice<br>Strand<br>London WC2A 2LL<br>UNITED KINGDOM |
| **3.** | **Person to whom the executed request is to be returned:** | **Plaintiff's Legal Representative in the U.K.:**<br><br>Bernard O'Sullivan<br>Louise Boswell<br>CMS Cameron McKenna Nabarro Olswang LLP<br>Cannon Place<br>78 Cannon Street<br>London EC4N 6AF<br>United Kingdom<br>T +44 20 7067 3594<br>F +44 20 7367 2000<br>E bernard.o'sullivan@cms-cmno.com<br>   louise.boswell@cms-cmno.com<br><br>On behalf of:<br><br>Honorable Richard J. Leon<br>Senior United States District Judge<br>United States District Court for the District of Columbia 333 Constitution Avenue N.W.<br>Washington D.C. 20001 |

**In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following requests:**

| | | |
|---|---|---|
| **4a.** | **Requesting Judicial Authority:** | Honorable Richard J. Leon<br>Senior United States District Judge<br>United States District Court for the District of Columbia<br>333 Constitution Avenue N.W.<br>Washington, D.C. 20001 |
| **4b.** | **To the competent authority of:** | THE UNITED KINGDOM OF BRITAIN AND NORTHERN IRELAND |
| **4c.** | **Names of the case and any identifying number:** | *Fridman v. Bean LLC*, Case No. 1:17-CV-02041 (RJL), United States District Court for the District of Columbia |
| **5.** | **Names and addresses of the parties and their representatives:** | |
| | **a. Plaintiffs:** | Mikhail Fridman, Petr Aven, and German Khan |

**Represented in the U.S. by:**
Thomas A. Clare, P.C.
Elizabeth M. Locke, P.C.
Joseph R. Oliveri
Andrew C. Phillips
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Tel: +1 (202) 628-7400
E:  tom@clarelocke.com
      libby@clarelocke.com
      joe@clarelocke.com
      andy@clarelocke.com

**Represented in the U.K. by:**
Bernard O'Sullivan
Louise Boswell
CMS Cameron McKenna Nabarro Olswang LLP
Cannon Place
78 Cannon Street
London EC4N 6AF United Kingdom
T +44 20 7067 3594
F +44 20 7367 2000
E   bernard.o'sullivan@cms-cmno.com
      louise.boswell@cms-cmno.com

**b.  Defendants:**        Bean LLC (a/k/a Fusion GPS) and Glenn Simpson

**Represented in the U.S. by:**
Joshua A. Levy
Rachel Clattenburg
Levy Firestone Muse LLP
1401 K St. NW, Suite 600
Washington, DC 20005
Tel: +1 (202) 845-3215

**c.  Other parties.  The following non-parties, which are the subject of this application are as follows:**        Christopher Steele
c/o Orbis Business Intelligence Ltd.
9-11 Grosvenor
Gardens, London SW1W 0BD

**Represented in the U.S.[1] by:**
Christina Hull Eikhoff
Kristin Ramsay
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel: +1 (404) 881-7000

-AND-

Kelley C. Barnaby
Alston & Bird LLP
950 F Street, NW
Washington, D.C. 20004
Tel: +1 (202) 239-3687

**Represented in the U.K.[2] by:**
Reynolds Porter Chamberlain LLP
Tower Bridge House

---

[1] The counsel identified for Mr. Steele and Orbis represented them in connection with a separate proceeding captioned *Khan v. Orbis Business Intelligence Ltd.*, Case No. 18-CV-0919.  Mr. Steele and Orbis are not parties to the Action in connection with which this Request is made.

[2] The counsel identified for Mr. Steele and Orbis represents Orbis in connection with the action captioned *Aven and others v. Orbis Business Intelligence Ltd.*, Claim No. HQ18M01646 / QB-2018-006349, in the High Court of Justice, Queen's Bench Division, Media & Communications List (the "U.K. Proceeding"), in which the High Court rendered a judgment in favor of Plaintiffs on July 8, 2020.  *See* Judgment, [2020] EWHC 1812 (QB), available at https://www.bailii.org/ew/cases/EWHC/QB/2020/1812.html.  Mr. Steele and Orbis are not parties to the Action in connection with which this Request is made.

St. Katharine's Way
London E1W 1AA
United Kingdom
T: +44 20 3060 6000

Orbis Business Intelligence Ltd.
9-11 Grosvenor
Gardens, London SW1W 0BD
**See counsel identified on behalf of Christopher Steele**

Christopher Burrows
c/o Orbis Business Intelligence Ltd.
9-11 Grosvenor
Gardens, London SW1W 0BD
**See counsel identified on behalf of Christopher Steele and Orbis**

Edward Baumgartner
c/o Edward Austin Limited
4 Old Park Lane
London W1K 1QW
United Kingdom
info@edward-austin.com
**Counsel/representative unknown**

Sir Andrew Wood
c/o The Royal Institute of International Affairs
Chatham House
10 St James's Square
London SW1Y 4LE
United Kingdom
andrewood40@gmail.com

**Represented in the U.K. by:**
Reynolds Porter Chamberlain LLP
Tower Bridge House
St. Katharine's Way
London E1W 1AA
United Kingdom
T: +44 20 3060 6244
E: ciara.cullen@rpc.co.uk

**6. Nature and purpose of the proceedings and summary of the facts:**

This civil Action concerns claims of defamation brought by Plaintiffs.  The statements alleged to be defamatory are in a two-page document (sometimes referred to as a "memorandum or a "report") that was prepared by Christopher Steele and Orbis Business Intelligence Ltd. ("Orbis")[3] and bears the label "Company Intelligence Report 2016" ("CIR 112").  Plaintiffs allege that Mr. Steele and Orbis prepared CIR 112 at the behest of Defendants Bean LLC (a/k/a Fusion GPS) ("Fusion")[4] and Glenn Simpson (together, with Fusion, the "Defendants") and that Defendants thereafter published CIR 112, including its defamatory content, to members of the media and others.  As alleged by Plaintiffs, the challenged statements are defamatory because they falsely accuse Plaintiffs of bribery and corruption, specifically related to Vladimir Putin, and suggest that Plaintiffs cooperated with a Kremlin-orchestrated illegal campaign to interfere with the 2016 U.S. presidential election.

Plaintiffs seek a judgment against Defendants finding that statements about Plaintiffs in CIR 112 are false and defamatory and that Defendants published them.  Plaintiffs seek compensatory and/or punitive damages in amounts to be proven at trial, together with interest and costs and fees.

Defendants deny any liability to Plaintiffs and have asserted several defenses, including that the statements about Plaintiffs are not materially false; the publication of the statements was privileged or otherwise protected by, *inter alia*, the First Amendment of the U.S. Constitution, the neutral report privilege, and/or the Fair Report Privilege (under New York Civil Rights Law

---

[3] References to "Orbis" in this Request shall include Orbis's directors, principles, employees, contractors, agents, and representatives.

[4] References to "Fusion" in this Request shall include Fusion's directors, principles, employees, contractors, agents, and representatives.

Section 74); and Plaintiffs should be treated as "public figures" (either general purpose public or limited purpose)—a category which subjects Plaintiffs to a burden to show that the defamatory statements were published with "actual malice," *i.e.*, published with the knowledge that the statements were false or with reckless disregard to whether they were true or false.

Plaintiffs have represented that they do not seek disclosure of communications or documents that are protected from disclosure by the attorney client privilege, work product doctrine, or other applicable privilege, nor do they seek to circumvent any privilege assertions, however Plaintiffs do not waive the right to object to or challenge the propriety or validity of claims that documents are privileged and the basis of such privilege claims.

Although Orbis produced to Plaintiffs some documents of Orbis and Mr. Steele in the U.K. Proceeding, no documents relating to the creation or publication of CIR 112 were produced and Plaintiffs have a good faith belief, bolstered by admitted failures of disclosure by Mr. Steele in a similar matter involving Mr. Steele in the U.K.,[5] that relevant documents exist and/or that Orbis and/or Mr. Steele neglected to produce them. In addition, due to (i) Mr. Steele's challenge to the U.S. Department of Justice seeking copies of certain of documents from the U.K. Proceeding that would normally be available under applicable English law[6] and (ii) the restrictions on the use of certain other documents produced in the U.K. Proceeding pursuant to Rule 31.22 of the English

---

[5] In the proceedings captioned *Aleksej Gubarev and another v (i) Orbis Business Intelligence Limited and (ii) Christopher Steele*, Claim No. HQ17D00413, in the High Court of Justice, Queen's Bench Division, the trial of which took place between 20-24 July 2020 ("Gubarev U.K. Proceeding"). *See* Declaration of Alan Lewis in support of the Motion, Exhibit ("Motion Ex.") M, Defendants' Closing Submissions in Gubarev U.K. Proceeding (which were made public during the trial) at 52-57.

[6] In the matter of an application by the United States of America (the United States Department of Justice) made in the U.K. Proceeding.

Civil Procedure Rules, Plaintiffs seek a separate order from the High Court permitting disclosure of evidence for use in this U.S. proceeding.

## STAGE OF THE PROCEEDINGS

This Action was commenced by the filing of a Complaint by the Plaintiffs on October 3, 2017.  The Court denied Defendants' motion to dismiss the case on January 14, 2019.  The parties exchanged written discovery requests in October 2019.  Written responses to the requests were exchanged in November 2019 and supplemented in May 2020.  Deposition discovery has not yet been completed.  Fact discovery is scheduled to be concluded by mid-2021.  A trial is expected in or about late 2021 or early 2022.

## THE WITNESSES AND ENTITIES FROM WHICH EVIDENCE IS SOUGHT

**Christopher Steele**,[7] c/o Orbis Business Intelligence Ltd., located at 9-11 Grosvenor Gardens, London SW1W 0BD.

**Orbis Business Intelligence Ltd.**, located at 9-11 Grosvenor Gardens, London SW1W 0BD.

**Christopher Burrows**,[8] c/o Orbis Business Intelligence Ltd., located at 9-11 Grosvenor Gardens, London SW1W 0BD.

**Edward Baumgartner**,[9] c/o Edward Austin Limited, located at 4 Old Park Lane, London W1K 1QW.

---

[7] Mr. Steele is a director and joint founder of Orbis.  *See* https://orbisbi.com/about-orbis/.

[8] Mr. Burrows is a director and joint founder of Orbis.  *See* https://orbisbi.com/about-orbis/.

[9] Mr. Baumgartner is a founder and managing director of Edward Austin Limited ("Edward Austin").  See https://www.edward-austin.com/about/team/.

**Sir Andrew Wood,**[10] c/o The Royal Institute of International Affairs, Chatham House, 10 St James's Square, London SW1Y 4LE.

## THE RELEVANCE OF EVIDENCE IS SOUGHT

**Mr. Steele** is the co-founder and director of Orbis and compiled the information in CIR 112, including the defamatory statements about Plaintiffs at issue in this Action, and disclosed or provided CIR 112 (and the other reports that have collectively become known as the "Dossier") to others. As set forth in Plaintiffs' Motion In Support of Request for International Judicial Assistance ("Motion"), Defendants have formally identified Mr. Steele as an individual likely to have information relevant to this Action and Defendants' claims and defenses, such as information relating to "CIR 112, including recipients of CIR 112, research related to matters in CIR 112, events related to topics in CIR 112, and delivery of CIR 112."[11]

**Mr. Burrows** co-founded Orbis with Mr. Steele and was involved in briefings regarding the research project relating to the defamatory statements, the content of the research, and the engagement of Orbis for this research project. Defendants have identified Mr. Burrows as an individual likely to have information relevant to this Action and Defendants' claims and defenses, such as the "relevant conduct of Orbis and Christopher Steele; Christopher Steele, including his experience, work, process, and engagement by Defendants."[12]

**Orbis** is the intelligence gathering firm founded by Mr. Steele and Mr. Burrows which was retained by Defendants in 2016 and which produced CIR 112, including the statements about

---

[10] Sir Andrew Wood is an Associate Fellow in the Russia and Eurasia Programme at Chatham House. *See* https://www.chathamhouse.org/expert/sir-andrew-wood.

[11] Motion Ex. C, Defendants' First Amended Rule 26(a)(1) Initial Disclosures ("Defendants' Initial Disclosures"), Section 1.

[12] Motion Ex. C, Defendants' Initial Disclosures, Section 1.

Plaintiffs at issue in this Action. Defendants acknowledge engaging Orbis to "look into then-candidate Trump's activities in Russia, in support of Defendants' ongoing research activities" and that Mr. Steele and Mr. Burrows were some of the people at Orbis with whom "Defendants mainly communicated."[13]  Orbis is likely to have information and documentary evidence relevant to the issues in this Action, including the engagement of Orbis, the research conducted, the compilation of CIR 112, and the statements about Plaintiffs at issue in this Action.

**Edward Baumgartner** co-founded the U.K. based research and intelligence firm Edward Austin and assisted Fusion with the 2016 research at issue in this Action. Defendants have formally identified Mr. Baumgartner as an individual likely to have information relevant to this Action and Defendants' claims and defenses, including the "research related to matters in CIR 112."[14]

**Sir Andrew Wood** is a former British diplomat with or to whom Mr. Steele discussed or transmitted the research at issue in this Action in 2016.  Defendants have formally identified Sir Andrew Wood as an individual likely to have information relevant to this Action and Defendants' claims and defenses, including the "receipt and delivery of CIR 112."[15]

## SUBJECTS FOR ORAL EXAMINATION AND REQUESTS FOR PRODUCTION OF DOCUMENTARY EVIDENCE

The District Court requests that **Christopher Steele** be ordered to attend for examination to give evidence about the matters identified in **Attachment A** hereto and be ordered to produce documentary evidence responsive to the requests identified in **Attachment B** hereto.

The District Court requests that **Orbis Business Intelligence Ltd.** be ordered to produce documentary evidence responsive to the requests identified in **Attachment C** hereto.

---

[13] Motion Ex. F, Defendants' Answer to Interrogatory No. 12.

[14] Motion Ex. C, Defendants' Initial Disclosures, Section 1.

[15] Motion Ex. C, Defendants' Initial Disclosures, Section 1.

The District Court requests that **Christopher Burrows** be ordered to attend for examination to give evidence about the matters identified in **Attachment D** hereto.

The District Court requests that **Edward Baumgartner** be ordered to attend for examination to give evidence about the matters identified in **Attachment E** hereto and be ordered to produce documentary evidence responsive to the requests identified in **Attachment F** hereto.

The District Court requests that **Sir Andrew Wood** be ordered to attend for examination to give evidence about the matters identified in **Attachment G** hereto and be ordered to produce documentary evidence responsive to the requests identified in **Attachment H** hereto.

For the reasons set forth in the Plaintiffs' Motion in Support of Request for International Judicial Assistance, the District Court believes that the witnesses (whose contact details are given below) will be able to provide documentary evidence and testimony directly relevant to the main issues between the parties in the Action and without which the ends of justice could not be properly met.[16]  The District Court believes that this information is not available from any other source.

| 7. | **Evidence to be obtained:** | Plaintiffs seek oral testimony from Christopher Steele, Christopher Burrows, Edward Baumgartner, and Sir Andrew Wood.  These individuals are not parties to the Action and the Plaintiffs are not seeking any relief against any of these witnesses. |
|---|---|---|
| | | Plaintiffs seek documentary evidence from Christopher Steele, Edward Baumgartner, Sir Andrew Wood, and Orbis Business Intelligence Ltd. |
| 8. | **Identity and addresses of persons to be examined:** | Christopher Steele c/o Orbis Business Intelligence Ltd., located at 9-11 |

---

[16] The term "documents" shall have the same broad meaning and scope as given to these terms in or pursuant to the U.S. Federal Rules of Civil Procedure and applicable law, including (but not limited to) hard copy documents and files as well electronic or computerized data, e-mails, text messages, etc. The term "communications" shall mean the transmittal of data or information by any means, including (but not limited to) meetings, conversations, discussions, documents, correspondence, messages, text messages, e-mails, notes, WhatsApp messages, Slack messages, Skype messages, or other means of transmittal.

Grosvenor Gardens, London SW1W 0BD

Christopher Burrows
c/o Orbis Business Intelligence Ltd., located at 9-11
Grosvenor Gardens, London SW1W 0BD

Edward Baumgartner
c/o Edward Austin Limited 4 Old Park Lane
London W1K 1QW

Sir Andrew Wood
c/o The Royal Institute of International Affairs
Chatham House
10 St James's Square
London SW1Y 4LE
United Kingdom

| | | |
|---|---|---|
| **9.** | **Subject matter about which the witnesses will be examined:** | The subject matter for the examination of the relevant witnesses are itemized in **Attachments A, D, E, and G**. |
| **10.** | **Documents or other property to be inspected:** | Plaintiffs request that the relevant witnesses produce to the Examiner and to Plaintiffs' Counsel, no later than 7 calendar days before the date on which the Examination is due to commence the documents set out under **Attachments B, C, F and H**. |
| **11.** | **Any requirement that the evidence be given on oath or affirmation and any specific form to be used:** | The witnesses should be examined under oath or affirmation or in the alternative should be instructed of the consequences of giving untruthful and false answers under the laws of England and Wales. |

**12. Special methods or procedures to be followed:**

The District Court respectfully requests the following with respect to the oral testimony and production of documents being sought:

    (1) that the High Court appoint an English Examiner for the purpose of compelling oral

        testimony for use at trial from English witnesses;

    (2) that the parties' representatives or their designees, a court reporter, and a videographer

        be permitted to be present during the examination either physically or via remote or

virtual means; that the representatives or designees be permitted to examine and cross-examine the witnesses directly; and that a court reporter and a videographer be permitted to make a verbatim record of the proceedings; and

(3) in connection with the taking of testimony of the witnesses, Plaintiffs have permission to refer the witnesses to documents previously produced or available in the Action.

| | | |
|---|---|---|
| **13.** | **Request for notification of the times and place for the execution of the Request and identity of the person to be notified:** | It is requested that testimony be taken at such place, date or time as ordered by the Senior Master and/or as otherwise scheduled by the representatives of the Plaintiffs and/or as otherwise agreed to by the witnesses and the respective representatives of the parties. |
| **14.** | **Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request:** | None. |
| **15.** | **Specification of privilege or duty to refuse to give evidence under the laws of the State of origin:** | In relation to claims for privilege under the laws of the United States or the laws of England and Wales, regard shall be had to section 3 of the Evidence (Proceedings in Other Jurisdictions) Act 1975. |

In relation to claims for privilege under the laws of the United States or the laws of England and Wales, regard shall be had to section 3 of the Evidence (Proceedings in Other Jurisdictions) Act 1975.

Under the laws of the United States, a party has a privilege to refuse to give evidence if the evidence discloses a confidential communication between that party and an attorney for that party that was made for the purpose of obtaining legal advice.

Parties also enjoy limited privileges on other grounds not expected to be relevant here such as communications between physician and patient, psychotherapist and patient, husband and wife, or clergy and penitent.

U.S. law also recognizes a privilege against criminal self-incrimination.

Outside the strict area of privilege, certain limited immunities are available that may place restrictions on the giving of evidence, such as the limited protection of documents created as the work product of attorneys during or in anticipation of

litigation.

16. **Fees and costs:**        The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Hague Convention will be borne by Plaintiffs.

17. **Date of Request:**       *September 23,* _____, 2021

18. **Signature and seal of the Requesting Authority**

UNITED STATES OF AMERICA
United States District Court for the District of Columbia

By: Honorable Richard J. Leon
Senior United States District Judge
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 Constitution Avenue N.W.
Washington, DC 20001

**ATTACHMENT A**

**Proposed Subjects for Oral Examination of Christopher Steele**

1. In general terms, Mr. Steele's educational background, employment history, professional qualifications and personal preparation for the examination (including contacts with the parties, their lawyers, insurers, or representatives), excluding any privileged communications or confidential details regarding any government service.

2. Retention of Mr. Steele and/or Orbis in 2016 by Fusion relating to CIR 112 and the scope and purpose of the retention.

3. Communications and meetings in 2016 and 2017 between Mr. Steele and Defendants Glenn Simpson or Fusion or any Fusion sub-contractors regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112.

4. Communications and meetings in 2016 and 2017 between Mr. Steele and Jonathan Winer regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112.

5. Communications and meetings in 2016 and 2017 between Mr. Steele and reporters or news or media organizations regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112.

6. Communications and meetings in 2016 and 2017 between Mr. Steele and David Kramer regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112.

7. The drafting and compilation in 2016 of CIR 112 and its promotion.

8. Delivery, transmission, or disclosure of CIR 112 in 2016 and 2017 to other persons or entities, including Defendants, Mr. Kramer, Mr. Winer, reporters and members of the media.

9. The steps taken by Mr. Steele, Orbis, or Defendants to corroborate, verify or investigate the information and statements about Plaintiffs in CIR 112.

10. The destruction, return, or non-retention of the following documents: (a) CIR 112, including work product, memoranda, source information, drafts or analysis relating to CIR 112; (b) communications between Mr. Steele and Defendants Simpson or Fusion in respect to CIR 112; and (c) engagement agreements between Mr. Steele and/or Orbis on one hand and Fusion on the other which govern the creation or promotion of CIR 112.

11. Communications and meetings in 2016 and 2017 between Mr. Steele and Igor Danchenko regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112.

**ATTACHMENT B**

**Proposed Requests for Production of Documentary Evidence from Christopher Steele**

1. Documents setting out the terms of Orbis's and/or Mr. Steele's engagement with or retention by Fusion in connection with the compilation or preparation of CIR 112 and its promotion.

2. Documents setting out the scope and purpose of the work that Mr. Steele and Orbis were to perform in connection with the compilation or preparation of CIR 112 and its promotion.

3. Communications between Mr. Steele and Defendants Glenn Simpson or Fusion (including documents referencing or referenced in such communications) regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112, within the period 01 April 2016 to 03 October 2017.

4. Communications between Mr. Steele and Jonathan Winer (including documents referencing or referenced in such communications) regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112, within the period 01 September 2016 to 10 January 2017.

5. Communications within the period 01 September 2016 to 10 January 2017 (including documents referencing or referenced in such communications) between Mr. Steele and Mr. Winer relating to meetings regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112, including the meeting between Mr. Steele and U.S. Department of State officials and Mr. Winer on or about 11 October 2016.

6. Communications within the period 01 September 2016 to 10 January 2017 (including documents referencing or referenced in such communications) between Mr. Steele and the *New York Times*, the *New Yorker*, the *Washington Post*, *Yahoo! News*, *CNN*, *Mother Jones*, and/or *BuzzFeed*, relating to meetings regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112, including the meeting between Mr. Steele and Michael Isikoff and Jane Mayer at the Tabard Inn on or about 22 September 2016.

7. Communications within the period 01 September 2016 to 10 January 2017 (including documents referencing or referenced in such communications) between Mr. Steele and the *New York Times*, the *New Yorker*, the *Washington Post*, *Yahoo! News*, *CNN*, *Mother Jones*, and/or *BuzzFeed* regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112.

8. Communications (including documents referencing or referenced in such communications) between Mr. Steele and David Corn of *Mother Jones* via Skype on 31 October 2016 regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112.

9. Communications within the period 01 September 2016 to 10 January 2017 (including documents referencing or referenced in such communications) between Mr. Steele and David Kramer regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112, including text messages or other types of messages between Mr. Steele and Mr. Kramer on or about 29 December 2016.

10. Documents within the period 01 July 2016 to 10 January 2017 relating to the drafting and compilation of CIR 112; notes, research, investigative files used in the drafting of CIR 112; and drafts or different versions of CIR 112.

11. Communications within the period 01 September 2016 to 10 January 2017 (including documents referencing or referenced in such communications) between Mr. Steele and Defendants, Mr. Kramer, Mr. Winer, reporters and members of the media, or others regarding the delivery, transmission, or disclosure of CIR 112.

12. Communications within the period 01 July 2016 to 10 January 2017 (including documents referencing or referenced in such communications) between Mr. Steele and Defendants, Mr. Kramer, Mr. Winer, reporters and members of the media, or others concerning the steps taken by Mr. Steele, Orbis, or Defendants to corroborate, verify, or investigate the information and statements about Plaintiffs in CIR 112.

13. Documents concerning the destruction, return, or non-retention of documents within the period 01 July 2016 to the present in respect to: (a) CIR 112, including work product, memoranda, source information, drafts or analysis relating thereto; (b) communications between Mr. Steele and Defendants Simpson or Fusion in respect to CIR 112; and (c) engagement agreements between Orbis and/or Mr. Steele on one hand and Fusion on the other which govern the creation or promotion of CIR 112.

14. Communications within the period 01 April 2016 to 03 October 2017 (including documents referencing or referenced in such communications) between Mr. Steele and Igor Danchenko regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112.

**ATTACHMENT C**

**Proposed Requests for Production of Documentary Evidence from Orbis Business
Intelligence Ltd.**

1. Documents setting out the terms of Orbis's and/or Mr. Steele's engagement with or retention by Fusion in connection with the compilation or preparation of CIR 112 and its promotion.

2. Documents setting out the scope and purpose of the work that Orbis and Mr. Steele were to perform in connection with the compilation or preparation of CIR 112 and its promotion.

3. Communications between Orbis or Mr. Steele and Defendants Glenn Simpson or Fusion (including documents referencing or referenced in such communications) regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112, within the period 01 April 2016 to 03 October 2017.

4. Communications between Orbis or Mr. Steele and Jonathan Winer (including documents referencing or referenced in such communications) regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112, within the period 01 September 2016 to 10 January 2017.

5. Communications within the period 01 September 2016 to 10 January 2017 (including documents referencing or referenced in such communications) between Orbis or Mr. Steele and Mr. Winer relating to meetings regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112, including the meeting between Mr. Steele and U.S. Department of State officials and Mr. Winer on or about 11 October 2016.

6. Communications within the period 01 September 2016 to 10 January 2017 (including documents referencing or referenced in such communications) between Orbis or Mr. Steele and the *New York Times*, the *New Yorker*, the *Washington Post*, *Yahoo! News*, *CNN*, *Mother Jones* and/or *BuzzFeed*, relating to meetings regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112, including the meeting between Mr. Steele and Michael Isikoff and Jane Mayer at the Tabard Inn on or about 22 September 2016.

7. Communications within the period 01 September 2016 to 10 January 2017 (including documents referencing or referenced in such communications) between Orbis or Mr. Steele and the *New York Times*, the *New Yorker*, the *Washington Post*, *Yahoo! News*, *CNN*, *Mother Jones*, and/or *BuzzFeed* regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112.

8. Communications (including documents referencing or referenced in such communications) between Orbis or Mr. Steele and David Corn of *Mother Jones* via Skype on 31 October 2016 regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112.

9. Communications within the period 01 September 2016 to 10 January 2017 (including documents referencing or referenced in such communications) between Orbis or Mr. Steele and David Kramer regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in

CIR 112, including text messages or other types of messages between Mr. Steele and Mr. Kramer on or about 29 December 2016.

10. Documents within the period 01 July 2016 to 10 January 2017 relating to the drafting and compilation of CIR 112; notes, research, investigative files used in the drafting of CIR 112; and drafts or different versions of CIR 112.

11. Communications within the period 01 September 2016 to 10 January 2017 (including documents referencing or referenced in such communications) between Orbis or Mr. Steele and Defendants, Mr. Kramer, Mr. Winer, reporters and members of the media, or others regarding the delivery, transmission, or disclosure of CIR 112.

12. Communications within the period 01 July 2016 to 10 January 2017 (including documents referencing or referenced in such communications) between Orbis or Mr. Steele and Defendants, Mr. Kramer, Mr. Winer, reporters and members of the media, or others concerning the steps taken by Mr. Steele, Orbis, or Defendants to corroborate, verify, or investigate the information and statements about Plaintiffs in CIR 112.

13. Documents concerning the destruction, return, or non-retention of documents within the period 01 September 2016 to the present in respect to: (a) CIR 112, including work product, memoranda, source information, drafts or analysis relating thereto; (b) communications between Orbis or Mr. Steele and Defendants Simpson or Fusion in respect to CIR 112; and (c) engagement agreements between Orbis and/or Mr. Steele on one hand and Fusion on the other which govern the creation or promotion of CIR 112.

**ATTACHMENT D**

**Proposed Subjects for Oral Examination of Christopher Burrows**

1.  In general terms, Mr. Burrows's educational background, employment history, professional qualifications and personal preparation for the examination (including contacts with the parties, their lawyers, insurers, or representatives), excluding any privileged communications or confidential details regarding any government service.

2.  The drafting and compilation in 2016 of CIR 112 and its promotion.

3.  The destruction, return, or non-retention of the following documents: (a) CIR 112, including work product, memoranda, source information, drafts or analysis relating to CIR 112; (b) communications with Defendants Glenn Simpson or Fusion in respect to CIR 112; and (c) engagement agreements between Orbis and/or Mr. Steele on one hand and Fusion on the other which govern the creation or promotion of CIR 112.

4.  Delivery, transmission, or disclosure of CIR 112 in 2016 to other persons or entities, including Defendants, David Kramer, Jonathan Winer, reporters and members of the media.

5.  The steps taken by Mr. Burrows, Mr. Steele, Orbis, or Defendants to corroborate, verify or investigate the information and statements about Plaintiffs in CIR 112.

## ATTACHMENT E

**Proposed Subjects for Oral Examination of Edward Baumgartner**

1. In general terms, Mr. Baumgartner's educational background, employment history, professional qualifications and personal preparation for the examination (including contacts with the parties, their lawyers, insurers, or representatives), excluding any privileged communications or confidential details regarding any government service.

2. The nature and terms of Mr. Baumgartner's, and/or his firm's, engagement by Fusion in 2016 relating to Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112, and the scope and purpose of the engagement.

3. Mr. Baumgartner's research regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112.

4. Preparation of Mr. Baumgartner's report titled "ALFA Dossier Open Sources."

5. Communications in 2016 or 2017 between Mr. Baumgartner and Defendants Glenn Simpson or Fusion regarding the report titled "ALFA Dossier Open Sources."

6. Communications in 2016 or 2017 between Mr. Baumgartner and Defendants Glenn Simpson or Fusion regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112.

**ATTACHMENT F**

**Proposed Requests for Production of Documentary Evidence from Edward Baumgartner**

1. Documents setting out the terms and scope of Mr. Baumgartner's engagement by Fusion relating to Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112 or its promotion.

2. Documents within the period 01 April 2016 to 03 October 2017 related to the preparation of the report titled "ALFA Dossier Open Sources."

3. Communications within the period 01 April 2016 to 03 October 2017 between Mr. Baumgartner and Defendants Glenn Simpson or Fusion regarding the report titled "ALFA Dossier Open Sources."

4. Communications within the period 01 April 2016 to 03 October 2017 between Mr. Baumgartner and Defendants Simpson or Fusion regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112.

5. Documents regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112, within the period 01 April 2016 to 03 October 2017.

**ATTACHMENT G**

**Proposed Subjects for Oral Examination of Sir Andrew Wood**

1. In general terms, Sir Andrew Wood's educational background, employment history, professional qualifications and personal preparation for the examination (including contacts with the parties, their lawyers, insurers, or representatives), excluding any privileged communications or confidential details regarding any government service.

2. Communications in 2016 and 2017 between Sir Andrew Wood and Christopher Steele regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112, including in September 2016 around the time that Mr. Steele and Orbis transmitted CIR 112 to Fusion.

3. Communications and meetings in 2016 and 2017 between Sir Andrew Wood and David Kramer or U.S. Senator John McCain regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112, including the meetings with Mr. Kramer and Senator McCain in November 2016 in Halifax, Nova Scotia.

4. Communications and meetings between Mr. Kramer and Mr. Steele in 2016 and 2017 regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112, including the meeting between Mr. Kramer and Mr. Steele in London in November 2016 which Sir Andrew Wood arranged.

5. The steps taken by Sir Andrew Wood, Mr. Steele, Orbis, or Defendants to corroborate, verify or investigate the information and statements about Plaintiffs in CIR 112.

**ATTACHMENT H**

**Proposed Requests for Production of Documentary Evidence from Sir Andrew Wood**

1.  Communications within the period 01 September 2016 to 10 January 2017 between Sir Andrew Wood and Mr. Steele (including documents referencing or referenced in such communications) regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112, including in September 2016 around the time that Mr. Steele and Orbis transmitted CIR 112 to Defendant Fusion and relating to the meeting between Mr. Kramer and Mr. Steele in London in November 2016.

2.  Communications within the period 01 September 2016 to 10 January 2017 between Sir Andrew Wood and David Kramer or U.S. Senator John McCain (including documents referencing or referenced in such communications) regarding Plaintiffs, Alfa, CIR 112, or the statements about Plaintiffs in CIR 112, including the meetings with Mr. Kramer and Senator McCain in November 2016 in Halifax, Nova Scotia.

3.  Communications within the period 01 September 2016 to 10 January 2017 (including documents referencing or referenced in such communications) between Sir Andrew Wood and Mr. Steele, Mr. Kramer, Orbis, or Defendants concerning the steps taken by Sir Andrew Wood, Mr. Steele, Orbis, or Defendants to corroborate, verify, or investigate the information and statements about Plaintiffs in CIR 112.