**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN,**

**Plaintiffs,**

**v.**

**BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON,**

**Defendants.**

**Civil Action No. 1:17-2041-RJL**

**SUPPLEMENT TO**
**PLAINTIFFS' SECOND MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED**

## INTRODUCTION

On May 21, 2021, Plaintiffs filed their ***Second*** Motion to Compel Defendants to Produce Documents Improperly Withheld as Privileged [Dkt. 147]. As Plaintiffs explained in that Motion, despite having had ***three*** opportunities to produce a proper privilege log—and having been ordered by this Court "to submit to plaintiffs an updated privilege log *with additional detailed information* sufficient to allow determination of defendants' claims of privilege"[1]—Defendants chose not to do so. Instead, Defendants continued to withhold nearly 500 documents as privileged (while producing under 750) based on a patently insufficient privilege log that entirely fails to satisfy their "burden of demonstrating facts sufficient to establish [any] privilege's applicability" to those documents. *E.g.*, *In re Subpoena Duces Tecum Issued to Commodity Futures Trading Comm'n*, 439 F.3d 740, 750 (D.C. Cir. 2006). Thus, Plaintiffs explained, the Court should compel Defendants to produce those documents. *See, e.g.*, *Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133, 138 (D.D.C. 2009) (compelling production of withheld documents when party had multiple opportunities to produce a sufficient privilege log but failed to do so); *In re Chevron Corp.*, No. 10-mc-371, 2013 WL 11241413, at *3 (D.D.C. Apr. 22, 2013) (same).

After Plaintiffs filed their Second Motion to Compel—and following the Government's indictment of former Perkins Coie attorney Michael Sussmann—it became clear that Defendants possess numerous documents responsive to Plaintiffs' RFPs that Defendants neither produced nor included on their privilege log. Then, following Plaintiffs' inquiry about those documents, Defendants produced a supplemental privilege log that is just as deficient as their previous three privilege logs. Plaintiffs file this Supplement to their Second Motion to Compel to update the Court regarding Defendants' latest insufficient privilege log and to request that the Court compel

[1] Order Granting Pls.' Mot. to Compel re Defs.' Privilege Log (Mar. 30, 2021) (emphasis added).

Defendants to produce the documents listed thereon along with the documents listed on Defendants' third (insufficient) privilege log.

**SUPPLEMENTAL INFORMATION**

As the Court knows, Plaintiffs' defamation claim arises from Defendants' publication of false statements accusing Plaintiffs of, among other things, bribery, extortion, and interference in the 2016 U.S. Presidential Election, in an "intelligence" memorandum titled "Company Intelligence Report 2016/112" ("CIR 112"), which Defendants commissioned from Christopher Steele and his firm, Orbis Business Intelligence.[2] As relevant here, Plaintiffs are indirect shareholders of the Alfa group of companies (including Alfa Bank), and Plaintiffs' RFPs requested that Defendants produce, among other things, documents and communications with third parties concerning the Alfa companies.[3] At the time Plaintiffs filed their Second Motion to Compel, Plaintiffs believed—based on Defendants' representations—that Defendants had either produced or listed on their privilege log all documents in their possession concerning Alfa responsive to Plaintiffs' RFPs.

Since Plaintiffs filed their Second Motion to Compel, they have learned that Defendants' representations were false. On September 16, 2021, the U.S. Government (Special Counsel John Durham) indicted then-Perkins Coie attorney **Michael Sussmann** for making false statements to the FBI when he reported to the FBI the now-widely-debunked allegation that an Alfa Bank server had secretly communicated with a Trump Organization server.[4] The indictment alleges that,

---

[2] *See, e.g.*, Am. Compl. ¶¶ 1-10, 13, 31 (Dec. 12, 2017) [Dkt. 17]. CIR 112, along with similar reports prepared by and for Defendants, have become known as the "Steele Dossier." *See id.* ¶ 1.

[3] Pls.' First RFPs to Defs. at RFP No. 3 (Oct. 11, 2019).

[4] Indictment, *United States v. Michael A. Sussmann*, No. 21-cr-582 (D.D.C. Sept. 16, 2021) ("Sussmann Indictment"), https://www.justice.gov/sco/press-release/file/1433511/download.

contrary to his representation, Mr. Sussmann, in making that report, was acting on behalf of his clients, the Clinton Campaign and "Tech Executive-1."[5] "Tech Executive-1" has since been identified as **Rodney Joffe**.[6]

As relevant here, the Government's indictment of Mr. Sussmann explains that Defendant Fusion GPS (referred to as "U.S. Investigative Firm"[7]) coordinated with Mr. Sussmann and Mr. Joffe to "disseminate the [Alfa Bank] allegations to the media" in an effort to create a "narrative" of collusion between the Trump Campaign and Russia.[8] The indictment also makes specific reference to electronic communications sent or received by Fusion GPS principals and employees as part of that effort.[9] For example, the Sussmann Indictment provides that:

- Fusion personnel exchanged emails with Mr. Sussmann and then-Perkins Coie partner Marc Elias with the subject line "Connecting you all by email" that related to the Alfa Bank server allegations;[10] and
- Fusion personnel exchanged emails with Mr. Joffe about the Alfa Bank server allegations.[11]

---

[5] *Id.* ¶ 4.

[6] Evan Perez & Katelyn Polantz, *Durham Issues Fresh Round of Subpoenas in His Continuing Probe of FBI Investigation into Trump, Russia*, CNN (Sept. 30, 2021) https://www.cnn.com/2021/09/30/politics/durham-subpoenas-probe-russia-fbi-sussman/index.html.

[7] Erik Wemple (@ErikWemple), Tweet (Sept. 17, 2021, 12:01 p.m.), https://twitter.com/ErikWemple/status/1438895830531022850.

[8] Sussmann Indictment ¶ 25.

[9] Id. ¶ 20.

[10] *Id.* ¶ 20(d). Mr. Elias, who was the General Counsel for the Clinton Campaign, is identified in the indictment as "Campaign Lawyer-1." *See* Debra Cassens Weiss, *Perkins Coie Partner Resigns from Firm After He Is Charged by Special Counsel*, ABA Journal (Sept. 17, 2021), https://www.abajournal.com/news/article/perkins-coie-partner-resigns-from-firm-after-he-is-charged-by-special-counsel.

[11] *Id.* ¶ 20(g).

On October 8, 2021, Plaintiffs' counsel wrote to Defendants' counsel raising the issue of Defendants' failure to produce or log those communications—which Plaintiffs only learned about because the Sussmann Indictment was unsealed and which are plainly responsive to Plaintiffs' discovery requests.[12] In response, Defendants produced just 13 pages of documents and produced a Supplemental Privilege Log listing 33 documents. **Plaintiffs attach Defendants' Supplemental Privilege Log here as Exhibit A.**

Defendants' Supplemental Privilege Log is deficient for the exact same reasons that their Third Privilege Log is deficient—as explained in Plaintiffs' Motion to Compel. Specifically, Defendants:

- **Repeat the same hypergeneric privilege description that just parrots the legal elements of privilege for every document:** "Confidential research [or "communication regarding research"] prepared at the direction of Perkins Coie and in anticipation of litigation, and for the purpose of providing legal advice."[13]

[12] Defendants have never provided a satisfactory explanation as to why they did not produce these documents before Plaintiffs were able to point to the Sussmann Indictment as proof that they existed. Defendants' counsel initially claimed that these documents "were not produced or logged because they did not contain the agreed-upon search terms that Defendants used to locate responsive discovery." (Letter from J. Levy to T. Clare, A. Phillips, & J. Oliveri, at 1 (Oct. 21, 2021) (**Exhibit B**).) *But Defendants' counsel's claim was false.* As Plaintiffs' counsel pointed out in response to that claim, the list of agreed-upon search terms included "Alfa"—which is contained in the document that Defendants belatedly produced as DEFS0011826—and the search terms likewise included "@perkinscoie.com," and Defendants' Supplemental Privilege Log lists multiple emails in which an "@perkinscoie.com" email address is included as a recipient or a cc. (Letter from T. Clare & A. Phillips to J. Levy, at 1 (Oct. 26, 2021) (**Exhibit C**). Called out on his false claim, Defendants' counsel changed his story and asserted that Defendants' glaring failure to produce or log highly-responsive documents was "inadvertent." (Letter from J. Levy to T. Clare and A. Phillips, at 2 (Nov. 5, 2021) (**Exhibit D**).) *In light of Defendants' counsel's apparent misrepresentations about Defendants' document production, Plaintiffs reserve their rights to challenge Defendants' productions and, if warranted, seek sanctions.*

[13] PRIV000498-530. This is improper. (*See* Pls.' Second Mot. to Compel at 12-16 (explaining that a privilege log must contain *"individualized and detailed"* privilege descriptions for all documents withheld and that descriptions that simply "recit[e] [] the applicable legal standard" are insufficient" (quoting *United States v. KPMG LLP*, 316 F. Supp. 2d 30, 40 (D.D.C. 2004); *In re Chevron Corp.*, No. 10-mc-371, 2013 WL 11241413, at *3 (D.D.C. Apr. 22, 2013))).)

- **Claim Privilege Over Non-Attorney Communications.** 25 of the 27 emails on Defendants' log do not involve attorneys, and the one attorney (Michael Sussmann) copied on the other 2 emails did not represent the client for whom Defendants were performing (political opposition) work.[14]

- **Claim Privilege Over Communications with Third Party Rodney Joffe.** Defendants claim privilege over 2 emails with third-party Rodney Joffe (and their attachments)—and *no attorneys* are copied on those emails.[15] Notably, Defendants have never identified Mr. Joffe as a person with discoverable information or knowledge of matters relevant to this case, whether in their Rule 26 disclosures or any other filing. Moreover, Defendants' only argument that these communications are privileged—despite the lack of attorney-involvement and despite third-party Mr. Joffe's inclusion in them—is that Mr. Joffe and Defendants were both (purportedly) clients of Perkins Coie. But even if Defendants and Mr. Joffe are both (separately) clients of large law firm Perkins Coie, that does not render communications among those three privileged. The transitive property may hold for mathematics, but it does not for legal privilege.

- **Do Not Differentiate Privileges Claimed.** Defendants generically claim both attorney-client privilege and work-product protection without differentiation for all documents withheld.[16]

- **Omit Necessary Information Regarding Work-Product Claims.** Defendants claim work-product protection without identifying even generally what litigation was anticipated.[17]

- **Omit Necessary Information Regarding Attorney-Client Privilege Claims.** Defendants claim attorney-client privilege without identifying basic information required to substantiate such claims, including the authors of non-email documents (which may have been drafted or viewed by third parties) and attachments to emails from third parties (which are facially non-privileged), the types of documents withheld (except emails), the number of pages of documents withheld, and dates for non-emails.[18]

- **Claim Facially Inapplicable Privileges.** Defendants claim privilege over 3 emails dated after October 31, 2016,[19] the date on which former Clinton Campaign Chairman John Podesta testified, under oath, that the Clinton Campaign's engagement of Defendants

---

[14] PRIV000501-02, PRIV000506-30. This is improper. (Pls.' Second Mot. to Compel at 17-21.)

[15] PRIV000498-505. This is improper. (*See* Pls.' Second Mot. to Compel at 17-21.)

[16] PRIV000498-530. This is improper. (*See* Pls.' Second Mot. to Compel at 12-13.)

[17] PRIV000498-530. This is improper. (*See* Pls.' Second Mot. to Compel at 24-25.)

[18] PRIV000498-530. This is improper. (*See* Pls.' Second Mot. to Compel at 12-13.)

[19] PRIV000527-29.

terminated.[20] Thus, even if a privilege could have attached for the political opposition work Defendants performed for the Clinton Campaign (it cannot), it would not apply to those emails because they post-date that engagement.

* * *

Defendants should be compelled to produce the documents listed on their Supplemental Privilege Log, just as they should be compelled to produce those listed on their Third Privilege Log that is the subject of Plaintiffs' Second Motion to Compel Defendants to Produce Documents Improperly Withheld as Privileged [Dkt. 147].

Dated: December 3, 2021

Respectfully submitted,

*/s/ Thomas A. Clare, P.C.*

Thomas A. Clare, P.C. (DC Bar No. 461964)
Elizabeth M. Locke, P.C. (DC Bar No. 976552)
Joseph R. Oliveri (DC Bar No. 994029)
Andrew C. Phillips (DC Bar No. 998353)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Tel: (202) 628-7400
tom@clarelocke.com
libby@clarelocke.com
joe@clarelocke.com
andy@clarelocke.com

*Counsel for Plaintiffs Mikhail Fridman, Petr Aven, and German Khan*

[20] Testimony of John Podesta Before the House Permanent Select Committee on Intelligence, at 11-12 (Dec. 4, 2017), https://s3.documentcloud.org/documents/6887547/John-Podesta-Dec-4-2017.pdf.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Supplement to Plaintiffs' Second Motion to Compel Defendants to Produce Documents Improperly Withheld as Privileged was filed electronically with the Clerk of Court on December 3, 2021, using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Thomas A. Clare, P.C.*
Thomas A. Clare, P.C.