# Exhibit C



# CLARE LOCKE
LLP

**THOMAS A. CLARE, P.C.**
tom@clarelocke.com
(202) 628-7401

10 Prince Street
Alexandria, Virginia 22314

(202) 628-7400

www.clarelocke.com

**ANDREW C. PHILLIPS**
andy@clarelocke.com
(202) 628-7404

October 26, 2021

<u>Via Email</u>

Joshua A. Levy
Rachel Clattenburg
Andrew Sharp
Levy Firestone Muse
1701 K Street NW, Ste 350
Washington, DC 20006
jal@levyfirestone.com
rmc@levyfirestone.com
eas@levyfirestone.com

Re:   *Fridman v. Bean LLC a/k/a Fusion GPS et al.*, No. 17-cv-2041 (D.D.C.)

Dear Josh, Rachel, and Andrew:

We are in receipt of your October 21 letter sent in response to our October 8 letter regarding the Fusion GPS communications referenced in the indictment of Michael Sussman. Your letter, and the accompanying production and supplemental privilege log, raise several additional questions that need to be addressed.

*First*, your letter states that the documents described in our October 8 letter "were not [previously] produced or logged because they did not contain the agreed-upon search terms that Defendants used to locate responsive discovery." But that is plainly not the case. For example, the list of search terms attached to Mr. Levy's April 29, 2020 letter to Alan Lewis includes the phrase "Alfa," which is contained in the document that was just produced as DEFS0011826. Those search terms also include any email in which "@perkinscoie.com" is in "any of the to/from/cc/bcc fields." Defendants' October 21, 2020 supplemental privilege log now lists multiple emails in which an "@perkinscoie.com" email address is included as a recipient or a cc. This obviously calls into question Defendants' application of search terms and/or Defendants' review of documents that hit on those terms. Please explain why documents that included search terms from your April 29, 2020 list were not previously produced or logged.



**Second**, we note that Defendants have included on their October 21, 2020 supplemental privilege log numerous communications with non-attorney third parties.[1]  Please explain the basis for your contention that these communications are protected by the attorney-client privilege and work-product doctrines, and why you contend that any potentially applicable privilege has not been waived.

**Third**, your letter states in footnote one that "[o]ne of the documents described in your email [*sic*] – an August 12 email – was not included on Defendants' privilege log because it is not in Defendants' possession."  The indictment states that document in question was an August 12, 2016 email communication between Fusion GPS personnel, Mr. Sussman, and then-Perkins Coie partner Marc Elias concerning the server allegations involving Alfa Bank.  We note that Defendants have withheld many communications with Perkins Coie attorneys—including many from the same timeframe that are listed in Defendants' October 21, 2021 supplemental privilege log—on the grounds that all such communications were prepared "in anticipation of litigation."  If all communications with Perkins Coie attorneys were prepared in anticipation of litigation as Defendants claim, then Defendants had an obligation to preserve those communications.  Please explain why the August 12, 2016 email communication is not in Defendants' possession.

**Finally**, we note that in its recent opposition to Mr. Sussman's motion for a bill of particulars, the Government stated that it had produced to Mr. Sussman discovery that included documents obtained from a subpoena to Fusion GPS.[2]  Plaintiffs' Request for Production No. 16 specifically requests "[a]ll documents produced by you or to you in any litigation or court or governmental proceeding concerning Plaintiffs."  The documents referenced in the Government's recent filing as having been produced by Fusion GPS in response to a grand jury subpoena concerning the server allegations are plainly responsive to this request.  Please immediately produce those documents.

Sincerely,

Thomas A. Clare, P.C.

Andrew C. Phillips

---

[1] *See, e.g.,* PRIV000498; PRIV000501-503.

[2] Government's Opp'n to Def.'s Mot. for a Bill of Particulars at 4, *United States v. Sussman*, Crim. No. 21-582 (CRC) (D.D.C. Oct. 20, 2021) [Dkt. 19].