# Exhibit D

# Levy | Firestone | Muse

Joshua A. Levy
Levy Firestone Muse LLP
1701 K Street, NW, Ste 350
Washington, DC  20006
T (202) 845-3215
F (202) 595-8253
levyfirestone.com

November 5, 2021

<u>via Electronic Mail</u>

Thomas A. Clare
Andrew C. Phillips
10 Prince Street
Alexandria, VA  22314
tom@clarelocke.com
andy@clarelocke.com

    *Re:* Fridman v. Bean LLC, *17-cv-2041 (RJL)*

Dear Tom and Andy:

This letter responds to your letter dated October 26, 2021.

First, omission of DEFS001826 from the 2020 production was inadvertent. In addition, the "@perkinscoie.com" emails, included in the Oct. 21, 2021 supplemental privilege log, involve Mr. Joffe, an individual whose name Defendants were not aware had any relevance to CIR 112 until very recently. Defendants are not aware of any other responsive documents containing the April 29, 2020 search terms that have not been logged or produced.

Second, with respect to your questions concerning Defendants' privilege log, the communications between Defendants and non-attorney third parties are protected by the attorney-client privilege and work-product doctrines because the third party was represented by Perkins Coie, and because Defendants were working at Perkins Coie's direction on matters of common interest shared between this third party and other Perkins Coie clients. To the extent Defendants were working at Perkins Coie's direction, it is covered by the attorney-client privilege. *See, e.g., Linde Thomson Langworthy Kohn*

Letter to T. Clare and J. Oliveri
November 5, 2021
Page 2 of 2

*& Van Dyke, P.C. v. Resol. Tr. Corp.*, 5 F.3d 1508, 1514 (D.C. Cir. 1993) ("The attorney-client privilege undeniably extends to communications with one employed to assist the lawyer in the rendition of professional legal services." (internal quotation mark omitted)). The third party copied here was also represented by Perkins Coie and shared interests in actual or potential litigation with the client(s) that Defendants' work was intended to assist. "[P]arties with shared interests in actual or potential litigation may share information protected by the attorney-client privilege without waiving the privilege." *HTC Corp. v. IPCom GmbH & Co., KG*, No. CV 08-1897 (RMC), 2010 WL 11719072, at *7 n.10 (D.D.C. Oct. 26, 2010) (citing *In re United Mine Workers of Am. Emp. Benefit Plans Litig.*, 159 F.R.D. 307, 313 (D.D.C. 1994)). The attorney-client privilege that covered Defendants' work for Perkins Coie was not waived by communications with this third party because of the third party's shared interest with other Perkins Coie clients.

Third, with respect to your questions related to documents no longer in Defendants' possession, Defendants have already stated their position in response to Plaintiffs' Interrogatories, *see* Defs.' Revised Resps. to Pls.' Interrogs., at Resp. No. 21 (May 18, 2020) & Defs.' Revised Resps. to Pls.' Interrogs. 9 & 23, at Resp. No. 23 (Aug. 7, 2020), and Defendants have already addressed Plaintiffs' unsupported contention that Defendants were obligated to indefinitely preserve documents prepared in anticipation of litigation. *See* Defs.' Opp to Pls.' Mot. to Compel, ECF No. 104, at 12 n.9; Defs.' Opp. to Pls.' Second Mot. to Compel, ECF No. 152 at 21 n.13.

Finally, Defendants have produced the documents concerning the server allegations that were produced in response to the grand jury subpoena.

Sincerely,

*[signature]*

Joshua A. Levy