IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN,<br><br>**Plaintiffs,**<br><br>v.<br><br>BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON,<br><br>**Defendants.** | Civil Action No. 1:17-2041-RJL |

## NOTICE AND REQUEST FOR CLARIFICATION
## REGARDING THE STATUS OF DISCOVERY

Plaintiffs respectfully submit this Notice and Request for Clarification to provide notice to the Court regarding Plaintiffs' recent efforts in the United Kingdom to obtain from third parties evidence for trial pursuant to the Letter of Request for International Judicial Assistance (Hague Application) issued by the Court, and to seek clarification from the Court on the status of discovery in this case.

1. On September 23, 2021, the Court held a status conference with the parties regarding various pending motions, the status of discovery, and Plaintiffs' Hague Application, which the Court issued promptly after the hearing.

2. Based on the Court's issuance of Plaintiffs' Hague Application and the parties' colloquy with the Court, it was Plaintiffs' understanding that, given the likely lengthy duration of the Hague Convention process, the Court expects Plaintiffs to diligently advance the Hague Application before the English courts.

1

3. To that end, Plaintiffs' U.K. counsel have been in contact with counsel for four of the five parties from whom the testimony and documentary evidence requested by the Hague Application is being sought, and Plaintiffs' U.K. counsel have written directly to the fifth party, for whom there is no known counsel on record.

4. However, Plaintiffs' efforts to advance the Hague Application have been stymied in two ways by many of the third parties from whom Plaintiffs are seeking testimony and evidence in the United Kingdom.

5. *First*, many of the third parties have taken the position that it is premature for Plaintiffs' Hague Application to be heard by an English court until this Court issues a "timeline" for discovery in the form of a new, formal Scheduling Order. Their position—which Plaintiffs believe is completely unwarranted and contrary to the intent of this Court—mirrors the position adopted by other third parties in the United States who have similarly (improperly) stymied discovery by citing Defendants' position that discovery is closed pending issuance of an updated formal Scheduling Order from the Court.[1]

6. *Second*, many of the third parties in the United Kingdom have taken the position that it is premature for Plaintiffs to pursue the Hague Application before the English courts until this Court decides Plaintiffs' pending Second Motion to Compel Defendants to Produce Documents Improperly Withheld as Privileged [Dkt. 147], which those third parties assert may impact the scope of the Hague Application. Plaintiffs disagree with the U.K. third parties' position,

---

[1] Indeed, one other third party from whom Plaintiffs are seeking discovery has expressly cited Defendants' "position that discovery [is] closed, pending further order of the Court," and has refused to engage in discovery. And Plaintiffs understand that at least one other third party has objected to Defendants' efforts to obtain discovery by similarly citing Defendants' (own) position that discovery is stayed.

and, in any event, Plaintiffs understand from their U.K. counsel that there is a procedure under English law for handling claims of privilege under foreign (*e.g.*, U.S.) law.

7.      Plaintiffs disagree with the U.K. third parties' positions and believe that their efforts to thwart Plaintiffs' pursuit of the Hague Application is contrary to the Court's clear indication (by virtue of issuing Plaintiffs' Hague Application) that the Application be diligently pursued in the United Kingdom.  ***However***, Plaintiffs are concerned that these third parties' positions may frustrate Plaintiffs' efforts before the English courts to obtain the testimony and documentary evidence called for in the Hague Application in a timely fashion and ahead of the close of discovery in this case.  Plaintiffs are especially concerned because they are aware that (a) Hague applications of this nature in foreign jurisdictions (including the United Kingdom) can take significant time, as the Court recognized during the September 23, 2021 status conference; (b) the represented third parties in the United Kingdom have indicated that they intend to contest Plaintiffs' Hague Application, thus necessitating additional briefing and hearing(s) before the English Court; (c) the availability of the English Court, the third parties, their U.K. counsel, and Plaintiffs' counsel for such hearing(s) will need to be coordinated; and (d) the logistics for the oral depositions of third parties in the United Kingdom will not be straightforward and will require significant time to arrange, especially in light of COVID-19-related restrictions in the United Kingdom.

8.      Plaintiffs further understand, however, based on the colloquy with the Court at the September 23, 2021 status conference, that the "clock" on the six-month discovery extension that the Court contemplated implementing in a forthcoming Scheduling Order would not begin until the Court rules on several discovery motions and subsequently issues a revised Scheduling Order.[2]

---

[2] While the Court issued a series of minute orders on September 30, 2021, the Court did not rule on certain pending motions discussed during the September 23, 2021 status conference, including
*(cont'd)*

9.  Therefore, although Plaintiffs desire to move this case forward expeditiously, Plaintiffs also want to ensure that they comply with the Court's expectations regarding both the forthcoming Scheduling Order and the need to advance the Hague Application process.

* * *

Accordingly, Plaintiffs respectfully ask the Court for clarification regarding its expectations for advancing the Hague Application process in the United Kingdom while the Court considers the parties' various remaining pending motions and contemplates a Scheduling Order.

Dated:  December 17, 2021

Respectfully submitted,

 /s/ Thomas A. Clare, P.C.
Thomas A. Clare, P.C. (DC Bar No. 461964)
Elizabeth M. Locke, P.C. (DC Bar No. 976552)
Joseph R. Oliveri (DC Bar No. 994029)
Andrew C. Phillips (DC Bar No. 998353)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Tel: (202) 628-7400
tom@clarelocke.com
libby@clarelocke.com
joe@clarelocke.com
andy@clarelocke.com

*Counsel for Plaintiffs Mikhail Fridman,
Petr Aven, and German Khan*

---

Plaintiffs' Second Motion to Compel Defendants to Produce Documents Being Withheld as Privileged [Dkt. 147].

4

5

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Notice and Request for Clarification Regarding the Status of Discovery was filed electronically with the Clerk of Court on December 17, 2021, using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                       */s/ Thomas A. Clare, P.C.*
                                       Thomas A. Clare, P.C.