# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN, <br><br> **Plaintiffs,** <br><br> v. <br><br> BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON, <br><br> **Defendants.** | Civil Action No. 1:17-2041-RJL |

**PLAINTIFFS' FOURTH SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENFDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the District Court for the District of Columbia, Plaintiffs Mikhail Fridman, Petr Aven, and German Khan hereby supplement their November 11, 2019 initial responses and objections ("Initial Responses") to Defendants' First Set of Interrogatories, dated October 11, 2019 (each an "Interrogatory," and together, the "Interrogatories"), as follows:

**GENERAL STATEMENT AND OBJECTIONS**

1. These supplemental responses and objections (each a "Response" and together the "Responses") are being provided based upon documents and information presently available and known to Plaintiffs.

2. All objections, responses, reservations of rights, and definitions from Plaintiffs' Initial Responses are applicable to these supplemental Responses and incorporated by reference as though fully set forth.

3. In supplementing their Responses, Plaintiffs are responding only based in information within Plaintiffs' possession, custody, or control. As indicated in Plaintiffs' Initial

Responses, Plaintiffs object to Interrogatories that seek or are intended to seek information within the possession, custody, or control of non-parties.

4. Plaintiffs continue to reserve all rights to further supplement, amend, modify, or clarify these Responses. If there is no supplemental response to specific Interrogatories at this time, such specific Requests are not included below.

5. The foregoing General Statements and Objections are incorporated by reference in each of the specific Responses appearing below.

## SUPPLEMENTAL RESPONSES AND OBJECTIONS

### INTERROGATORY No. 20

For each element of damage that you claim in this action, including, but not limited to, the injuries claimed at Paragraphs 10 and 33 of the Complaint, identify separately and with specificity the complete nature of your injury, the amount of damage and how you calculate it, all facts relating to or supporting the allegation of injury, and all documents that refer or relate to, contain information concerning, or upon which you rely to show the damages you claim in this action.

### RESPONSE TO INTERROGATORY No. 20

Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and premature. Subject to the foregoing objections, Plaintiffs respond as follows.

Plaintiffs have suffered damages to their personal reputations, in that persons who read or saw the contents of CIR 112 were led to understand, incorrectly, that Plaintiffs had an inappropriate relationship with Putin, engaged in inappropriate and criminal activities such as bribery and extortion, and, based on the headline of CIR 112, were involved in some unspecified way in a Kremlin orchestrated campaign interfere in the 2016 U.S. presidential election. Plaintiffs seek presumed damages and general damages for harm to their personal reputations, and also for

2

emotional harm, as well as punitive damages, in amounts to be proven at trial, but more than $75,000, together with interest and the costs and disbursements of this action, plus reasonable attorneys' fees.  At trial, Plaintiffs will rely on testimony from themselves and/or third parties,[1] and publicly available media reports, to show the wide dissemination of the defamatory statements and how the defamatory statements damaged Plaintiffs' personal reputations, affected Plaintiffs in their personal relationships, and caused Plaintiffs emotional stress.  Such testimony will reveal that, as a result of the widespread dissemination of the defamatory statements accusing Plaintiffs of corrupt, criminal, and other inappropriate conduct, Plaintiffs (a) suffered harm to their personal reputations; (b) experienced significant humiliation, embarrassment, and emotional distress; and (c) experienced the loss of or negative impact on relationships with people.  People who read or heard about the defamatory statements, including personal friends and acquaintances of the Plaintiffs, contacted Plaintiffs and asked about the facts alleged, questioned Plaintiffs' integrity and reputations, and/or expressed concern about how their own reputations would suffer based on their association with Plaintiffs.  Some personal friends, contacts, or acquaintances of Plaintiffs no longer communicated or met with Plaintiffs after seeing or hearing about the defamatory statements.  Thus, Plaintiffs have experienced damage and harm to their relationships with people, which has caused them to experience emotional distress.  At this time, Plaintiffs do not intend to support their claims for damages with any documents that have not previously been produced to Defendants or are not publicly available (such as the many media reports republishing Defendants' false and defamatory *per se* claims to a worldwide audience).

Plaintiffs do not seek to recover damages for lost profits or loss of business opportunities.

---

[1] Those third parties include Ed Rogers and Richard Burt.  To the extent Plaintiffs will present testimony of additional third parties with respect to damages, Plaintiffs will promptly identify such third parties.

3

Plaintiffs' compensatory damages are based on reputational harm, humiliation, embarrassment, mental anguish, and emotional distress. Federal courts have repeatedly recognized that Rule 26(a)(1)(A)(iii)'s computation requirement is inapplicable to such damages because such damages are not amenable to mathematical quantification, and thus they do not lend themselves to the type of computation called for by Rule 26. *See, e.g.*, *Williams v. Trader Publ'g Co.*, 218 F.3d 481, 486 n. 3 (5th Cir. 2000); *Scheel v. Harris*, 2012 WL 3879279, at *7 (E.D. Ky. Sept. 6, 2012); *Okereke v. Cmty. Hospice of Northeast Fla., Inc.*, 2015 WL 5601960, at *2 (M.D. Fla. Sept. 22, 2015) (a plaintiff is not required to provide a calculation of damages for emotional distress). The amount of such damages is a fact question for the jury. *Id.*; *Burrell v. Crown Cent. Petroleum*, 177 F.R.D. 376, 386 (E.D. Tex. 1997). Similarly, punitive damages are not amenable to the requirements of Rule 26(a)(1)(A)(iii), and to the extent Plaintiffs can calculate a figure for punitive damages, they will not be able to do so until Defendants have produced certain documents and figures that are exclusively in Defendants' possession, custody and control. Plaintiffs reserve the right to supplement this response.

| | |
|---|---|
| Dated: October 14, 2021 | Respectfully submitted,<br><br>  */s/ Thomas A. Clare, P.C.*  <br>Thomas A. Clare, P.C. (DC Bar No. 461964)<br>Elizabeth M. Locke, P.C. (DC Bar No. 976552)<br>Joseph R. Oliveri (DC Bar No. 994029)<br>Andrew C. Phillips (DC Bar No. 998353)<br>CLARE LOCKE LLP<br>10 Prince Street<br>Alexandria, VA 22314<br>Tel: (202) 628-7400<br>tom@clarelocke.com<br>libby@clarelocke.com<br>joe@clarelocke.com<br>andy@clarelocke.com<br><br>*Counsel for Plaintiffs Mikhail Fridman,*<br>*Petr Aven, and German Khan* |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served by email on all counsel of record on October 14, 2021.

| | |
|---|---|
| Dated:  October 14, 2021 | By:  /s/ *Thomas A. Clare, P.C.*<br>Thomas A. Clare, P.C. |