# EXHIBIT H

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN,** | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. 1:17-2041-RJL** |
| **BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON,** | |
| **Defendants.** | |

### PLAINTIFFS' THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENFDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the District Court for the District of Columbia, Plaintiffs Mikhail Fridman, Petr Aven, and German Khan hereby supplement their November 11, 2019 initial responses and objections ("Initial Responses") to Defendants' First Set of Interrogatories, dated October 11, 2019 (each an "Interrogatory," and together, the "Interrogatories"), as follows:

### GENERAL STATEMENT AND OBJECTIONS

1.      These supplemental responses and objections (each a "Response" and together the "Responses") are being provided based upon documents and information presently available and known to Plaintiffs.

2.      All objections, responses, reservations of rights, and definitions from Plaintiffs' Initial Responses are applicable to these supplemental Responses and incorporated by reference as though fully set forth.

3.      In supplementing their Responses, Plaintiffs are responding only based in information within Plaintiffs' possession, custody, or control.  As indicated in Plaintiffs' Initial

Responses, Plaintiffs object to Interrogatories that seek or are intended to seek information within the possession, custody, or control of non-parties.

4.     Plaintiffs continue to reserve all rights to further supplement, amend, modify, or clarify these Responses.  If there is no supplemental response to specific Interrogatories at this time, such specific Requests are not included below.

5.     The foregoing General Statements and Objections are incorporated by reference in each of the specific Responses appearing below.

**SUPPLEMENTAL RESPONSES AND OBJECTIONS**

**INTERROGATORY No. 1**

Identify all persons who are believed or known by you to have information concerning any of the allegations in the Complaint, and for each state the subject matter of their knowledge.

**RESPONSE TO INTERROGATORY No. 1**

The persons likely to have information concerning the allegations in the Amended Complaint are as follows:

- Mikhail Fridman
  c/o Thomas A. Clare, P.C.
  Clare Locke LLP
  10 Prince Street
  Alexandria, VA 22314

Mr. Fridman has knowledge concerning the falsity of the defamatory allegations contained in Company Intelligence Report 112 ("CIR 112") and the damages caused by Defendants' publication of the defamatory statements at issue.

- Petr Aven
  c/o Thomas A. Clare, P.C.
  Clare Locke LLP
  10 Prince Street
  Alexandria, VA 22314

Mr. Aven has knowledge concerning the falsity of the defamatory allegations contained in

CIR 112 and the damages caused by Defendants' publication of the defamatory statements at issue.

- German Khan
  c/o Thomas A. Clare
  Clare Locke LLP
  10 Prince Street
  Alexandria, VA 22314

      Mr. Khan has knowledge concerning the falsity of the defamatory allegations contained in

CIR 112 and the damages caused by Defendants' publication of the defamatory statements at issue.

- Glenn Simpson
  Fusion GPS
  1700 Connecticut Avenue, NW, Suite 400
  Washington, DC 20006
  c/o Joshua A. Levy
  Levy Firestone Muse LLP
  1701 K Street, NW, Suite 350
  Washington, DC 20006

      Upon information and belief, Mr. Simpson has knowledge concerning the publication of

the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

- Peter Fritsch
  Fusion GPS
  1700 Connecticut Avenue, NW, Suite 400
  Washington, DC 20006
  c/o Joshua A. Levy
  Levy Firestone Muse LLP
  1701 K Street, NW, Suite 350
  Washington, DC 20006

      Upon information and belief, Mr. Fritsch has knowledge concerning the publication of the

defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

- Jacob Berkowitz
  c/o Joshua A. Levy
  Levy Firestone Muse LLP
  1701 K St. NW, Suite 350

Washington, DC 20006

Upon information and belief, Mr. Berkowitz has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Jason Felch
  c/o Joshua A. Levy
  Levy Firestone Muse LLP
  1701 K St. NW, Suite 350
  Washington, DC 20006

Upon information and belief, Mr. Felch has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Nellie Ohr
  c/o Joshua Berman, Esq.
  Clifford Chance, LLP
  2001 K Street NW
  Washington, DC 20006

Upon information and belief, Mr. Ohr has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Christopher Steele
  Orbis Business Intelligence Ltd.
  9-11 Grosvenor Gardens
  London SW1W 0BD
  United Kingdom

Upon information and belief, Mr. Steele has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Christopher Burrows
  Orbis Business Intelligence Ltd.

9-11 Grosvenor Gardens
London SW1W 0BD
United Kingdom

Upon information and belief, Mr. Burrows has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Democratic National Committee
  c/o Graham M. Wilson
  Perkins Coie LLP
  700 13th Street, NW, Suite 800
  Washington, DC 20005

Upon information and belief, a representative of the Democratic National Committee has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- HFACC, Inc.
  c/o Graham M. Wilson
  Perkins Coie LLP
  700 13th Street, NW, Suite 800
  Washington, DC 20005

Upon information and belief, a representative of HFACC, Inc. has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Marc Elias
  Perkins Coie LLP
  700 13th Street, NW, Suite 800
  Washington, DC 20005
  c/o Stephen A. Best
  Brown Rudnick LLP
  601 Thirteenth St NW, Suite 600
  Washington, DC 20005

Upon information and belief, Mr. Elias has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

- Michael Sussmann
  Perkins Coie LLP
  700 13th Street, NW, Suite 800
  Washington, DC 20005
  c/o Stephen A. Best
  Brown Rudnick LLP
  601 Thirteenth St NW, Suite 600
  Washington, DC 20005

Upon information and belief, Mr. Sussmann has knowledge concerning the publication of

the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

- Robert Mook
  Perkins Coie LLP
  700 13th Street, NW, Suite 800
  Washington, DC 20005

Upon information and belief, Mr. Mook has knowledge concerning the publication of the

defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

- Igor Danchenko
  c/o Mark Schamel
  Womble Bond Dickinson (US) LLP
  1200 Nineteenth Street, N.W. Washington, DC 20036

Upon information and belief, Mr. Danchenko has knowledge concerning the publication

of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations

- David Kramer
  c/o Marcos D. Jimenez, Esq.
  Marcos D. Jimenez P.A.
  255 Alhambra Circle, Suite 800
  Coral Gables, FL 33134

Upon information and belief, Mr. Kramer has knowledge concerning the publication of the

defamatory allegations contained in CIR 112.

- Jonathan Winer
  Middle East Institute
  1763 N Street, NW
  Washington, DC 20036
  c/o Lee Wolosky
  Jenner & Block LLP
  919 Third Avenue
  New York, NY 10022-3908

     Upon information and belief, Mr. Winer has knowledge concerning the publication of the

defamatory allegations contained in CIR 112.

- Bruce Ohr
  U.S. Department of Justice
  950 Pennsylvania Avenue, NW
  Washington, DC 20530

     Upon information and belief, Mr. Ohr has knowledge concerning publication of the

defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

- Edward Baumgartner
  c/o Edward Austin Limited
  4 Old Park Lane
  London W1K 1QW
  United Kingdom

     Upon information and belief, Mr. Baumgartner has knowledge concerning publication of

the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

- Sir Andrew Wood
  c/o RPC
  Tower Bridge House
  St Katharine's Way
  London E1W 1AA
  United Kingdom

     Upon information and belief, Sir Andrew Wood has knowledge concerning publication of

the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Daniel Jones
  c/o William W. Taylor III
  Zuckerman Spaeder
  1800 M Street, NW, Suite 1000
  Washington, DC 20036

Upon information and belief, Mr. Jones has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Tracy Schmaler
  Kivvit
  1100 G Street NW, Suite 350
  Washington, DC 20005
  c/o Sara Kropf, Esq.
  Kropf Moseley PLLC
  1100 H Street NW, Suite 1220
  Washington, DC 20005

Upon information and belief, Ms. Schmaler has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Ken Bensinger, Miriam Elder, Mark Schoofs
  BuzzFeed, Inc.
  111 E. 18th Street, 13th Floor
  New York, NY 10003 701 First Avenue

Upon information and belief, these BuzzFeed employees have knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Ben Smith
  The New York Times Company
  620 Eighth Avenue
  New York, NY 10018

Upon information and belief, Mr. Smith has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Michael Isikoff
  Yahoo! News
  701 First Avenue
  Sunnyvale, CA 94089

Upon information and belief, Mr. Isikoff has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- David Corn
  Mother Jones
  P.O. Box 584
  San Francisco, CA 94104

Upon information and belief, Mr. Corn has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Evan Perez, Jim Sciutto, Jake Tapper, Carl Bernstein
  CNN
  820 First Street, NE
  Washington, DC 20001

Upon information and belief, Messrs. Perez, Sciutto, Tapper, and Bernstein have knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Jane Mayer
  New Yorker
  1 World Trade Center
  New York, NY 10006

Upon information and belief, Ms. Mayer has knowledge concerning publication of the

defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- The Washington Post
  1301 K Street, NW
  Washington, DC 20071

Upon information and belief, a representative of The Washington Post has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- The New York Times Company
  620 Eighth Avenue
  New York, NY 10018

Upon information and belief, a representative of The New York Times has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Eric Lichtblau
  8023 Summer Mill Ct.
  Bethesda, MD 20817

Upon information and belief, Mr. Lichtblau has knowledge concerning publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

- Oleg Govorun
  Address Not Known

Upon information and belief, Mr. Govorun has knowledge concerning the falsity of the defamatory allegations contained in CIR 112.

- Ed Rogers
  BGR Group
  601 13th Street, NW
  Washington, DC 20005

Upon information and belief, Mr. Rogers has knowledge concerning the falsity of the defamatory allegations contained in CIR 112 and the damages caused by Defendants' publication of the defamatory statements at issue.

- Richard Burt
  McLarty Associates
  900 17th Street, NW, Suite 800
  Washington, DC 20006

Upon information and belief, Ambassador Burt has knowledge concerning the falsity of the defamatory allegations contained in CIR 112 and the damages caused by Defendants' publication of the defamatory statements at issue.

- Alexey Sergeyevich Dundich
  See Plaintiffs' Second Revised Initial Disclosures

Upon information and belief, Mr. Dundich has knowledge concerning the falsity of the defamatory allegations in CIR 112 and Defendants' fault in publishing these defamatory allegations.

- Ivan Ivanovich Kurilla
  See Plaintiffs' Second Revised Initial Disclosures

Upon information and belief, Mr. Kurilla has knowledge concerning the falsity of the defamatory allegations in CIR 112 and Defendants' fault in publishing these defamatory allegations.

- Ivan Mikhailovich Vorontsov
  See Plaintiffs' Second Revised Initial Disclosures

Upon information and belief, Mr. Vorontsov has knowledge concerning the falsity of the defamatory allegations in CIR 112 and Defendants' fault in publishing these defamatory allegations.

- Lyudmila Nikolayevna Podobedova
  See Plaintiffs' Second Revised Initial Disclosures

11

Upon information and belief, Ms. Podobedova has knowledge concerning the falsity of the defamatory allegations in CIR 112 and Defendants' fault in publishing these defamatory allegations.

- Olga Aleksandrovna Galkina
  See Plaintiffs' Second Revised Initial Disclosures

Upon information and belief, Ms. Galkina has knowledge concerning the falsity of the defamatory allegations in CIR 112 and Defendants' fault in publishing these defamatory allegations.

- Sergey Vladimirovich Abyshev
  See Plaintiffs' Second Revised Initial Disclosures

Upon information and belief, Mr. Abyshev has knowledge concerning the falsity of the defamatory allegations in CIR 112 and Defendants' fault in publishing these defamatory allegations.

## INTERROGATORY No. 20

For each element of damage that you claim in this action, including, but not limited to, the injuries claimed at Paragraphs 10 and 33 of the Complaint, identify separately and with specificity the complete nature of your injury, the amount of damage and how you calculate it, all facts relating to or supporting the allegation of injury, and all documents that refer or relate to, contain information concerning, or upon which you rely to show the damages you claim in this action.

## RESPONSE TO INTERROGATORY No. 20

Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and premature. Subject to the foregoing objections, Plaintiffs respond as follows.

Plaintiffs' damages have not been computed at this time. Plaintiffs seek presumed damages and general damages for harm to their reputations and for emotional harm, as well as punitive

damages, in amounts to be proven at trial, but more than $75,000, together with interest and the costs and disbursements of this action, plus reasonable attorneys' fees.  Plaintiffs have suffered damages to their reputations, in that persons who read or saw the contents of CIR 112 were led to understand, incorrectly, that Plaintiffs had an inappropriate relationship with Putin, engaged in inappropriate and criminal activities such as bribery and extortion, and, based on the headline of CIR 112, were involved in some unspecified way in a Kremlin orchestrated campaign interfere in the 2016 U.S. presidential election.  This information affected how people viewed, regarded, and treated Plaintiffs.  At trial, Plaintiffs will rely on testimony from themselves and/or third parties[1] to show the wide dissemination of the defamatory statements, and how the defamatory statements damaged Plaintiffs' reputations, affected Plaintiffs in their personal relationships, and caused Plaintiffs emotional stress.

Dated:  June 21, 2021

Respectfully submitted,

  /s/ Thomas A. Clare, P.C.
Thomas A. Clare, P.C. (DC Bar No. 461964)
Elizabeth M. Locke, P.C. (DC Bar No. 976552)
Joseph R. Oliveri (DC Bar No. 994029)
Andrew C. Phillips (DC Bar No. 998353)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Tel: (202) 628-7400
tom@clarelocke.com
libby@clarelocke.com
joe@clarelocke.com
andy@clarelocke.com

*Counsel for Plaintiffs Mikhail Fridman,*
*Petr Aven, and German Khan*

---

[1] Those third parties include Ed Rogers and Richard Burt.  To the extent Plaintiffs will present testimony of additional third parties with respect to damages, Plaintiffs will promptly identify such third parties.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forgoing document was served by email on all counsel of record on June 21, 2021.

Dated:  June 21, 2021                                   By: _/s/ Thomas A. Clare, P.C._____
                                                         Thomas A. Clare, P.C.

**<u>VERIFICATION</u>**

I, **GERMAN KHAN**, am a plaintiff in the above-captioned action.  I have read the Third

Supplemental Responses and Objections to Defendants' First Set of Interrogatories dated June 21,

2021, and know the contents thereof and, as the responses pertain to me individually, I declare

under penalty of perjury under the laws of the United States of America that they are true and

correct to my knowledge, except as to matters therein stated to be alleged on information and

belief, and as to those matters, I declare under penalty of perjury under the laws of the United

States of America that I believe them to be true as they pertain to me personally.

Executed on _____*21/ 06/ 2021*_____



_____
German Khan

## <u>VERIFICATION</u>

I, **MIKHAIL FRIDMAN**, am a plaintiff in the above-captioned action.  I have read the

Third Supplemental Responses and Objections to Defendants' First Set of Interrogatories dated

June 21, 2021, and know the contents thereof and, as the responses pertain to me individually, I

declare under penalty of perjury under the laws of the United States of America that they are true

and correct to my knowledge, except as to matters therein stated to be alleged on information and

belief, and as to those matters, I declare under penalty of perjury under the laws of the United

States of America that I believe them to be true as they pertain to me personally.


Executed on___18.06.2021_____



_____
Mikhail Fridman

<u>**VERIFICATION**</u>

I, **PETR AVEN**, am a plaintiff in the above-captioned action. I have read the Third

Supplemental Responses and Objections to Defendants' First Set of Interrogatories dated June 21,

2021, and know the contents thereof and, as the responses pertain to me individually, I declare

under penalty of perjury under the laws of the United States of America that they are true and

correct to my knowledge, except as to matters therein stated to be alleged on information and

belief, and as to those matters, I declare under penalty of perjury under the laws of the United

States of America that I believe them to be true as they pertain to me personally.

Executed on _10.06.2021_

Petr Aven