# EXHIBIT I

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**BEAN LLC a/k/a FUSION GPS, and GLENN SIMPSON,**<br><br>**Defendants.** | **Civil Action No. 1:17-2041-RJL** |

**PLAINTIFFS' SECOND REVISED INITIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs hereby serve the following Second Revised Initial Disclosures ("Initial Disclosures").

**PRELIMINARY STATEMENT**

1.      These Initial Disclosures are based upon documents, knowledge, and information presently and reasonably available to Plaintiffs as of this date, and on the basis of documents, knowledge, and information within their possession, custody, or control. Plaintiffs reserve and do not waive the right to rely on any information, facts, documents, or other materials that may subsequently come to their attention through further investigation, discovery, disclosure, or otherwise, or the right to supplement, amend, modify, correct, or clarify these Initial Disclosures based upon any such other and additional information, facts, documents, or other materials.

2.      In providing these Initial Disclosures, Plaintiffs reserve and do not waive the right to object to the relevance, authenticity, or admissibility of any information contained herein. Plaintiffs' Initial Disclosures are made without waiving the right to object on the grounds of competency, privilege, relevancy, hearsay, or any other proper ground, or the right to object to the

use or disclosure of any information set forth herein for any purpose, in whole or in part, in this action or outside of this action.

3.      Plaintiffs' Initial Disclosures are made without waiving the right to object on any and all proper grounds to any other discovery requests, whether pursuant to the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of Columbia, or otherwise.

4.      Plaintiffs' Initial Disclosures are being made subject to and without waiver of, attorney-client privilege, work-product doctrine, or any other applicable privilege, protection, or immunity from disclosure.

5.      Each of the preceding statements in this Preliminary Statement is incorporated by reference into each of the specific disclosures below as though fully set forth therein.

6.      The defined terms in Plaintiffs' Amended Complaint dated December 12, 2017 (the "Complaint") are incorporated herein, as applicable

## INITIAL DISCLOSURES

**Rule 26(a)(1)(A)(i): The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

1.   Mikhail Fridman
     c/o Thomas A. Clare, P.C.
     Clare Locke LLP
     10 Prince Street
     Alexandria, VA 22314

     Mr. Fridman has knowledge concerning the falsity of the defamatory allegations contained in Company Intelligence Report 112 ("CIR 112") and the damages caused by Defendants' publication of the defamatory statements at issue.

2. Petr Aven
   c/o Thomas A. Clare, P.C.
   Clare Locke LLP
   10 Prince Street
   Alexandria, VA 22314

   Mr. Aven has knowledge concerning the falsity of the defamatory allegations contained in

CIR 112 and the damages caused by Defendants' publication of the defamatory statements at issue.

3. German Khan
   c/o Thomas A. Clare
   Clare Locke LLP
   10 Prince Street
   Alexandria, VA 22314

   Mr. Khan has knowledge concerning the falsity of the defamatory allegations contained in

CIR 112 and the damages caused by Defendants' publication of the defamatory statements at issue.

4. Glenn Simpson
   Fusion GPS
   1700 Connecticut Avenue, NW, Suite 400
   Washington, DC 20006
   c/o Joshua A. Levy
   Levy Firestone Muse LLP
   1701 K Street, NW, Suite 350
   Washington, DC 20006

   Upon information and belief, Mr. Simpson has knowledge concerning the publication of

the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

5. Peter Fritsch
   Fusion GPS
   1700 Connecticut Avenue, NW, Suite 400
   Washington, DC 20006
   c/o Joshua A. Levy
   Levy Firestone Muse LLP
   1701 K Street, NW, Suite 350
   Washington, DC 20006

   Upon information and belief, Mr. Fritsch has knowledge concerning the publication of the

defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

6.  Jacob Berkowitz
    c/o Joshua A. Levy
    Levy Firestone Muse LLP
    1701 K St. NW, Suite 350
    Washington, DC 20006

Upon information and belief, Mr. Berkowitz has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

7.  Jason Felch
    c/o Joshua A. Levy
    Levy Firestone Muse LLP
    1701 K St. NW, Suite 350
    Washington, DC 20006

Upon information and belief, Mr. Felch has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

8.  Nellie Ohr
    c/o Joshua Berman, Esq.
    Clifford Chance, LLP
    2001 K Street NW
    Washington, DC 20006

Upon information and belief, Mr. Ohr has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations.

9.  Christopher Steele
    Orbis Business Intelligence Ltd.
    9-11 Grosvenor Gardens
    London SW1W 0BD
    United Kingdom

Upon information and belief, Mr. Steele has knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

4

defamatory allegations.

10. Christopher Burrows
    Orbis Business Intelligence Ltd.
    9-11 Grosvenor Gardens
    London SW1W 0BD
    United Kingdom

    Upon information and belief, Mr. Burrows has knowledge concerning the publication of

the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

11. Democratic National Committee
    c/o Graham M. Wilson
    Perkins Coie LLP
    700 13th Street, NW, Suite 800
    Washington, DC 20005

    Upon information and belief, a representative of the Democratic National Committee has

knowledge concerning the publication of the defamatory allegations contained in CIR 112 and the

Defendants' fault in publishing those defamatory allegations.

12. HFACC, Inc.
    c/o Graham M. Wilson
    Perkins Coie LLP
    700 13th Street, NW, Suite 800
    Washington, DC 20005

    Upon information and belief, a representative of HFACC, Inc. has knowledge concerning

publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in

publishing those defamatory allegations.

13. Marc Elias
    Perkins Coie LLP
    700 13th Street, NW, Suite 800
    Washington, DC 20005
    c/o Stephen A. Best
    Brown Rudnick LLP
    601 Thirteenth St NW, Suite 600
    Washington, DC 20005

Upon information and belief, Mr. Elias has knowledge concerning the publication of the

defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations

14. Michael Sussmann
    Perkins Coie LLP
    700 13th Street, NW, Suite 800
    Washington, DC 20005
    c/o Stephen A. Best
    Brown Rudnick LLP
    601 Thirteenth St NW, Suite 600
    Washington, DC 20005

Upon information and belief, Mr. Sussmann has knowledge concerning the publication of

the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations

15. Robert Mook
    Perkins Coie LLP
    700 13th Street, NW, Suite 800
    Washington, DC 20005

Upon information and belief, Mr. Mook has knowledge concerning the publication of the

defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations

16. Igor Danchenko
    c/o Mark Schamel
    Womble Bond Dickinson (US) LLP
    1200 Nineteenth Street, N.W. Washington, DC 20036

Upon information and belief, Mr. Danchenko has knowledge concerning the publication

of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations

17. David Kramer
    c/o Marcos D. Jimenez, Esq.
    Marcos D. Jimenez P.A.

255 Alhambra Circle, Suite 800
Coral Gables, FL 33134

Upon information and belief, Mr. Kramer has knowledge concerning the publication of the

defamatory allegations contained in CIR 112.

18. Jonathan Winer
    Middle East Institute
    1763 N Street, NW
    Washington, DC 20036
    c/o Lee Wolosky
    Jenner & Block LLP
    919 Third Avenue
    New York, NY 10022-3908

Upon information and belief, Mr. Winer has knowledge concerning the publication of the

defamatory allegations contained in CIR 112.

19. Bruce Ohr
    U.S. Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, DC 20530

Upon information and belief, Mr. Ohr has knowledge concerning publication of the

defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

20. Edward Baumgartner
    c/o Edward Austin Limited
    4 Old Park Lane
    London W1K 1QW
    United Kingdom

Upon information and belief, Mr. Baumgartner has knowledge concerning publication of

the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations

21. Sir Andrew Wood
    c/o RPC
    Tower Bridge House
    St Katharine's Way

7

London E1W 1AA
United Kingdom

Upon information and belief, Sir Andrew Wood has knowledge concerning publication of

the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

22. Daniel Jones
    c/o William W. Taylor III
    Zuckerman Spaeder
    1800 M Street, NW, Suite 1000
    Washington, DC 20036

Upon information and belief, Mr. Jones has knowledge concerning publication of the

defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

23. Tracy Schmaler
    Kivvit
    1100 G Street NW, Suite 350
    Washington, DC 20005
    c/o Sara Kropf, Esq.
    Kropf Moseley PLLC
    1100 H Street NW, Suite 1220
    Washington, DC 20005

Upon information and belief, Ms. Schmaler has knowledge concerning publication of the

defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

24. Ken Bensinger
    Miriam Elder
    Mark Schoofs
    BuzzFeed, Inc.
    111 E. 18th Street, 13th Floor
    New York, NY 10003 701 First Avenue

Upon information and belief, these BuzzFeed employees have knowledge concerning

publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in

publishing those defamatory allegations.

25. Ben Smith
    The New York Times Company
    620 Eighth Avenue
    New York, NY 10018

Upon information and belief, Mr. Smith has knowledge concerning publication of the

defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

26. Michael Isikoff
    Yahoo! News
    701 First Avenue
    Sunnyvale, CA 94089

Upon information and belief, Mr. Isikoff has knowledge concerning publication of the

defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

27. David Corn
    Mother Jones
    P.O. Box 584
    San Francisco, CA 94104

Upon information and belief, Mr. Corn has knowledge concerning publication of the

defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

28. Evan Perez
    Jim Sciutto
    Jake Tapper
    Carl Bernstein
    CNN
    820 First Street, NE
    Washington, DC 20001

Upon information and belief, Messrs. Perez, Sciutto, Tapper, and Bernstein have

knowledge concerning publication of the defamatory allegations contained in CIR 112 and the

Defendants' fault in publishing those defamatory allegations.

29. Jane Mayer
    New Yorker
    1 World Trade Center
    New York, NY 10006

Upon information and belief, Ms. Mayer has knowledge concerning publication of the

defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

30. The Washington Post
    1301 K Street, NW
    Washington, DC 20071

Upon information and belief, a representative of The Washington Post has knowledge

concerning publication of the defamatory allegations contained in CIR 112 and the Defendants'

fault in publishing those defamatory allegations.

31. The New York Times Company
    620 Eighth Avenue
    New York, NY 10018

Upon information and belief, a representative of The New York Times has knowledge

concerning publication of the defamatory allegations contained in CIR 112 and the Defendants'

fault in publishing those defamatory allegations.

32. Eric Lichtblau
    8023 Summer Mill Ct.
    Bethesda, MD 20817

Upon information and belief, Mr. Lichtblau has knowledge concerning publication of the

defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those

defamatory allegations.

33. Oleg Govorun
    Address Not Known

Upon information and belief, Mr. Govorun has knowledge concerning the falsity of the

10

defamatory allegations contained in CIR 112.

34. Ed Rogers
    BGR Group
    601 13th Street, NW
    Washington, DC 20005

    Upon information and belief, Mr. Rogers has knowledge concerning the falsity of the

defamatory allegations contained in CIR 112 and the damages caused by Defendants' publication

of the defamatory statements at issue.

35. Richard Burt
    McLarty Associates
    900 17th Street, NW, Suite 800
    Washington, DC 20006

    Upon information and belief, Ambassador Burt has knowledge concerning the falsity of

the defamatory allegations contained in CIR 112 and the damages caused by Defendants'

publication of the defamatory statements at issue.

36. Alexey Sergeyevich Dundich
    See enclosed addendum

    Upon information and belief, Mr. Dundich has knowledge concerning the falsity of the

defamatory allegations in CIR 112 and Defendants' fault in publishing these defamatory

allegations.

37. Ivan Ivanovich Kurilla
    See enclosed addendum

    Upon information and belief, Mr. Kurilla has knowledge concerning the falsity of the

defamatory allegations in CIR 112 and Defendants' fault in publishing these defamatory

allegations.

38. Ivan Mikhailovich Vorontsov
    See enclosed addendum

    Upon information and belief, Mr. Vorontsov has knowledge concerning the falsity of the

defamatory allegations in CIR 112 and Defendants' fault in publishing these defamatory allegations.

39. Lyudmila Nikolayevna Podobedova
    See enclosed addendum

Upon information and belief, Ms. Podobedova has knowledge concerning the falsity of the defamatory allegations in CIR 112 and Defendants' fault in publishing these defamatory allegations.

40. Olga Aleksandrovna Galkina
    See enclosed addendum

Upon information and belief, Ms. Galkina has knowledge concerning the falsity of the defamatory allegations in CIR 112 and Defendants' fault in publishing these defamatory allegations.

41. Sergey Vladimirovich Abyshev
    See enclosed addendum

Upon information and belief, Mr. Abyshev has knowledge concerning the falsity of the defamatory allegations in CIR 112 and Defendants' fault in publishing these defamatory allegations.

**Rule 26(a)(1)(A)(ii): A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Plaintiffs expect that the primary evidence relating to the publication of the defamatory allegations contained in CIR 112 and the Defendants' fault in publishing those defamatory allegations will be supplied by Defendants and third parties, through documents and testimony. Plaintiffs have limited documents that will be used to support their claims, which are generally located, and are being preserved, in London, England by representatives for Plaintiffs. These materials relate primarily to the falsity of the defamatory allegations.

12

**Rule 26(a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Plaintiffs' damages have not been computed at this time. Plaintiffs seek presumed damages and general damages for harm to their reputations and for emotional harm, as well as punitive damages, in amounts to be proven at trial, but more than $75,000, together with interest and the costs and disbursements of this action, plus reasonable attorneys' fees. At trial, Plaintiffs will rely on testimony from themselves and/or third parties[1] to show the wide dissemination of the defamatory statements, and how the defamatory statements damaged Plaintiffs' reputations, affected Plaintiffs in their personal relationships, and caused Plaintiffs emotional stress.

**Rule 26(a)(1)(A)(iv): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not Applicable.

---

[1] Those third parties include Ed Rogers and Richard Burt.  To the extent Plaintiffs will present testimony of additional third parties with respect to damages, Plaintiffs will promptly identify such third parties.

Dated:  June 21, 2021

Respectfully submitted,

  */s/ Thomas A. Clare, P.C.*
Thomas A. Clare, P.C. (DC Bar No. 461964)
Elizabeth M. Locke, P.C. (DC Bar No. 976552)
Joseph R. Oliveri (DC Bar No. 994029)
Andrew C. Phillips (DC Bar No. 998353)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Tel: (202) 628-7400
tom@clarelocke.com
libby@clarelocke.com
joe@clarelocke.com
andy@clarelocke.com

*Counsel for Plaintiffs Mikhail Fridman,*
*Petr Aven, and German Khan*

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the forgoing document was served by

email on all counsel of record on June 21, 2021.


Dated:  June 21, 2021                                    By: /s/ *Thomas A. Clare, P.C.*
                                                                          Thomas A. Clare, P.C.

15